# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CATHERINE GAUJACQ,                          :
                                            :
    Plaintiff,              :
                                            :       Civil Action No.  1:05CV0969
v.                                          :
                                            :
ELECTRICITE DE FRANCE                       :
  INTERNATIONAL NORTH AMERICA, INC.,  :
                                            :
ELECTRICITE DE FRANCE, S.A.,                :
                                            :
    and                   :
                                            :
CHRISTIAN NADAL,                            :
                                            :
    Defendants.             :

## ANSWER OF CHRISTIAN NADAL

    Defendant Christian Nadal ("Nadal"), by and through his attorneys, Steptoe & Johnson LLP, hereby answers the Complaint of Catherine Gaujacq ("Gaujacq").  The numbered paragraphs of this Answer correspond to the numbered paragraphs in the Complaint.  All allegations not specifically admitted are denied.

## ANSWER

    1.    Paragraph 1  contains legal arguments and conclusions which do not require a response.  To the extent that Paragraph 1 alleges facts, such allegations are denied.

    2.    Paragraph 2 contains legal arguments and conclusions which do not require a response.  To the extent that Paragraph 2 alleges facts, such allegations are denied.

    3.    Denied, except that Nadal admits that Gaujacq was an employee of EDF at all times relevant to the allegations in the Complaint.

4.      Nadal admits that EDFINA is a wholly owned, indirect subsidiary of EDF, that it acts as a liaison office for EDF in the United States, that it does not generate income from operations and that it receives money to pay expenses, including salaries and benefits of EDFINA employees, from EDF. Nadal otherwise denies the allegations in Paragraph 4.

5.      Nadal denies the allegations in Paragraph 5, except he admits that EDF approves EDFINA's annual strategic plan and certain financial and administrative decisions, that EDF makes the human resources decisions regarding EDF employees delegated to EDFINA and that all members of the EDFINA Board of Directors are EDF employees.

6.      Admitted.

7.      Denied.

8.      The third sentence of Paragraph 8 contains legal arguments and conclusions which do not require a response. To the extent that the third sentence of Paragraph 8 alleges facts, such allegations are denied. Nadal admits that EDFINA, a District of Columbia corporation, is available to represent EDF in the United States and otherwise denies the allegations contained in Paragraph 8.

9.      Denied.

10.      Denied.

11.      Denied.

12.      Nadal admits that EDF employees are from time to time delegated to EDFINA and otherwise denies the allegations in Paragraph 12.

13.      Nadal admits that the salaries and certain benefits of EDF employees delegated to EDFINA are paid and provided by EDF and otherwise denies the allegations in Paragraph 13.

14.     Denied.

15.     Paragraph 15 contains legal arguments and conclusions which do not require a response.   To the extent Paragraph 15 alleges facts, such allegations are denied.

16.     Denied.

17.     Paragraph 17 contains legal arguments and conclusions, which do not require a response.  To the extent Paragraph 17 alleges facts, such allegations are denied.

18.     Paragraph 18 contains legal arguments and conclusions, which do not require a response.  To the extent Paragraph 18 alleges facts, such allegations are denied.

19.     Paragraph 19 contains legal arguments and conclusions, which do not require a response.   To the extent Paragraph 19 alleges facts, such allegations are denied.

20.     Nadal admits that he is a citizen of France; that he resides in the State of Maryland; that he holds an L-1A visa sponsored by EDFINA; and otherwise denies the allegations in Paragraph 20.

21.     Nadal admits that he works in the District of Columbia.  The third sentence of Paragraph 21 contains legal arguments and conclusions which do not require a response.  To the extent that sentence alleges facts, such allegations are denied.  Nadal otherwise denies the allegations in Paragraph 21.

22.     Denied.

23.     Nadal admits that EDFINA is present in the District of Columbia but denies that the acts complained of occurred in the District of Columbia.  Nadal further states that the allegation in the second sentence of Paragraph 23 contains legal arguments and conclusions which do not require a response and otherwise denies the allegations in Paragraph 23.

24.    The allegations in the first sentence of Paragraph 24 are denied. The second sentence of Paragraph 24 contains legal arguments and conclusions, which do not require a response; to the extent this sentence alleges facts, such allegations are denied.

25.    Nadal admits that EDFINA is a corporation incorporated under the laws of the District of Columbia.  The second sentence of Paragraph 25 contains legal arguments and conclusions which do not require a response; to the extent this sentence alleges facts, such allegations are denied.

26.    Paragraph 26 concerning EDF contains legal arguments and conclusions which do not require a response; to the extent the paragraph alleges facts, such allegations are denied.

27.    Nadal denies the allegations in the first sentence of Paragraph 27.  The second sentence thereof contains legal arguments and conclusions which do not require a response; to the extent it alleges facts, such allegations are denied.

28.    Denied.

29.    Nadal admits that EDF is owned by France and otherwise denies the allegations in Paragraph 29.

30.    Paragraph 30 contains legal arguments and conclusions which do not require a response; to the extent it alleges facts, such allegations  are denied.

31.    Paragraph 31 contains legal arguments and conclusions which do not require a response; to the extent it alleges facts, such allegations are denied.

32.    Paragraph 32 contains legal arguments and conclusions which do not require a response; to the extent it alleges facts, such allegations are denied.

33.     Nadal admits that EDFINA, a District of Columbia corporation, is available to represent EDF in the United States and otherwise denies the allegations in Paragraph 33.

34.     Denied.

35.     Nadal admits the allegations of Paragraph 35, except denies that Gaujacq was responsible for hiring and firing any EDF employees, denies that there were any marketing employees of EDFINA, and denies the allegations in clause (3) of Paragraph 35.

36.     Admitted.

37.     Nadal admits that Gaujacq held an L-1A visa at some time when she was working in the United States as a delegate of EDF and that certain other EDF employees hold L-1A visas when working in the United States as delegates of EDF.  Nadal otherwise denies the allegations in Paragraph 37.

38.     Nadal denies the allegations in the first sentence of Paragraph 38 and refers the Court to the "Conditions Particulières Applicables à la Mission de Longue Durée de Catherine Gaujacq à Washington" between EDF and Gaujacq, dated June 20, 2000, (the "Gaujacq Expatriation Contract") for the true and accurate terms thereof.  The second sentence of Paragraph 38 contains legal arguments and conclusions which do not require a response; to the extent it alleges facts, such allegations are denied.

39.     Nadal denies the allegations in Paragraph 39, except he admits that Gaujacq entered into the Gaujacq Expatriation Contract with EDF that governed the terms of her delegation to North America.

40.     Nadal denies the allegations in Paragraph 40 and refers to the Gaujacq Expatriation Contract for the true and accurate terms thereof.

41.     Denied.

42.     Nadal repeats and realleges his responses to Paragraphs 22 through 24 as if fully set forth herein.

43.     Nadal denies the allegations in Paragraph 43, except admits that Gaujacq filed a Charge of Discrimination with the EEOC on or about July 30, 2004 and that Gaujacq subsequently amended and supplemented said Charge of Discrimination.  Nadal avers that he was first named as a respondent in the amended charge filed on August 6, 2004.

44.     Nadal admits the allegations in Paragraph 44, except he lacks knowledge or information sufficient to form a belief as to the truth of the allegation therein concerning Gaujacq's receipt of the Right to Sue letter and therefore denies that allegation.

45.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies them.

46.     Nadal admits that, as a delegate of EDF, Gaujacq served as President of EDFINA from August 1, 2000 until May 31, 2004 and that she had served in other capacities during her career at EDF.  Nadal otherwise denies the allegations in Paragraph 46.

47.     Denied.

48.     Denied.

49.     Nadal admits that Gaujacq was the first woman within EDF and France to have operational responsibility for a nuclear plant and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and therefore denies them.

50.     Nadal admits that in 2002 Gaujacq was awarded the Chevalier de l'Ordre National du Merite and otherwise denies the allegations in Paragraph 50.

51.     Denied.

52.     Nadal admits that, as the delegate of EDF serving as President of EDFINA, Gaujacq was responsible for coordinating and directing the work of EDFINA and establishing and maintaining contacts with leaders of electrical utility companies in the United States and Canada.  Nadal further admits that Gaujacq served at some time as a director on the board of EDFINA and of another EDF subsidiary in the United States.  Nadal otherwise denies the allegations in Paragraph 52 of the Complaint.

53.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies them.

54.     Nadal admits that, while he was serving as President of  EDFINA, Gaujacq reported to Fernando Ponasso ("Ponasso"), who was a senior executive of EDF with overall responsibility for the Americas and who held the title of Chairman of EDFINA.  Nadal further admits that Gaujacq was one of EDF's representatives to NuStart.  Nadal otherwise denies the allegations in Paragraph 54.

55.     Denied.

56.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies such allegations.

57.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies such allegations.

58.     Nadal lacks knowledge or information sufficient  to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies such allegations.

59.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60.     Denied.

61.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies such allegations.

62.     Nadal denies the allegations in Paragraph 62, except he admits that, effective January 1, 2004, he was appointed by EDF as Délégué Général (Delegate General) of EDF for North America and, further, that on June 1, 2004 he became President of EDFINA.

63.     Denied.

64.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies such allegations.

65.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies such allegations.

66.     Nadal denies the allegations in Paragraph 66, except that he admits that Gaujacq informed EDF that she wanted to continue to work on NuStart in the United States.

67.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies such allegations.

68.     Nadal admits only his present awareness that Gaujacq contacted EDF on several occasions regarding her Proposed New Gaujacq Expatriation Contract and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies such allegations.

69.     Nadal denies the allegations in Paragraph 69, except he admits that Gaujacq tendered a written resignation, effective June 1, 2004, from her services as President of EDFINA, simultaneously assuming the role of Vice President of EDFINA.

70.     Nadal denies the allegations in Paragraph 70, except he admits: (1) that there were two Vice Presidents of EDFINA in May and June 2004, one of whom, Gaujacq, was a woman and the other of whom was a man; and (2) that, as a Vice President, Gaujacq was to report to the EDFINA President, Nadal.

71.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragaph 71 and therefore denies such allegations.

72.     Nadal admits that he assumed the position of President of EDFINA on June 1, 2004 and that he was Gaujacq's supervisor.

73.     Denied.

74.     Nadal denies the allegations in Paragraph 74, except he admits that his rank and salary as an employee of EDF were higher than those of Gaujacq.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Nadal denies the allegations in Paragraph 82, except he admits that following her resignation from her position as President of EDFINA, Gaujacq's check-signing authority on behalf of EDFINA as President ended.

83.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies such allegations.

84.     Nadal admits that Benoit Dreux was one of the two Vice Presidents of EDFINA in June 2004 and that Nadal is presently aware that Dreux told Gaujacq that Dreux understood that Gaujacq no longer had authority to sign EDFINA checks as President of EDFINA.  Nadal otherwise denies the allegations in Paragraph 84.

85.     Denied.

86.     Denied.

87.     Nadal denies the allegations in Paragraph 87, except that he admits that Gaujacq wrote an e-mail to him dated June 11, 2004 concerning check-signing authority and refers to said e-mail for the true and accurate contents thereof.

88.     Nadal denies the allegations in Paragraph 88, except that he admits that he telephoned Gaujacq at her home, where she habitually conducted EDFINA business, in the early evening of June 11, 2004 in response to her call to him.

89.     Nadal denies the allegations in Paragraph 89, except he admits that EDFINA Vice President Dreux retained check-signing authority for EDFINA.

90.     Denied.

91.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and, therefore, denies them.

92.     Nadal denies the allegations in Paragraph 92, except that he admits that, upon becoming the new President of EDFINA, he did begin attending certain business meetings appropriately attended by EDFINA's President.

93.     Denied.

94.     Denied.

95.     Denied.

96.    Nadal admits that he sent to Gaujacq, at her home address where Gaujacq habitually conducted EDFINA business, a letter addressed to Dreux and Gaujacq dated June 18, 2004 and that Dreux was the only other EDFINA Vice President.  Nadal denies knowledge or information sufficient to form a belief as to the allegation concerning Gaujacq's receipt of such letter and otherwise denies the allegations in Paragraph 96.

97.    Nadal denies the allegations in Paragraph 97 and refers to the letter referenced therein for its true and accurate contents.

98.    Nadal denies the allegations in Paragraph 98 and refers to the letter referenced therein for its true and accurate contents.

99.    Nadal admits that he wrote a letter to Dreux, dated June 18, 2004, which was delivered to Dreux by hand, while Dreux was at work at EDFINA's office.  Nadal otherwise denies the allegations in Paragraph 99.

100.    Nadal denies the allegations in Paragraph 100 and refers to the letter referenced therein for its true and accurate contents.

101.    Admitted.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies them.

119.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore denies them.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and therefore denies them.

124.     Nadal denies the allegations in Paragraph 124 and refers to such email for its true and accurate contents.

125.     Nadal denies the allegations in Paragraph 125 and refers to the text of such e-mail for the substance of this communication from Gaujacq to Ponasso.

126.     Nadal denies the allegations in Paragraph 126 of the Complaint and refers to the text of such e-mail for the substance of this communication from Gaujacq to Ponasso.

127.     Denied.

128.     Denied, both as to the allegation of any unfair or discriminatory treatment by Nadal and as to the implication that Nadal was aware at the relevant time of Gaujacq's communications with others concerning Nadal.

129.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and therefore denies them.

130.     Nadal denies the allegations in Paragraph 130, except to admit that on July 12, 2004, Nadal met with Gaujacq and Jean-Luc Foret ("Foret"), a nuclear engineer delegated to EDFINA.

131.     Nadal denies the allegations of Paragraph 131, except to admit that Nadal instructed Gaujacq to return all EDFINA documents maintained exclusively at her home and/or on her laptop to the EDFINA office.

132.     Denied.

133.     Nadal denies the allegations of Paragraph 133, except to admit that Gaujacq refused to return EDFINA documents to EDFINA.

134.     Nadal denies the allegations in Paragraph 134, except admits that Gaujacq purported to justify her refusal to return EDFINA documents on the specious ground that documents relating to NuStart could not be shared with Nadal (who was President of EDFINA) under the terms of confidentiality provisions relating to NuStart.

135.     Denied.

13

136.     Denied.

137.     Nadal denies the allegations and characterizations of Paragraph 137 but admits that he sent an e-mail to Gaujacq dated July 12, 2004, regarding the return of EDFINA documents, and refers to said e-mail for its true and accurate contents.

138.     Nadal denies the allegations and characterizations contained in Paragraph 138 and refers to the July 12, 2004 e-mail referenced therein for its the true and accurate contents.

139.     Denied.

140.     Nadal admits that he sent Gaujacq an e-mail dated July 16, 2004, reiterating his request that she return EDFINA documents to EDFINA, but otherwise denies the allegations and characterizations in Paragraph 140 and refers to the July 16, 2004 e-mail referenced therein for its true and accurate contents.

141.     Nadal denies the allegations and characterizations in Paragraph 141, except he admits that Gaujacq sent him an e-mail dated July 20, 2004 regarding her continuing refusal to return the EDFINA documents and refers to said e-mail for its true and accurate contents.

142.     Nadal admits that it has not been necessary to request that the other EDFINA Vice President return EDFINA documents to the EDFINA office but otherwise denies the allegations in Paragraph 142.

143.     Nadal Admits that Gaujacq sent him an email on July 22, 2002, and refers to such email for its true and accurate contents.

144.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and therefore denies them.

14

145.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and therefore denies them.

146.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore denies them.

147.    Nadal denies the allegations of Paragraph 147, except that he admits sending an email to Plaintiff on that date and refers to such email for its contents.

148.    Denied.

149.    Nadal lacks knowledge or information sufficient to form a belief as to the allegation in Paragraph 149 and therefore denies it.

150.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies them.

151.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 and therefore denies them.

152.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and therefore denies them.

153.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and therefore denies them.

154.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore denies them.

155.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and therefore denies them.

156.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and therefore denies them.

157.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and therefore denies them.

158.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore denies them.

159.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and therefore denies them.

160.     Nadal denies the allegations in Paragraph 160, except admits that Creuzet sent Gaujacq a letter, dated July 27, 2004 directing her to return to France, among other things, and refers to said letter for the true and accurate contents thereof.

161.     Denied.

162.     Denied.

163.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and therefore denies them.

164.     Denied.

165.     Denied.

166.     Denied.

167.     Denied.

168.     Denied.

169.     Denied.

170.     Nadal denies the allegations in Paragraph 170 of the Complaint, except admits that in August 2004 Nadal advised NuStart that Gaujacq had been succeeded by Georges Servière as EDF's first representative to NuStart.

171.    Nadal denies the allegations in Paragraph 171 of the Complaint, except admits that there was a change in the call-in number of a conference call to be held on August 19, 2004.

172.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and, therefore, denies them.

173.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Complaint and therefore denies them.

174.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, therefore, denies them.

175.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and, therefore, denies them.

176.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, therefore, denies them.

177.    Denied.

178.    Admitted.

179.    Denied.

180.    Denied.

181.    Nadal denies the allegations in Paragraph 181 of the Complaint, except he admits that he is presently aware that Gaujacq sent a letter to EDF dated October 7, 2004, declining her new mission, and refers thereto for the true and accurate contents thereof.

182.    Nadal admits that he is presently aware of the facts alleged in Paragraph 182 but otherwise denies the allegations of that paragraph.

183.    Nadal denies the allegations in Paragraph 183 of the Complaint, except admits that Bouron, who reported to the head of EDF's Human Resources Department, Yann Laroche, wrote Gaujacq a letter dated November 26, 2004.  Nadal refers thereto for the true and accurate contents thereof.

184.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Complaint and therefore denies them.

185.    Nadal denies the allegations in Paragraph 185 of the Complaint, except admits that Gaujacq's employment was terminated and that she was given a letter to that effect dated January 6, 2005.  Nadal refers thereto for the true and accurate contents thereof.

186.    Denied.

187.    Nadal admits that he is presently aware that upon the termination of Gaujacq's employment, EDF issued a "certificat de travail" concerning Gaujacq's employment with EDF and refers to that certificate for its contents.

188.    Denied.

189.    Denied.

190.    Nadal denies the allegations in Paragraph 190 of the Complaint, except admits that Gaujacq requested that her "certificat de travail" be amended.

191.    Denied

192.    Denied.

193.    Denied.

194.    Denied.

195.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and therefore denies them.

196.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and therefore denies them.

197.     Denied.

198.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and therefore denies them.

199.     Denied.

200.     Denied.

201.     Nadal denies the allegations in Paragraph 201 of the Complaint and refers to the Gaujacq Expatriation Contract of June 20, 2000, for the true and accurate terms thereof.

202.     Nadal denies the allegations in Paragraph 202 of the Complaint, except admits that he is presently aware that Creuzet wrote Gaujacq an e-mail dated March 29, 2004 regarding her Proposed New Gaujacq Expatriation Contract and refers to said e-mail for the true and accurate contents thereof.

203.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and therefore denies them.

204.     Nadal admits that EDF expatriation contracts explicitly refer to "Guide to EDF Employees working Abroad," (the "Guide") but denies that Gaujacq had more than one expatriation contract.

205.     Nadal denies the allegations in Paragraph 205 and refers to the Gaujacq Expatriation Contract and the Guide for the true and accurate terms thereof.

206.     Nadal denies the allegations in Paragraph 206 and refers to the Guide for the true and accurate terms thereof.

19

207.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and therefore denies them.

208.    Nadal denies the allegations in Paragraph 208 of the Complaint and refers to the Guide for the true and accurate terms thereof.

209.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and therefore denies them.

210.    Nadal denies the allegations in Paragraph 210 of the Complaint and refers to the July 27, 2004 letter from Creuzet to Gaujacq for the true and accurate contents thereof.

211.    Nadal admits that the Gaujacq Expatriation Contract provided for the payment of certain expenses incurred by Gaujacq as EDF's delegate and refers thereto for the true and accurate contents thereof.

212.    Nadal denies the allegations in Paragraph 212, except admits that one of the EDFINA credit cards Gaujacq had been using when she was President of EDFINA was subsequently cancelled.

213.    Nadal denies the allegations in Paragraph 213, except admits that no reimbursement was made to Gaujacq for unauthorized expenses.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

## COUNT ONE
## GENDER DISCRIMINATION AND DISCRIMINATORY
## <u>TERMINATION IN VIOLATION OF TITLE VII</u>
### (against the Company)

219.    Nadal states that Count One of the Complaint is not asserted against him

and should not require a response.  However, subsequent counts of the Complaint, some of

which are directed at Nadal, purport to incorporate the allegations from numbered paragraphs

within Count One.   Accordingly, Nadal, without waiving Gaujacq's failure to have named him

in Count One, provides the following answers to the numbered paragraphs found within Count

One.  As to Paragraph 219 of the Complaint, Nadal repeats and realleges his responses to

Paragraphs 1 through 218 as if fully set forth herein.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

**COUNT TWO**
**RETALIATORY ENVIRONMENT, ACTS OF RETALIATION**
**AND RETALIATORY TERMINATION IN VIOLATION OF TITLE VII**
**(against the Company)**

234.    Nadal states that Count Two of the Complaint is not asserted against him and should not require a response.  However, subsequent counts of the Complaint, some of which are asserted against Nadal, purport to incorporate the allegations from numbered paragraphs within Count Two.   Accordingly, Nadal, without waiving Gaujacq's failure to have named him in Count Two, provides the following answers to the numbered paragraphs found within Count Two.  As to Paragraph 234, Nadal repeats and realleges his responses to Paragraphs 1 through 233 as if fully set forth herein.

235.    Nadal denies the allegations in Paragraph 235 and repeats and realleges his responses to Paragraphs 220 through 230 as if fully set forth herein.

236.    Nadal denies the allegations in Paragraph 236, except that he admits that he requested documents from Gaujacq concerning NuStart.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and therefore denies them.

243.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and therefore denies them.

244.    Nadal denies the allegations in Paragraph 244 and repeats and realleges his responses to Paragraphs 220 through 230 as if fully set forth herein.

245.    Denied.

246.    Nadal denies any discrimination, harassment or unfair treatment of Gaujacq and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 246 and therefore denies them.

247.    Nadal denies any discrimination, harassment or unfair treatment of Gaujacq and admits that Gaujacq was terminated by EDF.

248.    Nadal denies any discrimination, harassment or unfair treatment of Gaujacq and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 248 and therefore denies them.

249.    Nadal denies any discrimination, harassment or unfair treatment of Gaujacq by him and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 249 and therefore denies them.

250.    Nadal denies any discrimination, harassment or unfair treatment of Gaujacq by him and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 250 and therefore denies them.

251.    Denied.

252.    Denied.

## COUNT THREE
## GENDER DISCRIMINATION IN THE COURSE
## OF EMPLOYMENT IN VIOLATION OF THE
## DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

253.    Nadal repeats and realleges his responses to Paragraphs 1 through 252 as if fully set forth herein.

254.     Denied.

255.     Nadal denies the allegations of Paragraph 255 and repeats and realleges his responses to Paragraphs 220 through 230 as if fully set forth herein.

256.     Denied.

257.     Nadal denies any discrimination, harassment or unfair treatment of Gaujacq by him and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 257 and therefore denies them.

258.     Nadal denies any discrimination, harassment or unfair treatment of Gaujacq by him and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 258 and therefore denies them.

259.     Denied.

260.     Nadal denies any discrimination, harassment or unfair treatment of Gaujacq by him and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 260 and therefore denies them.

261.     Denied.

262.     Denied.

263.     Denied.

## COUNT FOUR
### GENDER DISCRIMINATION IN THE COURSE OF EMPLOYMENT IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT
(Against Christian Nadal)

264.     Nadal repeats and realleges his responses to Paragraphs 1 through 263 as if fully set forth herein.

265.     Denied.

266.     Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

**COUNT FIVE**
**RETALIATION IN THE COURSE OF EMPLOYMENT IN**
**VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT**

271.    Nadal repeats and realleges his responses to Paragraphs 1 through 270 as

if fully sent forth herein.

272.    Denied.

273.    Denied.

274.    Nadal denies the allegations of Paragraph 274 and repeats and realleges

his responses to Paragraphs 220 through 230 as if fully set forth herein.

275.    Nadal denies any discrimination, harassment or unfair treatment of

Gaujacq by him and lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in Paragraph 275 and therefore denies them.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

284.    Denied.

## COUNT SIX
## AIDING AND ABETTING RETALIATION IN THE COURSE
## OF EMPLOYMENT IN VIOLATION OF THE DISTRICT OF
## COLUMBIA HUMAN RIGHTS ACT
### (against Christian Nadal)

285.    Nadal repeats and realleges his responses to Paragraphs 1 through 284 as if fully set forth herein.

286.    Denied.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

## COUNT SEVEN
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### (against the Company)

295.    Nadal states that Count Seven of the Complaint is not asserted against him and should not require a response. However, subsequent counts of the Complaint, some of which are asserted against Nadal, purport to incorporate by reference numbered paragraphs from within Count Seven. Accordingly, Nadal, without waiving Gaujacq's failure to have named him in Count Seven, provides the following answers to the numbered paragraphs found within Count

Seven.  As to Paragraph 295, Nadal repeats and realleges the responses to Paragraphs 1 through 294 as if fully set forth herein.

296.     Nadal repeats and realleges his responses to Paragraphs 49 and 50 as if fully set forth herein.  Nadal otherwise admits the allegations in Paragraph 296.

297.     Nadal lacks knowledge or information sufficient to form a belief as to the allegation in Paragraph 297 and therefore denies it.

298.     Nadal lacks knowledge or information sufficient to form a belief as to the allegation in Paragraph 298 and therefore denies it.

299.     Denied.

300.     Denied.

301.     Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301 and therefore denies them.

302.     Denied.

303.     Denied.

304.     Denied.

305.     Denied.

306.     Denied.

307.     Denied.

308.     Denied.

309.     Denied.

## COUNT EIGHT
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### (against Mr. Nadal)

310.    Nadal repeats and realleges his responses to Paragraphs 1 through 309 as if fully set forth herein.

311.    Nadal repeats and realleges his responses to Paragraphs 49 and 50 as if fully set forth herein.  Nadal otherwise admits the allegations in Paragraph 311.

312.    Nadal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313 and therefore denies them.

313.    Denied.

314.    Denied.

315.    Denied, except that Nadal admits that he knew Gaujacq was an employee of EDF prior to her discharge.

316.    Denied.

317.    Denied.

318.    Denied.

319.    Denied.

320.    Denied.

## COUNT NINE
## BREACH OF CONTRACT
### (Against the Company)

321.    Nadal states that Count Nine of the Complaint is not asserted against him and should not require a response.  However, subsequent counts of the Complaint, some of which are asserted against Nadal, purport to incorporate by reference numbered paragraphs from within Count Nine.  Accordingly, Nadal, without waiving Gaujacq's failure to have named him

in Count Nine, provides the following answers to the numbered paragraphs found within Count

Nine. As to Paragraph 321, Nadal repeats and realleges the responses to Paragraphs 1 through

320 as if fully set forth herein.

322.    Nadal denies the allegations in Paragraph 322 of the Complaint, except

admits that the Gaujacq Expatriation Contract governed the terms of Gaujacq's delegation by

EDF to North America; and refers thereto for the true and accurate contents thereof.

323.    Nadal denies the allegations in Paragraph 323 of the Complaint, except

admits that the Gaujacq Expatriation Contract governed the terms of Gaujacq's delegation by

EDF to North America; and refers thereto for the true and accurate contents thereof.

324.    Denied.

325.    Denied.

## COUNT TEN
## DUTY OF GOOD FAITH AND FAIR DEALING
### (Against the Company)

326.    Nadal states that Count Ten of the Complaint is not asserted against him

and should not require a response. However, subsequent counts of the Complaint, some of

which are asserted against Nadal, purport to incorporate by reference numbered paragraphs from

within Count Ten. Accordingly, Nadal, without waiving Gaujacq's failure to have named him in

Count Ten, provides the following answers to the numbered paragraphs found within Count Ten.

As to Paragraph 326, Nadal repeats and realleges the responses to Paragraphs 1 through 325 as if

fully set forth herein.

327.    Nadal states that Paragraph 327 of the Complaint asserts a legal

conclusion, as to which no responsive pleading is required. To the extent that Paragraph 327

alleges facts, they are denied.

328.    Denied.

329.    Denied.

330.    Denied.

## COUNT ELEVEN
## VIOLATION OF THE EQUAL PAY ACT

331.    Nadal repeats and realleges his responses to Paragraphs 1 through 330 of the Complaint as if fully set forth herein.

332.    Nadal denies the allegations in Paragraph 332 of the Complaint, except that he admits that he succeeded Gaujacq as President of EDFINA and that he had a higher rank and salary in EDF than Gaujacq at the time he succeeded Gaujacq to that office.

333.    Denied.

334.    Denied.

335.    Denied.

336.    Denied.

337.    Denied.

338.    Denied.

339.    Denied.

## COUNT TWELVE
## DEFAMATION *PER SE*
### (Against Nadal and the Company)

340.    Nadal repeats and realleges his responses to Paragraphs 1 through 339 of the Complaint as if fully set forth herein.

341.    Except as expressly admitted in Paragraphs 110 through 118, 138, 171, and 186 through 193, Nadal denies the allegations in Paragraph 341 of the Complaint.

342.    Denied.

343.    Denied, except that Nadal admits that he holds a high position within EDF and was, as President of EDFINA, Gaujacq's supervisor from the time of his appointment to that office through July 31, 2004.

344.    Denied.

345.    Denied.

346.    Denied.

347.    Denied.

348.    Denied.

349.    Nadal denies that Gaujacq's characterizations of "statements" he made are accurate, but he admits that the statements he did make in connection with matters that are the subject of the Complaint were made while acting within the scope of his employment.

350.    Denied.

351.    Denied.

352.    Denied.

353.    Denied.

354.    Denied.


**PRAYER FOR RELIEF**

Nadal denies that Gaujacq is entitled to any of the relief she seeks in the Complaint or to any relief whatsoever in this action.

## NADAL'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or administrative filing requirements.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

The alleged acts complained of herein, if they occurred, occurred without the knowledge or approval of Nadal.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because her damages, if any, were caused by some person or entity for whose conduct Nadal is not responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, estoppel, accord and satisfaction, and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE

With regard to Plaintiff's cause of action for defamation, Plaintiff fails to state a cause of action for which relief can be granted because the alleged defamatory statements were true or substantially true.

## EIGHTH AFFIRMATIVE DEFENSE

With regard to Plaintiff's cause of action for defamation, Nadal's alleged defamatory statements were privileged, in whole or in part, because Plaintiff consented to their publication.

## NINTH AFFIRMATIVE DEFENSE

With regard to Plaintiff's cause of action for defamation, Nadal's alleged defamatory statements were privileged, in whole or in part, because they were made in good faith, on a subject in which Nadal had an interest, to a person with a corresponding interest in hearing it.

## TENTH AFFIRMATIVE DEFENSE

With regard to Plaintiff's cause of action for defamation, Nadal's alleged defamatory statements were made with the primary purpose of furthering the legitimate business interests of his employer.

## ELEVENTH AFFIRMATIVE DEFENSE

With regard to Plaintiff's cause of action for tortious interference with contractual relations, Plaintiff fails to state a cause of action for which relief can be granted because Nadal was an agent of the party alleged to be in breach of the contract, and a party to the contract cannot be liable for tortious interference.

## TWELFTH AFFIRMATIVE DEFENSE

With regard to Plaintiff's cause of action for tortious interference with contractual relations, Nadal's actions are privileged because of his relationship, as officer and/or employee, with the party alleged to have been induced to breach the contract with Plaintiff, and because he acted in good faith, in his employer's interest, and within the scope of his business responsibilities.

## THIRTEENTH AFFIRMATIVE DEFENSE

With regard to Plaintiff's cause of action for tortious interference with contractual relations, Nadal's actions are privileged pursuant to the common law privileges available in defamation cases, including the privilege to make statements in good faith to one who has a common interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's D.C. Human Rights Act claims are barred in whole or in part by the Act's election of remedies provision and/or Plaintiff's failure to exhaust administrative processes with the D.C. Office of Human Rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's D.C. Human Rights Act claims fail to state causes of action for which relief can be granted because the underlying claims asserted against the corporate defendants must fail, and Nadal therefore cannot be liable for aiding and abetting, and/or because the events of which Plaintiff complains are outside of the reach of the Act. Nadal refers to the corporate defendants'

Affirmative Defenses, which assert that in this action Electricité de France, S.A. ("EDF") and

Electricité de France International North America, Inc. ("EDFINA") are not subject to the Act,

and the Act does not reach extraterritorially to the events at issue.

**WHEREFORE,** defendant Christian Nadal requests judgment dismissing the Complaint

with prejudice and awarding him his costs and disbursements in this action, including attorneys'

fees and such other and further relief as the Court may deem just and proper.


September 12, 2005


_____/s/_____
Ronald S. Cooper (D.C. Bar No. 149799)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036-1795
(202) 429-3000

Counsel for Defendant Christian Nadal