IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ,<br><br>     Plaintiff,<br><br>     v.<br><br>ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., ELECTRICITE DE FRANCE, S.A. and CHRISTIAN NADAL,<br><br>     Defendants. | Civil Action No. C5-969 (JGP)<br><br>**ANSWER OF ELECTRICITE DE FRANCE, S.A. and ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC.** |

Defendants Electricité de France ("EDF") and Electricité de France International North America, Inc. ("EDFINA"), for their answer to the Complaint of plaintiff Catherine L. Gaujacq ("Gaujacq"), dated May 13, 2005, respond as follows:

1.     State that the allegations in paragraph 1 of the Complaint assert legal arguments and conclusions, as to which no responsive pleading is required.

2.     State that the allegations in paragraph 2 of the Complaint assert legal arguments and conclusions, as to which no responsive pleading is required.

### PARTIES

3.     Admit that Gaujacq was an employee of EDF at all times relevant to the allegations in the Complaint; deny knowledge or information sufficient to form a belief as to the allegation in paragraph 3 of the Complaint concerning Gaujacq's

1

residency, and therefore deny such allegation; and otherwise deny the allegations therein.

4.      Admit that EDFINA is a wholly owned indirect subsidiary of EDF, that it acts as a liaison office for EDF in the United States, that it does not generate income from operations and that it receives money to pay expenses, including salaries and benefits of EDFINA employees, from EDF; and otherwise deny the allegations in paragraph 4 of the Complaint.

5.      Deny the allegations in paragraph 5 of the Complaint, except admit that EDF approves EDFINA's annual strategic plan and certain financial and administrative decisions, that EDF makes the human resources decisions regarding EDF employees delegated to EDFINA and that all members of the EDFINA Board of Directors are EDF employees.

6.      Admit the allegations in paragraph 6 of the Complaint.

7.      Deny the allegations in paragraph 7 of the Complaint.

8.      State that the allegations in the third sentence of paragraph 8 of the Complaint assert legal arguments and conclusions, as to which no responsive pleading is required, and to the extent that such allegations may allege facts, they are denied; admit that EDFINA is available to represent EDF in the

2

District of Columbia; and otherwise deny the allegations in paragraph 8 of the Complaint.

9.     Deny the allegations in paragraph 9 of the Complaint.

10.    Deny the allegations in paragraph 10 of the Complaint.

11.    Deny the allegations in paragraph 11 of the Complaint.

12.    Admit that EDF employees are from time to time delegated to EDFINA; and otherwise deny the allegations in paragraph 12 of the Complaint.

13.    Admit that the salaries and certain benefits of EDF employees delegated to EDFINA are paid and provided by EDF; and otherwise deny the allegations in paragraph 13 of the Complaint.

14.    Deny the allegations in paragraph 14 of the Complaint.

15.    State that the allegations in paragraph 15 of the Complaint assert legal arguments and conclusions, as to which no responsive pleading is required, and to the extent that such allegations may allege facts, they are denied.

16.    Deny the allegation in paragraph 16 of the Complaint.

3

17.   State that the allegations in paragraph 17 of the Complaint assert legal conclusions, as to which no responsive pleading is required.

18.   State that the allegations in paragraph 18 of the Complaint assert legal arguments and conclusions, as to which no responsive pleading is required.

19.   State that the allegations in paragraph 19 of the Complaint assert legal arguments and conclusions, as to which no responsive pleading is required.

20.   Admit that Christian Nadal ("Nadal") is a citizen of France and that he resides in the State of Maryland; admit that Nadal holds an L-1A visa sponsored by EDFINA; and otherwise deny the allegations in paragraph 20 of the Complaint.

21.   Admit that Nadal works in the District of Columbia; state that the allegation in the third sentence of paragraph 21 of the Complaint asserts a legal argument and conclusion, as to which no responsive pleading is required; and otherwise deny the allegations in paragraph 21 of the Complaint.

## JURISDICTION AND VENUE

22.   Deny the allegations in paragraph 22 of the Complaint.

23.   Admit that EDFINA is present in the District of Columbia; deny that the acts complained of occurred in the

4

District of Columbia; state that the allegation in the second sentence of paragraph 23 of the Complaint asserts a legal argument and conclusion, as to which no responsive pleading is required; and otherwise deny the allegations in paragraph 23 of the Complaint.

24.   Deny the allegations in the first sentence of paragraph 24 of the Complaint; and state that the allegation in the second sentence thereof asserts a legal argument and conclusion, as to which no responsive pleading is required.

25.   Admit that EDFINA is a corporation incorporated under the laws of the District of Columbia; and state that the second sentence of paragraph 25 of the Complaint asserts a legal conclusion, as to which no responsive pleading is required.

26.   State that the allegation in paragraph 26 of the Complaint concerning EDF as an "instrumentality" of the French government asserts a legal conclusion, as to which no responsive pleading is required; and otherwise deny the allegations in paragraph 26 of the Complaint.

27.   Deny the allegations in the first sentence of paragraph 27 of the Complaint; and state that the allegations in the second sentence thereof assert legal arguments and conclusions, as to which no responsive pleading is required.

5

28. Deny the allegations in paragraph 28 of the Complaint.

29. Admit that EDF is owned by France; and otherwise deny the allegations in paragraph 29 of the Complaint.

30. State that the allegations in paragraph 30 of the Complaint assert a legal conclusion, as to which no responsive pleading is required, and to the extent such allegations may allege facts, they are denied.

31. State that the allegations in paragraph 31 of the Complaint assert a legal conclusion, as to which no responsive pleading is required, and to the extent such allegations may allege facts, they are denied.

32. State that the allegations in paragraph 32 of the Complaint assert legal conclusions, as to which no responsive pleading is required, and to the extent such allegations may allege facts, they are denied.

33. Admit that EDFINA is available to represent EDF in the District of Columbia; and otherwise deny the allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Admit the allegations in paragraph 35 of the Complaint, except deny that Gaujacq was responsible for hiring

6

and firing any employees of EDF and deny that there were any marketing employees of EDFINA; and further deny the allegations in clause (3) of paragraph 35 of the Complaint.

36.     Admit the allegations in paragraph 36 of the Complaint.

37.     Admit that Gaujacq held an L-1A visa at some time when she was working in the United States as a delegate of EDF; admit that certain other EDF employees hold L-1A visas when working in the United States as delegates of EDF; and otherwise deny the allegations in paragraph 37 of the Complaint.

38.     Deny the allegations in the first sentence of paragraph 38 of the Complaint; refer to the "Conditions Particulières Applicables à la Mission de Longue Durée de Catherine Gaujacq à Washington" between EDF and Gaujacq, dated June 20, 2000 (the "Gaujacq Expatriation Contract") for the true and accurate terms thereof; and state that the allegation in the second sentence of paragraph 38 asserts a legal argument and conclusion, as to which no responsive pleading is required.

39.     Deny the allegations in paragraph 39 of the Complaint, except admit that Gaujacq entered into the Gaujacq Expatriation Contract with EDF that governed the terms of her delegation to North America.

7

40.   Deny the allegations in paragraph 40 of the Complaint; and refer to the Gaujacq Expatriation Contract for the true and accurate terms thereof.

41.   Deny the allegations in paragraph 41 of the Complaint.

42.   Repeat and reallege their responses to paragraphs 22 through 24 of the Complaint as if fully set forth herein.

## PROCEDURAL STATUS

43.   Deny the allegations in paragraph 43 of the Complaint, except admit that Gaujacq filed a Charge of Discrimination with the EEOC on or about July 30, 2004 and that Gaujacq subsequently amended and supplemented said Charge of Discrimination.

44.   Admit the allegations in paragraph 44 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation therein concerning Gaujacq's receipt of the Right to Sue letter, and therefore deny such allegation.

45.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and therefore deny such allegations.

8

## BACKGROUND

46.   Admit that, as the delegate of EDF, Gaujacq served as President of EDFINA from August 1, 2000 until May 31, 2004 and that she had served in other capacities during her previous career at EDF; and otherwise deny the allegations in paragraph 46 of the Complaint.

47.   Deny the allegations in paragraph 47 of the Complaint.

48.   Deny the allegations in paragraph 48 of the Complaint.

49.   Admit that Gaujacq was the first woman within EDF and the first woman in France to have operational responsibility for a nuclear plant; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and therefore deny them.

50.   Admit that in 2002 Gaujacq was awarded the Chevalier de l'Ordre National du Merite; and otherwise deny the allegations in paragraph 50 of the Complaint.

51.   Deny the allegations in paragraph 51 of the Complaint.

52.   Admit that, as the delegate of EDF serving as President of EDFINA, Gaujacq was responsible for coordinating

9

and directing the work of EDFINA and establishing and maintaining contacts with leaders of electrical utility companies in the United States and Canada; admit that Gaujacq served at some time as a director on the board of EDFINA and of another EDF subsidiary in the United States; and otherwise deny the allegations in paragraph 52 of the Complaint.

53. Deny the allegations in paragraph 53 of the Complaint, except admit that during the period when Gaujacq served as President of EDFINA, Gaujaq represented EDF, along with other EDF employees, in connection with its participation in NuStart Energy Development, LLC ("NuStart").

54. Admit that, while President of EDFINA, Gaujacq reported to Fernando Ponasso ("Ponasso"), who was a senior executive of EDF with overall responsibility for the Americas Branch and who held the title of Chairman of EDFINA; admit that Gaujacq was one of EDF's representatives to NuStart; and otherwise deny the allegations in paragraph 54 of the Complaint.

55. Deny the allegations in paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint, and therefore deny them, except admit that Gerard Creuzet ("Creuzet") was the Director General of Operations of

10

EDF at the time alleged and aver that Francois Roussely was the President of EDF at the time alleged.

57. Deny the allegations in paragraph 57 of the Complaint.

58. Deny the allegations in paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint, and therefore deny them.

60. Deny the allegations in paragraph 60 of the Complaint.

61. Deny the allegations in paragraph 61 of the Complaint.

62. Deny the allegations in paragraph 62 of the Complaint, except admit that, effective January 1, 2004, Nadal was appointed by EDF as Délégué Général (Delegate General) of EDF for North America and that on June 1, 2004 he became President of EDFINA.

63. Deny the allegations in paragraph 63 of the Complaint.

64. Deny the allegations in paragraph 64 of the Complaint.

11

65. Deny the allegations in paragraph 65 of the Complaint.

66. Deny the allegations in paragraph 66 of the Complaint, except admit that Gaujacq informed EDF that she wanted to continue to work in the United States.

67. Admit that Gaujacq prepared a draft "Conditions Particulières Applicables à la Mission de Longue Durée de Catherine Gaujacq à Washington" ("Proposed New Gaujacq Expatriation Contract") and a draft proposed "Lettre de Mission" ("Proposed Gaujacq Mission Letter") for a proposed new position within EDF in which she would work in the United States; refer to the Proposed New Gaujacq Expatriation Contract and the Proposed Gaujacq Mission Letter for the true and accurate contents thereof; and otherwise deny the allegations in paragraph 67 of the Complaint.

68. Admit that Gaujacq had communications with EDF on several occasions regarding a new assignment for her within EDF; and otherwise deny the allegations in paragraph 68 of the Complaint.

69. Deny the allegations in paragraph 69 of the Complaint, except admit that Gaujacq tendered a written resignation, effective June 1, 2004, from her services as President of EDFINA, simultaneously assuming the role of Vice

12

President of EDFINA; and refer to the written resignation for the true and accurate terms thereof.

70.     Deny the allegations in paragraph 70 of the Complaint, except admit that there were two Vice Presidents of EDFINA in May and June 2004 of whom one, Gaujacq, was a woman and the other was a man and that, as a Vice President, Gaujacq was to report to the EDFINA President, Nadal.

71.     Deny the allegations in paragraph 71 of the Complaint.

72.     Admit that Nadal assumed the position of President of EDFINA on June 1, 2004 and that he was Gaujacq's supervisor.

73.     Deny the allegations in paragraph 73 of the Complaint.

74.     Deny the allegations in paragraph 74 of the Complaint, except admit that Nadal's rank and salary as an employee of EDF were higher than those of Gaujacq.

75.     Deny the allegations in paragraph 75 of the Complaint.

76.     Deny the allegations in paragraph 76 of the Complaint.

77.     Deny the allegations in paragraph 77 of the Complaint.

13

78. Deny the allegations in paragraph 78 of the Complaint.

79. Deny the allegations in paragraph 79 of the Complaint.

80. Deny the allegations in paragraph 80 of the Complaint.

81. Deny the allegations in paragraph 81 of the Complaint.

82. Deny the allegations in paragraph 82 of the Complaint, except admit that following her resignation from her position as President of EDFINA, Gaujacq's check-signing authority on behalf of EDFINA as President ended.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint, and therefore deny them.

84. Admit that Benoit Dreux ("Dreux") was one of the two Vice Presidents of EDFINA in June 2004 and that he told Gaujacq that he understood that she no longer had authority to sign EDFINA checks as President of EDFINA; and otherwise deny the allegations in paragraph 84 of the Complaint.

85. Deny the allegations in paragraph 85 of the Complaint.

14

86. Deny the allegations in paragraph 86 of the Complaint.

87. Deny the allegations in paragraph 87 of the Complaint, except admit that Gaujacq wrote an e-mail to Nadal dated June 11, 2004 concerning check-signing authority; and refer to said e-mail for the true and accurate contents thereof.

88. Deny the allegations in paragraph 88 of the Complaint, except admit that Nadal telephoned Gaujacq at her home on June 11, 2004 in response to her call to him; and aver that Gaujacq habitually conducted EDFINA business at her home.

89. Deny the allegations in paragraph 89 of the Complaint, except admit that EDFINA Vice President Dreux retained check-signing authority for EDFINA.

90. Deny the allegations in paragraph 90 of the Complaint.

91. Deny the allegations in paragraph 91 of the Complaint, except admit that Gaujacq sent e-mails to Ponasso from time to time on various topics and refer to such e-mails for the true and accurate contents thereof.

92. Deny the allegations in paragraph 92 of the Complaint, except admit that, as President of EDFINA, Nadal attended certain business meetings appropriate for EDFINA's President to attend.

15

93. Deny the allegations in paragraph 93 of the Complaint.

94. Deny the allegations in paragraph 94 of the Complaint.

95. Deny the allegations in paragraph 95 of the Complaint.

96. Admit that Nadal sent to Gaujacq at her home address, where Gaujacq habitually conducted EDFINA business, a letter dated June 18, 2004 addressed to Dreux and Gaujacq; admit that Dreux was the only other EDFINA Vice President; deny knowledge or information sufficient to form a belief as to the allegation concerning Gaujacq's receipt of such letter, and therefore deny such allegation; and otherwise deny the allegations in paragraph 96 of the Complaint.

97. Deny the allegations in paragraph 97 of the Complaint; and refer to the letter referenced therein for the true and accurate contents thereof.

98. Deny the allegations in paragraph 98 of the Complaint; and refer to the letter referenced therein for the true and accurate contents thereof.

99. Admit that Nadal wrote a letter to Dreux dated June 18, 2004, which was delivered to Dreux by hand at work at

16

EDFINA's office; and otherwise deny the allegations in paragraph 99 of the Complaint.

100. Deny the allegations in paragraph 100 of the Complaint; and refer to the letter referenced therein for the true and accurate contents thereof.

101. Admit the allegation in paragraph 101 of the Complaint.

102. Deny the allegations in paragraph 102 of the Complaint.

103. Deny the allegations in paragraph 103 of the Complaint.

104. Deny the allegations in paragraph 104 of the Complaint.

105. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 105 of the Complaint, and therefore deny them.

106. Deny the allegation in paragraph 106 of the Complaint.

107. Deny the allegations in paragraph 107 of the Complaint.

108. Deny the allegations in paragraph 108 of the Complaint.

17

109. Deny the allegations in paragraph 109 of the Complaint.

110. Deny the allegation in paragraph 110 of the Complaint.

111. Deny the allegations in paragraph 111 of the Complaint.

112. Deny the allegations in paragraph 112 of the Complaint.

113. Deny the allegations in paragraph 113 of the Complaint.

114. Deny the allegations in paragraph 114 of the Complaint.

115. Deny the allegations in paragraph 115 of the Complaint.

116. Deny the allegations in paragraph 116 of the Complaint.

117. Deny the allegations in paragraph 117 of the Complaint.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint, and therefore deny them.

18

119.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint, and therefore deny them.

120.   Deny the allegations in paragraph 120 of the Complaint.

121.   Deny the allegations in paragraph 121 of the Complaint.

122.   Deny the allegations in paragraph 122 of the Complaint.

123.   Deny the allegations in paragraph 123 of the Complaint.

124.   Deny the allegations in paragraph 124 of the Complaint, except admit that Gaujacq sent an e-mail dated July 9, 2004 to Ponasso; and refer to such e-mail for the true and accurate contents thereof.

125.   Deny the allegations in paragraph 125 of the Complaint; and refer to the referenced July 9, 2004 e-mail for the true and accurate contents thereof.

126.   Deny the allegations in paragraph 126 of the Complaint; and refer to the referenced July 9, 2004 e-mail for the true and accurate contents thereof.

127.   Deny the allegations in paragraph 127 of the Complaint.

19

128. Deny the allegations in paragraph 128 of the Complaint.

129. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Complaint, and therefore deny them.

130. Deny the allegations in paragraph 130 of the Complaint, except admit that on July 12, 2004 Nadal met with Gaujacq and Jean-Luc Foret ("Foret"), a nuclear engineer delegated to EDFINA.

131. Deny the allegations in paragraph 131 of the Complaint, except admit that Nadal instructed Gaujacq to return to the EDFINA office all EDFINA documents that she maintained exclusively at her home and/or on her laptop.

132. Deny the allegations in paragraph 132 of the Complaint.

133. Deny the allegations in paragraph 133 of the Complaint, except admit that Gaujacq refused to return EDFINA documents to the EDFINA office.

134. Deny the allegations in paragraph 134 of the Complaint, except admit that Gaujacq purported to justify her refusal to return the EDFINA documents on the ground of a purported confidentiality obligation.

20

135. Deny the allegations in paragraph 135 of the Complaint.

136. Deny the allegations in paragraph 136 of the Complaint.

137. Deny the allegations in paragraph 137 of the Complaint, except admit that Nadal sent an e-mail to Gaujacq dated July 12, 2004 regarding the return of EDFINA documents; and refer to said e-mail for the true and accurate contents thereof.

138. Deny the allegations contained in paragraph 138 of the Complaint; and refer to the July 12, 2004 e-mail referenced therein for the true and accurate contents thereof.

139. Deny the allegations in paragraph 139 of the Complaint.

140. Admit that Nadal sent Gaujacq an e-mail dated July 16, 2004 reiterating his request that she return the EDFINA documents to EDFINA; refer to such e-mail for the true and accurate contents thereof; and otherwise deny the allegations in paragraph 140 of the Complaint.

141. Deny the allegations in paragraph 141 of the Complaint, except admit that Gaujacq sent an e-mail to Nadal dated July 20, 2004 regarding her continuing refusal to return

21

the EDFINA documents; and refer to said e-mail for the true and
accurate contents thereof.

142.   Admit that Nadal never had occasion to request
that the other EDFINA Vice President return EDFINA documents to
the EDFINA office; and otherwise deny the allegations in
paragraph 142 of the Complaint.

143.   Deny the allegations in paragraph 143 of the
Complaint; except admit that Gaujacq sent an e-mail to Nadal on
July 22, 2004; and refer to said e-mail for the true and
accurate contents thereof.

144.   Deny the allegations in paragraph 144 of the
Complaint, except admit that Gaujacq sent e-mails to Creuzet and
Ponasso from time to time on various topics; and refer to such
e-mails for the true and accurate contents thereof.

145.   Deny the allegations in paragraph 145 of the
Complaint; and refer to the referenced e-mail, if any, for the
true and accurate contents thereof.

146.   Deny the allegations in paragraph 146 of the
Complaint; and refer to the referenced e-mail, if any, for the
true and accurate contents thereof.

147.   Deny the allegations in paragraph 147 of the
Complaint, except admit that Nadal sent an e-mail to Gaujacq

22

dated July 23, 2004; and refer to said e-mail for the true and accurate contents thereof.

148. Deny the allegations in paragraph 148 of the Complaint.

149. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 149 of the Complaint, and therefore deny them.

150. Deny the allegations in paragraph 150 of the Complaint, except admit that Gaujacq had a telephone conversation with Creuzet on or about July 23, 2004.

151. Deny the allegations in paragraph 151 of the Complaint.

152. Deny the allegations in paragraph 152 of the Complaint.

153. Deny the allegations in paragraph 153 of the Complaint, except admit that Gaujacq had a telephone conversation with Yann Laroche ("Laroche") on or about July 23, 2004.

154. Deny the allegations in paragraph 154 of the Complaint, except admit that Laroche told Gaujacq that he would advise Creuzet of their conversation.

155. Deny the allegations in paragraph 155 of the Complaint, except admit that Gaujacq had a telephone conversation with Ponasso on or about July 23, 2004.

156. Deny the allegations in paragraph 156 of the Complaint, except admit that Gaujacq requested a response by July 26, 2004 to demands she had made.

157. Deny the allegations in paragraph 157 of the Complaint, except admit that Gaujacq wrote an e-mail to Creuzet, Laroche and Ponasso dated July 25, 2004; and refer thereto for the true and accurate contents thereof.

158. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the Complaint, and therefore deny them.

159. Deny the allegations in paragraph 159 of the Complaint.

160. Deny the allegations in paragraph 160 of the Complaint, except admit that Creuzet sent Gaujacq a letter, dated July 27, 2004, directing her to return to France, among, other things; and refer to said letter for the true and accurate contents thereof.

161. Deny the allegations in paragraph 161 of the Complaint.

24

162. Deny the allegations in paragraph 162 of the Complaint.

163. Deny the allegations in paragraph 163 of the Complaint, except admit that Gaujacq had a telephone conversation with Bruno Lescoeur on or about July 29, 2004.

164. Deny the allegations in paragraph 164 of the Complaint.

165. Deny the allegations in paragraph 165 of the Complaint.

166. Deny the allegations in paragraph 166 of the Complaint.

167. Deny the allegations in paragraph 167 of the Complaint.

168. Deny the allegations in paragraph 168 of the Complaint.

169. Deny the allegations in paragraph 169 of the Complaint.

170. Deny the allegations in paragraph 170 of the Complaint, except admit that in August 2004 Nadal advised NuStart that Gaujacq had been succeeded by Georges Servière as EDF's first representative to NuStart.

171.    Deny the allegations in paragraph 171 of the Complaint, except admit that there was a change in the call-in number of a conference call to be held on August 19, 2004.

172.    Deny the allegations in paragraph 172 of the Complaint, except admit that Gaujacq was sent an e-mail from Jacques Bouron ("Bouron") dated September 8, 2004 concerning certain details of her new assignment; and refer thereto for the true and accurate contents thereof.

173.    Deny the allegations in paragraph 173 of the Complaint, except admit that Laurent Stricker sent Gaujacq a letter dated September 24, 2004; and refer thereto for the true and accurate contents thereof.

174.    Deny the allegations in paragraph 174 of the Complaint.

175.    Deny the allegations in paragraph 175 of the Complaint.

176.    Deny the allegations in paragraph 176 of the Complaint

177.    Deny the allegations in paragraph 177 of the Complaint.

178.    Admit the allegations in paragraph 178 of the Complaint.

26

179.   Deny the allegations in paragraph 179 of the Complaint.

180.   Deny the allegations in paragraph 180 of the Complaint.

181.   Deny the allegations in paragraph 181 of the Complaint, except admit that Gaujacq sent a letter to EDF dated October 7, 2004 declining her new mission; and refer thereto for the true and accurate contents thereof.

182.   Admit the allegations in paragraph 182 of the Complaint.

183.   Deny the allegations in paragraph 183 of the Complaint, except admit that Bouron, who reported to the head of EDF's Human Resources Department, Yann Laroche, sent Gaujacq a letter dated November 26, 2004; and refer thereto for the true and accurate contents thereof

184.   Deny the allegation in paragraph 184 of the Complaint; and refer to the November 26, 2004 letter referenced in paragraph 183 of the Complaint for the true and accurate contents of EDF's statement regarding assistance at the meeting.

185.   Deny the allegations in paragraph 185 of the Complaint, except admit that Gaujacq's employment was terminated and that she was given a letter to that effect dated January 6,

27

2005; and refer thereto for the true and accurate contents thereof.

186. Deny the allegations in paragraph 186 of the Complaint.

187. Admit that upon the termination of Gaujacq's employment, EDF issued a "certificat de travail" concerning Gaujacq's employment with EDF; refer thereto for the true and accurate contents thereof; and otherwise deny the allegations in paragraph 187 of the Complaint.

188. Deny the allegations in paragraph 188 of the Complaint.

189. Deny the allegations in paragraph 189 of the Complaint.

190. Deny the allegations in paragraph 190 of the complaint, except admit that Gaujacq requested that her "certificat de travail" be amended.

191. Deny the allegations in paragraph 191 of the Complaint.

192. Deny the allegations in paragraph 192 of the Complaint.

193. Deny the allegations in paragraph 193 of the Complaint.

28

194.   Deny the allegations in paragraph 194 of the Complaint.

195.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 of the Complaint, and therefore deny them.

196.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 of the Complaint, and therefore deny them.

197.   Deny the allegations in paragraph 197 of the Complaint.

198.   Admit that EDF has not failed or refused to return telephone calls from prospective or subsequent employers of EDF employees.

199.   Deny the allegations in paragraph 199 of the Complaint.

200.   Deny the allegations in paragraph 200 of the Complaint.

201.   Deny the allegations in paragraph 201 of the Complaint; and refer to the Gaujacq Expatriation Contract for the true and accurate terms thereof.

202.   Deny the allegations in paragraph 202 of the Complaint, except admit that Creuzet wrote Gaujacq an e-mail dated March 29, 2004 regarding her draft Proposed New Gaujacq

29

Expatriation Contract; and refer to said e-mail for the true and accurate contents thereof.

203. Admit that Gaujacq had communications with EDF on several occasions regarding a new assignment for her within EDF; and otherwise deny the allegations in paragraph 203 of the Complaint.

204. Admit that the Gaujacq Expatriation Contract refers to the "Guide to EDF Employees Working Abroad" (the "Guide") but deny that Gaujacq had more than one expatriation contract.

205. Deny the allegations in paragraph 205 of the Complaint; and refer to the Gaujacq Expatriation Contract and the Guide for the true and accurate terms thereof.

206. Deny the allegations in paragraph 206 of the Complaint; and refer to the Guide for the true and accurate terms thereof.

207. Deny the allegations in paragraph 207 of the Complaint, except admit that Gaujacq had an evaluation on or about March 18, 2004.

208. Deny the allegations in paragraph 208 of the complaint; and refer to the Guide for the true and accurate terms thereof.

30

209. Deny the allegations in paragraph 209 of the Complaint.

210. Deny the allegations in paragraph 210 of the Complaint; and refer to the July 27, 2004 letter from Creuzet to Gaujacq for the true and accurate contents thereof.

211. Admit that the Gaujacq Expatriation Contract provided for the payment of certain expenses incurred by Gaujacq as EDF's delegate; and refer thereto for the true and accurate contents thereof.

212. Deny the allegations in paragraph 212 of the Complaint, except admit that one of the EDFINA credit cards Gaujacq had been using when she was President of EDFINA was subsequently cancelled.

213. Deny the allegations in paragraph 213 of the Complaint, except admit that no reimbursement was made to Gaujacq for unauthorized expenses.

214. Deny the allegations in paragraph 214 of the Complaint.

215. Deny the allegation in paragraph 215 of the Complaint.

216. Deny the allegations in paragraph 216 of the Complaint.

31

217. Deny the allegations in paragraph 217 of the Complaint.

218. Deny the allegations in paragraph 218 of the Complaint.

## COUNT ONE
### GENDER DISCRIMINATION AND DISCRIMINATORY
### TERMINATION IN VIOLATION OF TITLE VII
### (against the Company)

219. Repeat and reallege the responses to paragraphs 1 through 218 of the Complaint as if fully set forth herein.

220. Deny the allegations in paragraph 220 of the Complaint.

221. Deny the allegations in paragraph 221 of the Complaint.

222. Deny the allegations in paragraph 222 of the Complaint.

223. Deny the allegations in paragraph 223 of the Complaint.

224. Deny the allegations in paragraph 224 of the Complaint.

225. Deny the allegations in paragraph 225 of the Complaint.

226. Deny the allegations in paragraph 226 of the Complaint.

32

227.   Deny the allegations in paragraph 227 of the Complaint.

228.   Deny the allegations in paragraph 228 of the Complaint.

229.   Deny the allegations in paragraph 229 of the Complaint.

230.   Deny the allegations in paragraph 230 of the Complaint.

231.   Deny the allegations in paragraph 231 of the Complaint.

232.   Deny the allegations in paragraph 232 of the Complaint.

233.   Deny the allegations in paragraph 233 of the Complaint.

## COUNT TWO
## RETALIATORY ENVIRONMENT, ACTS OF RETALIATION
## AND RETALIATORY TERMINATION IN VIOLATION OF TITLE VII
### (against the Company)

234.   Repeat and reallege the responses to paragraphs 1 through 233 of the Complaint as if fully set forth herein.

235.   Deny the allegations in paragraph 235 of the Complaint; and repeat and reallege the responses to paragraphs 220 through 230 of the Complaint as if fully set forth herein.

33

236.    Deny the allegations in paragraph 236 of the Complaint, except admit that Nadal requested documents from Gaujacq concerning NuStart.

237.    Deny the allegations in paragraph 237 of the Complaint.

238.    Deny the allegations in paragraph 238 of the Complaint.

239.    Deny the allegations in paragraph 239 of the Complaint.

240.    Deny the allegations in paragraph 240 of the Complaint.

241.    Deny the allegations in paragraph 241 of the Complaint.

242.    Deny the allegations in paragraph 242 of the Complaint.

243.    Deny the allegations in paragraph 243 of the Complaint.

244.    Deny the allegations in paragraph 244 of the Complaint; and repeat and reallege the responses to paragraphs 220-30 of the Complaint as if fully set forth herein.

245.    Deny the allegations in paragraph 245 of the Complaint.

34

246. Deny the allegations in paragraph 246 of the Complaint.

247. Deny the allegations in paragraph 247 of the Complaint, except admit that EDF terminated Gaujacq's employment with EDF.

248. Deny the allegations in paragraph 248 of the Complaint.

249. Deny the allegations in paragraph 249 of the Complaint.

250. Deny the allegations in paragraph 250 of the Complaint.

251. Deny the allegations in paragraph 251 of the Complaint.

252. Deny the allegations in paragraph 252 of the Complaint.

## COUNT THREE
## GENDER DISCRIMINATION IN THE COURSE
## OF EMPLOYMENT IN VIOLATION OF THE
## DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

253. Repeat and reallege the responses to paragraphs 1 through 252 of the Complaint as if fully set forth herein.

254. Deny the allegations in paragraph 254 of the Complaint.

35

255.   Repeat and reallege the responses to paragraphs 220 through 230 of the Complaint as if fully set forth herein.

256.   Deny the allegations in paragraph 256 of the Complaint.

257.   Deny the allegations in paragraph 257 of the Complaint.

258.   Deny the allegations in paragraph 258 of the Complaint.

259.   Deny the allegations in paragraph 259 of the Complaint.

260.   Deny the allegations in paragraph 260 of the Complaint.

261.   Deny the allegations in paragraph 261 of the Complaint.

262.   Deny the allegations in paragraph 262 of the Complaint.

263.   Deny the allegations in paragraph 263 of the Complaint.

## COUNT FOUR
### GENDER DISCRIMINATION IN THE COURSE OF EMPLOYMENT IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT
(Against Christian Nadal)

264.   Repeat and reallege the responses to paragraphs 1 through 263 of the Complaint as if fully set forth herein.

36

265. State that the allegations in paragraph 265 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

266. State that the allegations in paragraph 266 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

267. State that the allegations in paragraph 267 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

268. State that the allegations in paragraph 268 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

269. State that the allegations in paragraph 269 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to

37

the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

270.  State that the allegations in paragraph 270 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

## COUNT FIVE
## RETALIATION IN THE COURSE OF EMPLOYMENT IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

271.  Repeat and reallege the responses to paragraphs 1 through 270 of the Complaint as if fully set forth herein.

272.  Deny the allegations in paragraph 272 of the Complaint.

273.  Deny the allegations in paragraph 273 of the Complaint.

274.  Repeat and reallege the responses to paragraphs 220 through 230 of the Complaint as if fully set forth herein; and otherwise deny the allegations in paragraph 274 of the Complaint.

275.  Deny the allegations in paragraph 275 of the Complaint.

276.  Deny the allegations in paragraph 276 of the Complaint.

38

277. Deny the allegations in paragraph 277 of the Complaint.

278. Deny the allegations in paragraph 278 of the Complaint.

279. Deny the allegations in paragraph 279 of the Complaint.

280. Deny the allegations in paragraph 280 of the Complaint.

281. Deny the allegations in paragraph 281 of the Complaint.

282. Deny the allegations in paragraph 282 of the Complaint.

283. Deny the allegations in paragraph 283 of the Complaint.

284. Deny the allegations in paragraph 284 of the Complaint.

## COUNT SIX
### AIDING AND ABETTING RETALIATION IN THE COURSE OF EMPLOYMENT IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT
(against Christian Nadal)

285. Repeat and reallege the responses to paragraphs 1 through 284 of the Complaint as if fully set forth herein.

39

286.   State that the allegations in paragraph 286 of
the Complaint purport to state a claim only against Nadal, as to
which no responsive pleading is required by EDF or EDFINA; to
the extent such allegations are subsequently deemed realleged
against EDF or EDFINA, they are denied.

287.   State that the allegations in paragraph 287 of
the Complaint purport to state a claim only against Nadal, as to
which no responsive pleading is required by EDF or EDFINA; to
the extent such allegations are subsequently deemed realleged
against EDF or EDFINA, they are denied.

288.   State that the allegations in paragraph 288 of
the Complaint purport to state a claim only against Nadal, as to
which no responsive pleading is required by EDF or EDFINA; to
the extent such allegations are subsequently deemed realleged
against EDF or EDFINA, they are denied.

289.   State that the allegations in paragraph 289 of
the Complaint purport to state a claim only against Nadal, as to
which no responsive pleading is required by EDF or EDFINA; to
the extent such allegations are subsequently deemed realleged
against EDF or EDFINA, they are denied.

290.   State that the allegations in paragraph 290 of
the Complaint purport to state a claim only against Nadal, as to
which no responsive pleading is required by EDF or EDFINA; to

the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

291. State that the allegations in paragraph 291 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

292. State that the allegations in paragraph 292 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

293. State that the allegations in paragraph 293 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

294. State that the allegations in paragraph 294 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

## COUNT SEVEN
### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
(against the Company)

295. Repeat and reallege the responses to paragraphs 1 through 294 of the Complaint as if fully set forth herein.

296. Repeat and reallege the responses to paragraphs 49 and 50 of the Complaint; and otherwise admit the allegations in paragraph 296 of the Complaint.

297. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 297 of the Complaint, and therefore deny them.

298. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 298 of the Complaint, and therefore deny them.

299. Deny the allegations in paragraph 299 of the Complaint.

300. Deny the allegations in paragraph 300 of the Complaint.

301. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 301 of the Complaint, and therefore deny them.

302. Deny the allegations in paragraph 302 of the Complaint.

303.  Deny the allegations in paragraph 303 of the Complaint.

304.  Deny the allegations in paragraph 304 of the Complaint.

305.  Deny the allegations in paragraph 305 of the Complaint.

306.  Deny the allegations in paragraph 306 of the Complaint.

307.  Deny the allegations in paragraph 307 of the Complaint.

308.  Deny the allegations in paragraph 308 of the Complaint.

309.  Deny the allegations in paragraph 309 of the Complaint.

## COUNT EIGHT –
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### (against Mr. Nadal)

310.  Repeat and reallege responses to paragraphs 1 through 309 as if fully set forth herein.

311.  State that the allegations in paragraph 311 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged

43

against EDF or EDFINA, repeat and reallege the response to paragraph 296 of the Complaint as if fully set forth herein.

312. State that the allegations in paragraph 312 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

313. State that the allegations in paragraph 313 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

314. State that the allegations in paragraph 314 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

315. State that the allegations in paragraph 315 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, deny such allegations, except admit that Nadal had knowledge that Gaujacq was an employee of EDF.

44

316. State that the allegations in paragraph 316 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

317. State that the allegations in paragraph 317 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

318. State that the allegations in paragraph 318 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

319. State that the allegations in paragraph 319 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

320. State that the allegations in paragraph 320 of the Complaint purport to state a claim only against Nadal, as to which no responsive pleading is required by EDF or EDFINA; to

the extent such allegations are subsequently deemed realleged against EDF or EDFINA, they are denied.

## COUNT NINE
### BREACH OF CONTRACT
#### (Against the Company)

321. Repeat and reallege the responses to paragraphs 1 through 320 of the Complaint as if fully set forth herein.

322. Deny the allegations in paragraph 322 of the Complaint, except admit that the Gaujacq Expatriation Contract governed the terms of Gaujacq's delegation by EDF to North America; and refer thereto for the true and accurate contents thereof.

323. Deny the allegation in paragraph 323 of the Complaint; except admit that the Gaujacq Expatriation Contract governed the terms of Gaujacq's delegation by EDF to North America; and refer thereto for the true and accurate contents thereof.

324. Deny the allegations in paragraph 324 of the Complaint.

325. Deny the allegations in paragraph 325 of the Complaint.

46

## COUNT TEN
## DUTY OF GOOD FAITH AND FAIR DEALING
### (Against the Company)

326.  Repeat and reallege the responses to paragraphs 1 through 325 of the Complaint as if fully set forth herein.

327.  State that the allegation in paragraph 327 of the Complaint asserts a legal conclusion, as to which no responsive pleading is required; and otherwise deny the allegations therein.

328.  Deny the allegations in paragraph 328 of the Complaint.

329.  Deny the allegations in paragraph 329 of the Complaint.

330.  Deny the allegations in paragraph 330 of the Complaint.

## COUNT ELEVEN
## VIOLATION OF THE EQUAL PAY ACT

331.  Repeat and reallege the responses to paragraphs 1 through 330 of the Complaint as if fully set forth herein.

332.  Deny the allegations in paragraph 332 of the Complaint, except admit that Nadal succeeded Gaujacq as President of EDFINA and admit that Nadal had a higher rank and salary in EDF than Gaujacq at the time he succeeded Gaujacq to that office.

47

333. Deny the allegations in paragraph 333 of the Complaint.

334. Deny the allegations in paragraph 334 of the Complaint.

335. State that the allegations in paragraph 335 of the Complaint assert a legal conclusion, as to which no responsive pleading is required; and otherwise deny the allegations in paragraph 335 of the Complaint.

336. Deny the allegations in paragraph 336 of the Complaint.

337. Deny the allegations in paragraph 337 of the Complaint.

338. Deny the allegations in paragraph 338 of the Complaint.

339. Deny the allegations in paragraph 339 of the Complaint.

## COUNT TWELVE
## DEFAMATION *PER SE*
### (Against Nadal and the Company)

340. Repeat and reallege the responses to paragraphs 1 through 339 of the Complaint as if fully set forth herein.

341. Repeat and reallege the responses to paragraphs 110 through 118, 138, 171, and 186 through 193 of the Complaint as if fully realleged herein; and, except as otherwise admitted

48

in such responses, deny the allegations in paragraph 341 of the Complaint.

342. Deny the allegations in paragraph 342 of the Complaint.

343. Deny the allegations in paragraph 343 of the Complaint.

344. Deny the allegations in paragraph 344 of the Complaint.

345. Deny the allegations in paragraph 345 of the Complaint.

346. Deny the allegations in paragraph 346 of the Complaint.

347. Deny the allegations in paragraph 347 of the Complaint.

348. Deny the allegations in paragraph 348 of the Complaint.

349. Deny the allegations in paragraph 349 of the Complaint.

350. Deny the allegations in paragraph 350 of the Complaint.

351. Deny the allegations in paragraph 351 of the Complaint.

352. Deny the allegations in paragraph 352 of the Complaint.

353. Deny the allegations in paragraph 353 of the Complaint.

354. Deny the allegations in paragraph 354 of the Complaint.

## PRAYER FOR RELIEF

355. The allegations in the paragraph entitled "Prayer for Relief" of the Complaint represent Plaintiff's prayers for relief, as to which no response is required. To the extent that a response is required, EDF and EDFINA deny each and every allegation contained therein and deny that Plaintiff is entitled to any relief whatsoever in this action, including, but not limited to, that relief requested in subparagraphs (a) through (i) thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

356. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

357. EDF was the employer of Gaujacq throughout the time that, as a delegate of EDF, she served as President of EDFINA from August 1, 2000 until May 31, 2004 and as a Vice

50

President of EDFINA from June 1, 2004 until the termination of her employment.

358. All decisions concerning the terms and conditions of her employment, including the decision to terminate her employment with EDF, were made by EDF management in France.

359. EDF is not subject to the extraterritorial application of the United States' federal employment law known as Title VII, 42 U.S.C. §2000e, et seq., with respect to the terms and conditions of its employment of Gaujacq or the termination of such employment.

360. EDFINA, at all times relevant to the allegations in the Complaint, had fewer than 15 employees and is, accordingly, not subject to the application of Title VII, 42 U.S.C. §2000e, et seq..

361. EDFINA was not the employer of Gaujacq within the meaning of Title VII, 42 U.S.C. §2000e, et seq..

362. The Complaint fails to state any claim under Title VII, 42 U.S.C. §2000e, et seq. against EDF or EDFINA.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

363. EDF is not subject to the extraterritorial application of the employment law of the District of Columbia known as the D.C. Human Rights Act, D.C. Code §2-1401, et seq.

with respect to the terms and conditions of its employment of Gaujacq or the termination of such employment.

364. The Complaint fails to state any claim against EDF under the D.C. Human Rights Act, D.C. Code §2-1401, et seq.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

365. EDF is not subject to the extraterritorial application of the United States' federal employment law known as the Equal Pay Act, 29 U.S.C. §206(d), et seq. with respect to the terms and conditions of its employment of Gaujacq.

366. EDFINA was not the employer of Gaujacq within the meaning of 29 U.S.C. §206(d), et seq.

367. The Complaint fails to state any claim under the Equal Pay Act, 29 U.S.C. §206(d), et seq. against EDF or EDFINA.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

368. Plaintiff's claims under the Equal Pay Act fail to state a cause of action for which relief can be granted because any difference in the rate of pay applicable to Gaujacq during the period she was serving as EDF's delegate in the office of President of EDFINA and that applicable to Nadal when he succeeded her in the office of President of EDFINA was pursuant to (1) a seniority system; (2) a merit system; and/or (3) other factors other than sex, including a grade level system in which Nadal had a higher ranking than Gaujacq.

52

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

369. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or administrative filing requirements.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

370. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, estoppel, accord and satisfaction and/or laches.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

371. With regard to plaintiff's cause of action for defamation, plaintiff fails to state a cause of action for which relief can be granted because the alleged defamatory statements were true or substantially true.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

372. With regard to plaintiff's cause of action for defamation, the alleged defamatory statements were privileged and made with the primary purpose of furthering the legitimate business interests of EDF and EDFINA.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

373. Plaintiff's D.C. Human Rights Act claims are barred, in whole or in part, by that Act's election of remedies provision and/or plaintiff's failure to exhaust administrative processes with the D.C. Office of Human Rights.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

374. Gaujacq's claims for damages are barred, in whole or in part, because Gaujacq failed to mitigate or reduce her damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

375. If Gaujacq sustained any of the damages alleged, such damages were caused by her own conduct.

Dated:   New York, New York
         September 12, 2005

                    Respectfully submitted,


                    _____
                    LAURA B. HOGUET (D.C. Bar No. 200915)
                    Hoguet Newman & Regal, LLP
                    10 East 40th Street
                    New York, New York 10016
                    (212) 689-8808
                    Counsel for Defendants
                    Electricité de France and
                    Electricité de France International
                    North America, Inc.