IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CATHERINE GAUJACQ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:05CV0969 |
| ) | |
| ELECTRICITE DE FRANCE ) | |
| INTERNATIONAL NORTH AMERICA, INC., ) | |
| ) | |
| ELECTRICITE DE FRANCE, S.A., ) | |
| ) | |
| and ) | |
| ) | |
| CHRISTIAN NADAL, ) | |
| ) | |
| Defendants. ) | |

## RULE 16.3(d) REPORT

Pursuant to Local Civil Rule ("LCvR") 16.3(a) counsel for the parties discussed the matters set forth in LCvR 16.3(c) on October 5, 2005.  Below is their report to the Court pursuant to LCvR 16.3(d).

Plaintiff's Description of Claims and Case Background

Plaintiff's claims arise out of her employment with and termination of employment from Defendants Electricite de France International North America, Inc. ("EDFINA") and Electricite de France, S.A. ("EDF") and the alleged actions of Defendant Christian Nadal ("Mr. Nadal") in furtherance of defaming, interfering with her employment, and discriminating and retaliating against Ms. Gaujacq, acting within and outside the scope of employment.  Plaintiff filed her complaint on May 13, 2005.   Defendant, Christian Nadal, was served on May 19, 2005. Defendant, EDFINA, was served on May 20, 2005.  On or about September 12, 2005, Defendants Christian Nadal, EDFINA and EDF filed Answers to the Complaint.

Plaintiff asserts twelve claims: Gender Discrimination and Discriminatory Termination against EDFINA and EDF under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Count One); Retaliatory Environment, Acts of Retaliation and Retaliatory Termination against EDFINA and EDF under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Count Two); Gender Discrimination in the Course of Employment against EDFINA and EDF under the District of Columbia Human Rights Act ("DCHRA") (Count Three); Gender Discrimination in the Course of Employment against Mr. Nadal under DCHRA (Count Four); Retaliation in the Course of Employment against EDFINA and EDF under DCHRA (Count Five); Aiding and Abetting Retaliation in the Course of Employment against Mr. Nadal under DCHRA (Count Six); Tortious Interference with Contractual Relations against EDFINA and EDF under common law (Count Seven); Tortious Interference with Contractual Relations against Mr. Nadal under common law (Count Eight); Breach of Contract against EDFINA and EDF under common law (Count Nine); Duty of Faith and Fair Dealing against EDFINA and EDF (Count Ten); Violation of Equal Pay Act against EDFINA and EDF under the Equal Pay Act, 29 U.S.C. § 206(d) (Count Eleven); and Defamation *per se* against EDFINA, EDF and Mr. Nadal under common law (Count Twelve).

Defendants' Description of Background and Defenses

For their part, Defendants dispute the characterizations above and will demonstrate that Ms. Gaujacq's claims are wholly without merit, both factually and legally, for the reasons set forth more particularly in their respective answers. Such defenses include:

- Ms. Gaujacq was not discriminated against, harassed, or retaliated against in any way.
- EDF terminated Ms. Gaujacq's employment because, after her expatriation contract expired, she failed to report to her new position at EDF in France.

- The United States anti-employment discrimination laws, including those of the District of Columbia, do not apply to employment decisions made by EDF in France affecting French national employees of EDF.
- EDF is not covered by the United States Equal Pay Act.
- EDFINA is not covered by the United States federal anti-discrimination law because it does not employ at least fifteen employees.
- Any differential in the compensation of Gaujacq and Nadal as employees of EDF was based upon their pay grades, seniority and/or merit systems, and not based upon their genders.
- No employee of EDF (working at EDFINA or not) ever defamed Ms. Gaujacq.

2. There is no motion pending before the Court.

3. The parties presently do not anticipate the joining of additional parties or any amendments to their pleadings. The parties have agreed in their schedule on dates by which such amendments shall be made.

4. The parties do not consent to the assignment of the case to a magistrate judge for all purposes, including trial.

5. The parties have explored settlement possibilities in the past, and are not ruling out the possibility of exploring settlement in the future; however, at the present time, the parties do not believe settlement is likely.

6. If at some point the parties believe that they would benefit from the Court's ADR procedures, they will notify the Court.

7. Plaintiff does not believe this case can be resolved by summary judgment. Defendants believe that all of the case can be resolved by summary judgment. A schedule for the briefing of summary judgment motions is set forth in the proposal below.

8. The parties agree to serve the initial disclosures described in Fed.R.Civ.P. 26(a)(1) by October 27, 2005 and that no changes need to be made to the scope or form of such disclosures.

3

9. The parties are working on a mutually agreeable Protective Order which they anticipate presenting to the Court for entry by the time of the Scheduling Hearing next week. In addition, the parties have discussed attempting to arrive at stipulations respecting translations and translators, and agree to work together to attempt to resolve issues which may arise because of the location of and languages spoken by the witnesses and parties. Regarding discovery, the parties propose:

    (a) The parties agree to a limit of 10 depositions for each party and to the reasonable extension of the presumptive seven-hour limit for such depositions where translation is required. Additionally, the parties may need more than 7 hours for certain of the depositions and agree to work in good faith toward an agreement on such time limits. The parties also will work in good faith with regard to the scheduling of foreign depositions to attempt to minimize the cost and inconvenience to the parties and counsel.

    (b) The parties jointly propose the following schedule for written discovery, depositions, expert discovery, and dispositive motions. It is based on an estimated 3 months for document discovery and 5 months for depositions, beginning with the deposition of Plaintiff and followed by the deposition of Defendant Nadal, both as close to the beginning of such period as may be arranged:

| | |
|---|---|
| **Initial Disclosures** (under 26(a)(1)) | October 27, 2005 |
| **First Day to Serve Written Discovery** | October 28, 2005 |
| **Deposition Discovery Begins** | January 2, 2006 |
| **Deadline To Amend Complaint** | March 1, 2006 |

| | |
|---|---|
| **Deadline To Amend Answers** | April 14, 2006 |
| **Opening Expert Reports** (per 26(a)(2) on issues for which a party carries the burden of proof) | April 1, 2006 |
| **Rebuttal Expert Reports** (per 26(a)(2) on issues for which opposing party carries burden of proof) | May 31, 2006 |
| **Close of Fact Discovery** | May 31, 2006 |
| **Expert Deposition Period** | June 1 through July 28, 2006 |
| **Dispositive and** *Daubert* **motions** Due | September 15, 2006 |
|     **Oppositions** Due | October 13, 2006 |
|     **Replies** Due | October 27, 2006 |
|     **Hearing** (proposed) | November 10, 2006 |
| **Pretrial Statements** To Be Filed and Served | December 11, 2006 |
| **Pretrial Conference** | Week of December 18, 2006 |
| **Trial** | (30-60 days after pretrial conference, to be set by the Court at the October 13, 2005 Scheduling Hearing ) |

10. Dates for the exchange of expert information are included in the schedule above.

11. The parties do not presently anticipate that the trial will need to be bifurcated or managed in phases.

12. The parties propose that the pretrial conference be held on December 18, 2006, and the trial be scheduled at the October 13, 2005 Scheduling Hearing, consistent with the schedule set out in Paragraph 9 above.

13. The parties are requesting the Court to set a firm trial date, as set forth in the above-proposed schedule, when the parties appear before the Court on October 13, 2005. Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | 10/06/05_____ |
| Elaine Charlson Bredehoft | Date |

D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia  20190
(703) 318-6800

Counsel for Plaintiff,
   Catherine L. Gaujacq


| | |
|---|---|
| _____/s/_____ | 10/06/05_____ |
| Laura B. Hoguet | Date |

D.C. Bar No. 200915
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016
(212) 689-8808

Counsel for Defendants
   Electricite de France, S.A. and
   Electricite de France International North America, Inc.


| | |
|---|---|
| _____/s/_____ | 10/06/05_____ |
| Ronald S. Cooper | Date |

D.C. Bar No. 149799
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
(202) 429-3000

Counsel for Defendant
   Christian Nadal


Add proposed Order per 19.3(d)