IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., ELECTRICITE DE FRANCE, S.A.<br>and CHRISTIAN NADAL,<br><br>    Defendants. | **ECF**<br>Civil Action No. 05-969 (JGP)<br><br>**INITIAL DISCLOSURES OF DEFENDANTS ELECTRICITE DE FRANCE, S.A. AND ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC.** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendants Electricité de France, S.A. ("EDF") and Electricité de France International North America, Inc. ("EDFINA"), by and through their attorneys, Hoguet Newman & Regal, LLP, make the following initial disclosures:

### I.  PRELIMINARY STATEMENT

The investigation by Defendants EDF and EDFINA into the matters alleged in the Complaint is ongoing. These initial disclosures are based on information presently available to defendants EDF and EDFINA, and EDF and EDFINA expressly reserve the right to supplement or amend these initial disclosures as may become necessary or appropriate in the future. These initial disclosures are made subject to and without waiver of any applicable privilege, or doctrine or law of protection from disclosure, or any defense. Defendants EDF and EDFINA expressly reserve the right to object to the production of documents or testimony or other discovery procedures involving or relating to the persons or documents identified in these disclosures on the basis of privilege, or doctrine or law of protection from disclosure, or as otherwise deemed appropriate.

## II.   DISCLOSURES

### A.   Disclosure of Individuals

**Rule 26(a)(1)(A):** The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**Response:**

Defendants EDF and EDFINA believe that the following individuals are likely to have discoverable information that they may use in support of their defenses. In addition, Defendants EDF and EDFINA may use any discoverable information that other individuals may have who are identified in the Initial Disclosures of Defendant Christian Nadal.

1. Catherine Gaujacq. Ms. Gaujacq is likely to have information relating to Defendants' defenses and Plaintiff's allegations.

2. Catherine Gaujacq's husband. Mr. Gaujacq is likely to have information relating to Plaintiff's allegations concerning her husband's employment and concerning Plaintiff's damages claims.

3. Alexandre Audie. EDF employee serving as Director of Public Affairs, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527. Mr. Audie is likely to have information relating to Defendants' defenses and Plaintiff's allegations concerning Mr. Nadal and concerning EDFINA.

4. Mame Bawo Ba. Market Analyst, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527. Ms. Ba is likely to have information relating to Defendants' defenses and Plaintiff's allegations concerning Mr. Nadal

and concerning events at EDFINA.

5. Jean-Louis Betouret. Director of Human Resources and Communications, EDF Americas, Eduardo Madero, 900 piso 23, Buenos Aires CP 1106, (54) 11-4132-8533. Mr. Betouret is likely to have information concerning Defendants' defenses, including, but not limited to defenses to Plaintiff's claims for breach of contract, retaliation and discrimination, and concerning communications with Plaintiff.

6. Jacques Bouron. EDF Director of Development of Executives, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE. Mr. Bouron is likely to have information concerning Plaintiff's allegations and Defendants' defenses, including, without limitation, the relationship between EDF and EDFINA, the role of EDF employees delegated to EDFINA, communications with Plaintiff and the termination of Plaintiff's employment.

7. Gerard Creuzet. Former Chief Operating Officer of EDF. Mr. Creuzet is likely to have information concerning Plaintiff's claims and Defendants' defenses, including but not limited to Plaintiff's allegations concerning her communications with Mr. Creuzet. This individual is no longer employed by EDF.

8. Benoit Dreux. EDF employee serving as Vice President of EDFINA, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527. Mr. Dreux is likely to have information relating to Defendants' defenses, including without limitation events at EDFINA and Plaintiff's allegations concerning Mr. Dreux and Mr. Nadal.

9. Jean Luc Foret. EDF Technical Director for EPR Program, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE. Mr. Foret is likely to have information relating to Defendants'

3

Case 1:05-cv-00969-HHK   Document 19   Filed 10/27/2005   Page 4 of 7


defenses and Plaintiff's allegations concerning Mr. Nadal and concerning NuStart.

10. Yann Laroche. EDF Executive Vice President of Human Resources, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE. Mr. Laroche is likely to have information concerning Plaintiff's allegations and Defendants' defenses, including, without limitation, the relationship between EDF and EDFINA, the role of EDF employees delegated to EDFINA and the benefits and procedures associated with such assignment, defendant Nadal's qualifications and experience, EDF personnel and administrative policies, communications with Plaintiff and the termination of Plaintiff's employment.

11. Bruno Lescoeur. Executive Vice President for International Affairs of EDF, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE. Mr. Lescoeur is likely to have information concerning Defendants' defenses and Plaintiff's allegations concerning communications with Plaintiff.

12. Michael McVicker, Esq., 1810 Michael Faraday Dr., Ste. 1, Reston, VA. Mr. McVicker is likely to have information relating to Defendants' defenses, including but not limited to defenses to Plaintiff's damages claims, concerning Plaintiff's search for other employment, and concerning Plaintiff's visa and immigration status.

13. Christian Nadal. Delegate General of EDF serving as President of EDFINA, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527. Mr. Nadal is likely to have information relating to Defendants' defenses and Plaintiff's allegations, including but not limited to allegations of alleged harassment and concerning communications with Plaintiff.

14. Fernando Ponasso. Former Chairman of EDFINA and former Executive Vice President of EDF Branch Americas. Mr. Ponasso is likely to have information concerning Plaintiff's allegations and Defendants' defenses, including, without limitation, the relationship between EDF and EDFINA, the role of EDF employees delegated to EDFINA, EDF and EDFINA policies, communications with Plaintiff and the termination of Plaintiff's employment. This individual is no longer employed by EDF.

15. Georges Servière. Deputy Executive Vice President for Engineering of EDF, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE. Mr. Servière is likely to have information relating to Defendants' defenses and Plaintiff's allegations concerning NuStart.

16. Laurent Stricker. Executive Vice President for Generation and Engineering, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE. Mr. Stricker is likely to have information concerning Plaintiff's allegations and Defendants' defenses, including, without limitation, communications with Plaintiff and the termination of Plaintiff's employment.

17. An officer, director, or managing agent of ENTERGY Nuclear is likely to have information relating to Defendants' defenses, including but not limited to defenses to Plaintiff's damages claims.

**B. Disclosure of Documents**

> **Rule 26(a)(1)(B):** A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.
>
> **Response:**
>
> To support their claims and defenses, Defendants EDF and EDFINA will rely, in part,

5

on documents described in the categories of documents set forth below. The categories of documents identified herein are documents in the possession, custody or control of Defendants EDF and/or EDFINA. In addition, Defendants EDF and EDFINA expect that they may also use in support of their defenses in this action documents presently in the possession, custody or control of Plaintiff, Defendant Christian Nadal and/or third parties.

1. Plaintiff's employment records;

2. Documents concerning the termination of Plaintiff's employment;

3. E-mails and other correspondence between and among Plaintiff and any current or former officers, employees, directors or agents of EDFINA and EDF;

4. Agreements and drafts or proposals of agreements between or among Plaintiff and EDF and/or EDFINA concerning her employment;

5. Documents concerning the organization and company policies of EDF and EDFINA;

6. Documents related to Gaujacq's proceeding before the "Conseil des Prudhommes";

7. Documents concerning Plaintiff's visa and immigration status;

8. Documents concerning Defendant Nadal's visa and immigration status;

9. Employment records of Defendant Nadal;

10. Documents relating to NuStart;

11. Documents obtained from the Equal Employment Opportunity Commission ("EEOC") in connection with Plaintiff's charge filed with the EEOC against Defendants;

12. Documents concerning the audit report referred to in the Complaint;

13. Documents concerning Plaintiff's activities and performance while serving as President of EDFINA and while serving as Vice President of EDFINA.

C.  **Disclosure of Damages**

**Rule 26(a)(1)(C):** A computation of every category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**Response:** Defendants EDF and EDFINA have not asserted any claim against Plaintiff for damages but reserve the right to do so in the future.

D.  **Disclosure of Insurance**

**Rule 26(a)(1)(D):** Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse payments made to satisfy the judgment.

**Response:** Defendants EDF and EDFINA are not aware of the existence of any insurance agreement as described in Rule 26(a)(1)(D).

Dated:    New York, New York
          October 27, 2005

                                    HOGUET NEWMAN & REGAL, LLP


                                    By:_____/s/_____
                                          Laura B. Hoguet (D.C. Bar No. 200915)

                                    10 East 40th Street
                                    New York, NY 10016
                                    (212) 689-8808

                                    *Attorneys for Defendants Electricité de France, S.A., and Electricité de France International North America, Inc.*