IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ELECTRICITE DE FRANCE )<br>INTERNATIONAL NORTH AMERICA, INC., )<br>)<br>ELECTRICITE DE FRANCE, S.A., )<br>)<br>and )<br>)<br>CHRISTIAN NADAL, )<br>)<br>    Defendants. )<br>_____) | Civil Action No.<br>1:05CV0969 |

## INITIAL DISCLOSURES OF DEFENDANT CHRISTIAN NADAL

Defendant Christian Nadal, by and through his attorneys, Steptoe & Johnson LLP, and pursuant to Federal Rule of Civil Procedure 26(a)(1), hereby makes his initial disclosures. These initial disclosures are based on information presently available to Mr. Nadal. Mr. Nadal's investigation into the matters raised in the Complaint is ongoing These disclosures are made subject to and without waiving the attorney-client privilege, the work product doctrine or any other applicable privilege or defense, and Mr. Nadal reserves the right to object to other discovery procedures involving or relating to the persons or documents identified in these disclosures.

- 2 -

**(A) The name and, if known, the addresses and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

1. The Plaintiff in this action with respect to her own knowledge and actions with respect to matters alleged in the Complaint.

2. Plaintiff's husband with respect to matters alleged in the Complaint, including but not limited to allegations specifically involving him.

3. Representatives or employees of Plaintiff's current employer (whose identities are as yet unknown) with respect to Plaintiff's efforts to obtain such employment, the remuneration and benefits attendant thereto, her current employer's efforts to obtain background information regarding Plaintiff, and other allegations of the Complaint.

4. Current and former employees and/or representatives of defendant EDF or defendant EDFINA, possibly including but not limited to:

Christian **Nadal**, Delegate General of EDF serving as President of EDFINA, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527, who has information about subjects including but not limited to: the relationship between EDF and EDFINA; the role of EDF employees delegated to EDFINA and the benefits and procedures associated with such assignment; his qualifications, experience and responsibilities vis-à-vis Plaintiff's; the role of EDFINA vis-à-vis EDF; the terms and conditions of his employment; the number of employees of EDFINA; the powers and responsibilities of the President of EDFINA

and other EDFINA officers and employees; EDF and EDFINA personnel, administrative, and other policies; the status of EDF employees under French law; Plaintiff's job performance while serving as President of EDFINA and thereafter; communications between himself and Plaintiff and the motivations thereof; Plaintiff's role in NUSTART; his rank, salary and benefits both prior and subsequent to his assignment by EDF to serve as President of EDFINA; Plaintiff's salary and benefits as an employee of EDF; the absence of any discriminatory or retaliatory motive and the legitimate business justifications for any action taken by him with respect to Plaintiff; and the specific communications between himself and Plaintiff.

Fernando **Ponasso**, former Chairman of EDFINA and Executive Vice President of EDF Branch Americas, who is no longer employed by EDF, and who has information about subjects including but not limited to: the relationship between EDF and EDFINA; the role of EDFINA vis-à-vis EDF; the powers and responsibilities of the President of EDFINA; EDF and EDFINA policies; the content of communications with Plaintiff and the purposes thereof; discussions with Plaintiff concerning Plaintiff's request to remain in the United States beyond her term of service as President of EDFINA; and the audit referenced in the Complaint.

Gerard **Creuzet**, former Chief Operating Officer of EDF, who left the employ of EDF in September, 2004, who has information about subjects including but not limited to the content of communications with Plaintiff and various statements attributed to him in the Complaint.

Yann **Laroche,** EDF Executive Vice President of Human Resources, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE, who has information about

subjects including but not limited to: the relationship between EDF and EDFINA; the role of EDF employees delegated to EDFINA and the benefits and procedures associated with such assignment; defendant Nadal's qualifications and experience; the role of EDFINA vis-à-vis EDF; EDF personnel and administrative policies; communications with Plaintiff and the purposes thereof; the terms and conditions of Plaintiff's employment; and the various statements attributed to him in the Complaint.

Benoit **Dreux**, EDF employee serving as Vice President of EDFINA, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527, who has information about subjects including but not limited to: the role of EDF employees delegated to EDFINA and the benefits and procedures associated with such assignment; the number of employees of EDFINA; the powers and responsibilities of the President of EDFINA and other EDFINA officers and employees; EDF and EDFINA personnel and administrative policies; Plaintiff's job performance while serving as President of EDFINA and thereafter; Plaintiff's statements concerning Mr. Nadal; communications and interactions between himself and Plaintiff and between Nadal and Plaintiff; Plaintiff's benefits as an officer of EDFINA; the absence of any discriminatory or retaliatory motive and the legitimate business justification for actions taken by himself and Mr. Nadal with respect to Plaintiff; the communications between himself and Plaintiff; Mr. Nadal's treatment of Plaintiff and other female employees of EDF or EDFINA; Mr. Nadal's efforts to monitor and supervise Dreux's activities as a Vice President of EDFINA; and the audit of EDFINA and statements made in connection therewith.

- 5 -

Jean-Luc **Foret**, EDF Technical Director for EPR Program, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE, an EDF nuclear engineer who formerly worked in the offices of EDFINA, who has information about subjects including but not limited to: the role of EDF employees delegated to EDFINA and the benefits and procedures associated with such assignment; EDF and EDFINA personnel and administrative policies; Plaintiff's job performance while serving as President of EDFINA and thereafter; Plaintiff's statements concerning Mr. Nadal; the tone and content of communications and interactions between himself and Plaintiff and between Nadal and Plaintiff, including but not limited to the meeting on July 12, 2004; the NUSTART project and EDFINA's role therein; Plaintiff's personal role in NUSTART and her performance in that role; the absence of any discriminatory or retaliatory motive and the legitimate business justification for actions taken by himself and Mr. Nadal with respect to Plaintiff; Mr. Nadal's treatment of Plaintiff and other female employees of EDF or EDFINA; and the circumstances of Foret's relocation to France.

Alexandre **Audie**, an EDF employee serving as Director of Public Affairs, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527, who has information about subjects including but not limited to: the day to day operation of EDFINA both prior and subsequent to Plaintiff's service as President of EDFINA; Plaintiff's role in NUSTART; the benefits and procedures associated with assignment of EDF employees to EDFINA; the number of employees of EDFINA; EDF and EDFINA personnel, administrative, and other policies; Plaintiff's job performance while serving as President of EDFINA and thereafter; communications between himself and Plaintiff; Plaintiff's statements

concerning Mr. Nadal; the manner in which Plaintiff conducted the business affairs of EDFINA; Mr. Nadal's treatment of Plaintiff and other female employees of EDF or EDFINA; and the facts surrounding Mr. Nadal's arrival at EDFINA.

Bruno **Lescoeur**, Executive Vice President for International Affairs of EDF, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE, who may have information about subjects including but not limited to the communications and interactions between himself and Plaintiff.

Laurent **Stricker**, Executive Vice President for Generation and Engineering, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE, who has information about subjects including but not limited to his communications with Plaintiff, including but not limited to the September 24, 2004 letter sent from him to Plaintiff, as referenced in Paragraph 173 of the Complaint, and the position referenced therein.

Jacques **Bouron**, EDF Director of Development of Executives, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE, who has information about subjects including but not limited to: the relationship between EDF and EDFINA; the role of EDF employees delegated to EDFINA and the benefits and procedures associated with such assignment; defendant Nadal's qualifications and experience vis-à-vis Plaintiff's; the role of EDFINA vis-à-vis EDF; the powers and responsibilities of the President of EDFINA and other EDFINA officers and employees; EDF personnel, administrative and other policies relevant to Plaintiff's claims and defenses thereto; the content of communications with Plaintiff and the purposes thereof; the terms and conditions of Plaintiff's employment; discussions with Plaintiff and decisions concerning Plaintiff's request to remain in the United States beyond her term of service as President of

EDFINA; communications with Plaintiff concerning Mr. Nadal; various statements attributed to him in the Complaint; the content of the November 26, 2004 letter sent from him to Plaintiff, as referenced in Paragraph 183 of the Complaint; and the matters referenced therein, including but not limited to the meeting of December 10, 2004 in France.

Mame Bawo **Ba**, Market Analyst, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527, who has information about subjects including but not limited to: the day to day operation of EDFINA prior, during and subsequent to Plaintiff's service as President of EDFINA; the benefits and procedures associated with assignment of EDF employees to EDFINA; the number of employees of EDFINA; the powers of the President of EDFINA and other EDFINA officers and employees; certain EDF and EDFINA policies; Plaintiff's job performance while serving as President of EDFINA and thereafter; communications between herself and Plaintiff, including but not limited to Plaintiff's statements concerning Mr. Nadal; administrative changes at EDFINA following the arrival of Mr. Nadal; the manner in which Plaintiff conducted the business affairs of EDFINA; Plaintiff's role and/or activities in NUSTART; Mr. Nadal's treatment of Plaintiff and other female employees of EDF or EDFINA; the facts surrounding Mr. Nadal's arrival at EDFINA; and other matters referenced in Plaintiff's Complaint.

Maura **Stadem**, Executive Assistant, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527, who has information about subjects including but not limited to: Mr. Nadal's

treatment of female employees of EDF or EDFINA; and issues relating to administrative matters following Plaintiff's resignation from service as President of EDFINA.

Richard **Brien**, employee of the International Energy Service (an EDF subsidiary) who worked out of EDFINA's offices during Plaintiff's service as President, who has information on subjects including but not limited to the day to day operation of EDFINA during Plaintiff's service as President of EDFINA and Plaintiff's job performance while serving as President of EDFINA.

George **Serviere**, Deputy Executive Vice President for Engineering of EDF, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE, who has knowledge of matters including but not limited to Plaintiff's role and performance in NuStart and communications with the Engineering Branch regarding NuStart.

Serge **Massart**, Executive Vice President for Engineering, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE, who has information about subjects including but not limited to: Plaintiff's position prior to her service as President of EDFINA; the position offered to Plaintiff following her service as President of EDFINA; and Plaintiff's role and performance in NuStart and communications with the Engineering Branch regarding NuStart.

Patrice **Mees**, Deputy Vice President for Engineering of EDF, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE, who was Plaintiff's superior in the International Division and has information about subjects including but not limited to Plaintiff's performance.

Jean Louis **Betouret**, Director of Human Resources and Communications, EDF Americas, Eduardo Madero, 900 piso 23, Buenos Aires CP 1106, (54) 11-4132-

8533, who has information about subjects including but not limited to interactions with Plaintiff and the transmission to Plaintiff of information concerning Mr. Nadal's role in the U.S.

Louis **Roversi**, an EDF employee who formerly served as Vice President of EDFINA, who has information about subjects including but not limited to Plaintiff's role with respect to enExco and Dalkia, as well as the practices and procedures associated with service by employees of EDF as officers of EDFINA.

6. Current and former employees and/or representatives of service providers to EDFINA, possibly including but not limited to Walker Nolan, Mitchell R. Slavitt (who has knowledge of accounting and tax issues), Michael McVicker (who has knowledge of immigration issues). These persons have information relating to Plaintiff's characterizations of facts surrounding EDFINA's receipt or termination of such services or other matters alleged in the Complaint.

7. The audit personnel designated on the audit report, who have knowledge of matters including but not limited to the scope, procedures, purpose, and results of the audit described in the Complaint, as well as communications concerning the audit and its findings as alleged in the Complaint. Daniel Dubois, deceased, was EDF's Audit Director and had information about subjects including but not limited to: the nature and impetus of the audit referred to in Plaintiff's Complaint; communications with Plaintiff on the subject of the audit; the findings and recommendations of the audit; and EDF and EDFINA policies on financial and accounting matters, as well as the failures thereunder at EDFINA during the service of Plaintiff as President of EDFINA. It is not yet known to what extent others in EDF's audit department, including but not limited to Thierry Millet,

Isabel Burg and Serge Houdbine, may be a source of the same information, but each of these persons had a role in the audit.

8. Present and former colleagues, employees and business associates of Mr. Nadal having information on the subject of Mr. Nadal's treatment of women in the context of such relationships, including but not limited to: Nicole Kepinski, with whom Mr. Nadal worked in France for fifteen years, from his time at the French National Coal Board in 1985 up to his departure for Argentina in 1999; and Florencia Lagrava-Cucchi, with whom Mr. Nadal worked when he was CEO of EDENOR in Argentina.

**(B)     A copy of, or a description by category and location of, all documents, data compilations and tangible things in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

The process of identifying and reviewing potentially relevant documents is ongoing. Mr. Nadal thus reserves the right to supplement or amend the list below.

1. Plaintiff's employment records;

2. Documents concerning the termination of Plaintiff's employment;

3. E-mails and other correspondence between and among Plaintiff and any current or former officers, employees, directors or agents of EDFINA and EDF;

4. Agreements and drafts or proposals of agreements between or among Plaintiff and EDF and/or EDFINA concerning her employment;

5. Documents concerning the organization and company policies of EDF and EDFINA;

6. Documents related to Gaujacq's proceeding before the "Conseil des Prudhommes";

7. Documents concerning Plaintiff's visa and immigration status;

8. Defendant Nadal's employment records;

9. Immigration documents for Plaintiff and Defendant Nadal;

10. Documents concerning the audit report referred to in the Complaint;

11. Documents relating to NuStart;

12. Documents obtained from government agencies concerning Plaintiff's allegations, including but not limited to documents obtained from the United States Equal Employment Opportunity Commission;

13. Documents in the personal files of Christian Nadal relating to Plaintiff's claims and the defenses thereto, as well as documents relating to his prior professional experience and qualifications; and,

14. Documents reflecting Plaintiff's activities and performance while serving as President and Vice President of EDFINA.

All of the categories of documents above are identified only to the extent that documents in such categories are not protected from disclosure by the attorney-client privilege or under attorney work product doctrine. With the exception of documents in category 13, which are in the possession, custody or control of Mr. Nadal, documents in the categories above are in the possession, custody or control of the corporate defendants.

**(C)    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which**

**such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Mr. Nadal is not presently asserting claims against the Plaintiff in this action but reserves the right to bring such claims in the future. Additionally, Mr. Nadal will seek such costs and fees as may be available at law or in equity for the defense of this action. Such costs and fees are not determinable at this stage of litigation, however.

**(D)   For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendant Nadal does not know whether he may be entitled to insurance coverage for all or part of any judgment pursuant to policy(ies) of insurance maintained by Defendant EDF.  Furthermore, Mr. Nadal is aware of no policy of insurance purchased by him or EDFINA that may be liable for any judgment in this action.

October 27, 2005

                                                                   /s/
Ronald S. Cooper (D.C. Bar No. 149799)
David A. Clark (D.C. Bar No. 473279)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036-1795
(202) 429-3000

Counsel for Defendant Christian Nadal