**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CATHERINE GAUJACQ, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ELECTRICITE DE FRANCE )<br>INTERNATIONAL NORTH AMERICA, INC., )<br>)<br>ELECTRICITE DE FRANCE, S.A., )<br>)<br>and )<br>)<br>CHRISTIAN NADAL, )<br>)<br>    Defendants. ) | Civil Action No. 1:05CV0969 |

### PROTECTIVE ORDER

Upon motion for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure with respect to information provided in discovery in this matter, it is hereby ORDERED:

1. This Protective Order shall govern the handling of any information, or translations of information, produced or disclosed by any party or non-party (the "Producing Party") in this action to any other party (the "Receiving Party") in this action, including, without limitation, any document (whether in hard copy or computer readable form), thing, deposition testimony, deposition exhibit, interrogatory responses, responses to requests for admission, or other information provided in discovery in this action, including in initial disclosures (all such information shall hereinafter be referred to as "Discovery Material"). Information produced in discovery shall only be used for the purposes of preparing for and conducting this action (including any appeals or retrials).

2. All Discovery Material designated in the course of this litigation as "Confidential" or "Highly Confidential ," as these terms are defined in Paragraph 3, shall be used only for the purpose of preparation and trial of this litigation, and any appeal therefrom, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint-stock company, limited liability company, trust, unincorporated organization, governmental body or other entity (collectively "person") except in accordance with the terms hereof.

**Definitions**

3. "Confidential" shall refer to Discovery Material that contains confidential or proprietary research, development, technical, financial, commercial, business, personal or personnel information. "Highly Confidential" shall only refer to Discovery Material that contains: (1) highly proprietary or competitively sensitive business information such as trade secrets or other confidential or proprietary research, development, technical, financial, commercial or business information; or (2) highly private, personal information unrelated to the employment of a party or to a matter that the Producing Party has put in issue. It is the intention of the parties that the designation of "Highly Confidential" shall be used only where the Producing Party believes in good faith that such information should not be shown to an opposing party. Such information shall only be disclosed to Qualified Persons designated according to Paragraph 4 below. "Confidential" or "Highly Confidential" shall not include any Discovery Material that the Receiving Party demonstrates:

a. is in the public domain at the time of disclosure, including materials that on their face show that they have been submitted to any government entity without a request for confidential treatment;

    b. becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document; or

    c. the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

   4. With respect to Discovery Material designated as "Confidential," "Qualified Persons" means:

    a. Counsel to the parties, including but not limited to Steptoe & Johnson, LLP, Hoguet Newman & Regal, LLP, Gide Loyrette Nouel LLP, and Charlson Bredehoft & Cohen, P.C., and employees of such counsel;

    b. Court personnel, including stenographic, video reporters and/or translators engaged in such proceedings as are necessarily incident to the preparation or trial of this action, as well as personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to this case;

    c. Current and former officers and employees of the corporate defendants;

    d. Plaintiff Gaujacq and Defendant Nadal;

    e. Any independent expert or consultant engaged by any attorney described in Paragraph 4(a) solely to assist in this litigation, including his or her administrative and clerical personnel, provided that each such consultant/expert signs a statement in the form attached hereto as Exhibit A;

        f.      Any person who authored and/or was an identified original recipient of the particular material sought to be disclosed to that person or was a recipient of a copy thereof prior to the entry of the Protective Order;

        g.      Service contractors, including but not limited to document copy services and graphics consultants, who have signed a statement in the form attached as Exhibit A hereto; and,

        h.      Any other person agreed to by the parties in writing who has signed a statement in the form attached as Exhibit A hereto.

With respect to Discovery Materials designated "Highly Confidential," "Qualified Persons" shall mean those persons under Paragraph 4(a), (b), (f), (g) and (h). Additionally, an independent expert or consultant shall be deemed to be a Qualified Person with respect to Highly Confidential information if:

        (1)      he or she signs a statement in the form attached hereto as Exhibit A;

        (2)      he or she provides to outside counsel of the Producing Party his or her (i) name, (ii) address, (iii) resume or curriculum vitae, and (iv) information on prior and current employment, affiliations, and consultancies (including any cases in which he or she has testified at trial or by deposition within the preceding four years);

        (3)      there is no objection by a Producing Party in writing, served on all parties by facsimile, overnight mail or in person within ten (10) business days of the foregoing disclosures, which writing shall specify the reasons for the objection. In the case of an objection, the parties must confer as soon as reasonably possible to resolve the objection. If the parties are unable to resolve the objection, the Receiving Party may seek relief from the

Court with reasonable notice to the Producing Party. No such outside expert or consultant as to whom timely objection is made shall receive Highly Confidential information unless and until all such objections are resolved. In the event the time for complying with this section extends beyond the deadlines for reviewing and disclosing opinions, the parties shall enter into a Consent Order to extend such time commensurate with the date during which the issue was disclosed through the date the matter was resolved. In the event the parties cannot agree, the parties shall seek assistance from the Court.

The restrictions in this Protective Order concerning the use and distribution of materials designated as "Confidential" and "Highly Confidential" by any defendant shall not apply to the use and distribution of such defendant-designated materials between or among defendants.

### **Designation as "Confidential" or "Highly Confidential"**

5.      The designation as "Confidential" or "Highly Confidential" for purposes of this Protective Order shall be made in the following manner by the Producing Party:

   a.      In the case of Discovery Material, by affixing, legibly, the legend "Confidential" or "Highly Confidential" to each page containing confidential information.

   b.      In the case of depositions or other pretrial or trial testimony ("Transcripts"), (i) by indicating on the record at the deposition or hearing that the testimony is "Confidential" or "Highly Confidential" and is subject to the provision of this Order; or (ii) by notifying all parties in writing within thirty (30) days of receipt of the Transcript, of the specific pages and lines of the Transcript that should be treated as "Confidential" or "Highly Confidential" thereafter. Each party shall thereafter place a notice on the face of the Transcript,

and each copy thereof in its possession, custody or control, identifying portions of the Transcript as "Confidential" or "Highly Confidential," as the case may be.

        c.        Materials designated as "Confidential" or "Highly Confidential" may hereinafter be referred to as Confidential Material.

        6.        To the extent that Confidential Material or information obtained therefrom is used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the Transcript pages dealing with the Confidential Material. The provisions of this Order regarding special handling requirements for Confidential Material shall not apply to documents used or exchanged in the pretrial conference, and, subject to such further provisions as may be made by the Court at the pretrial conference, such special handling requirements shall not apply at the trial of this action.

        7.        The recipient of any Confidential Material that is provided under this Order shall maintain such materials in a secure and safe area to which access is limited, or otherwise use available methods to restrict access, to Qualified Persons only, and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Confidential Material shall not be copied, reproduced, summarized, abstracted or translated, except to the extent that such copying, reproduction, summarization, abstraction or translation is reasonably necessary for the conduct of this litigation. All such copies, reproductions, summaries, abstractions and translations shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

**Challenges to Designations**

8.      At any time after the receipt of any Discovery Materials or Transcripts designated "Confidential" or "Highly Confidential," counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Producing Party.  Said notice shall clearly identify the Discovery Material, Transcript, or portions thereof, that the challenging party claims should not be afforded confidential treatment, or afforded a lesser degree of confidential designation, and the reasons supporting the challenging party's claim.  After such notice is made, the parties shall confer and in good faith attempt to resolve their differences.  If the parties are unable to agree as to whether the confidential designation is appropriate, counsel for the Receiving Party must move the Court for appropriate relief with reasonable notice to opposing counsel.  All Discovery Materials and Transcripts that a party designates as "Confidential" or "Highly Confidential" shall be accorded such status pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a determination is made by the Court as to confidential status.

**Filing Under Seal**

9.      All documents of any nature, including briefs, containing or describing Confidential Material, which are filed with the Court, shall be filed in a sealed envelope or box, bearing the conspicuous notation "DOCUMENTS UNDER SEAL -- SUBJECT TO PROTECTIVE ORDER," consistent with the requirements of Local Rule LCvR 5.1(j). Additionally, there shall be, attached to the envelope or box containing the Confidential Material filed under seal, a cover sheet including the caption of the case, the case number, and a reference to the date of this Protective Order.  Filings of sealed materials must be made at the Clerk's Office during regular business hours.  Any documents filed under seal as provided in this

paragraph shall be disclosed by the clerk only to counsel of record without further order of the Court. This does not limit other access to such documents as otherwise provided in this Order.

### Inadvertent Production and Disclosure

10. A Producing Party that inadvertently produces Discovery Material without designation as "Confidential" or "Highly Confidential" may retroactively designate the Discovery Material as "Confidential" or "Highly Confidential" by notifying the Receiving Party. Notification shall be in writing to the Receiving Party, identifying the Discovery Material by Bates-number(s) and date of production and by sending replacement documents with the appropriate designation to a Receiving Party. Notification shall be provided reasonably promptly after the Producing Party first realizes that the Discovery Material was produced without (or with incorrect) designation. The Discovery Material designated through the notification procedure set forth immediately above shall be deemed "Confidential" or "Highly Confidential" retroactively from the date of production. If, in the interim between production and notification, the subject materials have been provided to persons other than Qualified Persons, the Receiving Party shall reasonably promptly notify the Producing Party as to which materials have been disclosed, and comply with the provisions for inadvertent disclosure as set forth in Paragraph 13, below. In the event the subject materials have been filed with the Court in between the time of the initial disclosure and the subsequent notification, it shall be incumbent upon the party seeking the Confidential Disclosure protection to take such action as may be necessary to secure the documents after such filing, and the filing party shall cooperate in rectifying the situation.

11. A party's inadvertent production of Discovery Material in this action for another party's inspection or copying shall not in itself be deemed to waive any claim of attorney-client communication privilege or attorney work-product protection that might exist

8

with respect to such Discovery Material or other documents or communications, written or oral, including, without limitation, other communications referred to in the Discovery Materials produced. Furthermore, a party's production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of attorney-client communication privilege or attorney work-product has been made.

        12. In the event of inadvertent disclosure of Confidential Materials to a person that is not a Qualified Person, the party that inadvertently discloses such information, or that is in a position to prevent, address or otherwise remedy the inadvertent disclosure, shall promptly take all practical steps to retrieve the Confidential Material and prevent its further disclosure. The party that inadvertently disclosed such information shall also promptly notify the party that designated the Confidential Materials of the inadvertent disclosure and the steps being taken to rectify the disclosure.

### Return of Confidential Material After Termination

        13. After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the Parties and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this litigation.

        14. Within ninety (90) days after the later of (i) entry of final judgment in or settlement of this proceeding and (ii) the time for any and all appeals has expired, the Plaintiff

and her counsel shall return to Defendants or their counsel all Confidential Material provided by Defendants and all copies thereof, at the expense of Defendants, and the Defendants and their counsel shall return to Plaintiff or her counsel all Confidential Material provided by Plaintiff and all copies thereof, at the expense of Plaintiff.  Alternatively, the parties and their respective counsel may agree in writing on appropriate alternative methods for the destruction of such documents.  Counsel for each party may retain one archival copy of all discovery responses; deposition exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and Confidential Material to the extent it is included in such papers or reflected in that counsel of record's work product.

### General Advice And Disclosure By Counsel

15.     This Protective Order shall not bar any attorney for the parties from rendering advice to his or her client with respect to this action.

### Duty to Comply With Protective Order

16.     Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

17.     The parties agree to work among themselves to resolve any problems with the operation or implementation of this Protective Order and to negotiate in good faith any amendment or modification proposed by any party and may, by stipulation, provide for exceptions to this Order.  Should good faith efforts fail to resolve a perceived problem in the estimation of any party, such party may seek an order of this Court modifying this Protective Order.

18.     Should any of the parties to this litigation have to resort to legal action in order to rectify alleged disclosures of Confidential Material to other than Qualified Individuals as

set forth in this Order after notice and good faith cooperation in attempting to correct any inadvertent disclosures, then the prevailing party in such action shall be entitled to an award of all reasonable costs incurred, including attorneys' fees.

Dated this ___ day of December, 2005

_____
HON. JOHN GARRETT PENN
United States District Judge

AGREED TO AS TO FORM AND CONTENT:

*Counsel for Plaintiff*  *Counsel for Defendant Christian Nadal*
*Catherine L. Gaujacq*

CHARLSON BREDEHOFT &   STEPTOE & JOHNSON LLP
COHEN, P.C


_____/s/_____   _____/s/_____
Elaine Charlson Bredehoft    Ronald S. Cooper
D.C. Bar No. 441425          D.C. Bar No. 149799
Kathleen Z. Quill            David A. Clark
D.C. Bar No. 489079          D.C. Bar No. 473279
11260 Roger Bacon Drive, Suite 201   1330 Connecticut Avenue, NW
Reston, Virginia 20190       Washington, DC 20036
(703) 318-6800               (202) 429-3000


*Counsel for Defendants Electricite*
*de France S.A. and Electricite*
*de France International North America, Inc.*

HOGUET NEWMAN & REGAL, LLP


_____/s/_____
Laura B. Hoguet
D.C. Bar No. 200915
10 East 40th Street
New York, New York 10016
(212) 689-8808

11

# **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CATHERINE GAUJACQ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:05CV0969 |
| | ) | |
| ELECTRICITE DE FRANCE | ) | |
| INTERNATIONAL NORTH AMERICA, INC., | ) | |
| | ) | |
| ELECTRICITE DE FRANCE, S.A., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHRISTIAN NADAL, | ) | |
| | ) | |
| Defendants. | ) | |

I hereby certify that I have read the Protective Order entered in the United States District Court for the District of Columbia on December ___, 2005, in the above action. I understand the terms thereof and agree, under threat of penalty of contempt, to be bound by such terms, and consent to the jurisdiction of the United States District Court for the District of Columbia for all purposes relating to the enforcement of the Order.

As soon as practical, but no later than sixty (60) days after final adjudication of this case, I shall return to counsel of record who provided me with such material all materials designated as "Confidential" or "Highly Confidential" under this Order, including, but not limited to, my notes, summaries, or other written materials which I may have prepared based on the "Confidential" or "Highly Confidential" material that was provided to me.

Dated:_____  

_____  
Signature

_____  
Print Name

_____  
Residence Address

_____  
Business Address

_____  
Employer and Title/Job Description