# EXHIBIT 1

# CHARLSON BREDEHOFT & COHEN, P.C.

ATTORNEYS AND COUNSELORS AT LAW

CURTIS L. CHARLSON (RET.)*
ELAINE CHARLSON BREDEHOFT◊
PETER C. COHEN◊
KATHLEEN Z. QUILL●◊
JENNIFER A. HARPER

* ADMITTED ONLY IN MINNESOTA
◊ ALSO ADMITTED IN D.C.
● ALSO ADMITTED IN MASSACHUSETTS

December 21, 2005

**BY EMAIL**
Ronald S. Cooper, Esq.
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave., NW
Washington, D.C. 20036

Re:   ***Gaujacq v. Electricite de France International North America, et al.***
      ***Civil Action No. 1:05CV0969***

Dear Ron:

I have sent a separate letter to Ms. Regal responding to her letters and emails. Out of courtesy to her, I am not copying you, but she may wish to share the letter with you. In any event, I am enclosing the Notice of Deposition of Mr. Nadal, setting his deposition for January 26, 2006 at 9:30 a.m. in our offices. In the event that particular day is not convenient for you, I will be happy to work with you, but only with respect to within a few days. It is clearly my impression that there is a studied intent to delay in producing the defendants for deposition, and rather than wasting our clients' time and money in that endeavor, I am giving you more than a month's notice; it will take place shortly after my client's deposition on January 20, 2006, and my notice is consistent with our report to the Court. I recognize New York lawyers may be accustomed to practices that may be more acceptable there, but I think it is time to move forward with this litigation and stop wasting everyone's time.

I have reviewed the discovery responses sent over on behalf of Mr. Nadal. I have the following concerns and would appreciate your taking the time over the next two weeks to address these, and supplement your responses. In the event there are any remaining issues following your careful review of the issues and supplementation, I would appreciate your finding some time during the week of January 2 to schedule a conference call to discuss the issues.

Ronald S. Cooper, Esq
December 21, 2005
Page 2 of 5


## THE MARKING OF "HIGHLY CONFIDENTIAL" DOCUMENTS:

You may recall that the discussions leading up to even including a "Highly Confidential" designation arose out of your stated concern that EDF or EDFINA may be harmed by trade secret disclosures, given that Ms. Gaujacq works for someone they consider a competitor. The idea that Mr. Nadal may have any markings for Highly Confidential you only raised in our last discussion, and you may recall that it was in the context of something that would be extreme, such as a significant health issue or something unrelated to the issues in this case or the employment

You may imagine my shock when I received no documents from EDFINA that were marked Highly Confidential, but the vast majority of Mr. Nadal's WERE marked Highly Confidential, including many in French, which we also agreed would try to be avoided at all costs

I am going to assume that you were unaware of these labels, and I ask you to go through them carefully I am officially challenging the designations on EACH of the documents marked Highly Confidential, and asking your office to remark them and reissue them In the event you will not agree to that, for EACH document, please explain, in writing, the basis for the designation and why you believe Ms. Gaujacq, a party in this case, should not and cannot be privy to the contents of the document, even with the conditions that it be used solely for this litigation

Absent a significant turnaround on this, I intend to seek a modification of the Protective Order, seeking to exclude any ability to mark a document "Highly Confidential " I, of course, will be happy to listen to you fully after you have reviewed the documents and responded with the individual reasons for each documents' designation as "Highly Confidential" (if you have not reconsidered and reissued them without these markations) This is precisely why I opposed such designations in the first place, and you specifically assured me that this would not be done In fact, you told me you could not imagine that Mr. Nadal would have ANY documents marked Highly Confidential I recall that very specifically and relied upon it in agreeing to the language of the Protective Order I truly am hoping it was a mistake and will be corrected by the time I return to the office on January 3, 2006

### *Discovery Responses:*

I have the following issues with Mr. Nadal's discovery responses. Again, I would appreciate your taking the time to seriously consider these, as you will note Ms. Gaujacq has done in supplementing her Interrogatory responses and Document responses Our time is far better served on things other than needless discovery disputes. I am hopeful you will supplement your responses, also by January 3, 2006, with the following in mind:

Ronald S Cooper, Esq
December 21, 2005
Page 3 of 5

### *Mr. Nadal's Responses to Plaintiff's First Set of Interrogatories:*

Overall, Mr Nadal failed to respond to Plaintiff's request to identify all documents reflecting his responses to each of the Interrogatories This request was made for all but Interrogatory Nos 1 and 20.

Further, the following deficiencies exist as to Mr Nadal's responses to specific Interrogatories propounded in Plaintiff's First Set of Interrogatories:

Interrogatory No 4: Mr Nadal failed to completely respond to Interrogatory No 4 in that he did not respond to Plaintiff's request to provide "all communications you had with Ms Gaujacq respecting each such problem, including the date, the place, the persons present, and the substance of the communication; all efforts by you to improve Ms Gaujacq's performance with respect to each such performance problem; and, the specific damage you suffered as a result of such performance problem on the part of Ms Gaujacq " Further, with regard to his written response contending that (1) Plaintiff allegedly failed to "develop and apply sound financial and management procedures," (2) Plaintiff allegedly had "poor personnel administration," and (3) "EDFINA has discovered material errors in official EDFINA filings that Gaujacq made or permitted to be made during the time she served as President of EDFINA," Mr Nadal has failed to provide specific details of these allegations as requested by Interrogatory No 4

Interrogatory No 5: Mr Nadal failed to completely respond to Interrogatory No 5 in that he did not respond to Plaintiff's request to provide "the date of discovery, all persons whom you or the Company has not hired or fired because of the same or similar facts, and the reasons why this would have caused you or the Company not to hire or to fire Ms Gaujacq."

Interrogatory No 6: Mr. Nadal failed to completely respond to Interrogatory No 6 in that he did not respond to Plaintiff's request to provide "the names of all persons who heard the alleged statement, and the    place that the alleged statement was made" for the two statements referenced in his written response (July 12, 2004 and July 16, 2004) He also failed to identify which documents he believes contain statements against Ms Gaujacq's interest

Interrogatory No 7: Mr Nadal failed to completely respond to Interrogatory No 7 in that he did not respond to Plaintiff's request to "state whether you believe your job responsibilities and authority as President of EDFINA are the same, similar, greater or less than the job responsibilities and authority held by Ms Gaujacq during her tenure as President of EDFINA "

Interrogatory No 8: Mr. Nadal failed to completely respond to Interrogatory No. 8 in that it is unclear whether he listed "all reasons why [he] had Ms Gaujacq removed from the list of authorized officers of EDFINA with signature authority on the corporate bank accounts" and he did not respond to Plaintiff's request to "identify of all other individuals whom you had removed from the authorized list officers of EDFINA with signature authority on the corporate bank accounts "

Ronald S. Cooper, Esq.
December 21, 2005
Page 4 of 5

Interrogatory No. 15: Mr. Nadal failed to completely respond to Interrogatory No. 15 in that he did not respond to Plaintiff's request to identify "who made any such complaint, to whom the complaint was made, in what manner (verbally or in writing), who was present when the complaint was made, whether Ms. Gaujacq was informed of the complaint at the time it was made, and what action was taken as a result of any such complaint(s)." Further, although Mr. Nadal referred to a specific document in his response, he failed to adequately identify that document as required by Federal Rules of Civil Procedure, Rule 33(d). Additionally, it is unclear whether the document described was produced by Mr. Nadal. If so, please provide the Bates number of such document.

Interrogatory No. 18: While Mr. Nadal responded to this interrogatory in general terms, he failed to completely respond to Interrogatory No. 18 in that he did not respond to Plaintiff's request to "explain *in detail* all action taken by you as a result of Ms. Gaujacq's complaints to you about your treatment of her, made verbally and in writing." Further, although Mr. Nadal referred to a specific document in his response, he failed to adequately identify that document as required by Federal Rules of Civil Procedure, Rule 33(d). Additionally, it is unclear whether the document described was produced by Mr. Nadal. If so, please provide the Bates number of such document.

Interrogatory No. 19: Mr. Nadal failed to completely respond to Interrogatory No. 19 in that he did not respond to Plaintiff's request to give the reasons for the timing of "his demand, on or about July 12, 2004, that Ms. Gaujacq bring all files, documents and any electronic email or other data she had at home or on her laptop relating to the Project to your office *by the next day*."

Interrogatory No. 20: Mr. Nadal failed to completely respond to Interrogatory No. 20 in that he did not respond to Plaintiff's request to "describe all facts upon which you base, or which support, any such denial" to Plaintiff's Request for Admissions.

### *Mr. Nadal's Responses to Plaintiff's First Request for Production of Documents:*

Pursuant to Federal Rules of Civil Procedure, Rule 34(b), a "party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Because Mr. Nadal did not produce the documents as they are kept in the usual course of business, he was to organize and label the produced documents "to correspond with the categories in the request." Mr. Nadal failed to comply with Rule 34(b) as to every request. Please identify specifically, by Bates numbers, which documents produced are responsive to which request.

Further, it seems Mr. Nadal is only producing documents in his "personal" possession. Please clarify how Mr. Nadal defines "personal" and specify which documents he claims are not in his personal possession. In the event he has access to or control, he is obligated to provide these documents. Further, if any documents were withheld based upon the asserted privileges,

Ronald S Cooper, Esq
December 21, 2005
Page 5 of 5

please specify which documents Mr Nadal is withholding and give sufficient details to allow Plaintiff to assess whether Mr. Nadal's privilege designations are legally appropriate  See Fed R Civ Proc  34(b)

After the above designations are provided, we will be in a better position to assess to which responses Mr Nadal has failed to produce documents. However, it is clear that Mr. Nadal is claiming, in response to Request No. 22, that his personnel file is not in his personal possession and presumably has, therefore, not provided responsive documents to this request However, this claim directly contradicts Mr Nadal's statement in his Initial Disclosures filed October 27, 2005 where he stated that documents in Category 13 ("Documents in the personal files of Christian Nadal relating to Plaintiff's claims and the defenses thereto, as well as documents relating to his prior professional experience and qualifications") are "in the possession, custody or control of Mr Nadal." Initial Disclosures of Defendant Christian Nadal at 11  Accordingly, please produce Mr Nadal's personnel file and other documents requested in Document Request No 22

I would appreciate your supplementing the document requests with the specific bate stamp numbers for each request  In addition, I ask you to take a look at all the discovery, review what Ms Gaujacq has done in good faith to take meaningless discovery disputes out of this litigation, and to either change the designations of each document marked Highly Confidential, or provide a detailed explanation for each document as set forth above

As we discussed some time ago in a conference call (during which I gave extensions to EDF and EDFINA until January 3, 2006 because of my holiday schedule), I will be serving as a substitute judge tomorrow, our office is closed on Friday, and I will be out of town all next week for the holidays, with my family. Our office is closed on January 2, 2006  I will be returning to the office on January 3, 2006   I am hopeful I am greeted with cooperation, full responses and usable documents, and an ability to spend our time productively, representing our clients in this litigation

Thank you for your consideration  I hope you have a wonderful holiday and New Year!

Very truly yours,

Elaine Charlson Bredehoft

cc:    Ms Catherine Gaujacq

# EXHIBIT 2

# STEPTOE & JOHNSON LLP

ATTORNEYS AT LAW

Ronald S Cooper
202 429 8075
rcooper@steptoe.com

1330 Connecticut Avenue NW
Washington DC 20036-1795
Tel 202 429 3000
Fax 202 429 3902
steptoe com

January 3, 2006

**VIA EMAIL**

Elaine Charlson Bredehoft
Charlson Bredehoft & Cohen, P C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190

      **Re**     **Gaujacq v. EDF - No. 1:05CV0969**

Dear Elaine,

      This responds to your letter dated December 21, 2005. Let me first address your stated concerns about the designation of a number of the documents produced by Mr. Nadal as "Highly Confidential." As a preliminary matter, it is important to set the record straight. You allege in your letter that I told you I could not imagine "that Mr. Nadal would have ANY documents marked Highly Confidential," yet on the same page, you acknowledge that I specifically sought this level of protection for Mr. Nadal's personal documents. I never represented that Mr. Nadal would not be using the Highly Confidential designation. To the contrary, the parties changed the language of the Protective Order to include expressly highly *personal* information within the definition of "Highly Confidential."

      Although your letter complains that the "vast majority" of Mr Nadal's production was labeled Highly Confidential, these designations make absolute sense in the context of Mr. Nadal's production Mr Nadal and EDFINA have coordinated their document production in an effort to avoid making burdensome and duplicative productions. Mr Nadal has produced only those documents that are within his possession, custody or control and which are not also in the possession, custody or control of EDFINA (i e., documents relating to purely personal matters, rather than documents he possesses as an officer of EDFINA). Documents that are within the possession custody and control of both parties are being produced by EDFINA. This explains why most of EDFINA's documents are not labeled Highly Confidential, while most of Mr. Nadal's documents are so labeled. It is because Mr Nadal is only producing those documents which are truly private and personal in nature.

Elaine Bredehoft
January 3, 2006
Page 2

Finally, you have made no mention as to why you feel it is so important that your client have access to these documents. The Highly Confidential documents are almost all Mr. Nadal's private financial and tax records. These could be relevant, if ever, only on the issue of damages. You have offered no suggestion of why Ms. Gaujacq, in addition to her counsel, needs access to these private documents in order to effectively prosecute her case. On the other hand, your client has a history of absconding with, and publishing, such private information, which amply justifies our precaution. Indeed, this is why the "Highly Confidential" label was developed in the first place.

As to your stated concerns regarding Mr. Nadal's interrogatory responses, we are confident that we have made good faith responses to the substance of each interrogatory -- certainly beyond the level of responsiveness provided by Ms. Gaujacq. As you know, the parties are limited to 25 interrogatories in this case, including *all discrete subparts*. Though Plaintiff's Interrogatories to Mr. Nadal contained 20 numbered questions, almost every one contained 2 or more discrete subparts. Faced with interrogatories that vastly exceeded the number permitted by the Rules, Mr. Nadal could have picked the 25 questions he most wanted to answer. Instead, he made a good faith attempt to answer the essence of each Interrogatory, and even included answers to discrete subparts where it made sense. All in all, Mr. Nadal has already answered more than the 25 interrogatories allowed by the Rules, despite how Plaintiff may have numbered them. We will vigorously oppose any Motion to Compel on this issue.

In addition, we find your demands regarding Mr. Nadal's document production to be without merit, and particularly baseless in light of the fact that Mr. Nadal only produced 149 documents in total. You note that Rule 34(b) allows a party to produce documents "as they are kept in the usual course of business" or it can organize and label the produced documents to correspond with the categories in the request. The responding party may choose which option it will exercise. Mr. Nadal did indeed produce the documents as they are kept in the "usual course of business." Plaintiff asked for his personal documents, which is what were produced. Mr. Nadal's personal filing system may not be as elaborate as the usual corporate filing system, but that does not diminish the fact that his documents were produced as they are normally kept. In the spirit of cooperation, however, we will provide the following information:

- Bates numbers CN00001-CN00010 are produced in response to Request 19, and Request 50.

- Bates numbers CN00011-CN00149 are produced in response to Request 42.

The rest of the documents that you requested, that were arguably under his possession custody and control, were also within the possession custody and control of EDFINA, and are being produced by that party.

As to your specific contention that Mr. Nadal's response to Request 22 and his statement in his Initial Disclosures are inconsistent, we disagree. Request 22 asked for his personnel file, which indeed,

Elaine Bredehoft
January 3, 2006
Page 3

is not in his personal possession, custody, or control. The fact that Mr. Nadal generally identified that he had some personal files which might contain documents relevant to the Plaintiff's case, is not inconsistent with that statement. As for your request for a privilege log, we will be happy to discuss a mutual exchange of such logs at our upcoming conference call.

Sincerely,

Ronald S. Cooper

cc:    Laura Hoguet
       Dorothea Regal

# EXHIBIT 3

| Filters Used:<br>1 Tagged Record | # E-Mail Report<br>Form Format | Date Printed: **1/10/2006**<br>Time Printed: **8:17AM**<br>Printed By: **ECB** |
| --- | --- | --- |

| Date | 1/05/2006 Time | 8:56PM | 8:56PM | Duration | 0.00 (hours) | Code | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Subject | RE: Conference Time | | | | | Staff | **Elaine Charlson Bredehoft** |
| Client | **Catherine Gaujacq** | | MatterRef **Gaujacq, Catherine** | | | | MatterNo **690** |
| From | **Elaine Bredehoft** | | | | | | |
| To | **'Clark, David'** | | | | | | |
| CC To | **Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com** | | | | | | |
| BCC To | | | | | | | |
| Reminders | | (days before) | Follow **N** | Done **N** | Notify **N** | Hide **N** | Trigger **N** Private **N** Status |

| User1 | | | User3 | |
| --- | --- | --- | --- | --- |
| User2 | | | User4 | |

**May I ask what each of you has (and has had) on your schedule that has prohibited you from discussing these issues with me this week, and particularly tomorrow? Thank you for your thoughtful response. Elaine**

-----Original Message-----
**From: Clark, David [mailto:dclark@steptoe.com]**
**Sent: Thursday, January 05, 2006 5:00 PM**
**To: Elaine Bredehoft**
**Cc: Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com**
**Subject: RE: Conference Time**

Elaine,

We obviously do not share your views on Defendants' efforts to confer prior to filing our motion. We asked for times on more than one occasion, and you simply ignored those requests.

In contrast, we are available to meet and confer with you. We are available to discuss any issues that you may still have following our recent letter and further discovery responses from all Defendants. Given the overlap among Defendants, we do not believe it would be productive to engage in separate conferences. Late on Monday is also available for all of us if we can begin at 4:30 or 5:00. I could also check for availability next Thursday or Friday if you would like.

Dave
-----Original Message-----
**From: Elaine Bredehoft [mailto:ebredehoft@charlsonbredehoft.com]**
**Sent: Thursday, January 05, 2006 4:20 PM**
**To: Clark, David**
**Cc: Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com**
**Subject: RE: Conference Time**

David: Thank you for your response. As you may recall, I asked everyone in my December 20 letter to keep times available this week to discuss these issues. Given that motions have already been filed by defendants without any genuine effort to confer, and I will be filing responses as well as my motions before next Wednesday (and I will be in depositions all day Wednesday in any event), I would appreciate everyone providing me with times this week. Since your email is coming late on Thursday, I guess realistically tomorrow will be the day left to talk. I am happy to hold separate conferences, as I do not believe they need to be joined. I will do my best to accommodate any times that works. Please send me an email as soon as possible with the times

| Filters Used: | E-Mail Report | Date Printed: **1/10/2006** |
|---|---|---|
| **1 Tagged Record** | Form Format | Time Printed: **8:17AM** |
| | | Printed By:    **ECB** |

Thank you for your consideration.  Elaine

-----Original Message-----
From: Clark, David [mailto:dclark@steptoe.com]
Sent: Thursday, January 05, 2006 4:10 PM
To: Elaine Bredehoft
Cc: Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com
Subject: Conference Time


Dear Elaine,

Everyone on Defendants' side is available on Wednesday morning up until 11:15.  Let us know if this works for you and when you would like to begin.  Thank you.

Dave
-----Original Message-----
From: Elaine Bredehoft [mailto:ebredehoft@charlsonbredehoft.com]
Sent: Wednesday, January 04, 2006 2:13 PM
To: Clark, David
Cc: Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com
Subject: RE: Document numbering question


David:  Happy New Year.  Yes, I believe all of the documents have been bate stamped and sent.

Can you all provide me with some available times to talk about all the outstanding discovery issues in the next few days?

Thank you.  Elaine

-----Original Message-----
From: Clark, David [mailto:dclark@steptoe.com]
Sent: Wednesday, January 04, 2006 2:07 PM
To: Elaine Bredehoft
Cc: Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com
Subject: Document numbering question


Elaine,

Can you confirm that Plaintiff's entire document production as of December 2005 has now been provided to us in paper form (Bates range 1-1266)?  Specifically, we're trying to figure out what happened to the un-numbered documents on the disk you initially sent.  Are they already contained within the 1266 pages you've produced in hard copy?  If not, will you be re-providing those documents in a Bates-numbered form?  Thank you.

Dave

David A. Clark
Steptoe & Johnson LLP

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ, | ) |
| Plaintiff, | ) |
| v | ) Civil Action No  1:05CV0969 |
| ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC , | ) |
| ELECTRICITE DE FRANCE, S A , | ) |
| and | ) |
| CHRISTIAN NADAL, | ) |
| Defendants | ) |

### PROTECTIVE ORDER

Upon motion for a Protective Order pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure with respect to information provided in discovery in this matter, it is hereby

ORDERED:

1.    This Protective Order shall govern the handling of any information, or

translations of information, produced or disclosed by any party or non-party (the "Producing

Party") in this action to any other party (the "Receiving Party") in this action, including, without

limitation, any document (whether in hard copy or computer readable form), thing, deposition

testimony, deposition exhibit, interrogatory responses, responses to requests for admission, or

other information provided in discovery in this action, including in initial disclosures (all such

information shall hereinafter be referred to as "Discovery Material")  Information produced in

discovery shall only be used for the purposes of preparing for and conducting this action

(including any appeals or retrials)

2.    All Discovery Material designated in the course of this litigation as "Confidential" or "Highly Confidential ," as these terms are defined in Paragraph 3, shall be used only for the purpose of preparation and trial of this litigation, and any appeal therefrom, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint-stock company, limited liability company, trust, unincorporated organization, governmental body or other entity (collectively "person") except in accordance with the terms hereof.

### Definitions

3.    "Confidential" shall refer to Discovery Material that contains confidential or proprietary research, development, technical, financial, commercial, business, personal or personnel information.    "Highly Confidential" shall only refer to Discovery Material that contains: (1) highly proprietary or competitively sensitive business information such as trade secrets or other confidential or proprietary research, development, technical, financial, commercial or business information; or (2) highly private, personal information unrelated to the employment of a party or to a matter that the Producing Party has put in issue.  It is the intention of the parties that the designation of "Highly Confidential" shall be used only where the Producing Party believes in good faith that such information should not be shown to an opposing party.  Such information shall only be disclosed to Qualified Persons designated according to Paragraph 4 below    "Confidential" or "Highly Confidential" shall not include any Discovery Material that the Receiving Party demonstrates:

a    is in the public domain at the time of disclosure, including materials that on their face show that they have been submitted to any government entity without a request for confidential treatment;

2

        b        becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document; or

        c        the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party

        4.        With respect to Discovery Material designated as "Confidential," "Qualified Persons" means:

        a        Counsel to the parties, including but not limited to Steptoe & Johnson, LLP, Hoguet Newman & Regal, LLP, Gide Loyrette Nouel LLP, and Charlson Bredehoft & Cohen, P.C., and employees of such counsel;

        b        Court personnel, including stenographic, video reporters and/or translators engaged in such proceedings as are necessarily incident to the preparation or trial of this action, as well as personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to this case;

        c.        Current and former officers and employees of the corporate defendants;

        d        Plaintiff Gaujacq and Defendant Nadal;

        e.        Any independent expert or consultant engaged by any attorney described in Paragraph 4(a) solely to assist in this litigation, including his or her administrative and clerical personnel, provided that each such consultant/expert signs a statement in the form attached hereto as Exhibit A;

f      Any person who authored and/or was an identified original recipient of the particular material sought to be disclosed to that person or was a recipient of a copy thereof prior to the entry of the Protective Order;

g      Service contractors, including but not limited to document copy services and graphics consultants, who have signed a statement in the form attached as Exhibit A hereto; and,

h.      Any other person agreed to by the parties in writing who has signed a statement in the form attached as Exhibit A hereto.

With respect to Discovery Materials designated "Highly Confidential," "Qualified Persons" shall mean those persons under Paragraph 4(a), (b), (f), (g) and (h). Additionally, an independent expert or consultant shall be deemed to be a Qualified Person with respect to Highly Confidential information if:

(1)      he or she signs a statement in the form attached hereto as Exhibit A;

(2)      he or she provides to outside counsel of the Producing Party his or her (i) name, (ii) address, (iii) resume or curriculum vitae, and (iv) information on prior and current employment, affiliations, and consultancies (including any cases in which he or she has testified at trial or by deposition within the preceding four years);

(3)      there is no objection by a Producing Party in writing, served on all parties by facsimile, overnight mail or in person within ten (10) business days of the foregoing disclosures, which writing shall specify the reasons for the objection. In the case of an objection, the parties must confer as soon as reasonably possible to resolve the objection. If the parties are unable to resolve the objection, the Receiving Party may seek relief from the

4

Court with reasonable notice to the Producing Party  No such outside expert or consultant as to whom timely objection is made shall receive Highly Confidential information unless and until all such objections are resolved.  In the event the time for complying with this section extends beyond the deadlines for reviewing and disclosing opinions, the parties shall enter into a Consent Order to extend such time commensurate with the date during which the issue was disclosed through the date the matter was resolved.  In the event the parties cannot agree, the parties shall seek assistance from the Court.

The restrictions in this Protective Order concerning the use and distribution of materials designated as "Confidential" and "Highly Confidential" by any defendant shall not apply to the use and distribution of such defendant-designated materials between or among defendants

### Designation as "Confidential" or "Highly Confidential"

5    The designation as "Confidential" or "Highly Confidential" for purposes of this Protective Order shall be made in the following manner by the Producing Party:

a    In the case of Discovery Material, by affixing, legibly, the legend "Confidential" or "Highly Confidential" to each page containing confidential information

b.    In the case of depositions or other pretrial or trial testimony ("Transcripts"), (i) by indicating on the record at the deposition or hearing that the testimony is "Confidential" or "Highly Confidential" and is subject to the provision of this Order; or (ii) by notifying all parties in writing within thirty (30) days of receipt of the Transcript, of the specific pages and lines of the Transcript that should be treated as "Confidential" or "Highly Confidential" thereafter  Each party shall thereafter place a notice on the face of the Transcript,

5

and each copy thereof in its possession, custody or control, identifying portions of the Transcript as "Confidential" or "Highly Confidential," as the case may be

          c.      Materials designated as "Confidential" or "Highly Confidential" may hereinafter be referred to as Confidential Material

          6      To the extent that Confidential Material or information obtained therefrom is used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the Transcript pages dealing with the Confidential Material. The provisions of this Order regarding special handling requirements for Confidential Material shall not apply to documents used or exchanged in the pretrial conference, and, subject to such further provisions as may be made by the Court at the pretrial conference, such special handling requirements shall not apply at the trial of this action.

          7.      The recipient of any Confidential Material that is provided under this Order shall maintain such materials in a secure and safe area to which access is limited, or otherwise use available methods to restrict access, to Qualified Persons only, and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Confidential Material shall not be copied, reproduced, summarized, abstracted or translated, except to the extent that such copying, reproduction, summarization, abstraction or translation is reasonably necessary for the conduct of this litigation. All such copies, reproductions, summaries, abstractions and translations shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

### Challenges to Designations

8    At any time after the receipt of any Discovery Materials or Transcripts designated "Confidential" or "Highly Confidential," counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Producing Party    Said notice shall clearly identify the Discovery Material, Transcript, or portions thereof, that the challenging party claims should not be afforded confidential treatment, or afforded a lesser degree of confidential designation, and the reasons supporting the challenging party's claim. After such notice is made, the parties shall confer and in good faith attempt to resolve their differences.    If the parties are unable to agree as to whether the confidential designation is appropriate, counsel for the Receiving Party must move the Court for appropriate relief with reasonable notice to opposing counsel    All Discovery Materials and Transcripts that a party designates as "Confidential" or "Highly Confidential" shall be accorded such status pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a determination is made by the Court as to confidential status.

### Filing Under Seal

9    All documents of any nature, including briefs, containing or describing Confidential Material, which are filed with the Court, shall be filed in a sealed envelope or box, bearing the conspicuous notation "DOCUMENTS UNDER SEAL -- SUBJECT TO PROTECTIVE ORDER," consistent with the requirements of Local Rule LCvR 5.1(j). Additionally, there shall be, attached to the envelope or box containing the Confidential Material filed under seal, a cover sheet including the caption of the case, the case number, and a reference to the date of this Protective Order.    Filings of sealed materials must be made at the Clerk's Office during regular business hours.    Any documents filed under seal as provided in this

paragraph shall be disclosed by the clerk only to counsel of record without further order of the Court. This does not limit other access to such documents as otherwise provided in this Order.

### Inadvertent Production and Disclosure

10    A Producing Party that inadvertently produces Discovery Material without designation as "Confidential" or "Highly Confidential" may retroactively designate the Discovery Material as "Confidential" or "Highly Confidential" by notifying the Receiving Party. Notification shall be in writing to the Receiving Party, identifying the Discovery Material by Bates-number(s) and date of production and by sending replacement documents with the appropriate designation to a Receiving Party. Notification shall be provided reasonably promptly after the Producing Party first realizes that the Discovery Material was produced without (or with incorrect) designation. The Discovery Material designated through the notification procedure set forth immediately above shall be deemed "Confidential" or "Highly Confidential" retroactively from the date of production. If, in the interim between production and notification, the subject materials have been provided to persons other than Qualified Persons, the Receiving Party shall reasonably promptly notify the Producing Party as to which materials have been disclosed, and comply with the provisions for inadvertent disclosure as set forth in Paragraph 13, below. In the event the subject materials have been filed with the Court in between the time of the initial disclosure and the subsequent notification, it shall be incumbent upon the party seeking the Confidential Disclosure protection to take such action as may be necessary to secure the documents after such filing, and the filing party shall cooperate in rectifying the situation.

11    A party's inadvertent production of Discovery Material in this action for another party's inspection or copying shall not in itself be deemed to waive any claim of attorney-client communication privilege or attorney work-product protection that might exist

with respect to such Discovery Material or other documents or communications, written or oral, including, without limitation, other communications referred to in the Discovery Materials produced. Furthermore, a party's production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of attorney-client communication privilege or attorney work-product has been made

12.    In the event of inadvertent disclosure of Confidential Materials to a person that is not a Qualified Person, the party that inadvertently discloses such information, or that is in a position to prevent, address or otherwise remedy the inadvertent disclosure, shall promptly take all practical steps to retrieve the Confidential Material and prevent its further disclosure. The party that inadvertently disclosed such information shall also promptly notify the party that designated the Confidential Materials of the inadvertent disclosure and the steps being taken to rectify the disclosure.

**Return of Confidential Material After Termination**

13.    After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the Parties and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this litigation.

14.    Within ninety (90) days after the later of (i) entry of final judgment in or settlement of this proceeding and (ii) the time for any and all appeals has expired, the Plaintiff

and her counsel shall return to Defendants or their counsel all Confidential Material provided by

Defendants and all copies thereof, at the expense of Defendants, and the Defendants and their

counsel shall return to Plaintiff or her counsel all Confidential Material provided by Plaintiff and

all copies thereof, at the expense of Plaintiff  Alternatively, the parties and their respective

counsel may agree in writing on appropriate alternative methods for the destruction of such

documents  Counsel for each party may retain one archival copy of all discovery responses;

deposition exhibits; exhibits used in proceedings before the Court; documents included in

submissions to the Court; and Confidential Material to the extent it is included in such papers or

reflected in that counsel of record's work product

### General Advice And Disclosure By Counsel

15.    This Protective Order shall not bar any attorney for the parties from

rendering advice to his or her client with respect to this action.

### Duty to Comply With Protective Order

16.    Any party designating any person as a Qualified Person shall have the

duty to reasonably ensure that such person observes the terms of this Protective Order.

17.    The parties agree to work among themselves to resolve any problems with

the operation or implementation of this Protective Order and to negotiate in good faith any

amendment or modification proposed by any party and may, by stipulation, provide for

exceptions to this Order  Should good faith efforts fail to resolve a perceived problem in the

estimation of any party, such party may seek an order of this Court modifying this Protective

Order.

18.    Should any of the parties to this litigation have to resort to legal action in

order to rectify alleged disclosures of Confidential Material to other than Qualified Individuals as

set forth in this Order after notice and good faith cooperation in attempting to correct any

inadvertent disclosures, then the prevailing party in such action shall be entitled to an award of

all reasonable costs incurred, including attorneys' fees.


Dated this ___ day of December, 2005

                                                     _____

                                                     HON. JOHN GARRETT PENN
                                                     United States District Judge

AGREED TO AS TO FORM AND CONTENT:


*Counsel for Plaintiff*                             *Counsel for Defendant Christian Nadal*
*Catherine L. Gaujacq*

CHARLSON BREDEHOFT &            STEPTOE & JOHNSON LLP
COHEN, P.C.


_____/s/_____                         _____/s/_____
Elaine Charlson Bredehoft                  Ronald S. Cooper
D.C. Bar No. 441425                       D.C. Bar No. 149799
Kathleen Z. Quill                         David A. Clark
D.C. Bar No. 489079                       D.C. Bar No. 473279
11260 Roger Bacon Drive, Suite 201     1330 Connecticut Avenue, NW
Reston, Virginia 20190                 Washington, DC 20036
(703) 318-6800                         (202) 429-3000


*Counsel for Defendants Electricite*
*de France S.A. and Electricite*
*de France International North America, Inc.*

HOGUET NEWMAN & REGAL, LLP


_____/s/_____
Laura B. Hoguet
D.C. Bar No. 200915
10 East 40th Street
New York, New York 10016
(212) 689-8808

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 1:05CV0969 |
| | ) |
| ELECTRICITE DE FRANCE | ) |
| INTERNATIONAL NORTH AMERICA, INC., | ) |
| | ) |
| ELECTRICITE DE FRANCE, S.A., | ) |
| | ) |
| and | ) |
| | ) |
| CHRISTIAN NADAL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

I hereby certify that I have read the Protective Order entered in the United States District Court for the District of Columbia on December ___, 2005, in the above action. I understand the terms thereof and agree, under threat of penalty of contempt, to be bound by such terms, and consent to the jurisdiction of the United States District Court for the District of Columbia for all purposes relating to the enforcement of the Order.

As soon as practical, but no later than sixty (60) days after final adjudication of this case, I shall return to counsel of record who provided me with such material all materials designated as "Confidential" or "Highly Confidential" under this Order, including, but not limited to, my notes, summaries, or other written materials which I may have prepared based on the "Confidential" or "Highly Confidential" material that was provided to me.

Dated:_____

_____
Signature

_____
Print Name

_____
Residence Address

_____
Business Address

_____
Employer and Title/Job Description

12

# EXHIBIT 5

## Documents Filed Separately Under Seal