# EXHIBIT 1

# CHARLSON BREDEHOFT & COHEN, P C
### ATTORNEYS AND COUNSELORS AT LAW

CURTIS L. CHARLSON (REL.)*
ELAINE CHARLSON BREDEHOFT◊
PETER C. COHEN◊
KATHLEEN Z QUILL●◊
JENNIFER A HARPER

• ADMITTED ONLY IN MINNESOTA
◊ ALSO ADMITTED IN D.C.
● ALSO ADMITTED IN MASSACHUSETTS

December 21, 2005

**BY EMAIL**
Dorothea W Regal, Esq
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

>       *Re:*      *Gaujacq v. Electricite de France International North America, et al.*
>                *Civil Action No  1:05CV0969*

Dear Dorothea:

    I thank you for your discovery responses, your most recent letter and your email  Although my earlier email already addressed the issues in your letter, there appears to be quite a communication problem such that I was of the impression that we were two ships passing in the night  Again, after thinking things through carefully, rather than responding rapidly with something that would be less than satisfactory to all of us, I am endeavoring to address all of the issues

    As you may recall from our earlier discussions, including my granting you an extension on your responses until January 3, 2006, I will be out of the office from December 22 through January 2  I have worked very hard to get all of this out to you prior to my departing, as you indicated you would be working during this period, so that you can spend the time working through these issues  I also think it would be helpful to have my concerns prior to providing your next set of discovery, so that you can comply with the Fed R  Civ  P  34(d) in that second set, as well as revise the earlier discovery responses, so that I may have those at the same time

    I paid careful attention to your letter respecting your perceived deficiencies in my client's discovery responses, as well as your email requesting specific numbering on the documents produced (which we obviously were unable to do on the disk at that time)  I hope that you will do the same  You will be receiving supplemental responses to the Interrogatories, which I believe address your issues  We will submit the signature page for the Supplemental responses after the holidays, when Ms  Gaujacq becomes available

Dorothea W Regal, Esq
December 21, 2005
Page 2 of 5

again  In the event you have any additional questions or issues, I will be happy to
address them in a global conference call during the week of January 3  I am hopeful we
can schedule that at a mutually convenient time to clear up any remaining issues, such
that if motions are required, we can file them simultaneously to minimize the burdens and
judicial resources of the Court and ensure that motions are not being filed while opposing
counsel are out of town

With respect to the depositions, I respectfully request that you go back and read
the prior emails on this issue  While I was willing to discuss the possibility of EACH of
the parties submitting to two days of deposition, I was not interested in the "give" with
"no take "  Once it became clear that you were looking for a completely one-sided deal
(all give on my part, all take on yours), I believed it was in everyone's best interest to rely
on the Rules and address any potential or hypothetical issue at a later date  Therefore,
Ms  Gaujacq will be produced on January 20, 2006 for 7 hours, and you should plan
accordingly  I am sending you Notices of Deposition for Mr  Nadal, and each of the
Corporate Designees today, setting them for specific dates shortly after the deposition of
Ms  Gaujacq  While our recollections differ on the representations and discussions of the
parties on timing of the depositions, it is not really a good use of our clients' money to
continue the word or memory battle  I am willing to work with you on arranging these
dates within a few days of the Notices, but since you have more than a month to plan,
they should appear when noticed and that will end the dispute and my perceptions of
delay tactics  I expect to be able to take each of the depositions for up to 7 hours, and if I
need more time because of the circumstances that arise, I will discuss this with counsel,
and if I am unable to resolve it, I will seek permission from the Court to extend them.  I
expect you to do the same with respect to Ms  Gaujacq

With respect to the Requests for Production of Documents, I noted that you have
not complied with Fed  R  Civ  P  34(d) in that you have not identified which documents
are responsive to which requests  While we did not do that as well as possible in our first
set and instead provided disks for your convenience and faster review, we again listened
to your concern, and have numbered the documents and fully complied with Fed  R  Civ
P  34 (d)  I ask that you supplement with these specific responses, and take care to
comply in your responses being provided on January 3, 2006

With respect to the specific Interrogatories, I have the following concerns that I
would appreciate your addressing and supplementing over the next two weeks:

In several of the Interrogatory responses, EDFINA quotes the language of Rule
33(d) claiming that the burden is substantially the same for Ms. Gaujacq as for EDFINA
to obtain the answer from the documents. However, it is incumbent upon EDFINA to
identify the specific documents that provide all of the information, such that Ms  Gaujacq
would be able to review specific documents and ascertain the information  This has not
been done  Each Interrogatory response in which EDFINA relies upon this response
needs to have the specific documents identified that provide the information  The

Dorothea W Regal, Esq
December 21, 2005
Page 3 of 5

Interrogatories in which this response is given are: Nos 2, 3, 4, 6, 8-12, and 14-20    I also request that you examine further whether in fact the burden is equivalent    It appears that it is not    This is particularly so given that many of the documents produced are in French

**EDFINA's Response to 1st Interrogatories:**

I have the following additional, specific comments with respect to the Interrogatories:

Int #2:  Specific knowledge of witnesses not detailed
Int #3:  Doesn't provide dates or specifics that Plaintiff was allegedly delinquent in providing information to NuStart
Int #4:  States EDFINA is unaware of favorable attestations to Plaintiff's work performance, which is highly unlikely and we believe does not reflect true diligence in responding to this Interrogatory
Int #5:  Unresponsive; the Interrogatory asks for complaints made against any other member of EDFINA's management, not just Nadal
Int #6:  Does not include communications with Plaintiff, efforts by the Company to improve Plaintiff's performance, or specific damage suffered as a result    Fails to provide specific details regarding Plaintiff's alleged failure to "develop and apply sound financial and management procedures" and Plaintiff's alleged "poor personnel administration"    Also fails to provide specific details supporting the contention that "EDFINA has discovered material errors in official EDFINA filings that Gaujacq made or permitted to be made during the time she served as President of EDFINA "
Int #7 - EDFINA provides no details as to the policies, practice or procedures (cannot contend has no knowledge)
Int #8 - EDFINA provides no specific information, including the identity
Int # 9 – If EDFINA is unaware of any, it needs to so state; unresponsive
Int # 10 – Wholly unresponsive - states that only EDF knows – unlikely EDFINA has no knowledge    Even if EDF was the primary or sole decision maker, EDFINA would still be aware of the reasoning and/or facts surrounding the decision
Int #11:  Wholly unresponsive to the Interrogatory.  Even if EDF was the primary or sole decision maker, EDFINA would still be aware of the reasoning and/or facts surrounding the decision
Int #12:  Is not responsive in that the Interrogatory asks to compare/contrast the duties of Gaujacq and Nadal, whereas this response simply lists the duties of each (without stating how the duties are the same and different)
Int #13:  Wholly unresponsive to the Interrogatory    Even if EDF was the primary or sole decision maker, EDFINA would still be aware of the reasoning and/or facts surrounding the decision
Int #14:  Does not describe why and does not list other individuals whom Nadal had removed from the list

Dorothea W Regal, Esq
December 21, 2005
Page 4 of 5

Int #16: Not responsive and does not indicate why audit was conducted in US offices

Int #17: Wholly unresponsive to the Interrogatory  Even if EDF was the primary or sole decision maker, EDFINA would still be aware of the reasoning and/or facts surrounding the decision

Int #18: Wholly unresponsive to the Interrogatory  Even if EDF was the primary or sole decision maker, EDFINA would still be aware of the reasoning and/or facts surrounding the decision

Int #19: Does not list other individuals who were given less than three months notice

Int #20: Unresponsive; EDFINA would have had to make representation one way or the other

Int #21: Does not provide the detailed facts supporting each denial

In addition, I am assuming, because of EDFINA's statements, that EDF will be fully responding to the following Interrogatories: 3, 4, 8, 10, 11, 13, 17, 18, 19, and 20

**EDFINA's Response to 1st RFP:**

I have the following additional, specific comments with respect to the Request for Production of Documents:

Again, no documents are identified in the actual Response, so it is difficult to ascertain what has truly been provided in response to each Request  We have done our best to parse through them, but reserve the right after you have supplemented in compliance with the Rules to provide further concerns:

It appears EDFINA is avoiding production of some documents by arguing that some documents are not in their control; they are in EDF's possession  We expect this to be resolved by EDF producing them on or before January 3, 2006  We would appreciate your ensuring these are produced

EDFINA has refused to provide documents in response to the following requests: Nos 23 (performance evaluations for similar employees), 24 (personnel file of Nadal -- this in spite of identifying this in EDFINA's Initial Disclosures), 26 (identity and level of participation of decision makers); 43 (names and addresses of employees), 44 (all complaints), 45 (EEO-1), 46 (comparative evidence), 52 (complaints), 54 (formal complaints), and 55 (monitoring program) on the grounds (among others) that this is not a pattern or practice claim or that it's an unwarranted invasion of privacy of other employees (these all request, either directly or indirectly, info on other employees)  As you know, these are not legitimate bases for objection, and the conduct of the company with respect to similar others is not only relevant, but also admissible. The United States Supreme Court has spoken to this, as has the District of Columbia Courts; 70 (docs gather in prep of defense, which may be discoverable and subject to a blanket objection) and 72

Dorothea W Regal, Esq
December 21, 2005
Page 5 of 5

(request for admissions – not legitimate basis for objection)    I ask you to review these objections carefully, and if you believe you have case law to support your objections, I would appreciate receiving the citations, as I am unaware of such law

    In addition, EDFINA references no documents supporting any claim

    I am hopeful that upon receiving and reviewing Ms Gaujacq's supplemental responses, and seeing that she has engaged in a serious effort to remove discovery disputes from this litigation, that you will consider the same   The Rules, this Court, and the case law, all support liberal discovery    We should truly not cause our clients to spend significant sums of money on meaningless and unnecessary discovery disputes Let's get this case litigated and to trial, where they can have their day in Court, and air their disputes in a constructive manner, consistent with our judicial system and the Constitution

    I look forward to receiving full responses to all the discovery upon my return to the office on January 3, 2006   In the meantime, I wish you and your family a happy holiday and Happy New Year

                     Very truly yours,

                     Elaine Charlson Bredehoft

cc:    Ms Catherine Gaujacq

# EXHIBIT 2

# HOGUET NEWMAN & REGAL, LLP

ATTORNEYS AT LAW
10 EAST 40th STREET
NEW YORK, NEW YORK 10016

TEL  (212) 689-8808
FAX  (212) 689-5101
www.hnrlaw.com
hnr@hnrlaw.com

LAURA B HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOSHUA D. RIEVMAN
EDWARD P. BOYLE
SHERYL B. GALLER
IRA J LIPTON

SARAH K. BARICKMAN
KATHLEEN L. LOWDEN
RANDI B MAY

EDNA R. SUSSMAN,
OF COUNSEL

January 7, 2006

**By E-Mail**
Elaine Charlson Bredehoft, Esq.
Charlson Bredehoft & Cohen, P C.
11260 Roger Bacon Drive
Suite 201
Reston, VA 20190

Re:  Gaujacq v. EDFINA et al.

Dear Elaine:

I write in response to your letter of December 21, 2005. The objections you state regarding the discovery responses of defendant Electricité de France International North America, Inc. ("EDFINA") to plaintiff's discovery demands served October 28, 2005, are unfounded. I have reviewed EDFINA's responses and stand on the objections and answers made therein.

Your objection to the fact that EDFINA did not respond for its parent company, co-defendant Electricité de France, S.A. ("EDF"), is baseless. They are two separate companies. EDF (the French parent) was Ms. Gaujacq's employer and the one that made the decisions concerning her employment. The subsidiary cannot respond for the parent, as I advised you when you served the discovery demands. You did not ask for EDF responses.

You chose to omit EDF from your discovery demands, addressing them solely to EDFINA. I wrote you upon receipt of the discovery demands, by letter of November 4, 2005, alerting you to this omission and advising you that EDFINA could not and would not respond on behalf of its parent, EDF. I suggested that, if the omission was inadvertent, you amend the discovery demands to add EDF, and I requested that you let me know promptly what you intended to do. The scope of the response, as well as our effort as counsel in responding to the demands, was impacted profoundly by who the respondent would be. Yet you failed to respond

to that letter altogether. Three weeks later, as the response deadline approached, I inquired again by e-mail dated November 18, 2005. Your response in your e-mail of November 18, 2005 was: "I intentionally did not include EDF in the first set." The consequence of that choice is that you did not get EDF responses to those demands.

EDFINA's responses fully and fairly responded to all requests within the scope of EDFINA's competence and knowledge.

Plaintiff's subsequent discovery demands addressed to EDF were served November 21 and 22, 2005 (and received November 28, 2005). They were all but identical to, and entirely duplicative of, plaintiff's previous demands to EDFINA. There was no legitimate reason for you not to address EDF and EDFINA in the same set of discovery demands in the first instance and thereby avoid the unnecessary time and expense of defense counsel's preparing unnecessary and duplicative responses to extremely excessive demands. EDF and EDFINA have responded as follows to the following demands:

| | | |
|---|---|---|
| Requests to Admit to EDFINA | (253 requests) | EDFINA response 12/12/05 |
| Requests to Admit to EDF | (253 requests) | EDF response 1/3/06 |
| Interrogatories to EDFINA | (21 requests) | EDFINA response 12/12/05 |
| Interrogatories to EDF | (19 requests) | EDF response 1/3/06 |
| First Document Request to EDFINA | (72 requests) | EDFINA response 12/12/05 |
| First Document Request to EDF | (72 requests) | EDF response 1/3/06 |
| Second Document Request to EDFINA | (19 requests) | EDFINA response 1/3/06 |
| Second Document Request to EDF | (19 requests) | EDF response 1/3/06 |

Your objection that EDFINA did not list or label by category which documents were produced in response to which specific requests is also baseless. Rule 34(b) of the Federal Rules of Civil Procedure permits the respondent to choose to produce documents as they are kept in the usual course of business, and that is what was done in this case. The documents produced by EDFINA in response to plaintiff's demands were produced as they were kept in the usual course of EDFINA's business.

Similarly, Rule 33(d) of the Federal Rules of Civil Procedure explicitly permits EDFINA in its interrogatory responses to refer to the documents produced pursuant to plaintiff's document demands in lieu of undertaking itself the task of ascertaining the information from the documents. Thus, your objection to EDFINA's references to the produced documents has no basis. The fact that many of the documents are in French is an inescapable fact of this case since your French client brought this action in the United States against her French employer in Paris, its subsidiary in Washington, D.C. and Monsieur Nadal. Nearly all of the communications between the plaintiff and the defendants are naturally in French, as are most of both companies' business records. That fact does not affect the burden of ascertaining the information from the documents produced because plaintiff herself is French.

EDFINA objected to requests seeking information and documents looking for any trace of a "pattern or practice" of discrimination or regarding unnamed other employees because there

is no allegation of any kind in this disparate treatment case, which alleges sexual harassment by the individual defendant Nadal, that would in any way support a "fishing expedition" into personnel matters of individuals not involved in this case. Responses have been provided as to Mr. Nadal.

As to your various comments about specific interrogatory responses, EDFINA has provided good faith responses to the substance of each interrogatory within its competence and its knowledge. As Mr. Cooper pointed out in his letter to you of January 3, 2006, responding to similar objections that you made regarding the discovery responses of defendant Nadal, the Federal Rules of Civil Procedure set a limit of 25 interrogatories, including all discrete subparts, that a party can request and to which the respondent is required to respond. Although plaintiff's interrogatories to EDFINA had 21 numbered interrogatories, nearly every one of those interrogatories contained 2 or more discrete subparts, far exceeding the 25-interrogatory limit. EDFINA was not required to respond to more than 25 discrete interrogatories. While EDFINA could have simply chosen 25 discrete interrogatories to address, EDFINA addressed the essence of each interrogatory and responded fully and fairly with appropriate detail.

Issues regarding the scheduling of depositions referenced in your letter are the subject of defendants' Motion to Compel and for a Protective Order and are fully addressed in defendants' papers in support of that motion.

Very truly yours,

*Dorothea W. Regal*

Dorothea W. Regal

cc: Ronald S. Cooper, Esq

# EXHIBIT 3

| Filters Used: | **E-Mail Report** | Date Printed: **1/10/2006** |
|---|---|---|
| 1 Tagged Record | Form Format | Time Printed: **8:17AM** |
| | | Printed By: **ECB** |

| | | | | | | |
|---|---|---|---|---|---|---|
| Date | 1/05/2006 Time | 8:56PM | 8:56PM | Duration | 0.00 (hours) | Code |
| Subject | RE: Conference Time | | | | | Staff   Elaine Charlson Bredehoft |
| Client | Catherine Gaujacq | | MatterRef Gaujacq, Catherine | | | MatterNo 690 |
| From | Elaine Bredehoft | | | | | |
| To | 'Clark, David' | | | | | |
| CC To | Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com | | | | | |
| BCC To | | | | | | |
| Reminders | | (days before) | Follow  N   Done  N  Notify   N  Hide   N   Trigger  N  Private  N  Status |

| | |
|---|---|
| User1 | User3 |
| User2 | User4 |

May I ask what each of you has (and has had) on your schedule that has prohibited you from discussing these issues with me this week, and particularly tomorrow? Thank you for your thoughtful response. Elaine

-----Original Message-----
From: Clark, David [mailto:dclark@steptoe.com]
Sent: Thursday, January 05, 2006 5:00 PM
To: Elaine Bredehoft
Cc: Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com
Subject: RE: Conference Time


Elaine,

We obviously do not share your views on Defendants' efforts to confer prior to filing our motion. We asked for times on more than one occasion, and you simply ignored those requests.

In contrast, we are available to meet and confer with you. We are available to discuss any issues that you may still have following our recent letter and further discovery responses from all Defendants. Given the overlap among Defendants, we do not believe it would be productive to engage in separate conferences. Late on Monday is also available for all of us if we can begin at 4:30 or 5:00. I could also check for availability next Thursday or Friday if you would like.

Dave
-----Original Message-----
From: Elaine Bredehoft [mailto:ebredehoft@charlsonbredehoft.com]
Sent: Thursday, January 05, 2006 4:20 PM
To: Clark, David
Cc: Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com
Subject: RE: Conference Time


David: Thank you for your response. As you may recall, I asked everyone in my December 20 letter to keep times available this week to discuss these issues. Given that motions have already been filed by defendants without any genuine effort to confer, and I will be filing responses as well as my motions before next Wednesday (and I will be in depositions all day Wednesday in any event), I would appreciate everyone providing me with times this week. Since your email is coming late on Thursday, I guess realistically tomorrow will be the day left to talk. I am happy to hold separate conferences, as I do not believe they need to be joined. I will do my best to accommodate any times that works. Please send me an email as soon as possible with the times

Thank you for your consideration.  Elaine

-----Original Message-----
From: Clark, David [mailto:dclark@steptoe.com]
Sent: Thursday, January 05, 2006 4:10 PM
To: Elaine Bredehoft
Cc: Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com
Subject: Conference Time

Dear Elaine,

Everyone on Defendants' side is available on Wednesday morning up until 11:15  Let us know if this works for you and when you would like to begin.  Thank you.

Dave

-----Original Message-----
From: Elaine Bredehoft [mailto:ebredehoft@charlsonbredehoft.com]
Sent: Wednesday, January 04, 2006 2:13 PM
To: Clark, David
Cc: Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com
Subject: RE: Document numbering question

David:  Happy New Year.  Yes, I believe all of the documents have been bate stamped and sent.

Can you all provide me with some available times to talk about all the outstanding discovery issues in the next few days?

Thank you.  Elaine

-----Original Message-----
From: Clark, David [mailto:dclark@steptoe.com]
Sent: Wednesday, January 04, 2006 2:07 PM
To: Elaine Bredehoft
Cc: Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com
Subject: Document numbering question

Elaine,

Can you confirm that Plaintiff's entire document production as of December 2005 has now been provided to us in paper form (Bates range 1-1266)?  Specifically, we're trying to figure out what happened to the un-numbered documents on the disk you initially sent.  Are they already contained within the 1266 pages you've produced in hard copy?  If not, will you be re-providing those documents in a Bates-numbered form?  Thank you.

Dave

David A. Clark
Steptoe & Johnson LLP

| Filters Used:<br>1 Tagged Record | **E-Mail Report**<br>Form Format | Date Printed: **1/10/2006**<br>Time Printed: **8:11AM**<br>Printed By: **ECB** |
|---|---|---|

| Date | 12/19/2005Time | 7:56AM | 7:56AM | Duration | 0.00 (hours) | Code | |
|---|---|---|---|---|---|---|---|
| Subject | RE: Discovery Issues | | | | | Staff | **Elaine Charlson Bredehoft** |
| Client | Catherine Gaujacq | | | MatterRefGaujacq, Catherine | | | MatterNo 690 |
| From | Elaine Bredehoft | | | | | | |
| To | 'DRegal@hnrlaw.com' | | | | | | |
| CC To | dclark@steptoe.com; Laura Hoguet; rcooper@steptoe.com | | | | | | |
| BCC To | | | | | | | |

Reminders                    (days before)  Follow  N  Done  N  Notify  N  Hide  N  Trigger  N  Private  N  Status

User1                                                      User3
User2                                                      User4

Dorothea: I thank you for your letter. I have given it quite a bit of thought before responding, as I was more than a little alarmed by its content. First, we need to deal with the deposition scheduling. Our agreement was that we would have the primary parties (Ms. Gaujacq, Mr. Nadal, and the corporate designees) first and close together in January. We have been working with you to comply. Your letter indicates to me that you do not intend to honor the agreement, and instead, are trying to use the premature claim that you need more time with Ms. Gaujacq as an excuse to put off Mr. Nadal and the corporate designees' depositions indefinitely. I think we need to get back on track with the scheduling. I will provide Ms. Gaujacq for 7 hours on January 20. I would like to take Mr. Nadal's deposition the following week for up to the limit of 7 hours, and the corporate designees' deposition (assume both entities) either in the same week, or the following week, also within the 7 hours limit. I will send out a 30(b)(6) notice in the next two days, but reserve the right to amend, given that I have not even received your documents yet (we discussed this by telephone and you seemed to understand that issue then, your letter suggests a departure from this conversation). It is irrelevant whether Mr. Nadal is a corporate designee for either of the corporate entities in scheduling his deposition. In the event any of us believe we need additional time with any of these witnesses after having taken the deposition for up to 7 hours, we can discuss it, and if we cannot agree, we can seek relief from the Court.

The assumption clearly indicated in your letter, which was introduced for the first time in your letter, is that you have the right to depose my client as long as you desire, and each of those days will be before Mr. Nadal's deposition is taken. This is not the understanding of the parties, nor is it consistent with the Rules. While I was willing to work with you on a scheduling of two days' apiece, your declared intent to depart from our earlier discussions causes me to back up and insist on compliance with the Rules, to protect my client. I repeat that there is nothing about the allegations in this case that should justify more than 7 hours of deposition of my client. The language issues for some of the potential deponents caused all of us to think that there may be justification, depending upon the circumstances, for more than 7 hours. That event has not yet arisen. We cannot possibly evaluate whether ANY deponent will take more than 7 hours until we have taken the first 7 hours. While it has been my practice to evaluate whether there is a need after the 7 hours, and have on occasion cooperated in the scheduling of additional time, it has been RARE that more than 7 hours is truly needed, if the parties are prepared, organized and efficient. There was a reason the Rules were changed to limit to 7 hours - this may be one of those circumstances contemplated in so doing.

In the event you are not willing to provide dates for Mr. Nadal's and the corporate designees' depositions, all within the two weeks following Ms. Gaujacq's deposition, I intend to seek relief from the Court. I hope you will reconsider what I consider to be purely delay tactics and render my filing motions with the Court unnecessary.

With respect to your letter respecting concerns about the discovery, I have similar concerns on your clients' discovery responses, but believe it is a waste of everyone's time to raise the issues prior to receiving the documents, which we will all receive today. My client will, however, be supplementing both the interrogatories and document responses shortly, which should allay your issues. If not, we can certainly talk further and we can address your clients' issues as well. As soon as I have gone through your clients' documents (and after sending you the 30(b)(6) notices which you are demanding immediately), I will address with you those deficiencies, and we can arrive at a mutually convenient time to cover all our issues. In any event, I am not available at your proposed time today, but again, I do not feel the request

| Filters Used:<br>1 Tagged Record | # E-Mail Report<br>Form Format | Date Printed: **1/10/2006**<br>Time Printed: **8:11AM**<br>Printed By: **ECB** |

was made in good faith, given the documents have not been exchanged, and given the fact that my client will be supplementing shortly.

Please get back to me quickly with the available dates of Mr. Nadal and the corporate designees, so that we may resolve that issue or seek immediate relief from the Court. Elaine

-----Original Message-----
From: DRegal@hnrlaw.com [mailto:DRegal@hnrlaw.com]
Sent: Thursday, December 15, 2005 3:43 PM
To: Elaine Bredehoft
Cc: dclark@steptoe.com; Laura Hoguet; rcooper@steptoe.com
Subject: Discovery Issues


Elaine:
Please see the letter attached below, which has also been sent to you by fax today.

Dorothea W. Regal
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

Tel  (212) 689-8808
Fax (212) 689-5101
dregal@hnrlaw.com

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV0969 (JGP) |
| | ) | |
| ELECTRICITE DE FRANCE | ) | |
| INTERNATIONAL NORTH AMERICA, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC. ("EDFINA")**

Plaintiff Catherine Gaujacq, by counsel, requests that defendant Electricite de France

International North America, Inc., produce, pursuant to Fed. R. Civ. P. 34, the following

documents, and serve defendant's response upon plaintiff's counsel at Charlson Bredehoft &

Cohen, P.C., 11260 Roger Bacon Drive, Suite 201, Reston, Virginia 20190, within the time

provided by law.

DEFINITIONS AND INSTRUCTIONS

In responding to these Requests, the following definitions and instructions shall apply:

1.      "Ms. Gaujacq" or "Gaujacq" refers to plaintiff Catherine Gaujacq. "You," "your"

or "EDFINA" refers to defendant Electricite de France International North America, Inc. EDFINA,

Inc., its agents, officers, and employees, and their subsidiaries, affiliates, and associated

corporations, partnerships, and entities. "EDF" refers to defendant Electricite de France ("EDF").

"the Company" refers collectively to EDF and EDFINA. "Nadal" or "Mr. Nadal" refers to

defendant Christian Nadal. "Defendants" refers collectively to all three defendants.

2.    "This action" refers to this civil action now pending in the United States District Court for the District of Columbia.

3.    The term "document" is used in the broadest possible sense, and includes (but is not limited to) any written, printed, typed, photocopied, photographed, recorded (including but not limited to magnetic, mechanical, or electronic recordings) or otherwise reproduced communication or representation. This definition includes (but is not limited to) correspondence, memoranda, wires, cables, studies, maps, analyses, diagrams, electronic mail, scraps of paper, notes, loan documentation, applications, drawings, charts, graphs, plans, plats, photographs, video tapes, audio tapes, computer disks, hard drives, contracts, agreements, working papers, drafts, reports of investigations or inspections of any kind, opinions of consultants or experts, diaries, minutes, calendars, other reports, vouchers, invoices, journals, bills, orders, time slips or records, books, computations, field notes, logs, financial records or statements, or work papers, checks, receipts, bank statements and the like. Data compilations from which information may be translated into usable form (e.g., computer memory) are also included. The definition includes, as a separate document, each duplicate or reproduction or copy of a document that contains any non-conforming note, marking, material or attachment. If it is maintained that any document requested to be identified has been destroyed or is otherwise no longer within your possession or control, identify the document and state the date, place, and manner of its destruction or removal from your control, and identify the person who authorized or ordered such destruction or removal.

4.    "Person" includes individuals, agencies, government entities, corporations, partnerships, unincorporated associations, and other business entities, and specifically includes the plaintiff and defendant in this action, and includes any predecessors or successors in interest.

2

5.    The terms "identity," or "identify," or "describe," or "detail," when used in connection with a document mean to describe the document fully, including the character of the document, its title (if any), date, author(s), addressee(s), recipient(s), number of pages, the location and custodian of each copy to the extent known, the substance of the contents thereof, and any other identifying number of information. The terms "identity," or "identify," or "describe," or "detail" when used in connection with an event or condition mean to indicate, as completely and fully as possible, all facts comprising or contributing to the event or condition. The terms "identity," or "identify," or "describe," or "detail" when used in connection with a person mean:

a.    where the person is an individual, to state the person's full name, home and business addresses and telephone numbers, and business or other affiliation (including title), and

b.    where the person is not an individual, to state the full name of the entity, the nature of the entity, address and telephone number of the entity, and such additional identifying information as may be necessary to enable the "person" to be contacted. When identifying a "person," information should in all cases be adequate to permit service of process or notice of a deposition upon such person.

6.    The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference and meaning (without limitation) relating to, regarding, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

3

7.    Use of the singular tense shall be deemed to include the plural and vice versa. Use of either the masculine or feminine pronoun shall be deemed to include both genders. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to permit the inclusion of materials or information otherwise excluded.

8.    In responding to these Requests, please furnish all information available to you or within your control, including any information in the possession of agents, attorneys, contractors, subcontractors, former employees, officers, members, or any other person acting on your behalf.

9.    Each Request shall be deemed continuing so as to require supplemental answers in accordance with the Rule 26(e) of the Federal Rules of Civil Procedure.

10.   In responding to each Request, please identify all contributing sources of information, including the identity of any person consulted or document used in connection with answering such interrogatory and the extent of any person's assistance.

11.   If a privilege or privileges are asserted as to any information requested by these Requests, or if any Request is otherwise not fully answered, please respond to the extent the Request is not objected to, and state the specific grounds for not fully answering, the legal basis for not fully answering (specifying any privilege asserted), and the facts allegedly giving rise to any claim of privilege. Identify any information, document, or other material for which any privilege is asserted, and identify the date and author or generator as well as all persons shown as having been, or otherwise known to you as having been, recipients of such information, document, or other material. If you contend that you have attempted to procure the waiver of the privilege, please also identify fully the persons with whom you communicated and the stated reason for refusal to waive the privilege.

12.    Where there is no time limit specified, the Requests encompass documents in existence and/or events occurring during the time period from August 1, 2000 through the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### *Documents Identified in Interrogatories and Initial Disclosures*

1.    Please produce all documents you were requested to identify in plaintiff's first set of interrogatories to you in this action, that you relied on in answering any of the interrogatories, or that reflect or otherwise support your response to any interrogatory

2.    Please produce all documents you identified in your Initial Disclosures.

3.    Please produce each insurance policy referenced in your response to interrogatories of Plaintiff's First Set of Interrogatories to you, and any policy otherwise covering the Company.

### *Plaintiff's Performance/Adverse Employment Actions*

4.    Please produce all documents which discuss, refer, identify, constitute, or support any evaluation (formal or informal) of Ms. Gaujacq at any time during her employment with the Company.

5.    Please produce all personnel files pertaining to Ms. Gaujacq including, but not limited to, her personnel file, central personnel file, cluster personnel file, local office or division personnel file, hiring file, disciplinary file, termination file, other informal files kept by the Company or any supervisor or manager therein, and copies of any documents maintained in any file referencing Ms. Gaujacq with respect to her health, leave status, performance, compensation, or any complaints made by or concerning Ms. Gaujacq.

6.    Please produce all documents which constitute, identify, or refer to any written or oral reprimand, warning, or caution, or any compliment, award, or commendation, given to or concerning Ms. Gaujacq.

7.    Please produce all documents which constitute, identify, or refer to any opportunities, positions, intentions to promote, career plans, or other considerations being given to the future employment of Ms. Gaujacq with the Company from August 2000 forward

8     Please produce copies of all correspondence between Ms. Gaujacq and the Company, or concerning Ms. Gaujacq by or to any employee of the Company, or concerning Ms. Gaujacq by or to any outside person.

9.    Please produce copies of all documents prepared by, or at the direction of, any employee of the Company respecting Ms. Gaujacq

10    Please produces copies of all documents that constitute, refer or relate to any complaints regarding Ms. Gaujacq or her performance, including, but not limited to, any complaints by the SEPTEN group in charge of nuclear reactor designs in Lyon (France) within the France Energy Branch had complained on June 20, 2004 about a lack of information from Ms. Gaujacq.

11.    Please produce all documents supporting any contention by the Company that Ms. Gaujacq's performance was unsatisfactory.

12.    Please produce all documents reflecting the employment relationship between the Company and Ms. Gaujacq (in other words, any contracts, policies or documents governing their employment relationship).

13.    Please produce all documents reflecting the potential future employment relationship between the Company and Ms. Gaujacq (such as the proposed expatriation contract and mission, and documents related to any positions offered to Ms. Gaujacq for her return to France). This request include all documents that constitute, refer or relate to any representations made to Ms. Gaujacq regarding her continued employment by EDF or EDFINA in the United States.

14.    Please produce all documents which constitute, refer or relate to any notes taken by any person or by any supervisory employee of the Company, reflecting any evaluation, formal or informal, of Ms. Gaujacq.

15    Please produce all documents supporting any contention by the Company that because of any fact discovered by the Company since the departure of Ms. Gaujacq, that Ms. Gaujacq would not have been hired or would have been fired (after-acquired evidence).

16.    Please produce copies of any notes taken by any person at any meetings between or among Ms. Gaujacq and any managerial employee or representative of the Company, or any meeting between any persons at which Ms. Gaujacq was discussed.

17.    Please produce all email communications from Ms. Gaujacq to any other person or to Ms. Gaujacq from any other person.

18.    Please produce all email communications between or among any the Company managers, supervisors, or employees relating in any manner to Ms. Gaujacq.

19    Please produce all versions (whether drafts, with handwritten notations, etc.) of any communication written by any employee(s) of the Company containing any allegations relating to Ms. Gaujacq.

20.    Please produce all documents from or to any outside person or entity relating in any manner to Ms. Gaujacq.

### *Comparisons to Plaintiff*

21    Please produce any and all job descriptions for each position held by Ms. Gaujacq

22.    Please produce all documents reflecting any comparison, whether favorable or unfavorable, made by the Company between Ms. Gaujacq and any other employee (past or present) of the Company, including, in particular, Mr. Nadal.

23.    Please produce performance evaluations for all persons the Company contends are comparable or superior to Ms. Gaujacq in experience, education and qualifications

24.    Please produce the personnel file of Mr. Nadal, and any files maintained by the Company that reference Mr. Nadal, his compensation, benefits, performance, evaluations (formal or informal), qualifications and background.

25.    Please produce all documents relating to the reassignment out of country of Jean Luc Foret, specifically including when notice was given, the terms of his transition, and when the new assignment began.

### *Conduct of Superior/Decision Maker*

26.    Please produce all documents reflecting the identity of and level of participation by any decision makers in the acts taken against Plaintiff which are the subject manner of this action.

27.    Please produce all documents that constitute, refer or relate to the decision to have the EDF auditors to come to the United States offices of EDFINA for the purpose of undertaking a special audit of EDFINA operations and finances during the period Ms. Gaujacq had served as EDFINA's President.

28.    Please produce all documents that constitute, refer or relate to the decision to appoint Mr. Nadal to replace Ms. Gaujacq as President of EDFINA in the United States

29    Please produce all documents that constitute, refer or relate to the decision to pay Mr. Nadal a significantly higher salary as President of EDFINA than that paid to Ms. Gaujacq when she held the same position.

30.    Please produce all documents that constitute, refer or relate to the decision to remove Ms. Gaujacq from the list of authorized officers of EDFINA with signature authority on the corporate bank accounts.

31.    Please produce all documents that constitute, refer or relate to the decision to revoke Ms. Gaujacq powers as vice president of EDFINA, including but not limited to revoking the authority to enter into contracts with third parties; the authority to make any representation and/or warranties on behalf of EDFINA; and, the authority to incur any expenses of behalf of EDFINA.

32    Please produce all documents that constitute, refer or relate to the decision to change the locks on the company book closet where the corporate books were kept.

33.    Please produce all documents that constitute, refer or relate to the decision to deny Mike Slavitt access to the company's books

34.    Please produce all documents that constitute, refer or relate to the decision to terminate Mike Slavitt and the reasons for the termination

35.    Please produce all documents that constitute, refer or relate to the instruction of Mr. Nadal for Ms. Gaujacq to bring all files, documents and any electronic email or other data she had at home or on her laptop relating to the multi-national nuclear power joint venture and a key, strategic initiative of EDFINA and EDF (the "Project") to his office.

36.    Please produce all documents that constitute, refer or relate to the decision to removed Ms. Gaujacq from her position on the Project with EDFINA in the United States.

37.    Please produce all documents that constitute, refer or relate to the decision to directed Ms. Gaujacq to return to France immediately, without an assigned position;

38.    Please produce all documents that constitute, refer or relate to the Company's decision to refuse to sign Ms. Gaujacq's expatriation contract as earlier promised.

39.    Please produce all documents that constitute, refer or relate to the decision to give Ms. Gaujacq only four days' notice that her mission in the United States would end on August 1, 2004.

40.    Please produce all documents that constitute, refer or relate to the Company's decision not to propose a position for Ms. Gaujacq in the EDF Energy Branch in France until November 1, 2004.

### *Corporate Structure/Data*

41.    Please produce documents sufficient to show (for example the 940 or 941 forms) the number of full-time current employees at the Company, and the number of full-time employees at the Company from 2000 through the present.

42.    Please produce all documents representing the chain of command in each department at the Company including, but not limited to, the supervisor of the department, staff members, etc., throughout the time of Ms. Gaujacq's employment.

43. Please produce a document or documents reflecting the names, addresses and positions held by each employee of the Company during the period 2000 through the present.

### *Statistical Comparisons*

44. Please produce copies of all documents reflecting each complaint any employee has made against any employee of the Company in the position of manager or above (including supervisors and officers) or against the Company itself, with respect to gender discrimination or retaliation, whether written or oral, internally to any the Company managerial or supervisory employee, or with any outside administrative agency, from 1995 to the present. With respect to each complaint, please provide all documents relating to each investigation and action taken by the Company, and the final result of each such complaint and how it impacted the employees making the complaint or the employees who were the subject of the complaint.

45. Please produce all EEO-1 documents submitted to the EEOC or any other agency for the past five years.

46. Please produce documents sufficient to reflect comparative evidence between treatment of female and non-female employees of the Company. This request anticipates all documents supporting or reflecting any specific argument by the Company that the Company does not discriminate on the basis of gender and in the denial of allegations in the Complaint.

11

## *Policies, Procedures and Education*

47    Please produce all policies in effect at any time between 2000 and the present with respect to the procedures, including terms of giving notice and terms of transition, to employees being reassigned out of country

48.    Please produce copies of any the Company policies, practices, or procedures respecting gender discrimination or retaliation for complaints of discrimination in effect as of 1996

49    Please produce all documents reflecting the policies, practices and procedures established for any and all employees of the Company who complained of discrimination or retaliation since 1996, and, if different, produce all documents identifying the actual practices used at the Company for filing and investigating such complaints.

50.    Please produce documents sufficient to reflect all educational materials and/or seminars provided to any and each employee of Defendant since 1996 regarding gender discrimination or retaliation for complaining of discrimination. (The documents should reflect which employees received what and the specific underlying materials provided.)

51    Please produce copies of any employee handbook disseminated by the Company or otherwise in effect since 1996.

## *Farragher-Ellerth Defenses/Pattern and Procedure*

52.    Please produce documents relating to all complaints made by any employee of the Company respecting gender discrimination or retaliation because of complaining of discrimination, any investigation, the results of any such investigation, any action taken, any

follow-up by the Company relating to the complaining employee or the subject of the complaint, and the current employment status (including position held) of the complaining employee and the subject of the complaint.

53.     To the extent not included in the response above, please produce all documents relating to all complaints made by Ms. Gaujacq (whether oral or written, formal or informal) respecting gender discrimination, unfair, harsh or abusive treatment, or retaliation because of complaining of discrimination, including all documents relating to any investigation, the results of any such investigation, any action taken, any follow-up by the Company relating to Ms. Gaujacq's complaints, and the subject of the complaint. This Request specifically includes, but is not limited to, complaints made by Ms. Gaujacq about Mr. Nadal's treatment of her to Fernando Ponasso, Didier Lamethe, Bruno Lescoeur, Mr. Cruezet and Mr. Laroche.

54.     Please produce copies of all formal complaints of gender discrimination or retaliation because of complaining of discrimination, filed with the United States Equal Employment Opportunity Commission or any state or local Human Rights Commission, or as a lawsuit, against the Company, from 1996 through the present, and any documents that relate to or reference any such claim, or that were submitted to any agency in rebuttal to any such claim.

55.     If there is any type of program in place for monitoring, or if any investigation, assessment or evaluation has taken place, as to whether female employees are treated the same or differently from non-female employees at the Company with respect to hiring, performance evaluations, salary increases, bonuses, promotions, demotions, disciplinary actions or terminations, please produce all such documents.

### *Damages*

56　　If you believes the Company has suffered or been damaged as a result of Ms. Gaujacq's actions, please produce all documents supporting your allegation.

57.　　Please produce all documents respecting Ms. Gaujacq's damages, including any documents supporting any claim that Ms. Gaujacq is not entitled to all or part of the damages claimed (this request relates specifically to the amount of damages, not to the merits of the underlying claims).

### *Financials*

58.　　Please produce documents sufficient to reflect the financial status of the Company for the past two years with respect to gross and net revenues, expenses and profit.

59.　　Please produce copies of any business or annual report provided by the Company on an annual or other regular basis since 1996.

### *Answer and Grounds of Defense*

60.　　Please produce all documents relating to or supporting your partial or full denial of any allegation contained in the Complaint.

61.　　Please produce all statements, whether written, oral, electronic, or recorded, by any person regarding any aspect of the claims, defenses, or facts relevant to this case.

62.　　Please produce documents supporting your Affirmative Defenses.

### *Miscellaneous*

63.　　Please produce copies of all documents that constitute, refer or relate to any allegations that Ms. Gaujacq was paying fees to consultants and contractors of the company without services being performed.

64.    Please produce copies of all documents that constitute, refer or relate to Mr. Nadal's demand that Ms. Gaujacq provide him with all of her business and company contacts

65.    Please produce a copy of the audit report and recommendations.

66.    Please produce all documents that constitute, refer or relate to any findings or conclusions of the audit, including specifically, any documents suggesting any wrongdoing or accounting improprieties that occurred during Ms. Gaujacq's tenure as President of EDFINA.

67.    Please produce all documents that constitute, refer or relate to the new mission proposed for Ms. Gaujacq in or about the September/October 2004 timeframe.

68.    Please produce copies of all versions of the Employment Letter prepared for Ms. Gaujacq, including all drafts and edited copies.

69.    Please produce copies of all emails, correspondence, memoranda, and any other documents or notes that refer in any way whatsoever to Ms. Gaujacq's husband or the status of his teaching position or notice needed to return to his teaching position in France.

70.    Please produce all documents gathered during the preparation of the defense of this action, including documents received as responses to subpoenae, voluntary requests for documents to outside parties, and internal document-gathering processes.

71.    Please produce all documents you contend are relevant in any way to this action.

72.    For each Request for Admission you deny, either in whole or in part, please produce all documents that support any such denial.

October 28, 2005

Catherine Gaujacq,
  By Counsel

Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff,
  Catherine L. Gaujacq

### CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT EDFINA by first-class mail, postage pre-paid, this 28th day of October, 2005, addressed to counsel defendant EDFINA as follows:

Laura B. Hoguet, Esq.
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016
(212) 689-8808

Counsel for Defendants Electricite de France, S.A. and
  Electricite de France International North America, Inc.

With a courtesy copy sent this same day by first class mail, postage pre-paid, addressed as follows:

Ronald S. Cooper, Esq.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000

Counsel for Defendant
  Christian Nadal

Elaine Charlson Bredehoft

16

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 1:05CV0969 (JGP) |
| | ) |
| ELECTRICITE DE FRANCE | ) |
| INTERNATIONAL NORTH AMERICA, | ) |
| INC., et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC. ("EDFINA")**

Plaintiff Catherine Gaujacq, by counsel, requests that defendant Electricite de France

International North America, Inc., respond, pursuant to Fed. R. Civ. P. 33, to the following

interrogatories, and serve defendant's response upon plaintiff's counsel at Charlson Bredehoft &

Cohen, P.C., 11260 Roger Bacon Drive, Suite 201, Reston, Virginia 20190, within the time

provided by law.

<u>DEFINITIONS AND INSTRUCTIONS</u>

In responding to these interrogatories, the following definitions and instructions shall

apply:

1.     "Ms. Gaujacq" or "Gaujacq" refers to plaintiff Catherine Gaujacq. "You," "your"

or "EDFINA" refers to defendant Electricite de France International North America, Inc. EDFINA,

Inc., its agents, officers, and employees, and their subsidiaries, affiliates, and associated

corporations, partnerships, and entities. "EDF" refers to defendant Electricite de France ("EDF").

"The Company" refers collectively to EDF and EDFINA. "Nadal" or "Mr. Nadal" refers to

defendant Christian Nadal. "Defendants" refers collectively to all three defendants.

2.    "This action" refers to this civil action now pending in the United States District

Court for the District of Columbia.

3     The term "document" is used in the broadest possible sense, and includes (but is

not limited to) any written, printed, typed, photocopied, photographed, recorded (including but

not limited to magnetic, mechanical, or electronic recordings) or otherwise reproduced

communication or representation.  This definition includes (but is not limited to) correspondence,

memoranda, wires, cables, studies, maps, analyses, diagrams, electronic mail, scraps of paper,

notes, loan documentation, applications, drawings, charts, graphs, plans, plats, photographs,

video tapes, audio tapes, computer disks, hard drives, contracts, agreements, working papers,

drafts, reports of investigations or inspections of any kind, opinions of consultants or experts,

diaries, minutes, calendars, other reports, vouchers, invoices, journals, bills, orders, time slips or

records, books, computations, field notes, logs, financial records or statements, or work papers,

checks, receipts, bank statements and the like.  Data compilations from which information may

be translated into usable form (e.g., computer memory) are also included.  The definition

includes, as a separate document, each duplicate or reproduction or copy of a document that

contains any non-conforming note, marking, material or attachment.  If it is maintained that any

document requested to be identified has been destroyed or is otherwise no longer within your

possession or control, identify the document and state the date, place, and manner of its

destruction or removal from your control, and identify the person who authorized or ordered

such destruction or removal.

4.    "Person" includes individuals, agencies, government entities, corporations, partnerships, unincorporated associations, and other business entities, and specifically includes the plaintiff and defendant in this action, and includes any predecessors or successors in interest.

5    The terms "identity," or "identify," or "describe," or "detail," when used in connection with a document mean to describe the document fully, including the character of the document, its title (if any), date, author(s), addressee(s), recipient(s), number of pages, the location and custodian of each copy to the extent known, the substance of the contents thereof, and any other identifying number of information   The terms "identity," or "identify," or "describe," or "detail" when used in connection with an event or condition mean to indicate, as completely and fully as possible, all facts comprising or contributing to the event or condition. The terms "identity," or "identify," or "describe," or "detail" when used in connection with a person mean:

a    where the person is an individual, to state the person's full name, home and business addresses and telephone numbers, and business or other affiliation (including title), and

b.    where the person is not an individual, to state the full name of the entity, the nature of the entity, address and telephone number of the entity, and such additional identifying information as may be necessary to enable the "person" to be contacted.  When identifying a "person," information should in all cases be adequate to permit service of process or notice of a deposition upon such person.

3

6.      The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference and meaning (without limitation) relating to, regarding, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to

7.      Use of the singular tense shall be deemed to include the plural and <u>vice versa</u>. Use of either the masculine or feminine pronoun shall be deemed to include both genders   "And" as well as "or" shall be construed either disjunctively or conjunctively so as to permit the inclusion of materials or information otherwise excluded.

8.      In responding to these interrogatories, please furnish all information available to you or within your control, including any information in the possession of agents, attorneys, contractors, subcontractors, former employees, officers, members, or any other person acting on your behalf.

9.      Each interrogatory shall be deemed continuing so as to require supplemental answers in accordance with Fed. R. Civ. P. 26(e).

10.      In responding to each interrogatory, please identify all contributing sources of information, including the identity of any person consulted or document used in connection with answering such interrogatory and the extent of any person's assistance.

11.      If a privilege or privileges are asserted as to any information requested by these interrogatories, or if any interrogatory is otherwise not fully answered, please respond to the extent the interrogatory is not objected to, and state the specific grounds for not fully answering, the legal basis for not fully answering (specifying any privilege asserted), and the facts allegedly giving rise to any claim of privilege. Identify any information, document, or other material for

4

which any privilege is asserted, and identify the date and author or generator as well as all persons shown as having been, or otherwise known to you as having been, recipients of such information, document, or other material. If you contend that you have attempted to procure the waiver of the privilege, please also identify fully the persons with whom you communicated and the stated reason for refusal to waive the privilege.

12.    Where there is no time limit specified, the interrogatories encompass documents in existence and/or events occurring during the time period from August, 2000 through the present.

## INTERROGATORIES

1.    Identify fully each witness to, or person you believe possesses any knowledge of any of the allegations in the pleadings, facts relevant to the claims or defenses asserted by the parties, any of the discovery responses from plaintiff or defendants in this action, or any damages claimed by the plaintiff.

2.    For each person identified in response to Interrogatory No. 1, please describe fully the specific facts within the knowledge of each witness and how that person came to possess such knowledge. Identify all documents reflecting such facts or knowledge.

3.    Identify and describe in detail all warnings, cautions, counseling, criticism, reprimands, adverse evaluations, adverse comments, or other adverse or critical comments, statements, or suggestions made or communicated to Ms. Gaujacq, or made or communicated to any person respecting Ms. Gaujacq, with respect to Ms. Gaujacq's job performance, whether

written or oral, during Ms. Gaujacq's tenure with the Company. Please identify the date of the complaint and state whether the complaint was made before or after Mr. Nadal replaced Ms. Gaujacq as President of EDFINA. Identify all documents reflecting your response to this interrogatory.

4      Identify and describe in detail all compliments, commendations, awards, raises, promotions, or other favorable or laudatory comments or statements made or communicated to Ms. Gaujacq, or made or communicated to any person respecting Ms. Gaujacq, with respect to Ms. Gaujacq's job performance, whether written or oral, during Ms. Gaujacq's tenure with the Company. Identify all documents reflecting your response to this interrogatory.

5.     Describe each complaint any employee has made against any other employee of EDFINA in any management position, or against EDFINA itself, with respect to gender discrimination, retaliation, and/or unequal, unfair or inappropriate treatment, or unequal pay, whether written or oral, internally to any EDFINA managerial or supervisory employee, or with any outside administrative agency from 1995 to the present. With respect to each complaint, describe fully each investigation or action taken by the Company and the final result of each such complaint. Identify all documents reflecting your response to this interrogatory.

6.     If the Company contends Ms. Gaujacq had performance problems while working at EDFINA, please describe fully each specific performance problem; all facts upon which you rely in so identifying this problem, including all persons who have so stated; all communications EDFINA has had with Ms. Gaujacq respecting each such problem, including the date, the place, the persons present, and the substance of the communication; all efforts by the Company to

6

improve Ms. Gaujacq's performance with respect to each such performance problem; and, the specific damage the Company has suffered as a result of such performance problem on the part of Ms. Gaujacq. Identify all documents reflecting your response to this interrogatory.

7    Describe the policies, practices, and procedures to be followed by any employee making a complaint against EDFINA or any other employee of EDFINA with respect to gender discrimination or retaliation and/or unequal, unfair or inappropriate treatment, whether written or oral, internally or with any outside administrative agency, and the manner by which an internal or outside investigation of such a complaint is triggered and conducted, including any investigative steps to be taken.

8.    State the names and addresses of all persons who investigated any of the allegations contained in the pleadings (at any time prior to the filing of this suit relating in anyway to Ms. Gaujacq), or in any of Ms. Gaujacq's written and verbal complaints to EDFINA, including, but not limited to Ms. Gaujacq's email to Fernando Ponasso, EDFINA's Chairman and EDF Senior Vice-President Branch Americas, and Didier Lamethe, EDF's in-house legal counsel and EDFINA Board member; her verbal complaints in June and July, 2004, to Mr. Nadal; Ms. Gaujacq's July 9, 2004 formal complaint emailed to Mr. Ponasso, Chairman of EDFINA; Ms. Gaujacq's July 22, 2004 email to Mr. Nadal; and Ms. Gaujacq's email to Mr. Creuzet, the COO of EDF, and to Mr. Ponasso, Chairman of EDFINA and President of EDFINA Branch Americas, asking that the Company confirm that it would take corrective and remedial measures to prevent further discriminatory, harassing and unfair conduct by Mr. Nadal. For each such investigation, please state the findings, and identify all documents produced during the investigation. Identify all documents reflecting your response to this interrogatory.

9.    If you contend Ms. Gaujacq made any statement which is against her interest, state the nature of such statement, the names of all persons who heard the alleged statement, and the date and place that the alleged statement was made. Identify all documents reflecting your response to this interrogatory.

10.    Please state all reasons why Ms. Gaujacq was removed from her position as President of EDFINA and replaced by Mr. Nadal. Identify all documents reflecting your response to this interrogatory.

11.    Please state all reasons why Mr. Nadal received a higher salary for the position of President of EDFINA that Ms. Gaujacq had received in the same position. Identify all documents reflecting your response to this interrogatory.

12.    Please compare and contrast the responsibilities and daily duties of Mr. Nadal and Ms. Gaujacq in the position of President of EDFINA. (For example, what responsibilities are the same, and what responsibilities, if any, held by either Mr. Nadal or Ms. Gaujacq were not held by the other person in the position of President of EDFINA.) Identify all documents reflecting your response to this interrogatory.

13.    Please describe in detail all reasons why Ms. Gaujacq's new contract and mission statement were never signed and/or delivered to her.

14.    Please describe in detail all reasons why Mr. Nadal had Ms. Gaujacq removed from the list of authorized officers of EDFINA with signature authority on the corporate bank accounts. Please include in your answer the identity of all other individuals whom Mr. Nadal had removed from the authorized list officers of EDFINA with signature authority on the corporate bank accounts. Identify all documents reflecting your response to this interrogatory.

8

15      Please describe in detail all reasons why Mr. Nadal revoked all of Ms. Gaujacq's powers as a vice presidents of EDFINA on or about June 18, 2004. Identify all documents reflecting your response to this interrogatory.

16.     Please describe in detail all reasons why Mr. Nadal requested the EDF auditors to come to the United States offices of EDFINA for the purpose of undertaking a special audit of EDFINA operations and finances during the period Ms. Gaujacq had served as EDFINA's President in or about June, 2004. Please describe any findings and/or conclusions of the audit. Identify all documents reflecting your response to this interrogatory.

17.     Please describe in detail all reasons for the Company's directive removing Ms. Gaujacq from her position on the Project with EDFINA in the United States. Identify all documents reflecting your response to this interrogatory.

18.     Please describe in detail all reasons for the Company's directive for Ms. Gaujacq to return to France immediately, without an assigned position. Identify all documents reflecting your response to this interrogatory.

19.     Please describe in detail reasons for Ms. Gaujacq receiving only four days' notice that her mission in the United States would end. Please include in your answer the identity of other employees of the Company who received less than three months' notice of the impending end of their mission in the United States. Identify all documents reflecting your response to this interrogatory.

20.     Please describe in detail all representations made to Ms. Gaujacq, either verbally or in writing, regarding her future employment by EDF or EDFINA in the United States or in France, both before Mr. Nadal became President of EDFINA and after. Identify all documents reflecting your response to this interrogatory.

9

21.    For each Request for Admission you deny, either in whole or in part, please
describe all facts upon which you base, or which support, any such denial

October 28, 2005

Catherine Gaujacq,
By Counsel

Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff,
Catherine L. Gaujacq

10

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT EDFINA by first-class mail, postage pre-paid, this 28th day of October, 2005 on counsel for EDFINA addressed as follows:

> Laura B. Hoguet, Esq.
> HOGUET NEWMAN & REGAL, LLP
> 10 East 40th Street
> New York, New York 10016
> (212) 689-8808
>
> Counsel for Defendants
>   Electricite de France, S.A. and
>   Electricite de France International North America, Inc.

With a courtesy copy sent this same day first class mail, postage pre-paid, addressed as follows:

> Ronald S. Cooper, Esq.
> STEPTOE & JOHNSON LLP
> 1330 Connecticut Avenue, NW
> Washington, DC 20036
> (202) 429-3000
>
> Counsel for Defendant
>   Christian Nadal

Elaine Charlson Bredehoft

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ, | ) | |
| | ) | |
| Plaintiff, | ) | **ECF** |
| | ) | |
| v. | ) | Civil Action No. C5-969 (JGP) |
| | ) | |
| ELECTRICITE DE FRANCE | ) | |
| INTERNATIONAL NORTH AMERICA, | ) | |
| INC., ELECTRICITE DE FRANCE, S.A. | ) | |
| and CHRISTIAN NADAL, | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE OF DEFENDANT ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Electricité de France International North America, Inc. ("EDFINA") hereby responds to Plaintiff's First Set of Interrogatories to Defendant Electricité de France International North America, Inc. ("EDFINA") (hereafter, "Plaintiff's First Interrogatories") pursuant to Rule 33 of the Federal Rules of Civil Procedure.

### GENERAL OBJECTIONS

1      EDFINA objects to every Interrogatory that uses the term "Company," defined by Plaintiff to mean a combined entity consisting of EDFINA and its parent company in France, Defendant Electricité de France, S.A ("EDF"), on the ground that such term renders each such Interrogatory ambiguous. EDFINA further objects to each Interrogatory that seeks information as to EDF which is not known or reasonably ascertainable by EDFINA. EDF and EDFINA are two separate companies. EDFINA cannot and does not purport to respond to Plaintiff's First Interrogatories for EDF.

2.      The responses herein are based upon information currently known to EDFINA after conducting a reasonable investigation and are given without prejudice to EDFINA's right to present as evidence additional facts which it may later discover or recall or which have been mistakenly omitted by it from the responses. EDFINA reserves the right to revise or supplement any objection or response at any time.

3.      EDFINA objects and responds on the basis of its understanding of and interpretation of the interrogatories in Plaintiff's First Interrogatories. If plaintiff understands or interprets any of the interrogatories in Plaintiff's First Interrogatories differently, EDFINA reserves the right to supplement any of these responses, either with additional objections or otherwise.

4.      Defendant EDFINA makes these objections and responses without waiving any right or privilege to object to the introduction in evidence, in this or any other action or proceeding, of any information contained in any answer, or documents identified and/or produced in response, to any of Plaintiff's First Interrogatories, upon the grounds of competency, relevancy, materiality, hearsay, authenticity, or any other ground.

5.      Defendant EDFINA objects to Plaintiff's First Interrogatories to the extent that they call for the disclosure of information that is not relevant to the subject matter of the litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant EDFINA objects to Plaintiff's First Interrogatories to the extent that they ask for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other privilege, immunity or protection available under the law, and no such information will be disclosed. EDFINA does not intend by these responses or objections to waive any claim of privilege or immunity.

2

7.    Inadvertent disclosure of any information subject to any applicable privilege or doctrine, including but not limited to the attorney-client privilege and the work product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or doctrine, in whole or in part. Nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information.

8.    Defendant EDFINA objects to Plaintiff's First Interrogatories to the extent that they violate any right of privacy that EDFINA may have, or the right to privacy of any other person or entity.

9.    Defendant EDFINA objects to Plaintiff's First Interrogatories to the extent that they call for information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Response to Plaintiff's First Request to Produce Documents, dated December 12, 2005 ("EDFINA's Document Response"), with substantially the same burden upon EDFINA as upon plaintiff, and to that extent EDFINA refers plaintiff to said documents.

10.    Defendant EDFINA objects to Plaintiff's First Interrogatories to the extent that the instructions, definitions or individual Interrogatories purport to impose obligations and requirements that are different from or more burdensome than the obligations and requirements imposed by the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES

Subject to and without waiver of the foregoing General Objections, which are hereby incorporated by reference into each of the following Specific Responses, EDFINA responds to Plaintiff's First Interrogatories as follows:

3

## INTERROGATORY NO. 1

Identify fully each witness to, or person you believe possesses any knowledge of any of the allegations in the pleadings, facts relevant to the claims or defenses asserted by the parties, any of the discovery responses from plaintiff or defendants in this action, or any damages claimed by the plaintiff.

## RESPONSE TO INTERROGATORY NO. 1

The persons who may possess knowledge of the matters described in this Interrogatory are identified in the parties' Initial Disclosures made pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 2

For each person identified in response to Interrogatory No. 1, please describe fully the specific facts within the knowledge of each witness and how that person came to possess such knowledge. Identify all documents reflecting such facts or knowledge.

## RESPONSE TO INTERROGATORY NO. 2

EDFINA objects to this Interrogatory on the ground that it is overbroad and unduly burdensome and contains multiple interrogatories. EDFINA further objects to this Interrogatory on the ground that it calls for the identification of documents and other information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without waiving these or any other objections, EDFINA refers plaintiff to said documents and otherwise responds that the knowledge of each person identified in response to Interrogatory No. 1 has been identified in the parties' Initial Disclosures.

## INTERROGATORY NO. 3

Identify and describe in detail all warnings, cautions, counseling, criticism, reprimands, adverse evaluations, adverse comments, or other adverse or critical comments, statements, or suggestions made or communicated to Ms. Gaujacq, or made or communicated to any person respecting Ms. Gaujacq, with respect to Ms. Gaujacq's job performance, whether written or oral, during Ms. Gaujacq's tenure with the Company. Please identify the date of the

4

complaint and state whether the complaint was made before or after Mr. Nadal replaced Ms. Gaujacq as President of EDFINA. Identify all documents reflecting your response to this interrogatory.

### RESPONSE TO INTERROGATORY NO. 3

EDFINA objects to this Interrogatory on the ground that it calls for information known or ascertainable only by EDF in that the time period it purports to cover is Gaujacq's tenure of employment with EDF and is not limited to the time period she served as President and/or Vice President of EDFINA. EDFINA further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome and contains multiple interrogatories. EDFINA further objects to this Interrogatory on the ground that it calls for the identification of documents and other information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without waiving these or any other objections, EDFINA refers plaintiff to said documents and otherwise responds as follows:

EDFINA was advised by Serge Massart, director of the Engineering Division of EDF, that during the time period Gaujacq served as President of EDFINA, she was delinquent in providing information regarding NuStart Energy Development, LLC ("NuStart"). These delinquencies occurred prior to the assumption by Christian Nadal ("Nadal") of the position of President of EDFINA.

The SEPTEN Group, a subdivision of the EDF Engineering Division, noted Gaujacq's absence from a meeting in Lyon, France on June 21, 2004 and the fact that the group was thereby deprived of her information on NuStart. This occurred after Nadal had assumed the position of President of EDFINA.

5

Nadal advised Gaujacq, in a telephone conversation on June 11, 2004, of the need for her to meet with him to discuss what role and responsibilities she might have at EDFINA going forward and the need to improve her working methods and habits. Gaujacq failed to attend meetings scheduled with Nadal to discuss these matters.

Nadal advised Gaujacq that her failure to maintain EDFINA documents and files at the EDFINA office was unacceptable and instructed her to return to the EDFINA office immediately all EDFINA documents that she maintained at her personal residence or on the EDFINA laptop computer she utilized or anywhere else. Nadal's instruction to Gaujacq was given in a meeting on July 12, 2004, confirmed by an e-mail of July 12, 2004 and repeated in another e-mail of July 16, 2004.

Nadal advised EDF of Gaujacq's failure to facilitate the immigration and relocation process for his relocation from France to Washington, D C ; of her having given incorrect information about Nadal's position to EDFINA office personnel and to the immigration lawyer handling Nadal's visa application; and of her habitual failure to come to the EDFINA office for work. Nadal made these comments before and after the time he assumed the position of President of EDFINA.

Nadal advised EDF of Gaujacq's failure to attend scheduled meetings with Nadal, Nadal and Georges Servière, the American Nuclear Society ("ANS") and SEPTEN; and of her interference with the transition from Gaujacq to Georges Servière as EDFINA's first representative to NuStart. Nadal made theses comments after he had assumed the position of President of EDFINA.

### INTERROGATORY NO. 4

Identify and describe in detail all compliments, commendations, awards, raises, promotions, or other favorable or laudatory comments or statements made or communicated to

6

Ms. Gaujacq, or made or communicated to any person respecting Ms. Gaujacq, with respect to Ms. Gaujacq's job performance, whether written or oral, during Ms. Gaujacq's tenure with the Company. Identify all documents reflecting your response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 4

EDFINA objects to this Interrogatory on the ground that it calls for information known or ascertainable only by EDF in that the time period it purports to cover is Gaujacq's tenure of employment with EDF and is not limited to the time period she served as President and/or Vice President of EDFINA. EDFINA further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome and contains multiple interrogatories. EDFINA further objects to this Interrogatory on the ground that it calls for the identification of documents and other information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without waiving these or any other objections, EDFINA refers plaintiff to said documents and otherwise responds that it is unaware of any comments or statements of the type described in this Interrogatory.

## INTERROGATORY NO. 5

Describe each complaint any employee has made against any other employee of EDFINA in any management position, or against EDFINA itself, with respect to gender discrimination, retaliation, and/or unequal, unfair or inappropriate treatment, or unequal pay, whether written or oral, internally to any EDFINA managerial or supervisory employee, or with any outside administrative agency from 1995 to the present. With respect to each complaint, describe fully each investigation or action taken by the Company and the final result of each such complaint. Identify all documents reflecting your response to this interrogatory

## RESPONSE TO INTERROGATORY NO. 5

EDFINA objects to this Interrogatory on the ground that the information it seeks is not relevant or reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or

7

practice of discrimination directed to other employees. Notwithstanding and without waiving

this or any other objections, EDFINA states that there have been no complaints of the type

described in this Interrogatory made against Nadal during his tenure with EDFINA, other than

the complaint in this litigation, and that it is unaware of any such complaints ever having been

made against Nadal.

### INTERROGATORY NO. 6

If the Company contends Ms. Gaujacq had performance problems while working
at EDFINA, please describe fully each specific performance problem; all facts upon which you
rely in so identifying this problem, including all persons who have so stated; all communications
EDFINA has had with Ms. Gaujacq respecting each such problem, including the date, the place,
the persons present, and the substance of the communication; all efforts by the Company to
improve Ms. Gaujacq's performance with respect to each such performance problem; and, the
specific damage the Company has suffered as a result of such performance problem on the part
of Ms. Gaujacq. Identify all documents reflecting your response to this interrogatory.

### RESPONSE TO INTERROGATORY NO. 6

EDFINA objects to this Interrogatory on the ground that it calls for the

identification of documents and other information that may be derived or ascertained from the

documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially

the same burden upon EDFINA as upon plaintiff. EDFINA also objects to this Interrogatory on

the ground that it contains multiple interrogatories. Notwithstanding and without waiving these

or any other objections, EDFINA refers plaintiff to said documents, refers plaintiff to its

response to Interrogatory No. 3 and otherwise responds that Gaujacq had numerous performance

problems, including without limitation, the following:

1.    Undermining the Leadership Transition at EDFINA

Gaujacq failed to facilitate and worked to undermine the leadership transition at

EDFINA following the appointment of Nadal in 2004 by the President of EDF to be EDF's

Délégué Général to North America. She incorrectly informed EDFINA employees, EDF

8

delegates working at the EDFINA office and the immigration lawyer handling Nadal's visa application that Nadal's role would be that of a gas analyst and that her role would be unchanged. Gaujacq provided inaccurate information that complicated Nadal's visa application, and she frustrated efforts to obtain suitable housing for Nadal and his family. Gaujacq's failure to acknowledge Nadal's role as EDF's Délégué Général to North America, and her active undercutting of his role, engendered confusion and required extensive time and attention from EDFINA employees and Nadal.

From at least the time of Nadal's arrival in Washington, D.C. to assume his role as EDF's Délégué Général to North America, Gaujacq failed and refused to develop an effective working relationship with Nadal, failed to meet with Nadal for months and failed even to attend scheduled meetings with him in June 2004 to discuss her role and responsibilities at EDFINA.

### 2. Failure to Report to Work

Gaujacq habitually did not present herself at the offices of EDFINA and thereby required that all business communications be redirected to her at her residence. Gaujacq appeared at EDFINA's office only one day in June 2004 and one day in July 2004.

Gaujacq failed to attend business meetings, including an ANS conference in Pittsburgh, Pennsylvania in June 2004 and an EDF conference in Lyon, France in June 2004

### 3. Failure to Preserve and Maintain EDFINA Property

Gaujacq failed to maintain EDFINA documents at EDFINA's office. She failed and refused to return EDFINA documents to EDFINA's office when instructed to do so by Nadal. Her failure to do so caused EDFINA to undertake the task of reconstructing EDFINA files that had been under her control. After being instructed to return all EDFINA corporate documents to the EDFINA office, including documents stored on EDFINA's laptop computer

9

that she utilized, plaintiff deliberately destroyed significant portions of the contents of the EDFINA laptop prior to returning it to the corporation. Due to Gaujacq's failure to return to EDFINA all documents and other data maintained on the EDFINA laptop she utilized, and her subsequent destruction of most of the data on such laptop prior to her return of the laptop to EDFINA, EDFINA has lost data that had been maintained on said laptop. See also EDFINA's Response to Interrogatory No. 3.

    4.    <u>Failure to Develop and Apply Sound Financial and Management Procedures</u>

The EDF audit process in July 2004 and the findings of the EDF audit revealed that Gaujacq failed during her term of service as President of EDFINA to develop and apply sound financial and management procedures. Gaujacq demonstrated poor personnel administration while serving as President of EDFINA, and poorly administered the offices of EDFINA, including but not limited to its record-keeping and information technology systems. She repeatedly stated that the offices of EDFINA were unsafe and unprepared to receive and house confidential materials when such conditions were within her own area of responsibility. EDFINA has discovered material errors in official EDFINA filings that Gaujacq made or permitted to be made during the time she served as President of EDFINA.

EDFINA's discovery of Gaujacq's performance problems is ongoing, and EDFINA reserves the right to supplement this Response if additional performance problems come to light.

### INTERROGATORY NO. 7

Describe the policies, practices, and procedures to be followed by any employee making a complaint against EDFINA or any other employee of EDFINA with respect to gender discrimination or retaliation and/or unequal, unfair or inappropriate treatment, whether written or oral, internally or with any outside administrative agency, and the manner by which an internal or outside investigation of such a complaint is triggered and conducted, including any investigative steps to be taken.

10

## RESPONSE TO INTERROGATORY NO. 7

EDFINA objects to this Interrogatory on the ground that the information it seeks is not relevant or reasonably likely to lead to the discovery of admissible evidence. EDFINA further objects to this Interrogatory on the grounds that it is overbroad and vague. Notwithstanding and without waiving these or any other objections, EDFINA responds as follows:

Employees of EDF delegated to the EDFINA office, such as Gaujacq, are entitled to address any complaints they may have as to any matters described in this Interrogatory to the Délégué Ethique of EDF in Paris, whose function is to investigate and attempt to mediate any such complaints.

As to employees of EDFINA, there was no policy, practice or procedure as described in this Interrogatory at EDFINA during the period of time that Gaujacq was serving as President of EDFINA.

## INTERROGATORY NO. 8

State the names and addresses of all persons who investigated any of the allegations contained in the pleadings (at any time prior to the filing of this suit relating in anyway to Ms. Gaujacq), or in any of Ms. Gaujacq's written and verbal complaints to EDFINA, including, but not limited to Ms. Gaujacq's email to Fernando Ponasso, EDFINA's Chairman and EDF Senior Vice-President Branch Americas, and Didier Lamethe, EDF's in-house legal counsel and EDFINA Board member; her verbal complaints in June and July, 2004, to Mr. Nadal; Ms. Gaujacq's July 9, 2004 formal complaint emailed to Mr. Ponasso, Chairman of EDFINA; Ms. Gaujacq's July 22, 2004 email to Mr. Nadal; and Ms. Gaujacq's email to Mr. Creuzet, the COO of EDF, and to Mr. Ponasso, Chairman of EDFINA and President of EDFINA Branch Americas, asking that the Company confirm that it would take corrective and remedial measures to prevent further discriminatory, harassing and unfair conduct by Mr. Nadal. For each such investigation, please state the findings, and identify all documents produced during the investigation. Identify all documents reflecting your response to this interrogatory.

11

## RESPONSE TO INTERROGATORY NO. 8

EDFINA objects to this Interrogatory on the ground that it calls for information known or ascertainable only by EDF to the extent that it concerns actions taken by EDF. EDFINA further objects to this Interrogatory on the ground that it is ambiguous in its use of the terms "investigations" and "findings," without definition, in the context of the communications described in this Interrogatory. EDFINA further objects to this Interrogatory on the ground that it seeks information that is protected from disclosure by the attorney-client privilege, or other applicable privileges, in that it does not exclude "investigations," as described therein, occurring after plaintiff's institution of legal proceedings before the United States Equal Employment Opportunity Commission ("EEOC"). EDFINA further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome and contains multiple interrogatories. EDFINA further objects to this Interrogatory on the ground that it calls for the identification of documents and other information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without waiving these or any other objections, EDFINA refers plaintiff to said documents and otherwise responds as follows:

Any communications by Gaujacq described in this Interrogatory that were addressed to EDF representatives were handled, if at all, by EDF representatives, including any and all such communications to Fernando Ponasso, Gerard Creuzet and Didier Lamethe, and cannot be addressed by EDFINA.

Nadal responded to Gaujacq's July 22, 2004 e-mail to him directly to Gaujacq by e-mail dated July 23, 2004, advising her that her complaint about allegedly unfair treatment by him was unfounded. Nadal had previously had one conversation with Gaujacq in June, 2004 in

12

which they discussed a change in her check-signing authority following her resignation from the

position of President of EDFINA, a matter of which she now complains, but at that time Gaujacq

did not allege any discrimination in connection therewith.

## INTERROGATORY NO. 9

If you contend Ms. Gaujacq made any statement which is against her interest, state the nature of such statement, the names of all persons who heard the alleged statement, and the date and place that the alleged statement was made. Identify all documents reflecting your response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 9

EDFINA objects to this Interrogatory on the grounds that it is premature at this

stage of the litigation and that it calls for the identification of documents and other information

that may be derived or ascertained from the documents produced by EDFINA pursuant to

EDFINA's Document Response, with substantially the same burden upon EDFINA as upon

plaintiff, and EDFINA refers plaintiff to said documents.

## INTERROGATORY NO. 10

Please state all reasons why Ms. Gaujacq was removed from her position as President of EDFINA and replaced by Mr. Nadal. Identify all documents reflecting your response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 10

EDFINA objects to this Interrogatory on the ground that it calls for information

known or ascertainable only by EDF. EDFINA further objects to this Interrogatory on the

ground that it calls for the identification of documents and other information that may be derived

or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document

Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding

and without waiving these or any other objections, EDFINA refers plaintiff to said documents

and otherwise responds as follows:

13

Any and all decisions as to whom EDF would appoint as its Délégué Général to North America and to serve as President of EDFINA are and were decisions made or controlled by EDF in France.

## INTERROGATORY NO. 11

Please state all reasons why Mr. Nadal received a higher salary for the position of President of EDFINA that Ms. Gaujacq had received in the same position. Identify all documents reflecting your response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 11

EDFINA objects to this Interrogatory on the ground that it calls for information known or ascertainable only by EDF. EDFINA further objects to this Interrogatory on the ground that it calls for the identification of documents and other information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without waiving these or any other objections, EDFINA refers plaintiff to said documents and otherwise responds that the salaries of Nadal and of Gaujacq, as EDF employees, were determined by their employer, EDF.

## INTERROGATORY NO. 12

Please compare and contrast the responsibilities and daily duties of Mr. Nadal and Ms. Gaujacq in the position of President of EDFINA. (For example, what responsibilities are the same, and what responsibilities, if any, held by either Mr. Nadal or Ms. Gaujacq were not held by the other person in the position of President of EDFINA.) Identify all documents reflecting your response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 12

EDFINA objects to this Interrogatory on the ground that it purports to require a greater obligation than is required by the Federal Rules of Civil Procedure in its requirement to "compare and contrast." EDFINA further objects to this Interrogatory on the ground that it calls

14

for the identification of documents and other information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without waving these or any other objections, EDFINA refers to said documents and otherwise responds as follows:

Upon his appointment by EDF in 2004 to be EDF's new Délégué Général to North America, Nadal was charged by the EDF President with the responsibility of expanding the role and presence of EDF in North America. Consistent with this expansion, Nadal is responsible for exploring financial and commercial opportunities for EDF in North America compatible with the needs and plans of EDF as it has proceeded from a government-owned entity in France to a publicly held company.

Nadal is responsible for maintaining high-level contacts with United States authorities and academics in the energy field, including but not limited to the following: the United States Nuclear Regulatory Commission; the Federal Energy Regulatory Commission; the National Academy of Sciences; the United States Environmental Protection Agency; the United States Senate, the United States House of Representatives; the United States Department of Energy; the Commodities Futures Trading Commission, the Massachusetts Institute of Technology; the Nuclear Energy Institute; the Edison Electric Institute; the Electric Power Research Institute; and various utility companies in the United States. Nadal has been invited to deliver speeches and/or to organize and chair panels on nuclear energy, including an October, 2005 European Institute with panels of Undersecretaries and other members of the United States administration, Ambassadors, and various think tanks, and on Electricity Trading at a September, 2005 annual meeting of the CFTC in Chicago.

15

Nadal is also responsible for expanding EDF's role in Canada and maintains the position of associate of the Industrial Board of Electricity of Quebec.

Nadal is frequently in contact with the French Embassy and the French Ambassador and also welcomes delegations to the United States from France, including Ministers, members of Parliament, and various corporate delegations. In France Nadal makes speeches in meetings of EDF's top executives in Paris and maintains contact with Chairmen and Commissioners of top authorities in the energy field in France (including the French equivalents of FERC, DOE and Nuclear Waste Management Authority and Parliament.).

Nadal is also called upon from time to time to represent the President of EDF at meetings or conferences in the United States and in France when the President of EDF is unable to attend.

Nadal has primary responsibility for EDFINA's role in the NuStart program, communicating with EDF to advise and consult with them regarding EDFINA activities, and providing information about EDF to United States capital markets in respect of EDF's initial public stock offering. In addition, Nadal is responsible for the management of EDFINA, directing all business activities.

When Gaujacq served as President of EDFINA, she was responsible for the management of EDFINA, directing all business activities including hiring and firing clerical, accounting and technical staff, retaining and coordinating the work of outside contractors and consultants supplying services to EDFINA, and working in close collaboration with leaders of United States electrical utilities for the purpose of building and strengthening ties between the United States and French energy industries and undertaking collaborative research and development at a highly advanced level. She was responsible for establishing and maintaining

16

contacts with leaders of electrical utility companies in the United States and Canada. She also served as EDFINA's first representative to NuStart.

### INTERROGATORY NO. 13

Please describe in detail all reasons why Ms. Gaujacq's new contract and mission statement were never signed and/or delivered to her.

### RESPONSE TO INTERROGATORY NO. 13

EDFINA objects to this Interrogatory on the ground that it calls for information known or ascertainable only by EDF. Notwithstanding and without waiving this or any other objections, EDFINA responds that the decision as to Gaujacq's proposal for any "new contract and mission statement" was a decision made or controlled by EDF in France.

### INTERROGATORY NO. 14

Please describe in detail all reasons why Mr. Nadal had Ms. Gaujacq removed from the list of authorized officers of EDFINA with signature authority on the corporate bank accounts. Please include in your answer the identity of all other individuals whom Mr. Nadal had removed from the authorized list officers of EDFINA with signature authority on the corporate bank accounts. Identify all documents reflecting your response to this interrogatory.

### RESPONSE TO INTERROGATORY NO. 14

EDFINA objects to this Interrogatory on the ground that it calls for the identification of documents and other information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without waiving these or any other objections, EDFINA refers plaintiff to said documents and otherwise responds as follows:

Nadal sent a letter to the bank dated June 4, 2004 that changed check-signing authority for EDFINA officers. Following her resignation from the position of President of EDFINA, Gaujacq did not have a defined mission at EDFINA that required her to sign checks

17

for EDFINA. If a mission for Gaujacq as Vice President of EDFINA had been agreed upon and accepted by her, her responsibilities might have warranted that she be given check-signing authority, but no such mission was ever agreed upon  See also EDFINA's Response to Interrogatory No 15.

## INTERROGATORY NO. 15

Please describe in detail all reasons why Mr. Nadal revoked all of Ms. Gaujacq's powers as a vice president of EDFINA on or about June 18, 2004. Identify all documents reflecting your response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 15

EDFINA objects to this Interrogatory on the ground that it is incorrect in its fundamental assumption. EDFINA further objects to this Interrogatory on the ground that it calls for the identification of documents and other information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without waiving these or any other objections, EDFINA refers plaintiff to said documents and otherwise responds as follows:

When Nadal assumed the position of President of EDFINA and Gaujacq resigned as President on June 1, 2004, the powers appurtenant to that position, including the authority to make commitments on behalf of EDFINA, transferred from Gaujacq to Nadal. Gaujacq had no explicit power or authority as Vice President of EDFINA because she had no mission agreed upon for her within EDFINA following her resignation as President. Although Gaujacq had been appointed Vice President by the EDFINA board, her mission had not been designated. Gaujacq was to have met with Nadal to discuss with him the role she would be given at EDFINA

18

under Nadal's direction. However, Gaujacq did not present herself at the offices of EDFINA and otherwise failed to cooperate or meet with Nadal.

On June 18, 2004 Gaujacq failed to appear for a scheduled meeting with Nadal to discuss her role and responsibilities at EDFINA. To ensure that Gaujacq understood the change in her authority after her resignation as President of EDFINA, and to prevent any unauthorized actions by Gaujacq during his imminent three-week trip to France, Nadal sent her a letter dated June 18, 2004 delineating her current authority. He sent the same letter dated June 18, 2004 to the other Vice President, Benoît Dreux ("Dreux"), to ensure that both Vice Presidents understood the scope of their authority and certain policies. In particular, Nadal advised them, "Only the President is permitted to enter into contracts with third parties on behalf of EDFINA; make representations and/or warranties on behalf of EDFINA, or incur expenses on behalf of EDFINA [except] [i]n the President's absence . . . upon the express written consent of the President."

In another letter dated June 18, 2004, Nadal gave his express written consent to Dreux to act on behalf of Nadal in the particular areas quoted above. The June 18, 2004 letter to Dreux was intended by Nadal to be provisional in nature and to be used in case of emergency during his absence. Dreux was the appropriate person to be authorized to act for EDFINA in Nadal's absence because, unlike Gaujacq, he was generally available for regular consultation with Nadal on all business matters. Further, Gaujacq had demonstrated unprofessional behavior at least since Nadal's arrival at EDFINA and had repeatedly taken action undermining Nadal's authority. It was necessary for a responsible and reliable individual to be entrusted with authority to act in Nadal's place during Nadal's absence from the office, and Dreux met those requirements.

19

## INTERROGATORY NO. 16

Please describe in detail all reasons why Mr. Nadal requested the EDF auditors to come to the United States offices of EDFINA for the purpose of undertaking a special audit of EDFINA operations and finances during the period Ms. Gaujacq had served as EDFINA's President in or about June, 2004. Please describe any findings and/or conclusions of the audit. Identify all documents reflecting your response to this interrogatory.

### RESPONSE TO INTERROGATORY NO. 16

EDFINA objects to this Interrogatory on the ground that it is incorrect in its

fundamental assumption. EDFINA further objects to this Interrogatory on the ground that it calls

for the identification of documents and other information that may be derived or ascertained

from the documents produced by EDFINA pursuant to EDFINA's Document Response, with

substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without

waiving these or any other objections, EDFINA refers plaintiff to said documents, and in

particular, the report of the auditors as to their findings, and otherwise responds that Nadal did

not request EDF auditors to come to the United States offices of EDFINA for a special audit.

### INTERROGATORY NO. 17

Please describe in detail all reasons for the Company's directive removing Ms. Gaujacq from her position on the Project with EDFINA in the United States. Identify all documents reflecting your response to this interrogatory.

### RESPONSE TO INTERROGATORY NO. 17

EDFINA objects to this Interrogatory on the ground that it calls for information

known or ascertainable only by EDF. EDFINA further objects to this Interrogatory on the ground

that it calls for the identification of documents and other information that may be derived or

ascertained from the documents produced by EDFINA pursuant to EDFINA's Document

Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding

and without waiving these or any other objections, EDFINA refers plaintiff to said documents

20

and otherwise responds that the decision as to whether Gaujacq could continue to work with EDFINA in any capacity in the United States after the expiration of her term as President of EDFINA was a decision made or controlled by EDF in France. Following the expiration of Gaujacq's mission in the United States as of July 31, 2004, EDFINA notified the members of NuStart of Gaujacq's replacement by Georges Servière as EDFINA's first representative to NuStart.

## INTERROGATORY NO. 18

Please describe in detail all reasons for the Company's directive for Ms. Gaujacq to return to France immediately, without an assigned position. Identify all documents reflecting your response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 18

EDFINA objects to this Interrogatory on the ground that it calls for information known or ascertainable only by EDF in that it concerns decisions made or controlled by EDF in France. EDFINA further objects to this Interrogatory on the ground that it calls for the identification of documents and other information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without waiving these or any other objections, EDFINA refers plaintiff to said documents and otherwise responds that the decision to direct Gaujacq to return to France following the expiration of her expatriation contract was a decision made or controlled by EDF in France.

## INTERROGATORY NO. 19

Please describe in detail reasons for Ms. Gaujacq receiving only four days' notice that her mission in the United States would end. Please include in your answer the identity of other employees of the Company who received less than three months' notice of the impending end of their mission in the United States. Identify all documents reflecting your response to this interrogatory.

21

## RESPONSE TO INTERROGATORY NO. 19

EDFINA objects to this Interrogatory on the ground that it calls for information known or ascertainable only by EDF. EDFINA further objects to this Interrogatory on the ground that it calls for the identification of documents and other information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without waiving these or any other objections, EDFINA refers plaintiff to said documents and otherwise responds that Gaujacq had at least one year's notice that her mission in the United States expired by its terms on July 31, 2004 and that any decision regarding the timing of notices to Gaujaq regarding the expiration of her mission and/or her return to France following the expiration of her expatriation contract was a decision made or controlled by EDF in France.

## INTERROGATORY NO. 20

Please describe in detail all representations made to Ms. Gaujacq, either verbally or in writing, regarding her future employment by EDF or EDFINA in the United States or in France, both before Mr. Nadal became President of EDFINA and after. Identify all documents reflecting your response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 20

EDFINA objects to this Interrogatory on the ground that it calls for information known or ascertainable only by EDF to the extent it concerns any representations made by EDF. EDFINA further objects to this Interrogatory on the ground that it calls for the identification of documents and other information that may be derived or ascertained from the documents produced by EDFINA pursuant to EDFINA's Document Response, with substantially the same burden upon EDFINA as upon plaintiff. Notwithstanding and without waiving these or any other objections, EDFINA refers plaintiff to said documents and otherwise responds that EDFINA did not make any representations to Gaujacq of the kind described in this Interrogatory.

22

## INTERROGATORY NO. 21

For each Request for Admission you deny, either in whole or in part, please describe all facts upon which you base, or which support, any such denial.

### RESPONSE TO INTERROGATORY NO. 21

EDFINA objects to this Interrogatory on the ground that it violates the limit on number of interrogatories permitted to the plaintiff in that Plaintiff's Request for Admissions to EDFINA consists of 253 separate requests, and this Interrogatory in effect seeks interrogatory responses as to every one of EDFINA's responses to those requests in which EDFINA denied the request. Notwithstanding and without waiving these and any other objections, EDFINA responds that all denials in EDFINA's Response to Plaintiff's First Request for Admissions were made either because EDFINA was unable, after reasonable inquiry, to admit or deny the facts asserted or because EDFINA did not know the facts asserted to be true or knew them to be untrue.

Dated: December 12, 2005

As to objections:

HOGUET NEWMAN & REGAL, LLP

By: _____

Laura B. Hoguet, D.C. Bar No. 200915
10 East 40th Street
New York, New York 10016
(212) 689-8808

*Attorneys for Defendant Electricité de France International North America, Inc.*

23

<u>DECLARATION OF VERIFICATION</u>

I, Christian Nadal, President of Electricité de France International North America, Inc. ("EDFINA"), have reviewed the foregoing Responses to Plaintiff's First Set of Interrogatories to Defendant Electricité de France International North America, Inc. (the "Interrogatories")  To the best of my knowledge, the facts contained in EDFINA's answers to the Interrogatories are correct.

Pursuant to 28 U.S.C Section 1746, I make this declaration under penalty of perjury under the laws of the United States.

_____
Christian Nadal
President, Electricité de France International North
America, Inc.

Dated:  December 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing RESPONSE OF DEFENDANT ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES by electronic mail upon the counsel below, pursuant to the agreement of counsel for all parties to accept service by such method, on December 12, 2005:

> Elaine Charlson Bredehoft (ebredehoft@charlsonbredehoft.com)
> Kathleen Z. Quill
> CHARLSON BREDEHOFT & COHEN, P.C.
> 11260 roger Bacon Drive
> Suite 201
> Reston, Virginia 20190
> (703) 318-6800

> With a courtesy copy by electronic mail as follows:

> Ronald S. Cooper (rcooper@steptoe.com)
> David Clark (dclark@steptoe.com)
> STEPTOE & JOHNSON
> 1330 Connecticut Avenue NW
> Washington, DC 20036
> (202) 429-3000

> Counsel for Defendant Christian Nadal

DOROTHEA W. REGAL

25

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| Plaintiff, | ) | **ECF** |
| v. | ) | Civil Action No. C5-969 (JGP) |
| ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., ELECTRICITE DE FRANCE, S.A. and Christian Nadal, | ) | |
| Defendants. | ) | |

### RESPONSE OF DEFENDANT ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC. TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Electricité de France International North America, Inc. ("EDFINA") responds to Plaintiff's First Request for Production of Documents to Electricité de France International North America, Inc. ("EDFINA") (hereafter, "Plaintiff's First Request for the Production of Documents") as follows:

### GENERAL OBJECTIONS AND RESPONSES

1. EDFINA objects to every Request that uses the term "Company," defined by Plaintiff to mean a combined entity consisting of EDFINA and its parent company in France, Defendant Electricite de France, S.A. ("EDF"), on the ground that such term renders each such Request ambiguous. EDF and EDFINA are two separate companies. EDFINA cannot and does not purport to respond to Plaintiff's First Request for the Production of Documents for EDF.

2.      All documents produced pursuant to this Response will be produced subject to the terms of a Protective Order agreed among the parties and submitted to the court on December 6, 2005.

3.      EDFINA makes these objections and responses without waiver of any right or privilege to object to the introduction of evidence, in this or in any other action or proceeding, of any information contained in any of the documents or the introduction of the documents themselves, upon the grounds of competency, relevancy, materiality, hearsay, authenticity, or any other ground. EDFINA makes no representation of authenticity with respect to any document or tangible thing produced hereunder.

4.      The answers given in response to Plaintiff's First Request for the Production of Documents and the documents produced in response thereto are given without prejudice to EDFINA's rights to present as evidence additional facts and documents which it may later discover or identify or which have been mistakenly omitted by it from the responses or the production of documents. EDFINA objects and responds on the basis of its understanding of and interpretation of the requests in Plaintiff's First Request for the Production of Documents. If Plaintiffs understand or interpret any of the requests in Plaintiff's First Request for the Production of Documents differently, EDFINA reserves the right to supplement any of these responses and the documents produced pursuant hereto, either with additional objections or otherwise.

5.      EDFINA objects to Plaintiff's First Request for the Production of Documents to the extent that it asks for documents, or portions thereof, which are protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege, immunity or protection available under the law, and no document or portion of any document containing such

2

privileged information will be produced. EDFINA does not intend by this response or objection to waive any claim of privilege or immunity.

6.    Inadvertent production of any document subject to any applicable privilege or doctrine, including, but not limited to, the privileges set forth above, is not intended to be, and shall not operate as, a waiver of any such privilege or doctrine, in whole or in part; nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any use of such document or of the information contained therein.

## SPECIFIC RESPONSES

Subject to and without waiver of the foregoing General Objections, which are hereby incorporated by reference into each and every one of the specific responses that follow, EDFINA responds as follows:

## REQUEST NO. 1

Please produce all documents you were requested to identify in plaintiff's first set of interrogatories to you in this action, that you relied on in answering any of the interrogatories, or that reflect or otherwise support your response to any interrogatory.

## RESPONSE TO REQUEST NO. 1

EDFINA objects to this Request on the ground that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 2

Please produce all documents you identified in your Initial Disclosures.

## RESPONSE TO REQUEST NO. 2

EDFINA will produce non-privileged documents responsive to this Request.

3

### REQUEST NO. 3

Please produce each insurance policy referenced in your response to interrogatories of Plaintiff's First Set of Interrogatories to you, and any policy otherwise covering the Company.

### RESPONSE TO REQUEST NO. 3

EDFINA objects to this Request on the grounds that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.    Notwithstanding and without waiving this or any other objections, EDFINA will produce any insurance policy identified in its response to Plaintiff's First Set of Interrogatories that is in its possession, custody or control.

### REQUEST NO. 4

Please produce all documents which discuss, refer, identify, constitute, or support any evaluation (formal or informal) of Ms. Gaujacq at any time during her employment with the Company.

### RESPONSE TO REQUEST NO. 4

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF.  EDFINA further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 5

Please produce all personnel files pertaining to Ms. Gaujacq including, but not limited to, her personnel file, central personnel file, cluster personnel file, local office or division personnel file, hiring file, disciplinary file, termination file, other informal files kept by the Company or any supervisor or manager therein, and copies of any documents maintained in any file referencing Ms. Gaujacq with respect to her health, leave status, performance, compensation, or any complaints made by or concerning Ms. Gaujacq.

4

### RESPONSE TO REQUEST NO. 5

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 6

Please produce all documents which constitute, identify, or refer to any written or oral reprimand, warning, or caution, or any compliment, award, or commendation, given to or concerning Ms. Gaujacq.

### RESPONSE TO REQUEST NO. 6

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 7

Please produce all documents which constitute, identify, or refer to any opportunities, positions, intentions to promote, career plans, or other considerations being given to the future employment of Ms. Gaujacq with the Company from August 2000 forward.

### RESPONSE TO REQUEST NO. 7

EDFINA objects to this Request to the extent it calls for documents in the possession,

custody or control of EDF. Notwithstanding and without waiving this or any other objections,

EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the

extent that such documents are in its possession, custody or control.

### REQUEST NO. 8

Please produce copies of all correspondence between Ms. Gaujacq and the Company, or
concerning Ms. Gaujacq by or to any employee of the Company, or concerning Ms. Gaujacq by
or to any outside person.

### RESPONSE TO REQUEST NO. 8

EDFINA objects to this Request to the extent it calls for documents in the possession,

custody or control of EDF. EDFINA further objects to this Request on the grounds that it is

overbroad and unduly burdensome and calls for the production of documents that are not

relevant or reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving these or any other objections, EDFINA will produce non-

privileged documents responsive to this Request as regards matters alleged in the Complaint, if

any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 9

Please produce copies of all documents prepared by, or at the direction of, any employee
of the Company respecting Ms. Gaujacq.

### RESPONSE TO REQUEST NO. 9

EDFINA objects to this Request to the extent it calls for documents in the possession,

custody or control of EDF. EDFINA further objects to this Request on the grounds that it is

overbroad and unduly burdensome and calls for the production of documents that are not

relevant or reasonably calculated to lead to the discovery of admissible evidence.

6

Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request as regards matters alleged in the Complaint, if any exist, to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 10

Please produce copies of all documents that constitute, refer or relate to any complaints regarding Ms. Gaujacq or her performance, including, but not limited to, any complaints by the SEPTEN group in charge of nuclear reactor designs in Lyon (France) within the France Energy Branch had complained on June 20, 2004 about a lack of information from Ms. Gaujacq.

## RESPONSE TO REQUEST NO. 10

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 11

Please produce all documents supporting any contention by the Company that Ms. Gaujacq's performance was unsatisfactory.

## RESPONSE TO REQUEST NO. 11

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

7

### REQUEST NO. 12

Please produce all documents reflecting the employment relationship between the Company and Ms. Gaujacq (in other words, any contracts, policies or documents governing their employment relationship).

### RESPONSE TO REQUEST NO. 12

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it is vague and overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 13

Please produce all documents reflecting the potential future employment relationship between the Company and Ms. Gaujacq (such as the proposed expatriation contract and mission, and documents related to any positions offered to Ms. Gaujacq for her return to France). This request include all documents that constitute, refer or relate to any representations made to Ms. Gaujacq regarding her continued employment by EDF or EDFINA in the United States.

### RESPONSE TO REQUEST NO. 13

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it is vague and overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

8

## REQUEST NO. 14

Please produce all documents which constitute, refer or relate to any notes taken by any person or by any supervisory employee of the Company, reflecting any evaluation, formal or informal, of Ms. Gaujacq.

## RESPONSE TO REQUEST NO. 14

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 15

Please produce all documents supporting any contention by the Company that because of any fact discovered by the Company since the departure of Ms. Gaujacq, that Ms. Gaujacq would not have been hired or would have been fired (after-acquired evidence).

## RESPONSE TO REQUEST NO. 15

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 16

Please produce copies of any notes taken by any person at any meetings between or among Ms. Gaujacq and any managerial employee or representative of the Company, or any meeting between any persons at which Ms. Gaujacq was discussed.

9

### RESPONSE TO REQUEST NO. 16

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it calls for documents protected from disclosure by the attorney-client privilege and the work-product doctrine. EDFINA further objects to this Request on the ground that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 17

Please produce all email communications from Ms. Gaujacq to any other person or to Ms. Gaujacq from any other person.

### RESPONSE TO REQUEST NO. 17

EDFINA objects to this Request on the grounds that it is vague and overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request as regards matters alleged in the Complaint, if any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 18

Please produce all email communications between or among any the Company managers, supervisors, or employees relating in any manner to Ms. Gaujacq.

### RESPONSE TO REQUEST NO. 18

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it calls for documents protected from disclosure by the attorney-client privilege and the work-product doctrine. EDFINA further objects to this Request on the grounds that it is vague, overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request as regards matters alleged in the Complaint, if any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 19

Please produce all versions (whether drafts, with handwritten notations, etc.) of any communication written by any employee(s) of the Company containing any allegations relating to Ms. Gaujacq.

### RESPONSE TO REQUEST NO. 19

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it calls for documents protected from disclosure by the attorney-client privilege and the work-product doctrine. EDFINA further objects to this Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

11

## REQUEST NO. 20

Please produce all documents from or to any outside person or entity relating in any manner to Ms. Gaujacq.

## RESPONSE TO REQUEST NO. 20

EDFINA objects to this Request on the grounds that it calls for documents protected from disclosure by the attorney-client privilege and the work-product doctrine. EDFINA further objects to this Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request as regards matters alleged in the Complaint, if any exist, to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 21

Please produce any and all job descriptions for each position held by Ms. Gaujacq.

## RESPONSE TO REQUEST NO. 21

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 22

Please produce all documents reflecting any comparison, whether favorable or unfavorable, made by the Company between Ms. Gaujacq and any other employee (past or present) of the Company, including, in particular, Mr. Nadal.

12

### RESPONSE TO REQUEST NO. 22

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request as regards Mr. Nadal, if any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 23

Please produce performance evaluations for all persons the Company contends are comparable or superior to Ms. Gaujacq in experience, education and qualifications.

### RESPONSE TO REQUEST NO. 23

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the ground that it is ambiguous and presumptuous in its assumptions as to any contentions of EDFINA. EDFINA further objects to this Request on the grounds that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDFINA further objects to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such persons described in this Request.

### REQUEST NO. 24

Please produce the personnel file of Mr. Nadal, and any files maintained by the Company that reference Mr. Nadal, his compensation, benefits, performance, evaluations (formal or informal), qualifications and background.

### RESPONSE TO REQUEST NO. 24

EDFINA objects to this Request on the ground that it calls for documents in the possession, custody or control of EDF. EDFINA objects to this Request on the ground that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST NO. 25

Please produce all documents relating to the reassignment out of country of Jean Luc Foret, specifically including when notice was given, the terms of his transition, and when the new assignment began.

### RESPONSE TO REQUEST NO. 25

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the ground that it calls for the production of documents that are that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDFINA further objects to this Request on the ground that it is overbroad and calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of the individual referenced therein. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 26

Please produce all documents reflecting the identity of and level of participation by any decision makers in the acts taken against Plaintiff which are the subject manner of this action.

### RESPONSE TO REQUEST NO. 26

EDFINA objects to this Request on the grounds that it is vague, ambiguous, unduly burdensome, and is duplicative of other requests.

### REQUEST NO. 27

Please produce all documents that constitute, refer or relate to the decision to have the EDF auditors to come to the United States offices of EDFINA for the purpose of undertaking a special audit of EDFINA operations and finances during the period Ms. Gaujacq had served as EDFINA's President.

### RESPONSE TO REQUEST NO. 27

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the ground that it is ambiguous in its characterization of the audit referenced therein. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 28

Please produce all documents that constitute, refer or relate to the decision to appoint Mr. Nadal to replace Ms. Gaujacq as President of EDFINA in the United States.

### RESPONSE TO REQUEST NO. 28

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 29

Please produce all documents that constitute, refer or relate to the decision to pay Mr. Nadal a significantly higher salary as President of EDFINA than that paid to Ms. Gaujacq when she held the same position.

### RESPONSE TO REQUEST NO. 29

EDFINA objects to this Request to the extent it calls for documents in the possession,

custody or control of EDF. EDFINA further objects to this Request on the ground that it is

ambiguous in its characterization of the salary referenced therein. Notwithstanding and without

waiving this or any other objection, EDFINA will produce non-privileged documents responsive

to this Request, if any exist, to the extent that such documents are in its possession, custody or

control.

### REQUEST NO. 30

Please produce all documents that constitute, refer or relate to the decision to remove Ms.
Gaujacq from the list of authorized officers of EDFINA with signature authority on the corporate
bank accounts.

### RESPONSE TO REQUEST NO. 30

EDFINA objects to this Request to the extent it calls for documents in the possession,

custody or control of EDF. Notwithstanding and without waiving this or any other objections,

EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the

extent that they are in its possession, custody or control.

### REQUEST NO. 31

Please produce all documents that constitute, refer or relate to the decision to revoke Ms.
Gaujacq powers as vice president of EDFINA, including but not limited to revoking the authority
to enter into contracts with third parties; the authority to make any representation and/or
warranties on behalf of EDFINA; and, the authority to incur any expenses of behalf of EDFINA.

### RESPONSE TO REQUEST NO. 31

EDFINA will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 32

Please produce all documents that constitute, refer or relate to the decision to change the
locks on the company book closet where the corporate books were kept.

16

### RESPONSE TO REQUEST NO. 32

EDFINA will produce non-privileged documents responsive to this Request, if any exist

### REQUEST NO. 33

Please produce all documents that constitute, refer or relate to the decision to deny Mike Slavitt access to the company's books.

### RESPONSE TO REQUEST NO. 33

EDFINA objects to this Request on the ground that it is ambiguous in its characterization of the decision referenced therein. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 34

Please produce all documents that constitute, refer or relate to the decision to terminate Mike Slavitt and the reasons for the termination.

### RESPONSE TO REQUEST NO. 34

EDFINA will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 35

Please produce all documents that constitute, refer or relate to the instruction of Mr. Nadal for Ms. Gaujacq to bring all files, documents and any electronic email or other data she had at home or on her laptop relating to the multi-national nuclear power joint venture and a key, strategic initiative of EDFINA and EDF (the "Project") to his office.

### RESPONSE TO REQUEST NO. 35

EDFINA objects to this Request on the ground that it is ambiguous in its characterization of the instruction referenced therein. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are within its possession, custody or control

## REQUEST NO. 36

Please produce all documents that constitute, refer or relate to the decision to removed Ms. Gaujacq from her position on the Project with EDFINA in the United States

## RESPONSE TO REQUEST NO. 36

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the ground that it is ambiguous in its characterization of the decision referenced therein. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are within its possession, custody or control.

## REQUEST NO. 37

Please produce all documents that constitute, refer or relate to the decision to directed Ms. Gaujacq to return to France immediately, without an assigned position.

## RESPONSE TO REQUEST NO. 37

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the ground that it is ambiguous in its characterization of the decision referenced therein. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are within its possession, custody or control.

## REQUEST NO. 38

Please produce all documents that constitute, refer or relate to the Company's decision to refuse to sign Ms. Gaujacq' s expatriation contract as earlier promised.

18

## RESPONSE TO REQUEST NO. 38

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the ground that it is ambiguous in its characterization of the decision referenced therein. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are within its possession, custody or control.

## REQUEST NO. 39

Please produce all documents that constitute, refer or relate to the decision to give Ms. Gaujacq only four days' notice that her mission in the United States would end on August 1, 2004.

## RESPONSE TO REQUEST NO. 39

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the ground that it is ambiguous in its characterization of the decision referenced therein. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are within its possession, custody or control.

## REQUEST NO. 40

Please produce all documents that constitute, refer or relate to the Company's decision not to propose a position for Ms. Gaujacq in the EDF Energy Branch in France until November 1, 2004.

## RESPONSE TO REQUEST NO. 40

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the ground that it is

19

ambiguous in its characterization of the decision referenced therein   Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are within its possession, custody or control

## REQUEST NO. 41

Please produce documents sufficient to show (for example the 940 or 941 forms) the number of full-time current employees at the Company, and the number of full-time employees at the Company from 2000 through the present.

## RESPONSE TO REQUEST NO. 41

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are within its possession, custody or control.

## REQUEST NO. 42

Please produce all documents representing the chain of command in each department at the Company including, but not limited to, the supervisor of the department, staff members, etc., throughout the time of Ms. Gaujacq's employment.

## RESPONSE TO REQUEST NO. 42

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objection, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are within its possession, custody or control

## REQUEST NO. 43

Please produce a document or documents reflecting the names, addresses and positions held by each employee of the Company during the period 2000 through the present.

## RESPONSE TO REQUEST NO. 43

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDFINA further objects to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of the persons described therein.

## REQUEST NO. 44

Please produce copies of all documents reflecting each complaint any employee has made against any employee of the Company in the position of manager or above (including supervisors and officers) or against the Company itself, with respect to gender discrimination or retaliation, whether written or oral, internally to any the Company managerial or supervisory employee, or with any outside administrative agency, from 1995 to the present. With respect to each complaint, please provide all documents relating to each investigation and action taken by the Company, and the final result of each such complaint and how it impacted the employees making the complaint or the employees who were the subject of the complaint

## RESPONSE TO REQUEST NO. 44

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDFINA further objects to this Request on the ground that it calls for the production of documents the

disclosure of which would constitute an unwarranted invasion of the personal privacy of the persons described therein.

## REQUEST NO. 45

Please produce all EEO-1 documents submitted to the EEOC or any other agency for the past five years.

## RESPONSE TO REQUEST NO. 45

EDFINA objects to this Request on the ground that the information it seeks is not relevant or reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees.

## REQUEST NO. 46

Please produce documents sufficient to reflect comparative evidence between treatment of female and non-female employees of the Company. This request anticipates all documents supporting or reflecting any specific argument by the Company that the Company does not discriminate on the basis of gender and in the denial of allegations in the Complaint.

## RESPONSE TO REQUEST NO. 46

EDFINA objects to this Request on the ground that the information it seeks is not relevant or reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees. EDFINA further objects to this Request on the ground that it is overbroad and unduly burdensome. EDFINA further objects to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of the employees referenced therein.

### REQUEST NO. 47

Please produce all policies in effect at any time between 2000 and the present with respect to the procedures, including terms of giving notice and terms of transition, to employees being reassigned out of country.

### RESPONSE TO REQUEST NO. 47

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. Notwithstanding and without waiving this or any other objection, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are within its possession, custody or control.

### REQUEST NO. 48

Please produce copies of any the Company policies, practices, or procedures respecting gender discrimination or retaliation for complaints of discrimination in effect as of 1996.

### RESPONSE TO REQUEST NO. 48

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request to the extent that it seeks documents reflecting policies, practices or procedures in effect prior to 2004. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are within its possession, custody or control.

### REQUEST NO. 49

Please produce all documents reflecting the policies, practices and procedures established for any and all employees of the Company who complained of discrimination or retaliation since 1996, and, if different, produce all documents identifying the actual practices used at the Company for filing and investigating such complaints.

23

### RESPONSE TO REQUEST NO. 49

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the ground that it is duplicative of other requests. EDFINA further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDFINA further objects to this Request on the ground that it is vague and ambiguous. EDFINA further objects to this Request to the extent that it seeks documents reflecting policies, practices or procedures in effect prior to 2004. Notwithstanding and without waiving these or any other objections, EDFINA will produce documents responsive to this Request, if any exist, to the extent that they are in its possession, custody or control.

### REQUEST NO. 50

Please produce documents sufficient to reflect all educational materials and/or seminars provided to any and each employee of Defendant since 1996 regarding gender discrimination or retaliation for complaining of discrimination. (The documents should reflect which employees received what and the specific underlying materials provided.)

### RESPONSE TO REQUEST NO. 50

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the ground that it is duplicative of other requests. EDFINA further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDFINA further objects to this Request on the ground that it is vague and ambiguous. EDFINA further objects to this Request to the extent that it seeks documents reflecting policies, practices or procedures in effect prior to 2004. Notwithstanding and without waiving these or any other

24

objections, EDFINA will produce documents responsive to this Request, if any exist, to the extent that they are in its possession, custody or control.

## REQUEST NO. 51

Please produce copies of any employee handbook disseminated by the Company or otherwise in effect since 1996.

## RESPONSE TO REQUEST NO. 51

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the ground that it calls for documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDFINA further objects to this Request to the extent that it seeks any handbook in effect prior to 2004. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are within its possession, custody or control.

## REQUEST NO. 52

Please produce documents relating to all complaints made by any employee of the Company respecting gender discrimination or retaliation because of  complaining of discrimination, any investigation, the results of any such investigation, any action taken, any follow-up by the Company relating to the complaining employee or the subject of the complaint, and the current employment status (including position held) of the complaining employee and the subject of the complaint.

## RESPONSE TO REQUEST NO. 52

EDFINA objects to this Request on the ground that the information it seeks is not relevant or reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees. EDFINA further objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to

this Request on the grounds that it is overbroad and unduly burdensome. EDFINA further

objects to this Request on the ground that it calls for the production of documents the disclosure

of which would constitute an unwarranted invasion of the personal privacy of the employees

referenced therein.

## REQUEST NO. 53

To the extent not included in the response above, please produce all documents relating
to all complaints made by Ms. Gaujacq (whether oral or written, formal or informal) respecting
gender discrimination, unfair, harsh or abusive treatment, or retaliation because of complaining
of discrimination, including all documents relating to any investigation, the results of any such
investigation, any action taken, any follow-up by the Company relating to Ms. Gaujacq's
complaints, and the subject of the complaint. This Request specifically includes, but is not
limited to, complaints made by Ms. Gaujacq about Mr. Nadal's treatment of her to Fernando
Ponasso, Didier Lamethe, Bruno Lescoeur, Mr. Cruezet and Mr. Laroche.

## RESPONSE TO REQUEST NO. 53

EDFINA objects to this Request to the extent it calls for documents in the possession,

custody or control of EDF. EDFINA further objects to this Request on the grounds that it calls

for information that is protected from disclosure by the attorney-work product doctrine and

attorney-client privilege. EDFINA further objects to this Request on the ground that it is

duplicative of other requests. Notwithstanding and without waiving these or any other objections,

EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the

extent that such documents are in its possession, custody or control.

## REQUEST NO. 54

Please produce copies of all formal complaints of gender discrimination or retaliation
because of complaining of discrimination, filed with the United States Equal Employment
Opportunity Commission or any state or local Human Rights Commission, or as a lawsuit,
against the Company, from 1996 through the present, and any documents that relate to or
reference any such claim, or that were submitted to any agency in rebuttal to any such claim.

### RESPONSE TO REQUEST NO. 54

EDFINA objects to this Request on the ground that the information it seeks is not relevant or reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees. EDFINA further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence EDFINA further objects to this Request to the extent it seeks documents regarding events prior to 2004. EDFINA further objects to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals as described therein.

### REQUEST NO. 55

If there is any type of program in place for monitoring, or if any investigation, assessment or evaluation has taken place, as to whether female employees are treated the same or differently from non-female employees at the Company with respect to hiring, performance evaluations, salary increases, bonuses, promotions, demotions, disciplinary actions or terminations, please produce all such documents.

### RESPONSE TO REQUEST NO. 55

EDFINA objects to this Request on the ground that the information it seeks is not relevant or reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees. EDFINA further objects to this Request on the ground that it is overbroad and unduly burdensome.

### REQUEST NO. 56

If you believes the Company has suffered or been damaged as a result of Ms. Gaujacq's actions, please produce all documents supporting your allegation.

### RESPONSE TO REQUEST NO. 56

EDFINA objects to this Request on the ground that it is speculative. Notwithstanding

and without waiving this or any other objection, EDFINA will produce documents responsive to

this Request, if any exist, to the extent that they are in its possession, custody or control.

### REQUEST NO. 57

Please produce all documents respecting Ms. Gaujacq's damages, including any
documents supporting any claim that Ms. Gaujacq is not entitled to all or part of the damages
claimed (this Request relates specifically to the amount of damages, not to the merits of the
underlying claims).

### RESPONSE TO REQUEST NO. 57

EDFINA objects to this Request to the extent it calls for documents in the possession,

custody or control of EDF. Notwithstanding and without waiving this or any other objections,

EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the

extent that such documents are in its possession, custody or control.

### REQUEST NO. 58

Please produce documents sufficient to reflect the financial status of the Company for the
past two years with respect to gross and net revenues, expenses and profit.

### RESPONSE TO REQUEST NO. 58

EDFINA objects to this Request to the extent that it calls for documents that are in the

possession, custody or control of EDF. EDFINA further objects to this Request on the grounds

that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of

admissible evidence. Notwithstanding and without waiving these or any other objection,

EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the

extent that such documents are in its possession, custody or control.

## REQUEST NO. 59

Please produce copies of any business or annual report provided by the Company on an annual or other regular basis since 1996.

## RESPONSE TO REQUEST NO. 59

EDFINA objects to this Request to the extent it calls for documents in the possession, custody or control of EDF. EDFINA further objects to this Request on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDFINA further objects to this Request to the extent it seeks reports generated prior to 2004. Notwithstanding and without waiving these or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 60

Please produce all documents relating to or supporting your partial or full denial of any allegation contained in the Complaint.

## RESPONSE TO REQUEST NO. 60

EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 61

Please produce all statements, whether written, oral, electronic, or recorded, by any person regarding any aspect of the claims, defenses, or facts relevant to this case.

## RESPONSE TO REQUEST NO. 61

EDFINA objects to this Request on the grounds that it is vague and duplicative of other requests. Notwithstanding and without waiving this or any other objections, EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control.

29

### REQUEST NO. 62

Please produce documents supporting your Affirmative Defenses.

### RESPONSE TO REQUEST NO. 62

EDFINA will produce non-privileged documents responsive to this Request, if any exist,

to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 63

Please produce copies of all documents that constitute, refer or relate to any allegations that Ms. Gaujacq was paying fees to consultants and contractors of the company without services being performed.

### RESPONSE TO REQUEST NO. 63

EDFINA will produce non-privileged documents responsive to this Request, if any exist,

to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 64

Please produce copies of all documents that constitute, refer or relate to Mr. Nadal's demand that Ms. Gaujacq provide him with all of her business and company contacts.

### RESPONSE TO REQUEST NO. 64

EDFINA objects to this Request on the ground that it is ambiguous in its characterization

of Mr. Nadal's "demand." Notwithstanding and without waiving this or any other objections,

EDFINA will produce non-privileged documents responsive to this Request, if any exist, to the

extent that such documents are in its possession, custody or control.

### REQUEST NO. 65

Please produce a copy of the audit report and recommendations.

### RESPONSE TO REQUEST NO. 65

EDFINA will produce non-privileged documents responsive to this Request, if any exist,

to the extent that such documents are in its possession, custody or control

## REQUEST NO. 66

Please produce all documents that constitute, refer or relate to any findings or conclusions of the audit, including specifically, any documents suggesting any wrongdoing or accounting improprieties that occurred during Ms. Gaujacq's tenure as President of EDFINA.

## RESPONSE TO REQUEST NO. 66

EDFINA will produce non-privileged documents responsive to this Request, if any exist,

to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 67

Please produce all documents that constitute, refer or relate to the new mission proposed for Ms. Gaujacq in or about the September/October 2004 timeframe.

## RESPONSE TO REQUEST NO. 67

EDFINA objects to this Request to the extent that it calls for documents that are in the

possession, custody or control of EDF. Notwithstanding and without waiving this or any other

objections, EDFINA will produce non-privileged documents responsive to this Request, if any

exist, to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 68

Please produce copies of all versions of the Employment Letter prepared for Ms. Gaujacq, including all drafts and edited copies.

## RESPONSE TO REQUEST NO. 68

EDFINA objects to this Request to the extent that it calls for documents that are in the

possession, custody or control of EDF. Notwithstanding and without waiving this or any other

objections, EDFINA will produce non-privileged documents responsive to this Request, if any

exist, to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 69

Please produce copies of all emails, correspondence, memoranda, and any other documents or notes that refer in any way whatsoever to Ms. Gaujacq's husband or the status of his teaching position or notice needed to return to his teaching position in France.

### RESPONSE TO REQUEST NO. 69

EDFINA will produce non-privileged documents responsive to this Request, if any exist,

to the extent that such documents are in its possession, custody or control.

### REQUEST NO. 70

Please produce all documents gathered during the preparation of the defense of this action, including documents received as responses to subpoenae, voluntary requests for documents to outside parties, and internal document-gathering processes.

### RESPONSE TO REQUEST NO. 70

EDFINA objects to this Request on the ground that it calls for information that is

protected from disclosure by the attorney-work product doctrine and attorney-client privilege.

EDFINA further objects to this Request on the ground that it seeks disclosure beyond what is

permitted under the Federal Rules of Civil Procedure.

### REQUEST NO. 71

Please produce all documents you contend are relevant in any way to this action.

### RESPONSE TO REQUEST NO. 71

EDFINA objects to this Request on the ground that it is duplicative of other requests.

Notwithstanding and without waiving this or any other objection, EDFINA will produce non-

privileged documents responsive to this Request, if any exist, to the extent that such documents

are in its possession, custody or control.

### REQUEST NO. 72

For each Request for Admission you deny, either in whole or in part, please produce all documents that support any such denial.

32

## RESPONSE TO REQUEST NO. 72

EDFINA objects to this Request on the ground that it seeks disclosure beyond what is permitted under the Federal Rules of Civil Procedure. EDFINA further objects to this Request on the ground that it is duplicative of other requests. EDFINA further objects to this Request on the ground that it seeks documents protected from disclosure by the work product doctrine.

Dated: December 12, 2005

HOGUET NEWMAN & REGAL

By: _____
      Laura B. Hoguet, Esq., D.C. Bar No. 200915
10 East 40th Street
New York, New York 10016
(212) 689-8808

*Counsel for Defendant Electricité de France International North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing RESPONSE OF DEFENDANT ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC. TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS by electronic mail upon the counsel below, pursuant to the agreement of counsel for all parties to accept service by such method, on December 12, 2005:

Elaine Charlson Bredehoft (ebredehoft@charlsonbredehoft.com)
Kathleen Z. Quill
CHARLSON BREDEHOFT & COHEN, P.C.
11260 roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

With a courtesy copy by electronic mail as follows:

Ronald S. Cooper (rcooper@steptoe.com)
David Clark (dclark@steptoe.com)
STEPTOE & JOHNSON
1330 Connecticut Avenue NW
Washington, DC 20036
(202) 429-3000

Counsel for Defendant Christian Nadal

DOROTHEA W. REGAL

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ, | **ECF** |
| Plaintiff, | Civil Action No. 05-969 (JGP) |
| v. | |
| ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., ELECTRICITE DE FRANCE, S.A. and CHRISTIAN NADAL, | **INITIAL DISCLOSURES OF DEFENDANTS ELECTRICITE DE FRANCE, S.A. AND ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC.** |
| Defendants. | |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendants Electricité de France, S.A. ("EDF") and Electricité de France International North America, Inc. ("EDFINA"), by and through their attorneys, Hoguet Newman & Regal, LLP, make the following initial disclosures:

## I.     PRELIMINARY STATEMENT

The investigation by Defendants EDF and EDFINA into the matters alleged in the Complaint is ongoing. These initial disclosures are based on information presently available to defendants EDF and EDFINA, and EDF and EDFINA expressly reserve the right to supplement or amend these initial disclosures as may become necessary or appropriate in the future. These initial disclosures are made subject to and without waiver of any applicable privilege, or doctrine or law of protection from disclosure, or any defense. Defendants EDF and EDFINA expressly reserve the right to object to the production of documents or testimony or other discovery procedures involving or relating to the persons or documents identified in these disclosures on the basis of privilege, or doctrine or law of protection from disclosure, or as otherwise deemed appropriate.

## II.    DISCLOSURES

### A.    Disclosure of Individuals

**Rule 26(a)(1)(A):**  The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**Response:**

Defendants EDF and EDFINA believe that the following individuals are likely to have discoverable information that they may use in support of their defenses. In addition, Defendants EDF and EDFINA may use any discoverable information that other individuals may have who are identified in the Initial Disclosures of Defendant Christian Nadal.

1.    Catherine Gaujacq. Ms. Gaujacq is likely to have information relating to Defendants' defenses and Plaintiff's allegations.

2.    Catherine Gaujacq's husband  Mr. Gaujacq is likely to have information relating to Plaintiff's allegations concerning her husband's employment and concerning Plaintiff's damages claims.

3.    Alexandre Audie  EDF employee serving as Director of Public Affairs, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527. Mr. Audie is likely to have information relating to Defendants' defenses and Plaintiff's allegations concerning Mr. Nadal and concerning EDFINA.

4.    Mame Bawo Ba. Market Analyst, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527. Ms. Ba is likely to have information relating to Defendants' defenses and Plaintiff's allegations concerning Mr. Nadal.

2

and concerning events at EDFINA.

5.     Jean-Louis Betouret.  Director of Human Resources and Communications, EDF Americas, Eduardo Madero, 900 piso 23, Buenos Aires CP 1106, (54) 11-4132-8533. Mr. Betouret is likely to have information concerning Defendants' defenses, including, but not limited to defenses to Plaintiff's claims for breach of contract, retaliation and discrimination, and concerning communications with Plaintiff.

6.     Jacques Bouron.  EDF Director of Development of Executives, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE.  Mr. Bouron is likely to have information concerning Plaintiff's allegations and Defendants' defenses, including, without limitation, the relationship between EDF and EDFINA, the role of EDF employees delegated to EDFINA, communications with Plaintiff and the termination of Plaintiff's employment.

7.     Gerard Creuzet.  Former Chief Operating Officer of EDF.  Mr. Creuzet is likely to have information concerning Plaintiff's claims and Defendants' defenses, including but not limited to Plaintiff's allegations concerning her communications with Mr. Creuzet. This individual is no longer employed by EDF.

8.     Benoit Dreux.  EDF employee serving as Vice President of EDFINA, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527.  Mr. Dreux is likely to have information relating to Defendants' defenses, including without limitation events at EDFINA and Plaintiff's allegations concerning Mr. Dreux and Mr. Nadal.

9.     Jean Luc Foret.  EDF Technical Director for EPR Program, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE.  Mr. Foret is likely to have information relating to Defendants'

3

defenses and Plaintiff's allegations concerning Mr. Nadal and concerning NuStart.

10. Yann Laroche. EDF Executive Vice President of Human Resources, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE. Mr. Laroche is likely to have information concerning Plaintiff's allegations and Defendants' defenses, including, without limitation, the relationship between EDF and EDFINA, the role of EDF employees delegated to EDFINA and the benefits and procedures associated with such assignment, defendant Nadal's qualifications and experience, EDF personnel and administrative policies, communications with Plaintiff and the termination of Plaintiff's employment.

11. Bruno Lescoeur. Executive Vice President for International Affairs of EDF, EDF S.A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE. Mr. Lescoeur is likely to have information concerning Defendants' defenses and Plaintiff's allegations concerning communications with Plaintiff.

12 Michael McVicker, Esq., 1810 Michael Faraday Dr., Ste. 1, Reston, VA. Mr. McVicker is likely to have information relating to Defendants' defenses, including but not limited to defenses to Plaintiff's damages claims, concerning Plaintiff's search for other employment, and concerning Plaintiff's visa and immigration status.

13. Christian Nadal. Delegate General of EDF serving as President of EDFINA, EDF International North America Inc., Suite 509, 1730 Rhode Island Avenue, N.W., Washington, D.C. 20036, (202) 429-2527. Mr. Nadal is likely to have information relating to Defendants' defenses and Plaintiff's allegations, including but not limited to allegations of alleged harassment and concerning communications with Plaintiff.

4

14. Fernando Ponasso. Former Chairman of EDFINA and former Executive Vice President of EDF Branch Americas. Mr. Ponasso is likely to have information concerning Plaintiff's allegations and Defendants' defenses, including, without limitation, the relationship between EDF and EDFINA, the role of EDF employees delegated to EDFINA, EDF and EDFINA policies, communications with Plaintiff and the termination of Plaintiff's employment. This individual is no longer employed by EDF.

15. Georges Servière. Deputy Executive Vice President for Engineering of EDF, EDF S A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE. Mr. Servière is likely to have information relating to Defendants' defenses and Plaintiff's allegations concerning NuStart.

16. Laurent Stricker. Executive Vice President for Generation and Engineering, EDF S A., 22-30 Avenue de Wagram, 75008 Paris, FRANCE. Mr. Stricker is likely to have information concerning Plaintiff's allegations and Defendants' defenses, including, without limitation, communications with Plaintiff and the termination of Plaintiff's employment.

17. An officer, director, or managing agent of ENTERGY Nuclear is likely to have information relating to Defendants' defenses, including but not limited to defenses to Plaintiff's damages claims.

**B.    Disclosure of Documents**

**Rule 26(a)(1)(B):** A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**Response:**

To support their claims and defenses, Defendants EDF and EDFINA will rely, in part,

on documents described in the categories of documents set forth below. The categories of documents identified herein are documents in the possession, custody or control of Defendants EDF and/or EDFINA. In addition, Defendants EDF and EDFINA expect that they may also use in support of their defenses in this action documents presently in the possession, custody or control of Plaintiff, Defendant Christian Nadal and/or third parties.

    1       Plaintiff's employment records;

    2       Documents concerning the termination of Plaintiff's employment;

    3.      E-mails and other correspondence between and among Plaintiff and any current or former officers, employees, directors or agents of EDFINA and EDF;

    4       Agreements and drafts or proposals of agreements between or among Plaintiff and EDF and/or EDFINA concerning her employment;

    5.      Documents concerning the organization and company policies of EDF and EDFINA;

    6.      Documents related to Gaujacq's proceeding before the "Conseil des Prudhommes";

    7.      Documents concerning Plaintiff's visa and immigration status;

    8.      Documents concerning Defendant Nadal's visa and immigration status;

    9.      Employment records of Defendant Nadal;

    10.     Documents relating to NuStart;

    11.     Documents obtained from the Equal Employment Opportunity Commission ("EEOC") in connection with Plaintiff's charge filed with the EEOC against Defendants;

    12.     Documents concerning the audit report referred to in the Complaint;

    13.     Documents concerning Plaintiff's activities and performance while serving as President of EDFINA and while serving as Vice President of EDFINA.

**C.    Disclosure of Damages**

**Rule 26(a)(1)(C):**  A computation of every category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**Response:**  Defendants EDF and EDFINA have not asserted any claim against Plaintiff for damages but reserve the right to do so in the future.

**D.    Disclosure of Insurance**

**Rule 26(a)(1)(D):**  Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse payments made to satisfy the judgment.

**Response:**  Defendants EDF and EDFINA are not aware of the existence of any insurance agreement as described in Rule 26(a)(1)(D).

Dated:      New York, New York
            October 27, 2005

                        HOGUET NEWMAN & REGAL , LLP

                        By:_____/s/_____
                              Laura B. Hoguet (D.C. Bar No. 200915)

                        10 East 40th Street
                        New York, NY 10016
                        (212) 689-8808

                              *Attorneys for Defendants Electricité de France, S.A., and Electricité de France International North America, Inc.*

7