IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| Plaintiff, | ) |
| v | ) No. 1:05CV0969 (JGP) |
| ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., et al. | ) |
| Defendants. | ) |

**SUPPLEMENT TO ALERT THE COURT TO
NEW DEVELOPMENTS IMPACTING THE MOTIONS BEFORE
THIS COURT AND MOTION FOR ENFORCEMENT OF THE RULES**

Plaintiff Catherine Gaujacq, by counsel, hereby moves this Court for an Order, pursuant to Fed. R. Civ. P. 30, 33, 34 and 37, to facilitate the prompt and orderly progress of this case to trial, to require the Defendants to comply with the Rules governing litigation in this District, and to protect the Plaintiff from further penalty because of the conduct. The grounds for this Motion are set forth in the attached Memorandum.

January 18, 2006

Respectfully submitted,

_____
Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive,
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
  Catherine Gaujacq

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELECTRICITE DE FRANCE )<br>  INTERNATIONAL NORTH AMERICA, )<br>INC., et al. )<br>)<br>Defendants ) | No. 1:05CV0969 (JGP) |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM TO ALERT THE COURT TO NEW DEVELOPMENTS IMPACTING THE MOTIONS BEFORE THIS COURT & MEMORANDUM IN SUPPORT OF MOTION FOR ENFORCEMENT OF THE RULES**

The plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), by counsel, pursuant to Fed. R. Civ. P. 37 and the general powers of this Court, hereby brings to the attention of the Court further conduct of Defendants touching on the multiple motions before this Court, and further requests enforcement of Fed. R. Civ. P. 30, 33, 34 and 37. Plaintiff also is providing, consistent with both of these efforts, further evidence of Defendants' continuing, and spiraling pattern of delay and obstruction of the orderly manner of discovery in this case.

Plaintiff is in the novel position of having Defendants refuse to take her deposition on the date selected by Defendants and for which Ms. Gaujacq is traveling from Mississippi to attend (and has taken off the precious time from work and obtained a non-refundable ticket), followed by the Defendants' abject, stated refusal to produce the Defendants for the properly noticed Depositions, which have been noticed consistent with Fed. R. Civ. P. 30, and the Rule 16.3 (d) Report and at the request of Defendants. Attachments 1, 2 and 3.

Significantly, Defendants have not contended they are not available for the noticed Depositions. Defendants have provided no alternative dates. Defendants have simply stated that they are not producing the Defendants regardless of whether this Court has provided them relief from so doing. Attachment 3.

In what can be generously characterized as a spoiled child throwing a temper tantrum, Defendants' reason for refusing to take Ms. Gaujacq's deposition this Friday is that they are not getting everything they are asking for (a promise that Ms. Gaujacq will submit to a minimum of two ten-hour days of deposition and possibly more BEFORE the scheduling or taking of ANY Defendant's deposition – all of which violates the Rules, and apparently less relevant now, the prior agreement of counsel); therefore, Defendants will not cooperate in anything – the production of the parties for depositions noticed in compliance with the Rules, providing sufficient discovery responses, labeling documents or providing privilege logs, compliance with the Protective Order, and even agreement on a new trial date more than a year from now.

Plaintiff is attaching the most recent series of communications between counsel. Attachments 1-4. As is starkly clear, the hostility and unpleasant manner in which defense counsel are communicating only worsens with time. Plaintiff asks the Court to simply read the progression of emails and letters among counsel, some of which are attached to Plaintiff's earlier opposition, and some here. It will become clear that Plaintiff has been trying to cooperate in discovery, has tried to get Defendants to cooperate and be reasonable, has addressed them in a respectful and professional manner, and has made legitimate, timely efforts to meet and confer while respecting counsel's schedules, and to provide alternative solutions to the disputes.

In sharp contrast, Defendants have become increasingly hostile and rude, have refused to give any consideration to any issue raised by Plaintiff in discovery (right down to refusing to

2

label which documents are responsive to which documents, to identify the documents in French that have been labeled Highly Confidential to prevent Ms. Gaujacq from interpreting the documents, after representing to counsel that they would avoid that at all costs, or to even provide a privilege log), and have made absolutely no effort to compromise or resolve ANY issue before the Court, even something so simple as rescheduling the trial date to accommodate plaintiff's counsel's time with her children for Spring Break in 2007.

On top of this, Defendants have been manipulating the "meet and confer" rule as a weapon and a tool to further their delay and obstruction, while ignoring it in filing their motions. As was demonstrated in the earlier communications attached to prior motions, defense counsel wrote a letter expressing concerns about Plaintiff's discovery, even before receiving the documents, and demanded plaintiff also serve a corporate designee notice on defendants, also without having provided the documents. In the same letter, defendants list specific times for a "meet and confer" without permitting the issues to be first addressed and limited, threatening to tell the Court that Plaintiff "refused" to meet and confer if she was not available at those times and dates (which were less than 2 business days later). Instead, Plaintiff COMPLIED with Defendants' demands, supplementing discovery and serving notices of corporate designee depositions. Defendants then filed a motion with this Court without seeking a meet and confer based upon the service of the notices of deposition, knowing counsel was out of town, but was available the very next business day to speak, and in fact had offered to make herself available the ENTIRE week to meet and confer (which Defendants mysteriously ignored).

Again, in sharp contrast, Plaintiff's counsel sent out letters to Defendants addressing her concerns of their non-responsiveness to discovery, asking them to give serious consideration to her concerns, as she had with theirs in supplementing her discovery, and suggesting the week of

3

January 3 (two weeks later) as the week to resolve any disputes, if they could not be resolved. Defendants responded with harshly worded letters, refusing to cooperate IN ANY MANNER with ANY of the items addressed, and then refused to make themselves available ANY TIME during the week of January 3, 2005, and refused to provide any reason for their unavailability, instead suggesting two times, one of which was after Plaintiff would have to file her motions, and the other a time counsel knew Plaintiff's counsel was unavailable because of personal obligations.

Yesterday, after making clear they were not going to take Ms. Gaujacq's deposition and would not reconsider this issue (and engaging in further hostile, unpleasant, colloquy), counsel sent a letter threatening to move to Strike all of Plaintiff's motions for her "refusal" to engage in a meet and confer. Attachment 4. Again, the process being used as a weapon and instrument of delay and obfuscation, rather than to meet the legitimate objectives for which the requirement was imposed. And, of course, Defendants have continued to ignore the question of why they were unable to meet and confer at any time during the week of January 3rd when Plaintiff's counsel made legitimate efforts to set up such a meeting, even offering separate calls if accommodation of schedule was the issue.

As the progression of all of this suggests, this entire situation is entirely out of hand. Defendants are refusing to comply with any Rule of this Court, are increasingly uncooperative and hostile in their communications and abject refusal to do anything that may advance this litigation, have demonstrated a severe and marked pattern of delay and obfuscation, and anything Plaintiff attempts to do to enforce the Rules, move the ball forward, or get this case back on track is rejected in the most unpleasant manner.

Plaintiff is hesitant to seek sanctions, and requests the guidance of this Court. Counsel has never encountered the refusal to take Plaintiff's deposition or provide the party defendants for deposition and not provide alternative dates when noticed, all else failing. Meanwhile, the Plaintiff is severely restricted in her ability to take time off from work and travel, but is here, ready and able to provide a deposition, within the limits of the Rules, on Friday, January 20, 2006. In addition, after failure to get Defendants to provide ANY date for Mr. Nadal, despite the language of the Rule 16.3 (d) Report, ¶ 9(b), that his deposition would be taken shortly after Ms. Gaujacq, as early in January as possible, ("both as close to the beginning of such period as may be arranged"), Plaintiff properly noticed the deposition of Mr. Nadal, giving more than 30 days' notice, and suggesting to counsel an ability to work with them, within a short period of time. At Defendants' insistence, Plaintiff, with only two days to review documents produced by Defendants, prepared and served the corporate designee notices, again, suggesting that mutually agreeable dates could be worked out, but because Defendants were refusing to give dates, the Plaintiff would require something within that short timeframe. (*See* Attachments to prior Plaintiff's Motions and Plaintiff's Opposition).

One possible (and warranted) solution, albeit drastic, would be to enter Judgment against the Defendants, jointly and severally, and set a trial date on damages in the near future. Another alternative would be to enter a Protective Order prohibiting Defendants from taking the deposition of Ms. Gaujacq, having chosen a date, had Ms. Gaujacq take off work and travel here for the deposition, and Defendants refusing to depose her. In addition, the Defendants should be

5

required to provide the depositions of Mr. Nadal and the corporate designees in Plaintiff's counsel's office forthwith, but in no event later than mid-February [1]

An additional option, which Plaintiff also requests through Fed. R. Civ. P. 37, with the guidance of the Court, is that Defendants be ordered to immediately, fully respond to all discovery propounded by Plaintiff, with the only objections preserved being attorney-client and work product privileges, and Defendants be required to provide simultaneously a privilege log, all prior to the depositions of any of the Defendants.

The Protective Order needs to be amended to prevent further abuse, and Plaintiff requests this, as well as a new, earlier trial date.

What should be crystal clear, is that the parties cannot continue down this path. Life is simply too short to deal with the level of animosity, hostility, absence of cooperation and unpleasant communications. Scores of counsel and parties are able to peaceably co-exist in litigation all the time, in every Court across the Nation. There is no reason for counsel not to maintain a demeanor of professionalism and cooperation. There is also no reason for a party to willfully disobey the Rules governing the orderly progression of litigation.

The Defendants cannot continue in their drive that if they cannot have the entire contents of the Candy store for free, no one may enter the Candy store, even to lawfully purchase a piece of candy. The assistance and intervention of this Court is necessary to stop this course of conduct.

---

[1] One concern is that the deadline for amending the pleadings is March 1, 2006. The defendants' depositions need to be taken in order to discover the need for and facilitate amendment.

## CONCLUSION

For the reasons set forth above, Plaintiff requests this Court to enter Orders as appropriate to facilitate the prompt and orderly progress of this case to trial, to require the Defendant to comply with the Rules governing litigation in this District, and to protect the Plaintiff from further penalty because of the conduct. Plaintiff further requests this Court award her attorneys' fees and costs expended in this effort, given the willful, brazenness of Defendants' conduct and the clear violation of the Rules of this Court, in continuing to demonstrate a pattern of delay and obstruction.

January 18, 2006

Respectfully submitted,

_____
Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive,
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
  Catherine Gaujacq

7