# EXHIBIT 1

## Elaine Bredehoft

| | |
|---|---|
| **From:** | Teale, Kathleen [kteale@steptoe.com] |
| **Sent:** | Friday, January 13, 2006 2:58 PM |
| **To:** | Elaine Bredehoft |
| **Cc:** | LHoguet@hnrlaw.com; DRegal@hnrlaw.com; Cooper, Ronald; Clark, David |
| **Subject:** | Letter |

Elaine - Enclosed please find the attached letter from Ron Cooper.

<<BRDHFT PDF>>

Kathleen Teale
Steptoe & Johnson, LLP
1330 Connecticut Ave., N.W
Washington, D.C. 20036
(202) 429-6425
kteale@steptoe.com

The information in this email is confidential and may be legally privileged. It is intended solely for the addressee Access to this email by anyone else is unauthorized If you are not the intended recipient, please advise the sender by return email and delete the message and any attachments.

01/18/06

# STEPTOE & JOHNSON LLP
ATTORNEYS AT LAW

Ronald S Cooper
202 429 8075
rcooper@steptoe.com

1330 Connecticut Avenue NW
Washington DC 20036-1795
Tel 202 429 3000
Fax 202 429 3902
steptoe.com

January 13, 2006

**VIA EMAIL**

Elaine Charlson Bredehoft
Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190

Re: Gaujacq v. EDF - No. 1:05CV0969

Dear Elaine,

We will be responding soon to your various motions from earlier this week. However, there is one error on your part that we need to correct immediately. On page 11 of your Opposition to Defendants' Motion to Compel, you state that Ms. Gaujacq is planning on flying to Washington and having her deposition conducted on January 20, 2006.

The Defendants have never agreed to conduct the one-day deposition you suggested on January 20th. More importantly, the Defendants have not yet noticed Ms. Gaujacq's deposition for any date. Indeed, at this late date, such an option is utterly unworkable. The Defendants put this issue squarely before the Court in a motion to compel, and we have provided more than sufficient notice to the Plaintiff to avoid unnecessary travel. Our reply brief on the matter is not even due to the Court until January 23, and thus there is no chance that the matter will be resolved in time to begin Plaintiff's deposition on January 20.

Elaine Bredehoft
January 13, 2006
Page 2

      Given the volume of documents recently produced by Defendants, we recognize that your client may have other reasons to fly to the area. We only wish to make it clear that she will not be coming on January 20 at our request.

                                          Sincerely,

                                          Ronald S. Cooper


cc:    Laura Hoguet
       Dorothea Regal
       David Clark

# EXHIBIT 2

# Elaine Bredehoft

**From:** Elaine Bredehoft
**Sent:** Monday, January 16, 2006 10:05 AM
**To:** 'rcooper@steptoe com'
**Cc:** 'Laura Hoguet'; 'David Clark'; 'Dorothea Regal'
**Subject:** Deposition of Catherine Gaujacq

Ron: I was very surprised to receive you letter by email late Friday. I did not interpret any communication from you or the other counsel for defendants as cancelling Ms. Gaujacq's deposition on January 20. I was well aware that you wanted to extend it, but I never realized that you were taking an "all or nothing" approach to the scheduling of Ms. Gaujacq's deposition.

After receiving your email, I contacted Ms. Gaujacq. Because she obtained a non-refundable ticket to keep the costs down and has arranged for that time off, she is not able to cancel it and will be here in any event. In addition, she is so constricted on available dates due to her work schedule and lack of vacation time, that she will not be able to travel here again before March, and then has only limited availability

If you decide to cancel Ms. Gaujacq's deposition, this will not affect our intention to take Mr. Nadal's deposition, or the corporate designees of EDF and EDFINA in the next few weeks as scheduled, absent Court intervention or working out a mutually agreeable alternative. If it is still your desire to take Ms. Gaujacq's deposition prior to the other parties, this may be the defendants' only opportunity to do so.

I urge you to reconsider. We are still able to appear for a deposition on Friday, January 20 in your offices, or if you would prefer, in our offices.

Please let me know as soon as possible whether the defendants still wish to take Ms. Gaujacq's deposition on Friday. If you choose not to, I will schedule other things on my calendar that I have set aside because of this obligation. I would therefore appreciate your decision as quickly as possible.

Thank you for your consideration. I look forward to hearing from you. Although our offices are closed in observance of Martin Luther King Day, I will be checking my emails from time to time today for your response. Elaine


Elaine Charlson Bredehoft
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
(703) 318-6800 Phone
(703) 318-6808 Fax

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, forwarding or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail or telephone, and delete the original message immediately. Thank you.

# EXHIBIT 3

# Elaine Bredehoft

**From:** Cooper, Ronald [RCooper@steptoe.com]
**Sent:** Monday, January 16, 2006 4:16 PM
**To:** Elaine Bredehoft
**Cc:** Clark, David; DRegal@hnrlaw.com
**Subject:** Your email of earlier today

Elaine,

It is hard to understand how you could have been laboring under the impression that Defendants would go forward with a single day of Ms Gaujacq's deposition given the positions the parties have taken. Since you first revealed your position that the second consecutive date originally considered for Plaintiff's deposition would only be made available if it were needed in your own estimation, we have been clear on the reasons why such an approach was unworkable from our perspective I see no benefit to restating those reasons in this email, but you should know that Defendants' position (as articulated in my letter on Friday) stands.

Furthermore, as we have also made clear previously, Defendants have no intention of facilitating the depositions of Mr. Nadal, in his individual and representative capacities (or such further designees of the corporate defendants as may be necessary to respond to the unobjectionable aspects of your notices) until after Plaintiff's deposition as previously agreed, whenever that may take place All of these matters, including your notices, are before the Court. Accordingly, unless resolved by the parties, the basic parameters for the depositions will be sorted out by the Court in due course, and the parties may then consider their respective availability for particular dates.

It was your decision to abandon the parties' scheduling discussions in favor of unilateral action that led the parties to their present predicament and that pushed back the deposition schedule. Due to your reneging on our earlier understandings regarding deposition scheduling, your refusal to meet and confer with us on those issues, and your unilateral and inflexible selection of dates for 30(b)(6) depositions, all leaving us no reasonable option but to make our Motion to Compel and for a Protective Order (which is presently pending), neither Ms. Gaujacq's deposition nor the depositions of any of the Defendants can take place in January. We hope that the Court will resolve the Defendants' pending motion soon, and we believe that Plaintiff's deposition and the presently noticed Defendants' depositions could thereafter be scheduled and completed fairly promptly (although we are probably now looking at February/March rather than January/February). How soon after the Court's decision these things may be accomplished depends in large measure on you Thank you.

Ron Cooper

Steptoe & Johnson LLP
phone- 202 429 8075
cell -  703 568 4053
fax-   202 261 0509
rcooper@steptoe.com

The information in this email is confidential and may be legally privileged. It is intended solely for the addressee Access to this email by anyone else is unauthorized. If you are not the intended recipient, please advise the sender by return email and delete the message and any attachments

01/18/06

# EXHIBIT 4

**Elaine Bredehoft**

| | |
|---|---|
| From: | Cooper, Ronald [RCooper@steptoe.com] |
| Sent: | Tuesday, January 17, 2006 10:42 AM |
| To: | Elaine Bredehoft |
| Cc: | DRegal@hnrlaw.com; Clark, David |



BRDHFT (2).PDF

    Elaine,

The attached letter is also being sent by regular mail.

Ronald S. Cooper

Steptoe & Johnson LLP
phone- 202.429.8075
cell - 703.568.4053
fax-   202.261.0509
rcooper@steptoe.com

The information in this email is confidential and may be legally
privileged. It is intended solely for the addressee. Access to this
email by anyone else is unauthorized. If you are not the intended
recipient, please advise the sender by return email and delete the
message and any attachments.


-----Original Message-----
From: Schenck, Ellen
Sent: Tuesday, January 17, 2006 10:38 AM
To: Cooper, Ronald
Subject: BRDHFT (2).PDF


<<BRDHFT (2).PDF>>

1

# STEPTOE & JOHNSON LLP
### ATTORNEYS AT LAW

Ronald S Cooper
202 429.8075
rcooper@steptoe.com

1330 Connecticut Avenue NW
Washington DC 20036-1795
Tel 202 429 3000
Fax 202 429 3902
steptoe.com

January 17, 2006

**VIA EMAIL**

Elaine Charlson Bredehoft, Esq
Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190

    Re    Gaujacq v. EDF - No. 1:05CV0969

Dear Elaine,

    We were surprised and disappointed to receive the flurry of motions you filed at the end of the day last Wednesday. Notwithstanding your certifications, you have plainly failed to meet your obligation to attempt to resolve these motions prior to their being submitted to the Court. Indeed, several of the issues raised by these motions are "manufactured" disputes (e.g., the rescheduling of the trial date, and production of a privilege log) which can only serve some tactical purpose of yours at the expense of burdening the Court and the defendants.

    Particularly troubling is your omission from your Exhibit 3 of Dave Clark's January 6, 2006 e-mail which reiterated our offer of two available times early last week, one on Monday afternoon, and another on Wednesday morning, when we were available to discuss your concerns. Both of these times were prior to your Motion to Compel filings late in the day on Wednesday. You did not even extend us the courtesy of a response to this email. Your failure to present this important piece of correspondence materially misrepresented to the Court our efforts and availability to meet and confer.

    Unless you notify us promptly that you are willing to withdraw your Motion to Reschedule Trial, Motion to Amend Protective Order, Motion to Compel (directed to Nadal), and Motion to Compel (directed to EDFINA), and conduct the necessary meeting with us as directed by the Rules, we will file a Motion to Strike all of these pleadings, and move for costs and fees. As these Motions are now

Elaine Bredehoft
January 17, 2006
Page 2

pending before the court, we need to hear from you by close of business tomorrow. We would very much like to avoid unnecessary expense for our clients.

                              Sincerely,

                              Ronald S. Cooper

cc:    Laura Hoguet
       Dorothea Regal
       David A. Clark