IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| Plaintiff, | ) |
| v. | ) No. 1:05CV0969 (JGP) |
| ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., et al. | ) |
| Defendants. | ) |

## MOTION TO STRIKE FOR FAILURE TO MEET AND CONFER

This motion is brought by all Defendants, Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA"), and Christian Nadal ("Nadal") to strike various motions filed by Plaintiff before meeting her obligation to meet and confer.

### PRELIMINARY STATEMENT

Counting this motion, there are no less than seven motions pending before this Court over matters on which the parties had an obligation to confer. Yet not a single conference has been had. Defendants are not to blame for the collapse of the meet and confer process, and we submit that there are matters within these motions that could be resolved if the parties were to confer as the rules require. If the Court agrees, it should right the process by granting this motion to strike and ordering the parties to confer in good faith to impasse before any of the stricken motions is re-filed.

## THE COURT SHOULD STRIKE PLAINTIFF'S PENDING MOTIONS

To be sure, Defendants filed the first of the pending motions. *See* Defendants' Motion To Compel and for a Protective Order (Dkt # 26). However, that first motion was necessary precisely because Plaintiff's counsel ignored Defendants' repeated written requests to meet and confer over important issues relating to deposition discovery[1] and, instead, resorted to self-help by noticing multiple depositions in a manner inconsistent with the parties' prior agreements and the reasonable needs of the Defendants. *See id.* at 3-5 (recounting Defendants' efforts to secure a conference and Plaintiff's ignoring of same). Because Plaintiff refused to even acknowledge Defendants' multiple requests for available times to confer, Defendants were obliged to seek assistance and protection from the Court. *Id.* at 4.

In response to Defendants' motion, Plaintiff did not come back to Defendants to resume the meet and confer process or make any attempt to work out these concerns. Instead, she rushed to file her own motions over a host of issues that might have been resolved by the parties and, in the process, ignored plain written statements of Defendants' willingness and availability to confer over Plaintiff's issues on particular dates and times. Indeed, several days before Plaintiff filed multiple motions on the evenings of both January 10th (Plaintiff's Motion To Reschedule Trial (Dkt. #29) and Plaintiff's Motion To Amend Protective Order (Dkt # 28)) and January 11th (two additional motions to compel against defendants Nadal and EDFINA (Dkt. #s 30 and 31), Defendants had clearly communicated their ability to confer:

---

[1] Though Plaintiff alleges that she did not "perceive" Defendants attempts to secure a conference call, this is difficult to credit. Defendants' December 15 letter (attached as Exhibit D to the original Motion to Compel) states, "We would like to confer with you on these matters, in compliance with Local Civil Rule 7(m), and propose a telephone conference with you on Monday, December 19, 2005 at 2:30 p.m." When Plaintiff ignored Defendants' request, Defendants sent a second letter on December 19 (attached as Exhibit F to the original Motion to Compel), which states, "You declined to meet and confer with us by telephone today, as we had requested, but you did not offer an alternative time and, in fact, appear to have ignored our request to meet and confer. Please provide us your earliest available times for a telephone conference on Tuesday or Wednesday of this week (December 20 or 21) or we will conclude that you are unwilling to meet and confer on these important issues, and we will so indicate to the Court."

> **From:** Clark, David
> **Sent:** Friday, January 06, 2006 10:32 AM
> **To:** 'Elaine Bredehoft'
> **Cc:** Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com
> **Subject:** RE: Conference Time
>
> Elaine,
>
> We have responded promptly and fairly to your request for a telephone conference on discovery issues. Your implication to the contrary is unfounded. You will recall that in your December 21 letter to Ron, you wrote: "In the event there are any remaining issues following your careful review of the issues and supplementation, I would appreciate your finding some time during the week of January 2 to schedule a conference call to discuss the issues." Of course, Defendants did undertake the review you requested, and we provided you with additional information and additional discovery on January 3 as requested. Indeed, it was only Wednesday afternoon of this week (January 4) that you first indicated you wished to discuss discovery issues -- although you have not identified them -- and requested available times.
>
> Yesterday -- or just a day after your first request -- I provided a time on Wednesday of next week when counsel for all defendants could be available. And, when you wrote back yesterday to request a time sooner than Wednesday morning, I checked with everyone and got back to you less than an hour later to suggest the end of the day on Monday.
>
> Please just let us know whether Monday after 4:30 will work in your schedule. And please let us know what discovery issues you wish to discuss. Thank you.
>
> Dave

Email to Plaintiff's counsel from counsel for Defendant Nadal on behalf of all defendants, dated Friday, January 6, 2006, attached hereto as Exhibit A.

Continuing her pattern, Plaintiff's counsel never responded to this email and never conferred with Defendants over these issues (or even identified what issues she wanted to discuss). Instead, she simply filed the four additional motions set out above. At least one of the motions was completely unnecessary. For example, all defendants are (and have been) willing to reschedule the trial date now set for 2007, and so, as a simple phone call would have revealed, it was completely unnecessary to file a contested motion on this point. Similarly, Plaintiff saw fit to raise the production of privilege logs as a disputed issue for the Court to resolve in both motions to compel she filed on January 11

3

even though Defendant Nadal had previously communicated his willingness to exchange privilege logs with Plaintiff on a mutually agreeable schedule and Plaintiff had never previously raised the issue with the corporate Defendants. These are but the clearest examples of the wastefulness of this approach. There are doubtless many other issues which might have been resolved between the two sides if Plaintiff had taken the time to confer over them.

More disturbing than Plaintiff's decision to file so many motions without first conferring with Defendants, there is the matter of her failure to disclose to the Court Defendants' January 6 email quoted above. Indeed, none of the four motions she filed on January 10 and 11 revealed to the Court the existence of Defendants' January 6 email communicating their willingness and availability to meet and confer over whatever issues Plaintiff might identify. And, when Defendants raised this lapse with Plaintiff's counsel by letter on January 17, she not only failed to correct the record with the Court but compounded the problem by filing yet another motion the very next day. *See* Plaintiff's Supplemental Memorandum To Alert the Court To New Developments Impacting the Motions Before This Court & Memorandum in Support of Motion for Enforcement of the Rules (Dkt. # 32).[2] The Court need only read that motion, and the curious relief sought therein, to realize that the process has come unhinged.

---

[2] Plaintiff herself styles this curious pleading as both a "supplement" to unenumerated motions presently pending and as an apparent new motion. To the extent this pleading is intended to supplement Plaintiff's arguments in favor of her pending motions, these issues will be addressed in due course in the briefing of such motions (if they are not earlier struck by the Court for failure to meet and confer). To the extent this pleading is viewed as a new motion, Defendants' request that the Court consider this memorandum demonstrating the inaccuracy of Plaintiff's factual predicates, along with Defendants' opposition memoranda to be filed in response to the individual motions in question as Defendants' opposition to such new motion. Defendants hope to avoid further burdening the Court with avoidable discovery motions. Accordingly, Defendants' oppositions to Docket entries 28, 29, 30 and 31 are hereby incorporated by reference.

In any event, it is clear from Plaintiff's latest filing, and her unwillingness to present an accurate record of communications to the Court, that Plaintiff simply chose to disregard this Court's requirement (and Defendants' willingness) to meet and confer prior to filing her four motions on January 10 and 11 and her last motion on January 18. Accordingly, the Court should strike those motions (Dkt. Nos. 28, 29, 30, 31 and 32) and order Plaintiff's counsel to meet and confer with Defendants in good faith before filing any further motions.

Dated: January 20, 2006

Respectfully Submitted,

 /s/ Laura B. Hoguet
Laura B. Hoguet
D.C. Bar No. 200915
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, NY 10016
(212)689-8808

*Counsel for Defendants Electricité de France, S.A. and Electricité de France International North America, Inc.*

_____
Ronald S. Cooper
D.C. Bar No. 149799
David A. Clark
D.C. Bar No. 473279
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Counsel for Defendant Christian Nadal*

5

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7(m), counsel for Defendants have made repeated good faith attempts to confer with Plaintiff to resolve the issues raised in her four Motions filed on January 10, and 11. Defendants also sent a letter to Plaintiff's counsel on January 15 asking that she withdraw the Motions and participate in a meet and confer conference. See Letter from R. Cooper to E. Bredehoft dated January 17, 2006, attached as Exhibit B. As Plaintiff has not responded to Defendants' letter, other than to file an additional Motion on January 18, Defendants believe there is an impasse requiring the Court's intervention at this time.

January 20, 2005

_____
Ronald S. Cooper