**EXHIBIT A**

**From:** Clark, David
**Sent:** Friday, January 06, 2006 10:32 AM
**To:** 'Elaine Bredehoft'
**Cc:** Cooper, Ronald; DRegal@hnrlaw.com; LHoguet@hnrlaw.com
**Subject:** RE: Conference Time

Elaine,

We have responded promptly and fairly to your request for a telephone conference on discovery issues. Your implication to the contrary is unfounded. You will recall that in your December 21 letter to Ron, you wrote: "In the event there are any remaining issues following your careful review of the issues and supplementation, I would appreciate your finding some time during the week of January 2 to schedule a conference call to discuss the issues." Of course, Defendants did undertake the review you requested, and we provided you with additional information and additional discovery on January 3 as requested. Indeed, it was only Wednesday afternoon of this week (January 4) that you first indicated you wished to discuss discovery issues -- although you have not identified them -- and requested available times.

Yesterday -- or just a day after your first request -- I provided a time on Wednesday of next week when counsel for all defendants could be available. And, when you wrote back yesterday to request a time sooner than Wednesday morning, I checked with everyone and got back to you less than an hour later to suggest the end of the day on Monday.

Please just let us know whether Monday after 4:30 will work in your schedule. And please let us know what discovery issues you wish to discuss. Thank you.

Dave

**EXHIBIT B**

# STEPTOE & JOHNSON LLP
### ATTORNEYS AT LAW

Ronald S. Cooper
202.429.8075
rcooper@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

January 17, 2006

**VIA EMAIL**

Elaine Charlson Bredehoft, Esq.
Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190

    Re    Gaujacq v. EDF - No. 1:05CV0969

Dear Elaine,

    We were surprised and disappointed to receive the flurry of motions you filed at the end of the day last Wednesday. Notwithstanding your certifications, you have plainly failed to meet your obligation to attempt to resolve these motions prior to their being submitted to the Court. Indeed, several of the issues raised by these motions are "manufactured" disputes (*e.g.*, the rescheduling of the trial date, and production of a privilege log) which can only serve some tactical purpose of yours at the expense of burdening the Court and the defendants.

    Particularly troubling is your omission from your Exhibit 3 of Dave Clark's January 6, 2006 e-mail which reiterated our offer of two available times early last week, one on Monday afternoon, and another on Wednesday morning, when we were available to discuss your concerns. Both of these times were prior to your Motion to Compel filings late in the day on Wednesday. You did not even extend us the courtesy of a response to this email. Your failure to present this important piece of correspondence materially misrepresented to the Court our efforts and availability to meet and confer.

    Unless you notify us promptly that you are willing to withdraw your Motion to Reschedule Trial, Motion to Amend Protective Order, Motion to Compel (directed to Nadal), and Motion to Compel (directed to EDFINA), and conduct the necessary meeting with us as directed by the Rules, we will file a Motion to Strike all of these pleadings, and move for costs and fees. As these Motions are now

Elaine Bredehoft
January 17, 2006
Page 2

pending before the court, we need to hear from you by close of business tomorrow. We would very much like to avoid unnecessary expense for our clients.

Sincerely,

Ronald S. Cooper

cc:   Laura Hoguet
      Dorothea Regal
      David A. Clark