IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| Plaintiff, | ) |
| v. | ) No. 1:05CV0969 (JGP) |
| ELECTRICITÉ DE FRANCE INTERNATIONAL NORTH AMERICA, INC., et al. | ) HEARING REQUESTED |
| Defendants. | ) |

# DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL AND FOR A PROTECTIVE ORDER

Defendants, Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA") and Christian Nadal ("Nadal") submit this Reply Memorandum in Support of their Motion to Compel and for a Protective Order. Based on Plaintiff's opposition, it is now undisputed that: (1) Plaintiff's counsel initially agreed that Ms. Gaujacq's deposition would be first on the deposition schedule and that she would be made available for two consecutive deposition days with the understanding that Mr. Nadal would also be scheduled for two days; (2) Plaintiff's counsel later reneged on that agreement and insisted that Ms. Gaujacq's deposition be limited to one seven-hour day, while at the same time claiming the right to depose Mr. Nadal for up to three seven-hour days; (3) Plaintiff's counsel did not respond to two requests from Defendants to meet and confer on the deposition schedule before leaving on vacation; and, (4) Instead, she issued the deposition notices intended to confirm her unilateral view of the deposition program that are the subject of this motion.

Rather than substantively responding to Defendants' Motion, Plaintiff's Opposition misrepresents the parties' dealings and accuses Defendants of persecution and delay. Among the misrepresentations, she asserts that our request to "meet and confer" was not concerned with the depositions (Plaintiff's Opposition Memorandum ("Pl. Opp.") at 12), when the letters from Defendants expressly sought to discuss the deposition issues that are the subject of this motion. Letters from Dorothea W. Regal, Esq. of December 15 and 19, 2005 (Exhibit A to Defendants' Moving Memorandum at 8-10, 16-18).

In light of the fact that Plaintiff has granted herself several unilateral discovery extensions[1]; circumvented or ignored the Court's meet and confer requirements; and filed numerous motions that might have been resolved out of Court; her claims that Defendants seek delay ring hollow. In fact, contrary to Plaintiff's representation to the Court,[2] it was Plaintiff's counsel, Ms. Bredehoft, not Defendants' counsel, who first sought an extension of the due date for responses to written discovery and production of documents. She suggested to Mr. Cooper on the telephone on November 28, 2005 (two days before the November 30 due date) that the date be extended to December 9, 2005 and then when that date approached, asked to move it to December 12, 2005. She also suggested an additional extension to December 16, 2005 for the production of documents. Further, her decision not to serve written discovery demands on EDF until three weeks after her demands on EDFINA and Nadal further prolonged written discovery

---

[1] Though Plaintiff apparently believes she should be commended for dutifully "supplementing" her deficient initial discovery responses in response to Defendants' objections, she fails to acknowledge that her initial "supplementation" really amounted to little more than a self-granted two-week extension. Furthermore, Plaintiff just produced, on January 18, approximately 800 pages of "supplemental" documents, almost doubling her initial production. The significance of Plaintiff's late (and continuing) responses cannot be ignored in the context of the Defendants' ability to schedule and prepare for depositions, and also evidences Plaintiff's inability to adhere to the same discovery schedule she so vigorously demands not be delayed.

[2] In a separate motion filed by Plaintiff, she incorrectly asserted: "EDFINA requested, and received, extra time to serve the responses [to Plaintiff's First Set of Interrogatories]." Plaintiff's Memorandum In Support of Plaintiff's Motion to Compel Discovery Responses from Defendant EDFINA (Dkt. #30), at 8.

2

and document production, as did her decision to serve a second set of document requests on all defendants before the first set was even answered. Defendants responded without delay to all of Plaintiff's demands for written discovery and documents and did so notwithstanding the fact that they were duplicative and oppressive, serving primarily to burden Defendants and their counsel unnecessarily.[3]

Plaintiff's complaint about having had to serve process in France upon the French defendant EDF (Pl. Opp. at 2, n.2) is frivolous and does not in any way reflect any intent on the part of Defendants to delay this litigation. It is patently improper for Plaintiff to suggest that EDF, or its counsel, somehow acts in bad faith in its conduct of litigation in this Court by insisting that Plaintiff comply with international law in subjecting EDF to the laws and legal procedures of what is -- to EDF -- a foreign country.

Defendants have moved for an order providing deposition parity by having the depositions of Plaintiff and Mr. Nadal, in his individual capacity and as a 30(b)(6) witness, be scheduled for two consecutive days each, with each party having the right to seek additional deposition time if necessary. In addition, Defendants have asked this Court to provide the

---

[3] For example, Plaintiff served extremely long sets of Requests for Admissions at the outset of discovery, which were entirely duplicative of the allegations in the Complaint that had already been admitted or denied in Defendants' Answers. Moreover, there was no legitimate reason for Plaintiff not to address EDF and EDFINA in the same set of discovery demands in the first instance and thereby avoid the unnecessary time and expense of defense counsel's preparing unnecessary and duplicative responses to extremely excessive demands. To date, Defendants have responded as follows to the following discovery demands of the Plaintiff:

| | | |
|---|---|---|
| Requests to Admit to EDFINA | (253 requests) | EDFINA response 12/12/05 |
| Requests to Admit to EDF | (253 requests) | EDF response 1/3/06 |
| Requests to Admit to Nadal | (107 requests) | Nadal response 12/12/05 |
| First Interrogatories to EDFINA | (21 requests) | EDFINA response 12/12/05 |
| First Interrogatories to EDF | (19 requests) | EDF response 1/3/06 |
| First Interrogatories to Nadal | (20 requests) | Nadal response 12/12/05 |
| First Document Request to EDFINA | (72 requests) | EDFINA response 12/12/05 |
| First Document Request to EDF | (72 requests) | EDF response 1/3/06 |
| First Document Request to Nadal | (51 requests) | Nadal response 12/12/05 |
| Second Document Request to EDFINA | (19 requests) | EDFINA response 1/3/06 |
| Second Document Request to EDF | (19 requests) | EDF response 1/3/06 |
| Second Document Request to Nadal | (7 requests) | Nadal response 1/3/06 |

French corporate defendant, EDF, with additional time to supply a designee or designees pursuant to Plaintiff's Rule 30(b)(6) notice. Plaintiff's Opposition Memorandum does nothing to change the fact that the relief sought is warranted and reasonable and should be granted.

## ARGUMENT

### I.

### Defendants' Proposed Order Would Provide Parity for Party Depositions

While Plaintiff may desire to depose a number of different individuals, there is really only one principal deponent for Defendants. That person is Ms. Gaujacq. She is the Plaintiff, the author of the 354-paragraph, 12-count Complaint, and the central figure in this employment discrimination action. Her behavior, actions and communications in relation to her employer, EDF, and to Mr. Nadal are critical to the investigation and development of Defendants' case.

Defendants advised Plaintiff at the outset that they would need two to three deposition days to complete Ms. Gaujacq's deposition, and Plaintiff initially agreed to two days. In fact, Plaintiff now admits that she agreed both to conduct Plaintiff's deposition first, see Pl. Opp. at 13, and also to schedule Plaintiff's deposition for two full days. Pl. Opp. at 3-4. In her own words, she later decided to "back up" from that position and insist that her deposition be limited to seven hours. Id. at 8.

It is simply unworkable for Defendants to proceed with Plaintiff's deposition for a single day, not knowing whether or when they will be granted additional time to complete their questioning. The difficulty is compounded by the fact that separate defendants are represented by different lawyers and are subject to discrete claims under the Complaint. The two-day schedule contemplated by the parties' initial agreement was the minimum time necessary to permit the two sets of counsel to plan and coordinate their questioning of Ms. Gaujacq.

4

The scope of Mr. Nadal's knowledge for purposes of a deposition is smaller than Ms. Gaujacq's since he was not a party to many of her communications with others at EDFINA and EDF. Nonetheless, Defendants' proposed order contemplates a two-day schedule for Mr. Nadal's deposition also. However, in light of Plaintiff's announced plans to use Rule 30(b)(6) to extend Mr. Nadal's deposition for up to three days, the proposed order would require Plaintiff to complete her questioning of Mr. Nadal in his capacity as a representative of EDF and/or EDFINA in the same two-day period. For those facts within his personal knowledge, Mr. Nadal will represent himself and the two corporate defendants. However, the number of hats he may wear at the deposition will not expand the scope of the facts that he knows.[4]

## II.

### Plaintiff's Rule 30(b)(6) Deposition Notice To EDF Should Be Quashed

It is true that Defendants did not anticipate that coordinating the deposition of any potential Rule 30(b)(6) designees would be unduly difficult, but it appears that the parties have very different expectations in terms of what is required to schedule the deposition of a foreign-based corporate representative. Such a deposition cannot be scheduled at Plaintiff's whim, for a date that has not been coordinated with Defendants, at a location to which Defendants have not agreed.[5] The reason that the EDF notice must be quashed, as stated in the original Motion, is that it was clear that it would not be possible to identify and prepare an EDF witness in France by the January 31, 2006 date noticed, even without regard to the schedule of the designated witness and the location of the deposition. Due to the extended French Christmas holiday, it was not even possible until very recently for EDF's counsel to begin conferring with the necessary

---

[4] The proposed order would not restrict the deposition of any other Rule 30(b)(6) witness that may be designated by EDF or EDFINA.

[5] Plaintiff's allegation that the Defendants previously agreed to present all deponents for their depositions at Plaintiff's counsel's office in Reston, Virginia is unsupported and untrue.

5

EDF personnel to identify potential designees. Plaintiff's January 31st deposition notice did not give EDF sufficient time to investigate appropriate designees and arrange any necessary travel and preparation for the deponents, and it fails to allow for the prior deposition of Plaintiff as the parties agreed.

## CONCLUSION

For the reasons stated above and in Defendants' moving Memorandum, this Motion to Compel and for a Protective Order should be granted. In addition, because this motion was necessitated by Plaintiff's refusal to abide by the meet and confer requirements of the Court, Defendants ask that the Court award them their costs and fees associated with filing this Motion.

Dated: January 23, 2006

Respectfully Submitted,

/s/
Laura B. Hoguet
D.C. Bar No. 200915
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, NY 10016
(212)689-8808
*Counsel for Electricité de France, S.A., and Electricité de France International North America, Inc.*

/s/
Ronald S. Cooper
D.C. Bar No. 149799
David A. Clark
D.C. Bar No. 473279
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000
*Counsel for Defendant Christian Nadal*

6