IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., ELECTRICITE DE FRANCE, S.A. and CHRISTIAN NADAL,<br><br>Defendants, | Civil Action No. C5-969 (JGP) |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION TO RESCHEDULE TRIAL

Defendants, Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA") and Christian Nadal ("Nadal"), submit this Memorandum in response to Plaintiff's Motion to Reschedule Trial, filed January 10, 2006.

Defendants do not oppose the rescheduling of the trial in this matter to accommodate the personal schedule of Plaintiff's counsel, Elaine Bredehoft, and have previously so advised Ms. Bredehoft. By e-mail dated December 20, 2005, Dorothea W. Regal, counsel for EDF and EDFINA, responded to Ms. Bredehoft's request on behalf of all Defendants as follows:

> "Elaine:
> "We have no problem with agreeing with you to request a change in the trial schedule to accommodate your family vacation schedule, but we need to confirm with EDF that there is no particular timing problem as to either of the two alternative dates you proposed. I hope to have a response on this by the end of the week."

Plaintiff has included this e-mail as an exhibit to her motion. Ex. 4, Plaintiff's Motion To Reschedule Trial (Dkt. #29-2).

There was no further communication on this topic, no further inquiry from Ms. Bredehoft and notably no effort to "meet and confer" before Plaintiff proceeded to file her motion. Plaintiff's LCvR 7.1(m) Certification is not true. Ms. Bredehoft did not "confer[] with Defendants' counsel regarding this motion,"[1] and the motion is wholly unnecessary.

Defendants requested that Plaintiff withdraw this motion (see Letter of January 17, 2006 from Ronald S. Cooper, Esq., attached hereto as Exhibit A), but she did not. It is now one of the motions subject to Defendants' Motion to Strike for Failure to Meet and Confer, filed January 20, 2005 (Dkt. #33).

Defendants wish to agree on a date that is mutually convenient for all parties, counsel and the Court. Based upon Ms. Bredehoft's initial suggestion of moving the trial date to early March or early May, Defendants have concluded that early May 2007 is preferable.

## CONCLUSION

For the foregoing reasons, Defendants agree to a rescheduling of the trial to a mutually convenient date in 2007 to be determined by the Court and request that it be scheduled in early May 2007. In addition, because this Response was necessitated by Plaintiff's refusal to abide by the meet and confer requirements of the Court, Defendants request that the Court award them their costs and fees associated with this Response.

---

[1] In addition, counsel for EDFINA (who is also counsel for EDF) did not "state[] that they consented" and did not otherwise respond separately or differently than EDF. There was no failure of response on the part of Mr. Nadal because Ms. Regal's e-mail was intended to respond on behalf of all Defendants. While Defendants "hope[d]" to have a response from EDF by the end of the week, that did not occur. With the 2007 trial date more than a year away, there was no need for greater urgency.

2

Dated: January 24, 2006

           Respectfully Submitted,

           HOGUET NEWMAN & REGAL, LLP

           By: _____/s/_____
               Laura B. Hoguet, D.C.
               Bar No. 200915
           10 East 40th Street
           New York, New York 10016
           *Counsel for Defendants Electricité de France, S.A., and Electricité de France International North America, Inc.*

           STEPTOE & JOHNSON, LLP

           By: _____/s/_____
               Ronald S. Cooper
               D.C. Bar No. 149799
               David A. Clark
               D.C. Bar No. 473279
           1330 Connecticut Avenue, N.W.
           Washington, D.C. 20036
           (202) 429-3000
           *Counsel for Defendant Christian Nadal*