Exhibit A

# STEPTOE & JOHNSON LLP

ATTORNEYS AT LAW

Ronald S. Cooper
202.429.8075
rcooper@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

January 17, 2006

**VIA EMAIL**

Elaine Charlson Bredehoft, Esq.
Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190

Re    **Gaujacq v. EDF - No. 1:05CV0969**

Dear Elaine,

We were surprised and disappointed to receive the flurry of motions you filed at the end of the day last Wednesday. Notwithstanding your certifications, you have plainly failed to meet your obligation to attempt to resolve these motions prior to their being submitted to the Court. Indeed, several of the issues raised by these motions are "manufactured" disputes (*e.g.*, the rescheduling of the trial date, and production of a privilege log) which can only serve some tactical purpose of yours at the expense of burdening the Court and the defendants.

Particularly troubling is your omission from your Exhibit 3 of Dave Clark's January 6, 2006 e-mail which reiterated our offer of two available times early last week, one on Monday afternoon, and another on Wednesday morning, when we were available to discuss your concerns. Both of these times were prior to your Motion to Compel filings late in the day on Wednesday. You did not even extend us the courtesy of a response to this email. Your failure to present this important piece of correspondence materially misrepresented to the Court our efforts and availability to meet and confer.

Unless you notify us promptly that you are willing to withdraw your Motion to Reschedule Trial, Motion to Amend Protective Order, Motion to Compel (directed to Nadal), and Motion to Compel (directed to EDFINA), and conduct the necessary meeting with us as directed by the Rules, we will file a Motion to Strike all of these pleadings, and move for costs and fees. As these Motions are now

Elaine Bredehoft
January 17, 2006
Page 2

pending before the court, we need to hear from you by close of business tomorrow.  We would very
much like to avoid unnecessary expense for our clients.

Sincerely,

Ronald S. Cooper

cc:    Laura Hoguet
       Dorothea Regal
       David A. Clark

Exhibit B

# HOGUET NEWMAN & REGAL, LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

LAURA B. HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOSHUA D. RIEVMAN
EDWARD P. BOYLE
SHERYL B. GALLER
IRA J. LIPTON

TEL (212) 689-8808

FAX (212) 689-5101

www.hnrlaw.com

hnr@hnrlaw.com

December 15, 2005

SARAH K. BARICKMAN
KATHLEEN L. LOWDEN
RANDI B. MAY

EDNA R. SUSSMAN, OF COUNSEL

**By Facsimile**

Elaine Charlson Bredehoft, Esq.

Charlson Bredehoft & Cohen, P.C.

11260 Roger Bacon Drive

Suite 201

Reston, VA  20190

Re:  Gaujacq v. EDF, et al.

Dear Elaine:

I write on behalf of all defense counsel to address two discovery issues that we would like to resolve with you, if feasible, without court intervention. These matters are of some urgency because they impact our ability to prepare effectively for and complete the plaintiff's deposition, which has been scheduled for January 19 and 20, 2006.

## 1. Incomplete and Non-Responsive Response to Interrogatories

The responses to interrogatories that you served upon defense counsel on December 12, 2005 are non-responsive and evasive. In addition, they have not been signed by the party. The set of interrogatories served upon you by EDF and EDFINA contained merely 13 interrogatories, more than half of which Gaujacq has failed to answer responsively. In particular, but without limitation, the following responses are wholly insufficient:

Interrogatory No. 3:  No response was given to the question of what compensation plaintiff has received from her employment subsequent to her termination, nor has the location of her employment with Entergy been provided.

Interrogatory No. 4:  No response was given to the question of what persons Gaujacq had communication with relating to employment opportunities or the substance of such communications.

HOGUET NEWMAN & REGAL, LLP

Elaine Charlson Bredehoft, Esq.
December 15, 2005
Page 2

Interrogatory No. 8: This response is wholly evasive, not addressing the matter of Gaujacq's deletion of the contents of EDFINA's laptop before she returned it to EDFINA, and no response was given as to the identification of the software Gaujacq used to delete the laptop or the identification of persons with knowledge of such deletion.

Interrogatory No. 9: This response is misdirected to matters that appear to have no connection with the subject matter of the interrogatory, which was communications with Entergy Nuclear. The one paragraph in this response that does relate to Entergy Nuclear fails to identify the person or the entity with whom Gaujacq had the alleged communication.

Interrogatory No. 10: The response, to the effect that companies had knowledge of the alleged events, is not responsive to the question to describe with particularity the damages to Gaujacq's reputation that she alleged in the 8 referenced paragraphs of the complaint.

Interrogatory No. 11: The deficient response to Interrogatory No. 10, referred to in response to Interrogatory No. 11, is equally non-responsive to the question to describe with particularity the damages to Gaujacq's career that she alleged in 3 other referenced paragraphs of the complaint.

Interrogatory No. 13: No answer whatsoever has been given to this interrogatory regarding the identification of medical professionals from whom Gaujacq sought or received treatment in connection with any emotional, mental, psychological or psychiatric problems.

2. **Deposition Scheduling**

Deposition of the Plaintiff: Defendants need more than 7 hours to take the deposition of plaintiff. We believe that we will require two to three 7-hour days to complete Gaujacq's deposition. Alternatively, since you have advised us of Gaujacq's limited availability to absent herself from her new employment, we would be willing to negotiate a schedule for this deposition that would be limited to two 10-hour days. The reason that we need this amount of time is that there are three defendants and the complaint is extremely lengthy, containing 354 paragraphs of allegations. While we recognize the fact that the plaintiff's native language is French and that many of the documents are in French, we do not anticipate that those facts will require additional time for her deposition unless you intend to have an interpreter at her deposition. You have offered to schedule her deposition for January 19 and 20, 2006, but at the same time you have stated your position that defendants are not entitled to more than 7 hours with the plaintiff. We want to clarify these logistical issues as to the plaintiff's deposition.

HOGUET NEWMAN & REGAL, LLP

Elaine Charlson Bredehoft, Esq.
December 15, 2005
Page 3

⊙    Please confirm that Gaujacq will be available for deposition for the two
      days scheduled.  Please acknowledge that defendants reserve the right to
      continue the deposition on a third day to be scheduled unless we can come
      to an agreement as to extended deposition days for the two days
      scheduled.  Please advise whether Gaujacq will have an interpreter at her
      deposition.

Rule 30(b)(6) Deposition of EDF:  We cannot schedule a Rule 30(b)(6) deposition
until you have advised us of the scope of such deposition.

⊙    Please serve your 30(b)(6) notice.

Deposition of Individual Defendant Nadal:  We cannot schedule the deposition of
Mr. Nadal until we know whether you intend to seek a Rule 30(b)(6) deposition of
EDFINA and, if so, the scope thereof because of the possibility that Mr. Nadal would be
the corporate designee for any such deposition of EDFINA.  It would be unacceptable to
subject him to two separate depositions.

⊙    Please confirm that you will not seek a Rule 30(b)(6) notice of EDFINA
      or, if you do seek such a deposition, please serve your 30(b)(6) notice.

We would like to confer with you on these matters, in compliance with Local
Civil Rule 7(m), and propose a telephone conference with you on Monday, December 19,
2005 at 2:30 p.m.  Please confirm your availability for this telephone conference.

Very truly yours,

Dorothea W. Regal

cc:    Ronald S. Cooper, Esq.
       David Clark, Esq.

Exhibit C

# HOGUET NEWMAN & REGAL, LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

LAURA B. HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOSHUA D. RIEVMAN
EDWARD P. BOYLE
SHERYL B. GALLER
IRA J. LIPTON

TEL (212) 689-8808
FAX (212) 689-5101
www.hnrlaw.com
hnr@hnrlaw.com

December 19 2005

SARAH K. BARICKMAN
KATHLEEN L. LOWDEN
RANDI B. MAY

EDNA R. SUSSMAN, OF COUNSEL

<u>By Facsimile</u>
Elaine Charlson Bredehoft, Esq.
Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, VA 20190

Re: <u>Gaujacq v. EDF, et al.</u>

Dear Elaine:

I write on behalf of all defense counsel in response to your e-mail of December 19, 2005, regarding my letter to you of December 16, 2005 about discovery issues concerning (1) the interrogatory responses you served on December 12, 2005 and (2) deposition scheduling.

You have failed to respond to our substantive concerns about the deficient interrogatory response of the plaintiff, and you have refused to agree to our request regarding the amount of time for the deposition of your client, instead unilaterally reducing the amount of time you had previously offered for her deposition. You declined to meet and confer with us by telephone today, as we had requested, but you did not offer an alternative time and, in fact, appear to have ignored our request to meet and confer.

Please provide us your earliest available times for a telephone conference on Tuesday or Wednesday of this week (December 20 or 21) or we will conclude that you are unwilling to meet and confer on these important issues, and we will so indicate to the Court.

## Plaintiff's Non-Responsive and Evasive Interrogatory Response

You have failed to address the serious deficiencies in plaintiff's interrogatory response that we raised in my letter to you, and you have failed to respond to our request to meet and confer on this issue. We reject the notion that you may simply dismiss our

Elaine Charlson Bredehoft, Esq.
December 19, 2005
Page 2

request to meet and confer about the sufficiency of your client's interrogatory responses. Our concerns about the deficiency of plaintiff's interrogatory response cannot be derailed by your vague assurance of future supplementation or by your protestation that "it is a waste of time" to raise these deficiencies before receiving plaintiff's documents. The substantive deficiencies in plaintiff's interrogatory response cannot be cured by a document production because the deficiencies are unrelated to the documents. Furthermore, we have now received and reviewed plaintiff's document production, and the deficiencies in plaintiff's interrogatory response remain.

We have identified specific failures to respond at all, non-responsive answers and/or evasive answers in your client's interrogatory responses in writing, and we are entitled to have the plaintiff's answers to those questions in advance of our deposition of the plaintiff. We want to resolve this issue promptly as the date you have offered for Ms. Gaujacq's deposition is fast approaching.

### Deposition Scheduling

Gratuitous claims that one party or the other "does not intend to honor the agreement" or "is not acting in good faith" will not advance the cause of reasonable cooperation. We have never agreed that the Nadal deposition and the 30(b)(6) deposition(s) would take place within 2 weeks of the Gaujacq deposition. We acknowledge the parties' earlier general discussions that Plaintiff's deposition would be taken first, with Mr. Nadal's deposition to follow as soon as practical thereafter. We also acknowledge your desire to accomplish promptly thereafter the depositions of the corporate defendants, although we have always said that the as-yet-unknown scope of your deposition notices of the corporations will obviously affect the staffing and the timing of those depositions in relation to the others. Furthermore, we have always anticipated that Plaintiff's deposition would be completed before moving on, and that we would have her full and complete discovery responses reasonably well in advance of her deposition. Beyond this general understanding of how the depositions would proceed, we do not agree with your characterizations and have the following concerns about your statements in your e-mail of this morning regarding deposition scheduling.

Although you initially offered the plaintiff for deposition on two consecutive days in January (January 19-20), which we accepted in writing, you have now rescinded that offer and have stated that you will make the plaintiff available for only 7 hours on January 20. This is unworkable for us. As stated in my letter to you of December 16, 2005, we are confident that the defendants, collectively, will require more than one seven-hour day to complete a full deposition of the plaintiff, due to the fact that she has filed an extremely lengthy complaint, with 354 paragraphs of allegations, and the fact that there are three defendants. Your proposal to wait until the end of the one day you have now offered and then schedule the follow-up deposition time is not acceptable. We

Elaine Charlson Bredehoft, Esq.
December 19, 2005
Page 3

need to know, in advance, the amount of time available to all defendants for this deposition for planning purposes and for purposes of allocating time among counsel for the defendants.

With respect to the other deposition scheduling issues you raised in your e-mail, we do not anticipate any problem making Mr. Nadal available for deposition in his personal capacity within two weeks of Plaintiff's deposition. Obviously, though, we need to know when Plaintiff's deposition will be -- a presently moving target depending on the date we obtain full discovery responses and on resolution of her deposition schedule. Nor is there likely to be a problem scheduling the depositions of the corporate defendants reasonably promptly thereafter, depending upon what your deposition notices may seek. We could not possibly now commit to the availability of unknown corporate designees over unknown issues. Even attempting such scheduling makes little sense until the issues of the timing of complete discovery responses from your client and the length of her deposition are resolved.

Please provide us with your earliest available times on December 20 or 21, 2005 when we can confer with you on these matters, in compliance with Local Civil Rule 7(m).

Very truly yours,

Dorothea W. Regal

cc:    Ronald S. Cooper, Esq.
       David Clark, Esq.

Exhibit D

# CHARLSON BREDEHOFT & COHEN, P.C.

### ATTORNEYS AND COUNSELORS AT LAW

CURTIS L. CHARLSON (RET.)*
ELAINE CHARLSON BREDEHOFT◊
PETER C. COHEN◊
KATHLEEN Z. QUILL◊◊
JENNIFER A. HARPER

* ADMITTED ONLY IN MINNESOTA
◊ ALSO ADMITTED IN D.C.
◊ ALSO ADMITTED IN MASSACHUSETTS

December 21, 2005

**BY EMAIL**
Dorothea W. Regal, Esq.
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

> *Re:*    *Gaujacq v. Electricite de France International North America, et al.*
> *Civil Action No. 1:05CV0969*

Dear Dorothea:

Thank you for your discovery responses, your most recent letter and your email. Although my earlier email already addressed the issues in your letter, there appears to be quite a communication problem such that I was of the impression that we were two ships passing in the night. Again, after thinking things through carefully, rather than responding rapidly with something that would be less than satisfactory to all of us, I am endeavoring to address all of the issues.

As you may recall from our earlier discussions, including my granting you an extension on your responses until January 3, 2006, I will be out of the office from December 22 through January 2. I have worked very hard to get all of this out to you prior to my departing, as you indicated you would be working during this period, so that you can spend the time working through these issues. I also think it would be helpful to have my concerns prior to providing your next set of discovery, so that you can comply with the Fed. R. Civ. P. 34(d) in that second set, as well as revise the earlier discovery responses, so that I may have those at the same time.

I paid careful attention to your letter respecting your perceived deficiencies in my client's discovery responses, as well as your email requesting specific numbering on the documents produced (which we obviously were unable to do on the disk at that time). I hope that you will do the same. You will be receiving supplemental responses to the Interrogatories, which I believe address your issues. We will submit the signature page for the Supplemental responses after the holidays, when Ms. Gaujacq becomes available

Dorothea W. Regal, Esq.
December 21, 2005
Page 2 of 5

again. In the event you have any additional questions or issues, I will be happy to address them in a global conference call during the week of January 3   I am hopeful we can schedule that at a mutually convenient time to clear up any remaining issues, such that if motions are required, we can file them simultaneously to minimize the burdens and judicial resources of the Court and ensure that motions are not being filed while opposing counsel are out of town.

With respect to the depositions, I respectfully request that you go back and read the prior emails on this issue. While I was willing to discuss the possibility of EACH of the parties submitting to two days of deposition, I was not interested in the "give" with "no take." Once it became clear that you were looking for a completely one-sided deal (all give on my part, all take on yours), I believed it was in everyone's best interest to rely on the Rules and address any potential or hypothetical issue at a later date. Therefore, Ms. Gaujacq will be produced on January 20, 2006 for 7 hours, and you should plan accordingly. I am sending you Notices of Deposition for Mr. Nadal, and each of the Corporate Designees today, setting them for specific dates shortly after the deposition of Ms. Gaujacq. While our recollections differ on the representations and discussions of the parties on timing of the depositions, it is not really a good use of our clients' money to continue the word or memory battle. I am willing to work with you on arranging these dates within a few days of the Notices, but since you have more than a month to plan, they should appear when noticed and that will end the dispute and my perceptions of delay tactics. I expect to be able to take each of the depositions for up to 7 hours, and if I need more time because of the circumstances that arise, I will discuss this with counsel, and if I am unable to resolve it, I will seek permission from the Court to extend them. I expect you to do the same with respect to Ms. Gaujacq.

With respect to the Requests for Production of Documents, I noted that you have not complied with Fed. R. Civ. P. 34(d) in that you have not identified which documents are responsive to which requests. While we did not do that as well as possible in our first set and instead provided disks for your convenience and faster review, we again listened to your concern, and have numbered the documents and fully complied with Fed. R. Civ. P. 34 (d). I ask that you supplement with these specific responses, and take care to comply in your responses being provided on January 3, 2006.

With respect to the specific Interrogatories, I have the following concerns that I would appreciate your addressing and supplementing over the next two weeks:

In several of the Interrogatory responses, EDFINA quotes the language of Rule 33(d) claiming that the burden is substantially the same for Ms. Gaujacq as for EDFINA to obtain the answer from the documents. However, it is incumbent upon EDFINA to identify the specific documents that provide all of the information, such that Ms. Gaujacq would be able to review specific documents and ascertain the information. This has not been done. Each Interrogatory response in which EDFINA relies upon this response needs to have the specific documents identified that provide the information. The

Dorothea W. Regal, Esq.
December 21, 2005
Page 3 of 5

Interrogatories in which this response is given are: Nos. 2, 3, 4, 6, 8-12, and 14-20.  I also request that you examine further whether in fact the burden is equivalent. It appears that it is not. This is particularly so given that many of the documents produced are in French.

**EDFINA's Response to 1st Interrogatories:**

I have the following additional, specific comments with respect to the Interrogatories:

Int. #2:  Specific knowledge of witnesses not detailed.

Int. #3:  Doesn't provide dates or specifics that Plaintiff was allegedly delinquent in providing information to NuStart.

Int. #4:  States EDFINA is unaware of favorable attestations to Plaintiff's work performance, which is highly unlikely and we believe does not reflect true diligence in responding to this Interrogatory.

Int. #5:  Unresponsive; the Interrogatory asks for complaints made against any other member of EDFINA's management, not just Nadal.

Int. #6:  Does not include communications with Plaintiff, efforts by the Company to improve Plaintiff's performance, or specific damage suffered as a result. Fails to provide specific details regarding Plaintiff's alleged failure to "develop and apply sound financial and management procedures" and Plaintiff's alleged "poor personnel administration." Also fails to provide specific details supporting the contention that "EDFINA has discovered material errors in official EDFINA filings that Gaujacq made or permitted to be made during the time she served as President of EDFINA."

Int #7 - EDFINA provides no details as to the policies, practice or procedures (cannot contend has no knowledge)

Int #8 - EDFINA provides no specific information, including the identity

Int # 9 – If EDFINA is unaware of any, it needs to so state; unresponsive

Int # 10 – Wholly unresponsive - states that only EDF knows – unlikely EDFINA has no knowledge. Even if EDF was the primary or sole decision maker, EDFINA would still be aware of the reasoning and/or facts surrounding the decision.

Int. #11:  Wholly unresponsive to the Interrogatory. Even if EDF was the primary or sole decision maker, EDFINA would still be aware of the reasoning and/or facts surrounding the decision.

Int. #12:  Is not responsive in that the Interrogatory asks to compare/contrast the duties of Gaujacq and Nadal, whereas this response simply lists the duties of each (without stating how the duties are the same and different).

Int. #13:  Wholly unresponsive to the Interrogatory. Even if EDF was the primary or sole decision maker, EDFINA would still be aware of the reasoning and/or facts surrounding the decision.

Int. #14:  Does not describe why and does not list other individuals whom Nadal had removed from the list.

Dorothea W. Regal, Esq.
December 21, 2005
Page 4 of 5

Int. #16: Not responsive and does not indicate why audit was conducted in US offices.

Int. #17: Wholly unresponsive to the Interrogatory. Even if EDF was the primary or sole decision maker, EDFINA would still be aware of the reasoning and/or facts surrounding the decision.

Int. #18: Wholly unresponsive to the Interrogatory. Even if EDF was the primary or sole decision maker, EDFINA would still be aware of the reasoning and/or facts surrounding the decision.

Int. #19: Does not list other individuals who were given less than three months notice.

Int. #20: Unresponsive; EDFINA would have had to make representation one way or the other.

Int. #21: Does not provide the detailed facts supporting each denial.

In addition, I am assuming, because of EDFINA's statements, that EDF will be fully responding to the following Interrogatories: 3, 4, 8, 10, 11, 13, 17, 18, 19, and 20.

**EDFINA's Response to 1st RFP:**

I have the following additional, specific comments with respect to the Request for Production of Documents:

Again, no documents are identified in the actual Response, so it is difficult to ascertain what has truly been provided in response to each Request. We have done our best to parse through them, but reserve the right after you have supplemented in compliance with the Rules to provide further concerns:

It appears EDFINA is avoiding production of some documents by arguing that some documents are not in their control; they are in EDF's possession. We expect this to be resolved by EDF producing them on or before January 3, 2006. We would appreciate your ensuring these are produced.

EDFINA has refused to provide documents in response to the following requests: Nos. 23 (performance evaluations for similar employees), 24 (personnel file of Nadal - this in spite of identifying this in EDFINA's Initial Disclosures), 26 (identity and level of participation of decision makers); 43 (names and addresses of employees), 44 (all complaints), 45 (EEO-1), 46 (comparative evidence), 52 (complaints), 54 (formal complaints), and 55 (monitoring program) on the grounds (among others) that this is not a pattern or practice claim or that it's an unwarranted invasion of privacy of other employees (these all request, either directly or indirectly, info on other employees). As you know, these are not legitimate bases for objection, and the conduct of the company with respect to similar others is not only relevant, but also admissible. The United States Supreme Court has spoken to this, as has the District of Columbia Courts; 70 (docs gather in prep of defense, which may be discoverable and subject to a blanket objection) and 72

Dorothea W. Regal, Esq.
December 21, 2005
Page 5 of 5

(request for admissions – not legitimate basis for objection). I ask you to review these objections carefully, and if you believe you have case law to support your objections, I would appreciate receiving the citations, as I am unaware of such law.

In addition, EDFINA references no documents supporting any claim.

I am hopeful that upon receiving and reviewing Ms. Gaujacq's supplemental responses, and seeing that she has engaged in a serious effort to remove discovery disputes from this litigation, that you will consider the same. The Rules, this Court, and the case law, all support liberal discovery. We should truly not cause our clients to spend significant sums of money on meaningless and unnecessary discovery disputes. Let's get this case litigated and to trial, where they can have their day in Court, and air their disputes in a constructive manner, consistent with our judicial system and the Constitution.

I look forward to receiving full responses to all the discovery upon my return to the office on January 3, 2006. In the meantime, I wish you and your family a happy holiday and Happy New Year.

Very truly yours,

Elaine Charlson Bredehoft

cc:    Ms. Catherine Gaujacq

Exhibit E

# HOGUET NEWMAN & REGAL, LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

LAURA B. HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOSHUA D. RIEVMAN
EDWARD P. BOYLE
SHERYL B. GALLER
IRA J. LIPTON

TEL (212) 689-8808

FAX (212) 689-5101

www.hnrlaw.com

hnr@hnrlaw.com

SARAH K. BARICKMAN
KATHLEEN L. LOWDEN
RANDI B. MAY

EDNA R. SUSSMAN, OF COUNSEL

November 4, 2005

**By Facsimile**
Elaine Charlson Bredehoft, Esq.
Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, VA  20190

Re: Gaujacq v. EDFINA, et al.

Dear Elaine:

I write in respect of the discovery demands you recently served upon counsel for the defendants in this matter.  Plaintiff's discovery demands are addressed only to defendants Electricité de France International North America, Inc. ("EDFINA") and Christian Nadal.  None of the discovery demands has been addressed to defendant Electricité de France, S.A. ("EDF").  What we received from you are the following:

> Plaintiff's First Set of Interrogatories to Defendant Electricité de France
> International North America, Inc. ("EDFINA")
> Plaintiff's First Set of Interrogatories to Defendant Christian Nadal
> Plaintiff's First Request for Production of Documents to Defendant Electricité de
> France International North America, Inc. ("EDFINA")
> Plaintiff's First Request for Production of Documents to Defendant Christian
> Nadal
> Plaintiff's First Set of requests for Admissions to Defendant Electricité de
> France International North America, Inc. ("EDFINA")
> Plaintiff's First Set of Requests for Admissions to Defendant Christian Nadal

While this firm represents both EDF and EDFINA, they are two separate entities.  As you know, EDFINA is an indirect subsidiary of EDF.  (See Answer of EDF and EDFINA ¶ 4; Complaint ¶ 4).  EDFINA cannot respond to any of the above discovery demands except with respect to EDFINA's own knowledge and documents within the

HOGUET NEWMAN & REGAL, LLP

Elaine Charlson Bredehoft, Esq.
November 4, 2005
Page 2

possession, custody or control of EDFINA.    It cannot respond to these discovery
demands on behalf of EDF.  We, as counsel for EDF (as well as for EDFINA), cannot
advise EDF to provide the requested information and/or documents when it has not been
requested to do so by plaintiff under the Federal Rules of Civil Procedure.

I bring this to your attention now in the hope of avoiding what might be a waste
of time in the progress of this litigation. If this was an oversight and you wish to amend
the demands to include EDF, please let me know and provide amended demands as soon
as possible. Similarly, if you intended to prepare separate demands for EDF and have
simply not served them yet, please let me know.  Otherwise, we will proceed to work on
responses to these discovery demands only on behalf of EDFINA, the party addressed.

I would be happy to discuss this with you if you wish.

Very truly yours,

Dorothea W. Regal

cc:    Ronald S. Cooper, Esq.

Exhibit F



"Elaine Bredehoft"
<ebredehoft@charlsonbredeh
oft.com>

11/18/2005 09:32 AM

To  <DRegal@hnrlaw.com>

cc  "Clark, David" <dclark@steptoe.com>, "Laura Hoguet"
    <lhoguet@hnrlaw.com>, "Cooper, Ronald"
    <RCooper@steptoe.com>, <RMay@hnrlaw.com>

bcc

Subject  RE: Discovery Demands Addressed to EDF

Dorthea: Thanks for the earlier letter, as well as the email. I intentionally did not include EDF in the first set. My thought was that EDFINA would provide whatever information it has custody, control or access to, under the Rules. However, your point is well taken that it may be easier for you to combine them and move forward with discovery. I will take a look at the discovery requests and determine which may also apply to EDF, and issue separate discovery for EDF, hopefully today, but otherwise, within the week My intent will be to include requests that would relate specifically to EDF, anticipating that EDFINA will be able to access most of the information sought from them specifically.

I also owe you my comments on the Protective Order and am hoping to have that today as well. Let me know if you have any additional thoughts that we should discuss. Elaine
-----Original Message-----
**From:** DRegal@hnrlaw.com [mailto:DRegal@hnrlaw.com]
**Sent:** Friday, November 18, 2005 9:24 AM
**To:** Elaine Bredehoft
**Cc:** Clark, David; Laura Hoguet; Cooper, Ronald; RMay@hnrlaw.com
**Subject:** Discovery Demands Addressed to EDF

Dear Elaine:
I am writing to follow up on my letter to you of November 4, 2005 regarding the question of whether you will be amending your discovery demands to include EDF as well as EDFINA As the work in responding to the outstanding demands progresses, it would be very helpful for me to know whether or not these requests (or any requests) will be addressed to EDF as it obviously affects the scope of the responses. I am available to discuss this if you like this afternoon (some time after 3:00pm).

Dorothea W. Regal
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

Tel. (212) 689-8808
Fax  (212) 689-5101
dregal@hnrlaw.com