IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHERINE GAUJACQ )
)
Plaintiff, )
)
v. ) No. 1:05CV0969 (JGP)
)
ELECTRICITE DE FRANCE )
INTERNATIONAL NORTH AMERICA, )
INC., et al )
)
Defendants. )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND FOR APPROPRIATE SANCTIONS

The Plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), by counsel, hereby opposes the

Motion to Strike of the Defendants Electricite de France ("EDF"), Electricite de France

International North America ("EDFINA"), and Christian Nadal ("Mr. Nadal").

### SUMMARY OF ARGUMENT

While it is typical for defendants to desire to try to delay as much as possible, defense

counsel typically act within the parameters of ethics, professionalism and the deadlines imposed

by the Court. In this case, defense counsel have acted "over the top" in all respects, paralyzing

the progression of this case, and creating and fostering an environment wrought with

unpleasantness and distrust. Plaintiff seeks, and desperately needs, this Court's protection and

action to put this litigation back on track, and to take strong action against the Defendants to

deter further misconduct, and punish the prior intentional misconduct.

Defendants' Motion to Strike is nothing more than a rather obvious intentional effort to

delay this case further. In the process, the motion insults this Court's intelligence in seeking the

relief sought: dismiss the motions and require them to be filed all over again, thus stretching out the time by an additional significant period of time.

Defendants omit from their motion that Plaintiff provided ample notice and time to Defendants in which to hold a meet and confer. Defendants simply ignored Plaintiff's efforts, and although apparently available throughout the week suggested by Plaintiff for a meet and confer, attempted, once again, to manipulate and delay by suggesting only dates and times outside the suggested meet and confer period, and times they KNEW IN ADVANCE were unavailable to Plaintiff's counsel.

In what can only be described as outrageous and begging for Court action, the Defendants have continued to apply double standards to every action they have taken, not complying AT ALL with a meet and confer before filing THEIR motion, and then refusing a meet and confer within reasonable parameters set by Plaintiff (2 weeks' notice, with an entire week from which to choose times, and even to choose times separately), and misrepresenting to the Court that Plaintiff made no effort.

Even more obvious is that Defendants have not made the slightest effort to resolve anything in this litigation – which is, after all, the purpose of a meet and confer. The letters and emails responding to Plaintiff's efforts to resolve discovery disputes reflect harsh and even rude rebuffing of any effort to make headway or resolution.

In fact, after receiving Defendants' motion to strike, Plaintiff's counsel made yet another effort to "meet and confer," which resulted in counsel traveling to defense counsel's offices yesterday. Unfortunately as predicted, very little was resolved, other than defense counsel agreeing to continue the trial date to a later date, and possibly some resolution of the protective

2

order. Defense counsel continue to hold an "entitlement" attitude, that apparently supercedes the Rules of this Court, this Court's Order, and any effort to reasonably resolve disputes.

In what is a constant, irritating, expensive and time-consuming theme, Defendants are taking every imaginable action, regardless of the Rules of this Court or even rational logic, to paralyze this litigation. Sanctions are not only appropriate, but necessary, to stop this conduct in its tracks and to communicate loudly and clearly that Defendants need to adhere to the Rules and move this litigation to conclusion. The Plaintiff is entitled to equal protection under the law and equal access to the Courts – yet this is being denied to her at every, single step of this litigation, solely because of the conduct of Defendants and their counsel.

Plaintiff anticipated that Defendants would further this conduct by filing this frivolous and false motion. In the Plaintiff's Supplemental Memorandum to Alert the Court to New Developments Impacting the Motions before this Court & Memorandum in Support of Motion for Enforcement of the Rules, filed with this Court on January 18, 2006, Plaintiff wrote:

> [D]efendants have been manipulating the "meet and confer" rule as a weapon and a tool to further their delay and obstruction, while ignoring it in filing their motions. As was demonstrated in the earlier communications attached to prior motions, defense counsel wrote a letter expressing concerns about Plaintiff's discovery, even before receiving the documents, and demanded plaintiff also serve a corporate designee notice on defendants, also without having provided the documents. In the same letter, defendants list specific times for a "meet and confer" without permitting the issues to be first addressed and limited, threatening to tell the Court that Plaintiff "refused" to meet and confer if she was not available at those times and dates (which were less than 2 business days later).

> Instead, Plaintiff COMPLIED with Defendants' demands, supplementing discovery and serving notices of corporate designee depositions. Defendants then filed a motion with this Court without seeking a meet and confer based upon the service of the notices of deposition, knowing counsel was out of town, but was available the very next business day to speak, and in fact had offered to make herself available the ENTIRE week to meet and confer (which Defendants mysteriously ignored).

> Again, in sharp contrast, Plaintiff's counsel sent out letters to Defendants addressing her concerns of their non-responsiveness to discovery, asking them to give serious consideration to her concerns, as she had with theirs in supplementing her discovery, and

suggesting the week of January 3 (two weeks later) as the week to resolve any disputes, if they could not be resolved. Defendants responded with harshly worded letters, refusing to cooperate IN ANY MANNER with ANY of the items addressed, and then refused to make themselves available ANY TIME during the week of January 3, 2005, and refused to provide any reason for their unavailability, instead suggesting two times, one of which was after Plaintiff would have to file her motions, and the other a time counsel knew Plaintiff's counsel was unavailable because of personal obligations.

Yesterday, after making clear they were not going to take Ms. Gaujacq's deposition and would not reconsider this issue (and engaging in further hostile, unpleasant, colloquy), counsel sent a letter threatening to move to Strike all of Plaintiff's motions for her "refusal" to engage in a meet and confer ...(enclosing the attachment). Again, the process [is] being used as a weapon and instrument of delay and obfuscation, rather than to meet the legitimate objectives for which the requirement was imposed. And, of course, Defendants have continued to ignore the question of why they were unable to meet and confer at any time during the week of January 3rd when Plaintiff's counsel made legitimate efforts to set up such a meeting, even offering separate calls if accommodation of schedule was the issue.

As the progression of all of this suggests, this entire situation is entirely out of hand. Defendants are refusing to comply with any Rule of this Court, are increasingly uncooperative and hostile in their communications and abject refusal to do anything that may advance this litigation, have demonstrated a severe and marked pattern of delay and obfuscation, and anything Plaintiff attempts to do to enforce the Rules, move the ball forward, or get this case back on track is rejected in the most unpleasant manner.

Plaintiff's Supplemental Memorandum to Alert the Court to New Developments Impacting the

Motions before this Court & Memorandum in Support of Motion for Enforcement of the Rules,

at 7-8

Had Defendants been acting in good faith, they would have responded to facts and

arguments presented in this brief. They did not. Had Defendants been acting in good faith, they

would have made an effort to meet and confer, even at that late date, to attempt to resolve issues,

if in fact the reason for a Motion to Strike was to provide the parties more time to work out the

resolution. Defendants made no such effort, in writing or verbally

Instead, Plaintiff's counsel, after receiving the Motion to Strike, contacted Defendants

and suggested that if they genuinely wanted to try to resolve anything, there was no downside to

4

trying to meet while the motions were pending and try to resolve any outstanding issues.
Plaintiff's counsel further volunteered to clear her decks (within the previously defined time
limitations) so that a meeting could be held within a week, and strongly suggested an "in person"
meet and confer, given the acrimony exhibited by defendants  After some exchange, the parties
arranged an in person meet and confer, at defense counsels' office, yesterday  As has been
consistent throughout, counsel for EDF and EDFINA remains staunchly against listening or
considering anything that is not exactly what they have been demanding throughout. More
frustrating is that counsel provides no logic or reasoning, simply abject refusal to consider any
alternative to their own, from insisting on completely plaintiff's deposition, refusing to provide
any reason for not taking Ms Gaujacq's deposition on January 20, 2006 as earlier requested by
defense counsel, refusing to provide dates for any deposition of defendants until after multiple
days are provided for Ms. Gaujacq, and adding to the conduct, stating that Mr. Nadal would
require an interpreter even though he is fluent in English, because Plaintiff would have to pay for
the cost of the interpreter.  Discussions on incomplete and evasive discovery responses drew
similar response  Without exception, Defendants refused to even listen or talk through the
issues, instead insisting that everything they said and did was correct, and there was no room for
negotiation or resolution. Defendants even insisted that EDF and EDFINA had provided
documents in the usual course of business when provided examples of random, haphazard
documents, and when asked what business records these came from, admitted they had no idea.

In a nutshell, trying to accomplish anything is like dealing with a two-year old with an
attitude. Defense counsel need to learn to follow the rules, learn to share and interact
appropriately with their peers, and understand that there are consequences for their actions.

## **ARGUMENT**

The saga of blatant, insulting and deceptive efforts by Defendants to obscure and delay this action continues unabated. In accordance with Defendants' original request, Plaintiff traveled from Mississippi and appeared last Friday, January 20, 2005 for deposition, which Plaintiff's counsel continued to inform defense counsel. Collectively, Attachment 1. Plaintiff properly noticed the depositions of Mr. Nadal and the Corporate Designees of EDF and EDFINA more than 30 days in advance, in accordance with Rule 16.3(d) Report and this Court's Order, as well as Fed. R. Civ. P.30, collectively Attachment 2, yet Defendants have continued to refuse to produce Mr. Nadal or the corporate designees of EDF or EDFINA, although Defendants have: 1) not obtained a Protective Order; 2) not indicated the Defendants or counsel are unavailable; and 3) not provided any other available dates; and the sole basis for their refusal, as repeated yesterday, is that they want to take Plaintiff's deposition before any other depositions are taken, but want to do it for multiple days, notwithstanding the Rule limiting the deposition to 7 hours.

The times and dates of the deposition notices were consistent with Rule 16.3(d) Report and the Rules of Court. Defendants continue to refuse to produce any defense witnesses, or agree to the scheduling of third party witnesses, with no good reason.

Plaintiff, still attempting to get this case into litigation, rather than a continued pattern of delay, obfuscation and posturing, sent an email to counsel for Defendants indicating depositions Plaintiff believes need to be taken, based upon Defendants' Initial Disclosures and discovery responses thus far provided. Counsel for Plaintiff provided the names of Defendants' employees, so that Defendants could also review schedules with the employees. Plaintiff provided well in excess of 30 days' notice, asked for counsel's unavailable dates in scheduling,

and promised to move rapidly upon receiving these dates to confirm the scheduling. Attachment 3.

Rather than genuinely trying to move the ball and give dates, Defendants responded, reiterating their earlier insistence that they will not agree to schedule ANYTHING until Plaintiff's deposition is taken, even though they refused to take it last week, Attachment 4, which confirms to this Court as well as Plaintiff the true motivation and absurdity of Defendants' conduct. Defendants continued with this paralyzing position at yesterday's conference.

Interestingly and not insignificant, is that Defendants have now shifted back to requesting Two Days for Plaintiff's deposition, after using the excuse that they needed between 2-3 days, and refused to provide even dates for Mr. Nadal's deposition until Plaintiff confirmed her agreement that she would agree to the completion of Ms. Gaujacq's deposition, no matter how long Defendants believed it should take, before Mr. Nadal's Deposition could be scheduled. Attachment 5.

The Court may recall that the derailment of this entire process began with Defendants INSISTENCE that it have at least 3 days or the agreement that it could take as much as it needed, including past two days BEFORE Defendants would even SCHEDULE Mr Nadal's or the corporate designees, in sharp contrast to its earlier agreement with counsel, and inconsistent with the Rule 16.3(d) Report Attachments 5 & 6. Other admissions from Defendants' email abound: Defendants are now conceding that they will not agree to produce the corporate designee for two days, as earlier agreed, but rather will now only produce Mr Nadal for two days. Attachment 4.

But what is most outrageous of all is the conduct of defense counsel, in claiming Plaintiff's counsel made no effort to meet and confer To date, counsel has NEVER stated to this Court that it was not available for a meet and confer the week of January 3, and especially on

7

January 4, 5 or 6, after Plaintiff's counsel emailed asking for their times and dates. Defendants have never stated they were unavailable. Instead, they attempted to manipulate and delay, by requesting time later than the week, and at a time Defendants KNEW plaintiff's counsel was unavailable.

Plaintiff's counsel, in the scheduling of prior telephone conferences, had made known that absent depositions, Court appearances and appearance as a substitute judge, counsel did not schedule anything after 3:00 p.m., because of time spent with her children after school. Plaintiff's counsel has always indicated that she is available as early as 6:30 a.m., but not after 3:00 p.m. Defense counsel had earlier respected that in scheduling earlier conference calls, just as Plaintiff's counsel has always respected any personal or professional conflicts of defense counsel in this and all other cases. Yet in the growing animosity displayed by defense counsel toward plaintiff's counsel, and as a further effort to inflict personal angst on Plaintiff's counsel, defense counsel ONLY proposed times that would require the parties to meet and confer beyond 3:00 p.m. Attachment 7.

So, while ignoring and refusing to provide ANY dates or times the week of January 3, 2006,[1] Defendants proposed a time they knew Plaintiff's counsel was unavailable and would not schedule a conference call.[2] Rather than satisfy Defendants' desire for a heated response,

---

[1] Plaintiff directs the Court to the underlined portions in Attachment 7, which reflect the complete disconnect between what Defendants say they have done and what they actually have done. Contrary to Defendants' representation, Defendants never provided Plaintiff with supplemental discovery responses, about which Plaintiff requested discussion on December 21, 2005, NOT January 4, 2006, as Defendants represent. The January 4 responses were for a completely separate set of discovery.

[2] This was further confirmed by an email from EDF and EDFINA's counsel, expressing her personal contempt for Plaintiff's request for such an accommodation. After a heated exchange of email, EDF and EDFINA's counsel apologized and acknowledged that Plaintiff's counsel had every right to schedule her own time, and they would respect it.

Plaintiff ignored the outrageous and inflammatory effort. Apparently buoyed by the silence, Defendants threatened to file a Motion to Strike. Again, rather than engage in a heated exchange about personal and professional courtesies, Plaintiff's counsel filed Plaintiff's Supplemental Memorandum to Alert the Court to New Developments Impacting the Motions before this Court & Memorandum in Support of Motion for Enforcement of the Rules, informing the Court of what was transpiring, including this exact issue. Defendants never responded, and indeed, never addressed the issues raised in Plaintiff's motion, in the Motion to Strike, filed two days later.

As stated in the earlier Supplemental Motion and Motion for Sanctions, Defendants are out of control and there is no relief in sight. The unwarranted, and highly unprofessional attack on Plaintiff's counsel for attempting to prioritize her family, where so many professionals have deeply regretted not doing so in the past, and where many, many professionals juggle their schedules, with the consideration and respect of other counsel today, is simply the tip of the iceberg in this litigation. Attacking Plaintiff's counsel as a means of delay and obstruction is even more inappropriate and unprofessional, and should not be countenanced.

The Court should send a strong, loud, clear message that the conduct Defendants continue to pursue will not be tolerated in this Court. The parties all suffer from the time and expense wasted by all of this conduct, but most significantly, from the inexcusable delays and obstruction of the pursuit of Justice.

## CONCLUSION

For the reasons set forth above, Plaintiff requests this Court deny Defendants' Motion to Strike. Plaintiff further requests this Court impose sanctions on Defendants and Defendants' counsel, because of conduct harming and impeding the orderly progression of this action, violating this Court's Order, violating the Federal Rules of Civil Procedure, and violating the Rules of this

Court. Plaintiff further requests that this Court award her attorneys' fees and costs expended in this

effort, given the willful, continuing, mendacious conduct by Defendants

February 2, 2006                          Respectfully submitted,


Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive,
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
   Catherine Gaujacq