IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ )<br><br>Plaintiff, )<br><br>v. )<br><br>ELECTRICITE DE FRANCE )<br>INTERNATIONAL NORTH AMERICA, )<br>INC., et al. )<br><br>Defendants. ) | No. 1:05CV0969 (JGP) |

### REPLY TO DEFENDANT NADAL'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT MR. NADAL

The Plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), by counsel, hereby replies to Defendant Christian Nadal's ("Mr. Nadal") Opposition to Plaintiff's Motion to Compel Discovery Responses from Defendant Mr. Nadal.

### ARGUMENT

In his opposition, it becomes apparent that while Mr. Nadal implies that he is complying fully with the spirit of the Plaintiff's discovery requests, he admittedly failed to provide basic information to which Plaintiff is entitled. First, Mr. Nadal claims that in his January 3, 2006 letter, he "invited further discussion from Plaintiff if she was not satisfied with Defendant's explanation." However, the only suggestion that counsel for Mr. Nadal made in his January 3, 2006 letter inviting any further discussion was when he stated at the very end of his letter that he

would be willing to discuss exchanging privilege logs.[1] All other responses in his letter were clear refusals to consider Plaintiff's requests.

## I.   Mr. Nadal's Responses to Plaintiff's First Set of Interrogatories

### A.   Rule 33(d)

Mr. Nadal incorrectly implies that Plaintiff claims that all answers to interrogatories must contain a reference under Rule 33(d) to specific documents. Plaintiff never so claims. Rather, Plaintiff has quite clearly pointed to the three responses to interrogatories in which Mr. Nadal references documents as a part of his answer. See Exhibit 6 to Plaintiff's Motion to Compel, Mr. Nadal's Response to Plaintiff's First Set of Interrogatories, Interrogatory Nos. 6, 15 and 18. While Rule 33(d) allows a party the option of designating business records rather than fully answering an interrogatory, once Mr. Nadal designates business records for all his response or, as in this case, a portion of his response, Mr. Nadal must adequately specify those business records pursuant to Rule 33(d). Under Mr. Nadal's theory, because he also provided a narrative response, he can additionally reference whatever documents he wants without specifying them. In that way, if later he adds to his answer in the middle of trial with information he is currently withholding, he can simply say that such information was contained in the documents to which he vaguely referred in his response to Plaintiff's interrogatory. Again, Mr. Nadal does not even seem to have produced the documents, to which he refers.[2] (Interrogatory No. 6: "many of the

---

[1] The issue of exchanging privilege logs was again broached in an in-person conference on February 1, 2006 wherein Plaintiff asked for a date certain to exchange such privilege logs. Counsel for Mr. Nadal did not give a date certain and suggested that any date be tied either to an agreement on a deposition schedule or the completion of all discovery requests by Plaintiff. Later, in a letter dated February 3, 2006, defense counsel proposed exchanging privilege logs within 30 days. Plaintiff has agreed and proposed the deadline of March 1, 2006. Accordingly, it seems this issue will be resolved as of March 1, 2006.

[2] Mr. Nadal has only produced documents in his personal possession, which seem to be largely financial documents, and has not produced any documents related in anyway to EDFINA.

documents in this case;" No. 15: "memorandum of the meeting with Lyon, *which will be produced in accordance with Fed. Rule Civ. P. 33(d)*" and No. 18: "e-mail dated July 23, 2004, *which will be produced pursuant to Fed. Rule Civ. P. 33(d)*"). See Exhibit 6 to Plaintiff's Motion to Compel.

B.  Number of Interrogatories

While repeatedly complaining that Plaintiff has propounded more than 25 interrogatories, Mr. Nadal never even attempts to distinguish which "25" interrogatories he has deigned to answer, leaving Plaintiff to guess which interrogatories Mr. Nadal actually answered and about which ones he has more information, but chose not to give to Plaintiff at this time. In this regard, Mr. Nadal makes the propounding of interrogatories largely useless because Plaintiff is left to wonder whether any of Mr. Nadal's responses are complete. Plaintiff, in a response to this and in an effort to not waste the discovery allowed under Rule 33, requested that Defendants answer the entire interrogatory propounded, including all details requested. Instead of doing so, Mr. Nadal merely responded that he answered the interrogatories well enough and we should be happy he answered them at all because plaintiff propounded too many interrogatories. He continues to fail to clarify which interrogatories, or "subparts" of interrogatories he is refusing to provide responses to, again leaving Plaintiff to wonder as to the completeness of all of the interrogatories.[3]

In objecting to the interrogatories, Mr. Nadal complained that Plaintiff propounded an additional interrogatory at the end of each interrogatory by requesting that Mr. Nadal "identify all documents relied upon in answering this interrogatory." However, Mr. Nadal never answered

---

[3] While Mr. Nadal indicated on February 3, 2006 a willingness to specify which interrogatories or "subparts" he answered if doing so would resolve Plaintiff's Motion to Compel, although he has not yet done so.

3

this "subpart" any of the times it was propounded and this portion of the interrogatories is not a part of Plaintiff's motion to compel. Further, Mr. Nadal's best example of multiple interrogatories is the last interrogatory propounded by plaintiff (No. 20), one that Mr. Nadal again refused to answer (except in the most general, vague and useless sense) and one that is not the subject of Plaintiff's Motion to Compel. It is therefore hard to understand why any argument related to these interrogatories or alleged "subparts" to interrogatories is even relevant to this discussion.

Accordingly, while Plaintiff requests this Court order Mr. Nadal to completely answer all the interrogatories subject to Plaintiff's Motion to Compel, at a minimum, he should specify which 25 interrogatories he is answering and answer them completely.

## II.     Mr. Nadal's Response to Plaintiff's First Request for Production of Documents

While readily admitting that he refused to produce responsive documents that were under his possession custody or control, if they were also under the possession custody and control of EDFINA, Mr. Nadal disavows any responsibility for these documents due to concerns of efficiency. While Plaintiff does not believe it necessary that Mr. Nadal produce documents that EDFINA has already produced, Mr. Nadal is still responsible for responding fully to all discovery requests. In other words, if he does not wish to produce all responsive documents in his possession custody and control because EDFINA has already produced such documents, he need merely cite to such previously produced, responsive documents. According to Mr. Nadal's own words, he produced only documents responsive to Requests No. 19, 42 and 50 of Plaintiff's

4

First Request for Production of Documents.[4] While he knows of other responsive documents, he has left the production of such documents to EDFINA. Plaintiff is evidently, therefore, to trust that EDFINA will produce all responsive documents of which Mr. Nadal is aware, without any confirmation, through pleading, that such documents were actually produced. In this regard, Mr. Nadal abducts all responsibility for the production of such documents, and any consequences for producing such documents, to EDFINA. According to Mr. Nadal's theory of the rules of discovery, Plaintiff has no recourse against Mr. Nadal for the failure to produce responsive documents because such responsive documents are also in the hands of another defendant (EDFINA). Such reasoning, while convenient for Mr. Nadal, is not a correct reading of the Rules of Civil Procedure. Mr. Nadal is responsible for the production of all responsive documents, not merely those that are convenient for him to produce. If Mr. Nadal's claim that all responsive documents have been produced either by him or EDFINA is true, Mr. Nadal need merely direct Plaintiff, by Bates number, to those documents in a supplemental response to Plaintiff's request for documents. As it stands now, Mr. Nadal states in his discovery responses that he "will produce responsive documents in his personal possession, custody or control" to all but document requests 22 (which he states are in EDFINA and EDF's control) and 25, 29, 30 and 46 (to which he states there are no responsive documents), even though it is clear from his January 3, 2006 letter that he has produced only documents responsive to three requests (requests

---

[4] In his January 3, 2006 letter, Mr. Nadal does give Plaintiff some of the information requested in her motion to compel when he references the Bates numbers of responsive documents for 3 of Plaintiff's document requests. While Plaintiff appreciates this information, unless Defense Counsel wishes to be called as a witness if Mr. Nadal's discovery responses become an issue during trial, the proper place for such information is in a supplemental pleading. Further, Mr. Nadal has since produced additional documents that are not referenced in his letter.

5

nos. 19, 42 and 50). The guessing game Mr. Nadal forces upon Plaintiff is contrary to the Rules of Civil Procedure and should not be allowed by this Court.

## CONCLUSION

Plaintiff's Motion to Compel should be granted. Plaintiff requests that Mr. Nadal be required to respond fully and completely to all outstanding discovery requests no later than one week after this Court's entry of an Order granting Plaintiff's motion, including delivering copies of all responsive pleadings and documents.

February 6, 2006                    Respectfully submitted,

*Kathleen Quill / by ECC*
Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive,
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
    Catherine Gaujacq