IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV0969 (JGP) |
| ) | |
| ELECTRICITE DE FRANCE ) | |
| INTERNATIONAL NORTH AMERICA, ) | |
| INC., et al. ) | |
| ) | |
| Defendants. ) | |

### REPLY TO DEFENDANT EDFINA'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT EDFINA

The Plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), by counsel, hereby replies to Defendant Electricite de France International North America's ("EDFINA") Opposition to Plaintiff's Motion to Compel Discovery Responses from Defendant EDFINA.

### ARGUMENT

In its opposition, it is clear that while EDFINA states that it has complied fully with Plaintiff's discovery requests, it has completely ignored most of Plaintiff's requests and chooses to provide only what it wishes to produce. EDFINA further misrepresents its intentions with regard to the "meet and confer" requirement and twists the facts related to the discovery and Plaintiff's Motion to Compel.

First, EDFINA complains that Plaintiff failed to meet her "meet and confer" obligation. However, Plaintiff sent a very detailed letter on December 21, 2005, explaining her requests and reasoning therefore and requesting to confer with counsel for EDFINA the first week of January 2006. See Exhibit 1 to Plaintiff's Motion to Compel. Rather than complying with Plaintiff

requests or arranging a time to confer with Plaintiff regarding her concerns, EDFINA sent a letter on January 7, 2006, brusquely refusing to consider any of Plaintiff's requests. See Exhibit 2 to Plaintiff's Motion to Compel. Nor did EDFINA confer with Plaintiff during the week requested. Further, at Plaintiff's suggestion, counsel for EDFINA and Plaintiff met in person on February 1, 2006 to discuss all outstanding motions. When the subject of this Motion to Compel was broached, EDFINA made it clear that they would not consider any of the Plaintiff's requests, merely standing on the positions taken in EDFINA's opposition.[1] Clearly, the discovery disputes enumerated in Plaintiff's Motion to Compel cannot be resolved in any conference with EDFINA when they refuse to discuss any of Plaintiff's requests.

Second, EDFINA seems to suggest that Plaintiff's Motion to Compel was filed as harassment for EDFINA sending a letter on December 15, 2006 identifying deficiencies in Ms. Gaujacq's responses to Defendant's discovery requests. Such vengeance may make some sense if not for the fact that Ms. Gaujacq responded to all of EDFINA's concerns and timely filed supplemental discovery responses on December 21, 2005, without any further request or argument from EDFINA. See Exhibits A and B, Plaintiff's supplemental discovery responses.

Third, after stressing the fact that discovery would have to be answered separately by EDF and EDFINA, EDFINA now complains that it suffered a burden because Plaintiff served EDFINA and EDF at different times. See EDFINA's Opposition at 4-5. EDFINA next seems to suggest, because Plaintiff has not yet filed a motion to compel against EDF, that EDFINA and EDF have both complied with Plaintiff's discovery requests. Contrary to this leap of faith, Plaintiff sent a letter to EDF on January 23, 2006 explaining all the deficiencies in EDF's

---

[1] Despite this position, Plaintiff and EDFINA have agreed to again confer by telephone on February 7, 2006. Plaintiff will timely inform the Court if any aspect of this Motion is resolved.

2

discovery responses and, as EDF is aware, Plaintiff plans to file a motion to compel discovery responses from EDF in the very near future.[2] See Exhibit C, letter from Ms. Bredehoft to Ms. Regal dated January 23, 2006. Further, while EDFINA both complains that Plaintiff served additional document requests upon EDFINA prior to EDFINA's full production of documents and touts its responses by stating that Plaintiff has not yet challenged EDFINA's responses to Plaintiff's Second Request for Production of Documents, both statements are irrelevant to the whether EDFINA has complied with Plaintiff's First Request for Production of Documents.[3]

## I.   EDFINA's Responses to Plaintiff's First Set of Interrogatories

### A.   Rule 33(d)

EDFINA incorrectly implies that Plaintiff claims that all answers to interrogatories must contain a reference under Rule 33(d) to specific documents. Plaintiff never so claims. Rather, Plaintiff has quite clearly pointed to the responses to interrogatories in which EDFINA references documents as all or part of its answer. See Exhibit 6 to Plaintiff's Motion to Compel, EDFINA's Response to Plaintiff's First Set of Interrogatories, Interrogatory Nos. 2, 3, 4, 6, 8-12, and 14-20; see also EDFINA's Opposition at 15 ("EDFINA ... has accordingly fully responded to this interrogatory by its reference to said documents."). While Rule 33(d) allows a party the option of designating business records rather than fully answering an interrogatory, once

---

[2] While EDF produced additional documents, its document production and responses to Plaintiff's Request for Production of Documents suffer from similar defects as EDFINA's production and response. Further, EDF's Response to Plaintiff's First Set of Interrogatories, while adding a few extra sentences, gives responses that are almost identical to EDFINA's responses to the propounded interrogatories despite EDFINA's deference to EDF for much of the information requested. These responses clearly suffer from the same defects as those suffered by EDFINA.

[3] In fact, EDFINA's responses to Plaintiff's Second Request for Production of Documents suffers from the same deficiencies as EDF's responses to those same requests as enumerated in Plaintiff's letter to EDF on January 23, 2006. See Exhibit C.

3

EDFINA designates business records for all of its response or a portion of its response, EDFINA must adequately specify those business records pursuant to Rule 33(d). Under EDFINA's theory, because it also provided a narrative response in most instances, it can additionally reference whatever documents it wants without specifying them. In that way, if later it adds to its answer in the middle of trial with information it is currently withholding, it can simply say that such information was contained in the documents to which it vaguely referred in its response to Plaintiff's interrogatory. Further, EDFINA seems to suggest that the repeated vague references to documents in its responses to Plaintiff's interrogatories, which specifically reference Rule 33(d), are somehow a response to Plaintiff's request to "identify all documents reflecting your response to this Interrogatory." However, as is clear from its responses and from its Opposition, EDFINA refused to answer that portion of the interrogatory when propounded.[4] EDFINA cannot have it both ways: either it is refusing to answer this portion of the interrogatory or not. Further, EDFINA's specific references to Rule 33(d) belie this position newly taken in response to Plaintiff's Motion to Compel. Finally, EDFINA claims that any documents it referenced "are clearly identified therein," because its documents were produced "with separate categories of documents easily discernible." EDFINA Opposition at 7. Plaintiff disputes this unsupported claim as described below.

B.   Number of Interrogatories

First and foremost, EDFINA seems to ignore the fact that it has largely waived the objection that Plaintiff propounded more than 25 interrogatories. While EDFINA points to Interrogatory Nos. 5, 6, 7, 8, 19 and 21 as "egregious examples of compounded interrogatories,"

---

[4] If EDFINA was attempting to answer this portion of the interrogatories, it is clear that have failed to adequately identify such documents in the detail required by the interrogatories.

4

EDFINA Opposition at 16, it waived any objection regarding this issue as to all but three of these interrogatories. See Exhibit 6 to Plaintiff's Motion to Compel, EDFINA's Response to Plaintiff's First Set of Interrogatories, Nos. 6, 8 and 21. Further, two of these "egregious examples" (nos. 19 and 21) are not subject to Plaintiff's Motion to Compel and are therefore irrelevant.

Even if it had not waived this objection, EDFINA fails to support its argument that it should not have to give complete answers to any of the interrogatories based upon Plaintiff's allegedly propounding more than 25 interrogatories. While repeatedly complaining that Plaintiff has propounded more than 25 interrogatories, EDFINA never even attempts to distinguish which "25" interrogatories it has deigned to answer, leaving Plaintiff to guess which interrogatories EDFINA actually answered and about which ones it has more information, but is choosing not to give to Plaintiff at this time. In this regard, EDFINA makes the propounding of interrogatories largely useless because Plaintiff is left to wonder whether any of EDFINA's responses are complete.[5] Plaintiff, in a response to this and in an effort to not waste the discovery allowed under Rule 33, requested that Defendants answer the entire interrogatory propounded, including all details requested. Instead of doing so, EDFINA merely responded that it answered the interrogatories well enough and we should be happy it answered them at all because plaintiff propounded too many interrogatories. EDFINA continues to fail to clarify which interrogatories,

---

[5] EDFINA attitude regarding refusing to give detailed answers in response to interrogatories is evident in its defense of its position and in support of its argument that it need not answer Interrogatory No. 14 with any further detail, wherein EDFINA states: "If Plaintiff wants further information, she is entitled to ask and discover any greater factual detail or nuance that may be relevant to her question at deposition." EDFINA Opposition at 16. However, the whole purpose of propounding interrogatories under Rule 33 is to obtain specific facts without the use of Rule 30's procedure for deposing witnesses. Even if an individual is going to be deposed anyway, it is unfair to increase the time and costs of such deposition by refusing to completely answer interrogatories propounded ahead of time.

or "subparts" of interrogatories it is refusing to provide responses to, again leaving Plaintiff to wonder as to the completeness of all of the interrogatories.[6]

Finally, in objecting to the interrogatories, EDFINA complains that Plaintiff propounded an additional interrogatory at the end of most interrogatories by requesting that EDFINA "identify all documents relied upon in answering this interrogatory." However, EDFINA specifically objected to this request and refused to answer this "subpart" any of the times it was propounded and this portion of the interrogatories is not a part of Plaintiff's motion to compel. Further, EDFINA's example of multiple interrogatories is given with regard to the last interrogatory propounded by plaintiff (No. 21), one that EDFINA again refused to answer (except in the most general, vague and useless sense) and one that is not the subject of Plaintiff's Motion to Compel. It is, therefore, hard to understand why any argument related to these interrogatories or alleged "subparts" to interrogatories is relevant to this discussion.

Accordingly, while Plaintiff requests this Court order EDFINA to completely answer all the interrogatories subject to Plaintiff's Motion to Compel, at a minimum, it should specify which 25 interrogatories it is answering and answer them completely.

## II. EDFINA's Response to Plaintiff's First Request for Production of Documents

### A. Rule 34(b)

EDFINA continues to insist, despite reality, that it has produced documents as they are kept in the usual course of business, and in organized "separate categories of documents easily

---

[6] On February 1, 2006, Plaintiff requested that, at a minimum, EDFINA specify which interrogatories or "subparts" it answered. EDFINA has continued to fail to do so.

6

discernible."[7] EDFINA Opposition at 7. However, while Rule 34(b) allows EDFINA to produce documents as they are kept in the usual course of business, such production clearly contemplates first and foremost one party going to the other party's business and reviewing documents. In that way, the requesting party knows where the responsive documents came from, including which documents are to be grouped together because they came from the same office or filing cabinet. At minimum it contemplates some identification or grouping of documents to show from where the documents came. In other words, the documents should be produced in such a manner as to show from where the documents came within the corporate defendant (from which office building and from whose office) or, at a minimum, to differentiate groups of documents by different files. Some parties have chosen to do this by including a different prefix for the Bates numbers based upon the source of the documents, or to segregate the documents and label them either by file or by office. Without this sort of basic organization, Plaintiff has no ability to even authenticate many of the documents or know to which deponents she should direct questions about particular documents.

Based upon the production given by EDFINA, it would seem that the documents all came from the same office (although we know, based upon statements of defense counsel, that this is not the case) and all 4,749 documents produced were kept in one big box within that one office. While the examples EDFINA provides are relatively easy to categorize and Plaintiff may even be able to <u>guess</u> as to where such documents are kept by EDFINA in the usual course of business, much of the document production is not easily categorized or organized and does not appear to

---

[7] To the extent that EDFINA is claiming that the documents are both produced as they are kept in the usual course of business and organized in separate categories of documents responsive to each interrogatory, EDFINA cannot have it both ways. It must either produce them as "kept in the ordinary course of business <u>or</u> shall organize and label them to correspond with the categories in the request." Fed.R.Civ.P. 34(b).

7

be in any kind of order a business would utilize. For example, the document production starts with insurance policies (1-44), followed by documents related to the American Nuclear Society (45-48), followed by one document seemingly related to a business expense in Florida (49), followed again by documents related to the American Nuclear Society (50-52), followed by immigration related documents (53-86), followed again by insurance policies (87-124). Immigration documents are again produced later in the production (approximately 820-837 and 872-886) As to what EDFINA describes as the supposedly obvious e-mails correspondence (see EDFINA Opposition at 7), e-mails from Benoit Dreux seemed to be produced at Bates numbers 278-385, followed by e-mails from Adja Ba at Bates numbers 386-702. However, at Bates number 469, right in the middle of e-mails from Adja Ba, is an e-mail from Benoit Dreux. How can this organization of documents possibly be as such documents are kept in the usual course of business?

Rule 34 does not contemplate a producer of documents to produce documents haphazardly, in no particular order, placing upon the requester of documents the impossible guessing game EDFINA has placed upon Plaintiff. If, as EDFINA states, the documents are clearly identifiable, then surely EDFINA will have no trouble categorizing them either by document requests or as they are kept in the usual course of business as Rule 34(b) requires.

  B. EDFINA's Failure to Produce Documents within its Control

Finally, while readily admitting that it refused to produce responsive documents that were under its possession custody or control, if they were also under the possession custody and control of EDF, EDFINA disavows any responsibility for these documents claiming that EDF

8

and EDFINA are completely separate entities.[8] While Plaintiff does not believe it necessary that EDFINA produce documents that EDF has already produced, EDFINA is still responsible for responding fully to all discovery requests. In other words, if it does not wish to produce all responsive documents in its possession custody and control because EDF has already produced such documents, it need merely cite to such produced, responsive documents.

### III. EDFINA's Refusal to Provide Documents or Interrogatory Responses Related to Employees Other than Gaujacq and Nadal

While EDFINA repeatedly cites the standards followed by the District of Columbia federal courts in determining the range of discovery related to employees other than the plaintiff employee, it ignores such rulings in both its objections to Plaintiff's requests and its Opposition to Plaintiff's Motion to Compel. The cases cited by both Plaintiff and EDFINA clearly state that documents and information related to other employees is discoverable. While such documents may be limited by the Court (i) to the same department or agency where Plaintiff worked, (ii) to a reasonable time before and after the alleged discrimination, and (iii) by the same or similar decision-maker, this type of information and documents are clearly relevant to claims such as those enumerated in the Complaint. In this case, Ms. Gaujacq was a President of the subsidiary EDFINA, so the department would include EDFINA and similarly situated managers, both within EDFINA and within EDF. The temporal request would include at least some portion before and after Ms. Gaujacq was EDFINA President, and the decision-maker, which EDFINA conveniently limits to Mr. Nadal, would include Mr. Nadal, people in similar positions as Mr. Nadal, and all the other decision-makers in EDF who chose to ignore Ms. Gaujacq's complaints about Mr. Nadal, chose to break the agreement with Ms. Gaujacq regarding future employment

---

[8] This despite the fact that EDFINA seems to have no real corporate structure, no Human Resource office or person and very few direct employees without EDF's aid and employees

9

with EDFINA and EDF, and chose to demote Ms. Gaujacq. In its objections and opposition, EDFINA has refused to produce any documents or information related to employees other than Ms. Gaujacq and Mr. Nadal, thereby ignoring the clear rulings it cites in its opposition. See EDFINA Opposition at 11-12.

Finally, with respect to EDFINA's refusal to produce documents or information related to other employees, it claims, without support, that such documents are irrelevant to Ms. Gaujacq's claims of discrimination, harassment and retaliation. In doing so, EDFINA completely ignores Ms. Gaujacq's claim of EDFINA's violation of the Equal Pay Act. Clearly, comparative information and documents related to other employees at EDF and EDFINA is essential and relevant to Ms. Gaujacq's claim pursuant to the Equal Pay Act as well as her other claims.

The information requested through interrogatories and the documents requested by Plaintiff are clearly discoverable and EDFINA should be ordered to respond fully and completely.

## CONCLUSION

Plaintiff's motion to compel should be granted. Plaintiff requests that EDFINA be required to respond fully and completely to all outstanding discovery requests no later than one week after this Court's entry of an Order granting Plaintiff's motion, including delivering copies of all responsive pleadings and documents.

February 6, 2006                Respectfully submitted,

*Kathleen Quill/by PCC*
_____
Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive,
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
   Catherine Gaujacq

11