# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV0969 (JGP) |
| | ) | |
| ELECTRICITE DE FRANCE | ) | |
| INTERNATIONAL NORTH AMERICA, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO EDF AND EDFINA'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), pursuant to the Rule 33 of the Federal

Rules of Civil Procedure, hereby objects and responds to Defendants Electricite de France, S.A.

("EDF") and Electricite de France International North America ("EDFINA") First Set of

Interrogatories as follows.

### GENERAL OBJECTIONS

The following objections apply to the Interrogatories as a whole, and to each of the

separate Interrogatories.

The provision or identification of any document or information in connection with this

response does not constitute an admission that such document or information is relevant to any

issue in this case or is admissible at trial of this action.

1.    Ms. Gaujacq objects to the Interrogatories to the extent they would require Ms.

Gaujacq to provide or reveal the contents of any document or information privileged from

disclosure pursuant to the attorney-client privilege, the qualified immunity provided to litigation work product, or any other applicable privilege. Ms. Gaujacq will not provide such information.

2.    Ms. Gaujacq objects to the Interrogatories to the extent they seek to impose a duty to supplement in addition to that required by the Rules. Ms. Gaujacq will supplement her responses to the extent required by law

3.    Ms. Gaujacq objects to the Interrogatories to the extent they seek information which is not the proper subject of discovery.

## INTERROGATORIES

1.    **Identify all individuals whom you believe have information relating to the allegations contained within the pleadings in this matter and describe that information in detail.**

**OBJECTION:**  Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that this Interrogatory invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, in addition to Plaintiff, the following are persons Plaintiff believes have knowledge:

| | |
|---|---|
| **Christian Nadal**<br>Replacement as President of EDFINA<br>Former supervisor as President of EDFINA | Harassment, discrimination, retaliation, defamation, interference |
| **Fernando Ponasso**<br>EDF Senior VP<br>Chairman of EDFINA | Knowledge of discrimination, retaliation and unequal pay. Plaintiff's performance. Knowledge of EDF HR policies for high level executives |

2

| | |
|---|---|
| **Yann Laroche**<br>Senior VP<br>Human Resources EDF<br>S.A. | Knowledge of expectations, retaliation and unequal pay.<br>Knowledge of EDF HR policies for high level executives. |
| **Bernard Dupraz**<br>Senior VP EDF<br>Former | Knowledge of EDF R&D and Engineering businesses of EDF in the US.<br>Knowledge of harassment and discrimination. |
| **Laurent Stricker**<br>Senior VP EDF<br>Former supervisor | Knowledge of harassment and discrimination |
| **Jean-Luc Foret**<br>Former co-worker | Knowledge of harassment and defamation.<br>Knowledge of work environment. |
| **Walker Nolan**<br>Consultant with EDFINA | Plaintiff's performance and conduct   Knowledge of defamation |
| **Mike Slavitt**<br>Former CPA with EDFINA | Knowledge of harassment, discrimination   Knowledge of EDF/EDFINA accounting |
| **Adja MAME BA**<br>Former co-worker | Plaintiff's and Defendant's performance and conduct.<br>Knowledge of harassment and discrimination<br>Knowledge of work environment.   Knowledge of EDF/EDFINA accounting. |
| **Benoit Dreux**<br>Co-worker<br>VP of EDFINA | Knowledge of harassment, discrimination.   Knowledge of work environment. Knowledge of EDF/EDFINA accounting |

     2.     **Identify each Person whom you expect to call as a witness, or whom you have contacted about appearing as a witness, at trial in this matter and describe the subject matter on which he or she is expected to testify, the substance of the facts and opinions on which he or she is expected to testify, and an identification of any and all documents which he or she has considered or will rely upon.**

     **OBJECTION:** Plaintiff objects to this Interrogatory to the extent it seeks information

protected by the attorney-client privilege. Plaintiff also objects on the grounds that this

Interrogatory invades protected litigation work product and would require disclosure of core

3

opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P.

26(b)(3).

**RESPONSE:**  Without waiving objections, Plaintiff has made no determination of who

may be called as a witness. Any such person would be encompassed in Interrogatory No. 1

**3.      State whether you are currently employed, engaged as a freelancer or consultant (or have been since November 1, 2004) with any Person from November 1, 2004 through the present; the date or dates on which you became so employed or engaged; where you have been so employed or engaged; and the compensation received from each such employment from the date you began such employment or engagement to the present.**

**OBJECTION:**  Plaintiff objects to this Interrogatory on the grounds that this

Interrogatory is overly broad, unduly burdensome, and exceeds that which is relevant or likely to

lead to the discovery of admissible evidence.

**RESPONSE:**  Without waiving objections, Plaintiff has not been employed or engaged

as a free lancer or consultant with any person or company other than EDF/EDFINA from August

1st, 2000 to April 3rd, 2005. Plaintiff has been employed with Entergy from April 4th, 2005 to the

present. Plaintiff received compensation from EDF/EDFINA in 2005 and expects EDF/EDFINA

to mail her the W2 in early 2006. To date, Plaintiff has received a net pay of $90,187.94 from

Entergy.

When employed by Entergy in April 2005, the plaintiff was not permitted by Entergy to

relocate from Virginia, and worked 4 months in Jackson, Mississippi and 4 months in White

Plains, New York on a temporary position. Entergy authorized plaintiff to relocate in Mississippi

on November 21st, 2005. Plaintiff paid every other week for her weekly air trips to Mississippi

and New York, from April 4th, 2005 to November 21st, 2005. In the meantime, Plaintiff paid her

rent in Virginia from February 2005 until November 2005. Expenses incurred by Plaintiff during

this temporary period are $ 24,540.

4

4.      **Identify any Person with whom you had any communication relating to opportunities for your employment or work for hire, by any Person other than EDF or EDFINA, from January 1, 2000 to the present, and describe in detail the substance of those communications.**

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that this Interrogatory is overly broad, unduly burdensome, and exceeds that which is relevant or likely to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving objections, Plaintiff had no conversation with any person outside of EDF/EDFINA regarding potential employment from August 2000 until August 2004. In the fall of 2004, as her situation with EDF/EDFINA continued to deteriorate, Plaintiff sent resumes to headhunters, companies, and institutions in the United States

Plaintiff had communications about employment opportunities with Entergy in late December 2004 with Pete Schneider VP Human Resources, Gary Taylor CEO Nuclear, and William Campbell COO Nuclear South. These conversations were exclusively about Plaintiff's potential employment with Entergy. During these communications and to the present, Plaintiff has had no communication with Entergy employees about her situation with EDF/EDFINA, other than indicating to Entergy in January 2005 that she was no longer with EDF/EDFINA.

5.      **Identify all visas, grants of immigrant status, residence cards or other documents issued by the United States Immigration and Naturalization Service permitting you to remain and work in the United States; and state when each such document was first requested by you and when it was issued.**

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving objections, Plaintiff requested a L1A visa in May 2000 and was granted an L1A visa in July 2000. Plaintiff requested Permanent Residency status on or

around December 2001 and was granted Permanent Residency in late August 2004  Plaintiff

requested an extension of her L1A visa and was granted an L1A extension in July 2003  EDF

approved all those requests and EDFINA sponsored all these requests

      6.     **Identify any Person with whom your husband has been employed and with whom your husband has had any communication relating to employment opportunities, or work for hire, from January 1, 2000 to the present, and describe in detail the substance of those communications.**

      **OBJECTION:** Plaintiff objects on the grounds that this Interrogatory is overly broad,

unduly burdensome, and the information sought is neither relevant to any issue in this litigation,

nor reasonably calculated to lead to the discovery of admissible evidence.

      **RESPONSE:** Without waiving objections, Plaintiff's husband was not authorized to

work in the United States until the summer of 2002  He had conversations about employment

opportunities in the summer of 2002, when he was granted an Authorization to Work in the

process of their application for Permanent Residency  Plaintiff's husband is not employed and

has never been employed in the United States from August 2000 to the present.

      7.     **Identify all security measures you took to maintain the confidentiality of and to prevent the loss or destruction of or damage to documents and things belonging to EDF and/or EDFINA while in your possession, custody or control.**

      **OBJECTION:** Plaintiff objects on the grounds that this Interrogatory is overly broad,

unduly burdensome, and the information sought is neither relevant to any issue in this litigation,

nor reasonably calculated to lead to the discovery of admissible evidence.

      **RESPONSE:** Without waiving objections, Plaintiff had renter's and personal liability

insurance paid by EDFINA for each home lease contract provided by EDFINA for her lodging.

The houses were equipped with security systems. Proprietary documents were maintained in a

fire retardant closet in a safe room in Plaintiff's basement

**8.**    State by what authority you deleted the contents of the EDF laptop that was in your possession, describe with particularity how and when said contents were deleted and identify all Persons with knowledge concerning such deletion and all software used in connection therewith.

**OBJECTION:**  Plaintiff objects on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**  Without waiving objections, like any other employee of EDF/EDFINA, Plaintiff would archive, destroy, or delete documents and files according to the company's policy and specific company's business agreements. Plaintiff was assigned four different computers in the course of her employment with EDF/EDFINA from August 1st, 2000 until January 8th, 2005 and had to use three personal computers and numerous others while traveling for business. In October 2004, Plaintiff reminded EDF/EDFINA of the inventory of company's properties at her residence, asking the company to remove these properties. That list included furniture, silverware, appliances, a company car, a laptop, and a cell phone. The company agreed to sell the laptop to Plaintiff, but the price proposed was not reasonable (it did not account for depreciation), so Plaintiff declined to buy it. On February 28th, 2005, Plaintiff gave the laptop, the cell phone, the car keys, and the car title to EDF/EDFINA lawyer while movers were picking up the company's household goods at Plaintiff's residence. At no time before September 2005 did the company ask Plaintiff to preserve any file or make any claim to Plaintiff about the laptop. In situations like this one, or in the case of a computer change at the office, the practices of the company were to sell the old computer to personnel for personal use, or to give the computer to charities. The company would ask the employee to wipe the computer clean, mostly for software licenses issues.

9.    Identify all communications and attempted communications between or among any employee or representative of ENTERGY Nuclear and any employee or representative of EDF or EDFINA relating to your employment with EDF and/or with ENTERGY Nuclear.

**OBJECTION:** Plaintiff objects on the grounds that this Interrogatory is vague and seeks information in EDF or EDFINA's possession.

**RESPONSE:** Without waiving objections, Plaintiff refers to Response to Interrogatory No. 4. Additionally, in August 2004, Plaintiff was a speaker at a nuclear conference to represent EDF with EDF/EDFINA knowledge and approval. The Nustart President told Plaintiff that EDFINA had contacted the President to have Plaintiff removed from the project. Other conference attendees and business partners were aware of the situation.

In late August 2004, as Plaintiff was preparing to attend a conference call scheduled with Nustart to represent EDF with EDF/EDFINA knowledge and approval, the Nustart Secretary told Plaintiff that EDFINA had contacted him to change the conference call dial-in number so Plaintiff could not attend the meeting. All other business partners were aware of this event. Plaintiff had to apologize for the inconvenience on behalf of the company.

Neither the Nustart President nor Nustart Secretary were Entergy employees. However, Entergy was a member of Nustart.

In late April or early May 2005, Plaintiff had a phone conversation with Entergy's contractor in charge of background checking. The contractor let Plaintiff know that all their attempts to contact or get information from EDF/EDFINA had failed. Entergy Nuclear policy does not allow Plaintiff to disclose the name of the company to which Entergy outsource background checking for nuclear power plants employees and contractors. This was an issue to grant Plaintiff unescorted access to Entergy's nuclear sites, which was required by US federal laws and regulations (CFR) to perform Plaintiff's job. Plaintiff learned in late April or early May

8

2005 that EDF/EDFINA did not provide this information because they did not want to admit in writing that they had terminated Plaintiff.

**10.    Describe with particularity the damages to your reputation as alleged in paragraphs 268, 292, 302, 305, 308, 318, 330, and 352 of the Complaint.**

**OBJECTION:** Plaintiff objects on the grounds that this Interrogatory is overly broad, unduly burdensome, and the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects on the grounds that this Interrogatory requests legal conclusions. Since the conduct by EDF and EDFINA constitutes defamation *per se*, no proof of damage to reputation is required.

**RESPONSE:** Without waiving objections, in early August 2004, Plaintiff was a speaker at a nuclear conference to represent EDF with EDF/EDFINA knowledge and approval. The Nustart President told Plaintiff EDFINA had contacted her to have Plaintiff removed from the project. Other conference attendees and business partners were aware of the situation. Some conference attendees asked embarrassing questions to Plaintiff about the reasons of her removal from the project. This conference has an attendance of 300/400 professionals every year.

In early August 2004, while at the same conference, Plaintiff learned from the hotel attendant that Plaintiff's two company business cards had been canceled by EDFINA without Plaintiff's knowledge. Plaintiff had to pay her business expenses with her personal credit card. The company never reimbursed Plaintiff for these business expenses.

In late August 2004, as Plaintiff was preparing to attend a conference call scheduled with Nustart to represent EDF with EDF/EDFINA knowledge and approval. The Nustart Secretary told Plaintiff that EDFINA had contacted him to change the conference call dial-in number so Plaintiff could not attend the meeting. All other business partners were aware of this event. Plaintiff had to apologize for the inconvenience on behalf of the company.

9

Due to the severity of Mr. Nadal and the Company's defamatory conduct, when interviewed about job opportunities, Plaintiff was asked why she was leaving or left after such a successful and promising career with EDF/EDFINA. Plaintiff felt like interviewers had understandable doubts about the integrity and honesty of Plaintiff, thinking that Plaintiff had been terminated for cause and/or wrongdoing.

The same damages to Plaintiff's reputation apply with regard to Plaintiff's EDF/EDFINA colleagues, professional acquaintances in the USA and in France. The alleged position proposed to Plaintiff by the company on 10/01/2004 was demeaning and below Plaintiff's qualifications and experience. Plaintiff's wrongful termination by the company tarnishes Plaintiff's reputation of integrity and honesty with regard to Plaintiff's former colleagues and executives with EDF/EDFINA.

Plaintiff's temporary employment with Entergy is not as senior in nature as Plaintiff's employment with EDF/EDFINA.

Plaintiff is suffering, and will continue to suffer from damaged reputation, embarrassment, humiliation, inconvenience, severe mental anguish, stress, pain and suffering due to the severity of Mr. Nadal and the Company's defamatory conduct.

**11.    Describe with particularity the damages to your career as alleged in paragraphs 292, 305, and 318 of the Complaint.**

**OBJECTION:**  Plaintiff objects on the grounds that this Interrogatory is overly broad and unduly burdensome.

**RESPONSE:**  Without waiving objections, Plaintiff refers to Response to Interrogatory No. 10.

**12.    Describe with particularity your claims for damages for "medical expense" as alleged in paragraphs 268 and 292 of the Complaint.**

**OBJECTION:** Plaintiff objects on the grounds that this Interrogatory is overly broad, unduly burdensome, and the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving objections, Plaintiff incurred $2,503 in expenses to cover Health insurance from 11/01/2004 to 04/03/2005.

13.  **Identify all medical professionals, including but not limited to, physicians, nurses, paramedics or other paraprofessionals, physical therapists, psychiatrists, psychologists, psycho-pharmacologists, psycho-therapists, or any other medical providers or social workers from whom you sought or received treatment in connection with any emotional, mental, psychological or psychiatric problems; and, as to each such medical provider or social worker, state the nature of the medical or social problem for which you sought or received treatment.**

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects on the grounds that this Interrogatory is overly broad, unduly burdensome, and invades protected litigation work product requiring disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE:** Plaintiff has not seen any health professional for any emotional or mental health reasons

11

## VERIFICATION

I declare under penalty of perjury that my answers to the foregoing Interrogatories are true and accurate to the best of my knowledge and belief

Date: _12-28-05_

_Catherine L. Gaujacq_

As to Objections:
December 21, 2005

Catherine L. Gaujacq,
  By Counsel

Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff,
  Catherine L. Gaujacq

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO EDF AND EDFINA'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF by email (responses only) and Federal Express (with
documents) this 21st day of December 2005 on counsel for EDF and EDFINA addressed as follows:

Laura B. Hoguet, Esq.
Dorothea W. Regal, Esq.
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016
(212) 689-8808
lhoguet@hnrlaw.com
dregal@hnrlaw.com

Counsel for Defendants
  Electricite de France, S.A. and
  Electricite de France International North America

With a courtesy copy sent this same day by email (responses only) and Federal Express (with documents), addressed as follows:

> Ronald S. Cooper, Esq
> David Clark, Esq.
> STEPTOE & JOHNSON LLP
> 1330 Connecticut Avenue, NW
> Washington, DC 20036
> (202) 429-3000
> rcooper@steptoe.com
> dclark@steptoe.com
>
> Counsel for Defendant
>    Christian Nadal

Elaine Charlson Bredehoft

14

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHERINE GAUJACQ )
)
Plaintiff, )
)
v. )       No. 1:05CV0969 (JGP)
)
ELECTRICITE DE FRANCE )
INTERNATIONAL NORTH AMERICA, )
INC., et al )
)
Defendants. )

## PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO EDF AND EDFINA'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), pursuant to the Rule 34 of the Federal

Rules of Civil Procedure, hereby objects and responds to Defendants Electricite de France, S.A.

("EDF") and Electricite de France International North America ("EDFINA") First Request for

Production of Documents as follows.

## GENERAL OBJECTIONS

The following objections apply to the Requests as a whole, and to each of the separate

Requests.

The provision or identification of any document or information in connection with this

response does not constitute an admission that such document or information is relevant to any

issue in this case or is admissible at trial of this action.

1.      Ms. Gaujacq objects to the Requests to the extent they would require Ms. Gaujacq

to provide or reveal the contents of any document or information privileged from disclosure

pursuant to the attorney-client privilege, the qualified immunity provided to litigation work

product, or any other applicable privilege. Ms. Gaujacq will not provide such information.
Virtually every document request that uses the term "concerning" therefore includes an attorney-client and work product objection, because any communication with counsel relating to that issue, including communication to prepare discovery responses, would presumably be responsive to these requests. This same use of the term concerning, coupled with "All documents," also draws the objection of overly broad and not relevant. Notwithstanding the above, for those responses Plaintiff will be providing documents, Plaintiff will not be producing those which are privileged or protected, or are far afield of relevant issues in the case.

     2.    Ms. Gaujacq objects to the Requests to the extent they seek to impose a duty to supplement in addition to that required by the Rules. Ms. Gaujacq will supplement her responses to the extent required by law.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

    **1.**    **All documents concerning communications between Plaintiff and any Person, employee or representative of EDF or EDFINA concerning her employment with EDF.**

    **OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

    **RESPONSE**:  Without waiving objections, please see documents Bates stamp nos. 1,2,4,5,49-69,75-77,147-154,304-325,334,335,375-382,535-536,547-550,552-562,

563,566,567,577,578,582-587,599-608,611-621,627-634,641,644,658,666-684,694-707,728-735,739-760,774,780-783,802-815,839,843-863,903,995,997,1013,1035,1079-1080,1229-1235,1260,1262.

Other documents produced may also be responsive to this Request.

2.    **All documents concerning communications between Plaintiff and any Person concerning Plaintiff's departure from her service as President and Vice President of EDFINA.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 1,2,4,5,49-69,75-77,147-154,304-325,334,335,375-382,535-536,547-550,552-562,563,566,567,577,578,582-587,599-608,611-621,627-634,641,644,658,666-684,694-707,728-735,739-760,774,780-783,802-815,839,843-863,903,995,997,1013,1035,1079-1080,1229-1235,1260,1262.

Other documents produced may also be responsive to this Request.

3.    **All documents concerning communications between Plaintiff and Christian Nadal.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

3

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see document Bates stamp no

1,2,4,5, 53-62,107-111,133,138-141,145,215,242-250,276-281,304,305,308,309,313-317,375-

378,379-382,527-534,535,536,552-562,563,582-587,588,589,590-596,

612-616,623-626,627-632,641,658,666-674,675-678,679-684,728-730,780-783,

802-804,811-815,825-826,839,843-854,995,997,1035,1079-1080,1228,1229-1235,1236-1249.

Other documents produced may also be responsive to this Request.

**4.     All documents concerning communications between Plaintiff and any Person about Mr. Nadal, including but not limited to Persons working in the EDFINA office in Washington, D.C.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

1,2,4,5, 53-62,107-111,133,138-141,145,215,242-250,276-281,304,305,308,309,313-317,375-

378,379-382,527-534,535,536,552-562,563,582-587,588,589,590-596,

612-616,623-626,627-632,641,658,666-674,675-678,679-684,728-730,780-783,

4

802-804,811-815,825-826,839,843-854,995,997,1035,1079-1080,1228,1229-1235,1236-1249.

Other documents produced may also be responsive to this Request.

5.    All documents concerning every draft and/or proposal of an expatriation contract for Plaintiff subsequent to August 2000.

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 31-33,49-60,75-77,251-263,306-311,535-536,547-549,552-562,582-587,599-601, 602-608,612-616,617-620,633-634,637,668,669,679-683,684,694-707,731-735, 739-760,774,802,803,805-808,811-815,839,872-882,1079,1080,1229-1235.

Other documents produced may also be responsive to this Request.

6.    All documents concerning every draft and/or proposal of a mission letter for Plaintiff subsequent to August 2000.

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and

5

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

31-33,34-39,49-52,75-77,138-141,276-281,306-311,334,335,547-549,552-562,

564,565,582-587,590-596,602-608,612-616,617-620,633,634,637,658,666-669,

679-683,705-707,774,780-783,802-803,805-808,811-815,839,872-882,995,

1079,1080,1229-1235.

Other documents produced may also be responsive to this Request.

7.    **All documents concerning every claim, complaint or grievance made by Plaintiff to any Person, including, but not limited to the EEOC and any employee or representative of the Defendants, alleging discrimination or unfair treatment on the basis of sex or gender allegedly directed against Plaintiff during her employment at EDF or EDFINA.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 1-

1266. Other documents produced may also be responsive to this Request.

8.    **All documents concerning every claim, complaint or grievance made by Plaintiff to any Person, including but not limited to the EEOC and any employee or representative of the Defendants, alleging retaliation against Plaintiff by EDF or EDFINA for having made any claim, complaint or grievance concerning discrimination or unfair treatment on the basis of sex or gender.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 31-33,49-70,75-77,147-154,158-166,304,305,308-311,312-325,334,335,375-382,544-546,551,563,599-601,612-616,602-608,617-621,623-626,658,668,669,670-684,728-730,731-735,739-760,784-786,843-846,855-863,903,957,1013,1229-1235,1263-1265 .

Other documents produced may also be responsive to this Request.

9.    **All documents including without limitation audio recordings, notes and/or other summaries or reproductions, concerning every conversation or meeting Plaintiff had with Francois Roussely, Fernando Ponasso, Gerard Creuzet, Jean Louis Betouret, Yann Laroche, and/or Bruno Lescoeur concerning Plaintiff's employment.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

1,2,4,5,49-69,75-77,147-154,304-325,334,335,375-382,535-536,547-550,552-

562,563,566,567,577,578,582-587,599-608,611-621,627-634,641,644,658,666-684,694-

707,728-735,739-760,774,780-783,802-815,839,843-863,903,995,997,1013,1035,1079-

1080,1229-1235,1260,1262

Other documents produced may also be responsive to this Request.

10.    **All documents including without limitation audio recordings, notes and/or other summaries or reproductions, concerning every conversation or meeting that Plaintiff had with Christian Nadal.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

1,2,4,5, 53-62,107-111,133,138-141,145,215,242-250,276-281,304,305,308,309,313-317,375-

378,379-382,527-534,535,536,552-562,563,582-587,588,589,590-596,

612-616,623-626,627-632,641,658,666-674,675-678,679-684,728-730,780-783,

802-804,811-815,825-826,839,843-854,995,997,1035,1079-1080,1228,1229-1235,1236-1249

Other documents produced may also be responsive to this Request.

11.    **All audio recordings, notes and/or other summaries or reproductions concerning any communication between Plaintiff and any EDF or EDFINA employee (not otherwise included in paragraphs 9 and 10).**

8

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 1-1266. Other documents produced may also be responsive to this Request.

**12.** All audio recordings, notes and/or other summaries or reproductions, whether in electronic form or hard copy, concerning any and all conversations alleged in the Complaint (not otherwise included in paragraphs 9 and 10).

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 1,2,4,5,49-69,75-77,147-154,304-325,334,335,375-382,535-536,547-550,552-562,563,566,567,577,578,582-587,599-608,611-621,627-634,641,644,658,666-684,694-707,728-735,739-760,774,780-783,802-815,839,843-863,903,995,997,1013,1035,1079-1080,1229-1235,1260,1262., 53-62,107-111,133,138-141,145,215,242-250,276-281 , ,379-382,527-534, ,582-,588,589,590-596, 674,675-678,679-684,825-826,1228,1236-1249.

Other documents produced may also be responsive to this Request.

9

13.    All documents including without limitation diaries, calendars, journals, day planners or any other calendaring devices, whether in electronic form or in hard copy, from July 2000 through January 1, 2005 concerning the appointments, meetings, travel and other activities of Plaintiff during such time period.

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 40-70,1229-1235. Other documents produced may also be responsive to this Request.

14.    Copy of Plaintiff's passport or passports in effect from July 2000 to the present.

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence

**RESPONSE:** Without waiving objections, please see document Bates stamp no. 1266. Other documents produced may also be responsive to this Request.

15.    All documents concerning NuStart, Primium 2015 and/or SEPTEN.

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client

10

privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 4,5,31-33,68-70,75-77,98-101,231-241,276-281,306,307,312-315,322-325, 552-562,564-565,566,567,590-596,602-608,612-616,617-620,633,634,641,676-678, 679-683,705-707,728-730,774,780-783,802-803,805-808,811-815,872-882,995,1035,1079,1080,1229-1235,1236-1249

Other documents produced may also be responsive to this Request.

16.    **All documents concerning communication to NuStart about the replacement of Plaintiff as a representative to NuStart.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 312-317,676-678,728-730,780-783,853,854,995,1035.

Other documents produced may also be responsive to this Request.

17.    **All documents concerning any and all of Plaintiff's attempts to seek employment or any work for hire, or inquiries about the possibility of future employment or any work for hire, from April 1, 2000 to the present.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see document Bates stamp no. 143. Other documents produced may also be responsive to this Request.

**18.    All documents concerning Plaintiff's employment history or professional attainments, including CV's and resumes prepared after April 1, 2000.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see document Bates stamp no. 143. Other documents produced may also be responsive to this Request.

**19.    All documents concerning Plaintiff's employment, consulting, freelancing, or any other work for hire with any Person from November 1, 2004 through the present.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 143,213. Other documents produced may also be responsive to this Request.

20. **All documents concerning Plaintiff's income from ENTERGY Nuclear since the beginning of Plaintiff's employment with ENTERGY Nuclear through the present.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 1253-1254. Other documents produced may also be responsive to this Request.

21. **Copies of all federal, state and local tax returns, including amendments thereof, filed by Plaintiff for the years 2003 and 2004.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

1255-1258

Plaintiff may supplement with the W-2 for 2003 and the 1099's for 2003 and 2004.

**22.    All documents concerning Nadal's salary, benefits, qualifications and/or work experience.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 107-111,145,215,242-250,527-534,552-562,622,623-626,635,636,637,720-727,784-786, 802-804,825,826,839,997,1070,1080,1250-1252 .

Other documents produced may also be responsive to this Request.

**23.    All documents concerning requests or directions by Plaintiff to any employee or representative of EDF or EDFINA to transmit or deliver work papers to Plaintiff at her residence.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

14

**RESPONSE:** Without waiving objections, Plaintiff possesses no documents responsive to this Request.

24.    All documents concerning security measures taken by or at the direction of Plaintiff to maintain the confidentiality of and to prevent the loss or destruction of or damage to documents and things belonging to EDF and/or EDFINA while in Plaintiff's possession, custody or control.

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, Plaintiff possesses no documents responsive to this Request

25.    All documents concerning the deletion of the contents from the EDF laptop that was in Plaintiff's possession, including without limitation documents concerning persons retained and/or products used to delete such contents.

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, Plaintiff possesses no documents responsive to this Request.

26. **All documents transferred or saved from the EDF laptop that was in Plaintiff's possession, prior to their deletion on the EDF laptop.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 1-1266. Other documents produced may also be responsive to this Request.

27. **All documents concerning Plaintiff's husband's eligibility to continue employment at the University in France from December 2001 through the present, as alleged in paragraphs 58 and 59 of the Complaint.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see document Bates stamp no

16

1259. Other documents produced may also be responsive to this Request

**28.    All documents concerning Plaintiff's applications for visas, including L-1A visas, issued by the United States Immigration and Naturalization Service.**

**OBJECTION:**  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos. 103-105,113-123,242-250,308,309,312,547-549,550,573,574,582-587,611,675,728-730, 839,872-882,1266. Other documents produced may also be responsive to this Request.

**29.    All documents concerning Plaintiff's application for a "green card," and/or immigrant status (permanent residency or otherwise) in the United States.**

**OBJECTION:**  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos. 103-105,113-123,242-250,251-263,308,309,312,547-549,550,573,574,611,645-648, 1266

17

Other documents produced may also be responsive to this Request.

30.    All communications between or among any representative of the United States Immigration and Naturalization Service and Plaintiff from August 1, 2000 through the present.

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos. 103-111,133,242-250,527-534,825-826,839. Other documents produced may also be responsive to this Request.

31.    All documents concerning Plaintiff's communications with Michael McVicker, Esq. on behalf of EDF or EDFINA concerning the application for immigration papers for Christian Nadal during his employment in the United States.

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos. 103-111,133,242-250,527-534,825-826,839. Other documents produced may also be responsive to this Request.

32.    All documents concerning communications between Plaintiff and any employee or representative of EDF or EDFINA concerning the application for immigration papers for Christian Nadal during his employment in the United States.

18

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 107-111,145,215,242-250,306-307,527-534,547-549,552-562,635,636,637,666,667,694-704,825-826,839.1079,1080,1229-1235. Other documents produced may also be responsive to this Request.

33.    All documents concerning the allegation contained in paragraph 35 of the Complaint that "[i]n her role as President of EDFINA, Ms. Gaujacq was responsible for e [sic] the executive management of EDFINA, directing all business activities of the Company, including, but not limited to: (1) hiring and firing clerical, marketing, accounting and technical staff; (2) retaining and [sic] coordinating the work of outside contractors and consultants who were supplying services to EDFINA; (3) negotiating and coordinating contracts with vendors, subcontractors and business partners in connection with EDFINA's delivery of engineering, technical and other services to EDF customers in the U.S.; and (4) working in close collaboration wit [sic] leaders of U.S. electrical utilities for the purpose of building and strengthening ties between the U.S. and French energy industries and undertaking collaborative research and development projects at a highly advanced level."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

103-105,107-111,242-250,527-534,720-727,811-815,825,826  Other documents produced may

also be responsive to this Request.

34.    All documents concerning the allegation contained in paragraph 44 of the
Complaint that "on April 15, 2005 the EEOC issued Ms. Gaujacq a Right to Sue letter,
which Ms. Gaujacq received on April 20, 2005."

OBJECTION:  Plaintiff objects on the grounds that the information sought is neither

relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of

admissible evidence.  Plaintiff also objects to this Request to the extent it seeks information in

excess of that required to be provided under Fed. R. Civ. P. 26(a)(2) and 26(b)(4).  Plaintiff also

objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE:  Without waiving objections, please see documents Bates stamp nos.

443-525.  Other documents produced may also be responsive to this Request.

35.    All documents concerning the allegation contained in paragraph 47 of the
Complaint that "[a]t all times Ms. Gaujacq performed her job duties in an exemplary
manner."

OBJECTION:  Plaintiff objects to this Request on the grounds that it is overly broad and

unduly burdensome.  Plaintiff also incorporates Plaintiff's relevant objections to EDFINA and

EDF's Interrogatories.  Plaintiff also objects to this Request to the extent it seeks information

protected by the attorney-client privilege, and on the grounds that this Request invades protected

litigation work product and would require disclosure of core opinion work product and mental

impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE:  Without waiving objections, please see documents Bates stamp nos.

20

4,5,88-101,213,544-546,552-562,564-565,566-567-573-574,611,612-616,

633,634,802,803,853,854,997,1079,1080,1236-1249  Other documents produced may also be

responsive to this Request.

**36.    All documents concerning the allegation contained in paragraph 49 of the Complaint that "[d]uring her career, Ms. Gaujacq became the first woman in the world to possess overall operational responsibility for a nuclear plant."**

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and to the extent it seeks information protected by the attorney-client

privilege.  Plaintiff also objects to this Request to the extent it seeks information protected by the

attorney-client privilege, and on the grounds that this Request invades protected litigation work

product and would require disclosure of core opinion work product and mental impression of

counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos.

143,231  Other documents produced may also be responsive to this Request.

**37.    All documents concerning the allegation contained in paragraph 50 of the Complaint that "[i]n 2002, Ms. Gaujacq was awarded the Chevalier de L'Ordre National du Merite, the highest national award given by the President of France."**

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and to the extent it seeks information protected by the attorney-client

privilege.  Plaintiff also objects on the grounds that the information sought is neither relevant to

any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible

evidence and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos.

21

143,213. Other documents produced may also be responsive to this Request.

38.    All documents concerning the allegation contained in paragraph 52 of the Complaint that "Ms. Gaujacq's job responsibilities included full operational responsibility for all EDFINA activities and projects, identification of development opportunities in the American and Canadian electricity markets, representation of the Company in various trade associations relevant to the energy field, serving as a Director of the Board for EDF Group's United States subsidiaries, and regularly making presentations on the nuclear energy industry and emerging technologies at industry conferences."

OBJECTION:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE:  Without waiving objections, please see documents Bates stamp nos. 103-105,107-111,242-250,527-534,720-727,811-815,825,826. Other documents produced may also be responsive to this Request.

39.    All documents concerning the allegation contained in paragraph 53 of the Complaint that "[d]uring Ms. Gaujacq's four-year tenure as President, she was responsible for identifying and managing EDF's acquisition of enXco, a wind power company; the establishment and development of a United States presence for Dalkia, an EDF subsidiary; and the development of NuStart Energy Development, LLC, a strategic joint venture in the United States."

OBJECTION:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and

22

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos

143,213. Other documents produced may also be responsive to this Request.

40.    **All documents concerning the allegation contained in paragraph 54 of the Complaint that "Ms. Gaujacq was responsible for development and management of a multi-national nuclear power joint venture and a key, strategic initiative of EDFINA and EDF (the "Project")."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

234,235,236-241,306,307,552-562,564,565,582-587,633,634,641,694-707,

780-783,805-808,811-815,853,854,1035,1079,1080.

Other documents produced may also be responsive to this Request.

41.    **All documents concerning the allegation contained in paragraph 56 of the Complaint that "[i]n January 2004, Ms. Gaujacq contacted the Chairman of EDF, Mr. Francois Roussely ("Mr. Roussely") and Mr. Gerard Creuzet ("Mr. Creuzet"), COO of EDF, to confirm that the Company wanted her to stay in the United States to continue to work on the Project."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and to the extent it seeks information protected by the attorney-client

privilege. Plaintiff also objects on the grounds that the information sought is neither relevant to

23

any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 51,52,98-101,306,307,310,311,526,552-562,564,565,694-704,774,802,803, 1079,1080,1229-1235.

Other documents produced may also be responsive to this Request.

42.    **All documents concerning the allegation contained in paragraph 57 of the Complaint that "Ms. Gaujacq was assured at that time that she was to remain in the United States with EDFINA to handle the Project because of its strategic importance."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 51,52,98-101,306,307,310,311,526,552-562,564,565,694-704,774,802,803, 1079,1080,1229-1235. Other documents produced may also be responsive to this Request.

43.    **All documents concerning the allegation contained in paragraph 58 of the Complaint that "Mr. Roussely and Mr. Creuzet were well aware that it was extremely important for Ms. Gaujacq to know by January whether she was expected to remain in the United States, because Ms. Gaujacq's husband, who had taken leave from his job at the University in France when Ms. Gaujacq became assigned to the United States, was**

24

required to give the University notice of Mr. Gaujacq's intent to return by January, 2004 in order to resume his position for the upcoming academic year (starting in September, 2004)."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 51,52,98-101,306,307,310,311,526,552-562,564,565,694-704,774,802,803, 1079,1080,1229-1235,1259. Other documents produced may also be responsive to this Request.

44.    All documents concerning the allegation contained in paragraph 59 of the Complaint that "[i]f Ms. Gaujacq's husband failed to notify the University of his intent to return by January, he would be ineligible to return to his position."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp

nos. 802,803,1079,1080,1259,1229-1235. Other documents produced may also be responsive to

this Request.

45.    All documents concerning the allegation contained in paragraph 60 of the
Complaint that "[i]n February 2004, Mr. Roussely informed Ms. Gaujacq that in
connection with EDF's restructuring associated with the Company's privatization,
Christian Nadal, a high level executive with EDF, was being sent from France to the United
States offices as a senior advisor to EDFINA."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

526,802,803,1079,1080,1229-1235. Other documents produced may also be responsive to this

Request.

46.    All documents concerning the allegation contained in paragraph 61 of the
Complaint that "Mr. Roussely told Ms. Gaujacq that she would remain in the United States
to work on the Project until 2005 or 2006, and Mr. Roussely also explicitly told Ms.
Gaujacq that once she left the Project in 2005 or 2006, she would be promoted to a higher
executive management role in the parent company, EDF."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

26

privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 526,552-562,582-587,612-616,633,634,694-704,802,803,1079,1080,1229-1235.

Other documents produced may also be responsive to this Request.

47.    **All documents concerning the allegation contained in paragraph 64 of the Complaint that Ms. Gaujacq "asked the Chairman of EDF the reasons for his decision."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 51,52,306,307,526,552-562,612-616,633,634,637,694-704,774,802,803,825,839,872-882,1079,1080,1229-1235.

Other documents produced may also be responsive to this Request.

48.    **All documents concerning the allegation contained in paragraph 65 of the Complaint that Mr. Creuzet "assured Ms. Gaujacq the decision [to appoint Nadal as President] had nothing to do with her performance."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos

51,52,306,307,526,552-562,612-616,633,634,637,694-704,774,802,803,825,839,872-

882,1079,1080,1229-1235. Other documents produced may also be responsive to this Request.

**49.    All documents concerning the allegation contained in paragraph 66 of the Complaint that Ms. Gaujacq was "asked to propose to Mr. Creuzet a new role for herself in EDFINA."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad and

unduly burdensome. Plaintiff also objects to this Request to the extent it seeks information

protected by the attorney-client privilege, and on the grounds that this Request invades protected

litigation work product and would require disclosure of core opinion work product and mental

impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos

51,52,306,307,526,552-562,612-616,633,634,637,694-704,774,802,803,825,839,872-

882,1079,1080,1229-1235. Other documents produced may also be responsive to this Request.

**50.    All documents concerning the allegation contained in paragraph 67 of the Complaint that "Mr. Creuzet directed Ms. Gaujacq to prepare and deliver a mission letter and expatriation contract."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE: Without waiving objections, please see documents Bates stamp nos.

51,52,306,307,526,552-562,612-616,633,634,637,694-704,774,802,803,825,839,872-

882,1079,1080,1229-1235. Other documents produced may also be responsive to this Request.

**51.    All documents concerning the allegation contained in paragraph 67 of the Complaint that "Mr. Creuzet agreed in writing to the new expatriation contract for three years in the United States proposed by Ms. Gaujacq."**

OBJECTION: Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE: Without waiving objections, please see documents Bates stamp nos.

51,52,306,307,526,552-562,612-616,633,634,637,694-704,774,802,803,825,839,872-

882,1079,1080,1229-1235   Other documents produced may also be responsive to this Request.

**52.    All documents concerning the allegation contained in paragraph 68 of the Complaint that "[d]uring April and May 2004, Ms. Gaujacq contacted the Company on several occasions."**

OBJECTION: Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos. 306,307,535,536,633,634,705-707,774,805,808,811,815,839,1229-1235

Other documents produced may also be responsive to this Request.

**53.**    **Plaintiff's telephone records and bills for telephone service at her residence and for mobile cellular telephone service during the period April 1, 2004 through April 4, 2005.**

**OBJECTION:**  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Plaintiff stands on her objections.

**54.**    **All documents concerning the allegation contained in paragraph 68 of the Complaint that "Ms. Gaujacq was told that her new contract and mission letter were awaiting signature."**

**OBJECTION:**  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

51,52,306,307,526,552-562,612-616,633,634,637,694-704,774,802,803,825,839,872-

882,1079,1080,1229-1235. Other documents produced may also be responsive to this Request.

**55.    All documents concerning the allegation contained in paragraph 69 of the Complaint that "[o]n May 31, 2004, at the request of Mr. Roussely, Ms. Gaujacq tendered her written resignation as President."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

535,536,582-587,590-596,666,667,705-707,774,811-815,1229-1235.

Other documents produced may also be responsive to this Request.

**56.    All documents concerning the allegation contained in paragraph 69 of the Complaint that "Ms. Gaujacq . . . assumed the position of Vice President, EDFINA and Manager of the Project, retaining management responsibility for generation and Nuclear Projects as stipulated in the new expatriation contract, awaiting signature."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

535,536,582-587,590-596,666,667,705-707,774,811-815,1229-1235.

Other documents produced may also be responsive to this Request.

57.    All documents concerning the allegation contained in paragraph 71 of the
Complaint that there were "written assurances from the Company that [Gaujacq's]
continued mission in the United States at EDFINA for another three years had been
approved, and that she would retain responsibility for the Project."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

51,52,306,307,526,552-562,612-616,633,634,637,694-704,774,802,803,825,839,872-

882,1079,1080,1229-1235,535,536,582-587,590-596,666,667,705-707, 811-815

Other documents produced may also be responsive to this Request.

58.    All documents concerning the allegation contained in paragraph 79 of the
Complaint that "Mr. Nadal created an abusive and hostile work environment by subjecting
Ms. Gaujacq to increasing harassment, including effectively removing Ms. Gaujacq's
authority to properly carry out her job, engaging in concerted efforts to impugn Ms.
Gaujacq's record and to undermine her position in the Company, and transferring many
of Ms. Gaujacq's duties to a less experienced, male colleague."

32

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 1,2, 17,18,27,28,53-56,188,189,600,601,623-632,641,658,804,1229-1235. Other documents produced may also be responsive to this Request.

59.    All documents concerning the allegation contained in paragraph 85 of the Complaint that "Mr. Dreux proceeded to rip up the checks signed by Ms. Gaujacq in front of others in the office."

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos 6-30, 997. Other documents produced may also be responsive to this Request.

60.    All documents concerning the allegation contained in paragraph 87 of the Complaint that "Ms. Gaujacq immediately notified Mr. Nadal by email of her concern that

33

Mr. Dreux had removed her from the list of executives with check signing authority, apparently without Board approval, and asked that he correct the matter with the Bank."

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 6-30,60,997,1229-1235. Other documents produced may also be responsive to this Request.

61. **All documents concerning the allegation contained in paragraph 88 of the Complaint that "[t]hat evening, Mr. Nadal telephoned Ms. Gaujacq at home and told her that he had personally directed that she be withdrawn from the list of authorized officers on the bank accounts. When Ms. Gaujacq asked for an explanation, Mr. Nadal said he was not required to give her a reason."**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 6-30,60,997,1229-1235. Other documents produced may also be responsive to this Request.

62.    All documents concerning the allegation contained in paragraph 91 of the Complaint that "Ms. Gaujacq complained about Mr. Nadal's discriminatory and unfair treatment of her by sending an email to Fernando Ponasso, EDFINA's Chairman and EDF Senior Vice President Branch Americas, and Didier Lamethe, EDF's in-house legal counsel and EDFINA Board member, advising them of the action taken by Mr. Nadal, which she regarded as unfair treatment and improper."

OBJECTION: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE: Without waiving objections, please see documents Bates stamp nos. 658,1229-1235. Other documents produced may also be responsive to this Request.

63.    All documents concerning the allegation contained in paragraph 105 of the Complaint that "[a]t the end of June 2004, Ms. Gaujacq was advised that Mr. Nadal had requested the EDF auditors to come to the United States offices of EDFINA for the purpose of undertaking a special audit of EDFINA operations and finances during the period Ms. Gaujacq had served as EDFINA's President."

OBJECTION: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3)

RESPONSE: Without waiving objections, please see documents Bates stamp nos

35

6-30, 641,1229-1235. Other documents produced may also be responsive to this Request.

64.  All documents concerning the allegation contained in paragraph 106 of the Complaint that "there was no legitimate or justifiable business reason for requesting a special audit."

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos. 276-281,582-596. Other documents produced may also be responsive to this Request.

65.  All documents concerning the allegation contained in paragraph 107 of the Complaint that "Ms. Gaujacq enjoys a spotless performance record with the Company and has a reputation for demanding rigorous ethical conduct in connection with the operations of the business."

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos.

573-574,611-616,679-683,1229-1235  Other documents produced may also be responsive to this Request

66.    All documents concerning the allegation contained in paragraph 110 of the Complaint that "Mr. Nadal alleged there were wrongdoings under Ms. Gaujacq's watch."

OBJECTION:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE:  Without waiving objections, please see documents Bates stamp nos. 641,903,1229-1235  Other documents produced may also be responsive to this Request.

67.    All documents concerning the allegation contained in paragraph 113 of the Complaint that "[i]n June 2004, Mr. Nadal changed the locks on the company book closet where the corporate books were kept . . . . Mr. Nadal took this action in the presence of other employees, as well as the company accountant."

OBJECTION:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE:  Without waiving objections, please see documents Bates stamp nos.

37

641,903,1229-1235. Other documents produced may also be responsive to this Request.

68.    **All documents concerning the allegation contained in paragraph 114 of the Complaint that "[o]n July 9, 2004, Mr. Nadal falsely stated, in the presence of Ms. Gaujacq, that Ms. Gaujacq was paying fees to consultants and contractors of the company without services being performed."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 641,903,1229-1235. Other documents produced may also be responsive to this Request.

69.    **All documents concerning the allegation contained in paragraph 114 of the Complaint that "Mr. Nadal characterized this alleged behavior by Ms. Gaujacq as 'a very serious issue.'"**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 641,903,1229-1235. Other documents produced may also be responsive to this Request.

70.    **All documents concerning the allegation contained in paragraph 115 of the Complaint that "Mr. Nadal made this statement and other similar statements to the corporate auditors and in the presence of the other (male) Vice President of the company, Benoit Dreux."**

**OBJECTION:** Plaintiff objects on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information in excess of that required to be provided under Fed. R. Civ. P. 26(a)(2) and 26(b)(4).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 641,903,1229-1235. Other documents produced may also be responsive to this Request.

71.     All documents concerning the allegation contained in paragraph 116 of the Complaint that "Mr. Nadal also falsely alleged to Ms. Gaujacq, in the presence of Jean-Luc Foret on July 12, 2004, that the SEPTEN group in charge of nuclear reactor designs in Lyon [sic] (France) within the France Energy Branch had complained on June 20, 2004 about a lack of information from Ms. Gaujacq."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 6-30,627-632. Other documents produced may also be responsive to this Request.

72.     All documents concerning the allegation contained in paragraph 117 of the Complaint that "[s]tarting in June 2004, and continuing for approximately three months, Mr. Nadal prevented Mike Slavitt ("Mr. Slavitt"), who had been the company's accountant for eleven years, access to the books, and then terminated Mr. Slavitt without notice."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 641,903,1229-1235. Other documents produced may also be responsive to this Request.

73.    **All documents concerning the allegation contained in paragraph 118 of the Complaint that "[o]n or around July 17, 2004, Ms. Gaujacq received a telephone call from the Audit Director of EDF in France, Daniel Dubois ("Mr. Dubois"), who warned Ms. Gaujacq that the audit findings and recommendations report dated July 17, 2004 contained 'strange' allegations and that Ms. Gaujacq should be prepared to answer questions."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 599-601,641,903,1229-1235. Other documents produced may also be responsive to this Request.

74.    **All documents concerning the allegation contained in paragraph 119 of the Complaint that "Mr. Dubois further stated that Mr. Nadal was responsible for providing the report to Ms. Gaujacq."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client

40

privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 599-601,641,903,1229-1235. Other documents produced may also be responsive to this Request.

75.    **All documents concerning the allegation contained in paragraph 120 of the Complaint that Mr. Nadal "had been directed" to "give Ms. Gaujacq a copy of the audit findings and recommendations report."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 599-601,641,903,1229-1235. Other documents produced may also be responsive to this Request

76.    **All documents concerning the allegation contained in paragraph 121 of the Complaint that "[t]hroughout June and July, 2004, Ms. Gaujacq confronted Mr. Nadal on several occasions, complaining about his unfair, discriminatory and retaliatory treatment of her, and requesting an explanation."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and

41

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

1,2, 17,18,27,28,53-56,188,189,600,601,623-632,641,658,804,1229-1235   Other documents

produced may also be responsive to this Request.

77.    **All documents concerning the allegation contained in paragraph 121of the Complaint that "Mr. Nadal's response was always the same – that he did not need to give any explanation for his decisions."**

**OBJECTION:**  Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and to the extent it seeks information protected by the attorney-client

privilege. Plaintiff also objects on the grounds that the information sought is neither relevant to

any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible

evidence and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

1,2, 17,18,27,28,53-56,188,189,600,601,623-632,641,658,804,1229-1235. Other documents

produced may also be responsive to this Request.

78.    **All documents concerning the allegation contained in paragraph 123 of the Complaint that "[o]n July 9, 2004, Ms. Gaujacq wrote a letter, again requesting the Company provide prompt, corrective action relating to Mr. Nadal's discriminatory and unfair treatment of her."**

**OBJECTION:**  Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see document Bates stamp no. 658. Other documents produced may also be responsive to this Request.

79.     **All documents concerning the allegation contained in paragraph 124 of the Complaint that "[o]n July 9, 2004, Ms. Gaujacq emailed her formal complaint to Mr. Ponasso, Chairman of EDFINA, explicitly detailing some of the discriminatory and retaliatory actions taken against her by Mr. Nadal."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see document Bates stamp no. 658. Other documents produced may also be responsive to this Request.

80.     **All documents concerning the allegation contained in paragraph 128 of the Complaint that "[a]fter Ms. Gaujacq sent her email complaint to Mr. Ponasso, Mr. Nadal's unfair and discriminatory treatment of Ms Gaujacq worsened."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and

43

would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 623-632,995. Other documents produced may also be responsive to this Request.

81.    All documents concerning the allegation contained in paragraph 134 of the Complaint that "the joint venture agreement specifically restricted disclosure of Project documents, and [Plaintiff] therefore could not legally share many documents until confidentiality agreements were obtained."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE:** Without waiving objections, Plaintiff is not in possession of this responsive document; Defendants are in possession.

82.    All documents concerning the allegation contained in paragraph 140 of the Complaint that "[o]n July 16, 10024, after leaving for vacation, Ms. Gaujacq received another email from Mr. Nadal, stating that he had not received the requested documents, and repeating his demand that Ms. Gaujacq turn over the Project documents to him."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

623-632,847-852,995. Other documents produced may also be responsive to this Request.

**83.    All documents concerning the allegation contained in paragraph 141 of the Complaint that "Ms. Gaujacq replied to Mr. Nadal's emails, with a copy to Mr. Ponasso, explaining again the reasons why she could not immediately comply with his request. Ms. Gaujacq also challenged Mr. Nadal's further accusations regarding complaints about her from the Energy Branch in France."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and to the extent it seeks information protected by the attorney-client

privilege. Plaintiff also objects on the grounds that this Request invades protected litigation

work product and would require disclosure of core opinion work product and mental impression

of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

623-632,847-852,995. Other documents produced may also be responsive to this Request.

**84.    All documents concerning the allegation contained in paragraph 143 of the Complaint that "[o]n July 22, 2004, Ms. Gaujacq sent an email directly to Mr. Nadal, complaining and confronting him about harassing, discriminatory and unfair treatment of her. Ms. Gaujacq requested that Mr. Nadal contact her to discuss her complaints against him."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

45

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE: Without waiving objections, please see documents Bates stamp nos

623-632,847-852,995. Other documents produced may also be responsive to this Request.

85.    All documents concerning the allegation contained in paragraph 144 of the Complaint that "Ms. Gaujacq also sent an email to Mr. Creuzet, the COO of EDF, and to Mr. Ponasso, Chairman of EDFINA and President of EDFINA Branch Americas, asking that the company confirm that it would take corrective and remedial measures to prevent further discriminatory, harassing and unfair conduct by Mr. Nadal."

OBJECTION: Plaintiff objects to this Request on the grounds that it is overly broad and

unduly burdensome. Plaintiff also objects to this Request to the extent it seeks information

protected by the attorney-client privilege, and on the grounds that this Request invades protected

litigation work product and would require disclosure of core opinion work product and mental

impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE: Without waiving objections, please see documents Bates stamp nos.

31-33,308-310,599-601,668,669,731-735, 843-846,849,850. Other documents produced may

also be responsive to this Request

86.    All documents concerning the allegation contained in paragraph 147 of the Complaint that "[t]he following day, Ms. Gaujacq received an abrupt response from Mr. Nadal, refusing to address her concerns."

OBJECTION: Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

623-632,847-852,995. Other documents produced may also be responsive to this Request.

**87.    All documents concerning the allegation contained in paragraph 149 of the Complaint that "[o]n Friday, July 23, 2004, Ms. Gaujacq received telephone calls from several EDF officers."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

6-33,308-311,599-601,843-846,1229-1235. Other documents produced may also be responsive

to this Request.

**88.    All documents concerning the alleged telephone conversation between Mr. Creuzet and Plaintiff alleged in paragraphs 150 through 152 of the Complaint.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

47

would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 6-33,308-311,599-601,843-846,1229-1235. Other documents produced may also be responsive to this Request.

89.    **All documents concerning the alleged telephone conversation between Mr. Laroche and Plaintiff alleged in paragraphs 153 through 154 of the Complaint.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 6-33,308-311,599-601,843-846,1229-1235. Other documents produced may also be responsive to this Request.

90.    **All documents concerning the alleged telephone conversation between Mr. Ponasso and Plaintiff alleged in paragraphs 155 through 156 of the Complaint.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and

48

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos

6-33,308-311,599-601,843-846,1229-1235. Other documents produced may also be responsive

to this Request.

91.    **All documents concerning the allegation contained in paragraph 157 of the Complaint that "[t]he next day, Saturday, July 24, 2004, Ms. Gaujacq sent an email to Mr. Creuzet, Mr. Laroche and Mr. Ponasso, confirming that she would take no further action until Monday."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

6-33,308-311,599-601,843-846,1229-1235. Other documents produced may also be responsive

to this Request.

92.    **All documents concerning the allegation contained in paragraph 159 of the Complaint that "[o]n July 27, 2004, Ms. Gaujacq telephoned first, Mr. Creuzet, and, when she was unable to reach him, Mr. Ponasso."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

49

privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 6-33,308-311,599-601,843-846,1229-1235. Other documents produced may also be responsive to this Request.

93.    **All documents concerning the alleged telephone conversation between Mr. Ponasso and Plaintiff alleged in paragraph 159 of the Complaint.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 6-33,308-311,599-601,843-846,1229-1235. Other documents produced may also be responsive to this Request.

94.    **All documents concerning the allegation contained in paragraph 161 of the Complaint that "[t]he Company made it clear to Ms. Gaujacq that her future at the Company was 'dead' because of her complaints of discrimination and unfair treatment by Mr. Nadal."**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

50

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

6-33,308-311,599-601,843-846,1229-1235. Other documents produced may also be responsive

to this Request

95. **All documents concerning the alleged telephone conversation between Mr. Lescoeur and Plaintiff alleged in paragraph 163 of the Complaint.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

6-33,308-311,599-601,843-846,1229-1235. Other documents produced may also be responsive

to this Request.

96. **All documents concerning the allegation contained in paragraph 165 of the Complaint that "[c]ustomary company practice and procedure when reassigning an employee out of country on an expatriate contract is to provide no less than seven to eight months advance notice to the employee."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 34-39,75-77,551,602-608,784-786. Other documents produced may also be responsive to this Request.

97.    All documents concerning the allegation contained in paragraph 166 of the Complaint that "[i]n June 2004, Jean Luc Foret, a male engineer working with Ms. Gaujacq on the Project in the United States, was advised that he was being rotated to one of three projects of his choice effective summer, 2005. The Company gave Mr. Foret one year's notice to transition his Project responsibilities and get his personal affairs in order."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 780-786. Other documents produced may also be responsive to this Request.

98.    All documents concerning the allegation contained in paragraph 169 of the Complaint that "[o]ther employees who had not complained of harassment, unfair treatment, discrimination or retaliation were not treated in the same manner."

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 780-786. Other documents produced may also be responsive to this Request.

99.    All documents concerning the allegation contained in paragraph 170 of the Complaint that "[i]n August 2004, Mr. Nadal telephoned the business partners of the Project and informed them that Ms. Gaujacq no longer represented the company."

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 312-319,320,728-730,780-783,853,854,1035,1229-1235. Other documents produced may also be responsive to this Request.

100.    All documents concerning the allegation contained in paragraph 171 of the Complaint that "[o]n August 18, 2004, Mr. Nadal telephoned the business partners of the

Project and requested that the call-in number be changed for the conference call to be held the next day."

OBJECTION: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence  Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3)

RESPONSE: Without waiving objections, please see documents Bates stamp nos 12-319,320,728-730,780-783,853,854,1035,1229-1235. Other documents produced may also be responsive to this Request.

101.    All documents concerning the allegation contained in paragraph 172 of the Complaint that "[o]n September 8, 2004, Mr. Gaujacq was informed, for the first time, of certain financial details connected to her newly identified mission in France."

OBJECTION: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE: Without waiving objections, please see documents Bates stamp nos 318-320. Other documents produced may also be responsive to this Request.

102.    All documents concerning the allegation contained in paragraph 173 of the Complaint that "[d]espite several requests, Ms. Gaujacq was not informed until October 1, 2004 of the content of her mission, on which date she received by facsimile, a letter dated September 24, 2004 from Laurent Stricker."

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos 320-325  Other documents produced may also be responsive to this Request.

103.    All documents concerning the allegation contained in paragraph 174 of the Complaint that representations had been made to Ms. Gaujacq that "when she was no longer working on the Project, she would be promoted to a much higher position at EDF."

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos. 612-616,802-803,1079-1080,1229-1235.  Other documents produced may also be responsive to this Request

55

104.    All documents concerning the allegation contained in paragraph 175 of the Complaint that "Ms. Gaujacq had asked to remain in the United States for a period of time, to which Mr. Creuzet had previously agreed."

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 51,52,306,307,552-562,612-616,633,634,694-704,802-803,1079-1080,1229-1235. Other documents produced may also be responsive to this Request.

105.    All documents concerning the allegation contained in paragraph 176 of the Complaint that promises and representations had been made to Ms. Gaujacq in January 2004 that "when she returned to France she would occupy a management position of higher responsibility and compensation."

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 51,52,306,307,552-562,612-616,633,634,694-704,802-803,1079-1080,1229-1235. Other documents produced may also be responsive to this Request.

106.    All documents concerning the alleged letter dated October 7, 2004 alleged in paragraph 181 of the Complaint.

**OBJECTION**: Plaintiff objects on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information in excess of that required to be provided under Fed. R. Civ. P. 26(a)(2) and 26(b)(4). Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 104-109,602-608. Other documents produced may also be responsive to this Request.

**107.    All documents concerning the alleged letter dated October 28, 2004 alleged in paragraph 182 of the Complaint.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome. Plaintiff also incorporates Plaintiff's relevant objections to EDF and EDFINA's Interrogatories. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos 75-77,617-620. Other documents produced may also be responsive to this Request

**108.    All documents concerning the allegation contained in paragraph 183 of the Complaint that "Ms. Gaujacq received a letter, dated November 26, 2004, from Jacques Bouron ("Mr. Bouron") . . . requesting her presence at a meeting in France on December 10, 2004, to consider her termination."**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 147,148,1013. Other documents produced may also be responsive to this Request.

**109.**   All documents concerning the allegation contained in paragraph 183 of the Complaint that "Ms. Gaujacq was informed she would be allowed to have assistance at the meeting, but only if her chosen representative was an employee of the Company."

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 147,148,1013. Other documents produced may also be responsive to this Request.

**110.**   All documents concerning the allegation contained in paragraph 184 of the Complaint that "Ms. Gaujacq was not allowed to have outside counsel at the meeting to consider her termination."

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

147,148,1013. Other documents produced may also be responsive to this Request.

**111.   All documents concerning the "Employment Letter" alleged in paragraphs
187 through 190 of the Complaint.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

158-169,739-760,855-863. Other documents produced may also be responsive to this Request.

**112.   All documents concerning the allegation contained in paragraph 191 of the
Complaint that "[t]he Company has failed and refused to correct Ms. Gaujacq's
Employment Letter."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 158-169,739-760,855-863. Other documents produced may also be responsive to this Request.

113.    All documents concerning the allegation contained in paragraph 195 of the Complaint that "on April 4, 2005, Ms. Gaujacq began new employment at ENTERGY Nuclear as Director of Strategic Programs."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege. Plaintiff also objects on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 1253. Other documents produced may also be responsive to this Request.

114.    All documents concerning the allegation contained in paragraph 196 of the Complaint that "[a]s part of her new position, ENTERGY Nuclear requires a detailed background check."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

    **RESPONSE:**  Without waiving objections, Plaintiff refers Defendant to Nuclear

Regulatory Commission Web site.

    115.    All documents concerning the allegation contained in paragraph 197 of the
Complaint that "ENTERGY Nuclear attempted to contact EDF to obtain information
about Ms. Gaujacq's employment with EDF" and EDF "has failed or refused to return the
telephone calls placed to them by ENTERGY Nuclear, without explanation or legitimate
justification."

    **OBJECTION:**  Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

    **RESPONSE:**  Without waiving objections, Plaintiff possesses no documents responsive

to this Request.

    116.    All documents concerning the allegation contained in paragraph 198 of the
Complaint that "EDF not has failed or refused to return the telephone calls from
prospective or actual subsequent employers of other employees of EDF."

    **OBJECTION:**  Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, Plaintiff possesses no documents responsive to this Request.

117.   All documents concerning the allegation contained in paragraph 202 of the Complaint that "[i]n or about March 2004, Mr. Creuzet directed Ms. Gaujacq to prepare and deliver a mission letter and expatriation contract that reflected her new role, which Ms. Gaujacq did."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 51,52,306,307,526,552-562,612-616,633,634,637,694-704,774,802,803,825,839,872-882,1079,1080,1229-1235. Other documents produced may also be responsive to this Request.

118.   All documents concerning the allegation contained in paragraph 202 of the Complaint that "Mr. Creuzet agreed in writing to the new expatriation contract for three years in the United States proposed by Ms. Gaujacq."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

51,52,306,307,526,552-562,612-616,633,634,637,694-704,774,802,803,825,839,872-

882,1079,1080,1229-1235. Other documents produced may also be responsive to this Request.

119.    **All documents concerning the allegation contained in paragraph 203 of the Complaint that "[d]uring April and May 2004, Ms. Gaujacq contacted the company on several occasions to inquire of the status of her new contract at which time Ms. Gaujacq was told that her new contract and mission letter were awaiting signature."**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and to the extent it seeks information protected by the attorney-client

privilege. Plaintiff also objects on the grounds that this Request invades protected litigation

work product and would require disclosure of core opinion work product and mental impression

of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

306,307,535,536,633,634,705-707,774,805,808,811,815,839,1229-1235. Other documents

produced may also be responsive to this Request.

120.    **All documents concerning the allegation contained in paragraph 207 of the Complaint that "[d]uring Ms. Gaujacq's annual evaluation on March 18, 2004 with Fernando Ponasso (EDF Branch Americas Senior Vice President), Ms. Gaujacq clearly articulated her desire to remain in the United States, and also her longer term objective for promotion to a high-level management position with the Company."**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 612-616,679-683,633,634,705-707,731-735. Other documents produced may also be responsive to this Request.

121. **All documents concerning the allegation contained in paragraph 209 of the Complaint that "[o]n March 18, 2004 in writing and on July 26, 2004, verbally, Mr. Ponasso confirmed he wanted Ms. Gaujacq to extend her mission in the United States."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 612-616,679-683,633,634,705-707,731-735. Other documents produced may also be responsive to this Request

122. **All documents concerning the allegation contained in paragraph 212 of the Complaint that "[o]n or about August 9, 2004, Mr. Nadal cut off Ms. Gaujacq's business credit cards."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and

64

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

    **RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 58-

60,312,315,316,317,728-730. Other documents produced may also be responsive to this

Request.

    **123.** **All documents concerning the allegation contained in paragraph 212 of the Complaint that there had been "assurances by the Company that during the 'transition' period, [Ms. Gaujacq] would continue to receive the same benefits of the compensation arrangement she had during her U.S. assignment."**

    **OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

    **RESPONSE:** Without waiving objections, please see documents Bates stamp nos

58-60,312,315,316,317,728-730. Other documents produced may also be responsive to this

Request.

    **124.** **All documents concerning the allegation contained in paragraph 213 of the Complaint that "[b]usiness expenses incurred by Ms. Gaujacq, including business related travel, insurance premiums and utility expenses, totaling over $2,500.00, have not been reimbursed by the Company."**

    **OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

61,62,75-77,313-317,318,319,617-621,739-760,1250-1252. Other documents produced may

also be responsive to this Request.

    **125.** **All documents concerning Plaintiff's claims for damages for "embarrassment, humiliation, inconvenience, severe mental anguish, stress, pain and suffering" as alleged in paragraphs 232, 251, 261, 268, 282, 292, 308, 330, 352 of the Complaint.**

    **OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

    **RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

1-1266. Other documents produced may also be responsive to this Request.

    **126.** **All documents concerning Plaintiff's claim for damages for "emotional pain" and "loss of enjoyment of life and other nonpecuniary injury" as alleged in paragraphs 308 and 319 of the Complaint.**

    **OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

1-1266. Other documents produced may also be responsive to this Request.

127. **All documents concerning Plaintiff's claims for damages to her reputation, as alleged in paragraphs 268, 292, 302, 305, 308, 318, 330, 352 of the Complaint.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 1-

1266. Other documents produced may also be responsive to this Request.

128. **All documents concerning Plaintiff's claims for damages "to her career" as alleged in paragraphs 292, 305 and 318 of the Complaint.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

RESPONSE: Without waiving objections, please see documents Bates stamp nos

1-1266. Other documents produced may also be responsive to this Request.

**129. All documents concerning Plaintiff's claims for damages "including loss of
income, loss of employee benefits, lost career and business opportunities and advancement,
past pecuniary expenses, and future pecuniary expenses" and alleged in paragraphs 232,
251, 261, 268, 282, 292, 308, 353 of the Complaint.**

OBJECTION: Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3)

RESPONSE: Without waiving objections, please see documents Bates stamp nos.

1250-1252. Other documents produced may also be responsive to this Request.

**130. All documents concerning Plaintiff's claims for damages for "loss of stock
options" and "loss of retirement benefits" as alleged in paragraphs 308, 319 and 338 of the
Complaint.**

OBJECTION: Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

1250-1252. Other documents produced may also be responsive to this Request.

**131. All documents concerning any medical advice or treatment sought or obtained by Plaintiff since April 1, 2000 in connection with any emotional, mental, psychological or psychiatric problems.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE:** Without waiving objections, none.

**132. All documents concerning any income received by Plaintiff from any source other than Defendants since April 1, 2000.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos.

1253,1254. Other documents produced may also be responsive to this Request.

133. **All documents concerning Plaintiff's claim that any Defendant made defamatory statements or engaged in actions that were defamatory as to her.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see document Bates stamp no.

1266. Other documents produced may also be responsive to this Request.

134. **All documents concerning Plaintiff's claim that any Defendant tortiously interfered with her contractual relations.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see document Bates stamp no.

1266. Other documents produced may also be responsive to this Request.

135. All documents concerning Plaintiff's claims for damages for "medical expenses" as alleged in paragraphs 268 and 292 of the Complaint.

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, Plaintiff may supplement.

136. All documents concerning Plaintiff's claims for damages for "loss of reimbursement benefits" as alleged in paragraph 325 of the Complaint.

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waiving objections, please see documents Bates stamp nos. 1250-1252. Other documents produced may also be responsive to this Request.

137. All documents concerning Plaintiff's claims for damages for "loss of compensation, including salary, bonuses, benefits, stock options, and stock" as alleged in paragraph 338 of the Complaint.

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence  Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P  26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos 1250-1252.  Other documents produced may also be responsive to this Request.

**138.    All documents concerning any damages that Plaintiff claims as a result of any acts by Defendants.**

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence  Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, please see documents Bates stamp nos. 1-1266.  Other documents produced may also be responsive to this Request.

**139.    All documents concerning any other allegations made by the Plaintiff in the Complaint.**

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 1-1266. Other documents produced may also be responsive to this Request.

140. **All documents identified by Plaintiff in her initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.**

**OBJECTION:** None.

**RESPONSE:** Please see documents Bates stamp nos. 1-1266. Other documents produced may also be responsive to this Request.

141. **All documents identified and/or described by Plaintiff in her responses to the First Set of Interrogatories of Defendants EDF and EDFINA, dated October 28, 2005.**

**OBJECTION:** None.

**RESPONSE:** Please see documents Bates stamp nos. 1-1266. Other documents produced may also be responsive to this Request.

142. **All documents concerning the facts and circumstances surrounding the subject matter of this action and/or the incidents referred to in the Complaint not otherwise produced in response to the foregoing Requests.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that that information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 1-1266. Other documents produced may also be responsive to this Request.

December 21, 2005

Catherine Gaujacq,
By Counsel

Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff,
Catherine L. Gaujacq

74

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO EDF AND EDFINA'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF by email (response only) and Federal Express (response and documents) this 21st day of December 2005 on counsel for EDF and EDFINA addressed as follows:

> Laura B. Hoguet, Esq.
> Dorothea W. Regal, Esq.
> HOGUET NEWMAN & REGAL, LLP
> 10 East 40th Street
> New York, New York 10016
> (212) 689-8808
> lhoguet@hnrlaw.com
> dregal@hnrlaw.com
>
> Counsel for Defendants
>   Electricite de France, S.A. and
>   Electricite de France International North America

With a courtesy copy sent this same day by email (response only) and Federal Express (response and documents), addressed as follows:

> Ronald S. Cooper, Esq.
> STEPTOE & JOHNSON LLP
> 1330 Connecticut Avenue, NW
> Washington, DC 20036
> (202) 429-3000
> rcooper@steptoe.com
>
> Counsel for Defendant
>   Christian Nadal

Elaine Charlson Bredehoft

# EXHIBIT C

# CHARLSON BREDEHOFT & COHEN, P.C.

### ATTORNEYS AND COUNSELORS AT LAW

CURTIS L. CHARLSON (REI.)*
ELAINE CHARLSON BREDEHOFT◊
PETER C. COHEN◊
KATHLEEN Z. QUILL•◊
JENNIFER A. HARPER

* ADMITTED ONLY IN MINNESOTA
◊ ALSO ADMITTED IN D.C.
• ALSO ADMITTED IN MASSACHUSETTS

January 23, 2006

**BY EMAIL**
Dorothea W. Regal, Esq.
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

> *Re:*    *Gaujacq v. Electricite de France International North America, et al.*
>          *Civil Action No. 1:05CV0969*

Dear Dorothea:

We have reviewed very carefully the responses provided by EDF, sent on January 3, 2006. We have the following concerns with EDF's responses:

### *EDF's Responses to Plaintiff's First Set of Interrogatories:*

Overall, EDF failed to respond to Plaintiff's request to identify all documents reflecting its responses to each of the Interrogatories. This request was made for all but Interrogatory Nos. 1 and 18.

In several of the Interrogatory responses, EDFINA quotes the language of Rule 33(d) claiming that the burden is substantially the same for Ms. Gaujacq as for EDFINA to obtain the answer from the documents. However, it is incumbent upon EDFINA to identify the specific documents that provide all of the information, such that Ms. Gaujacq would be able to review specific documents and ascertain the information. This has not been done.[1] Each Interrogatory response in which EDFINA relies upon this response needs to have the specific documents identified that provide the information. The Interrogatories in which this response is given are: Nos. 2, 3, 4, 6, 8-12, and 14-18. I

---

[1] Rule 33(d) requires that a party relying on this provision provide "*A specification … in sufficient detail* to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(d) (emphasis added).

Dorothea W. Regal, Esq
January 23, 2006
Page 2 of 6

also request that you examine further whether in fact the burden is equivalent  It appears that it is not  This is particularly so given that many of the documents produced are in French

    Further, the following deficiencies exist as to EDF's responses to specific Interrogatories propounded in Plaintiff's First Set of Interrogatories:

Interrogatory No. 2:  In Interrogatory number 2, Plaintiff requests EDF to "describe fully the specific facts within the knowledge of each witness and how that person came to possess such knowledge." EDF responded by referencing it initial disclosures, which only vaguely and generally describe each witness's knowledge.

Interrogatory No. 3:  Plaintiff requests EDF to describe in detail all adverse communications regarding Ms Gaujacq's job performance, including the date of the complaint  While EDF responds to this Interrogatory, it fails to provide dates or specifics of all complaints and particularly about the complaint that Plaintiff was allegedly delinquent in providing information to NuStart

Interrogatory No. 4:  In response to Interrogatory number 4, EDF states it is unaware of favorable attestations to Plaintiff's work performance  We believe this is an incomplete response and does not reflect true diligence on the part of EDF in ascertaining the information sought  Plaintiff worked at EDF for over 20 years  It is highly unlikely that Ms Gaujacq received no "compliments, commendations, awards, raises, promotions, or other favorable or laudatory comments or statements" regarding her job performance during her tenure

Interrogatory No. 5:  Interrogatory number 5 requests details concerning "each complaint any employee has made against any other employee of EDF in any management position, or against EDF itself, with respect to gender discrimination, retaliation, and/or unequal, unfair or inappropriate treatment, or unequal pay,....." EDF, however, responds with only a statement regarding complaints against Mr Nadal  Please provide information about all complaints made against management or EDF

Interrogatory No. 6:  While responding to Interrogatory number 6 with several performance problems attributed to Ms. Gaujacq, EDF failed to give the details about these performance problems as requested, including "all communications EDF has had with Ms. Gaujacq respecting each such problem, including the date, the place, the persons present and the substance of the communication; all efforts by the Company to improve Ms. Gaujacq's performance with respect to each such performance problem; and, the specific damage the Company has suffered as a result of such performance problem on the part of Ms. Gaujacq." For example, EDF failed to provide specific details regarding Plaintiff's alleged failure to "develop and apply sound financial and management procedures" and Plaintiff's alleged "poor personnel administration." EDF also failed to provide specific details supporting its contention that "EDF has discovered

Dorothea W. Regal, Esq.
January 23, 2006
Page 3 of 6

material errors in official EDF filings that Gaujacq made or permitted to be made during
the time she served as President of EDF."

Interrogatory No. 7:  In response to Interrogatory No. 7, EDF provides no detail
regarding the procedure EDF employes are to follow in making complaints  This is
particularly troubling because EDFINA referred Plaintiff to EDF as the source of this
information when answering the same interrogatory.

Interrogatory No. 8:  EDF failed to state "the names and addresses of all persons who
investigated … any of Ms. Gaujacq's written or verbal complaints to EDF," failed to state
the findings of any investigation noted and failed to identify documents discovered
during such investigation  EDF stated only that "All of Gaujacq's oral and written
communications to EDF representatives in which she complained about actions Nadal in
his position as President of EDFINA were given duly appropriate consideration by the
persons to whom they were addressed." This is particularly troubling because, in its
answer to the same interrogatory, EDFINA claimed it could not answer a portion of the
interrogatory and objected, indicating that such question should be directed to EDF and
its representatives who handled Ms  Gaujacq's complaints, including Mr. Ponasso, Mr.
Creuzet and Mr. Lamethe.

Interrogatory No. 9:  EDF failed to state the details of the statement referenced, including
"the names of all persons who heard the alleged statement" and the "place that the
alleged statement was made " If the only individual who heard the statement was Mr.
Bouron, please so state.

Interrogatory No. 11:  EDF has failed to state all reasons why Mr. Nadal and Ms.
Gaujacq were paid differently in that it did not state why each held a different rank
(which allegedly affected their salaries) and what the range of salaries in each rank were
that required each to be paid differently.

Interrogatory No. 12:  In response to Interrogatory number 12, while EDF responded by
listing the duties of Mr. Nadal and then briefly listing duties of Ms  Gaujacq, it failed to
compare and contrast the responsibilities and daily duties of these individuals as
requested by Plaintiff in this Interrogatory  As its answer stands now, EDF has failed to
provide the relative value of the duties and responsibilities listed in order for a complete
evaluation of the equality of the positions

Interrogatory No. 19:  EDF failed to completely respond to Interrogatory No. 19 in that it
did not respond to Plaintiff's request to "describe all facts upon which you base, or which
support, any such denial" to Plaintiff's Request for Admissions.

Dorothea W Regal, Esq.
January 23, 2006
Page 4 of 6

### *EDF's Responses to Plaintiff's First and Second Requests for Production of Documents:*

With respect to the Requests for Production of Documents, I note that EDF has not complied with Fed. R. Civ. P. 34(d) in that it has not identified which documents are responsive to which requests [2] This is particularly troubling because Plaintiff has no way of knowing whether EDF has produced documents responsive to each of these requests in that EDF agrees to produce responsive documents only "if they exist" in response to all but four documents requests (request number 2 of plaintiff's first request and request numbers 10, 13 and 18 of plaintiff's second request) EDF further complicates our analysis of the document production by stating in response to request number 17 of plaintiff's first requests and request numbers 6 and 11 of plaintiff's second request, that it will produce them only if they both exist and if they are in EDF's possession, whatever that means I ask that EDF supplement its responses, taking care to comply fully with Rule 34(d) and identify which documents are responsive to each document request.

EDF further fails to comply with the Rules of Civil Procedure by attempting to limit its production by its definition of relevant documents when its states in response to request numbers 8, 9, 17, 18 and 51 of plaintiff's first request and request number 17 of plaintiff's second request, that it will produce responsive documents, "as regards matters alleged in the Complaint, if any exist." Rule 26(b) defines the limits of discovery and what is relevant for purposes of discovery. *See* Fed.R.Civ.P. 26(b). EDF has no right to further limit its discovery responses by its definition of what it believes is relevant to the complaint. Please delete this restriction from EDF's responses and produce all responsive documents

Additionally, if any documents were withheld based upon the asserted privileges, please specify which documents EDF is withholding and give sufficient details to allow Plaintiff to assess whether EDF's privilege designations are legally appropriate. See Fed.R.Civ.P. 34(b) After the above designations are provided, we will be in a better position to assess to which responses EDF has failed to produce documents.

I have the following additional, specific comments with respect to the Request for Production of Documents:

Again, no documents are identified in the actual Response, so it is difficult to ascertain what has truly been provided in response to each Request. We have done our best to parse through them, but reserve the right after you have supplemented in compliance with the Rules to provide further concerns:

In response to Request No. 2 of the Plaintiff's First Request for Production of Documents, EDF refuses to produce responsive insurance policies "on the ground that it

---

[2] While we did not do that as well as possible in our first set of discovery responses and instead provided disks for your convenience and faster review, we listened to your concern, and have numbered the documents and have since fully complied with Fed. R. Civ. P. 34 (d)

Dorothea W. Regal, Esq.
January 23, 2006
Page 5 of 6

is not permitted by its insurers to release copies of their insurance policies without their consent, which has not been given." Please explain on what this statement is based and detail EDF's actions in attempting to gain the insurers' consent and the current status of such requests for consent.

In response to Request No. 22 of Plaintiff's First Request for Production of Documents, EDF agrees to produce only those responsive documents "as regards Mr. Nadal, if any exist." Plaintiff requests any and all documents reflecting any comparison made by EDF between Ms. Gaujacq and any other employee (past or present) of EDF, not just Mr. Nadal. Please produce all responsive documents.

EDF has refused to provide documents in response to the following requests made by plaintiff in her First Request for Production of Documents: Nos **23** (performance evaluations for similar employees), **24** (personnel file of Nadal), **26** (identity and level of participation of decision makers); **43** (names and addresses of employees), **44** (all complaints), **45** (EEO-1), **46** (comparative evidence), **52** (complaints), **54** (formal complaints), and **55** (monitoring program) on the grounds (among others) that this is not a pattern or practice claim or that it's an unwarranted invasion of privacy of other employees. As you know, these are not legitimate bases for objection, and the conduct of the company with respect to similar others is not only relevant, but also admissible. The United States Supreme Court has spoken to this, as has the District of Columbia Courts. I ask you to review these objections carefully, and if you believe you have case law to support your objections, I would appreciate receiving the citations, as I am unaware of such law.

In request number 70, Plaintiff asked for documents that EDF "gathered during the preparation of the defense of this action, including documents received as responses to subpoenae, voluntary requests for documents to outside parties, and internal document-gathering processes." While EDF objects on the grounds of attorney-work product doctrine and attorney-client privilege, it also seems to be refusing to produce documents it has received from third parties and documents gathered during its investigation into this matter. Such documents do not fall under either privilege cited and is clearly relevant and permitted under the Federal Rules of Civil Procedure.

In request number 72, Plaintiff requests documents that support any denial EDF had to Plaintiff's Request for Admissions. EDF refuses to produce such documents because the request is allegedly duplicative, beyond that which is required by the Federal Rules and protected by the work product doctrine. This request is not beyond that which is required by the Federal Rules and none of these objections support a refusal to produce documents. I ask that you produce all responsive documents.

The Rules, this Court, and the case law, all support liberal discovery. I would appreciate your addressing and supplementing these responses, based upon the above comments. In the event you disagree, or believe that an in-person conference or telephone call will be beneficial, I am available to talk anytime this week, within the

Dorothea W Regal, Esq
January 23, 2006
Page 6 of 6

constraints discussed earlier with you and other counsel for defendants. I hope that after reviewing this letter, you will genuinely and seriously consider providing full responses.

Thank you for your consideration.

Very truly yours,

Elaine Charlson Bredehoft

cc:    Ms Catherine Gaujacq