IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ<br><br>Plaintiff,<br><br>v.<br><br>ELECTRICITE DE FRANCE<br>INTERNATIONAL NORTH AMERICA,<br>INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 1:05CV0969 (JGP)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT ELECTRICITE DE FRANCE, S.A. ("EDF")**

Plaintiff Catherine Gaujacq, by counsel, requests that defendant Electricite de France, S.A. ("EDF"), respond, pursuant to Fed. R. Civ. P. 33, to the following interrogatories, and serve defendant's response upon plaintiff's counsel at Charlson Bredehoft & Cohen, P.C., 11260 Roger Bacon Drive, Suite 201, Reston, Virginia 20190, within the time provided by law.

DEFINITIONS AND INSTRUCTIONS

In responding to these interrogatories, the following definitions and instructions shall apply:

1.       "Ms. Gaujacq" or "Gaujacq" refers to plaintiff Catherine Gaujacq. "You," "your" or "EDF" refers to defendant Electricite de France, S.A., its agents, officers, and employees, and their subsidiaries, affiliates, and associated corporations, partnerships, and entities. "EDFINA" refers to defendant Electricite de France International North America. "The Company" refers collectively to EDF and EDFINA. "Nadal" or "Mr. Nadal" refers to defendant Christian Nadal. "Defendants" refers collectively to all three defendants.

2. "This action" refers to this civil action now pending in the United States District Court for the District of Columbia.

3. The term "document" is used in the broadest possible sense, and includes (but is not limited to) any written, printed, typed, photocopied, photographed, recorded (including but not limited to magnetic, mechanical, or electronic recordings) or otherwise reproduced communication or representation. This definition includes (but is not limited to) correspondence, memoranda, wires, cables, studies, maps, analyses, diagrams, electronic mail, scraps of paper, notes, loan documentation, applications, drawings, charts, graphs, plans, plats, photographs, video tapes, audio tapes, computer disks, hard drives, contracts, agreements, working papers, drafts, reports of investigations or inspections of any kind, opinions of consultants or experts, diaries, minutes, calendars, other reports, vouchers, invoices, journals, bills, orders, time slips or records, books, computations, field notes, logs, financial records or statements, or work papers, checks, receipts, bank statements and the like. Data compilations from which information may be translated into usable form (e.g., computer memory) are also included. The definition includes, as a separate document, each duplicate or reproduction or copy of a document that contains any non-conforming note, marking, material or attachment. If it is maintained that any document requested to be identified has been destroyed or is otherwise no longer within your possession or control, identify the document and state the date, place, and manner of its destruction or removal from your control, and identify the person who authorized or ordered such destruction or removal.

4. "Person" includes individuals, agencies, government entities, corporations, partnerships, unincorporated associations, and other business entities, and specifically includes the plaintiff and defendant in this action, and includes any predecessors or successors in interest.

5. The terms "identity," or "identify," or "describe," or "detail," when used in connection with a document mean to describe the document fully, including the character of the document, its title (if any), date, author(s), addressee(s), recipient(s), number of pages, the location and custodian of each copy to the extent known, the substance of the contents thereof, and any other identifying number of information. The terms "identity," or "identify," or "describe," or "detail" when used in connection with an event or condition mean to indicate, as completely and fully as possible, all facts comprising or contributing to the event or condition. The terms "identity," or "identify," or "describe," or "detail" when used in connection with a person mean:

a. where the person is an individual, to state the person's full name, home and business addresses and telephone numbers, and business or other affiliation (including title), and

b. where the person is not an individual, to state the full name of the entity, the nature of the entity, address and telephone number of the entity, and such additional identifying information as may be necessary to enable the "person" to be contacted. When identifying a "person," information should in all cases be adequate to permit service of process or notice of a deposition upon such person.

6. The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference and meaning (without limitation) relating to, regarding, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

7. Use of the singular tense shall be deemed to include the plural and <u>vice versa</u>. Use of either the masculine or feminine pronoun shall be deemed to include both genders. "And"

3

as well as "or" shall be construed either disjunctively or conjunctively so as to permit the inclusion of materials or information otherwise excluded.

8. In responding to these interrogatories, please furnish all information available to you or within your control, including any information in the possession of agents, attorneys, contractors, subcontractors, former employees, officers, members, or any other person acting on your behalf.

9. Each interrogatory shall be deemed continuing so as to require supplemental answers in accordance with Fed. R. Civ. P. 26(e).

10. In responding to each interrogatory, please identify all contributing sources of information, including the identity of any person consulted or document used in connection with answering such interrogatory and the extent of any person's assistance.

11. If a privilege or privileges are asserted as to any information requested by these interrogatories, or if any interrogatory is otherwise not fully answered, please respond to the extent the interrogatory is not objected to, and state the specific grounds for not fully answering, the legal basis for not fully answering (specifying any privilege asserted), and the facts allegedly giving rise to any claim of privilege. Identify any information, document, or other material for which any privilege is asserted, and identify the date and author or generator as well as all persons shown as having been, or otherwise known to you as having been, recipients of such information, document, or other material. If you contend that you have attempted to procure the waiver of the privilege, please also identify fully the persons with whom you communicated and the stated reason for refusal to waive the privilege.

12. Where there is no time limit specified, the interrogatories encompass documents in existence and/or events occurring during the time period from August, 2000 through the present.

## INTERROGATORIES

1. Identify fully each witness to, or person you believe possesses any knowledge of any of the allegations in the pleadings, facts relevant to the claims or defenses asserted by the parties, any of the discovery responses from plaintiff or defendants in this action, or any damages claimed by the plaintiff.

2. For each person identified in response to Interrogatory No. 1, please describe fully the specific facts within the knowledge of each witness and how that person came to possess such knowledge. Identify all documents reflecting such facts or knowledge.

3. Identify and describe in detail all warnings, cautions, counseling, criticism, reprimands, adverse evaluations, adverse comments, or other adverse or critical comments, statements, or suggestions made or communicated to Ms. Gaujacq, or made or communicated to any person respecting Ms. Gaujacq, with respect to Ms. Gaujacq's job performance, whether written or oral, during Ms. Gaujacq's tenure with the Company. Please identify the date of the complaint and state whether the complaint was made before or after Mr. Nadal replaced Ms. Gaujacq as President of EDFINA. Identify all documents reflecting your response to this interrogatory.

4. Identify and describe in detail all compliments, commendations, awards, raises, promotions, or other favorable or laudatory comments or statements made or communicated to Ms. Gaujacq, or made or communicated to any person respecting Ms. Gaujacq, with respect to

Ms. Gaujacq's job performance, whether written or oral, during Ms. Gaujacq's tenure with the Company. Identify all documents reflecting your response to this interrogatory.

5. Describe each complaint any employee has made against any other employee of EDF in any management position, or against EDF itself, with respect to gender discrimination, retaliation, and/or unequal, unfair or inappropriate treatment, or unequal pay, whether written or oral, internally to any EDF managerial or supervisory employee, or with any outside administrative agency from 1995 to the present. With respect to each complaint, describe fully each investigation or action taken by the Company and the final result of each such complaint. Identify all documents reflecting your response to this interrogatory.

6. If the Company contends Ms. Gaujacq had performance problems while working at EDF, please describe fully each specific performance problem; all facts upon which you rely in so identifying this problem, including all persons who have so stated; all communications EDF has had with Ms. Gaujacq respecting each such problem, including the date, the place, the persons present, and the substance of the communication; all efforts by the Company to improve Ms. Gaujacq's performance with respect to each such performance problem; and, the specific damage the Company has suffered as a result of such performance problem on the part of Ms. Gaujacq. Identify all documents reflecting your response to this interrogatory.

7. Describe the policies, practices, and procedures to be followed by any employee making a complaint against EDF or any other employee of EDF with respect to gender discrimination or retaliation and/or unequal, unfair or inappropriate treatment, whether written or oral, internally or with any outside administrative agency, and the manner by which an internal or outside investigation of such a complaint is triggered and conducted, including any investigative steps to be taken.

8. State the names and addresses of all persons who investigated any of the allegations contained in the pleadings (at any time prior to the filing of this suit relating in anyway to Ms. Gaujacq), or in any of Ms. Gaujacq's written and verbal complaints to EDF, including, but not limited to Ms. Gaujacq's email to Fernando Ponasso, EDFINA's Chairman and EDF Senior Vice-President Branch Americas, and Didier Lamethe, EDF's in-house legal counsel and EDFINA Board member; her verbal complaints in June and July, 2004, to Mr. Nadal; Ms. Gaujacq's July 9, 2004 formal complaint emailed to Mr. Ponasso, Chairman of EDFINA; Ms. Gaujacq's July 22, 2004 email to Mr. Nadal; and Ms. Gaujacq's email to Mr. Creuzet, the COO of EDF, and to Mr. Ponasso, Chairman of EDFINA and President of EDFINA Branch Americas, asking that the Company confirm that it would take corrective and remedial measures to prevent further discriminatory, harassing and unfair conduct by Mr. Nadal. For each such investigation, please state the findings, and identify all documents produced during the investigation. Identify all documents reflecting your response to this interrogatory.

9. If you contend Ms. Gaujacq made any statement which is against her interest, state the nature of such statement, the names of all persons who heard the alleged statement, and the date and place that the alleged statement was made. Identify all documents reflecting your response to this interrogatory.

10. Please state all reasons why Ms. Gaujacq was removed from her position as President of EDFINA and replaced by Mr. Nadal. Identify all documents reflecting your response to this interrogatory.

11. Please state all reasons why Mr. Nadal received a higher salary for the position of President of EDFINA that Ms. Gaujacq had received in the same position. Identify all documents reflecting your response to this interrogatory.

12. Please compare and contrast the responsibilities and daily duties of Mr. Nadal and Ms. Gaujacq in the position of President of EDFINA. (For example, what responsibilities are the same, and what responsibilities, if any, held by either Mr. Nadal or Ms. Gaujacq were not held by the other person in the position of President of EDFINA.) Identify all documents reflecting your response to this interrogatory.

13. Please describe in detail all reasons why Ms. Gaujacq's new contract and mission statement were never signed and/or delivered to her.

14. Please describe in detail all reasons why Mr. Nadal requested the EDF auditors to come to the United States offices of EDFINA for the purpose of undertaking a special audit of EDFINA operations and finances during the period Ms. Gaujacq had served as EDFINA's President in or about June, 2004. Please describe any findings and/or conclusions of the audit. Identify all documents reflecting your response to this interrogatory.

15. Please describe in detail all reasons for the Company's directive removing Ms. Gaujacq from her position on the Project with EDFINA in the United States. Identify all documents reflecting your response to this interrogatory.

16. Please describe in detail all reasons for the Company's directive for Ms. Gaujacq to return to France immediately, without an assigned position. Identify all documents reflecting your response to this interrogatory.

17. Please describe in detail reasons for Ms. Gaujacq receiving only four days' notice that her mission in the United States would end. Please include in your answer the identity of other employees of the Company who received less than three months' notice of the impending end of their mission in the United States. Identify all documents reflecting your response to this interrogatory.

18. Please describe in detail all representations made to Ms. Gaujacq, either verbally or in writing, regarding her future employment by EDF or EDFINA in the United States or in France, both before Mr. Nadal became President of EDFINA and after. Identify all documents reflecting your response to this interrogatory.

19. For each Request for Admission you deny, either in whole or in part, please describe all facts upon which you base, or which support, any such denial.

November 21, 2005

Catherine Gaujacq,
By Counsel

Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff,
Catherine L. Gaujacq

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT EDF by first-class mail, postage pre-paid, this 21st day of November, 2005 on counsel for EDF addressed as follows:

>Laura B. Hoguet, Esq.
>HOGUET NEWMAN & REGAL, LLP
>10 East 40th Street
>New York, New York 10016
>(212) 689-8808
>
>Counsel for Defendants
>   Electricite de France, S.A. and
>   Electricite de France International North America

With a courtesy copy sent this same day first class mail, postage pre-paid, addressed as follows:

>Ronald S. Cooper, Esq.
>STEPTOE & JOHNSON LLP
>1330 Connecticut Avenue, NW
>Washington, DC 20036
>(202) 429-3000
>
>Counsel for Defendant
>   Christian Nadal

_____
Elaine Charlson Bredehoft