# CHARLSON BREDEHOFT & COHEN, P.C.
### ATTORNEYS AND COUNSELORS AT LAW

CURTIS L. CHARLSON (RET.)*
ELAINE CHARLSON BREDEHOFT◊
PETER C. COHEN◊
KATHLEEN Z. QUILL●◊
JENNIFER A. HARPER

* ADMITTED ONLY IN MINNESOTA
◊ ALSO ADMITTED IN D.C.
● ALSO ADMITTED IN MASSACHUSETTS

January 23, 2006

**BY EMAIL**
Dorothea W. Regal, Esq.
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

      *Re:*   *Gaujacq v. Electricite de France International North America, et al.*
            *Civil Action No. 1:05CV0969*

Dear Dorothea:

      We have reviewed very carefully the responses provided by EDF, sent on January 3, 2006. We have the following concerns with EDF's responses:

### *EDF's Responses to Plaintiff's First Set of Interrogatories:*

      Overall, EDF failed to respond to Plaintiff's request to identify all documents reflecting its responses to each of the Interrogatories. This request was made for all but Interrogatory Nos. 1 and 18.

      In several of the Interrogatory responses, EDFINA quotes the language of Rule 33(d) claiming that the burden is substantially the same for Ms. Gaujacq as for EDFINA to obtain the answer from the documents. However, it is incumbent upon EDFINA to identify the specific documents that provide all of the information, such that Ms. Gaujacq would be able to review specific documents and ascertain the information. This has not been done.[1] Each Interrogatory response in which EDFINA relies upon this response needs to have the specific documents identified that provide the information. The Interrogatories in which this response is given are: Nos. 2, 3, 4, 6, 8-12, and 14-18. I

---

[1] Rule 33(d) requires that a party relying on this provision provide "*A specification ... in sufficient detail* to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(d) (emphasis added).

also request that you examine further whether in fact the burden is equivalent. It appears that it is not. This is particularly so given that many of the documents produced are in French.

Further, the following deficiencies exist as to EDF's responses to specific Interrogatories propounded in Plaintiff's First Set of Interrogatories:

Interrogatory No. 2: In Interrogatory number 2, Plaintiff requests EDF to "describe fully the specific facts within the knowledge of each witness and how that person came to possess such knowledge." EDF responded by referencing it initial disclosures, which only vaguely and generally describe each witness's knowledge.

Interrogatory No. 3: Plaintiff requests EDF to describe in detail all adverse communications regarding Ms. Gaujacq's job performance, including the date of the complaint. While EDF responds to this Interrogatory, it fails to provide dates or specifics of all complaints and particularly about the complaint that Plaintiff was allegedly delinquent in providing information to NuStart.

Interrogatory No. 4: In response to Interrogatory number 4, EDF states it is unaware of favorable attestations to Plaintiff's work performance. We believe this is an incomplete response and does not reflect true diligence on the part of EDF in ascertaining the information sought. Plaintiff worked at EDF for over 20 years. It is highly unlikely that Ms. Gaujacq received no "compliments, commendations, awards, raises, promotions, or other favorable or laudatory comments or statements" regarding her job performance during her tenure.

Interrogatory No. 5: Interrogatory number 5 requests details concerning "each complaint any employee has made against any other employee of EDF in any management position, or against EDF itself, with respect to gender discrimination, retaliation, and/or unequal, unfair or inappropriate treatment, or unequal pay, . ." EDF, however, responds with only a statement regarding complaints against Mr. Nadal. Please provide information about all complaints made against management or EDF.

Interrogatory No. 6: While responding to Interrogatory number 6 with several performance problems attributed to Ms. Gaujacq, EDF failed to give the details about these performance problems as requested, including "all communications EDF has had with Ms. Gaujacq respecting each such problem, including the date, the place, the persons present and the substance of the communication; all efforts by the Company to improve Ms. Gaujacq's performance with respect to each such performance problem; and, the specific damage the Company has suffered as a result of such performance problem on the part of Ms. Gaujacq." For example, EDF failed to provide specific details regarding Plaintiff's alleged failure to "develop and apply sound financial and management procedures" and Plaintiff's alleged "poor personnel administration." EDF also failed to provide specific details supporting its contention that "EDF has discovered

Dorothea W. Regal, Esq.
January 23, 2006
Page 3 of 6

material errors in official EDF filings that Gaujacq made or permitted to be made during the time she served as President of EDF."

Interrogatory No. 7: In response to Interrogatory No. 7, EDF provides no detail regarding the procedure EDF employees are to follow in making complaints. This is particularly troubling because EDFINA referred Plaintiff to EDF as the source of this information when answering the same interrogatory.

Interrogatory No. 8: EDF failed to state "the names and addresses of all persons who investigated ... any of Ms. Gaujacq's written or verbal complaints to EDF," failed to state the findings of any investigation noted and failed to identify documents discovered during such investigation. EDF stated only that "All of Gaujacq's oral and written communications to EDF representatives in which she complained about actions Nadal in his position as President of EDFINA were given duly appropriate consideration by the persons to whom they were addressed." This is particularly troubling because, in its answer to the same interrogatory, EDFINA claimed it could not answer a portion of the interrogatory and objected, indicating that such question should be directed to EDF and its representatives who handled Ms. Gaujacq's complaints, including Mr. Ponasso, Mr. Creuzet and Mr. Lamethe.

Interrogatory No. 9: EDF failed to state the details of the statement referenced, including "the names of all persons who heard the alleged statement" and the "place that the alleged statement was made." If the only individual who heard the statement was Mr. Bouron, please so state.

Interrogatory No. 11: EDF has failed to state all reasons why Mr. Nadal and Ms. Gaujacq were paid differently in that it did not state why each held a different rank (which allegedly affected their salaries) and what the range of salaries in each rank were that required each to be paid differently.

Interrogatory No. 12: In response to Interrogatory number 12, while EDF responded by listing the duties of Mr. Nadal and then briefly listing duties of Ms. Gaujacq, it failed to compare and contrast the responsibilities and daily duties of these individuals as requested by Plaintiff in this Interrogatory. As its answer stands now, EDF has failed to provide the relative value of the duties and responsibilities listed in order for a complete evaluation of the equality of the positions.

Interrogatory No. 19: EDF failed to completely respond to Interrogatory No. 19 in that it did not respond to Plaintiff's request to "describe all facts upon which you base, or which support, any such denial" to Plaintiff's Request for Admissions.

Dorothea W. Regal, Esq.
January 23, 2006
Page 4 of 6

### *EDF's Responses to Plaintiff's First and Second Requests for Production of Documents:*

With respect to the Requests for Production of Documents, I note that EDF has not complied with Fed. R. Civ. P. 34(d) in that it has not identified which documents are responsive to which requests.[2] This is particularly troubling because Plaintiff has no way of knowing whether EDF has produced documents responsive to each of these requests in that EDF agrees to produce responsive documents only "if they exist" in response to all but four documents requests (request number 2 of plaintiff's first request and request numbers 10, 13 and 18 of plaintiff's second request). EDF further complicates our analysis of the document production by stating in response to request number 17 of plaintiff's first requests and request numbers 6 and 11 of plaintiff's second request, that it will produce them only if they both exist and if they are in EDF's possession, whatever that means. I ask that EDF supplement its responses, taking care to comply fully with Rule 34(d) and identify which documents are responsive to each document request.

EDF further fails to comply with the Rules of Civil Procedure by attempting to limit its production by its definition of relevant documents when its states in response to request numbers 8, 9, 17, 18 and 51 of plaintiff's first request and request number 17 of plaintiff's second request, that it will produce responsive documents, "as regards matters alleged in the Complaint, if any exist." Rule 26(b) defines the limits of discovery and what is relevant for purposes of discovery. *See* Fed.R.Civ.P. 26(b). EDF has no right to further limit its discovery responses by its definition of what it believes is relevant to the complaint. Please delete this restriction from EDF's responses and produce all responsive documents.

Additionally, if any documents were withheld based upon the asserted privileges, please specify which documents EDF is withholding and give sufficient details to allow Plaintiff to assess whether EDF's privilege designations are legally appropriate. *See* Fed.R.Civ.P. 34(b). After the above designations are provided, we will be in a better position to assess to which responses EDF has failed to produce documents.

I have the following additional, specific comments with respect to the Request for Production of Documents:

Again, no documents are identified in the actual Response, so it is difficult to ascertain what has truly been provided in response to each Request. We have done our best to parse through them, but reserve the right after you have supplemented in compliance with the Rules to provide further concerns:

In response to Request No. 2 of the Plaintiff's First Request for Production of Documents, EDF refuses to produce responsive insurance policies "on the ground that it

---

[2] While we did not do that as well as possible in our first set of discovery responses and instead provided disks for your convenience and faster review, we listened to your concern, and have numbered the documents and have since fully complied with Fed. R. Civ. P 34 (d).

Dorothea W. Regal, Esq.
January 23, 2006
Page 5 of 6

is not permitted by its insurers to release copies of their insurance policies without their consent, which has not been given." Please explain on what this statement is based and detail EDF's actions in attempting to gain the insurers' consent and the current status of such requests for consent.

In response to Request No. 22 of Plaintiff's First Request for Production of Documents, EDF agrees to produce only those responsive documents "as regards Mr. Nadal, if any exist." Plaintiff requests any and all documents reflecting any comparison made by EDF between Ms. Gaujacq and any other employee (past or present) of EDF, not just Mr. Nadal. Please produce all responsive documents.

EDF has refused to provide documents in response to the following requests made by plaintiff in her First Request for Production of Documents: Nos. **23** (performance evaluations for similar employees), **24** (personnel file of Nadal), **26** (identity and level of participation of decision makers); **43** (names and addresses of employees), **44** (all complaints), **45** (EEO-1), **46** (comparative evidence), **52** (complaints), **54** (formal complaints), and **55** (monitoring program) on the grounds (among others) that this is not a pattern or practice claim or that it's an unwarranted invasion of privacy of other employees. As you know, these are not legitimate bases for objection, and the conduct of the company with respect to similar others is not only relevant, but also admissible. The United States Supreme Court has spoken to this, as has the District of Columbia Courts. I ask you to review these objections carefully, and if you believe you have case law to support your objections, I would appreciate receiving the citations, as I am unaware of such law.

In request number 70, Plaintiff asked for documents that EDF "gathered during the preparation of the defense of this action, including documents received as responses to subpoenae, voluntary requests for documents to outside parties, and internal document-gathering processes." While EDF objects on the grounds of attorney-work product doctrine and attorney-client privilege, it also seems to be refusing to produce documents it has received from third parties and documents gathered during its investigation into this matter. Such documents do not fall under either privilege cited and is clearly relevant and permitted under the Federal Rules of Civil Procedure.

In request number 72, Plaintiff requests documents that support any denial EDF had to Plaintiff's Request for Admissions. EDF refuses to produce such documents because the request is allegedly duplicative, beyond that which is required by the Federal Rules and protected by the work product doctrine. This request is not beyond that which is required by the Federal Rules and none of these objections support a refusal to produce documents. I ask that you produce all responsive documents.

The Rules, this Court, and the case law, all support liberal discovery. I would appreciate your addressing and supplementing these responses, based upon the above comments. In the event you disagree, or believe that an in-person conference or telephone call will be beneficial, I am available to talk anytime this week, within the

Dorothea W. Regal, Esq.
January 23, 2006
Page 6 of 6

constraints discussed earlier with you and other counsel for defendants. I hope that after reviewing this letter, you will genuinely and seriously consider providing full responses.

    Thank you for your consideration.

                                        Very truly yours,

                                        Elaine Charlson Bredehoft

cc:    Ms. Catherine Gaujacq