Exhibit A

# HOGUET NEWMAN & REGAL, LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

LAURA B. HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOSHUA D. RIEVMAN
EDWARD P. BOYLE
SHERYL B. GALLER
IRA J. LIFTON

TEL (212) 689-8808
FAX (212) 689-5101
www.hnrlaw.com
hnr@hnrlaw.com

SARAH K. BARICKMAN
KATHLEEN L. LOWDEN
RANDI B. MAY

EDNA R. SUSSMAN, OF COUNSEL

December 15, 2005

**By Facsimile**
Elaine Charlson Bredehoft, Esq.
Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, VA 20190

Re: <u>Gaujacq v. EDF, et al.</u>

Dear Elaine:

I write on behalf of all defense counsel to address two discovery issues that we would like to resolve with you, if feasible, without court intervention. These matters are of some urgency because they impact our ability to prepare effectively for and complete the plaintiff's deposition, which has been scheduled for January 19 and 20, 2006.

1. **Incomplete and Non-Responsive Response to Interrogatories**

The responses to interrogatories that you served upon defense counsel on December 12, 2005 are non-responsive and evasive. In addition, they have not been signed by the party. The set of interrogatories served upon you by EDF and EDFINA contained merely 13 interrogatories, more than half of which Gaujacq has failed to answer responsively. In particular, but without limitation, the following responses are wholly insufficient:

<u>Interrogatory No. 3</u>: No response was given to the question of what compensation plaintiff has received from her employment subsequent to her termination, nor has the location of her employment with Entergy been provided.

<u>Interrogatory No. 4</u>: No response was given to the question of what persons Gaujacq had communication with relating to employment opportunities or the substance of such communications.

HOGUET NEWMAN & REGAL, LLP

Elaine Charlson Bredehoft, Esq.
December 15, 2005
Page 2

Interrogatory No. 8: This response is wholly evasive, not addressing the matter of Gaujacq's deletion of the contents of EDFINA's laptop before she returned it to EDFINA, and no response was given as to the identification of the software Gaujacq used to delete the laptop or the identification of persons with knowledge of such deletion.

Interrogatory No. 9: This response is misdirected to matters that appear to have no connection with the subject matter of the interrogatory, which was communications with Entergy Nuclear. The one paragraph in this response that does relate to Entergy Nuclear fails to identify the person or the entity with whom Gaujacq had the alleged communication.

Interrogatory No. 10: The response, to the effect that companies had knowledge of the alleged events, is not responsive to the question to describe with particularity the damages to Gaujacq's reputation that she alleged in the 8 referenced paragraphs of the complaint.

Interrogatory No. 11: The deficient response to Interrogatory No. 10, referred to in response to Interrogatory No. 11, is equally non-responsive to the question to describe with particularity the damages to Gaujacq's career that she alleged in 3 other referenced paragraphs of the complaint.

Interrogatory No. 13: No answer whatsoever has been given to this interrogatory regarding the identification of medical professionals from whom Gaujacq sought or received treatment in connection with any emotional, mental, psychological or psychiatric problems.

2. **Deposition Scheduling**

Deposition of the Plaintiff: Defendants need more than 7 hours to take the deposition of plaintiff. We believe that we will require two to three 7-hour days to complete Gaujacq's deposition. Alternatively, since you have advised us of Gaujacq's limited availability to absent herself from her new employment, we would be willing to negotiate a schedule for this deposition that would be limited to two 10-hour days. The reason that we need this amount of time is that there are three defendants and the complaint is extremely lengthy, containing 354 paragraphs of allegations. While we recognize the fact that the plaintiff's native language is French and that many of the documents are in French, we do not anticipate that those facts will require additional time for her deposition unless you intend to have an interpreter at her deposition. You have offered to schedule her deposition for January 19 and 20, 2006, but at the same time you have stated your position that defendants are not entitled to more than 7 hours with the plaintiff. We want to clarify these logistical issues as to the plaintiff's deposition.

HOGUET NEWMAN & REGAL, LLP

Elaine Charlson Bredehoft, Esq.
December 15, 2005
Page 3

- Please confirm that Gaujacq will be available for deposition for the two days scheduled. Please acknowledge that defendants reserve the right to continue the deposition on a third day to be scheduled unless we can come to an agreement as to extended deposition days for the two days scheduled. Please advise whether Gaujacq will have an interpreter at her deposition.

<u>Rule 30(b)(6) Deposition of EDF</u>: We cannot schedule a Rule 30(b)(6) deposition until you have advised us of the scope of such deposition.

- Please serve your 30(b)(6) notice.

<u>Deposition of Individual Defendant Nadal</u>: We cannot schedule the deposition of Mr. Nadal until we know whether you intend to seek a Rule 30(b)(6) deposition of EDFINA and, if so, the scope thereof because of the possibility that Mr. Nadal would be the corporate designee for any such deposition of EDFINA. It would be unacceptable to subject him to two separate depositions.

- Please confirm that you will not seek a Rule 30(b)(6) notice of EDFINA or, if you do seek such a deposition, please serve your 30(b)(6) notice.

We would like to confer with you on these matters, in compliance with Local Civil Rule 7(m), and propose a telephone conference with you on Monday, December 19, 2005 at 2:30 p.m. Please confirm your availability for this telephone conference.

Very truly yours,

Dorothea W. Regal

cc:   Ronald S. Cooper, Esq.
      David Clark, Esq.

Exhibit B

# HOGUET NEWMAN & REGAL, LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

LAURA B. HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOSHUA D. RIEVMAN
EDWARD P. BOYLE
SHERYL B. GALLER
IRA J. LIPTON

TEL (212) 689-8808
FAX (212) 689-5101
www.hnrlaw.com
hnr@hnrlaw.com

SARAH K. BARICKMAN
KATHLEEN L. LOWDEN
RANDI B. MAY

EDNA R. SUSSMAN, OF COUNSEL

December 19 2005

**By Facsimile**
Elaine Charlson Bredehoft, Esq.
Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, VA 20190

Re: <u>Gaujacq v. EDF, et al.</u>

Dear Elaine:

I write on behalf of all defense counsel in response to your e-mail of December 19, 2005, regarding my letter to you of December 16, 2005 about discovery issues concerning (1) the interrogatory responses you served on December 12, 2005 and (2) deposition scheduling.

You have failed to respond to our substantive concerns about the deficient interrogatory response of the plaintiff, and you have refused to agree to our request regarding the amount of time for the deposition of your client, instead unilaterally reducing the amount of time you had previously offered for her deposition. You declined to meet and confer with us by telephone today, as we had requested, but you did not offer an alternative time and, in fact, appear to have ignored our request to meet and confer.

Please provide us your earliest available times for a telephone conference on Tuesday or Wednesday of this week (December 20 or 21) or we will conclude that you are unwilling to meet and confer on these important issues, and we will so indicate to the Court.

<u>Plaintiff's Non-Responsive and Evasive Interrogatory Response</u>

You have failed to address the serious deficiencies in plaintiff's interrogatory response that we raised in my letter to you, and you have failed to respond to our request to meet and confer on this issue. We reject the notion that you may simply dismiss our

HOGUET NEWMAN & REGAL, LLP

Elaine Charlson Bredehoft, Esq.
December 19, 2005
Page 2

request to meet and confer about the sufficiency of your client's interrogatory responses. Our concerns about the deficiency of plaintiff's interrogatory response cannot be derailed by your vague assurance of future supplementation or by your protestation that "it is a waste of time" to raise these deficiencies before receiving plaintiff's documents. The substantive deficiencies in plaintiff's interrogatory response cannot be cured by a document production because the deficiencies are unrelated to the documents. Furthermore, we have now received and reviewed plaintiff's document production, and the deficiencies in plaintiff's interrogatory response remain.

We have identified specific failures to respond at all, non-responsive answers and/or evasive answers in your client's interrogatory responses in writing, and we are entitled to have the plaintiff's answers to those questions in advance of our deposition of the plaintiff. We want to resolve this issue promptly as the date you have offered for Ms. Gaujacq's deposition is fast approaching.

### Deposition Scheduling

Gratuitous claims that one party or the other "does not intend to honor the agreement" or "is not acting in good faith" will not advance the cause of reasonable cooperation. We have never agreed that the Nadal deposition and the 30(b)(6) deposition(s) would take place within 2 weeks of the Gaujacq deposition. We acknowledge the parties' earlier general discussions that Plaintiff's deposition would be taken first, with Mr. Nadal's deposition to follow as soon as practical thereafter. We also acknowledge your desire to accomplish promptly thereafter the depositions of the corporate defendants, although we have always said that the as-yet-unknown scope of your deposition notices of the corporations will obviously affect the staffing and the timing of those depositions in relation to the others. Furthermore, we have always anticipated that Plaintiff's deposition would be completed before moving on, and that we would have her full and complete discovery responses reasonably well in advance of her deposition. Beyond this general understanding of how the depositions would proceed, we do not agree with your characterizations and have the following concerns about your statements in your e-mail of this morning regarding deposition scheduling.

Although you initially offered the plaintiff for deposition on two consecutive days in January (January 19-20), which we accepted in writing, you have now rescinded that offer and have stated that you will make the plaintiff available for only 7 hours on January 20. This is unworkable for us. As stated in my letter to you of December 16, 2005, we are confident that the defendants, collectively, will require more than one seven-hour day to complete a full deposition of the plaintiff, due to the fact that she has filed an extremely lengthy complaint, with 354 paragraphs of allegations, and the fact that there are three defendants. Your proposal to wait until the end of the one day you have now offered and then schedule the follow-up deposition time is not acceptable. We

HOGUET NEWMAN & REGAL, LLP

Elaine Charlson Bredehoft, Esq.
December 19, 2005
Page 3

need to know, in advance, the amount of time available to all defendants for this deposition for planning purposes and for purposes of allocating time among counsel for the defendants.

With respect to the other deposition scheduling issues you raised in your e-mail, we do not anticipate any problem making Mr. Nadal available for deposition in his personal capacity within two weeks of Plaintiff's deposition. Obviously, though, we need to know when Plaintiff's deposition will be -- a presently moving target depending on the date we obtain full discovery responses and on resolution of her deposition schedule. Nor is there likely to be a problem scheduling the depositions of the corporate defendants reasonably promptly thereafter, depending upon what your deposition notices may seek. We could not possibly now commit to the availability of unknown corporate designees over unknown issues. Even attempting such scheduling makes little sense until the issues of the timing of complete discovery responses from your client and the length of her deposition are resolved.

Please provide us with your earliest available times on December 20 or 21, 2005 when we can confer with you on these matters, in compliance with Local Civil Rule 7(m).

Very truly yours,

Dorothea W. Regal

cc:  Ronald S. Cooper, Esq.
     David Clark, Esq.

Exhibit C

# HOGUET NEWMAN & REGAL, LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

LAURA B. HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOSHUA D. RIEVMAN
EDWARD P. BOYLE
SHERYL B. GALLER
IRA J. LIPTON

TEL (212) 689-8808

FAX (212) 689-5101

www.hnrlaw.com

hnr@hnrlaw.com

SARAH K. BARICKMAN
KATHLEEN L. LOWDEN
RANDI B. MAY

EDNA R. SUSSMAN, OF COUNSEL

November 4, 2005

**By Facsimile**
Elaine Charlson Bredehoft, Esq.
Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, VA 20190

Re: Gaujacq v. EDFINA, et al.

Dear Elaine:

I write in respect of the discovery demands you recently served upon counsel for the defendants in this matter. Plaintiff's discovery demands are addressed only to defendants Electricité de France International North America, Inc. ("EDFINA") and Christian Nadal. None of the discovery demands has been addressed to defendant Electricité de France, S.A. ("EDF"). What we received from you are the following:

Plaintiff's First Set of Interrogatories to Defendant Electricité de France
    International North America, Inc. ("EDFINA")
Plaintiff's First Set of Interrogatories to Defendant Christian Nadal
Plaintiff's First Request for Production of Documents to Defendant Electricité de
    France International North America, Inc. ("EDFINA")
Plaintiff's First Request for Production of Documents to Defendant Christian
    Nadal
Plaintiff's First Set of requests for Admissions to Defendant Electricité de
    France International North America, Inc. ("EDFINA")
Plaintiff's First Set of Requests for Admissions to Defendant Christian Nadal

While this firm represents both EDF and EDFINA, they are two separate entities. As you know, EDFINA is an indirect subsidiary of EDF. (See Answer of EDF and EDFINA ¶ 4; Complaint ¶ 4). EDFINA cannot respond to any of the above discovery demands except with respect to EDFINA's own knowledge and documents within the

HOGUET NEWMAN & REGAL, LLP

Elaine Charlson Bredehoft, Esq.
November 4, 2005
Page 2

possession, custody or control of EDFINA. It cannot respond to these discovery demands on behalf of EDF. We, as counsel for EDF (as well as for EDFINA), cannot advise EDF to provide the requested information and/or documents when it has not been requested to do so by plaintiff under the Federal Rules of Civil Procedure.

I bring this to your attention now in the hope of avoiding what might be a waste of time in the progress of this litigation. If this was an oversight and you wish to amend the demands to include EDF, please let me know and provide amended demands as soon as possible. Similarly, if you intended to prepare separate demands for EDF and have simply not served them yet, please let me know. Otherwise, we will proceed to work on responses to these discovery demands only on behalf of EDFINA, the party addressed.

I would be happy to discuss this with you if you wish.

Very truly yours,

Dorothea W. Regal

cc:    Ronald S. Cooper, Esq.

Exhibit D



"Elaine Bredehoft"
<ebredehoft@charlsonbredeh oft.com>

11/18/2005 09:32 AM

To  <DRegal@hnrlaw.com>

cc  "Clark, David" <dclark@steptoe.com>, "Laura Hoguet" <lhoguet@hnrlaw.com>, "Cooper, Ronald" <RCooper@steptoe.com>, <RMay@hnrlaw.com>

bcc

Subject  RE: Discovery Demands Addressed to EDF

Dorthea: Thanks for the earlier letter, as well as the email. I intentionally did not include EDF in the first set. My thought was that EDFINA would provide whatever information it has custody, control or access to, under the Rules. However, your point is well taken that it may be easier for you to combine them and move forward with discovery. I will take a look at the discovery requests and determine which may also apply to EDF, and issue separate discovery for EDF, hopefully today, but otherwise, within the week. My intent will be to include requests that would relate specifically to EDF, anticipating that EDFINA will be able to access most of the information sought from them specifically.

I also owe you my comments on the Protective Order and am hoping to have that today as well. Let me know if you have any additional thoughts that we should discuss. Elaine

-----Original Message-----
From: DRegal@hnrlaw.com [mailto:DRegal@hnrlaw.com]
Sent: Friday, November 18, 2005 9:24 AM
To: Elaine Bredehoft
Cc: Clark, David; Laura Hoguet; Cooper, Ronald; RMay@hnrlaw.com
Subject: Discovery Demands Addressed to EDF


Dear Elaine:
I am writing to follow up on my letter to you of November 4, 2005 regarding the question of whether you will be amending your discovery demands to include EDF as well as EDFINA. As the work in responding to the outstanding demands progresses, it would be very helpful for me to know whether or not these requests (or any requests) will be addressed to EDF as it obviously affects the scope of the responses. I am available to discuss this if you like this afternoon (some time after 3:00pm).

Dorothea W. Regal
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

Tel. (212) 689-8808
Fax (212) 689-5101
dregal@hnrlaw.com