IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ  )<br> )<br>  Plaintiff,  )<br> )<br>  v.  )<br> )<br>ELECTRICITE DE FRANCE  )<br>  INTERNATIONAL NORTH AMERICA,  )<br>  INC., et al.  )<br> )<br>  Defendants.  )<br>_____ ) | No. 1:05CV0969 (JGP) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR ORDER REQUIRING
PLAINTIFF TO SUBMIT TO MENTAL EXAMINATION**

Defendants Electricité de France, S.A., Electricité de France International North America, Inc., and Christian Nadal ("Defendants") seek an order requiring plaintiff Catherine Gaujacq to submit to mental examination by a forensic psychiatrist because Plaintiff, in her Complaint and in the report submitted by Dr. Liza H. Gold on her behalf, has placed her mental condition squarely "in controversy" within the meaning of Rule 35(a) of the Federal Rules of Civil Procedure.   Plaintiff, through counsel, has agreed in principle for such an examination to occur, but has not agreed to some terms of the examination.

The Complaint asserts, inter alia, that Defendants' actions against her resulted in "severe mental anguish, stress, pain and suffering" and seeks compensatory damages arising out of those claims.  In addition, pursuant to the expert report submitted by Dr. Liza H. Gold, Ms. Gaujacq claims to have "experienced profound emotional distress as a direct result of the events resulting in the loss of her 24 year employment with Electricite de France…. These events proximately

caused an episode of major depression, beginning in approximately June or July 2004, and continuing to this time." These allegations provide the good cause required for ordering her mental examination pursuant to Rule 35(a). Schlagenhauf v. Holden, 379 U.S. 104, 119 (1964); Anson v. Fickel, 110 F.R.D. 184, 186 (N.D. Ind. 1986).

Defendants first provided a draft Rule 35 motion and proposed order to Plaintiff's counsel on April 26, 2006, and requested a response by April 28. When no response was forthcoming, Defendants subsequently scheduled a conference call with Plaintiff's counsel on May 4, 2006 in which Defendants' Rule 35 motion was one of the topics of discussion. In that conference, Plaintiff's counsel suggested May 25, 2006 as a potential day for Plaintiff's mental examination, but indicated that she would require Defendants to provide the *curriculum vitae* of the proposed examining physician in advance (which Defendants have done), as well as the psychological test to be administered (which Defendants have not done). Neither is required by the Rules. Divulging the specific test to be conducted would raise a concern as to the validity of its results, since the test is intended to be administered without advance knowledge or opportunity to prepare.

Defendants propose that examination of Ms. Gaujacq be conducted by Dr. Carol C. Kleinman at 5480 Wisconsin Avenue, Chevy Chase, MD 20815 on May 25, 2006. Dr. Kleinman has scheduled the examination to commence at 8:00 am, in order to ensure that it can be completed in a day.[1] The proposed examination will consist of a clinical evaluation of Plaintiff and will likely involve administration of psychological testing using one of the standard

---

[1] Plaintiff's counsel has proposed that the examination not begin until 10:00 am on May 25. The only explanation she has given is that Plaintiff needs to travel from Jackson, Mississippi, where she now resides. There are ample options for air travel the prior day, including options that would allow Plaintiff to minimize any leave from her current job for travel.

psychological tests, administered in a private setting. The evaluation, including testing, is expected to take approximately 6 to 6.5 hours, assuming there are no significant communication issues and the testing is completed in the average amount of time. In any event, the total time for examination and testing will not be greater than eight (8) hours. Under the schedule proposed by Defendants, the examination and testing can be completed in a single day.

Dr. Kleinman's report and results of testing will be furnished after completion of the examination in accordance with the schedule for submission of rebuttal expert reports.

For the reasons stated above, Defendants' motion should be granted in accordance with the conditions included in the proposed order submitted herewith.

May 12, 2006

                                        Respectfully submitted,

                                        _____
                                        Laura B. Hoguet (#200915)
                                        Dorothea W. Regal (#NY0064)
                                        HOGUET NEWMAN & REGAL, LLP
                                        10 East 40th Street
                                        New York, NY 10016
                                        (212)689-8808

                                        *Counsel for Defendants Electricité de*
                                        *France, S.A. and Electricité de France*
                                        *International North America, Inc.*

                                        _____/s/_____
                                        Ronald S. Cooper (#149799)
                                        Morgan D. Hodgson (#186521)
                                        David Clark (#473279)
                                        STEPTOE & JOHNSON, LLP
                                        1330 Connecticut Avenue, N.W.
                                        Washington, D.C. 20036
                                        (202) 429-3000

                                        *Counsel for Defendant Christian Nadal*