IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| Plaintiff, | ) |
| v. | ) No. 1:05CV0969 (JGP) |
| ELECTRICITÉ DE FRANCE INTERNATIONAL NORTH AMERICA, INC., et al. | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR PLAINTIFF'S**
**LIMITED MEDICAL AUTHORIZATION**

This motion is brought by all Defendants, Electricité de France, S.A. ("EDF"), Electricité De France International North America, Inc. ("EDFINA"), and Christian Nadal ("Nadal"), by and through their undersigned counsel. During a status conference on May 15, 2006, the Court ordered that this motion be briefed on an expedited basis, with opposition due May 22, 2006 and reply due May 23, 2006.

Plaintiff has put her mental state at issue in this case by claiming and seeking damages for an alleged "major depression" and Plaintiff has therefore waived any claim of physician-patient privilege. In connection with Plaintiff's new employment, Plaintiff was interviewed at least one time by a corporate management psychologist (Dr. Cheryl Fellows, Ph. D., of RHR International Company) in the midst of Plaintiff's alleged "major depression." Defendants have served a subpoena duces tecum and noticed the deposition of Dr. Fellows to discover facts about Plaintiff's mental state at that time.

Plaintiff has unequivocally waived any claim of privilege for communications with Dr. Fellows, assuming, *arguendo*, that a physician- patient privilege even attached between Plaintiff and Dr. Fellows, who did not treat Plaintiff. Nonetheless, Dr. Fellows

requires a written authorization from Plaintiff before disclosing communications she had with Plaintiff and documents concerning Plaintiff's mental state. Without justification, Plaintiff has refused to furnish a medical authorization.

    For the reasons stated more fully in Defendants' Memorandum in Support of their Motion For Plaintiff's Limited Medical Authorization, submitted contemporaneously herewith and incorporated herein by reference, the Court should grant Defendants the relief they seek.

Dated: May 17, 2006

          Respectfully Submitted,

          /s/ Randi Seltzer May

          _____
          Randi Seltzer May
          D.C. Bar No. NY0063
          HOGUET NEWMAN & REGAL, LLP
          10 East 40th Street
          New York, NY  10016
          (212)689-8808

          *Counsel for Defendants Electricité de France, S.A. and Electricité de France International North America, Inc.*

          /s/ Morgan D. Hodgson

          _____
          Morgan D. Hodgson
          D.C. Bar No. 186521
          David Clark
          D.C. Bar No. 473279
          STEPTOE & JOHNSON, LLP
          1330 Connecticut Avenue, N.W.
          Washington, D.C.  20036
          (202) 429-3000

          *Counsel for Defendant Christian Nadal*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV0969 (JGP) |
| ) | |
| ELECTRICITÉ DE FRANCE ) | |
| INTERNATIONAL NORTH AMERICA, ) | |
| INC., et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
PLAINTIFF'S LIMITED MEDICAL AUTHORIZATION**

Defendants, Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA") and Christian Nadal ("Nadal") submit this Memorandum in Support of their Motion For Plaintiff's Limited Medical Authorization. Plaintiff has put her mental state directly at issue in this case by seeking damages for an alleged "major depression." Plaintiff has therefore waived any privilege, assuming one exists, for communications between herself and a corporate management psychologist (Dr. Cheryl Fellows, Ph.D.) who interviewed the Plaintiff at least once and authored a document about Plaintiff's mental state in January 2005, in the midst of Plaintiff's alleged "major depression." Defendants have served Dr. Fellows with a subpoena duces tecum and noticed her deposition. Notwithstanding Plaintiff's waiver of any privilege regarding her mental state, Dr. Fellows requires an authorization from Plaintiff before disclosing communications she had with Plaintiff and documents concerning Plaintiff's mental state. Plaintiff has refused to execute the authorization, without any justification.

The three defendants therefore seek an order directing Plaintiff to sign the medical authorization for the benefit of Dr. Fellows (which is attached as Exhibit A).

## RELEVANT BACKGROUND

This action is an employment discrimination suit in which Plaintiff is seeking, among other things, compensatory damages for an alleged "major depression." Plaintiff recently furnished a psychiatric expert report, where, for the first time, Plaintiff claims to be suffering from a "major depression" allegedly commencing in June 2004 and continuing unabated until today.[1]

Dr. Fellows, a corporate management psychologist of RHR International Company in Dallas, Texas, interviewed Plaintiff at least one time in or around January 2005. Additionally, in January 2005, Dr. Fellows authored a document concerning Plaintiff's mental state.[2] Defendants served a subpoena duces tecum[3] on Dr. Fellows on May 4, 2006 and noticed her deposition for May 30, 2006 in order to discover relevant facts concerning Plaintiff's mental state at that time, including in particular the communications between Ms. Gaujacq and Dr. Fellows and documents in Dr. Fellows' possession concerning Ms. Gaujacq's mental state at that time. Dr. Fellows has requested that Plaintiff provide her with a medical authorization before she produces documents and testifies about facts concerning Plaintiff. Plaintiff has refused to furnish medical authorization, without any justification.

By seeking damages for an alleged "major depression," Plaintiff has put her mental state at issue and has waived any claim of privilege, assuming that one even attaches to communications between a corporate management psychologist and an

---

[1] Plaintiff's psychiatric expert report was filed with this Court under seal on May 15, 2006.

[2] This document has been produced by Entergy and was stamped "Highly Confidential" in accordance with the Protective Order entered in this case. Therefore, it is not attached. If the Court would like to review this document, Defendants will file it under seal.

[3] Because Dr. Fellows and RHR International are in Dallas, Texas, the subpoena has issued from the United States District Court for the Northern District of Texas.

2

employee or candidate. Accordingly, Plaintiff has no justifiable reason for her refusal to sign the medical authorization for the benefit of Dr. Fellows.

## ARGUMENT

**Plaintiff Has Waived Any Claim of Privilege as Regards her Mental State**

Plaintiff has waived her right to assert any physician-patient privilege for the communications between herself and Dr. Fellows by putting her mental state at issue. When Plaintiff decided to seek damages for an alleged "major depression," she put her mental state directly at issue in this case. Plaintiff cannot have it both ways: she is not entitled to prevent Defendants from discovering evidence directly bearing on her mental state, during the midst of her alleged major depression, by refusing to sign an authorization, while also seeking damages for her mental state.

It is axiomatic that a plaintiff waives a privilege of disclosure of relevant medical evidence by placing that medical condition at issue, such as filing a lawsuit for such condition or seeking damages therefor. See, e.g., Sklagen v. Greater Southeast Cmty. Hosp., 625 F. Supp 991 (D.D.C. 1984)) (granting defendant's motion to compel plaintiff to execute medical authorizations informing her physician that they could disclose medical information where plaintiff sought damages for physical injuries). The United States District Court for the District of Columbia found that the plaintiff waived the privilege against disclosure by putting her physical condition at issue when she filed the lawsuit. Id.; see also Street v. Hedgepath, M.D. & Georgetown Univ., 607 S.E.2d 1238 (D.C. 1992) (same).

## CONCLUSION

For the reasons above, Defendants request that the Court enter an Order compelling Plaintiff's execution of the medical authorization for Dr. Fellows.

Dated:  May 17, 2006

                              Respectfully Submitted,

                              /s/ Randi Seltzer May
                              _____

Randi Seltzer May
D.C. Bar No. NY0063
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, NY  10016
(212)689-8808

*Counsel for Electricité de France, S.A., and Electricité de France International North America, Inc.*

/s/ Morgan D. Hodgson
_____

Morgan D. Hodgson
D.C. Bar No. 186521
David Clark
D.C. Bar No. 473279
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 429-3000

*Counsel for Defendant Christian Nadal*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>ELECTRICITE DE FRANCE )<br>INTERNATIONAL NORTH AMERICA, )<br>INC., et al. )<br>  )<br>  Defendants. )<br>  ) | No. 1:05CV0969 (JGP) |

**ORDER**

Upon consideration of Defendants' Motion for Limited Medical Authorization and the briefs and other submissions of counsel made in connection therewith;

The Court hereby ORDERS as follows:

The Defendants' Motion is GRANTED;

Plaintiff will immediately execute a Medical Authorization, in the form attached hereto.

SO ORDERED this _____ day of _____ 2006.

_____
The Honorable John Garrett Penn
United States District Court Judge

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ,<br><br>      Plaintiff,<br><br>      v.<br><br>ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., ELECTRICITE DE FRANCE, S.A. and CHRISTIAN NADAL,<br><br>      Defendants, | Civil Action No. C5-969 (JGP)<br><br>**MEDICAL AUTHORIZATION** |

      I, Catherine Gaujacq, hereby authorize the disclosure of copies of any and all records, documents and/or files in the possession, custody or control of RHR International Company, its employees, representatives, attorneys, or agents, and/or Cheryl Fellows, Ph.D., her employees, representatives, attorneys, or agents, relating in any way to myself, including, but not limited to, notes, and psychological and/or personality tests, to Hoguet Newman & Regal, LLP, 10 East 40th Street, 35th Floor, New York, New York 10016, attorneys for defendants Electricité de France, S.A. and Electricité de France International North America, Inc. in the above-captioned action, and to Steptoe & Johnson LLP, 1330 Connecticut Avenue NW, Washington, D.C. 20036, attorneys for defendant Christian Nadal in the above-captioned action, and I authorize Cheryl Fellows, Ph.D. to testify about the same.

A photocopy of this authorization shall have the same force and effect as the original.

Dated: _____, 2006

_____
Catherine Gaujacq

Sworn to before me this
\_\_\_ day of \_\_\_\_\_, 2006