IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ ) | |
| Plaintiff, ) | |
| v. ) | No. 1:05CV0969 (JGP) |
| ELECTRICITE DE FRANCE ) INTERNATIONAL NORTH AMERICA, ) INC., et al. ) | |
| Defendants ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' DEMAND
FOR MEDICAL AUTHORIZATION**

The Plaintiff Catherine Gaujacq ("Ms. Gaujacq" or "Plaintiff") submits this memorandum in response to Defendants' Demand for Medical Authorization.

The Court may recall that Plaintiff expressed concern about signing the Authorization on two bases: 1) that the Authorization was overly broad for several reasons; and 2) that the Authorization would permit Opinion testimony, which was not permissible or admissible under the Rules. In response, Defendants assured the Plaintiff that they will not seek any opinion evidence or testimony, and do not intend to ask any questions eliciting or relating to any opinion testimony. The revised Authorization, which the Plaintiff has agreed to sign and which is attached for the Court's review, reflects Defendants' representations respecting the prohibition of opinion evidence, narrows the scope of the Authorization to the persons intended, and includes all counsel, and should therefore resolve the issues. Plaintiff's signature is currently being obtained, and the revised Authorization will be delivered to

counsel for Defendants tomorrow, and will enable them to obtain the information they represent to this Court is relevant and necessary to their defenses.

As the revised Authorization reflects, it narrows the persons of the authorization to Dr. Fellows, the management consultant interviewing Ms. Gaujacq, and her employer, RHR,[1] and specifically sets forth the topic area and timeframe as "in connection with [Ms. Gaujacq's] interviewing and qualifications for employment with ENTERGY Corporation."[2] The revised Authorization authorizes that copies be provided to all counsel, rather than solely to defense counsel. Finally, the revised Authorization confirms in writing the representations of defense counsel made to Plaintiff that they would not seek any opinion evidence or testimony and would ask no opinions of Dr. Fellows during the deposition.[3]

## CONCLUSION

The Plaintiff Catherine Gaujacq has agreed to execute the attached Authorization, and in fact, the signed copy of the revised Authorization will be delivered to counsel for Defendants by tomorrow morning. Therefore, we believe the Motion of Defendants for a Signed Authorization should be denied, as moot. In the event Defendants are not in agreement with the revised Authorization, then Plaintiff requests that the Court deny Defendants' motion, as the Defendants' proposed Authorization is unreasonably overbroad in target, topic, timeframe and scope, excludes Plaintiff from receipt, and is contrary to the explicit and direct representations of Defendants as to the scope of and the reasons for

---

[1] The prior Authorization included employees, representatives, attorneys or agents for RHR and Dr. Fellows, which is extremely broad for a national corporation, and would presumably violate attorney-client privilege and work product. There is no contention by Defendants that a wider group is necessary to obtain the information, given that it has the name of the management consultant and the corporation employing the consultant.
[2] The prior Authorization was without limitation in time, scope or matter.
[3] It is our understanding defense counsel made the same representation to counsel for RHR and Dr. Fellows.

2

requesting the information. As the Defendants will have in their hands a signed Authorization acceptable to the Plaintiff that permits the release of the relevant information to all parties, nothing now impedes Defendants from obtaining the information they are seeking, as the revised Authorization accomplishes this, is reasonably drawn to the issues in the case, provides documents and information to all counsel, and reflects the evidentiary understandings of the parties, thus rendering the motion moot.

May 22, 2006

Respectfully Submitted,

Elaine Charlson Bredehoft
D.C. Bar No. 441425
S. Christian Wickwire
D.C. Bar No. 488797
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
  Catherine Gaujacq

3