IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV0969 (JGP) |
| | ) | |
| ELECTRICITÉ DE FRANCE | ) | |
| INTERNATIONAL NORTH AMERICA, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF THEIR MOTION FOR
PLAINTIFF'S LIMITED MEDICAL AUTHORIZATION**

Defendants, Electricité de France, S.A. ("EDF"), Electricité De France International North America, Inc. ("EDFINA"), and Christian Nadal ("Nadal"), by and through their undersigned counsel, submit this Reply Memorandum in Further Support of their Motion for Plaintiff's Limited Medical Authorization and in Reply to Plaintiff's Response to Defendants Motion, filed May 22, 2006.

Contrary to Plaintiff's assertions, Defendants' motion for a limited medical authorization is not moot. Defendants have sought a standard medical authorization for Dr. Fellows' records and testimony based on Plaintiff's having waived any privilege to such information by putting her mental state directly at issue – both by her longstanding claims of emotional distress and her late-breaking claim of "major depression." After agreeing recently to provide such an authorization, Plaintiff instead now seeks, unilaterally, to restrict the scope of the release Defendants had proposed and submitted to

the Court. Defendants do not accept Plaintiff's proposed limitations on what is a standard medical release.[1]

Plaintiff's attempt to use Rule 45(c)(3)(B)(ii) of the Federal Rules of Civil Procedure, which is intended to protect Dr. Fellows from providing unpaid expert testimony, to limit the scope of Defendants' legitimate third party discovery efforts is wholly improper. Moreover, Plaintiff's proposed authorization is unworkable and manifestly unfair to Dr. Fellows and Defendants. It is neither for Plaintiff nor Dr. Fellows (or her counsel) to determine what documents or testimony are "fact" as opposed to "opinion." Rather, that is a legal issue to be determined by the Court. Indeed, requiring Dr. Fellows to make those determinations would serve to confuse and perhaps immobilize Dr. Fellows, who has taken the position that she is prohibited by Texas law from making unconsented disclosures. Subject only to the protections available under Rule 45, Defendants are entitled to the testimony and documents of Dr. Fellows, unfettered by fears that what she might say or produce might contravene the limited medical release Plaintiff would like to provide.

Permitting Plaintiff to restrict the scope of her medical authorization as she sees fit would undoubtedly impede Defendants' discovery. Plaintiff is free, by motion *in limine* or at trial, to raise any objections concerning Dr. Fellows' deposition testimony or documents and to object to the introduction of evidence Defendants might ultimately determine to use from this source. But this is discovery after all. Plaintiff should not be permitted to encumber Defendants' legitimate discovery efforts by limiting her authorization to disclosure of "non-opinion" documents and testimony.

---

[1] After having previously agreed on May 17, 2006 that she would agree to Defendants' authorization (see e-mail attached hereto as Exhibit A), Plaintiff suddenly reversed her position at 4:20 p.m. on May 22, when Plaintiff's counsel sent Defendants' counsel an e-mail with proposed changes (emails attached hereto as Exhibit B). Before Defendants' counsel had time to respond to Plaintiff's significant and unanticipated changes, Plaintiff filed her Response to Defendants' Motion, together with Plaintiff's modified authorization.

Additionally, Plaintiff's modified release improperly seeks to limit the subject matter of the subpoena to matters "in connection with [Plaintiff's] interviewing and qualifications for employment with ENTERGY Corporation." Defendants understand, however, that Dr. Fellows has worked with Ms. Gaujacq in other capacities as well, such as "coaching." Once again, this is discovery. Defendants are entitled to explore Dr. Fellows' knowledge of Plaintiff, any facts that may reflect upon Plaintiff's mental state, and where they may lead, with ultimate questions of admissibility at trial reserved for a later date. Accordingly, limiting the release to Plaintiff's hiring is not appropriate.

## CONCLUSION

For the reasons above, Defendants request that the Court enter an Order compelling Plaintiff's execution of the Limited Medical Authorization for Dr. Fellows, filed with this Court on May 15, 2006.

Dated: May 23, 2006

                        Respectfully Submitted,

                        /s/ Randi Seltzer May

Randi Seltzer May
D.C. Bar No. NY0063
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, NY 10016
(212)689-8808

*Counsel for Defendants Electricité de France, S.A. and Electricité de France International North America, Inc.*

/s/ Morgan D. Hodgson

Morgan D. Hodgson

D.C. Bar No. 186521
David Clark
D.C. Bar No. 473279
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Counsel for Defendant Christian Nadal*

**EXHIBIT A**



"Elaine Bredehoft"
<ebredehoft@charlsonbredeh
oft.com>
05/17/2006 07:14 AM

To <DRegal@hnrlaw.com>

cc "David Clark" <dclark@steptoe.com>, <mhodgson@steptoe.com>, "Jessica Bogo" <jbogo@charlsonbredehoft.com>, "Laura Hoguet"

bcc

Subject Proposed Schedule and compromise on outstanding issues

Counsel: After discussing this further with my client, and with Mr. Gaujacq, I believe we can propose a schedule and some compromises that will enable us to complete the depositions within the time contemplated and resolve the outstanding issues, and perhaps minimize travel issues as well.

2. We will WITHDRAW our objection to Ms. Gaujacq signing the Release for RHR and will appear at the deposition of Dr. Fellows in Dallas on May 30. We can then all fly to Jackson Mississippi and:

**EXHIBIT B**



**"Elaine Bredehoft"**
<ebredehoft@charlsonbredehoft.com>

05/22/2006 04:20 PM

To <RMay@hnrlaw.com>
cc
bcc
Subject RE: Proposed Schedule and compromise on outstanding issues

History: 🔁 This message has been replied to and forwarded.

-----Original Message-----
**From:** RMay@hnrlaw.com [mailto:RMay@hnrlaw.com]
**Sent:** Monday, May 22, 2006 4:12 PM
**To:** Elaine Bredehoft
**Cc:** Christian Wickwire; David Clark; DRegal@hnrlaw.com; Jessica Bogo; Laura Hoguet; mhodgson@steptoe.com
**Subject:** RE: Proposed Schedule and compromise on outstanding issues

Elaine,

Can you please send us the authorization with your modifications?

Thank you, Randi

Randi B. May
Hoguet Newman & Regal, LLP
10 East 40th Street
New York, NY 10016

Phone: (212) 689-8808
Fax:    (212) 689-5101

---

"Elaine Bredehoft"
<ebredehoft@charlsonbredehoft.com>

05/22/2006 04:00 PM

To <DRegal@hnrlaw.com>
cc "Christian Wickwire" <CWickwire@charlsonbredehoft.com>, "David Clark" <dclark@steptoe.com>, "Jessica Bogo" <jbogo@charlsonbredehoft.com>, "Laura Hoguet" <lhoguet@hnrlaw.com>, <mhodgson@steptoe.com>, <RMay@hnrlaw.com>
Subject RE: Proposed Schedule and compromise on outstanding issues

Dorthea: I have an important, unmissable, family event at 6:30 p.m. on June 2. If we take the depositions downtown I would have to leave by 5:15 to be able to make it (parking garage and

rush-hour Friday evening traffic). If we are out here in Reston, I can go until 6:00 p.m. If you think we'll have no problem with completing Mr. Gaujacq by 5:15 at the latest, I will be fine with the depositions in D.C. to accommodate everyone. Also, they will be traveling together, so Mr. Gaujacq will be there the entire time if we are in D.C., but could be close by and come in if it is here. Your choice. I will have Jessica email you the interpreter information for Mr. Gaujacq asap.

I modified the Authorization to reflect our discussions and address your concerns. I am filing it with the Court, and having Ms. Gaujacq sign it. It will get you what you need, but protects Ms. Gaujacq from opinion testimony that Randy assured us is not being sought. I hope that meets with everyone's approval, as I am getting Ms. Gaujacq's signature tonight and will email it to you first thing tomorrow.   Elaine

P.S. Can you tell I am just getting through all the emails?

-----Original Message-----
**From:** DRegal@hnrlaw.com [mailto:DRegal@hnrlaw.com]
**Sent:** Thursday, May 18, 2006 2:22 PM
**To:** Elaine Bredehoft
**Cc:** Christian Wickwire; David Clark; Jessica Bogo; Laura Hoguet; mhodgson@steptoe.com; RMay@hnrlaw.com
**Subject:** RE: Proposed Schedule and compromise on outstanding issues


Elaine:
We will confirm June 2, but we would really prefer to have the depositions take place at Steptoe's offices. Morgan has important family obligations that evening that she is concerned she may be unable to meet if the deposition is in Reston. I would prefer DC as well because it is more convenient for my travel requirements. Please let me know if we can agree on this location.

As to start time, 9:00am should be fine (although I will have to confirm with Steptoe once we have agreed on the location). We will plan to take Catherine Gaujacq's deposition first and then proceed with Philippe Gaujacq. I assume that we would be ready to start his deposition around 1:30pm - 2:00pm. As to the matter of an interpreter, please give me the contact information for the interpreter you used for M. de Botherel.

As to the medical authorization for Dr. Fellows, please forward the signed medical authorization (form attached below) as soon as possible. We would like to have that in hand before we withdraw the motion.

Dorothea W. Regal
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

Tel. (212) 689-8808
Fax (212) 689-5101
dregal@hnrlaw.com

**EXHIBIT C**



| | | |
|---|---|---|
| DCD_ECFNotice@dcd.uscourts.gov<br>05/22/2006 04:34 PM | To | DCD_ECFNotice@dcd.uscourts.gov |
| | cc | |
| | bcc | |
| | Subject | Activity in Case 1:05-cv-00969-JGP GAUJACQ v. ELECTRICITE DE FRANCE    INTERNATIONAL NORTH AMERICA, INC. et al "Response to any document" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## U.S. District Court

## District of Columbia

Notice of Electronic Filing

The following transaction was received from Bredehoft, Elaine entered on 5/22/2006 at 4:34 PM and filed on 5/22/2006

**Case Name:** GAUJACQ v. ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC. et al
**Case Number:** 1:05-cv-969
**Filer:** CATHERINE GAUJACQ
**Document Number:** 68

**Docket Text:**
RESPONSE to *Defendants' Demand for Medical Authorization* filed by CATHERINE GAUJACQ. (Attachments: # (1) Exhibit # (2) Text of Proposed Order)(Bredehoft, Elaine)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** J:\Clients\Gaujacq, Catherine\Response to Demand for Med. Auth.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=5/22/2006] [FileNumber=1113751-0]
[3e41625aa219f62400a812541fe75d4fd0bd21d8ff4e4ea27b734b58938c042126cc
2a7cd03f17d6ae69f69e06c6334de7cfbc7b81977bd520ca74f61bedcd85]]
**Document description:** Exhibit
**Original filename:** J:\Clients\Gaujacq, Catherine\Authorization-Attachment.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=5/22/2006] [FileNumber=1113751-1]
[61235f031fe1592ff885e2d0c5a7f6ea7fb57f98691dc803713860328d641445e274

25b999a37df070ef9354f65a9a94db4298bacfd1191fcd2c90f1430d40a3]]
**Document description:** Text of Proposed Order
**Original filename:** J:\Clients\Gaujacq, Catherine\Order Denying Def Motion for Med Auth.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=5/22/2006] [FileNumber=1113751-2]
[6066face03f8ff8dc96e9a83232ca5fe1485c8f6662691d867ca21ab2611efbcc708
e37852c48d250f20ea3dc31f93f8a121c416ba4ebd47dcc8e0264205c995]]

**1:05-cv-969 Notice will be electronically mailed to:**

Elaine Charlson Bredehoft    ebredehoft@charlsonbredehoft.com, mvaughan@charlsonbredehoft.com; jbogo@charlsonbredehoft.com; kquill@charlsonbredehoft.com; lhoff@charlsonbredehoft.com; cwickwire@charlsonbredehoft.com

David Allen Clark    dclark@steptoe.com,

Ronald Stephen Cooper    rcooper@steptoe.com, msherman@steptoe.com; dclark@steptoe.com; kteale@steptoe.com

Morgan Day Hodgson    mhodgson@steptoe.com

Laura Banfield Hoguet    lhoguet@hnrlaw.com, klipsett@hnrlaw.com

Dorothea W. Regal    dregal@hnrlaw.com, ecalderon@hnrlaw.com

Randi B. Seltzer-May    rmay@hnrlaw.com !

**1:05-cv-969 Notice will be delivered by other means to:**