EXHIBIT A to

DEFENDANTS' NOTICE OF ADDITIONAL AUTHORITY IN SUPPORT OF
DEFENDANTS' MOTION FOR PLAINTIFF'S LIMITED MEDICAL UTHORIZATION

# United States District Court

## Northern District of Texas

---

DATE: May 26, 2006

TO: RANDI SELTZER MAY, ESQ.

CASE NUMBER: 3:06-MC-0042-D

FAX NUMBER: 212.689.5101

FROM: U.S. Magistrate Judge Jeff Kaplan
U.S. District Court
Northern District of Texas

If you have any problems receiving this fax, please contact Judi Andrew at (214) 753-2400

Cover plus (5)page(s)

**ORIGINAL**

E-FILED
MAY 2 6 2006
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE GAUJACQ | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-06-MC-042-D |
| ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., ET AL. | § § § § | |
| Defendants. | § § | |

## MEMORANDUM ORDER

Defendants have filed an emergency motion to compel Cheryl Fellows, Ph.D. to comply with a subpoena duces tecum requiring her to appear for a deposition in Dallas, Texas on May 30, 2006 and to produce documents pertaining to a Personal Development Guide ("PDG") she prepared for Catherine Gaujacq, who has sued defendants in a Title VII employment discrimination case currently pending in the United States District Court for the District of Columbia. *Gaujacq v. Electricite de France Int'l N.A., Inc., et al.*, No. 1:05-CV-0969. In written objections to the Rule 45 subpoena, Fellows, a licensed psychologist, contends that: (1) documents relating to the PDG are confidential mental health records under Tex. Health & Safety Code Ann. § 611.001, *et seq.*; (2) the subpoena improperly seeks opinion testimony; and (3) the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Defendants now seek an order overruling these objections, compelling Fellows to appear for deposition, and requiring the production of all responsive documents. The parties have briefed their respective positions in a Joint Status Report filed on May 25, 2006, and the motion is ripe for determination.

The gravamen of this discovery dispute is whether Fellows should be required to produce documents and give testimony regarding interviews, evaluations, and diagnostic tests she performed or administered at the request of Entergy Corporation regarding Gaujacq's suitability for employment following her termination by defendants. Fellows also provided "leadership coaching" to help Gaujacq adjust to her new job. As part of her services, Fellows prepared a PDG, which has been produced to all parties in the underlying litigation. However, Fellows refuses to provide testimony or produce documents pertaining to the preparation of the PDG and her evaluation of Gaujacq.

It is undisputed that Fellows does not practice clinical psychology, was not retained to assess or diagnose mental illness, and never treated Gaujacq for mental or emotional problems resulting from the termination of her employment by defendants. Nevertheless, Fellows objects that any documents relating to the PDG are confidential mental health records under Tex. Health & Safety Code Ann. § 611.001, *et seq.* To the extent this statute is applicable, a health care professional may disclose confidential information "to a person who has the written consent of the patient[.]" Tex. Health & Safety Code Ann. § 611.004(a)(4). Gaujacq has executed such an authorization, permitting Fellows to produce "non-opinion records, documents and/or files" and to give testimony "as to any fact knowledge she may have[.]" (*See* Jt. Stat. Rep., 5/25/06, Exh. A). This limited authorization moots Fellows' confidentiality objection.[1]

Fellows further objects to the subpoena to the extent it requires her to give opinion testimony. Fed. R. Civ. P. 45(c) provides, in pertinent part:

> If a subpoena . . . requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

---

[1] Although the parties disagree whether Gaujacq can properly limit the scope of her authorization without waiving confidentiality, that issue will be decided by the presiding judge in the underlying litigation. (*See* Jt. Stat. Rep., 5/25/06 at 3).

* * * *

> the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

Fed. R. Civ. P. 45(c)(3)(B)(ii). The purpose of this rule is to protect the intellectual property of third-parties. *See* Fed. R. Civ. P. 45, Adv. Comm. Notes (1991). Although experts are not exempt from the duty to give evidence, "compulsion to give evidence may threaten the intellectual property of experts denied the opportunity to bargain for the value of their services." *Id*. Rule 45 establishes the right of such persons to withhold their expertise, "at least until the party seeking it makes the kind of showing required for a conditional denial of a motion to quash as provided for in the final sentence of subparagraph (c)(3)(B)." *Id.*; *see also Grider v. Keystone Health Plan Central, Inc.*, No. 05-MC-40, 2005 WL 2030456 at *7 (M.D. Pa. Jul. 28, 2005).

Defendants assure the court they will inquire only as to "specific events or occurrences in dispute." If such is the case, this situation is analogous to the circumstances presented when a private litigant seeks testimony from a non-party treating physician. A treating physician is considered an ordinary fact witness and may be required to answer questions, based on personal knowledge of the examination, diagnosis, and treatment of a patient, that implicate the physician's expertise. *See Young v. United States*, 181 F.R.D. 344, 346 (W.D. Tex. 1997). However, a party may not question a physician who has not been retained as an expert about medical issues not involved in his diagnosis and treatment. *Id.* Similarly, defendants may depose Fellows regarding interviews, evaluations, and diagnostic tests she performed or administered at the request of Entergy Corporation regarding Gaujacq's suitability for employment, as well as "leadership coaching" to help

Gaujacq adjust to her new job. That such testimony also may implicate Fellows' expertise is not grounds for quashing or modifying the subpoena. *See, e.g. In re Public Offering PLE Antitrust Litigation*, 233 F.R.D. 70, 77 (D. Mass. 2006) (discovery of factual information does not compromise "intellectual property" of a witness); *Grider*, 2005 WL 2030456 at *7 (declining to quash Rule 45 subpoena absent showing that deposition of third-party witness is likely to focus on expert opinion rather than factual issues); *Arkwright Mutual Ins. Co. v. National Union Fire Ins. Co. of Pennsylvania*, 148 F.R.D. 552, 557 (S.D. W.Va. 1993) (same). In the event defendants stray from a factual inquiry into an unauthorized exploration of Fellows' expert opinion, Fellows may petition the court for payment of her expert fees. *See Arkwright Mutual*, 148 F.R.D. at 558 n.13, *citing* Fed. R. Civ. P. 45, Adv. Comm. Notes (primary remedy under Rule 45(c)(3)(B)(ii) is to allow unretained expert "the opportunity to bargain for the value of their services").

Finally, Fellows, joined by Gaujacq, objects that the testimony and documents sought by defendants are not reasonably calculated to lead to the discovery of admissible evidence. The court disagrees. Gaujacq alleges that she suffered emotional distress and related damages as a result of her termination by defendants. What Gaujacq told Fellows in their interviews about her ability to work and assume new job responsibilities, as well as the results of any diagnostic testing, are clearly relevant to Gaujacq's damage claim. This objection is overruled.

## CONCLUSION

For these reasons, defendant's emergency motion to compel compliance with a subpoena [Doc. #1] is granted. Cheryl Fellows, Ph.D. is ordered to appear for deposition on **May 30, 2006** at **10:00 a.m.** at the offices of Thompson, Coe, Cousins & Irons, LLP, 700 Pearl Street, 25th Floor, Dallas, Texas 75201, and produce all documents specified in the subpoena duces tecum consistent

with the limited authorization executed by Catherine Gaujacq. If any problems arise during this deposition, the parties are invited to initiate a telephone conference with the magistrate judge.

SO ORDERED.

DATED: May 26, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE