UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATHERINE GAUJACQ,**            ) | |
|                **Plaintiff,**     ) | |
| v.                                 ) | Civil Action No. 05-0969 (JGP) |
| **ELECTRICITE DE FRANCE**          ) | |
| **INTERNATIONAL NORTH AMERICA, INC.,** ) | |
| **ELECTRICITE DE FRANCE, S.A.,**   ) | |
|                and                  ) | |
| **CHRISTIAN NADAL**                ) | |
|                **Defendants.**    ) | |

## ORDER

Presently before the Court is **Defendants' Motion for Plaintiff's Limited Medical Authorization [#66] ("Def.'s Mot.")**[1], and specifically their "request that the Court enter an Order compelling Plaintiff's execution of the medical authorization for Dr. Fellows."[2] Def.'s

---

[1] When citing the accompanying Memorandum in Support of Defendants' Motion for Plaintiff's Limited Medical Authorization, the Court will use the abbreviation "Def.'s Memo".

[2] The following, which plaintiff does not take issue with, is important background information in deciding the instant issue:

> Dr. Fellows, a corporate management psychologist of RHR International Company in Dallas, Texas, interviewed Plaintiff at least one time in or around January 2005. [I]n January 2005, Dr. Fellows authored a document concerning Plaintiff's mental state.[] Defendants served a subpoena duces tecum[] on Dr. Fellows on May 4, 2006 and noticed her deposition for May 30, 2006 . . . . Dr. Fellows has requested that Plaintiff provide her with a medical authorization before she produces documents and testifies about facts concerning Plaintiff.

Memo at 4.  This relief should be granted, according to defendants, on the following ground:

> When Plaintiff decided to seek damages for an alleged "major depression," *she put her mental state directly at issue in this case*. Plaintiff . . . is not entitled to prevent Defendants from discovering evidence directly bearing on her mental state, during the midst of her alleged major depression, by refusing to sign an authorization, while also seeking damages for her mental state.

*Id*. at 3 (emphasis added).

Within Plaintiff's Response to Defendant's Demand for Medical Authorization [#68] ("Pl.s Resp."), plaintiff characterized the proposed Medical Authorization, which defendants attached to their instant Motion, as "overly broad[.]" Pl.s Resp. at 1.  Plaintiff further argued therein that the language of defendants' proposed Medical Authorization would "permit Opinion testimony, which [is] not permissible or admissible under the Rules." *Id*.  As a compromise of sorts, plaintiff made the following modifications to defendants' proposed Medical Authorization: "[t]he revised Authorization, which Plaintiff has agreed to sign[,] . . . respect[s] the prohibition of opinion evidence, narrows the scope of Authorization to persons intended, and includes all counsel, and should therefore resolve the issues." *Id*.  Were the Court to accept plaintiff's revision, she would then move for denial of defendants' Motion as moot. *See id*. at 2.

Defendants rejected plaintiff's revision of the Medical Authorization within Defendants' Reply Memorandum of Law in Further Support of Their Motion for Plaintiff's Limited Medical Authorization [#69] ("Pl.s Reply").  Therein, defendants asserted that their "motion for a limited medical authorization is not moot" for the following reason:

---

Def.'s Memo at 2.

> Plaintiff's proposed authorization is unworkable and manifestly unfair to Dr. Fellows and Defendants. *It is neither for Plaintiff nor Dr. Fellows (or her counsel) to determine what documents or testimony are "fact" as opposed to opinion."* Rather, *that is a legal question to be determined by the Court.*

Pl.s Reply at 1, 2 (emphasis added). Defendants further asserted that

> Plaintiff is free, by motion *in limine* or at trial, to raise any objections concerning Dr. Fellows' deposition testimony or documents and to object to the introduction of evidence Defendants might ultimately determine to use from this source.

*Id.* at 2.

It is firmly established and "has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citing *Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters Chauffers, Warehousemen and Helpers*, 161 U.S. App. D.C. 173, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (other citation omitted)); *see United Presbyterian Church v. Reagan*, 238 U.S. App. D.C. 229, 738 F.2d 1375, 1382 (D.C. Cir. 1984) ("Trial courts enjoy wide discretion in handling pretrial discovery matters.").

Here, the Court has reviewed *both* of the Medical Authorizations proposed by the parties. Having done so, the Court concludes that plaintiff should execute the Medical Authorization for Dr. Fellows which is attached to defendants' Motion. *Cf.*, *e.g.*, *Heat & Control*, *Inc. v. Hester Industries*, *Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) ("[A] court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." (quoting Fed. R Civ. P. 26(b)(1) Notes of Advisory Committee on Rules, 1983 Amendment)). Notwithstanding, where the Court determines that any or all the deposition

3

testimony of Dr. Fellows is irrelevant, prejudicial, overly broad, or otherwise violates the Court's Local Civil Rules or the Federal Rules of Civil Procedure, on Motion or objection by plaintiff, the Court will exclude the testimony.

Accordingly, and for the reasons set forth above, it is hereby

**ORDERED** that Defendants' Motion for Plaintiff's Limited Medical Authorization [#66] ("Def.'s Mot.") shall be **GRANTED**.


**Date: May 30, 2006**                                  **JOHN GARRETT PENN**
                                                        **United States District Judge**