IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| Plaintiff, | ) |
| v. | ) No. 1:05CV0969 (JGP) |
| ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., et al. | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendants Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA") and Christian Nadal ("Nadal")'s Motion to Compel is necessary to obtain full and complete discovery from Plaintiff and to assess and redress Plaintiff's failure to produce responsive documents before the discovery cutoff. The federal courts have consistently expressed a preference for a broad scope of discovery. *See, Hickman v. Taylor*, 328 U.S. 495, 501 (1947); *North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49 (D.D.C. 2005). Plaintiff has overtly refused to produce documents in response to proper requests, thereby depriving Defendants of access to potentially important evidence.

Plaintiff was obligated to provide Defendants with the documents sought in this Motion to Compel in time to make use of them in discovery.[1] Defendants should have them still, and the Court should ensure that Defendants

---

[1] Following receipt of Plaintiff's Objections late in the day on May 26, 2006 Defendants' counsel asked to meet and confer with Plaintiff's counsel on these issues *prior* to the resumption of Plaintiff's deposition on June 2, 2006 at 8:30 a.m. *See* May 30, 2006 letter from Defendants' counsel to Plaintiff's counsel regarding Plaintiff's Objections and Requesting Meet and Confer Conference ("Defendants' Meet and Confer Letter")(attached hereto as Exhibit A)  Plaintiff's counsel informed Defendants' counsel that she could not accommodate Defendants' meet and confer request prior to Monday, June 2, 2006 due to other scheduling conflicts.  *See* May 31, 2006 email from Defendants' counsel to Plaintiff's counsel dated May 31, 2006, and Plaintiff counsel's May 31, 2006 response thereto (attached hereto as Exhibit B).

are not prejudiced by Plaintiff's conduct by permitting necessary additional discovery to be completed or other corrective measures implemented once there is compliance with the proposed Order.

## ARGUMENT

**I.     Plaintiff Should Produce Documents Relating to Housing and Storage Costs in France.**

At the same time she is pursuing damages involving claims for both U.S. housing payments and storage charges for furniture in France, Plaintiff has refused production of documents closely related to those subjects. The two requests and responses at issue state:

> **7.     All documents concerning any residence owned or otherwise maintained by you in France over the period of January 1, 2000 to date, including but not limited to deeds, mortgages, leases, and payments.**
>
> **OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.
>
> **RESPONSE:** Plaintiff stands on her objections.
>
> **16.     All documents relating to the furniture you had in France, including but not limited to contracts or bills, which you referenced at page 452 of your deposition.**
>
> **OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).
>
> **RESPONSE:** Plaintiff stands on her objections.

Plaintiff's Objections and Responses to Defendants' Second Request for the Production of Documents, (attached hereto as Exhibit C) at 4-5, 8.

Regarding Plaintiff's relevance objection to questions directed at housing and furniture storage expenses in France, Defendants explained to Plaintiff, both in writing and in conference, that this information is relevant to an analysis of Plaintiff's damages claim, particularly since her claim includes compensation based on the payment by EDF of housing expenses for expatriates serving abroad. *See* Ex. A at 3. Documents regarding any residence in France are also relevant for comparisons of the net benefit to Plaintiff under various damages scenarios, some of

which include payments of U.S. housing costs designed to offset expenses that might continue in France for employees serving abroad. *See id.*

The relatedness of Plaintiff's housing in France to housing benefits paid by EDF in the U.S. can be seen, *inter alia*, at p. 4 of the translation of the agreement entitled "Specific Conditions Applicable to the Long Term Assignment of Catherine Gaujacq to Washington, (attached hereto as Exhibit D). There, Ms. Gaujacq: (1) elects domicile at a residence in Montgenevre, France; (2) secures certain furniture storage benefits in France; and (3) secures the benefit of housing in the U.S. at no cost to her. *Id*.

After discussing these Requests at the meet and confer conference on June 5, Plaintiff's counsel responded to Defendants on June 8. Plaintiff refused to provide the documents sought, her counsel stating her position as follows: "On the ownership of a home in France, I discussed this with Neil Demchick [who is *Plaintiff's* damages expert] and he said he would need more specific reasons provided by you to fathom the relevance." June 8, 2006 Email of Elaine Bredehoft, (attached hereto as Exhibit E) ¶ 5. With all due respect, the choice whether to produce is not one for Plaintiff's damages expert to make. Here, Defendants have made clear that they may wish to consider this information in their rebuttal position on damages, plainly a relevant subject in this litigation. It is more than enough justification for a legitimate discovery request that Plaintiff seeks damages that include the loss of a housing expense benefit paid by Defendant EDF for expatriates serving abroad and that Defendants wish to *develop* their arguments concerning the nature and extent of Plaintiff's actual housing expenses in the U.S. and France.

For these reasons, documents relating to Plaintiff's French residence(s) and expenses related to storage of furniture in France may reasonably lead to the discovery of admissible evidence on Plaintiff's damages claim and Defendants' defenses thereto. Fed. R. Civ. P. 26 (b)(1). All documents responsive to Defendants' Request Nos. 7 and 16 should be ordered produced forthwith.

**II.    Plaintiff Should Produce Her Calendars and Similar Documents.**

Defendants have sought documents that would reveal (among other things) Plaintiff's whereabouts during the last year of her employment (*e.g.*, Plaintiff's calendars).

> **9.    All calendars or other documents showing travel dates and/or meetings for 2004-2005.**
>
> **OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege,

and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 2509-2528. Other documents produced may also be responsive to this Request.

*See* Ex. C at 5.

As the Court is aware from argument at the May 15, 2006 status conference, there are disputes regarding statements that Plaintiff made -- both in 2004 and later under oath at her deposition -- as to her location in 2004. In response to this document request, however, Plaintiff produced only a hard copy of an Excel file (Bates Nos. 2509-2528) (attached hereto as Exhibit F). That Excel file, subsequently used as Gaujacq Deposition Exhibit 93, is not a contemporaneous calendar or record, but a document created from scratch by Plaintiff that lists selective information about Plaintiff's location at various points in time. At deposition, Plaintiff also testified that there have been prior versions of Exhibit 93, that she did not know if she had produced all earlier versions, that she may have destroyed some prior versions, and that she had constructed Exhibit 93 from other documents. The relevant deposition testimony regarding Exhibit 93 makes clear that Plaintiff's approach to providing all responsive non-privileged documents has been appallingly inadequate. *See* deposition excerpts concerning Exhibit 93 (attached hereto as Exhibit G).

In addition to the disputes about Plaintiff's locations at specific points in time and questions of her truthfulness to her superiors in that regard, calendars and similar documents, travel schedules, and other documents detailing the whereabouts and activities of Plaintiff are also relevant to assertions Plaintiff is making in this litigation about the comparative scope of Plaintiff's and Defendant Nadal's jobs for purposes of her claim under the Equal Pay Act. *See, e.g.*, Complaint ¶ 332.[2] Indeed, Plaintiff herself has demanded the production of Defendant Nadal's calendars in discovery, and those calendars have been produced.

---

[2] Paragraph 332 of the Complaint alleges: "Ms. Gaujacq was replaced as President of EDFINA by Mr. Nadal, a male. Mr. Nadal was paid a salary that was approximately 60% higher than the salary paid to Ms. Gaujacq

After discussing these issues with defense counsel in the meet and confer conference on June 5, 2006 Plaintiff's counsel initially indicated that she would undertake to confirm with Plaintiff whether Plaintiff had her calendars for the requested time period, presumably for purposes of producing them. However, the June 8, 2006 email from Plaintiff's counsel, provides no further information on this subject as promised. *See* Ex. E. Production of *all* documents responsive to Request No. 9, including Plaintiff's calendars and all other documents providing calendar-type or chronological information, and all prior versions of Exhibit 93 and all documents that would reflect dates on any version of Exhibit 93, should be ordered at this time. If Plaintiff has deleted or destroyed any responsive materials, including prior iterations or versions of Gaujacq Deposition Exhibit 93, full particulars should be disclosed to the Court and Defendants.

### III.     Plaintiff Should Produce Her Credit Card Statements.

Plaintiff has flatly refused to produce documents in response to the following request for credit card information:

> **10.     All credit card statements for any account in Plaintiff's name or on which Plaintiff was authorized to incur charges for each month in the years 2004 and 2005.**
>
> **OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.
>
> **RESPONSE:** Plaintiff stands on her objections.

*See* Ex. C at 5.

Following Plaintiff's outright refusal to produce these documents, Defendants' May 30, 2005 letter explained the relevance of the requested documents in an attempt to avoid the need for this motion:

> Request 10 seeks Plaintiff's credit card statements for 2004 and 2005, and Plaintiff has made no production in response. Once again, given Plaintiff's own

---

as President. Mr. Nadal had the same responsibilities (or less, since Ms. Gaujacq retained all responsibility for the Project and Mr. Nadal did not pick up additional responsibilities to make up for that difference) as Ms. Gaujacq had as President."

> document production requests for the same or similar documents [a reference to Plaintiff's demand for, and Defendants' production of, the American Express statements reflecting charges by all EDF employees using EDFINA cards], it is difficult to believe that the Court would entertain such a blanket relevance objection. In any event, without limitation, these documents may lead to discovery of admissible evidence concerning Plaintiff's whereabouts during the periods in question, the lack of effect on Plaintiff of claimed actions with respect to her EDFINA charge privileges, and information relating to expenses she claims as elements of her damages in this case. The objection should be withdrawn and full production made immediately, particularly in light of the Court-ordered resumption of Plaintiff's deposition on Friday, June 2, to inquire, *inter alia*, about Plaintiff's damage claims.

*See* Ex. A at 3.

These requested documents may lead to admissible evidence regarding disputes with respect to Plaintiff's location during the period that she worked for Defendants. They may also lead to admissible evidence to defend against Plaintiff's claims of damages in terms of expenses incurred, and to defend against Plaintiff's claims regarding cancellation of a credit card by Defendants.

Plaintiff failed to make the required production in time for use in Plaintiff's deposition on June 2, and, even following the deposition, has continued to stand on her general objection. When the parties conferred about these issues, Plaintiff's counsel provided no response to any of the arguments made by Defendants, other than to say that a motion to compel would be required.

The discovery rules do not permit Plaintiff to serve as the arbiter of what she will produce absent valid objections, which do not exist here. Permitting Plaintiff to determine what documents the Defendants need invades the authority of the Court. *See Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998) (ordering defendant to produce documents previously withheld for reasons of relevance, because "[t]he defendant, having no incentive to err on the side of disclosure, has arrogated to itself the authority to decide the question of relevance which is unquestionably the decision of the judge"). Plaintiff should be ordered to produce these documents forthwith and Defendants afforded a reasonable opportunity to question Plaintiff about them.

**CONCLUSION**

Plaintiff's groundless objections should be overruled, and she should be ordered to comply forthwith. For the reasons above, Defendants request that the Court: (1) overrule Plaintiff's objections to the individual Document Requests 7, 9, 10 and 16 and compel full production of responsive documents forthwith and a full explanation regarding any such responsive documents that no longer exist; (2) permit Defendants, as necessary, to continue

- 7 -

Plaintiff's deposition in Washington, DC at her expense to examine her on any late-produced documents and to reopen, if necessary, other depositions for further inquiry into late-produced documents; and (3) order that Plaintiff pay Defendants' reasonable expenses, including attorneys' fees, of litigating this motion to compel.

Dated: June 16, 2006

                                      Respectfully submitted,

                                      _____

                                      Dorothea Regal
                                      D.C. Bar No. NY0064
                                      Randi B. Seltzer-May
                                      D.C. Bar No. NY0063
                                      HOGUET NEWMAN & REGAL, LLP
                                      10 East 40th Street
                                      New York, NY  10016
                                      (212) 689-8808

                                      *Counsel for Defendants Electricité de France, S.A.*
                                      *and Electricité de France International North*
                                      *America, Inc.*

                                      _____

                                      Morgan D. Hodgson
                                      D.C. Bar No. 186528
                                      David A. Clark
                                      D.C. Bar No. 473279
                                      STEPTOE & JOHNSON LLP
                                      1330 Connecticut Avenue, N.W.
                                      Washington, D.C.  20036
                                      (202) 429-3000

                                      *Counsel for Defendant Christian Nadal*