# EXHIBIT A

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

Morgan D. Hodgson
Tel 202.429.6219
Fax 202.261.9821
mhodgson@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

May 30, 2006

**VIA E-MAIL**

Elaine Charlson Bredehoft, Esquire
Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, VA 20190

> Re:    **Gaujacq v. Electricité De France International North America, Inc., et al.,
> U.S.D.C. for the District of Columbia, No. 1:05CV0969 (JGP)**

Dear Elaine:

I write on behalf of all Defendants to raise several concerns about the sufficiency of Plaintiff's Objections and Responses to Defendants' Second Request for Production of Documents to Plaintiff, which we received late Friday afternoon. Given the time sensitivity associated with much of this information and the nearness of the rebuttal expert report deadline, we have turned our attention to it immediately. We need to discuss very promptly your willingness to supplement certain answers so as not to imperil the current schedule..

Request Nos. 1 and 2:    Request No. 1 seeks a copy of Plaintiff's passport and associated stamps. You objected on relevance grounds, which is difficult to understand given the disputes to date and conflicting deposition testimony over Plaintiff's travel schedule, as well as the extensive discovery Plaintiff has propounded regarding the travel schedule of defendant Christian Nadal. The response to Request No. 2 (a slightly broader request for documents showing Plaintiff's travel) is similar. If you have produced less than all the documents sought we would ask that you produce these documents on your client's behalf.

Request No. 3:    This request seeks documents provided to or reviewed by Plaintiff's experts. Your response states that these documents have previously been produced. To the contrary, on May 11, 2006 and May 23, 2006 we have specifically brought to your attention several documents relied upon by Mr. Demchick that did not bear Bates numbers and have not

Elaine Charlson Bredehoft
May 30, 2006

been produced by Plaintiff (see also the end of the list included in Mr. Demchick's report).
These are documents to which Defendants are unquestionably entitled, and they have relevance
to expert analysis that is currently underway. Please produce such materials immediately.

    Request No. 4:   This request seeks all records of Plaintiff's consultation, examination,
diagnosis or treatment by any medical personnel from June 2000 to the present, expressly
including documents in the possession of such medical personnel. The request is directly
relevant to Plaintiff's claims of emotional distress and "Major Depression" and the responsive
documents are needed by our expert witness. Plaintiff has offered unsupportable objections
regarding burden, relevance and privilege and provided in response only a single cancelled check
which appears to relate to a medical appointment in Spring 2006 and one document which
appears to relate to a medical appointment in Summer 2004.

    From her deposition testimony Defendants are already aware that Plaintiff underwent
surgery in the fall of 2004, and from the Entergy deposition it is clear that she was required to
complete a full medical examination in connection with her employment at Entergy. Beyond
that, it would seem likely that Plaintiff would have consulted healthcare providers over the years
in question, including annual exams, sick visits, etc. Information sent to Plaintiff from or
recorded by such providers is likely to include relevant observations (or lack of observations)
regarding her health. Information both before and during her claimed period of mental illness is
needed to assess whether Plaintiff's claims that Defendants' alleged conduct caused her claim of
Major Depression can be substantiated.

    Particularly troubling about Plaintiff's failure to produce responsive records that she and
her health care providers have (records she controls by law) was your silence in the face of
correspondence from Defendants on April 26, and yet again on May 4, 2006, expressing our
expectation that Plaintiff would be producing these documents and explaining the importance of
this information and the need to have it early in order to maintain the expert discovery schedule.
When the Court at the May 15 status conference asked if there were other matters to address, you
said nothing about your plan to attempt to deny Defendants this information – an issue which had
already been highlighted by our letters and could have been addressed with the Court. At this
time, we ask for full and immediate production of all responsive documents already in Plaintiff's
possession (such as bills, explanations of benefits, calendars and other documents concerning
these matters). As to the medical records which are in Plaintiff's control but which may not now
be in her possession (because she made no effort to collect the documents within her control), we
will need an undertaking from you and Plaintiff to collect such responsive documents and to
produce them, and, if necessary, a concomitant agreed-upon extension of the date for our rebuttal
expert's report.

    I recognize that there may be specific health records and documentation of which
Defendants are unaware that may pose particular privacy issues for Ms. Gaujacq. If such is the
case with Plaintiff, we are more than willing to work with you to reach a mutually satisfactory
accommodation for any documents that are not absolutely necessary – for example, redacting the
specifics of diagnoses that do not bear on her claims of mental illness or notes that reveal
medical information that Plaintiff legitimately believes is very sensitive and will not reasonably

Elaine Charlson Bredehoft
May 30, 2006

lead to the discovery of admissible evidence in this case. Please be prepared when we meet and confer to address whether such circumstances exist.

      Request Nos. 7 and 16: Request No. 7 seeks documents relating to any residence maintained by Plaintiff in France from January 1, 2000 to date. Without limitation, this information is relevant to an analysis of Plaintiff's damages claims, particularly since part of her claim includes compensation based on the payment by EDF of housing expenses for expatriates serving abroad. Documents regarding any residence in France are also relevant for comparisons of the net benefit to Plaintiff under various damages scenarios. Again, immediate production is necessary if damage to the expert discovery schedule is to be avoided. Plaintiff's objections and complete failure to respond to Request No. 16 are deficient for the same basic reasons.

      Request No. 10: Request 10 seeks Plaintiff's credit card statements for 2004 and 2005, and Plaintiff has made no production in response. Once again, given Plaintiff's own document production requests for the same or similar documents, it is difficult to believe that the Court would entertain such a blanket relevance objection. In any event, without limitation, these documents may lead to discovery of admissible evidence concerning Plaintiff's whereabouts during the periods in question, the lack of effect on Plaintiff of claimed actions with respect to her EDFINA charge privileges, and information relating to expenses she claims as elements of her damages in this case. The objection should be withdrawn and full production made immediately, particularly in light of the Court-ordered resumption of Plaintiff's deposition on Friday, June 2, to inquire, *inter alia*, about Plaintiff's damage claims.

      Request No. 11: This request seeks documents about Plaintiff's benefits at Entergy Nuclear, Inc. The fact that documents are obtainable or have been obtained from Entergy is not a valid objection. As to documents that are exact duplicates of documents that have been produced by Entergy pursuant to subpoena, please advise which such documents are in Plaintiffs' possession, custody, or control, and no duplicative production will be necessary. However, Defendants are entitled to receive all other responsive documents in Plaintiff's possession, custody or control, whether or not subject to the Entergy subpoena or produced by Entergy. Again, as with several other Requests, such information is needed for Plaintiff's deposition scheduled for Friday, June 2, as well as for our damages expert's rebuttal report due June 15, 2006.

      Requests Nos. 13, 14, 18: In these responses Plaintiff states, after objections: "Without waiving objections, none in Plaintiff's *possession.*" (emphasis added) Request No. 14, which seeks, *inter alia*, a tape recording Plaintiff concedes she made of a telephone conversation with one of Defendants' executives, is one of the Requests to which this response is given. As you will recall, at deposition Plaintiff said she taped the telephone call but could not locate it. As stated, such a response that is limited to documents in one's possession is overly narrow in that it does not address documents that may be in the possession of others but under Plaintiff's control (or custody), which are required to be produced as well under the discovery rules. For example, Defendants are entitled to the tape recording if it can be located not only in her possession, but in the possession of her husband or any third party who assisted in making the recording. If responsive documents exist within Plaintiff's control or custody that respond to any of the above

- 3 -

Elaine Charlson Bredehoft
May 30, 2006

Requests they should be secured and produced immediately whether or not they are currently in her "possession."

Given the time sensitivity of these matters and their potential effects on a schedule predicated on the expectation of full and complete answers to discovery timely served, <u>please advise as to your availability, and/or the availability of your colleague Ms. Quill, for a meet and confer conference to be scheduled on Wednesday, May 31.</u> Email is the quickest way for you to reach me tomorrow.

I appreciate your anticipated cooperation and look forward to hearing from you.

Sincerely,

Morgan

Morgan D. Hodgson

cc: Dorothea Regal
    Randi May
    David Clark
    Kathy Quill

# EXHIBIT B

FW: Please see attached letter re: plaintiff's discovery responses    Page 7 of 20    Page 1 of 2

Case 1:05-cv-00969-HHK    Document 74-3    Filed 06/16/2006    Page 7 of 20


## Hodgson, Morgan

| | |
|---|---|
| **From:** | Elaine Bredehoft [ebredehoft@charlsonbredehoft.com] |
| **Sent:** | Wednesday, May 31, 2006 1:13 PM |
| **To:** | Hodgson, Morgan |
| **Cc:** | Kathy Quill; DRegal@hnrlaw.com; Clark, David; RMay@hnrlaw.com |
| **Subject:** | RE: Please see attached letter re: plaintiff's discovery responses |

Morgan: I received your letter and am in the process of communicating with my client about the issues you have raised. I hope to have some answers for you shortly. In the event we are unable to resolve our differences, which I am hopeful we are able to, I can be available early Monday morning for a conference call, perhaps 8:00 or 8:30 a.m.? I have depositions tomorrow and will be in your offices on Friday for the Gaujacqs' depositions. In the event we have time, perhaps we can talk then. Elaine

-----Original Message-----
**From:** Hodgson, Morgan [mailto:MHodgson@steptoe.com]
**Sent:** Wednesday, May 31, 2006 1:05 PM
**To:** Elaine Bredehoft
**Cc:** Kathy Quill; DRegal@hnrlaw.com; Clark, David; RMay@hnrlaw.com
**Subject:** FW: Please see attached letter re: plaintiff's discovery responses
**Importance:** High

Dear Elaine:

Having followed the email traffic this morning that you have sent both counsel for defendants and counsel for RJR and Dr. Fellows I assume you have seen the attached email that I sent to you yesterday regarding Plaintiffs' response to Defendants' 2d set of document requests. I attach it again for your convenience.

As indicated therein, we ask for a meet and confer conference today. Since I have not heard from you I want to again request such a conference, either with you or either of your colleagues, Mr. Wickwire or Ms. Quill, or at least a call from you to schedule a conference. We are at the end of fact discovery and need to resolve promptly to see whether we can reach agreement on the issues raised in our letter or whether we need to move to compel.

Thank you, and I look forward to hearing from you shortly.

Morgan

Morgan D. Hodgson
Steptoe & Johnson LLP
1330 Connecticut Avenue NW
Washington, DC 20036
202.429.6219 (voice)
202.261.9821 (fax)

---

**From:** Hodgson, Morgan

**Sent:** Tuesday, May 30, 2006 10:55 PM

**To:** Elaine Charlson Bredehoft (ebredehoft@charlsonbredehoft.com); 'kquill@charlsonbredehoft.com'

**Cc:** DRegal@hnrlaw.com; Clark, David; 'RMay@hnrlaw.com'

Case 1:05-cv-00969-HHK    Document 74-3    Filed 06/16/2006    Page 8 of 20

**Subject:**    Please see attached letter re: plaintiff's discovery responses


&lt;&lt;Letter to Ms. Bredehoft re 2nd Document Request Responses.pdf&gt;&gt;

Morgan D. Hodgson
Steptoe & Johnson LLP
1330 Connecticut Ave. NW
Washington, D.C. 20036-1795
202.429.6219 (voice)
202.261.9821 (desktop fax)

* * * * * * * * * * * * * * * * *
I

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHERINE GAUJACQ )
)
Plaintiff, )
)
v. ) No. 1:05CV0969 (JGP)
)
ELECTRICITE DE FRANCE )
INTERNATIONAL NORTH AMERICA, )
INC., et al )
)
Defendants. )
)

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), pursuant to the Rule 34 of the Federal

Rules of Civil Procedure, hereby objects and responds to Defendants' Second Request for

Production of Documents as follows.

### GENERAL OBJECTIONS

The following objections apply to the Requests as a whole, and to each of the separate

Requests.

The provision or identification of any document or information in connection with this

response does not constitute an admission that such document or information is relevant to any

issue in this case or is admissible at trial of this action.

1       Ms. Gaujacq objects to the Requests to the extent they would require Ms. Gaujacq

to provide or reveal the contents of any document or information privileged from disclosure

pursuant to the attorney-client privilege, the qualified immunity provided to litigation work

product, or any other applicable privilege. Ms. Gaujacq will not provide such information

Virtually every document request that uses the term "concerning" therefore includes an attorney-client and work product objection, because any communication with counsel relating to that issue, including communication to prepare discovery responses, would presumably be responsive to these requests. This same use of the term concerning, coupled with "All documents," also draws the objection of overly broad and not relevant. Notwithstanding the above, for those responses Plaintiff will be providing documents, Plaintiff will not be producing those which are privileged or protected, or are far afield of relevant issues in the case.

2.     Ms. Gaujacq objects to the Requests to the extent they seek to impose a duty to supplement in addition to that required by the Rules. Ms. Gaujacq will supplement her responses to the extent required by law.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**1.     A copy of Plaintiff's passport including all stamps, if any, reflecting travel to any country outside of the United States for the entire year of 2004.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 2529 - 2532. Other documents produced may also be responsive to this Request.

**2.     Documents sufficient to show Plaintiff's travel to any and all countries outside the United States during 2004.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

2

**RESPONSE:** Without waiving objections, please see Plantiff's response to Request No

1. Other documents produced may also be responsive to this Request.

      **3.**      **To the extent not already produced, all documents provided to or reviewed by either or both of Plaintiff's proposed expert witnesses, Liza H. Gold, M.D. and Neil Demchick, CPA, CBA, CVA, CRRA, respectively, in connection with the preparation of the proposed experts' reports.**

      **OBJECTION:** Plaintiff objects to this Request on the grounds that it is duplicative and

harassing.

      **RESPONSE:** Without waiving objections, responsive documents were previously

produced.

      **4.**      **All documents concerning any consultation, examination, diagnosis or treatment sought or obtained from any and all medical professionals, including but not limited to, physicians, nurses, paramedics or other paraprofessionals, physical therapists, psychiatrists, psychologists, psycho pharmacologists, psycho-therapists, or any other medical providers or social workers (hereafter "medical personnel") (a) with whom either Plaintiff communicated and/or (b) from whom Plaintiff sought and/or received treatment concerning any physical, mental or emotional conditions from June 2000 to the present. Included in this request are any of Plaintiff's medical records currently within the possession, custody or control of any medical personnel.**

      **OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

      **RESPONSE:** Without waiving objections, please see document Bates stamp no.

2533. Other documents produced may also be responsive to this Request

5.    **All documents concerning the embarrassment, humiliation, severe mental anguish, stress, pain and suffering, emotional pain, and loss of enjoyment of life, as alleged in the Complaint.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 1 - 2542

6.    **All documents concerning any diagnosis of "major depression" or any other psychological, mental or emotional condition from June 2000 to the present.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, none in Plaintiff's possession.

7.    **All documents concerning any residence owned or otherwise maintained by you in France over the period of January 1, 2000 to date, including but not limited to deeds, mortgages, leases, and payments.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

4

**RESPONSE:** Plaintiff stands on her objections.

8.    **A copy of your 2005 tax return and all schedules and worksheets.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 2534 - 2542. Other documents produced may also be responsive to this Request.

9.    **All calendars or other documents showing travel dates and/or meetings for 2004 and 2005.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 2509 - 2528. Other documents produced may also be responsive to this Request.

10.    **All credit card statements for any account in Plaintiff's name or on which Plaintiff was authorized to incur charges for each month in the years 2004 and 2005.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Plaintiff stands on her objections.

5

11.     All documents concerning any employee benefits Plaintiff receives pursuant to her employment at Entergy Nuclear, Inc., including but not limited to personnel manuals, life insurance documentation, health insurance documents, summary plan descriptions, short or long term disability plans, employment letters and contracts, retirement benefits, 401(k) programs, and all payments received from Entergy Nuclear or any other person or entity reimbursing and/or paying directly for travel by you or travel related services or meals received by you from January 2005 to the present.

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, Plaintiff refers to the documents produced by Entergy Nuclear, Inc. Other documents produced may also be responsive to this Request.

12.     Copies of all information transferred from your EDFINA laptop to your new computer as referenced on page 24 of your deposition.

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE:** Without waiving objections, responsive documents were previously produced.

13.     All documents concerning your husband's efforts to find work in the United States as testified to at page 264 of your deposition, including by [sic] not limited to

6

**resumes, applications, letters to and from potential employers, and any other documents reflecting any attempts to secure employment by other means.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, none in Plaintiff's possession.

**14.    All tape recorded conversations with any employee of EDF or EDFINA, or any other individual connected with this case, including your conversation with Fernando Ponasso as testified to at page 402 of your deposition.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving objections, none in Plaintiff's possession

**15.    Any written communications with Pete Schneider of Entergy Nuclear, Inc., as testified to at pages 434-435 of your deposition, as well as any other documents reflecting efforts on your part to find employment with any company other than EDF at any time since 2003, or otherwise responsive to the requests made at your deposition as indicated on page 436.**

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving objections, responsive documents were previously

produced.

7

**16.     All documents relating to the furniture you had in France, including but not limited to contracts or bills, which you referenced at page 452 of your deposition.**

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Plaintiff stands on her objections.

**17.     All documents relating to any phone calls with Brian Fuller, including but not limited to the emails and memoranda referred to on page 522 of your deposition.**

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:**  Without waiving objections, responsive documents were previously produced.

**18.     An electronic version of the spreadsheet referred to at pages 524-525 of your deposition.**

**OBJECTION**:  Plaintiff objects to this Request on the grounds that it is overly broad and that the information sought is neither relevant to any issue in this litigation, nor reasonably

8

calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request

to the extent it seeks information protected by the attorney-client privilege, and on the grounds

that this Request invades protected litigation work product and would require disclosure of core

opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P.

26(b)(3).

**RESPONSE:** Without waiving objections, none in Plaintiff's possession.

**19. All documents relating to your efforts to secure employment at INPO as referred to at pages 548, 552, and 553 of your deposition.**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving objections, responsive documents were previously

produced.

May 26, 2006                        Catherine Gaujacq,
                                      By Counsel


                                    Elaine Charlson Bredehoft
                                    D.C. Bar No. 441425
                                    Kathleen Z. Quill
                                    D.C. Bar No. 489079
                                    CHARLSON BREDEHOFT & COHEN, P.C.
                                    11260 Roger Bacon Drive
                                    Suite 201
                                    Reston, Virginia 20190
                                    (703) 318-6800

                                    Counsel for Plaintiff,
                                      Catherine L. Gaujacq

                                        10

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF by email and first class mail, postage prepaid this 26th day of May 2006 on counsel for Defendants addressed as follows:

> Laura B. Hoguet, Esq.
> Dorothea W. Regal, Esq.
> HOGUET NEWMAN & REGAL, LLP
> 10 East 40th Street
> New York, New York 10016
> (212) 689-8808
> lhoguet@hnrlaw.com
> dregal@hnrlaw.com
>
> Counsel for Defendants
>   Electricite de France, S.A. and
>   Electricite de France International North America
>
> Ronald S. Cooper, Esq.
> STEPTOE & JOHNSON LLP
> 1330 Connecticut Avenue, NW
> Washington, DC 20036
> (202) 429-3000
> rcooper@steptoe.com
>
> Counsel for Defendant
>   Christian Nadal

Kathleen Z. Quill

11