IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:05CV0969 (JGP) |
| ELECTRICITÉ DE FRANCE INTERNATIONAL NORTH AMERICA, INC., et al. | ) ) ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' MOTION TO CLARIFY SCHEDULING ORDER AND FOR EXPEDITED BRIEFING AND RESOLUTION

Defendants Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA"), and Christian Nadal ("Nadal"), by and through undersigned counsel, bring this motion pursuant to Fed. R. Civ. P. 26, to request the Court to clarify the Scheduling Order entered on October 14, 2005 to make clear that this Court does not view three outstanding Rule 45 subpoenas to be untimely under that Order. The relief requested will facilitate responses to three outstanding Rule 45 subpoenas *duces tecum* served by Defendants EDF and EDFINA shortly after the May 31, 2006 discovery cutoff in this case.

The third party subpoenas, directed to three banking institutions, seek banking records of the Plaintiff's spouse Phillipe Gaujacq. Both Phillipe Gaujacq and Plaintiff are represented by Plaintiff's counsel. The records sought are reasonably calculated to lead to the discovery of admissible evidence on Plaintiff's claims, as explained in the accompanying Memorandum. Defendants sought these records well before the close of discovery against Phillipe Gaujacq via timely subpoena. That subpoena required production of banking records and testimony at a

deposition. Without timely objection or indication that compliance would not occur, the subpoenaed documents were not produced, forcing depositions of both Phillipe Gaujac and Plaintiff to go forward on June 2, 2006 without the records available.

At deposition Defendants learned the identity of Philippe Gaujacq's banks and immediately thereafter served three subpoenas subpoenas *duces tecum* out of district courts in Mississippi, Florida and Pennsylvania to obtain the same records directly from the banks, a necessary step given his noncompliance with the subpoena issued several weeks earlier. But, after thwarting legitimate and timely discovery under the Court's scheduling order, Plaintiff has now filed emergency motions to quash those subpoenas arguing that they are untimely under this Court's Scheduling Order.

While Defendants will explain Plaintiff's mischief to the courts in which Plaintiff's motions to quash are pending, out of deference to this Court, one of these sister federal courts has expressed reservations about interpreting this Court's scheduling Order and the May 31 discovery cutoff to allow this discovery under these circumstances. Accordingly, Defendants ask this Court to clarify the Scheduling Order to make clear that Defendants' subpoenas *duces tecum* to the banks are permitted under the Scheduling Order. The grounds for this motion are more fully described in the accompanying Memorandum, and a proposed Order has been submitted.

In addition, because Plaintiff's motions to quash are pending on an emergency basis in three other federal courts, Defendants respectfully request that the Court enter an expedited briefing schedule to permit the underlying Motion to be ready for disposition by the Court at the earliest possible time. A proposed Order providing for Expedited Briefing is also attached.

Dated: June 16, 2006

                                          Respectfully submitted,

_____/s/_____
Dorothea Regal
D.C. Bar No. NY0064
Randi B. Seltzer-May
D.C. Bar No. NY0063
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, NY  10016
(212)689-8808

*Counsel for Defendants Electricité de France, S.A. and Electricité de France International North America, Inc.*

_____/s/_____
Morgan D. Hodgson
D.C. Bar No. 186528
David A. Clark
D.C. Bar No. 473279
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 429-3000

*Counsel for Defendant Christian Nadal*

## CERTIFICATE OF CONFERENCE

Before filing motions to quash the subpoenas at issue, Plaintiff and Defendants engaged in a meet and confer conference by telephone on the afternoon of June 9, 2006. The conference was of the type required by Local Rule 7(m). During that conference the parties discussed Plaintiff's position that the discovery cut off in this case made Defendants' subpoenas untimely. In the conference Defendants explained fully both the timeliness of the discovery, given the history of events, and the relevance of the discovery. Notwithstanding such discussion Plaintiff moved to quash the subpoenas arguing, *inter alia,* that the subpoenas were untimely under this Court's Scheduling Order, which in turn led to the instant motion.

Dated: June 16, 2006

_____/s/_____
Morgan D. Hodgson

Case 1:05-cv-00969-HHK    Document 75    Filed 06/16/2006    Page 5 of 5