# EXHIBIT A

⚖ AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Southern | DISTRICT OF | Mississippi |
|---|---|---|

Catherine Gaujacq

V.

**SUBPOENA IN A CIVIL CASE**

Electricite de France International North America,
Inc., Electricite de France, Christian Nadal

Case Number:[1] 1:05CV0969   (Pending in
the U.S. District Court for the District
of Columbia)

TO:  Philippe Gaujacq
125 Livingston Drive
Madison, MS 39110

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION    Butler, Snow, O'Mara, Stevens & Cannada pllc, AmSouth Plaza, 17th Floor, 210 East Capital Street, Jackson, MS 39225 | DATE AND TIME 6/1/2006 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT

| PLACE    Butler, Snow, O'Mara, Stevens & Cannada pllc, AmSouth Plaza, 17th floor, 210 East Capital Street, Jackson, MS 39225 | DATE AND TIME 5/25/2006 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *Kandi Seltzer May, Esq., attorney for EDF and EDFINA* | DATE  *May 4, 2006* |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  *Kandi Seltzer May, Esq, Hoguet Newman & Regal, LLP, 10 East 40th Street, New York, NY 10016   (212) 689-8808* | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
_____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:05CV0969 (JGP) |
| | ) |
| ELECTRICITE DE FRANCE | ) |
| INTERNATIONAL NORTH AMERICA, | ) |
| INC., et al. | ) |
| | ) |
| Defendant | ) |

## Exhibit A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants

Electricité de France, S.A. ("EDF"), Electricité de France International North America,

Inc. ("EDFINA") and Christian Nadal, by their respective counsel, request that Philippe

Gaujacq produce, by the date identified in the accompanying subpoena, for inspection

and copying, all responsive documents and things that are within his possession, custody,

or control.

## GENERAL INSTRUCTIONS

1.    You are required to furnish all documents and things responsive to this

subpoena that are known or available to you, regardless of whether these documents are

possessed directly by you, your agents, employees, or investigators, or possessed by your

attorney or his or her agents, employees, representatives or investigators.

2.    When producing documents in response to this subpoena, produce the

documents as they are kept in the usual course of business.

3.    In the event that any document responsive to this subpoena is withheld on

the basis of any legal objection or claim of privilege, indicate the following information

for each such withheld document or portion thereof:

a.    the date of the document;

b.    the general character or type of document (i.e., letter, memorandum, notes of meeting, etc.) and the number of pages thereof;

c.    the identity of the person in possession of the document;

d.    the identity of the author or generator of the document;

e.    the identity of the original recipient, recipient of blind copies, or holder of the document;

f.    the identity of the addressor(s) and addressee(s);

g.    the relationship of author, addressee and any other recipient of the document, including, but not limited to, recipients of blind copies;

h.    the general subject matter of the document;

i.    the legal basis, including but not limited to any claim of privilege for withholding the document; and

j.    all attachments, enclosures and appendices, if any, with all of the information specified in clauses (a) through (i) of this paragraph as to any such attachment, enclosure and appendix withheld.

4.    If a portion of a document responsive to this subpoena contains

information subject to a claim of privilege, such portion of the document subject to such

claim may be redacted from the document, and the rest of the document shall be

produced. Every such document shall bear a notation indicating where each redacted

portion was redacted. As to any document produced in a redacted version, identify each

document that has been redacted and set forth the basis for the redaction in sufficient

detail to permit the court to adjudicate the validity of the basis for redaction. Provide all
of the information specified in clauses (a) through (i) of paragraph 3 for any redacted
portion of any document.

     5.     If any document or thing responsive to this subpoena was at one time in
existence but has been lost, destroyed, discarded or otherwise disposed of, state as to each
such document or the thing the following:

               a.     the author or generator and the position or title of the
author or generator, including the organization or business
with which such author or generator is associated;

               b.     the addressee or recipient and, if an individual, his or her
position or title;

               c.     as to documents, the people whom the document indicated
as recipients of carbon copies or blind copies;

               d.     the date of the document or, if a thing, the date it was

generated;

               e.     the subject matter;

               f.     the size (number of pages, length of recording, etc. as

appropriate);

               g.     the attachments, enclosures or appendices, if any;

               h.     all persons to whom the document or thing was distributed
shown, explained or discussed;

               i.     the nature of the document or thing;

               j.     the date of loss, destruction or disposal;

               k.     the reason for the loss, destruction or disposal;

               l.     the person who lost, destroyed or disposed of it; and

               m.     the manner in which it was lost, destroyed or disposed of.

6.     If any document or thing responsive to this subpoena cannot be produced in full, produce each such document or thing to the extent possible, specifying the reasons for your inability to produce it in full and describing, with whatever information, knowledge, or belief you do have, the subject matter and contents of the unproduced portion thereof.

7.     If any document or thing responsive to this subpoena was never in your possession, but you are aware of its custodian and location, identify the document or thing and its present custodian and/or location.

8.     Unless otherwise specified, the relevant time period is from August 1, 2000 through the present.

## DEFINITIONS AND CONSTRUCTION

1.     "Plaintiff" shall mean Catherine Gaujacq, her attorneys, agents and any other person acting on her behalf.

2.     "You" and "your" shall mean Philippe Gaujacq, your attorney, agent or any other person acting on your behalf

3.     "Defendants" shall mean Electricité de France, S.A., Electricité de France International North America, Inc. and Christian Nadal.

4.     "EDF" shall mean Defendant Electricité de France, S.A.

5.     "EDFINA" shall mean Defendant Electricité de France International North America, Inc..

6.     "Nadal" shall mean Defendant Christian Nadal.

7.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9.     "Concerning" shall mean directly or indirectly, referring, relating or pertaining to or containing, constituting, reflecting, recording, embodying, memorializing, discussing, underlying, commenting upon, forming the basis for, analyzing, mentioning, comprising, considering, explaining, showing or describing the subject matter of the request containing the phrase.

10.    "Document" shall mean and refer to any form of communication, correspondence or representation, including letters, words, pictures, sounds or symbols or combinations thereof, represented in handwriting, printing, photocopying, tape-recording, computer file, e-mail or otherwise however stored (including magnetic, digital, mechanical, tape or other means of electronic storage, video recording, audio recording and every other means of recording), and all attachments thereto. A reference to the word "documents" includes, without limitation: e-mails (and all attachments thereto), letters, correspondence, communications, agreements, proposals, notes, records, reports, telegrams, telexes, computer print-outs, memoranda, analyses, projections, manuals, guidelines, work papers, lists, diaries, calendars, journals, telephone logs, minutes of meetings, notebooks, summaries or records of conversations, statistical statements, drafts of any documents, stenographic or stenotype notes, voice recordings, computer data, non-paper information storage such as tapes, films and computer memory devices. "Documents" include all drafts of the foregoing and all non-identical copies of documents, whether such copies are different from the original by reason of a notation made thereon or added thereto or otherwise.

11.    "Person" shall mean any individual, corporation, organization, domestic or foreign company, association, sole proprietorship, business trust, partnership, limited

partnership, firm, joint venture, government or governmental body, governmental or public authority, agency, governing board, authority, department or division or any other entity.

12.     For purposes of construing the scope of this subpoena, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the text itself. This includes, without limitation, the following:

> a.      The use of the singular form of any word includes the plural, and the plural includes the singular, as necessary to bring within the scope of the subpoena all documents that might otherwise be construed to be outside the scope of this subpoena.

> b.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery subpoena all documents that might otherwise be construed to be outside the scope of this subpoena.

> c.      The words "any" and "all" as used in this subpoena shall be construed to mean "any and all," as necessary to make the subpoena more inclusive.

> d.      The phrase "including, without limitation" and the phrase "including but not limited to" shall mean including without in any way qualifying, limiting or restricting the foregoing text to which the phrase refers.

## DOCUMENTS TO BE PRODUCED

1.    All documents and communications reflecting any and all of your efforts to seek employment or work of any kind in the United States from August 2000 to the present.

2.    All documents reflecting any compensation you have earned or received, monetary or otherwise, including compensation in kind, for any work or services you performed from the period of August 2000 to the present.

3.    All tax returns from August 2000 to the present that report income received by you.

4.    Your bank account records from April 2000 to the present.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CATHERINE GAUJACQ          ) | |
| )  | |
| Plaintiff,          ) | |
| )  | |
| v.          ) | No. 1:05CV0969 (JGP) |
| )  | |
| ELECTRICITE DE FRANCE          ) | **NOTICE OF DEPOSITION** |
| INTERNATIONAL NORTH AMERICA,          ) | |
| INC., et al.          ) | |
| )  | |
| Defendants.          ) | |
| )  | |

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules
of Civil Procedure, Defendants Electricité de France, S.A. ("EDF"), Electricité de France
International North America, Inc. ("EDFINA"), and Christian Nadal, by their respective
counsel, will take the deposition upon oral examination of Philippe Gaujacq at the offices
of Butler, Snow, O'Mara, Stevens and Cannada PLLC, AmSouth Plaza, 17th Floor, 210
East Capitol Street, Jackson, Mississippi 39225 (or at another location should all affected
parties agree) on June 1, 2006 commencing at 9:00 a.m. The oral examination shall be
held before an officer or person duly authorized to administer oaths and shall continue
from day to day until completed. You are invited to attend and cross-examine.

PLEASE TAKE FURTHER NOTICE that the oral examination will be recorded

by stenographic means.

Dated: New York, New York
       May 4, 2006

                                      HOGUET NEWMAN & REGAL, LLP


                                      By: *Randi Seltzer May*
                                      Randi Seltzer May (D.C. Bar No. NY0063)

                                      HOGUET NEWMAN & REGAL, LLP
                                      10 East 40th Street
                                      New York, New York 10016

                                      *Attorneys for Defendants*
                                      *Electricité de France, S.A., and Electricité*
                                      *de France International North America, Inc.*

                                      STEPTOE & JOHNSON, LLP

                                      By: *Morgan D. Hodgson /RSM/*
                                      Morgan D. Hodgson (D.C. Bar No. 186521)
                                      David A. Clark, Esq. (D.C. Bar No. 473279)
                                      Connecticut Avenue, NW 1330
                                      Washington, D.C. 20036-1795
                                      (202) 429-3000

                                      *Attorneys for Defendant Christian*
                                      *Nadal*

To:       Elaine Charleson Bredehoft, Esq.
          CHARLESON BREDEHOFT & COHEN, P.C.
          11260 Roger Bacon Drive
          Suite 201
          Reston, VA 20190
          (703) 318-6800

          *Attorney for Plaintiff*

_ev. 1/94) Subpoena in a Civil Case_

## PROOF OF SERVICE

| | |
|---|---|
| DATE 5-8-6   5:03 Pm | PLACE 125 Livingston Dr.  Madison, Ms.  Delbsova / & gave a fee of $46.58 |

SERVED
Philippe DAujacg

SERVED ON (PRINT NAME)

Thomas D Mitchell

SERVED BY (PRINT NAME)

MANNER OF SERVICE
m Saltuser + Assoc
Process Server

TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  5-8-06
DATE

5-10-6   Rfmallsten

SIGNATURE OF SERVER

P. D. Box 12082
ADDRESS OF SERVER

Jackson, MS. 39236

REF NO:  8HNR943501

Rules ... Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

_ev. 1/941 Subpoena in a Civil Case_

| 5-8-6  5:03Pn | PROOF OF SERVICE | |
|---|---|---|
| DATE | PLACE | 125 Livingston Dr. |
| | | Madison, Ms. |
| SERVED | | Person / & gave a fee of $46.58 |
| Philipper Dawjacg | MANNER OF SERVICE | |
| SERVED ON (PRINT NAME) | | On Smallester + Assoc |
| Thomas Mitchell | | + Process Server |
| SERVED BY (PRINT NAME) | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  5-8-06
DATE

5-10-6  Rfurallotion

SIGNATURE OF SERVER

P. O. Box 12082
ADDRESS OF SERVER

Jackson MS. 39236

REF NO:  8HNR943501

Rules of Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT B

Dorothea Regal/Hoguet
Newman Regal

05/31/2006 01:21 PM

To "Elaine Bredehoft" <ebredehoft@charlsonbredehoft.com>

cc "Clark, David" <dclark@steptoe.com>, "Kathy Quill" <kquill@charlsonbredehoft.com>, "Hodgson, Morgan" <MHodgson@steptoe.com>, RMay@hnrlaw.com

bcc

Subject Philippe Gaujacq Subpoena

Elaine:
Since you are representing Philippe Gaujacq in connection with defendants' subpoena, I am writing to you to request that you ensure that Mr. Gaujacq brings with him to his deposition of June 2 all of the documents listed in the subpoena that are within his possession, custody or control. Thanks for your attention to this.

Dorothea W. Regal
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

Tel. (212) 689-8808
Fax (212) 689-5101
dregal@hnrlaw.com

# EXHIBIT C

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

_____Southern_____    DISTRICT OF    _____Florida_____

Catherine Gaujacq

### SUBPOENA IN A CIVIL CASE

V.

Electricite de France International North America, et al.    CASE NUMBER: [1]  1 : 05cv0969

TO:   Legal Order Processing Department, Bank of America
      1425 NW 62nd Street
      Ft. Lauderdale, FL 33309

(Pending in the U.S. District
Court for the District of Columbia)

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Legal Order Processing Department, Bank of America 1425 NW 62nd Street        Ft. Lauderdale, FL 33309 | June 16, 2006   5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants EDF and EDFINA | 6/7/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dorothea Regal    Hoguet, Newman & Regal, LLP
                  10 East 40th Street    New York, NY 10016-0301    (212) 689-5101

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

1.    All records, including records of deposits, bank statements and any correspondence relating to any and all accounts held by Phillipe Gaujacq, held individually and any and all accounts held by Phillipe Gaujacq jointly with his wife, Catherine Gaujacq, at Bank of America including, but not limited to, account number 004132130417, and including but not limited to any account held at any branch in Mississippi and/or Virginia from January 2000 through the present.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

_____Western_____    **DISTRICT OF**    _____Pennsylvania_____

Catherine Gaujacq

### V.

Electricite de France International North America, et al.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1]  1 : 05cv0969

TO:
Records Unit, PNC Bank
500 1st Avenue
Pittsburgh, PA 15222
Internal Mail Stop: P7-PFSC-02-F

(Pending in the U.S. District Court for
the District of Columbia)

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Records Unit, PNC Bank    500 1st Avenue<br>Pittsburgh, PA 15222    Internal Mail Stop: P7-PFSC-02-F | June 16, 2006  5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]    Attorney for Defendants EDF and EDFINA | 6/7/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dorothea Regal              Hoguet, Newman & Regal, LLP
10 East 40th Street    New York, NY 10016-0301    (212) 689-5101

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

---

## PROOF OF SERVICE

|  DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

All records, including records of deposits, banks statements and any correspondence relating to any and all accounts held by Phillippe Gaujacq, held individually and any and all accounts held by Phillipe Gaujacq jointly with his wife, Catherine Gaujacq, at a Riggs Bank or PNC Bank from January 2000 through the present.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

Southern _____ **DISTRICT OF** _____ Mississippi

Catherine Gaujacq

### SUBPOENA IN A CIVIL CASE

**V.**

Electricite de France International North America, et al.

CASE NUMBER: [1]   1 : 05cv0969

TO:  Legal Department, Trustmark Bank
     348 East Capitol
     Jackson, MS 39201

(Pending in the U.S. District Court
Court for the District of Columbia)

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Butler, Snow, O'Mara, Stevens and Cannada PLLC, AmSouth Plaza, 17th Floor 210 East Capitol Street, Jackson, MS 39225 | June 16, 2006  5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants EDF and EDFINA | 6/7/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dorothea Regal       Hoguet, Newman & Regal, LLP
                     10 East 40th Street    New York, NY 10016-0301    (212) 689-5101

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

All records, including records of deposits, bank statements and any correspondence, relating to any and all accounts held by Phillippe Gaujacq, held individually and any and all accounts held by Phillipe Gaujacq jointly with his wife, Catherine Gaujacq, at a Trustmark Bank from January 2000 through the present.