# ATTACHMENT 8

06-60821.o1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60821-CIV-COOKE
Magistrate Judge Brown

CATHERINE GAUJACQ,

      Plaintiff,

vs

ELECTRICITE DE FRANCE
INTERNATIONAL NORTH
AMERICA, INC , et al ,

      Defendant

_____/

## PRELIMINARY ORDER RE: EMERGENCY
## MOTION TO QUASH DEFENDANTS' DOCUMENT SUBPOENA

This matter is before this Court on Plaintiffs' Emergency Motion to Quash Defendants'

Document Subpoena to Bank of America, filed June 12, 2006  The Court has considered the

motion and all pertinent materials in the file

The Court being otherwise fully advised in the premises it is hereby **ORDERED AND**

**ADJUDGED** as follows:

1   The motion to quash is **GRANTED**, without prejudice, and pending further order of

the Court

2.  Defendants shall respond to this motion - addressing first the question of the

discovery deadline having passed  This Court has no jurisdiction to extend said deadline and

even if it did, would not interfere with deadlines set by the District Judge presiding over the case

3   If - and only if - the deadline is not applicable, defendants shall also address the other

arguments of plaintiffs.

    4.  Plaintiffs may file a reply as permitted

    5  A final order will follow

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14 day of June, 2006

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Honorable Marcia G. Cooke
Elaine Charlson Bredehoft, Esq
Laura B. Hoguet, Esq
David A. Clark, Esq
Bank of America, Legal Order Processing Dept.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CATHERINE GAUJACQ                                             PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:05mcJCS

ELECTRICITE DE FRANCE
INTERNATIONAL NORTH
AMERICA, INC., et al.                                        DEFENDANTS

## ORDER

This cause is before the court for the management of the emergency motions to

quash filed by Plaintiff and by third-party Philippe Guajacq.  It is hereby ordered that the

motions are granted to the extent that the subpoena requires compliance by June 16,

2006.  The court will make a final ruling on the merits of the motions after receipt of a

response from Defendants Electricite de France, S.A. and Electricite de France

International North America, Inc. (collectively EDFINA) and any rebuttal which movants

desire to submit.  EDFINA shall submit their response to the motions to quash by June

30, 2006.  Any rebuttal by movants shall be submitted within three days of service of the

response.

SO ORDERED this the 14th of  June, 2006.

/s/ James C. Sumner

_____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT 9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

Misc. Nos. 06-0175 & 06-176

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| | ) |
| Plaintiff, | ) |
| | )Case Pending in the U.S. District Court |
| v. | ) for the District of Columbia (JGP) |
| | ) |
| ELECTRICITE DE FRANCE | )No. 1:05CV0969 (JGP) |
| INTERNATIONAL NORTH AMERICA, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Plaintiff, Catherine Gaujacq, having moved, by counsel, for an order quashing the subpoena to PNC Bank, and Defendants, Electricité de France, S.A., Electricité de France International North America, Inc., and Christian Nadal, by respective counsel, having opposed such motion to quash the subpoena to PNC Bank, and upon consideration of the papers and arguments in this case, it is hereby

ORDERED, that Plaintiff's motion is DENIED; and it is

FURTHER ORDERED, that the subpoena to PNC Bank is not quashed; and it is

FURTHER ORERED, that counsel for Plaintiff serve a copy of this Order on the recipient if the subpoena in the same manner as the original subpoena was served within 24 hours of this Order being entered.

SO ORDERED

United States District Judge

# ATTACHMENT 10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| Plaintiff, | ) | |
| v | ) | 2:06-mc-00176-GLL |
| ELECTRICITE DE FRANCE | ) | (No 1:05CV0969 (JGP) |
| INTERNATIONAL NORTH AMERICA, | ) | Pending in the United States District |
| INC , et al | ) | Court for the District of Columbia) |
| Defendants | ) | |

## PLAINTIFF'S EMERGENCY MOTION FOR STAY PENDING RECONSIDERATION OF JUNE 19, 2006 ORDER DENYING MOTION TO QUASH SUBPOENA

Plaintiff CATHERINE GAUJACQ, by counsel, hereby moves this Court for a stay

pending reconsideration of its June 19, 2006 Order denying Ms Gaujacq's Emergency Motion to

Quash Defendants' Document Subpoena from defendants Electricité de France, S A and

Electricité de France International North America, Inc. to PNC Bank  The grounds for this

motion are set forth in the accompanying Memorandum

June 19, 2006                                    Respectfully Submitted,

Elaine Charlson Bredehoft
D C Bar No 441425
S Christian Wickwire
D C Bar No 488797
CHARLSON BREDEHOFT & COHEN, P C
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
    Catherine Gaujacq

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHERINE GAUJACQ )
)
    Plaintiff, )
)
        v )    2:06-mc-00176-GLL
)
ELECTRICITE DE FRANCE )    (No 1:05CV0969 (JGP)
INTERNATIONAL NORTH AMERICA, )    Pending in the United States District
INC., et al )    Court for the District of Columbia)
)
    Defendants )
)

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR STAY PENDING RECONSIDERATION OF JUNE 19, 2006 ORDER DENYING MOTION TO QUASH SUBPOENA

Plaintiff, Catherine Gaujacq ("Ms Gaujacq"), by counsel, hereby moves this Court, pursuant to Federal Rules of Civil Procedure 59(e), for a stay pending reconsideration of its June 19, 2006 Order denying Ms Gaujacq's Emergency Motion to Quash Defendants' Document Subpoena from defendants Electricité de France, S A ("EDF") and Electricité de France International North America, Inc ("EDFINA", collectively with defendant Christian Nadal "Defendants") to PNC Bank (the "Subpoena")

### PRELIMINARY STATEMENT

Plaintiff files this emergency motion to stay pending reconsideration of her emergency motion to quash the Subpoena based on new developments in the case On Friday, at 8:26 p m, Plaintiff was served electronically with Defendants' Motion for Clarification of Judge Penn's Order in the United States District Court for the District of Columbia, the court in which the main case is pending A ruling by Judge Penn in the District of Columbia District Court

regarding the Scheduling Order entered in this case could resolve the issues raised by Plaintiff's Motion to Quash the Subpoena

This morning, at 7:39 a.m., Plaintiff received an email indicating that the contents of Defendants' Motion for Clarification was forwarded to Mr. Palus, assistant to Hon. Judge Lancaster. Attachment 1. Approximately an hour and a half later, at 9:07 a.m., Plaintiff received an email from Mr. Palus containing the Court's Order denying Plaintiff's Emergency Motion to Quash the Subpoena. Attachment 2. It is unclear if the Court received notice of Defendants' Motion for Clarification prior to making its decision with respect to Plaintiff's Emergency Motion to Quash

Because the Motion for Clarification could resolve the issues raised in Plaintiff's Motion to Quash the Subpoena and because this Court's June 19, 2006 Order could result in rulings inconsistent with the Motions to Quash similar subpoenae for bank records pending in Florida and Mississippi, Plaintiff respectfully asks the Court to reconsider its June 19, 2006 and to stay the Order pending such reconsideration

A stay is necessary because the Order compels Plaintiff to serve PNC Bank with a copy of the Order within twenty-four (24) hours, at which time any motion for reconsideration is likely to become moot.

## ARGUMENT

## I.    DEFENDANTS' SUBPOEANA TO PNC BANK VIOLATES JUGE PENN'S SCHEDULING ORDER

Plaintiff's Motion should be granted to enable Judge Penn to decide whether the Subpoena was timely. Plaintiff expects Judge Penn to rule that the service of the Subpoena was a violation of the Court's scheduling order. Contrary to the arguments made in the Opposition of Defendants to Emergency Motions to Quash Defendants' Documents Subpoena to PNC Bank

2

("Opposition"),[1] the Subpoena to PNC Bank is not the same as the subpoena to Philippe Gaujacq, nor does it seek the same documents  Nor is there any motion to compel directed to Philippe Gaujacq pending

The subpoena to Philippe Gaujacq is very limited, requesting his "bank account records from April 2000 to the present"  Attachment 3  Defendants did not define "bank account records," though a likely interpretation is that it asks for his bank statements  The Subpoena to PNC Bank, on the other hand, is extremely broad  It asks for more than just Mr  Gaujacq's bank statements, it requests "all records" "relating to" Mr  & Ms  Gaujacq's bank accounts, and includes as examples not just bank statements, but records of deposits and any correspondence relating thereto

This request patently calls for documents outside the possession, custody or control of Mr  Gaujacq, and are entirely new discovery requests outside the discovery period  As the Florida court decided, any modification of the Scheduling Order should be an issue for the District of Columbia Court  See Order of District Court of Florida ("This Court has no jurisdiction to extend said deadline and even if it did, would not interfere with deadlines set by the District Judge presiding over the case "), Attachment 4

## II.   THE BANK RECORDS ARE NOT REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE

Plaintiff also expects Judge Penn to deny their motion for clarification on the ground that the Subpoenae are not reasonably calculated to lead to the discovery of admissible evidence  Defendants' primary stated reason for the bank account records is that they may relate to Plaintiff's claim for damages stemming from her husbands inability to find work in the United States  Def. Opp. at 5-6  Plaintiff is no longer claiming this element as part of her claim for

---

[1] Citations to the Opposition herein shall be in the form "Def  Opp  at __ "

3

damages, and this factor, as Defendants' know, was specifically omitted from Plaintiff's expert's damages report

Defendants' second argument is that the discovery may relate to Plaintiff's claim for un-reimbursed business expenses  Id. at 6-7  Plaintiff denies that the Bank Records are relevant to her damages in this regard  Nevertheless, if the Court were to conclude that such records were somehow remotely relevant, the Subpoena is overbroad because it requests records going back to 2000  These expenses did not arise until August 2004, and Defendants have not even attempted to argue that records prior to that date are even possibly relevant  Therefore, even if relevant, Plaintiff expects any determination that the subpoena is enforceable to be limited to the period August 2004 to the present

## III   DEFENDANTS HAVE NOT EVEN ALLEGED THEY HAVE A SUBSTANTIAL NEED FOR THE REQUESTED DISCOVERY

Finally, even if there was some remote connection between the Bank Account Records and Plaintiff's damages, Plaintiff expects Judge Penn to deny their Motion for Clarification on the grounds that the Subpoenae are oppressive and seek confidential client information that Defendants do not need  Defendants have not even come close to demonstrating a substantial need for their invasion of Mr. Gaujacq's privacy, a necessary element of their position  See U.S. v. Federation of Physicians and Dentists, Inc., 63 F  Supp  2d 475 (D  Del  1999) (granting motion to quash subpoena because "[fi]inancial information of non-parties in a lawsuit has been held by courts to be private and not routinely available for discovery"); Litton Indus. V Chesapeake & Ohio Railway Co., 129 F R D  528 (E D  Wisc  1990) (granting motion to quash because need for disclosure of financial information did not outweigh privacy concerns)

The PNC bank records at issue here are inherently private and are likely to contain privileged information in the form of checks related to attorney representation and other personal

4

matter  The discovery process was not designed to permit such unfettered access into the daily

spending habits of Plaintiff and her husband  Documents responsive to the Subpoena could also

be protected by the marital privilege  Further, the  Subpoena is unlimited in both time and

breadth  There is no limitation on relevancy and the Subpoena requests documents more than

three years prior to the time for which Defendants state they are relevant

    Nor will any protective order address the concerns of Plaintiff and her husband  See Def.

Opp. at 7-8  As courts have stated, "[t]here is a constant danger inherent in disclosure of

confidential information pursuant to a protective order "  Litton, 129 F R D  at 531  (posing the

question "how does one practically police a protective order?") [2]  Furthermore, a protective order

will not protect the Gaujacq's private financial information from being aired by those involved in

this case, including the attorneys and any experts hired by Defendants

---

[2] Ironically, Defendants have refused to produce files of EDF and EDFINA executives on privacy ground – the exact
type of information discussed in the case cited by Defendants for the proposition that private information can be
protected by a protective order, Morrison v. Philadelphia Hous. Auth., 203 F R D  195 (E D  Pa  2001)

## CONCLUSION

For these reasons, plaintiff Catherine Gaujacq respectfully requests that the Court grant

Plaintiff's Motion and stay it's June 19, 2006 Order pending reconsideration in light of the new

filings by Defendants

June 19, 2006                          Respectfully Submitted,


                                       Elaine Charlson Bredehoft
                                       D.C. Bar No 441425
                                       S Christian Wickwire
                                       D C Bar No 488797
                                       CHARLSON BREDEHOFT & COHEN, P C
                                       11260 Roger Bacon Drive
                                       Suite 201
                                       Reston, Virginia 20190
                                       (703) 318-6800

                                       Counsel for Plaintiff
                                          Catherine Gaujacq

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing by email, which is effective service pursuant to agreement between the parties, this 19th day of June 2006 on counsel for Defendants addressed as follows:

> Laura B. Hoguet, Esq
> Dorothea W. Regal, Esq
> Randi B. May, Esq
> HOGUET NEWMAN & REGAL, LLP
> 10 East 40th Street
> New York, New York 10016
> (212) 689-8808
> lhoguet@hnrlaw.com
> DRegal@hnrlaw.com
> RMay@hnrlaw.com
>
> Counsel for Defendants
>   Electricite de France, S A and
>   Electricite de France International North America
>
> David A. Clark, Esq
> Morgan Day Hodgson, Esq.
> STEPTOE & JOHNSON LLP
> 1330 Connecticut Avenue, NW
> Washington, DC 20036
> (202) 429-3000
> dclark@steptoe.com
> mhodgson@steptoe.com
>
> Counsel for Defendant
>   Christian Nadal

With a copy mailed to:

> PNC Bank
> Records Unit
> 500 1st Avenue
> Pittsburgh, PA 15222
> Internal mail Stop: P7-PFSC-02-F

Elaine Charlson Bredehoft

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHERINE GAUJACQ          )
                           )
        Plaintiff,         )
                           )
          v                )      2:06-mc-00176-GLL
                           )
ELECTRICITE DE FRANCE       )      (No. 1:05CV0969 (JGP)
INTERNATIONAL NORTH AMERICA, )      Pending in the United States District
INC , et al                )      Court for the District of Columbia)
                           )
        Defendants          )
                           )

ORDER

Plaintiff, Catherine Gaujacq, having moved, by counsel, for an order quashing the

subpoena to PNC Bank, and upon consideration of the papers and argument in this case, it is

hereby

ORDERED, that Plaintiff's motion is GRANTED to the extent the subpoena requires

compliance by June 16, 2006; and it is

FURTHER ORDERED, that the subpoena to PNC Bank is quashed until a final order is

issued on the merits after receipt of a final order regarding Defendants' Motion to Clarify

Scheduling Order pending in the United States District Court for the District of Columbia

SO ORDERED

DATE: _____        _____
                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | 2:06-mc-00176-GLL |
| | ) | |
| ELECTRICITE DE FRANCE | ) | (No  1:05CV0969 (JGP) |
| INTERNATIONAL NORTH AMERICA, | ) | Pending in the United States District |
| INC , et al | ) | Court for the District of Columbia) |
| | ) | |
| Defendants | ) | |
| | ) | |

**PHILIPPE GAUJACQ'S EMERGENCY MOTION FOR**
**STAY PENDING RECONSIDERATION OF JUNE 19, 2006**
**ORDER DENYING MOTION TO QUASH SUBPOENA**

Third-party PHILIPPE GAUJACQ ("Mr  Gaujacq") by counsel, hereby moves this Court

for a stay pending reconsideration of its June 19, 2006 Order denying Ms  Gaujacq's Emergency

Motion to Quash Defendants' Document Subpoena from defendants Electricité de France, S A

and Electricité de France International North America, Inc  to PNC Bank  The grounds for this

motion are set forth in Plaintiff's Emergency Motion for Stay Pending Reconsideration of June

19, 2006 Order Denying Motion to Quash Subpoena and the materials submitted therewith

In addition, Mr  Gaujacq submits that his Motion be granted because the financial

information at issue is highly personal and confidential and that any need for such information at

this time by Defendants is outweighed by his privacy interests  In addition, Mr  Gaujacq submits

that any documents produced by PNC Bank could consist of protected information based on the

attorney work product privilege and the marital privilege

1

June 19, 2006                              Respectfully Submitted,


                                           Elaine Charlson Bredehoft
                                           D C  Bar No  441425
                                           S  Christian Wickwire
                                           D C  Bar No  488797
                                           CHARLSON BREDEHOFT & COHEN, P C
                                           11260 Roger Bacon Drive
                                           Suite 201
                                           Reston, Virginia 20190
                                           (703) 318-6800

                                           Counsel for Third-Party
                                             Philippe Gaujacq


2

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing by email, which is effective service pursuant to agreement between the parties, this 19th day of June 2006 on counsel for Defendants addressed as follows:

> Laura B. Hoguet, Esq.
> Dorothea W. Regal, Esq.
> Randi B. May, Esq.
> HOGUET NEWMAN & REGAL, LLP
> 10 East 40th Street
> New York, New York 10016
> (212) 689-8808
> lhoguet@hnrlaw.com
> DRegal@hnrlaw.com
> RMay@hnrlaw.com
>
> Counsel for Defendants
>    Electricite de France, S.A. and
>    Electricite de France International North America
>
> David A. Clark, Esq.
> Morgan Day Hodgson, Esq.
> STEPTOE & JOHNSON LLP
> 1330 Connecticut Avenue, NW
> Washington, DC 20036
> (202) 429-3000
> dclark@steptoe.com
> mhodgson@steptoe.com
>
> Counsel for Defendant
>    Christian Nadal

With a copy mailed to:

> PNC Bank
> Records Unit
> 500 1st Avenue
> Pittsburgh, PA 15222
> Internal mail Stop: P7-PFSC-02-F

Elaine Charlson Bredehoft

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| Plaintiff, | ) | |
| v | ) | 2:06-mc-00176-GLL |
| ELECTRICITE DE FRANCE | ) | (No. 1:05CV0969 (JGP) |
| INTERNATIONAL NORTH AMERICA, | ) | Pending in the United States District |
| INC , et al | ) | Court for the District of Columbia) |
| Defendants. | ) | |

## ORDER

Third-Party, Philippe Gaujacq, having moved, by counsel, for an order quashing the subpoena to PNC Bank, and upon consideration of the papers and argument in this case, it is hereby

ORDERED, that Philippe Gaujacq's motion is GRANTED to the extent the subpoena requires compliance by June 16, 2006; and it is

FURTHER ORDERED, that the subpoena to PNC Bank is quashed until a final order is issued on the merits after receipt of a final order regarding Defendants' Motion to Clarify Scheduling Order pending in the United States District Court for the District of Columbia

SO ORDERED

DATE: _____      _____
                            United States District Judge

# ATTACHMENT 11

# HOGUET NEWMAN & REGAL, LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

LAURA B. HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOSHUA D. RIEVMAN
EDWARD P. BOYLE
SHERYL B. GALLER
IRA J. LIPTON

TEL (212) 689-8808
FAX (212) 689-5101
www.hnrlaw.com
hnr@hnrlaw.com

SARAH K. BARICKMAN
KATHLEEN L. LOWDEN
RANDI B. MAY

EDNA R. SUSSMAN, OF COUNSEL

June 21, 2006

**VIA EMAIL**
Joel Gold, Esq.
Counsel
PNC Bank
Pittsburgh, Pennsylvania 15222

Re: Gaujacq v. Electricite de France International North
America, Inc., No. 1:05CV0969 (D.D.C.) (JGP)

Dear Mr. Gold:

This will confirm our telephone conversation this afternoon
regarding the attached subpoena to PNC Bank issued in the above-
captioned litigation pending in the United States District Court
for the District of Columbia. This firm represents Electricité de
France, S.A. and Electricité de France International North America,
Inc., the parties who issued the attached subpoena to PNC Bank for
bank records of Philippe Gaujacq.

As you know, a motion to quash was filed with respect to this
subpoena by the plaintiff in this case and by third-party Philippe
Gaujacq, and Judge Lancaster of the United States District Court
for the Western District of Pennsylvania denied that motion, by
order dated June 19, 2006. As you also know, the movants
subsequently filed a motion to stay the June 19th order pending a
motion for reconsideration of the order.

I have been advised by Michael Palus of Judge Lancaster's
chambers that he is out of the office this week and so not able
himself to address the motion to stay at this time. As a result of
this, we have agreed voluntarily to extend the return date on the
subpoena to Tuesday, June 27, 2006.

HOGUET NEWMAN & REGAL, LLP

Joel Gold, Esq.
June 21, 2006
Page 2


        Thank you for your attention to this matter.

                                    Very truly yours,

                                    Dorothea W. Regal


Attachment

cc:   Christian Wickwire, Esq.
      Elaine Bredehoft, Esq.
      Morgan D. Hodgson, Esq.
      David A. Clark, Esq.
      Randi B. May, Esq.

# ATTACHMENT 12

6 of 6 DOCUMENTS

**NORA OLGYAY, Plaintiff, v. SOCIETY FOR ENVIRONMENTAL GRAPHIC DESIGN, INC., et al., Defendants.**

**Civil Action No. 96-0186 (PLF)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

*169 F.R.D. 219; 1996 U.S. Dist. LEXIS 15785*

**September 16, 1996, Decided
September 17, 1996, FILED**

**COUNSEL:** [**1] Attorney(s) for Plaintiff: Curt S. Hansen, Fisher Morin & Kagan-Kans, Washington, DC.

Attorney(s) for Defendants: Harry J. Carleton, Cotter Fiscella & Carleton, Fairfax, VA.

**JUDGES:** PAUL L. FRIEDMAN, United States District Judge.

**OPINIONBY:** PAUL L. FRIEDMAN

**OPINION:**

[*219] ORDER

This case is before the Court on plaintiff's Motion to Extend Discovery Deadlines and Motion to Amend Complaint filed on September 3, 1996. Plaintiff states that prior to mediation, the parties agreed not to engage in formal discovery and to extend the discovery period if mediation was unsuccessful. As a result, plaintiff's counsel advises, "no formal discovery has been exchanged between the parties     ." Plaintiff now seeks to extend the discovery deadlines contained in this Court's Scheduling Order of March 21, 1996. Plaintiff's counsel also represents that he has attempted to contact defendants' counsel in order to obtain defendants' consent to this motion but has received no response.

The Court's mediation referral Order of March 21, 1996, expressly provided that "discovery shall proceed concurrently with mediation as provided for in the Scheduling Order issued this same day" (emphasis added). The Scheduling [**2] Order required the parties to complete all discovery by July 16, 1996, and to file all papers related to dispositive motions by September 26, 1996. Mediation concluded unsuccessfully on July 30, 1996; yet neither party informed the Court that the parties intended to disregard the Court-ordered discovery

schedule until a full month had passed, during which time no formal discovery was conducted at all. The parties therefore are in violation of the Court's orders.

Neither the parties nor their counsel have the authority to stipulate or otherwise agree to changes in the Court's orders regarding discovery or any other scheduling matter unless expressly authorized to do so by Rule or by Court order. *Rule 16 of the Federal Rules of Civil Procedure* makes plain that a scheduling order entered by a district judge "shall not be modified except upon a showing of good cause and by leave of the district judge . . .," *Rule 16(b), Fed. R. Civ. P.*, and it authorizes the judge to impose sanctions on a party or a party's attorney for failure to obey a scheduling order. Rule 16(f), Fed. R. Civ. P. Rule 206 of the Rules of this Court requires counsel to meet and confer before the scheduling conference [**3] and to propose to the Court, [*220] inter alia, a specific date for the completion of all discovery. Local Rule 206(c)(8). Once the schedule proposed by the parties is accepted or modified by the Court and memorialized in a scheduling order, the scheduling order may not be modified except by the Court and then only upon a showing of good cause. Local Rule 206.1.

The purpose of these Rules is to promote the ability of the Court to manage cases, to develop "a sound plan to govern the particular case from start to finish" and to "set[] and keep[] firm pretrial and trial dates." Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District of Columbia 37-39 (Aug. 1993). The scheduling order that results from this process is intended to serve "as the unalterable road map (absent good cause) for the remainder of the case." Id. at 39. As the Advisory Group noted:

> The Advisory Group believes that from this point forward, the parties and their counsel should be bound by the dates specified in any first scheduling or other

169 F.R.D. 219, *; 1996 U.S. Dist. LEXIS 15785, **

**scheduling order,** and that no **extensions** or continuances should be granted, except on a timely showing of [**4] **good cause.** Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause.

Once the schedule is set at the scheduling conference, the presumption should be firmly against the granting of continuances. If **good cause** is shown, a reasonable **extension** of time for a particular purpose may be granted by the Court; stipulations by the parties should not be accepted in the absence of **good cause.**

Id. at 41. Counsels' unilateral decision to modify the **Scheduling Order** without the Court's approval and without **good cause** is a clear violation of the Federal and Local Rules. Accordingly, it is hereby

ORDERED that all discovery in this case shall be completed by November 13, 1996; it is

FURTHER ORDERED that dispositive motions shall be filed by December 13, 1996; oppositions by December 30, 1996; and replies, if any, by January 9, 1997; it is

FURTHER ORDERED that a pretrial conference is scheduled for January 30, 1997 at 4:00 p.m.; it is

FURTHER ORDERED that the parties' Joint Pretrial Statement is due on January 24, 1997. See Local Rule 209; it is

FURTHER ORDERED that trial will begin [**5] on February 10, 1997 at 9:30 a.m.; and it is

FURTHER ORDERED that defendant shall respond to plaintiff's motion to amend the complaint on or before September 25, 1996, at which time the Court will rule on the motion. All dates in this Order are firm, may not be altered by the parties and, absent truly exceptional circumstances, will not be altered by the Court.

SO ORDERED

PAUL L. FRIEDMAN

United States District Judge

DATE: 9/16/96

# ATTACHMENT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 1:05CV0969 (JGP) |
| | ) |
| ELECTRICITE DE FRANCE | ) |
| INTERNATIONAL NORTH AMERICA, | ) |
| INC., et al | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO EDF AND EDFINA'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), pursuant to the Rule 34 of the Federal

Rules of Civil Procedure, hereby objects and responds to Defendants Electricite de France, S.A.

("EDF") and Electricite de France International North America ("EDFINA") First Request for

Production of Documents as follows

### GENERAL OBJECTIONS

The following objections apply to the Requests as a whole, and to each of the separate

Requests

The provision or identification of any document or information in connection with this

response does not constitute an admission that such document or information is relevant to any

issue in this case or is admissible at trial of this action

1.      Ms. Gaujacq objects to the Requests to the extent they would require Ms. Gaujacq

to provide or reveal the contents of any document or information privileged from disclosure

pursuant to the attorney-client privilege, the qualified immunity provided to litigation work

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos. 58-

60,312,315,316,317,728-730  Other documents produced may also be responsive to this

Request

123.   All documents concerning the allegation contained in paragraph 212 of the
Complaint that there had been "assurances by the Company that during the 'transition'
period, [Ms. Gaujacq] would continue to receive the same benefits of the compensation
arrangement she had during her U.S. assignment."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence  Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3)

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos

58-60,312,315,316,317,728-730  Other documents produced may also be responsive to this

Request

124.   All documents concerning the allegation contained in paragraph 213 of the
Complaint that "[b]usiness expenses incurred by Ms. Gaujacq, including business related
travel, insurance premiums and utility expenses, totaling over $2,500.00, have not been
reimbursed by the Company."

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence  Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

<u>RESPONSE:</u> Without waiving objections, please see documents Bates stamp nos.

61,62,75-77,313-317,318,319,617-621,739-760,1250-1252. Other documents produced may

also be responsive to this Request.

125. All documents concerning Plaintiff's claims for damages for
"embarrassment, humiliation, inconvenience, severe mental anguish, stress, pain and
suffering" as alleged in paragraphs 232, 251, 261, 268, 282, 292, 308, 330, 352 of the
Complaint.

<u>OBJECTION:</u> Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

also objects to this Request to the extent it seeks information protected by the attorney-client

privilege, and on the grounds that this Request invades protected litigation work product and

would require disclosure of core opinion work product and mental impression of counsel, which

is prohibited by Fed. R. Civ. P. 26(b)(3).

<u>RESPONSE:</u> Without waiving objections, please see documents Bates stamp nos.

1-1266. Other documents produced may also be responsive to this Request.

126. All documents concerning Plaintiff's claim for damages for "emotional pain"
and "loss of enjoyment of life and other nonpecuniary injury" as alleged in paragraphs 308
and 319 of the Complaint.

<u>OBJECTION:</u> Plaintiff objects to this Request on the grounds that it is overly broad,

unduly burdensome, and that the information sought is neither relevant to any issue in this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

December 21, 2005                    Catherine Gaujacq,
                                       By Counsel

                                     Elaine Charlson Bredehoft
                                     D.C. Bar No. 441425
                                     Kathleen Z. Quill
                                     D.C. Bar No. 489079
                                     CHARLSON BREDEHOFT & COHEN, P.C.
                                     11260 Roger Bacon Drive
                                     Suite 201
                                     Reston, Virginia 20190
                                     (703) 318-6800

                                     Counsel for Plaintiff,
                                       Catherine L. Gaujacq

74

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO EDF AND EDFINA'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF by email (response only) and Federal Express (response and documents) this 21st day of December 2005 on counsel for EDF and EDFINA addressed as follows:

> Laura B. Hoguet, Esq.
> Dorothea W. Regal, Esq.
> HOGUET NEWMAN & REGAL, LLP
> 10 East 40th Street
> New York, New York 10016
> (212) 689-8808
> lhoguet@hnrlaw.com
> dregal@hnrlaw.com
>
> Counsel for Defendants
>   Electricite de France, S.A. and
>   Electricite de France International North America

With a courtesy copy sent this same day by email (response only) and Federal Express (response and documents), addressed as follows:

> Ronald S. Cooper, Esq.
> STEPTOE & JOHNSON LLP
> 1330 Connecticut Avenue, NW
> Washington, DC 20036
> (202) 429-3000
> rcooper@steptoe.com
>
> Counsel for Defendant
>   Christian Nadal

> Elaine Charlson Bredehoft

75

# ATTACHMENT 14

LEXSEE 46 F.R.D. 605,AT 1969

**Norman F. HECHT, et al. v. PRO-FOOTBALL, INC., et al.**

**Civil Action 2815-66**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

*46 F.R.D. 605; 1969 U.S. Dist. LEXIS 12484; 13 Fed. R. Serv. 2d (Callaghan) 1123; 1969 Trade Cas. (CCH) P72,834*

**March 21, 1969**

**JUDGES:** [**1]

Holtzoff, D.J.

**OPINIONBY:**

HOLTZOFF

**OPINION:**

[*606] Opinion

HOLTZOFF, D.J.:

This is a motion by prospective witnesses, who are not parties to the action and whose depositions are about to be taken by the plaintiffs to limit subpoenas *duces tecum* that have been issued against them. The action is brought to recover triple damages under the antitrust Acts. This matter is governed by *Rule 45 of the Federal Rules of Civil Procedure.* Subsection (b) of that rule authorizes the issuance of subpoenas *duces tecum* and then goes on to provide that "but the Court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may . . quash or modify the subpoena if it is unreasonable and oppressive . . ." The question, therefore, is whether the subpoenas involved in this motion are unreasonable or oppressive. It may be added that the Court has inherent power to protect anyone from oppressive use of process, even if no oppression is actually intended.

The principal defendant is a league composed of professional football clubs. The plaintiffs are individuals, who had planned to organize a professional football club in Washington, [**2] D.C., and to procure a franchise from a rival league, namely, a league known as the American Football League. The gravamen of their action is that they were prevented from achieving their purpose by the fact that the authorities that operated the stadium in the District of Columbia had made an exclusive agreement for the use of that stadium for football games

by the defendant National Football League. This exclusive agreement is claimed to be violative of the Sherman law.

Plaintiffs are now engaged in taking depositions. One of the purposes of their taking depositions is to obtain evidence on the issue of damages. The evidence that it is desired to obtain by the depositions is profits made by active clubs that are members of professional football leagues and the price paid on the sale of franchises. At this juncture the Court will not and should not rule on the admissibility of this evidence. It is always dangerous to make advance rulings on the admissibility of evidence, because very frequently the admissibility of an item of evidence depends upon the exact posture of the case at the time that the evidence is offered. The fact, however, that the evidence may be relevant and [**3] admissible at the trial is not sufficient to dispose of a motion such as the Court has before it at this time. It is possible for a subpoena *duces tecum* to be unreasonable or oppressive, even though the evidence sought to be procured may prove to be thereafter relevant at the trial.

There are two moving parties on this motion. One is a club known as the Miami Dolphins, Ltd., whose deposition is to be taken and the other is an individual named David A. Werblin. Objection is made to Items 4 and 5 in the subpoenas *duces tecum* against the Miami Dolphins. Item 4 seeks the production of profit and loss statements of the Dolphins for the years 1966, 1967 and 1968. Item 5 seeks records showing prices paid for each partnership interest by persons [*607] who have acquired such interests in the Dolphins. The subpoena *duces tecum* issued to Werblin seeks the production of documents showing the total sales price of the interest he sold in the Gotham Football Club in 1968.

It will be noted that these requests seek private financial records of persons who are not parties to this action. The fact that they may be allied to the parties as argued by learned counsel for the plaintiffs [**4] does

46 F.R.D. 605, *; 1969 U.S. Dist. LEXIS 12484, **;
13 Fed. R. Serv. 2d (Callaghan) 1123; 1969 Trade Cas. (CCH) P72,834

not necessarily change the situation even though it may be of some interest. The right of privacy and the right to keep confidential one's financial affairs is well recognized. It seems to be part of human nature not to desire to disclose them. It is not privileged matter in the legal sense of the term, but even if the information is not privileged, and it is not, it still may be oppressive or unreasonable to require disclosure at the taking of a deposition. This information can be obtained at the trial if the trial progresses to a point where it becomes relevant. It seems oppressive and unreasonable to require these persons to disclose this information in advance when many things may happen between now and the trial that might make the disclosure unnecessary.

Modern civil procedure in the Federal courts contemplates liberal disclosure. Discovery is in the interest of justice. Nevertheless, discovery is not unbridled and not unlimited. There must be restrictions to protect individuals in their natural privacy.

The Court is of the opinion that the request is both unreasonable and oppressive. It may become reasonable at the trial, but it is unreasonable at this early [**5] stage of the controversy. If it becomes relevant at the trial, a short continuance can be had if necessary in order to obtain the information.

The motion to limit subpoenas *duces tecum* in the manner indicated is granted without prejudice to the right to renew such requests if the matter becomes relevant at that time.

Counsel may submit an appropriate order.

# ATTACHMENT 15



# RIGGS

| | | |
|---|---|---|
| Statement Date: | 10/08/04 - 11/07/04 | |
| Payment Due Date: | 12/02/04 | |
| Minimum Payment Due: | $54.00 | |

CUSTOMER SERVICE
In U.S.        1-888-200-8071
Español        1-888-446-3308
TDD            1-800-955-8060
Outside U.S. call collect
               1-302-594-8200

## VISA ACCOUNT SUMMARY      Account Number:

| | | | |
|---|---|---|---|
| Previous Balance | $2,225.14 | Total Credit Line | $10,000 |
| Payment Credits | $2,225.14 | Available Credit | $7,250 |
| Purchases Cash Debits | +$2,749.34 | Cash Access Line | $2,000 |
| New Balance | $2,749.34 | Available for Cash | $2,000 |

ACCOUNT INQUIRIES
P.O. Box 15298
Wilmington DE 19850 5298

PAYMENT ADDRESS
P.O. Box 15153
Wilmington DE 19886-5153

VISIT US AT:
www.cardmemberservices.com

*paid box 108*
*11/4/04*

## TRAVELPLUS SUMMARY

| | |
|---|---|
| Previous miles balance | 56,570 |
| Miles earned on purchases this period | 2,750 |
| New total miles balance | 59,320 |

1,000 miles due to expire on 03/2007

To redeem your miles, call 1-800-603-2265 or log on to www.ChooseMyRewards.com for 24-hour access to your rewards program.

## TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Credit | Debit |
|---|---|---|---|---|
| 11/07 | 24159042839148241652 | UNITED AIR 016211811121 3 WOODALE IL | | 5.00 |
| | | 1 X     WAS    ATL | | |
| | | 2 X     ATL    WAS | | |

Statement Date     10/08/04 - 11/07/04
Account Number:

Page 2 of 2

## TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Credit | Debit |
|---|---|---|---|---|
| 10/21 | 24229704205224004060069 | EMBASSY SUITES  6321 ATLANTA GA | | 246.99 |
| 10/21 | 24418004205280076872209 | DULLES INTERNATIONAL WASHINGTON DC | | 30.00 |

2180