# EXHIBIT A

## Clark, David

| | |
|---|---|
| **From:** | Jessica Bogo [jbogo@charlsonbredehoft.com] |
| **Sent:** | Wednesday, May 31, 2006 1:57 PM |
| **To:** | Clark, David |
| **Cc:** | Hodgson, Morgan; lhoguet@hnrlaw.com; RMay@hnrlaw.com; DRegal@hnrlaw.com; Cooper, Ronald; Elaine Bredehoft |
| **Subject:** | Letter to David Clark and Subpoenae to PNC Bank and American Express |
| **Attachments:** | Letter to Clark 5-31-06.pdf; Subpoena to PNC Bank.pdf; Subpoena to Amex-#2.pdf |

Counsel:

Attached please find a letter to David Clark from Ms. Bredehoft and Subpoenae to PNC Bank and American Express.

Sincerely,

*Jessica R. Bogo*
*Litigation Paralegal*
*Charlson Bredehoft & Cohen, PC*
*11260 Roger Bacon Drive, Suite 201*
*Reston, Virginia 20190*
*(703) 318-6800*
*(703) 318-6808 (fax)*
*www.charlsonbredehoft.com*

*THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.*

*If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, forwarding, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail or telephone, and delete the original message immediately. Thank you.*

<<Letter to Clark 5-31-06.pdf>> <<Subpoena to PNC Bank.pdf>> <<Subpoena to Amex-#2.pdf>>

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

WESTERN                              PENNSYLVANIA

DISTRICT OF _____

Catherine Gaujacq

V.

**SUBPOENA IN A CIVIL CASE**

Electricite de France International
    North America, et al.

Case Number:[1]  1:05cv0969

TO: RECORDS UNIT, PNC BANK
    500 1ST AVENUE
    PITTSBURGH, PA  15222
    INTERNAL MAIL STOP:  P7-PFSC-02-F

(Pending in the U.S. District
    Court for the District of
    Columbia)

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

Please see Attachment A

| PLACE AMERICAN EXPEDITING COMPANY<br>   1501 PREBLE AVENUE   PITTSBURGH, PA   15233 | DATE AND TIME<br>JUNE 9, 2006   5:00PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>[signature]  Attorney for Plaintiff | DATE<br>5/31/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter C. Cohen, Esq.        CHARLSON BREDEHOFT & COHEN, PC
11260 Roger Bacon Drive, Suite 201      Reston, VA  20190  (703) 318-6800

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                          MANNER OF SERVICE

SERVED BY (PRINT NAME)                          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
                    DATE

                                        _____
                                        SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held  or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial  the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**ATTACHMENT A**

1.     All records, registration, correspondence, billing, payments, and any communications relating to Riggs Bank account number 001-001-0000-0008585429, from March 1, 2004 through the present.

2.     All records, registration, correspondence, billing, payments, and any communications relating to Riggs Bank account number 001-001-0000-0008585863, from March 1, 2004 through the present.

3.     All records, registration, correspondence, billing, payments, and any communications relating to Christian Nadal, from March 1, 2004 through the present.

4.     All records, registration, correspondence, billing, payments, and any communications relating to Benoit Dreux, from March 1, 2004 through the present.

5.     All records, registration, correspondence, billing, payments, and any communications relating to Catherine Gaujacq, from March 1, 2004 through the present

6.     All records, registration, correspondence, billing, payments, and any communications relating to all other accounts held in connection with the business Electricite de France, S.A. (aka "EDF") from March 1, 2004 through the present

7.     All records, registration, correspondence, billing, payments, and any communications relating to all accounts held in connection with the business Electricite de France International North America (aka "EDFINA") from March 1, 2004 through the present.

8.     All communication regarding the above-referenced accounts for the time period March 1, 2004 through the present.

i

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF ___ FLORIDA

Catherine Gaujacq

V

Electricite de France International
North America, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:05cv0969

TO:   AMERICAN EXPRESS COMPANY
      SUBPOENA COMPLIANCE
      1801 NORTHWEST 66TH AVENUE, SUITE 103
      PLANTATION, FL  33313

(Pending in the U.S. District
Court for the District of
Columbia)

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A

| PLACE  JUDICIAL PROCESS & SUPPORT, INC.<br>19 WEST FLAGLER STREET, SUITE 312   MIAMI, FL 33130 | DATE AND TIME<br>JUNE 9, 2006   5:00PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiff | DATE<br>5/31/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter C. Cohen, Esq.      CHARLSON BREDEHOFT & COHEN, PC
11260 Roger Bacon Drive, Suite 201    Reston, VA  20190  (703) 318-6800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to. lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert s opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## ATTACHMENT A

1.      All records, registration, correspondence, billing, payments, and any communications relating to account number 3783-661301-72009, Name: Catherine Gaujacq, from March 1, 2004 through the present.

2.      All records, registration, correspondence, billing, payments, and any communications relating to account number 3783-661301-71118, Name: Christian Nadal, from March 1, 2004 through the present.

i

**EXHIBIT B**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

Misc. Nos. 06-0175 & 06-176

|  |  |
|---|---|
| CATHERINE GAUJACQ | ) |
| Plaintiff, | ) |
|  | ) |
|  | )Case Pending in the U.S. District Court |
| v. | ) for the District of Columbia (JGP) |
|  | ) |
| ELECTRICITE DE FRANCE | )No. 1:05CV0969 (JGP) |
| INTERNATIONAL NORTH AMERICA, | ) |
| INC., et al., | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## ORDER

Plaintiff, Catherine Gaujacq, having moved, by counsel, for an order quashing the

subpoena to PNC Bank, and Defendants, Electricité de France, S.A., Electricité de France

International North America, Inc., and Christian Nadal, by respective counsel, having

opposed such motion to quash the subpoena to PNC Bank, and upon consideration of the

papers and arguments in this case, it is hereby

ORDERED, that Plaintiff's motion is DENIED; and it is

FURTHER ORDERED, that the subpoena to PNC Bank is not quashed; and it is

FURTHER ORERED, that counsel for Plaintiff serve a copy of this Order on the

recipient if the subpoena in the same manner as the original subpoena was served within

24 hours of this Order being entered.

SO ORDERED

United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| Plaintiff, | ) | 2:06-mc-00175-GLL |
| | ) | and |
| v | ) | 2:06-mc-00176-GLL |
| ELECTRICITE DE FRANCE | ) | (No. 1:05CV0969 (JGP) |
| INTERNATIONAL NORTH AMERICA, | ) | Pending in the United States District |
| INC., et al | ) | Court for the District of Columbia) |
| Defendants. | ) | |

### PLAINTIFF'S EMERGENCY MOTION FOR STAY PENDING RECONSIDERATION
### OF JUNE 19, 2006 ORDER DENYING MOTION TO QUASH SUBPOENA

Plaintiff CATHERINE GAUJACQ, by counsel, hereby moves this Court for a stay

pending reconsideration of its June 19, 2006 Order denying Ms. Gaujacq's Emergency Motion to

Quash Defendants' Document Subpoena from defendants Electricité de France, S.A. and

Electricité de France International North America, Inc. to PNC Bank. The grounds for this

motion are set forth in the accompanying Memorandum

June 19, 2006

Respectfully Submitted,

Elaine Charlson Bredehoft
D.C. Bar No. 441425
S. Christian Wickwire
D.C. Bar No. 488797
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
    Catherine Gaujacq

AND NOW, THIS 26-th DAY OF
June 06, IT IS HEREBY
ORDERED THAT THE WITHIN
MOTION IS DENIED.

GARY L. LANCASTER,
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - -x
                                    :
CATHERINE GAUJACQ,                  :
                                    :
         Plaintiff,                 :
                                    :
     vs.                            : 1:05CV0969 (JGP)
                                    :
ELECTRICITE DE FRANCE               :
INTERNATIONAL NORTH AMERICA, INC., :
et al.,                             :
                                    :
         Defendants.                :
                                    :
- - - - - - - - - - - - - - - - - - -x
                            Washington, D.C.

                            Friday, June 2, 2006
```

     Continuing deposition of CATHERINE GAUJACQ, called

for examination by counsel for the defendants,

pursuant to notice, at the office of Steptoe &

Johnson, LLP, 1330 Connecticut Avenue, N.W.,

Washington, D.C., before Laurel P. Platt, a Registered

Diplomate Reporter, and Fada S. Chaconas, a notary

public in and for Washington, D.C., beginning at 8:37

a.m., when were present on behalf of the respective

parties:

Page 675

1      A    Yes.

2      Q    Did your 2004 tax return contain an Exhibit

3    B, which is for interest and dividends?

4      A    It would show up some place.  Here.  8a.

5      Q    I'm asking whether there was an Exhibit B

6    attached.

7      A    I don't know.

8      Q    Did you produce your entire 1040 form to your

9    counsel for us for this litigation?

10     A    Yes.  This is what --

11     Q    It was only two pages long?

12     A    Yeah.

13     Q    Looking at Exhibit 96, can you identify that

14   as being your 2005 tax filings for Mississippi and the

15   federal government?

16     A    Yes.

17     Q    Where do you do your banking in the United

18   States today?

19     A    I do my banking at Bank of America and at

20   Trustmark.

21     Q    Trustmark?

22     A    Yeah.

e9589280-405f-4ff1-8993-fdd968ef5476

1    Q    Trustmark is located where?

2    A    Mississippi.

3    Q    Is that a savings account?

4    A    No.

5    Q    Is it a credit union?

6    A    Please, maybe I'm tired, and I think I am.

7  So, I have, gosh, with the Bank of America -- with the

8  Bank of America I have one money market and one

9  checking account.  And with Trustmark, I have a

10 checking account.

11   Q    Okay.

12   A    The same thing for the Credit Mutuel, I have

13 two accounts.

14   Q    Do you have any foreign bank accounts other

15 than the bank account you identified in France?

16   A    No.

17   Q    But you've had that account for both 2004 and

18 2005; correct?

19   A    I had this account for 30 years or so.  It's

20 the bank of my parents, the bank of my . . .

21   Q    Were you entitled to a deferred capital plan

22 when you were at EDF?

e9589280-405f-4ff1-8993-fdd968ef5476