# ATTACHMENT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No 1:05CV0969 (JGP) |
| ) | |
| ELECTRICITE DE FRANCE ) | |
| INTERNATIONAL NORTH AMERICA, ) | |
| INC , et al ) | |
| ) | |
| Defendants ) | |

### PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO EDF AND EDFINA'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Plaintiff, Catherine Gaujacq ("Ms Gaujacq"), pursuant to the Rule 34 of the Federal Rules of Civil Procedure, hereby objects and responds to Defendants Electricite de France, S A ("EDF") and Electricite de France International North America ("EDFINA") First Request for Production of Documents as follows

### GENERAL OBJECTIONS

The following objections apply to the Requests as a whole, and to each of the separate Requests

The provision or identification of any document or information in connection with this response does not constitute an admission that such document or information is relevant to any issue in this case or is admissible at trial of this action

1    Ms Gaujacq objects to the Requests to the extent they would require Ms Gaujacq to provide or reveal the contents of any document or information privileged from disclosure pursuant to the attorney-client privilege, the qualified immunity provided to litigation work

would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed R Civ P 26(b)(3)

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 58-60,312,315,316,317,728-730  Other documents produced may also be responsive to this Request

**123.   All documents concerning the allegation contained in paragraph 212 of the Complaint that there had been "assurances by the Company that during the 'transition' period, [Ms. Gaujacq] would continue to receive the same benefits of the compensation arrangement she had during her U.S. assignment."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence  Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed R Civ P 26(b)(3)

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 58-60,312,315,316,317,728-730  Other documents produced may also be responsive to this Request

**124.   All documents concerning the allegation contained in paragraph 213 of the Complaint that "[b]usiness expenses incurred by Ms. Gaujacq, including business related travel, insurance premiums and utility expenses, totaling over $2,500.00, have not been reimbursed by the Company."**

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence  Plaintiff

65

also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed R Civ P 26(b)(3)

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 61,62,75 77,313-317,318,319,617-621,739-760,1250-1252 Other documents produced may also be responsive to this Request

125. All documents concerning Plaintiff's claims for damages for "embarrassment, humiliation, inconvenience, severe mental anguish, stress, pain and suffering" as alleged in paragraphs 232, 251, 261, 268, 282, 292, 308, 330, 352 of the Complaint.

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, and on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed R Civ P 26(b)(3)

**RESPONSE:** Without waiving objections, please see documents Bates stamp nos 1-1266 Other documents produced may also be responsive to this Request

126. All documents concerning Plaintiff's claim for damages for "emotional pain" and "loss of enjoyment of life and other nonpecuniary injury" as alleged in paragraphs 308 and 319 of the Complaint.

**OBJECTION:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence Plaintiff

December 21, 2005

Catherine Gaujacq,
By Counsel

*[signature]*

Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff,
Catherine L. Gaujacq


December 21, 2005

Catherine Gaujacq,
By Counsel

*[signature]*

Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff,
Catherine L. Gaujacq

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO EDF AND EDFINA'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF by email (response only) and Federal Express (response and documents) this 21st day of December 2005 on counsel for EDF and EDFINA addressed as follows:

> Laura B. Hoguet, Esq.
> Dorothea W. Regal, Esq.
> HOGUET NEWMAN & REGAL, LLP
> 10 East 40th Street
> New York, New York 10016
> (212) 689-8808
> lhoguet@hnrlaw.com
> dregal@hnrlaw.com
>
> Counsel for Defendants
>   Electricite de France, S.A. and
>   Electricite de France International North America

With a courtesy copy sent this same day by email (response only) and Federal Express (response and documents), addressed as follows:

> Ronald S. Cooper, Esq.
> STEPTOE & JOHNSON LLP
> 1330 Connecticut Avenue, NW
> Washington, DC 20036
> (202) 429-3000
> rcooper@steptoe.com
>
> Counsel for Defendant
>   Christian Nadal

_____
Elaine Charlson Bredehoft

75