IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| Plaintiff, | ) |
| v. | ) No. 1:05CV0969 (JGP) |
| ELECTRICITÉ DE FRANCE INTERNATIONAL NORTH AMERICA, INC., et al., | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA"), and Christian Nadal ("Nadal"), by and through undersigned counsel, submit this Reply in support of their Motion to Compel Production of Documents [#74], filed June 16, 2006 (the "Motion"), to address arguments presented in Plaintiff's Opposition to Defendants' Motion to Compel Production of Documents [#83] ("Opposition").

I.   **Plaintiff Should Produce Documents Relating to Housing and Storage Costs in France.**

Defendants have amply demonstrated the relevance of documents relating to Plaintiff's housing and storage costs in France (Document Request Nos. 7 and 16).  *See* Motion at 2-4.  They are relevant to *Defendants'* analysis of Plaintiff's damages claims, including Plaintiff's claims for compensation based on the payment by EDF of housing expenses for expatriates serving abroad.  They are also relevant for comparing the net benefit to Plaintiff under competing damages scenarios, some of which include the

payment of U.S. housing costs for expatriated employees whose French housing expense might continue during the period of expatriation. *Id*. at 3.

Plaintiff's only response is that *her own* legal and expert theories -- not those of Defendants – proscribe the boundaries of *Defendants'* permissible discovery: Curiously, she argues that, because *she* does not seek expenses of a French residence, Defendants' discovery is unreasonable. Opposition at 2, 3. Her contention that her own damages theory is the only potentially relevant reference point for a damages analysis harks back to her position in the parties' meet and confer conference, in which she made clear that Defendants would need to convince *her* damages expert of Defendants' need for the information before she would agree to produce the information. *See* Motion at 4.

To be sure, Plaintiff is free to pursue her own damages theories, but she may not prevent Defendants from doing the same. Dr. Jonathan Walker, Defendants' damages expert, has set forth his analysis and opinions concerning Plaintiff's pay at Defendant EDF in comparison to Plaintiff's pay at Entergy (her present employer). *See* Report of Jonathan Walker, attached hereto as Exhibit 1, at pp. 8-13. In this section, Dr. Walker shows that economic analysis may consider the actual expense situation in France that expatriate salary benefits are designed to equalize and, more particularly, that Plaintiff's actual housing and other living costs are directly relevant to comparisons of the "true financial benefit Plaintiff derived by switching jobs." *See, e.g., id*. at 11 (comparing housing costs in Great Falls, Virginia, where Plaintiff lived while working for EDF in Washington, D.C., with housing costs in Jackson, Mississippi, where Plaintiff moved after accepting employment with Entergy). Plaintiff's actual housing expenses in France are thus relevant -- as a potential offset against the amounts Plaintiff claims pursuant to

her "contractual stipend" from EDF -- to Dr. Walker's consideration of the "true financial benefit Plaintiff derived by switching jobs" to a permanent position in the U.S. from one that always anticipated a return to France.

With respect to expenses for storing furniture in France (also sought in Request No. 16), Plaintiff has apparently conceded the Motion by asserting, however belatedly, that she has produced "all responsive documents." *See* Motion at 4-5. Rather than treating the Motion as moot as to Document Request 16, however, Defendants' motion should be still granted and Plaintiff's objections overruled, because Plaintiff has not disputed the relevance of the discovery and because granting the motion will ensure that Plaintiff is required to supplement should further documents be discovered.

II. **Plaintiff Should be Ordered To Produce Her Calendars and All Similar Documents.**

Request No. 9 asks for "all calendars or other documents showing travel dates and/or meetings for 2004-2005." Plaintiff's Opposition appears to narrow the Request – she frames her response in terms of her "business calendars" in claiming that such documents are exclusively in the possession of Defendants. *See* Opposition at 5.[1]

---

[1] Plaintiff also appears to take the position (again quite belatedly) that *all* documents responsive to Request No. 9 have been produced to Defendants, although her careful couching of what has been produced leaves even that unclear. Plaintiff did not take this position in the parties' conference on these issues or indicate in subsequent correspondence that she had produced (or would produce) all responsive documents. Nor has she produced her personal calendars. If all available documents called for by Request 9 in Plaintiff's possession, custody and control have in fact been produced, then, as with the furniture rental documentation discussed in Part I, Defendants' motion still should be granted rather than treating the Motion as moot. Defendants have demonstrated the relevance of this discovery, and Plaintiff has not disputed Defendants' showing. Granting the motion and overruling Plaintiff's objections will ensure that all responsive documents are produced and that Plaintiff is required to supplement should further documents be discovered.

Plaintiff's response thus leaves open the question of whether Plaintiff has *personal* calendars from the 2004-2005 period, which seems likely and which she has not denied. And of course, no such calendars have been produced. The specially created chronologies Plaintiff has elected to create for purposes of this case (*see id* at 6) are no substitute for Plaintiff's own source documents.

Accordingly, Plaintiff's objections to Request No. 9 should be overruled and full production ordered of all personal, business and other calendars, electronic and hard copy.

### III.   Plaintiff Should Produce Her Credit Card Statements.

Plaintiff takes her role as gatekeeper to what is discoverable to new heights in resisting production of these documents and steadfastly maintaining her entitlement to pass judgment upon what documents Defendants reasonably require.

Plaintiff's "location" throughout much of the 2004-2005 period is in dispute. In arguing that Plaintiff's production of responsive credit card statements should be limited to certain precise dates as to which Plaintiff's whereabouts are disputed, Plaintiff reads Defendants' relevance argument in an unfairly narrow fashion. While Defendants did indeed describe the disputed facts as to which Plaintiff's credit card records may be relevant as "disputes with respect to Plaintiff's location during the period that she worked for Defendants," *see* Opposition at 7 (quoting Defendants' brief), Defendants' Motion also described the nature of the relevance of these documents more broadly as "Plaintiff's whereabouts during the periods in question." Motion at 6, citing Defendants' May 30, 2005 letter to Plaintiff's counsel (Ex. A at 3). The relevant issues are Plaintiff's whereabouts and activities *generally* during the period in question, not merely for a narrow range of dates that Plaintiff specifies.

As to the relevance of documents that would show the comparative locations and activities of Plaintiff and Defendant Nadal, the Court need look no further for confirmation than *Plaintiff's* most recent set of document requests, in which she seeks a much broader universe of documents on the same issue – presumably because she believes such documents are relevant to the lawsuit. She has sought:

> 9. Documents sufficient to reflect the business travel schedule of Christian Nadal from January 2002 through the present.
>
> * * *
>
> 12. Documents sufficient to reflect any records kept, of any nature, by anyone, of the time any employee (EDF or EDFINA) was present in the offices of EDFINA, traveled, worked from home, was ill, on vacation, or was otherwise out, from January 2000 through the present.
>
> * * *
>
> 23. Documents sufficient to reflect Mr. Nadal's travel and business appointments from July 2004 through the present. This includes, but is not limited to, calendars, correspondence, time records, expense reports.
>
> 24. Documents sufficient to reflect Mr. Nadal's vacation time, and time out of the office, from March 2004 through the present.

Plaintiff's Fifth Request for Production of Documents [to all defendants], attached hereto as Ex. 2. Defendants have produced the documents Plaintiff demanded. Plaintiff should be required to do the same.

> **A.   Plaintiff's selective production of expense records she believes support her damages claim does not satisfy her obligation to produce the credit card statements requested by Defendants.**

Plaintiff suggests that it is necessary for Defendants to establish in advance the expenses Plaintiff incurred, as reflected in her credit card statements, that may be relevant to her damages claims. *See, e.g.,* Opposition at 7-8 ("Because Defendants cannot recite any of Ms. Gaujacq's expenses with which they take issue, it is impossible to respond to this argument."). Once again, this assertion demonstrates Plaintiff's misunderstanding of the pre-trial discovery process. Defendants are not required to "recite any of Ms.

Gaujacq's expenses with which they take issue," as Plaintiff argues. *Id*. at 8. Moreover, Defendants have been seeking discovery concerning Plaintiff's expenses to assist in the damages analysis of Dr. Walker, Defendants' expert economist on damages, who has opined in his report on the "true financial benefit Plaintiff derived by switching jobs," as reflected in the discussion *supra* at 2-3 and the Walker Report at p. 11 (attached hereto as Ex. 1). In addition to the comparative expense analysis that Plaintiff's credit card statements would support, her credit card statements may also reveal information concerning Plaintiff's travel schedule and whereabouts over the time period at issue, as discussed in the preceding section.

  **B.** **Plaintiff misunderstands the relevance of her credit card statements to her claims of damage from the alleged cancellation of her corporate credit cards.**

  Plaintiff also argues that her credit card statements "have no conceivable bearing on the cancellation of her corporate credit card." Opposition at 8. To the contrary, Plaintiff's credit card records are directly relevant to her damages claim, because they may well show that her ability to make credit card charges was not impaired, notwithstanding the alleged cancellation of her corporate card by Defendants, and thus any alleged action by Defendants would not have caused her any damage. Moreover, given the other issues discussed above, as to which Plaintiff's credit card statements also may lead to the discovery of relevant evidence, there is no basis for limiting Plaintiff's production of responsive documents to the date of the alleged credit card cancellation and thereafter. The time period of this Request is plainly a reasonable one, and Plaintiff should not be permitted to unilaterally rewrite Defendants' Request to suit her desire to limit legitimate discovery.

## CONCLUSION

Plaintiff's groundless objections should be overruled, and Defendants respectfully request that the proposed Order submitted with their Motion be entered forthwith.

Dated: July 19, 2006                              Respectfully submitted,

_____/s/_____
Dorothea Regal
D.C. Bar No. NY0064
Randi B. Seltzer-May
D.C. Bar No. NY0063
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, NY  10016
(212)689-8808
*Counsel for Defendants Electricité de France, S.A. and Electricité de France International North America, Inc.*

_____/s/_____
Morgan D. Hodgson
D.C. Bar No. 186528
David A. Clark
D.C. Bar No. 473279
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 429-3000
*Counsel for Defendant Christian Nadal*