IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:05CV0969 (JGP) |
| | ) |
| ELECTRICITE DE FRANCE | ) |
| INTERNATIONAL NORTH AMERICA, | ) |
| INC., et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIFTH REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT ELECTRICITE DE FRANCE, S.A. ("EDF"),
ELECTRICITE DE FRANCE INTERNATIONAL NORTH
AMERICA, INC. ("EDFINA"), AND CHRISTIAN NADAL ("MR. NADAL")**

Plaintiff Catherine Gaujacq, by counsel, requests that defendants EDF, EDFINA, and Mr. Nadal, produce, pursuant to Fed. R. Civ. P. 34, the following documents, and serve defendants' response upon plaintiff's counsel at Charlson Bredehoft & Cohen, P.C., 11260 Roger Bacon Drive, Suite 201, Reston, Virginia 20190, within the time provided by law.

DEFINITIONS AND INSTRUCTIONS

In responding to these Requests, the following definitions and instructions shall apply:

1.  "Ms. Gaujacq" or "Gaujacq" refers to plaintiff Catherine Gaujacq. "You," "your" or "defendants" refers to defendants Electricite de France International North America, Inc., Electricite de France, S.A., and Mr. Nadal. "EDFINA" refers to Electricite de France International North America, Inc. EDFINA, Inc., its agents, officers, and employees, and their subsidiaries, affiliates, and associated corporations, partnerships, and entities. "EDF" refers to defendant

Electricite de France ("EDF"). "the Company" refers collectively to EDF and EDFINA. "Nadal" or "Mr. Nadal" refers to defendant Christian Nadal.

2.      "This action" refers to this civil action now pending in the United States District Court for the District of Columbia.

3.      The term "document" is used in the broadest possible sense, and includes (but is not limited to) any written, printed, typed, photocopied, photographed, recorded (including but not limited to magnetic, mechanical, or electronic recordings) or otherwise reproduced communication or representation. This definition includes (but is not limited to) correspondence, memoranda, wires, cables, studies, maps, analyses, diagrams, electronic mail, scraps of paper, notes, loan documentation, applications, drawings, charts, graphs, plans, plats, photographs, video tapes, audio tapes, computer disks, hard drives, contracts, agreements, working papers, drafts, reports of investigations or inspections of any kind, opinions of consultants or experts, diaries, minutes, calendars, other reports, vouchers, invoices, journals, bills, orders, time slips or records, books, computations, field notes, logs, financial records or statements, or work papers, checks, receipts, bank statements and the like. Data compilations from which information may be translated into usable form (e.g., computer memory) are also included. The definition includes, as a separate document, each duplicate or reproduction or copy of a document that contains any non-conforming note, marking, material or attachment. If it is maintained that any document requested to be identified has been destroyed or is otherwise no longer within your possession or control, identify the document and state the date, place, and manner of its destruction or removal from your control, and identify the person who authorized or ordered such destruction or removal.

4. "Person" includes individuals, agencies, government entities, corporations, partnerships, unincorporated associations, and other business entities, and specifically includes the plaintiff and defendant in this action, and includes any predecessors or successors in interest.

5. The terms "identity," or "identify," or "describe," or "detail," when used in connection with a document mean to describe the document fully, including the character of the document, its title (if any), date, author(s), addressee(s), recipient(s), number of pages, the location and custodian of each copy to the extent known, the substance of the contents thereof, and any other identifying number of information. The terms "identity," or "identify," or "describe," or "detail" when used in connection with an event or condition mean to indicate, as completely and fully as possible, all facts comprising or contributing to the event or condition. The terms "identity," or "identify," or "describe," or "detail" when used in connection with a person mean:

a. where the person is an individual, to state the person's full name, home and business addresses and telephone numbers, and business or other affiliation (including title), and

b. where the person is not an individual, to state the full name of the entity, the nature of the entity, address and telephone number of the entity, and such additional identifying information as may be necessary to enable the "person" to be contacted. When identifying a "person," information should in all cases be adequate to permit service of process or notice of a deposition upon such person.

6. The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference and meaning (without limitation) relating to, regarding, referring to, constituting, defining, discussing, containing, construing, embodying,

reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

7. Use of the singular tense shall be deemed to include the plural and <u>vice versa</u>. Use of either the masculine or feminine pronoun shall be deemed to include both genders. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to permit the inclusion of materials or information otherwise excluded.

8. In responding to these Requests, please furnish all information available to you or within your control, including any information in the possession of agents, attorneys, contractors, subcontractors, former employees, officers, members, or any other person acting on your behalf.

9. Each Request shall be deemed continuing so as to require supplemental answers in accordance with the Rule 26(e) of the Federal Rules of Civil Procedure.

10. In responding to each Request, please identify all contributing sources of information, including the identity of any person consulted or document used in connection with answering such interrogatory and the extent of any person's assistance.

11. If a privilege or privileges are asserted as to any information requested by these Requests, or if any Request is otherwise not fully answered, please respond to the extent the Request is not objected to, and state the specific grounds for not fully answering, the legal basis for not fully answering (specifying any privilege asserted), and the facts allegedly giving rise to any claim of privilege. Identify any information, document, or other material for which any privilege is asserted, and identify the date and author or generator as well as all persons shown as having been, or otherwise known to you as having been, recipients of such information, document, or other material. If you contend that you have attempted to procure the waiver of the

privilege, please also identify fully the persons with whom you communicated and the stated reason for refusal to waive the privilege.

12. Where there is no time limit specified, the Requests encompass documents in existence and/or events occurring during the time period from August 1, 2000 through the present.

13. The spelling of all proper nouns in these Requests should be interpreted phonetically, and not necessarily as the nouns are spelled in the Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents from 2003 through the present reflecting any change in EDF's strategy or policies for EDFINA, for the United States, or for Canada.

2. All documents reflecting the decision to assign an R-1 level ranking to the position of General Delegate, EDFINA, President of EDFINA or any other position held by Mr. Nadal since January 2004.

3. All documents reflecting the decision to assign an R-3 level ranking to the General Delegate, EDFINA, President of EDFINA, or any other position held by Ms. Gaujacq since January 2000.

4. All documents reflecting any decision-making or discussion surrounding the ranking of the position or positions held by Ms. Gaujacq since January 2000.

5. All documents reflecting any decision-making or discussion surrounding any offer made to Ms. Gaujacq for any position since January 2003. Please include in response to this request all documents reflecting the job description, all documents reflecting all aspects of compensation (salary, plus all benefits and tax provisions), all documents reflecting the ranking of the position or positions (including all discussions and decision-making as to how the ranking

was determined and what factors were considered for the ranking), all documents reflecting any communications with Ms. Gaujacq relating to each position, all documents reflecting who ultimately was offered, and who accepted, each position, including their qualifications, prior ranking within EDF, current compensation, and job description.

6. All documents reflecting any decision-making and the factors considered in ranking Ms. Gaujacq an R-1, but not an R-2 or an R-3. This Request encompasses any decision-making or factors considered in ranking the POSITION held by Ms. Gaujacq, as well.

7. Documents sufficient to reflect the identity, qualification, compensation, and rankings of each person holding a General Delegate or President title in any foreign country (foreign to France) from January 2000 through the present.

8. Documents sufficient to reflect the travel schedules of the Chairman of EDF for any travel that included the United States or Canada, from January 2000 through the present.

9. Documents sufficient to reflect the business travel schedule of Christian Nadal from January 2002 through the present.

10. Documents sufficient to reflect the business travel schedule of Catherine Gaujacq from January 2000 through the present.

11. Documents sufficient to reflect all acquisitions and servicing of computer or computer-related equipment of EDFINA at any time between January 2000, through the present. This request specifically includes all purchases of computer hardware or software equipment, all service agreements of any nature relating to computer services or networking, all repair work, and any donation or destruction of any computers, hardware or software.

12. Documents sufficient to reflect any records kept, of any nature, by anyone, of the time any employee (EDF or EDFINA) was present in the offices of EDFINA, traveled, worked

from home, was ill, on vacation, or was otherwise out, from January 2000 through the present. This request specifically includes, but is not limited to, Catherine Gaujacq, Christian Nadal, Adja Ba, Alexandre Audie, Jean Luc Foret, and Benoit Dreux.

13. Documents reflecting any unsuccessful effort to obtain information or documents from Ms. Gaujacq, at any time while she was President or Vice President of EDFINA.

14. Copies of all business expense records, including attachments, and record of payment, for Catherine Gaujacq, Jean Luc Foret, Benoit Dreux and Christian Nadal.

15. Copies of all documents supporting the disapproval/refusal to pay or reimburse, any expenses to Ms. Gaujacq. This request specifically requests the documentation supporting the denial of payment of certain expenses submitted by Ms. Gaujacq.

16. Copies of all policies and procedures governing EDFINA employees since 2000.

17. Copies of any time records kept for any employee, whether EDFINA or EDF, working out of the Washington D.C. office at any time from 2001 through the present.

18. Copies of all interview notes from the audit conducted by EDF of EDFINA in the summer of 2004.

19. Copies of any correspondence to or from the auditor conducting the audit by EDF of EDFINA in the summer of 2004, relating in any manner to the audit, or any aspect of the investigation, findings, or implementation of the findings.

20. Documents sufficient to reflect the budget for EDFINA for each year from 2000 through the present.

21. Documents sufficient to reflect the expenses paid out of the EDFINA budget for each year from 2000 through the present.

22. Documents sufficient to reflect whether the budget was met each year (2000 to the present), and if over, the source of funds used to make up the difference, and if less than, what was done with the excess.

23. Documents sufficient to reflect Mr. Nadal's travel and business appointments from July 2004 through the present. This includes, but is not limited to, calendars, correspondence, time records, expense reports.

24. Documents sufficient to reflect Mr. Nadal's vacation time, and time out of the office, from March 2004 through the present.

25. Documents sufficient to reflect the compensation paid to Adja Ba, Alexandre Audie, Jean Luc Foret, Benoit Dreux, Georges Servier, Richard Schomberg, and any other employee of EDFINA or EDF employed at EDFINA, during the period January 2001 through the present.

26. Copies of all drafts and final Expatriatian Contracts, or any other contract governing the terms and conditions of employment, for Catherine Gaujacq, Christian Nadal, Benoit Dreux, Jean Luc Foret, Alexandre Audie, Georges Servier, Adja Ba, Richard Schomberg, and any other employee of EDF employed at EDFINA, or EDFINA employee, from January 2001 through the present.

27. Copies of the most current resumes of Christian Nadal, Benoit Dreux, Jean Luc Foret, Alexandre Audie, Georges Servier, Adja Ba, Richard Schomberg, and all other employees employed at EDFINA by EDF, or by EDFINA.

28. Copies of all resumes, contracts, and documents sufficient to reflect level of ranking (e.g., R-1, R-2), and all compensation paid, for any individual who accepted any position offered to Ms. Gaujacq during the year 2004 (this request includes up to the present, but limits only to 2004 those positions offered to Ms. Gaujacq).

29. Documents sufficient to reflect the activities engaged in with respect to the United States and Canada on behalf of EDF, during the time Catherine Gaujacq was President of EDFINA.

30. Documents sufficient to reflect the activities engaged in with respect to the United States and Canada on behalf of EDF, during the time Christian Nadal was President of EDFINA.

31. Copies of all emails sent or received by Christian Nadal during the period January 2004 through September 2004.

32. Copies of all emails sent or received by Jean Luc Foret during the period January 2004 through September 2004.

33. Copies of all emails sent or received by Benoit Dreux during the period January 2004 through September 2004.

34. Copies of all emails sent or received by Alexandre Audie during the period January 2004 through September 2004.

35. Copies of all emails sent or received by Adja Ba during the period January 2004 through September 2004.

36. Copies of all emails sent or received by Catherine Gaujacq during the period January 2004 through September 2004.

37. Copies of all notes taken during any interviews relating to any investigation of this action.

38. Copies of all documents EDF, EDFINA or Mr. Nadal contend were not provided by Ms. Gaujacq that had to be re-created or obtained through other, non-EDF and non-EDFINA sources.

39. Copies of all telephone records for EDFINA, including all telephone lines and cell phones, for the period February 2004 through September 2004.

40. Copies of all expense reports for Jean Luc Foret, Christian Nadal, Benoit Dreux, Georges Servier and Alexandre Audie for the period 2004- present.

41. Copies of all documents upon which you rely in contesting the opinions of Dr. Liza Gold or Neil Demchick, Plaintiff's expert witnesses. In other words, this request seeks documents supporting any contention by you that the reports of Dr. Gold or Mr. Demchick are inaccurate or otherwise not correct, and documents which would prove or disprove all facts assumed, in particular, by Mr. Demchick in providing his report.

42. Copies of all checks prepared at the direction of Catherine Gaujacq during the period June 1, 2004 through July 2004.

43. Documents sufficient to reflect any documentation supporting the contention by EDF, EDFINA or Mr. Nadal that Ms. Gaujacq engaged in any wrongdoing while employed as the President or Vice President of EDFINA.

44. Documents sufficient to reflect all R-1, R-2 and R-3 ranked employees of EDF in foreign countries during the period 2002 through the present, their qualifications, their compensation, and the factors considered in determining the ranking of R-1, R-2 or R-3.

45. Documents reflecting all R-1, R-2 and R-3 positions which opened up at EDF or were available during the period April 1, 2004 through the present. For each such position, please provide the job description (or mission), the qualifications for the position, the resume or qualifications of the person filling the position, the compensation provided to the individual from the time of filling the position through the present.

10

46. To the extent not previously provided, documents relating to the facts and issues of this litigation.

47. All documents provided in response to any third party subpoenae or other request.

48. All documents relating in any manner to, including supporting or disputing, the financial data and calculations of Neil Demchick.

49. All communications between ENTERGY and EDF, EDFINA, or Mr. Nadal relating in any manner to Catherine Gaujacq.

50. All documents supporting or otherwise relied upon by EDF in preparing the Employment Letter of Catherine Gaujacq, Plaintiff's Bate Stamp No. 000161 - 65.

51. Copies of all pay stubs for Catherine Gaujacq from 2000 through the present, including documents providing a "key" for each item included in the pay stub, and documents supporting the basis for including such amounts in the pay stubs.

52. Documents reflecting the reason no W-2 or 1099 was provided for Catherine Gaujacq for 2005.

53. Documents relating to the qualifications, compensation, contracts, and job responsibilities or missions, of Richard Schomberg.

54. Documents reflecting all persons terminated for "destruction" of EDF property, including specifically for erasing any data on their computers.

55. Documents reflecting EDF and EDFINA policy and practice respecting the treatment of confidential or proprietary information.

56. Documents reflecting EDF and EDFINA policy and practice respecting the collection of computers and computer information for each employee transferring to another position.

57. Documents reflecting all employees of EDF terminated by EDF because of their refusal of a job position or positions, including the qualifications of each such employee, their ranking, the position or positions offered, the reasons for refusal and the communications relating to the termination.

58. Documents reflecting EDF policy, practice and procedures relating to discrimination and retaliation.

59. Documents reflecting EDF policy, practice and procedures relating to terminating employees from EDF.

60. Documents reflecting the calculations of Catherine Gaujacq's retirement/pension based upon the termination of Ms. Gaujacq, including the specific documents supporting the calculations

61. Documents reflecting the calculations of Catherine Gaujacq's retirement/pension in the event Ms. Gaujacq had worked at EDF until age 58

62. Documents reflecting all employees terminated by EDF who had more than 23 years of experience with EDF at the time of the termination. Please include the qualifications, ranking and compensation of the individuals, and all documents reflecting the reasons for the termination, including the communication of the termination.

63. Documents reflecting all EDF employees who were requested to return to France prior to the expiration of their contracts.

64. Documents reflecting all R-1, R-2 and R-3 EDF employees who have worked more than 6 months in a position without a written mission statement or position description.

65. Documents sufficient to reflect all reasons why no mission statement has been issued for Christian Nadal for his position in the United States.

66. Documents relating in any manner to Christian Nadal's mission in the United States.

67. Documents specifically reflecting the factors considered in ranking an EDF employee R-1, R-2 or R-3.

68. Documents specifically applying the factors considered in ranking an EDF employee R-1, R-2 or R-3.

69. Documents specifically reflecting all reasons considering and discussion in ranking Catherine Gaujacq R-3.

70. Documents specifically reflecting any consideration of Catherine Gaujacq to be ranked R-2 or R-1 at any time.

71. Documents reflecting all women ranked R-1, R-2 and R-3, their qualifications, their compensation, how they compare to males of the same rank, and documents supporting the reasons for differing compensation, if any.

72. Documents reflecting all EDF employees who operated under an oral agreement or extension of any expatriation contract or other contract.

73. Documents reflecting all policies, practices or procedures for operating under an oral agreement or extension of any expatriation contract or other contract.

74. All communications between EDF, EDFINA or Christian Nadal, and any person listed as a witness or person with any knowledge by any party, since the filing of this lawsuit.

75. Documents reflecting the compensation of each person listed as a witness or person with knowledge, from January 2000 through the present

76. Documents reflecting the financial benefits received or realized by EDF for any work conducted on behalf of EDFINA, during the period January 2000 through the present.

77. Copies of all end of year financial reports for EDF and each of its subsidiaries, affiliates or partners, for each year from 2001 through the present.

78. Documents sufficient to provide a listing of all subsidiaries, affiliates or partners of EDF for each year from 20011 through the present.

79. Documents sufficient to reflect the rankings of each person heading (e.g., President, Chairman, etc.) each subsidiary or affiliate, and their qualifications and compensation for each year beginning January 2000 through the present.

May 1, 2006

Catherine Gaujacq,
By Counsel

Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff,
  Catherine L. Gaujacq

14

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ELECTRICITE DE FRANCE, S.A. ("EDF"), ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC. ("EDFINA"), AND CHRISTIAN NADAL ("MR. NADAL") by email, this 1st day of May, 2006, addressed to counsel defendants as follows:

>Laura B. Hoguet, Esq.
>Dorothea W. Regal, Esq.
>HOGUET NEWMAN & REGAL, LLP
>10 East 40th Street
>New York, New York 10016
>(212) 689-8808
>lhoguet@hnrlaw.com
>dregal@hnrlaw.com
>
>Counsel for Defendants
>   Electricite de France, S.A. and
>   Electricite de France International North America
>
>
>Ronald S. Cooper, Esq.
>David Clark, Esq.
>STEPTOE & JOHNSON LLP
>1330 Connecticut Avenue, NW
>Washington, DC 20036
>(202) 429-3000
>rcooper@steptoe.com
>dclark@steptoe.com
>
>Counsel for Defendant
>   Christian Nadal

_____
Elaine Charlson Bredehoft