# ATTACHMENT 1

# CHARLSON BREDEHOFT & COHEN, P.C.
ATTORNEYS AND COUNSELORS AT LAW

CURTIS L. CHARLSON (RET.)*
ELAINE CHARLSON BREDEHOFT◊
PETER C. COHEN◊
KATHLEEN Z. QUILL◊•
S. CHRISTIAN WICKWIRE◊□
JENNIFER A. HARPER

* ADMITTED ONLY IN MINNESOTA
◊ ALSO ADMITTED IN D.C.
• ALSO ADMITTED IN MASSACHUSETTS
□ ALSO ADMITTED IN NEW YORK
○ NOT ADMITTED IN VIRGINIA

June 15, 2006

**BY EMAIL**
Dorothea W. Regal, Esq.
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

    *Re:*    *Gaujacq v. Electricite de France International North America, et al.*
           *Civil Action No. 1:05CV0969*

Dear Dorothea:

    We have reviewed the responses provided by EDF and EDFINA (collectively "Defendants") to Plaintiff's Third, Fourth and Fifth Requests for Production of Documents ("RFP"), sent on February 27, May 11 and June 5, 2006. We have the following concerns with Defendants' responses:

    First, with respect to each request for production that Defendants have agreed to produce document, I note that Defendants have not complied with Fed. R. Civ. P. 34(d) in that it has not identified which documents are responsive to which requests.[1] This is particularly troubling because Plaintiff has no way of knowing whether Defendants has produced documents responsive to each of these requests in that Defendants agree to produce responsive documents only "if they exist" and "to the extent they have not previously been produced herein" in response to each of the requests. I ask that Defendants supplement their responses, taking care to comply fully with Rule 34(d) and identify which documents are responsive to each document request.

    Because no documents are identified in the actual Response, it is difficult to ascertain what has truly been provided in response to each Request. We have done our best to parse through them, but reserve the right after you have supplemented in compliance with the Rules to provide further concerns. With that caveat, I have the

---

[1] While we did not do that as well as possible in our first set of discovery responses and instead provided disks for your convenience and faster review, we listened to your concern, and have numbered the documents and have since fully complied with Fed. R. Civ. P. 34 (d).

Dorothea W. Regal, Esq.
June 15, 2006
Page 2 of 4

following additional, specific comments with respect to the Request for Production of Documents:

## I. Documents Withheld on Basis that They Were Subject of a Prior Motion to Compel

In response to Request Nos. 1-3, 13-16, 18-21, 33, and 35, of the Plaintiff's Fourth RFP and Request Nos 7, 25-27, 44, 45, 53, 54, 57, 62-64, 71, 72, and 79 of the Plaintiff's Fifth RFP, Defendants refuse to produce on the grounds that the Requests seeks the same type of documents which were the subject of a Motion to Compel that the Court deemed withdrawn

This objection is improper. The motion to compel involved a specific set of Requests and your multiple objections to those Requests. While the Court deemed the motion to compel responses to those specific requests withdrawn, Plaintiff has since gone back and redrafted new sets of Requests to respond to Defendants' objections Plaintiff's redrafted Requests, consisting of Plaintiff's Third, Fourth and Fifth RFPs, contain entirely new requests that are sufficiently tailored in response to Defendants' concerns For example, Plaintiff's Fourth RFP, Request Nos. 1-3 and Plaintiff's Fifth RFP Request Nos 7, 44, 45, 64, 71, 79 are narrowly tailored to information concerning particular rankings or titles within EDF & EDFINA

Another example is Plaintiff's Fourth RFP Request Nos 18-21, 33-35, 38 and Plaintiff's Fifth RFP Request Nos. 25-27, 53, which are narrowly tailored to information concerning specific employees

Moreover, Plaintiff's Fourth RFP Request Nos. 14-15 seeking EEO-1, EEOC and employee complaints were redrafted and significantly narrowed in both duration (limited to 2003 and 2004 to the present, respectively) and scope

### A. Documents Concerning Employees Other Than Mr. Nadal and Ms. Gaujacq

Defendants also object to these Requests identified above, as well as Plaintiff's Fifth RFP Nos 58 and 59, and refuses to produce documents on relevance grounds, stating that Plaintiff's claims arise under United States and not French law, is not a pattern or practice claim, allegedly only involve inequality in treatment between Plaintiff and Defendant Nadal or that it's an unwarranted invasion of privacy of other employees These are not legitimate bases for objection, and the conduct of the company with respect to similar others is not only relevant, but also admissible.

### B. January 2000 to the Present is not "Overbroad"

In response to Request No. 18-21, 33-35 of the Plaintiff's Fourth RFP, Defendants refuse to produce on the additional grounds that requests for documents from the year 2000 to the present are "overbroad in [their] stated time period." This objection

Dorothea W. Regal, Esq.
June 15, 2006
Page 3 of 4

is invalid as many of the relevant events occurred as far back as 2000 and even prior to that time. Defendants' objections is proven even more disingenuous by the fact that Defendants own subpoenae for bank account information from Plaintiff and her husband seek records from 2000 to the present.

**II.   Documents Withheld Concerning Defendants' Confidential Information and Computer Equipment Practices**

In response to Plaintiff's Fourth RFP Request No. 36 and Fifth RFP Request Nos. 55-56 seeking (1) Defendants' search of computers used by Plaintiff, (2) Defendants' practices with respect to treatment of confidential information and the collection of computers and (3) Defendant's practices with respect to treatment of computer information for employees transferred to another position Defendants have chosen to put this at issue by accusing Plaintiff of improper conduct in her treatment of the information stored on the laptop computer she returned to the company. By putting this topic at issue, Defendants are obligated to comply with Plaintiff's RFP and produce the documents requested

**III.   Documents Withheld Concerning Audits of Mr. Nadal's Division**

In response to Plaintiff's Fourth RFP Request Nos. 27-29 requesting all documents regarding audits conducted of Mr. Nadal's division of EDF, Defendants object on the grounds of, inter alia, relevance and oppression. As Defendants are quick to point out, Plaintiff's claims do concern, though they are not limited to, comparisons between Mr Nadal and Ms. Gaujacq. To that end, Mr. Nadal's performance is directly relevant to Ms. Gaujacq's claims. Audits of divisions that Mr Nadal had significant authority over is likely to lead to the discovery of evidence concerning Mr. Nadal's work performance. As such, the requested documents are relevant and must be produced by Defendants.

**IV.   Emails Withheld On The Basis Of Oppression And Relevance**

In response to Plaintiff's Fifth RFP Request Nos. 31-36 requesting all emails sent and received by the specified employees during the period January 2004 through September 2004, Defendants refused to produce any documents on the grounds of, inter alia, relevance and oppression. Plaintiff is willing to discuss narrowing the subject matters of such emails, though the Requests will be deemed to cover, at the least, (i) all emails to and from Ms. Gaujacq and/or Mr. Nadal, (ii) emails regarding the allegations in the Complaint and (ii) emails that are otherwise responsive to Plaintiff's Third, Fourth and Fifth RFP.

The Rules, this Court, and the case law, all support liberal discovery I would appreciate your addressing and supplementing these responses, based upon the above comments In the event you disagree, or believe that an in-person conference or telephone call will be beneficial, we are available to talk early next week on Monday or

Dorothea W. Regal, Esq.
June 15, 2006
Page 4 of 4

Tuesday afternoon. I hope that after reviewing this letter, you will genuinely and seriously consider providing full responses.

    Thank you for your consideration

                Very truly yours,

                S. Christian Wickwire

cc:    Laura B. Hoguet, Esq
       Randi B. May, Esq.
       David A. Clark, Esq.
       Morgan Day Hodgson, Esq.
       Elaine C. Bredehoft, Esq.
       Ms. Catherine Gaujacq



"Christian Wickwire"
<CWickwire@charlsonbredeh
oft.com>

06/15/2006 04:56 PM

To: <DRegal@hnrlaw.com>, <RMay@hnrlaw.com>, "Elaine Bredehoft" <ebredehoft@charlsonbredehoft.com>, "Jessica Bogo" <jbogo@charlsonbredehoft.com>

cc: "Hodgson, Morgan" <MHodgson@steptoe.com>, <dclark@steptoe.com>, <lhoguet@hnrlaw.com>

bcc:

Subject: RE: Meet and Confer Request

History:    This message has been replied to and forwarded.

Enclosed please find a letter requesting compliance with Plaintiff's Third, Fourth and Fifth Requests For Production.

We are willing to meet and confer regarding the submission of a supplement to Dr. Gold's expert report in advance of Dr. Gold's deposition. We believe it makes sense to discuss the two topics in one meeting. We are unavailable tomorrow, Friday, due to a mediation in another case, but are available any time Monday after 1:00 pm and Tuesday after 3:30 p.m.

I look forward to hearing from you,

Christian Wickwire

**S. Christian Wickwire**

Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
T: (703) 318-6800
F: (703) 318-6808
E-mail: *cwickwire@cbc-law.com*

-----Original Message-----
**From:** RMay@hnrlaw.com [mailto:RMay@hnrlaw.com]
**Sent:** Wednesday, June 14, 2006 6:55 PM
**To:** Elaine Bredehoft; Christian Wickwire; Jessica Bogo
**Cc:** Hodgson, Morgan; DRegal@hnrlaw.com; dclark@steptoe.com
**Subject:** Meet and Confer Request

Counsel:

Please let me know when you are available tomorrow to meet and confer to discuss Dr. Gold's report.

As you know, Rule 26(a)(2)(B) requires that Dr. Gold's report "contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions . . ." Dr. Gold's report does not comply with these requirements: (1) its only opinion is conclusory; (2) it is grossly incomplete; and (3) it states no bases or reasons for the conclusory opinion. The purposes of a providing a full and complete expert report are: (1) to eliminate, or at least greatly reduce, the need for extensive deposition testimony; and (2) to avoid unfair surprise. Because Dr. Gold's report does not comply with the rule, defendants cannot adequately prepare for her cross-examination and deposition.

Accordingly, we request that you provide a complete report no later than June 22, 2006.

As you know, we have cooperated in making ourselves available to you for meet and confer's on very short order and would very much appreciate the same courtesy.

Thank you in advance for your cooperation.

Randi

_____

Randi B. May
Hoguet Newman & Regal, LLP
10 East 40th Street
New York, NY 10016

Phone: (212) 689-8808
Fax:     (212) 689-5101

Letter to Ms. Regal 6-15-06.pdf