# ATTACHMENT 5

| | | |
|---|---|---|
| Dorothea Regal/Hoguet Newman Regal<br>06/27/2006 05:45 PM | To<br>cc<br>bcc<br>Subject | "Christian Wickwire" <CWickwire@charlsonbredehoft.com><br>dclark@steptoe.com, "Elaine Bredehoft" <ebredehoft@charlsonbredehoft.com>, "Jessica Bogo" <jbogo@charlsonbredehoft.com>, lhoguet@hnrlaw.com,<br><br>Follow-Up on June 20th Meet & Confer |

Gaujacq v. EDFINA et al.

Christian:

I am writing on behalf of all Defendants in further response to your e-mail of June 21, 2006 following the meet and confer telephone conference of June 20, 2006. We previously responded to your e-mail insofar as it addressed the issues concerning Dr. Gold's report. We now respond to the other two points raised in your e-mail, viz.: (1) Plaintiff's request for an image of the computer used by Ms. Gaujacq; and (2) Plaintiff's request for all e-mails sent or received by Ms. Gaujacq from January through September 2004.

1. Defendants EDF and EDFINA objected to Plaintiff's Request No. 36 in her 4th RFP. Following our meet and confer telephone conference, and in the spirit of compromise on this issue, we have undertaken to take an image of the hard drive of the laptop computer used by Ms. Gaujacq while she was employed at EDF, which she returned to EDFINA in 2005. We will provide to you, at our expense, an external hard drive containing the image of the hard drive of the laptop computer used by Ms. Gaujacq. While there was some discussion during our meet and confer telephone conference about other computers besides the laptop, we have concluded that there is only one computer - the laptop - that is responsive to Plaintiff's discovery request and that Plaintiff used. We will send this hard drive to you tomorrow by Federal Express, bearing Bates No. EDFINA 8503. We are producing this to you notwithstanding and without waiving our objection to this request.

2. Defendants objected to Plaintiff's Requests 31 - 36 in her 5th RFP on the specific grounds that they are "oppressive and vexatious in that [they seek] documents [all e-mails to and from the 6 named persons from January through September 2004] beyond and outside the scope of the extensive number of e-mails related to issues in this litigation that were sent or received by [these individuals] and that have already been produced herein in response to Plaintiff's Prior Document Requests."

Your letter of June 15, 2006 stated that Plaintiff was willing to narrow these requests to cover e-mails to and from Ms. Gaujacq and e-mails to and from Mr. Nadal. We explained that we had already produced all such e-mails that were relevant to issues in this litigation and were responsive to Plaintiff's prior document requests. We explained that, notwithstanding our objections, we would be willing to produce the e-mails from and to Ms. Gaujacq during an agreed period of time (including those already produced), but that we could not agree to do so with respect to e-mails to and from Mr. Nadal. We also explained that any further production of the e-mails from and to Ms. Gaujacq would require a laborious privilege review, which would take a considerable amount of effort and time; accordingly we requested that you shorten the period by at least 3 months so that the volume of documents required to be reviewed would be reduced. You have declined to do so, insisting on the original 9-month period requested.

Notwithstanding your unwillingness to reduce the burden upon Defendants in complying with your onerous and duplicative request, and notwithstanding and without waiving our objections, we are willing, in the spirit of compromise, to produce the e-mails from and to Ms. Gaujacq during the period January through September on the understanding that this will constitute a compromise whereby Plaintiff has

narrowed her Requests 31-36 to constitute solely a request for the e-mails from and to Ms. Gaujacq during the period January through September 2004, and to exclude all other requests stated in Requests 31-36. Please confirm that this compromise is what Plaintiff intends. Once you so confirm, we will undertake the review and production of such e-mails.

Dorothea W. Regal
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

Tel. (212) 689-8808
Fax (212) 689-5101
dregal@hnrlaw.com