# ATTACHMENT 4



| | | |
|---|---|---|
| "Christian Wickwire" <CWickwire@charlsonbredehoft.com> 06/21/2006 01:46 PM | To | <RMay@hnrlaw.com>, <DRegal@hnrlaw.com>, <lhoguet@hnrlaw.com>, <dclark@steptoe.com>, <mhodgson@steptoe.com> |
| | cc | "Elaine Bredehoft" <ebredehoft@charlsonbredehoft.com>, "Jessica Bogo" <jbogo@charlsonbredehoft.com> |
| | bcc | |
| | Subject | Supplement to Dr. Gold Report and Outstanding Discovery Requests |

History: This message has been replied to and forwarded.

Counsel:

Thank you for the meet and confer meeting we held yesterday at noon to discuss supplementing Dr. Gold's expert report and the issues with respect to Defendants' responses to Plaintiff's discovery requests. In our call, we agreed to get back to you on a number of items, including (1) the date of Dr. Gold's supplemental report; (2) the payment for a "flash" of Ms. Gaujacq's two work computers with an agreement that Defendants have not waived any attorney-client or attorney work product privileges by production of the "flash"; and three the possibility of narrowing the nine-month time period in the request for all emails to and from Ms. Gaujacq.

First, while we continue to be puzzled by your sudden claim 3 1/2 months after the Report was filed, that it somehow does not meet Rule 26(a)(2), and remain puzzled even after the meet and confer, having received very limited responses to our request for specificity of perceived deficiencies, we have nonetheless asked Dr. Gold to supplement her report to encompass the information that has been gathered since she wrote the report in March. Based upon Dr. Gold's schedule, she expects to be able to supplement the report by the end of next week, which should be more than sufficient for you to review and prepare for her deposition, which I understand is schedule for July 12.

Second, we are confused by your request for $500 to pay a third-party vendor for a "flash" of the hard-drives of Ms. Gaujacq's work computers. Under the rules, we are entitled to copies of whatever documents are in the possession or control of Defendants. If Defendants have a copy of the hard-drive or a "flash" of the hard-drive in their possession, it would seem that a copy of that would be much less expensive than $500 per hard-drive. Are you representing that Defendants do not have a copy of the files that were stored on Ms. Gaujacq's computers, or a copy or "flash" of the hard-drives themselves? Did Defendants ever undertake to make a copy or "flash" of the hard-drives, or the files therein, on Ms. Gaujacq's computers or request a copy for themselves from the vendor that retrieved such information or data?

Third, with respect to the emails sent or received by Ms. Gaujacq, we believe that the time-frame identified in Plaintiff's requests for production remains reasonable, and do not perceive any benefit to either party from shortening the time period.

Sincerely,

Christian Wickwire

**S. Christian Wickwire**

Charlson Bredehoft & Cohen, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
T: (703) 318-6800
F: (703) 318-6808
E-mail: *cwickwire@cbc-law.com*