*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | | |
|---|---|---|
| **CATHERINE GAUJACQ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 05-0969 (JGP)** |
| | ) | |
| **ELECTRICITE DE FRANCE** | ) | |
| **INTERNATIONAL NORTH AMERICA, INC.,** | ) | |
| | ) | |
| **ELECTRICITE DE FRANCE, S.A.,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CHRISTIAN NADAL** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM ORDER

Before the Court presently is plaintiff's **Motion to Compel [#86]**[1], which seeks an Order

from the Court "compelling the production of documents" from defendants relating to "certain

requests set forth in Plaintiff's Fourth and Fifth Requests for the Production of Documents."[2]

Pl.'s Memo, at 1.  Defendants oppose plaintiff's Motion, *inter alia*[3], on the grounds that many of

the disputed RPD's are overly broad and/or not relevant to proving plaintiff's case, and the

---

[1]  The Court will hereafter use the abbreviation "Pl.s Memo" when citing the
accompanying Memorandum in Support of Plaintiff's Motion to Compel Production of
Documents.

[2]  When referencing Plaintiff's Requests for the Production of Documents, the Court will
use the abbreviation "RPD."

[3]  Defendants withdrew their previously advanced argument that the instant Motion
should be denied because it is untimely at a status conference held before the Court on August
23, 2006.

remainder of the disputed RPD's "have [already] been produced."[4] Opposition of Defendants

Electricite De France, S.A. and Electricite De France International North America, Inc. to

Plaintiff's Motion to Compel [#90] ("Pl.'s Opp."), at 6-16.

------

[4] Although plaintiff only *specifically* set forth 4 of the 39 disputed RPD's within the Motion, *id*. at 24, 27, she "categorized" them this way:

> First, [plaintiff] seeks documents related to the payment, responsibilities and evaluations of certain EDF and EDFINA employees, including their employment/expatriate agreements, resumes, evaluations and pay stubs.
> . . . .
> Second, [plaintiff] seeks production of all emails to and from Mr. Nadal during the period January through September 2004 and audits of divisions of which Mr. Nadal was a part of[.]
> . . . .
> Third, [plaintiff] seeks documents reflecting and explaining documents related to Defendants' policies regarding discrimination and retaliation and other instances in which Defendants have engaged or been accused of engaging in discriminatory or retaliatory conduct against other employees.
> . . . .
> Fourth, [plaintiff] seeks documents related to the policy and practice with respect to the treatment of confidential and proprietary information for each employee transferring to another position.
> . . . .
> [And] Fifth, [plaintiff] seeks documents related to the manner in which Defendants treated other employees in similar situations to [her], including other employees that were terminated for "destruction" of EDF property, other employees that were terminated for refusing transfers to other positions, other employees that were terminated after more than 23 years of experience with the company, other employees who were requested to return to France after the expiration of their contracts, and other employees who worked for more than six months without a written job description or mission statement.

*Id*. at 2-4 (emphasis in original).  Along with the instant Motion, plaintiff filed an attachment with the Court, exceeding 500 pages, which contained all of the RPD's served on defendants.  The Court directly quotes from these RPD's in its foregoing analysis.

As explained below, the Court concludes that the document requests plaintiff seeks to elicit that are irrelevant, vague, overly broad or have already been produced by defendants[5] should be denied, and the document requests which are "'reasonably necessary to afford a fair opportunity to develop and prepare the case'" should be granted. *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (quoting Fed. R Civ. P. 26(b)(1) Notes of Advisory Committee on Rules, 1983 Amendment)).  To that end, plaintiff's Motion should be granted in part and denied in part.

Preliminarily, as the Court has previously noted in this case, it has broad discretion to decide matters affecting the scope of discovery. *See*, *e.g.*, *United Presbyterian Church v. Reagan*, 238 U.S. App. D.C. 229, 738 F.2d 1375, 1382 (D.C. Cir. 1984) ("Trial courts enjoy *wide discretion* in handling pretrial discovery matters." (emphasis added)).

With regard to the first category of RPD's sought by plaintiff, *i.e.*, so-called "comparables" information, these document requests are overly broad, vague and/or irrelevant. Provided within plaintiff's Fourth RPD, No.'s 1-3, 18-21, 33, 34, 35 and 38, and plaintiff's Fifth RPD, No.'s 7, 25-27, 44, 45, 71 and 79, these document requests seek information which exceeds what "is reasonably necessary to afford a fair opportunity to develop and prepare the case." *Heat & Control*, 785 F.2d at 1024 (citation and internal quotation marks omitted).  For example, plaintiff seeks extensive information concerning "*all [EDF] employees*" throughout the world holding the ranks of R(1), R(2) and R(3), Plaintiff's Fourth RPD, at No.'s 1-2 (emphasis added), despite defense counsel's objection, which was raised at the August 23 status conference,

---

[5]  The Court's use of the phrase "already [] produced by defendants" specifically refers to the hard drive of plaintiff's laptop computer, as discussed below.

that the number of people who occupy these positions is approximately 400.  Plaintiff also seeks

"*all . . . contracts*" of Richard Schomberg, Benoit Druex and Jean-Luc Foret "from 2000 to the

present[,]" *id*. at No.'s 34-36 (emphasis added), and "*all contracts* with Mr. Virleux of *any*

*nature*[,]" *id*. at No. 38 (emphasis added).  These requests are overly broad.  In addition,

plaintiff's Fourth RPD, No. 13, which seeks "documents reflecting *any comparisons* made

between [plaintiff] and any other EDF or EDFINA employee other than Mr. Nadal[,]" is vague.

*Id*. at No. 13 (emphasis added).  Therefore, these document requests will not be granted.

The second category of RPD's sought by plaintiff, which requests "[c]opies of *all emails*

*sent or received* by Christian Nadal during the period of January 2004 through September

2004[,]" Plaintiff's Fifth RPD, at No. 31 (emphasis added), and "*certain documents* pertaining to

the audits of his divisions in 1992-1994 and . . . 1997[,]" Pl.s Memo, at 24 (emphasis added);

*accord* Plaintiff's Fourth RPD, at No.'s 27-29, is overly broad in the first instance and vague in

the second.  These document requests are denied.

A portion of plaintiff's third category of document requests, which comprises her Fourth

RPD, No.'s 14-16, is likewise overly broad *in scope* to the extent that plaintiff seeks information

regarding "*all complaints*, formal and informal, made" against "EDF and/or EDFINA" by

employees of those companies. Plaintiff's Fourth RPD, at No. 14 (emphasis added).  That is,

plaintiff fails to show that the facts and claims within the myriad complaints she seeks will have

any similarity to or bearing upon the facts and claims of her case.  Consequently, these document

requests are overly broad and thus denied.  However, plaintiff's document requests within this

category which seek "[d]ocuments reflecting EDF policy, practice and procedures relating to

discrimination and retaliation[,]" Plaintiff's Fifth RPD, at No. 58, and "[d]ocuments reflecting

EDF policy, practice and procedures relating to terminating employees from EDF[,]" *id*. at 59,

are relevant because plaintiff has brought an employment discrimination action against *both* EDF

and EDFINA, and such discrimination, retaliation and termination information "is reasonably

necessary to afford a fair opportunity to develop and prepare the case." *Heat & Control*, 785 F.2d

at 1024 (citation and internal quotation marks omitted)). For this reason, responsive answers to

plaintiff's Fifth RPD, No.'s 58 and 59 should be provided by defendants.

Plaintiff seeks "[c]opies of all emails sent or received by [her] during the period January

2004 through September 2004[,]" including emails that were generated from the use of her

personal America Online account on the company computer, as the fourth category of document

requests. Plaintiff's Fifth RPD, at No. 36. Defendants have responded that they "have produced,

at their own expense, and at Plaintiff's insistence, a fully operational hard drive bearing a *mirror*

*image* of all the information contained on the hard drive of the laptop computer used by

Plaintiff." Pl.'s Opp., at 9 (emphasis added). Plaintiff, in responding, does not dispute the

integrity of the information contained on the hard drive provided to her by defendants. Rather,

*inter alia*, she argues that this information is insufficient because "she does not have the

capabilities to access the hard-drive herself, and would have to expend thousands of dollars to

hire information technology professionals to do so." Reply Memorandum in Further Support of

Plaintiff's Motion to Compel Production of Documents [#93] ("Pl.'s Reply"), at 13.

The well-settled "'American Rule' . . . dictates that litigants generally bear the burden of

their own . . . costs of litigation[.]" *Watson v. Southeastern Pennsylvania Transp. Ass'n*, 1998

U.S. Dist. LEXIS 14921, at *3 (D. Pa. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 441,

103 S. Ct. 1933 (1983)). Only certain "statutory provisions of Title VII," which are not triggered

here, "allow a *prevailing plaintiff* to be reimbursed for . . . costs of litigation." *Id*. (citing 42

U.S.C. § 2000e-5(k) (other citations omitted) (emphasis added)).  For this reason, the Court is

unconvinced by plaintiff's argument and concludes that this category of RPD's has satisfactorily

been produced by defendants. *See* Pl.'s Opp., at 6-16.

Lastly, the fifth category of document requests, found within plaintiff's Fifth RPD, No.'s

32-35, seeks "copies of *all emails sent or received* by Jean-Luc Foret, Benoit Druex, Alexandre

Audie, and Adja Ba during the period January 2004 through September 2004." Pl.s Memo, at 29

(internal quotation marks and brackets omitted) (emphasis added)).  Thus, it is denied for the

identical reason that the second category of plaintiff's RPD's is denied. *See supra*, at 4 ("If

allowed by the Court, . . . [it] would likely yield irrelevant information.").

Accordingly, and for the reasons set forth above, it is hereby

**ORDERED** that plaintiff's Motion to Compel [#86] shall be **GRANTED** in part and

**DENIED** in part.  And it is further

**ORDERED** that defendants shall produce all responsive documents to plaintiff's Fifth

Request for the Production of Documents, No.'s 58 and 59, and deliver copies of those

documents to counsel for plaintiff on or before December 11, 2006.


Date: November 9, 2006                                         JOHN GARRETT PENN
                                                              United States District Judge