UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ,             ) | |
| ) | |
| Plaintiff,             ) | |
| ) | |
| v.             ) | Civil Action No. 05-0969 (JGP) |
| ) | |
| ELECTRICITE DE FRANCE             ) | |
| INTERNATIONAL NORTH AMERICA, INC.,  ) | |
| ) | |
| ELECTRICITE DE FRANCE, S.A.,             ) | |
| ) | |
| and             ) | |
| ) | |
| CHRISTIAN NADAL             ) | |
| ) | |
| Defendants.             ) | |
| _____) | |

ORDER

Defendants have filed a **Motion to Compel Production of Documents [#74]**[1], which moves the Court to order plaintiff to produce documents regarding her "housing payments and storage charges for furniture in France," Def.'s Memo, at 2, "documents that would reveal . . . [her] whereabouts during the last year of her employment (e.g., Plaintiff's calendars)[,]" *id.* at 3, and "documents in response to . . . [a] request for credit card information[.]"[2] *Id.* at 5. Plaintiff has countered that "[d]efendants' motion to compel . . . these requests should be denied[] because each . . . request[ is] either not reasonably calculated to lead to the discovery of

---

[1] Hereinafter, the Court will use the abbreviation "Def.'s Memo" when citing the Memorandum in Support of Defendants' Motion to Compel Production of Documents.

[2] When referencing Defendants' Second Request for Production of Documents to Plaintiff, the Court will hereafter use the abbreviation "RPD." Specifically, this information was sought within RPD, No.'s 7, 9, 10 and 16. *Id.* at 2, 3, 5.

admissible evidence, overly broad and unduly burdensome, or because all documents responsive to the requests have already been produced." Plaintiff's Opposition to Defendant's Motion to Compel Production of Documents [#83] ("Pl.s Opp."), at 1.  As is fully explained below, the Court concludes that defendants' Motion should be granted in part and denied in part.

Trial courts, as a legal matter, enjoy broad discretion in the management of discovery issues. *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citing *Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters Chauffers, Warehousemen and Helpers*, 161 U.S. App. D.C. 173, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (other citation omitted)).

Here, defendants seek the following documents from plaintiff:

> 7. All documents concerning any residence owned or otherwise maintained by you in France over the period of January 1, 2000 to date, including but not limited to deeds, mortgages, leases, and payments.
>
> 16. All documents relating to the furniture you had in France, including not limited to contracts or bills, which you referenced at page 452 of your deposition.

Specifically, defendants argue that plaintiff should be required to produce documents relating to, *inter alia*, her housing costs in France because they are

> relevant -- as a potential offset against the amounts Plaintiff claims pursuant to her "contractual stipend" from EDF -- to [defense expert] Dr. Walker's consideration of the "true financial benefit Plaintiff derived by switching jobs" to a permanent position in the U.S. from one that always anticipated a return to France.

Defendants' Reply Memorandum in Further Support of Motion to Compel Production of Documents [#84] ("Def.'s Reply"), at 2-3.  While this document request may indeed be relevant

to Dr. Walker's expert analysis, it is not at all clear to the Court that it is relevant to any of the damages claims made by plaintiff within her Complaint. *See* Complaint, at ¶¶ (a) - (i).  Thus, this information is not "'reasonably necessary'" for defendants "'to develop and prepare the case.'" *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (quoting Fed. R Civ. P. 26(b)(1) Notes of Advisory Committee on Rules, 1983 Amendment)).  Moreover, with regard to defendants' contention that plaintiff should be compelled to produce documents relating to her storage costs in France, Def.'s Reply, at 1, defendants did not *dispute* plaintiff's assertion that she has produced this information. *See* Pl.s Opp., at 4-5.  Since plaintiff represents that she has furnished these documents, the Court will accept this representation.  Therefore, this document request is moot.

      The Court next considers the following document request:

> 9.    All calendars or other documents showing travel dates and/or meetings for 2004-2005.

In particular, defendants assert that this information is necessary to resolve the "disputes regarding statements that Plaintiff made . . . as to her location in 2004." Def.'s Memo, at 4.  In response, plaintiff states that "her *business calenders* [] were located at the offices of EDFINA" and that "[t]hey remain solely in the possession of the Defendants."[3] Pl.s Opp., at 5 (emphasis added); *but see* Def.'s Reply, at 4 ("Plaintiff's response [] leaves open the question of whether Plaintiff has *personal* calendars from the 2004-2005 period, which seems likely and which she has not denied.") (emphasis in original)).  The Court concludes that a response to defendants' foregoing document request should be produced by plaintiff because (1) it is reasonably narrow

---

[3] The Court notes that plaintiff did not address her personal calendars therein.

in scope, *i.e.*, the request only pertains to the last two years that plaintiff was employed by defendants, and (2) only a complete record of both plaintiff's business *and personal calendars* will resolve the ongoing dispute concerning her whereabouts during that time period. *See Heat & Control*, 785 F.2d at 1024; *see also* Order [#65], at n.2 ("The Court does not reach the *issue* of whether or not plaintiff reversed herself regarding her explanation of *why she missed a meeting with Nadal and visited France in June of 2004*." (emphasis added)). RPD, No. 9 is granted.

Finally, defendants argue that plaintiff should be compelled by the Court to produce the following:

>    10.   All credit card statements for any account in Plaintiff's name or on which Plaintiff was authorized to incur charges for each month in the years 2004 and 2005.

Defendants assert that they have requested plaintiff's credit card statements because, among other things, they would further shed light on her "'location' throughout much of the 2004-2005 period[,]" which "is in dispute." Def.'s Reply, at 4; *accord* Defendants' Second RPD, at No. 10. Said differently, according to defendants, this information is relevant to provide insight into "Plaintiff's whereabouts and activities *generally* during the period in question, not merely for a narrow range of dates . . . ." *Id*. (emphasis in original). Plaintiff takes issue with this document request on the grounds that (1) her location is not in dispute, (2) documents relating to her expenses have already been produced, and (3) documents relating to defendant's cancellation of her corporate credit card are within defendants' control. Pl.s Opp., at 7-8.

Although there is at least some dispute between the parties regarding plaintiff's "whereabouts and activities" for some portion of the 2004-2005 time period, *see* Order [#65], at n.2, defendants have not demonstrated that requiring plaintiff to produce her *personal* credit card

statements is necessary to determine plaintiff's location.

Moreover, the Court is unpersuaded by the following rationale for compelling plaintiff to produce her personal credit card statements, which has been argued by defendants:

> Plaintiff's credit card records are *directly relevant to her damages claim* because[] they may well show that her *ability to make credit card charges was not impaired, notwithstanding the alleged cancellation of her corporate card* by Defendants, and thus any alleged action by Defendants would not have caused her any damage.

Def.'s Reply, at 6 (emphasis added). Put another way, the Court is unconvinced that the only way that defendants can "show that [plaintiff's] ability to make credit card charges was not impaired, notwithstanding the alleged cancellation of her corporate card by Defendants," is by requiring plaintiff to produce her *personal* credit card statements. Instead, this document request appears to be overly board and not "reasonably necessary" for defendants "to develop and prepare the case." *Heat & Control*, 785 F.2d at 1024 (citation and internal quotation marks omitted). In light of the above, RPD, No. 10 is denied.

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED** that defendants' Motion to Compel Production of Documents [#74] shall be **GRANTED** in part and **DENIED** in part. And it is further

**ORDERED** that plaintiff shall produce all responsive documents to Defendants' Second Request for Production of Documents to Plaintiff, No. 9, and deliver copies of those documents to counsel for defendants on or before December 18, 2006.

**Date: November 15, 2006**                                   **JOHN GARRETT PENN**
                                                              **United States District Judge**