IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV0969 (JGP) |
| ) | |
| ELECTRICITE DE FRANCE ) | |
| INTERNATIONAL NORTH AMERICA, ) | |
| INC., et al. ) | |
| ) | |
| Defendants ) | |

## MOTION TO STRIKE PORTIONS OF DECLARATIONS

Plaintiff submits this motion in conjunction with her oppositions to the Motions for Summary Judgment submitted by Electricite De France, S.A. ("EDF"), Electricite De France International North America, Inc. ("EDFINA") and Christian Nadal ("Mr. Nadal") (collectively "Defendants"), and in response to the Declarations of Yann Laroche, Patrick de Botherel and Christian Nadal, submitted jointly by Defendants in support of their motions on October 16, 2006. It is noted that Defendants seek to rely upon these Declarations as if they are undisputed facts within their factual and legal argument, as noted in Plaintiff's Genuine Material Facts in Dispute for each of the three declarations. However, several portions of each Declaration should be stricken as hearsay, irrelevant and/or containing inadmissible legal conclusions, as described in detail below.

Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure ("Rule 56(e)"), affidavits (or declarations) supporting a party's summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Because

statements in all three Declarations are based upon inadmissible hearsay, are irrelevant or contain inadmissible legal conclusions, such statements should be stricken and not considered by this Court.

I. **Declaration of Yann Laroche**

    A. <u>Legal Conclusions</u>

The following statements by Mr. Laroche should be stricken as legal conclusions:

(1)     the fifth sentence of ¶ 31 (describing that it would be legitimate for EDF to terminate an employee who refused to accept an assignment);

(2)     the third sentence of ¶ 41 (stating that dismissal was warranted under the French national statute);

(3)     all of ¶ 43 (claiming that EDF was within its rights to take actions against Ms. Gaujacq and that it complied with all procedures and laws); and

(4)     all of ¶ 44 (request for dismissal of Ms. Gaujacq's complaint).

    B. <u>Inadmissible Hearsay</u>

The following statements by Mr. Laroche should be stricken because they contain inadmissible hearsay, either based completely on another person's knowledge or as an interpretation of an attached exhibit:

(1)     ¶ 22, which describes the response of the DELCADIR whose response is attached as Exhibit A;

(2)     ¶ 24, which describe proposals by Mr. Metais, summarizing the attached Exhibits B and C;

(3)     the last sentence of ¶ 25, which purports to state feelings of and statements by Mr. Nadal;

(4)     ¶ 26, which purports to state conclusions by EDF's Executive Committee, COMEX[1];

---

[1] Although Mr. Laroche was evidently a member of COMEX, the statement does not give his basis for knowledge of the conclusion, whether he was part of COMEX's conclusion, whether it was his statement or someone else's conclusion, nor who else was in COMEX or took part in the conclusion. Mr. Laroche merely speaks on behalf of this committee without basis.

2

(5) first sentence of ¶ 27, which states that "Gaujacq had been directed" but does not state by who or that he has personal knowledge of the this allegation;

(6) the third sentence of ¶ 27 which purports to attest to what Mr. Lescoeur said to Ms. Gaujacq;

(7) the second through fourth sentences of ¶ 28, which purport to state what Mr. Creuzet said to Ms. Gaujacq;

(8) ¶ 29, which describes a decision made by Mr. Roussely based upon exhibit C, which is an email from Mr. Czerny;

(9) the first sentence of ¶ 31, which states what Mr. Creuzet requested of him;

(10) the second sentence of ¶ 35, through which Mr. Laroche attempts to give the knowledge of all EDF executives ("To may knowledge, none of the other EDF executives ... knew that she was complaining about sex discrimination ...");

(11) the last sentence of ¶ 37, which describes Mr. Betouret's conclusions based upon Mr. Betouret's report attached as Exhibit G;

(12) ¶ 39, which describes statements made in a letter from Mr. Creuzet, attached as Exhibit H; and

(13) the second and third sentences of ¶ 40, which describe an explanation given by Mr. Bouron in an email attached as Exhibit J.

The following statements by Mr. Laroche should be stricken because Mr. Laroche makes statements on behalf of EDF generally, without indicating that he has actual personal knowledge of the statements and without even indicating the source of the statement or actual person allegedly with knowledge of the statement or allegation:[2]

(1) second sentence of ¶10, which purports to state what "EDF intended;"

(2) ¶ 12, which purports to state what "EDF wanted;"

---

[2] Although Mr. Laroche was designated as one of EDF's witnesses to represent the corporation in response to a Rule 30(b)(6) deposition request, Rule 56(e) does not allow affidavits or declarations from a person in his corporate designee capacity, purporting to speak on behalf of the corporation. It does not change the Rules of Evidence or the requirements of the Federal Rules of Civil Procedure. Even if Mr. Laroche had made statements in his deposition based on his interviewing or investigation, it does not create an exception to the hearsay rules.

3

(3) ¶13, which purports to state what "EDF wanted" or "we wanted;"

(4) ¶14, which purports to state what "EDF wanted;"

(5) ¶15, which purports to state what "EDF determined;"

(6) ¶19, which purports to state what "EDF discussed" and "we made;"

(7) ¶22, which purports to state what was "a problem for EDF;"

(8) second sentence of ¶27, which purports to state what "EDF had decided;"

(9) third sentence of ¶ 27, which purports to state what "EDF wanted;"

(10) third through fifth sentences of ¶ 28, which purports to state what "EDF did not make," what "EDF was discussing," and what "EDF also suggested;"

(11) ¶ 37, which purports to state what "EDF considered" and what "EDF directed;"

(12) ¶ 38, which purports to state that "EDF did not give in to Gaujacq's blackmail"[3] and what "EDF determined;"

(13) ¶ 39, which purports to state what "EDF sent" and what EDF advised Ms Gaujacq (referencing Exhibit H);

(14) ¶ 40, which purports to state that "EDF appointed (referencing Exhibit I); and

(15) ¶ 41, which purports to state what "EDF concluded."

C. <u>Inadmissible Opinions</u>

The following statements of Mr. Laroche's Declaration should be stricken as inadmissible opinion testimony from a fact witness, in that Mr. Laroche states that he "believes" Mr. Creuzet would not threaten Ms. Gaujacq in the manner Ms. Gaujacq has alleged:

(1) fourth and fifth paragraph of ¶ 31 ("I believe")

II. **Declaration of Patrick de Botherel**

A. <u>Legal Conclusions</u>

The following statements by Mr. de Botherel should be struck as legal conclusions:

---

[3] This is also argumentative.

4

(1) ¶ 4 (conclusory statement regarding the reason for the pay disparity between Ms. Gaujacq and Mr. Nadal);

(2) ¶ 30 (asserting what rules, procedures and policies applied to Ms. Gaujacq's employment);

(3) ¶ 33 (interpreting Ms. Gaujacq's expatriate contract);

(4) first sentence of ¶ 40 (declaring EDF's legal obligations to Ms. Gaujacq);

(5) fifth through seventh sentence of ¶ 40 (interpreting EDF's legal obligations under the EDF Guide);

(6) ¶ 41 (asserting EDF's rights under Ms. Gaujacq's contract and the Guide);

(7) ¶ 49 (asserting that EDF fully complied with French law and procedure);

(8) ¶ 50 (request for dismissal of Ms. Gaujacq's complaint).

B.  Inadmissible Hearsay

The following statements by Mr. de Botherel should be struck because they contain inadmissible hearsay, based completely on another person's knowledge or purporting to speak on behalf of EDF generally, without indicating that he has actual personal knowledge of the statements and without even indicating the source of the statement or actual person allegedly possessing personal knowledge:

(1) second sentence of ¶ 39, which describes EDF communications with Ms. Gaujacq generally;

(2) third sentence of ¶ 42, which purports to state what Mr. Lescoeur directed Ms Gaujacq to do ("she was directed");

(3) ¶ 43, which purports to state what Mr. Bouron notified Ms. Gaujacq of in writing without referencing the writing; and

(4) last sentence of ¶ 44, which purports to state what "EDF subsequently determined."

5

C.  Irrelevant Statements

The following statements by Mr. de Botherel, and Exhibit A attached to his declaration, should be stricken as irrelevant because they pertain to a "grade level" system inapplicable to Ms. Gaujacq and Mr. Nadal:

(1) ¶ 5 (explaining grade level system governed by French "National Statute");

(2) ¶ 6 (explaining the "National Statute");

(3) first sentence of ¶ 8 (asserting that EDF follows National Statute for non-executive employees);

(4) ¶ 10 (explaining when non-executive grade level system has been employed);

(5) Exhibit A (excerpts of "National Statute").[4]

As Mr. de Botherel clearly states, "employees at the executive level are outside of the statutory classifications .... established in Article 8 of the National Statute." Declaration of Patrick de Botherel ("de Botherel Decl"), ¶ 7. Pursuant to this "National Statute," the grade level system is not applicable to executives, such as Ms. Gaujacq and Mr. Nadal, whose "remuneration is determined solely by the board of directors" of EDF. Exhibit A attached to de Botherel Decl.; *see also* de Botherel Decl. ¶¶ 7, 11. Accordingly, these statements and Exhibit A are completely irrelevant to the only compensation at issue in this case, that of Ms. Gaujacq and Mr. Nadal, and these statements should be stricken.

The following statement by Mr. de Botherel should be stricken as irrelevant because it is contrary to the legal standard established under the Equal Pay Act ("EPA"):

(1) ¶ 31 (explaining generally compensation of prior heads of EDF's delegation to Washington back to August 1990).

---

[4] As explained in Ms. Gaujacq's declaration, this in not an actual statute but a contract-type document

6

The "grade levels" of Mr. Herbin (8/90-10/92), Mr. Gery (10/92-6/96), and Mr. Boussard (7/96-6/98) are not relevant because the Equal Pay Act recognizes comparison only between immediate successors. *See* 1620.13(4) ("If a person of one sex succeeds a person of the opposite sex on a job at a higher rate of pay than the predecessor, and there is no reason for the higher rate other than difference in gender, a violation as to the predecessor is established and that person is entitled to recover the difference between his or her pay and the higher rate paid the successor employee."); *Peltier v. Fargo*, 533 F.2d 374, 377 (8th Cir. 1976) ("The Equal Pay Act does not require that the jobs being compared be performed simultaneously but encompasses situations where an employee of one sex is hired for a particular job to replace an employee of the opposite sex."); *see also Goodrich v. IBEW*, 815 F.2d 1519, 1524 (D.C. Cir. 1987) (plaintiff only required to show that she performed work that was substantially equal to one male employee who was paid more). Mr. Cottave, as Ms. Gaujacq's predecessor, not her successor, is irrelevant for the same reason. *Id.* These individuals are additionally irrelevant because Defendants have not given any documentation regarding the actual work done by these individuals so there is no evidence that could lead a fact finder to the conclusion that they performed substantial equal work as Ms. Gaujacq and Mr. Nadal.[5] *See* 29 CFR 1620.13 ("Application of the equal pay standard is not dependent on job classifications or titles but depends rather on actual job requirements and performance"); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 449 (D.C. Cir. 1976 (same).

---

[5] Because such documentation is under their control and reasonably available to EDF and EDFINA, the law permits the inference that the evidence would be unfavorable to the Defendants and would fail to show that substantially equal work was required. *See* § 72,16 Devitt, Blackmar, and Wolff

### III. Declaration of Christian Nadal

    A.    Inadmissible Hearsay

The following statements by Mr. Nadal should be stricken because they contain inadmissible hearsay, either based completely on another person's knowledge or as an interpretation of an attached exhibit:

(1) ¶ 9 and ¶ 10, which purports to detail what Chairman Roussely told Mr. Nadal in a meeting or meetings in 2003;

(2) first and last sentence of ¶ 14, which purports to state what Mr. Roussely decided and what Mr. Roussely told Mr. Nadal;

(3) second sentence of ¶ 14, which ultimately attempts to state what Mr. Roussely told Mr. Nadal, by stating what Mr. Nadal understood based upon his discussions with Mr. Roussely;

(4) second and third sentences of ¶ 19, which purports to state what Mr. Metais told Mr. Nadal after February 25, 2004 and what Mr. Metais "undertook" after that discussion;

(5) fourth sentence of ¶ 20, which purports to state what Mr. McVicker told Mr. Nadal on March 11, 2004;

(6) fourth sentence of ¶ 24, which purports to state what Mr. Roussely told Mr. Nadal at the end of May 2004; and

(7) last sentence of ¶ 54, which repeats an alleged statement made generally by the "Energy Branch."

Additionally, the following exhibit attached to Mr. Nadal's declaration should be stricken because it constitutes inadmissible hearsay:

(1) Exhibit B

Exhibit B contains Mr. Betouret's notes of a conversation with Mr. Nadal, which purport to confirm what Mr. Nadal states he said to Mr. Betouret.

## **CONCLUSION**

For all the foregoing reasons, portions of the Declarations of Yann Laroche, Patrick de Botherel and Christian Nadal, submitted in support of all Defendants' motions for summary judgment, should be stricken.

November 20, 2006                           Respectfully Submitted,

*/s/ Carla Brown*

Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
Carla D. Brown
D.C. Bar No. 474097
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
    Catherine Gaujacq