IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELECTRICITE DE FRANCE )<br>  INTERNATIONAL NORTH AMERICA, )<br>INC., et al. )<br>)<br>Defendants. )<br>_____ ) | No. 1:05CV0969 (JGP) |

### MOTION FOR LEAVE TO EXTEND PAGE LIMITATIONS

Pursuant to Local Civil Rule 7(e), Plaintiff requests an extension of the page limitation for Plaintiff's Oppositions to the Motions for Summary Judgment submitted by Electricite De France, S.A. ("EDF"), Electricite De France International North America, Inc. ("EDFINA"), and Christian Nadal ("Mr. Nadal") (collectively "Defendants") and in response to the Declarations of Yann Laroche, Patrick deBotherel, and Christian Nadal, submitted jointly by Defendants in support of their motions on October 16, 2006. Ms. Gaujacq's Opposition are filed simultaneous with this Motion.

Pursuant to Local Civil Rule 7(e), the proper remedy for a party compelled to exceed prescribed page limitations is for that party to request leave from the Court to do so. In lieu of following proper protocol, Defendants in this action elected to extend their arguments beyond their Motions for Summary Judgment ("Defendants' Motions) through Defendants' Statement of Undisputed Facts and through the numerous Declarations submitted by Defendants in support of Defendants' Motions ("the Declarations"). While Defendants' Motions each remain under the Court's prescribed 45-page limit, the Statement of Disputed Facts totals 35 pages and the

Declarations total 44 pages. Defendants take advantage of these additional 79 pages, which nearly double the amount of material to which Plaintiff must respond, to extend Defendants' arguments.

Local Civil Rule 7(h) and Local Civil Rule 56.1 call for a statement of material facts to accompany any motions for summary judgment; however, the standard is clear. The statement of material facts is intended to be just that, a statement of *facts*, not an extension of argument more properly reserved for briefing, as Defendants have done in this action. For example, in Defendants' *Statement Pursuant to FRCP 56.1 [sic] and Local Rule 7(h)*, Defendants argue that "Gaujacq's July 22, 2004 e-mail did not state that the "complaint" she said she was filing concerned sexual harassment or sex discrimination under US employment laws" and "Gaujacq said nothing in this conversation that indicated that she had asserted a claim of sex discrimination or sex harassment against Nadal," which are issues of law and are questions for the trier of fact. See ¶¶ 114 and 117 respectively, *Defendants' Statement Pursuant to FRCP 56.1 [sic] and Local Rule 7(h)*. The proper venue for argument of these issues, i.e., whether Plaintiff was engaged in a protected activity at the time of her termination, is best reserved for the brief, where Plaintiff has dealt with the matter.

In lieu of adhering to the rules of this Court, in an effort to circumvent page limitations, Defendants elected to include legal argument in the Declarations submitted in support of their Motions. Plaintiff was then forced to contend with arguments in her Oppositions.[1]

To allow the parties to fully brief their positions, and in the interest of justice, the Court may grant motions to exceed the page limitations prescribed in the Local Rules. See *Armstrong v. Executive Office of the President*, 877 F. Supp. 690 (D.D.C. 1995). In accordance with the

---

[1] See for example, ¶ 50, *Declaration of Patrick deBotherel*, "For all of these reasons, and those set forth in the other papers submitted in support of the Motion for EDF and EDFINA, I respectfully request that this Court grant summary judgment dismissing Gaujacq's complaint."

2

Rules of this Court and in the interest of judicial economy, Plaintiff requires an extension of not ten pages for Plaintiff's Opposition to EDF and EDFINA's Motion for Summary Judgment and an extension of five pages for Plaintiff's Opposition to Nadal's Motion for Summary Judgment.

## CONCLUSION

For all of the foregoing reasons, Ms. Gaujacq request that she be allowed to exceed the page limits set forth in Rule 7(e) for the purpose of her Oppositions.

November 20, 2006                                  Respectfully Submitted,

*/s/ Carla Brown*
Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
Carla D. Brown
D.C. Bar No. 474097
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
  Catherine Gaujacq

3