IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., ELECTRICITE DE FRANCE, S.A. and CHRISTIAN NADAL,<br><br>Defendants, | Civil Action No. C5-969 (JGP)<br><br>**REPLY DECLARATION OF<br>LAURA B. HOGUET** |

**LAURA B. HOGUET** hereby declares, under penalty of perjury under the laws of the United States, in accordance with 28 U.S.C. Section 1746, as follows:

1. I am a member of the bar of this Court and of the law firm of Hoguet Newman & Regal, LLP, attorneys for defendants Electricité de France, S.A.. ("EDF") and Electricité de France International North America, Inc. ("EDFINA"). I make this Reply Declaration for the purpose of putting additional documentary evidence before the Court in support of defendants' motions for summary judgment.

2. Exhibit A attached hereto is a translation of portions of EDF's "Guide de gestion des agents travaillant a l'étranger" (Management Guide for Representatives Working Abroad"). EDF produced this document to plaintiff during discovery in its entirety as EDF 1289-1385. A portion of it was attached to defendants' motion for summary judgment as Exhibit 94. As plaintiff referenced other pages from it in her

opposing papers, defendants here provide additional pages from the document with a translation.

3. Exhibit B hereto is a document that EDF previously produced to plaintiff (EDF 732) that shows that Nadal was ranked "R-1" in EDF's pay grade system. To avoid the necessity for a further filing under seal, this document has been redacted to remove confidential information. For the same reason, defendants do not attach to this motion Nadal's expatriate agreement with EDF dated January 28, 2004, which was produced to plaintiff in discovery as a confidential document, but quote here (in translation) from a section of the agreement headed "Remuneration": "In addition to his salary, Mr. Christian Nadal will receive a bonus based on the applicable arrangement for senior executives ranked R-1." (EDF 757).

4. Gaujacq's base salary in 2003, prior to Nadal's appointment, is established by Exhibit C attached hereto, EDF 005186 (December 2003 pay bulletin).

5. Attached hereto as Exhibit D are additional pages (49-50, 67, 87-88) from the deposition of Patrick DeBotherel that are referenced in Defendants' Reply Memorandum and Appendix. Note in particular, that Mr. DeBotherel testified that EDF had 50 "R-1" executives, between 151 and 180 "R-2" executives and 350 executives who were classified "R-3." Plaintiff Gaujacq was thus one of 350 executives ranked "R-3," but *not* "one of the top 350 executives in EDF," because the "R-1's" and "R-2's" were ranked higher than the "R-3's."

6. Attached hereto as Exhibit E is EDFINA 801-02, referenced in the Appendix at ¶ 103.

7. Attached hereto as Exhibit F are additional pages (87, 272-273, 284-290, 330-331) from the deposition of Catherine Gaujacq that are referenced in Defendants' Reply Memorandum and Appendix.

8. Attached hereto as Exhibit G are additional pages (14, 19-20, 22-23, 30) from the deposition of Alexandre Audie that are referenced in Defendants' Reply Memorandum and Appendix.

9. Defendants reserve the right to challenge the admissibility of the translations provided by plaintiff for documents she submitted in opposition to defendants' motions for summary judgment.

Dated: December 8, 2006

_____
Laura B. Hoguet *(D.C. Bar No. 200915)*