# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CATHERINE GAUJACQ )
)
    Plaintiff, )
)
        v. )    No. 1:05CV0969 (JGP)
)
ELECTRICITE DE FRANCE )
INTERNATIONAL NORTH AMERICA, )
INC., et al. )
)
    Defendants. )
)

## PLAINTIFF'S MOTION TO STRIKE
## DEFENDANTS' APPENDIX AND DECLARATION OF COUNSEL

Plaintiff submits this motion to be considered with her Oppositions to the Motions for

Summary Judgment submitted by Electricite De France, S.A. ("EDF"), Electricite De France

International North America, Inc. ("EDFINA") and Christian Nadal ("Mr. Nadal") (collectively

"Defendants"), and in response to the Appendix to Defendants' Reply ("Appendix") [Dkt. # 131]

and Declaration of Laura B. Hoguet ("Declaration") [Dkt. # 131], submitted jointly by

Defendants in support of their Motions for Summary Judgment. The Appendix and Declaration

were improperly submitted to this Court and should be stricken. In addition, the Declaration

contains statements that are irrelevant to the issues before this Court, hearsay, and otherwise

inadmissible.

## I.    Defendants Improperly Submitted the "Appendix" and it Should be Stricken

No provision of the Federal Rules of Civil Procedure, nor Local Rules of this Court, provide the Defendants with the authority to submit their ninety-three (93) page "Appendix."[1] Moreover, Defendants did not seek or receive leave from this Court to file any such "Appendix."

Defendants' submission of this ninety-three (93) page document is a highly improper attempt to supplement their original moving papers and to amend their Rule 56 Statements without seeking leave of this Court. Defendants willfully disregarded Federal Civil Procedure Rule 15 and Local Rule 15.1, both of which require Defendants to first seek permission of this Court to amend its pleadings.

Moreover, Defendants apparently assume that this Honorable Court is unable to read the parties' Rule 56 Statement of Facts and unable to distinguish the disputed from undisputed facts. In the "Appendix," Defendants claim that, "[T]his Appendix explains *apparent* differences between the parties' presentations for the purpose of clarity and to enable the Court to reach a conclusion as to their materiality." Def.'s App. at 2 (Emphasis added). Then, under the guise of "helping" the Court understand the differences between the parties' Rule 56 Statements, Defendants disingenuously misrepresent Ms. Gaujacq's statements. As discussed more fully below, Defendants also use their improperly submitted "Appendix" to supplement and amend the legal and factual arguments contained in their moving and reply papers. Defendants' attempt to mislead this Court is demonstrated by the following portions of the Defendants' Appendix:

---

[1] As discussed more fully below, the document is a supplemental and/or amended pleading and not an Appendix as Defendants incorrectly labeled it.

Defendants' ¶ 48: During a meeting with Nadal at lunch on February 25, Gaujacq told him (as reflected in Betouret's memo after speaking with her) that her assignment was unchanged and that she reported to Creuzet and Ponasso. (**Exhibit 34**, EDF 945-46). She did not discuss EDFINA's organization and business with Nadal on February 25. (Citations omitted).

Plaintiff's ¶ 48: During the February 25, 2004 meeting, Ms. Gaujacq advised Nadal she reported to Ponasso, who in turn reported directly to Creuzet. She further attempted to confirm with Nadal his assignment as "Senior Advisor on US gas and equity markets."

Reconciliation ¶ 48: No dispute. Plaintiff does not dispute Defendants' ¶ 48. Defendants do not dispute Plaintiff's ¶ 48 for these motions, but Def. Ex. 48, cited to support it does not do so.

*Id.* at 27-28. Defendants' above representation that Ms. Gaujacq does not dispute their facts is

blatant misstatement. Moreover, despite Defendants' representation that the Appendix was

provided solely to aid the Court, the above "Reconciliation ¶ 48" is an obvious attempt by

Defendants' to argue their position and to provide a supplemental Reply addressing Plaintiff's

Rule 56 Statement of Disputed Facts.

Another portion of the "Appendix" that demonstrates Defendants' motives and blatant

disregard for this Court is as follows:

Defendants' ¶ 52: Prior to his February 25 meeting with Gaujacq, Nadal told Betouret, the human resources officer for EDF's Americas Branch in Buenos Aires, that he was open to the possibility of Gaujacq's remaining in the US after he assumed his duties in Washington. (**Exhibit 39**, EDF 1228A; Nadal Decl ¶ 15)

Plaintiff's ¶ 52: Based on notes from Betouret dated February 10, 2004, Nadal was reluctant to have Ms. Gaujacq stay after he assumed her duties as President of EDFINA, but Chairman Roussely, H.R. Laroche, and his direct report, H.R. Metais, encouraged him to accept her position (Def. Exh. 39)

Reconciliation ¶ 52: Plaintiff does not dispute defendants' ¶ 52. Plaintiff's ¶ 52 does not meet the requirements of Rule 56(e) because it misreads Def. Ex. 39.

*Id.* at 30. Defendants' "Reconciliation ¶ 52" is improper because Ms. Gaujacq clearly disputes

that Nadal was "open to the possibility" of her remaining in the US. The Reconciliation also

contains argument regarding Plaintiff's statement of facts. It further contain hearsay as to the

contents of Def. Ex. 39. This is an attempt to supplement and/or amend ¶ 52 of Defendants'

Rule 56 Statement without obtaining leave of this Court.

In addition, one of the most blatant attempts by Defendants to mischaracterize the

statements before this Court and to use the "Appendix" to amend their Rule 56 Statement is as

follows:

> Defendants' ¶ 62: Gaujacq refused to accept the position suggested by Creuzet and
> reiterated her request that EDF enter into the agreement she requested for a three-year
> assignment in the US (**Exhibit 41** at 966; Gaujacq Tr. 203:8-206:15, 209:4-210:14).

> Plaintiff's ¶ 62: Ms. Gaujacq accepted the position offered by Creuzet and accordingly
> reiterated her request to HR to provide her with the signed three-year expatriation
> contract. In the meantime, Ms. Gaujacq contacted Lescoeur and emailed him with her
> proposed detailed mission letter on May 12, 2004, carbon copying Creuzet and Laroche
> with this email. (Def. Exh. 41, but see Att. 17, Plaintiff's Translation; Att. 21, Pl. 839,
> 811-15).
> Reconciliation ¶ 62: No dispute as to the contents of the emails the parties exchanged
> (Def. Ex. 41 & Att 21), which speak for themselves, and establish the material facts
> beyond dispute:
>> (i)       In response to Creuzet's April 7 email ("[I]t seems more sensible to
>> appoint you to the position '4th Generation Nuclear Projects' with a single
>> attachment [reporting line] to the Energy Branch") rather than to the position
>> proposed in her email of March 25 ("Director of Generation and Nuclear Projects,
>> EDFINA reporting to the Energy Branch and to the Americas Branch)," Gaujacq
>> did *not* accept this proposal, but rather responded on April 4 that this description of
>> her position was "awkward" and that she need to be attached to
>> EDFINA (Def. Ex. 41).
>> (ii)      Gaujacq and Creuzet then had further correspondence about whether or
>> not being attached to EDFINA the way she proposed (not reporting to Nadal as the
>> new President of the Company) was possible (set forth in full in
>> Reconciliation ¶ 61);
>> (iii)     Plaintiff's additional statement that she emailed Lescoeur with her
>> proposed detailed mission letter on May 12, 2004 is not supported by Att 21 she
>> cites: this is an April 8 email to Metais stating "Bruno Lescoeur, whom I contacted
>> today wants to postpone for a few weeks with my agreement my drafting of the
>> mission letter associated to my new assignment. ... My expatriation contract
>> however can't wait . Thanks to find attached the draft of my new expatriation
>> contract."

*Id.* at 36. Defendants' "Reconciliation ¶ 62" is improper because Ms. Gaujacq clearly disputes

that she refused to accept the position offered to her. She accepted the position. The

Reconciliation also contains arguments regarding ¶ 62 of Plaintiff's statement of facts. It further contain hearsay as to the contents of the documents discussed. This is an obvious attempt by Defendants to supplement and/or amend ¶ 62 of their Rule 56 Statement -- filed without leave of the Court.

Defendants' "Appendix" is not properly before this Court and was proffered to this Court for an improper purpose. In addition, Defendants' late submission of the ninety-three (93) page "Appendix" is an attempt to submit additional factual and legal arguments without seeking leave of this Court and without providing Plaintiff an opportunity to oppose them. As such, the "Appendix" should be stricken.

## II.    Defendants Improperly Submitted Laura Hoguet's Declaration

The statements in Ms. Hoguet's Declaration are made in bad faith and are based upon inadmissible hearsay. Moreover, the statements in Ms. Hoguet's Declaration are irrelevant to this dispute and contain inadmissible legal arguments. As such, Ms. Hoguet's Declaration should be stricken and should not be considered by this Court.

Pursuant to Rule 56(g):

> Should it appear to the satisfaction of the court at any time that any of the affidavits [or declarations] presented pursuant to this Rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

In addition, Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, affidavits (or declarations) supporting a party's summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

5

Unbelievably, Defendants' counsel, Laura Hoguet, submitted a "Reply Declaration" declaring "under penalty of perjury" that she has personal knowledge of certain facts and arguments at issue in this litigation. Ms. Hoguet declared, "I make this Reply Declaration for the purpose of putting additional documentary evidence before the Court in support of defendants' motions for summary judgment." Hoguet Decl. ¶ 1.[2]

In fact, Ms. Hoguet personally declared that she has knowledge of the amount of Ms. Gaujacq's compensation, a central issue in this litigation. Ms. Hoguet averred that, "Gaujacq's base salary in 2003, prior to Nadal's appointment is established by Exhibit C attached hereto, EDF005186 (December 2003 pay bulletin)." *Id.* ¶ 4. Ms. Hoguet also personally attested to the contents of deposition transcripts that are available to and before this Court through the parties' submissions:

> Attached to Exhibit D are additional pages (49-50, 67, 87-88) from the deposition of Patrick DeBotherel that are referenced in Defendants' Reply Memorandum and Appendix. Note in particular, that Mr. DeBotherel testified that EDF had 50 "R-1" executives, between 151 and 180 "R-2" executives and 350 executives ranked "R-3," but *not* "one of the top 350 executives in EDF," because the "R-1's" and "R-2's" were ranked higher than the "R-3's."

Hoguet Decl. ¶ 5. The impropriety of Ms. Hoguet's purported Declaration is apparent. In her Declaration, Ms. Hoguet further argues that "Defendants reserve the right to challenge the admissibility of the translations provided by plaintiff for documents she submitted in opposition to defendants' motions for summary judgment."

In violation of Rule 56(e), Ms. Hoguet's statements are not based on her personal knowledge. Paragraphs 2-8 of Ms. Hoguet's Declaration contain inadmissible hearsay as an interpretation of an attached exhibit. Moreover, the Declaration is irrelevant, as are all of the

---

[2] Logically, in order to provide the Plaintiff an opportunity to respond to all of Defendants' declarations and other evidence, the Declaration is to be provided with the movant's opening papers and not as an attachment to their Reply.

statements therein. There is no legitimate or necessary reason for this document to be before this Court. Such blatant disregard for this Court's rule and the spirit of the Rules cannot be tolerated from an officer of this Court. Accordingly, Ms. Gaujacq respectfully requests that this Court disregard this Declaration. Ms. Gaujacq further believes that this conduct rises to the level of being sanctionable, but respectfully recognizes that such adjudication is solely with this Court's determination.

## CONCLUSION

For all the foregoing reasons, the Appendix to Defendants' Reply [Dkt. # 131] and Declaration of Laura B. Hoguet [Dkt. # 131], submitted in support of all Defendants' motions for summary judgment, should be stricken.

January 5, 2007                         Respectfully Submitted,

Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
Carla D. Brown
D.C. Bar No. 474097
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
    Catherine Gaujacq