UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| Plaintiff, | ) |
| v. | ) No. 1:05CV0969 (JGP) |
| ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., et al. | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE DEFENDANTS' APPENDIX AND DECLARATION OF COUNSEL**

Laura B. Hoguet *(D.C. Bar No. 200915)*
Dorothea W. Regal *(D.C. Bar No. NY0064)*
Randi Seltzer May *(D.C. Bar No. NY0063)*

HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016
(212) 689-8808
*Counsel for Defendants Electricité de
   France, S. A. and Electricité de France
   International North America, Inc.*

Morgan D. Hodgson *(D.C. Bar No. 186521)*
David Clark *(D.C. Bar No. 473279)*

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000
*Counsel for Defendant Christian Nadal*

# TABLE OF CONTENTS

I.    PLAINTIFF'S MOTION IS UNTIMELY ............................................................. 1

II.   PLAINTIFF FAILED TO MEET HER BURDEN TO JUSTIFY THE EXTREME REMEDY OF STRIKING A PLEADING ................................................................................... 2

    A.    The Appendix Was Properly Submitted ................................................... 2

    B.    The Hoguet Declaration Was Properly Submitted .................................... 4

III.  PLAINTIFF'S MOTION VIOLATES THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES AND THE DC BAR CIVILITY STANDARDS ................................... 6

CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributings Pty. Ltd., 647 F.2d 200 (D.C. Cir. 1981)..........................................................................................2

Sweeney v. America Registry of Pathology, 287 F. Supp. 2d 1 (D.D.C. 2003)...................1

United States ex rel. K & R Ltd. Partnership v. Massachusetts Housing Finance Agency, 456 F. Supp. 2d 46 (D.D.C. 2006)..................................................2, 3, 8

## STATUTES

D.C. Bar Voluntary Standards of Civility in Professional Conduct ....................................8

Fed. R. Civ. P. 11 ................................................................................................................7

Fed. R. Civ. P. 12(f)........................................................................................................1, 6

Fed. R. Civ. P. 56(a) ...........................................................................................................4

Fed. R. Civ. P. 56(e) ...........................................................................................................4

Fed. R. Civ. P. 56(g) .......................................................................................................6, 7

Local Rule 7(h) ...................................................................................................................7

Local Rule 7(m) ..................................................................................................................7

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
### TO STRIKE DEFENDANTS' APPENDIX AND DECLARATION OF COUNSEL

Defendants Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA") and Christian Nadal ("Nadal"), through undersigned counsel, submit this opposition to Plaintiff's Motion To Strike Defendants' Appendix and Declaration of Counsel ("Pl. Mot.") [Dkt. # 133].

Plaintiff's motion, which seeks to strike the Appendix to Defendants' Reply (the "Appendix") and the Declaration of Laura B. Hoguet, dated December 8, 2006 ("Hoguet Declaration"), should be denied because it is untimely, does not justify the exceptional relief it seeks, and is unsupported by any legal authority. Plaintiff's gratuitous attacks on Defendants' counsel ring hollow in light of Plaintiff's own disregard of the Federal Rules of Civil Procedure, the Local Rules of this Court and the D.C. Bar Voluntary Standards of Civility in Professional Conduct ("DC Bar Civility Standards").

### I.     PLAINTIFF'S MOTION IS UNTIMELY

Motions to strike pleadings are brought under Rule 12(f) of the Federal Rule of Civil Procedure ("FRCP"). Rule 12(f), conspicuously unmentioned in Plaintiff's motion, requires that a motion to strike be made "within 20 days after the service of the pleading upon the party." Fed. R. Civ. P. 12(f). Defendants' reply papers were electronically served and filed on December 8; Plaintiff's instant motion to strike addressed to those papers was electronically filed on January 5, which is more than 20 days after December 8. The untimeliness of Plaintiff's motion warrants denial. Sweeney v. Am. Registry of Pathology, 287 F. Supp. 2d 1 (D.D.C. 2003) (denying Rule 12(f) motion to strike for untimeliness where it was not filed within 20 days of service of defendant's pleading).

## II. PLAINTIFF FAILED TO MEET HER BURDEN TO JUSTIFY THE EXTREME REMEDY OF STRIKING A PLEADING

A motion to strike is a drastic remedy, which courts generally disfavor. Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd., 647 F.2d 200, 201 (D.C. Cir. 1981). "[T]he proponent of such a motion must shoulder a 'formidable burden.'" United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency, 456 F. Supp. 2d 46, 53 (D.D.C. 2006) (citation omitted). Here, no basis or authority is shown for such drastic relief.

### A. The Appendix Was Properly Submitted

The Appendix, which reconciles the parties' statements of undisputed facts for the purpose of assisting the Court in considering the pending summary judgment motions, was properly submitted. Judge Lamberth decided precisely this issue in United States ex rel. K&R Ltd. Partnership v. Massachusetts Housing Finance Agency, 456 F. Supp. 2d 46 (D.D.C. 2006) (denying motion to strike exhibit which compiled parties' statements of facts on summary judgment). Also, while Defendants' Appendix evidently contains statements Plaintiff does not agree with, she has not shown that it contains any misrepresentation of evidence necessitating judicial relief. In fact, in the only three examples that Plaintiff provides, she cites to the same exhibits as Defendants, or no exhibit at all. Pl. Mot. at 3-5.

In K&R Ltd. Partnership, 456 F. Supp. 2d at 51-52, plaintiff moved to strike a 57-page exhibit, submitted as part of reply papers on a motion for summary judgment, that was a table consisting of three columns: one column contained the paragraphs from the defendant's statement of undisputed facts; the second column contained the plaintiff's response to each paragraph, and the third contained the defendant's "Comments." Plaintiff complained that the "comments" were "cribbed from [defendant's] reply and represent its

2

argument as to why [defendant's] account of the facts, when stacked up against [plaintiff's], supports summary judgment for the [defendant]." Id. at 53. The court denied the motion, finding that the exhibit was "organizational work that the Court would otherwise have to take upon itself, and [that] it does not appear to have been an attempt by [defendant] to evade any of this Court's rules." Id. While the exhibit contained some legal arguments (including five arguments advanced for the first time in the chart), the court concluded that it had been "submitted in good faith as a demonstrative exhibit, not as part of a bad faith effort to evade and undermine the purpose of the Local Rules" and that plaintiff was not prejudiced by it. Id.

Much as the defendant did in K&R Ltd. Partnership, Defendants here, in preparing their Reply to Plaintiff's papers opposing summary judgment, compiled the parties' fact statements into an Appendix, quoting from the parties' opposing documents and adding a "reconciliation" paragraph to pinpoint what, if any, facts are actually in dispute. The task was necessary because Plaintiff's Statement of Disputed Facts typically did not respond directly to Defendants' statements but added much commentary that is not responsive and not supported by the record. As K&R Ltd. Partnership reflects, a party's effort to match up for the Court, via a chart or appendix, the parties' competing fact presentations on a summary judgment motion is not improper in any way.

Defendants' Appendix quotes Plaintiff's statements in Plaintiff's Statement of Material Disputed Facts *verbatim*, and then shows, paragraph by paragraph, whether the record citations in Plaintiff's statement support that statement, or are argumentative or immaterial. While Plaintiff purports to disagree with Defendants' characterizations in their

3

reconciliation paragraphs, she does not claim that the *verbatim* quotations of her statements are inaccurate.

### B.     The Hoguet Declaration Was Properly Submitted

The Hoguet Declaration was properly submitted under FRCP Rules 56(a) and 56(e). Plaintiff has utterly failed to meet her burden of proof that statements contained in the Hoguet Declaration should be stricken as irrelevant, hearsay, made in bad faith or otherwise inadmissible. Significantly, Plaintiff's motion does not even attempt to dispute the veracity of any of the statements in the Hoguet Declaration, and neither has she asserted that she has been prejudiced by its submission.

Rule 56(a) provides that summary judgment motions may be made "with or without supporting affidavits." Fed. R. Civ. P. 56(a). Rule 56(e) provides that the affidavits "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). The Hoguet Declaration, made by one of defendants' attorneys, does not purport to set forth facts of which the declarant has personal knowledge, but is rather the usual attorney's affirmation which specifically states that its purpose is to put "additional documentary evidence before the Court." Hoguet Decl. ¶ 1. The attorney's role, in making such an affidavit, is to certify that the documents in question are evidence from the discovery record, not to show that the facts stated in the documents are true. Here, all of the documentary evidence that the Hoguet Declaration puts before the Court has been produced to plaintiff in the course of pretrial discovery in this action. Plaintiff's motion does not challenge in any respect the authenticity of these documents. Paragraphs 2, 3, 4, 6, and 8 of the Hoguet Declaration, which identify the documents that are attached to the

4

Declaration to be added to the record on this motion, simply present the documentary evidence. An attorney's affidavit is a commonplace means of putting documents before the Court for consideration on a motion, and avoids the need for numerous additional client affidavits offered simply to introduce documents. If there were an issue as to the authenticity of the documents or as to what they mean, client testimony would be necessary. Here, however, there is no such issue; the documents are explained in witness testimony and declarations, and plaintiff has not challenged their authenticity or meaning on this motion.

Plaintiff argues that paragraph 4 of the Hoguet Declaration purports to declare personal knowledge of Gaujacq's salary, Pl. Mot. at 6, but this is not a correct characterization of what the Declaration says, which is that "Gaujacq's base salary in 2003, prior to Nadal's appointment is established by Exhibit C attached hereto, EDF005186 (December 2003 pay bulletin)." Hoguet Decl. ¶ 4. Clearly the document, a December 2003 EDF pay record, which is an EDF business record, is "declaring" what Gaujacq's salary was---not Ms. Hoguet. Hence, Ms. Hoguet's statement is not hearsay.

Similarly, Paragraph 5 of the Hoguet Declaration, challenged by Plaintiff, summarizes portions of the deposition testimony of Patrick De Botherel, Hoguet Decl ¶ 5; the deposition testimony is attached as an exhibit to the Declaration. Plaintiff states that the "impropriety" of having done this is "apparent," but she fails to explain any basis for her objection. Tellingly, Plaintiff does not argue that the summary misrepresents the testimony or is inaccurate in any respect or is prejudicial to her.

Paragraph 3 of the Hoguet Declaration quotes a few lines from Nadal's expatriation contract, a document produced to Plaintiff in discovery. This was done for the practical

5

reason that the contract has been designated as Confidential, so that a further filing under seal would have been necessary in order to submit it to the Court. Since only a few lines of the document are germane to Defendants' summary judgment motion, quoting the few lines in the Declaration seemed a practical means of avoiding such a further sealed filing. Again, Plaintiff does not argue that the quoted language misrepresents the document in any way or is inaccurate or that she has been prejudiced in any way.[1]

Plaintiff's contention that the Hoguet Declaration ought to be stricken because it contains statements she views as irrelevant, Pl. Mot. at 5-7, is nonsensical. The statements and attached documents respond to Plaintiff's opposition papers and are directly relevant to the affirmative defense of Defendants EDF and EDFINA to Plaintiff's Equal Pay Act claims that Plaintiff and Nadal were paid differently because of differences in their respective ranking within EDF's compensation system. Plaintiff's accusation of bad faith on the part of Defendants' counsel is thus both unsupported and insupportable.

### III. PLAINTIFF'S MOTION VIOLATES THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES AND THE DC BAR CIVILITY STANDARDS

While Plaintiff accuses Defendants, groundlessly, of "improper" submissions, "bad faith" and conduct deserving of "sanctions," the reality is that her instant motion does not comply with either the Federal Rules of Civil Procedure, the Local Rules of this Court, or the DC Bar Civility Standards:

*FRCP Rule 12(f) and Motion to Strike*: As discussed in Section I, a motion to strike is brought by a timely Rule 12(f) motion, and Plaintiff's motion is untimely.

*FRCP Rule 56(g) and Affidavits in "Bad Faith"*: If Plaintiff legitimately were claiming bad faith in the filing of the Hoguet Declaration, her motion should have been

---

[1] Defendants would, of course, file the document under seal if it would benefit the Court.

made under Rule 56(g) and she would have sought the Rule 56(g) remedy of payment of the reasonable expenses which the filing of the affidavit caused the other party to incur – typically the expenses of having to rebut the substance of the affidavit. Fed. R. Civ. P. 56(g). Rule 56(g) does not provide for the affidavit to be stricken. There is no bad faith here, but even if there were, the filing of the affidavit did not cause Plaintiff to incur expense.

*FRCP Rule 11 and Sanctions:* Plaintiff's motion avers that the Hoguet Declaration "rises to the level of being sanctionable, but respectfully recognizes that such adjudication is solely with this Court's determination." Pl. Mot. at 7. Unwarranted hostile language should not be countenanced by the Court. If Plaintiff wished to make a Rule 11 motion, she would have to comply with Rule 11(1)(A) by filing a separate motion and serving Defendants before filing it. Fed. R. Civ. P. 11. Evidently, Plaintiff is unwilling to risk the imposition of sanctions upon herself that such a motion would lead to. Her claim of sanctionable conduct by Defendants exceeds the bounds of zealous advocacy.

*Sur-reply and Local Rule 7(h):* Rule 7 of this Court provides that a party may move for summary judgment, the adverse party may oppose, and the moving party may reply to the opposition. LCvR 7(h). Plaintiff's motion to strike is effectively a sur-reply not provided for by Local Rule 7.

*Local Rule 7(m):* Rule 7(m) of this Court requires that Plaintiff "discuss the anticipated [nondispositive] motion with opposing counsel . . . in a good-faith effort" to determine if there is opposition and/or to narrow the issues, and provide a statement about the required discussion. LCvR 7(m). Plaintiff made no such effort here. In a factually similar case, a motion to strike an affidavit submitted with summary judgment reply papers

was denied based on the movant's failure to comply with Local Rule 7(m). K&R Ltd. P'ship, 456 F. Supp. 2d at 51-52.

*DC Bar Civility Standards:* Plaintiff's counsel, a member of the District of Columbia Bar, has failed to comply with the General Principles of the DC Bar Civility Standards for lawyers, which condemn the use of unfounded accusations of impropriety as a litigation tactic: "We will not bring the profession into disrepute by making unfounded accusations of impropriety or making ad hominem attacks on counsel, and, absent good cause, we will not attribute bad motives or improper conduct to other counsel." D.C. BAR VOLUNTARY STANDARDS OF CIVILITY IN PROFESSIONAL CONDUCT, General Principles, ¶5), http://www.dcbar.org/for_lawyers/ethics/legal_ethics/voluntary_standards_for_civility.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Defendants' Appendix and Declaration of Counsel should be denied in its entirety.

Dated: January 19, 2007

                                                Respectfully Submitted,

                                                _____/s/_____
                                                Laura B. Hoguet
*D.C. Bar No. 200915*
Dorothea W. Regal
*D.C. Bar No. NY0064*
Randi Seltzer May
*D.C. Bar No. NY0063*
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016
(212) 689-8808

*Counsel for Defendants Electricité de France, S. A. and Electricité de France International North America, Inc.*

Morgan D. Hodgson
*D.C. Bar No. 186521*
David Clark
*D.C. Bar No. 473279*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Counsel for Defendant Christian Nadal*