IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:05CV0969 (JGP) |
| ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., et al. | ) ) ) ) ) | |
| Defendants | ) ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO STRIKE
DEFENDANTS' APPENDIX AND DECLARATION OF COUNSEL**

Plaintiff submits this Reply in support of her Motion to Strike Defendants Electricite De France, S.A. ("EDF"), Electricite De France International North America, Inc. ("EDFINA") and Christian Nadal's ("Mr. Nadal") (collectively "Defendants") Appendix to Defendants' Reply in Support of their Motion for ("Appendix") [Dkt. # 131] and Declaration of Laura B. Hoguet ("Declaration") [Dkt. # 131], submitted jointly by Defendants. As explained more fully below Ms. Gaujaq, through counsel, properly and timely submitted her Motion and conformed to the Rules of this Court.[1] Moreover, Defendants' Appendix and Declaration should be stricken.

**I.    PLAINTIFF'S MOTION IS TIMELY**

Ms. Gaujacq's Motion to Strike is timely because Rule 12(f) of the Federal Rules of Civil Procedure only limits the timeframe to file a Motion to Strike the parties' initial filings, meaning

---

[1] However, in the event that the Court believes the filing is late, Ms. Gaujacq, through counsel, requests leave to file her Motion to Strike out-of-time. As there may be some ambiguity as to the applicable timing of such a Motion, the interests of justice would be best served by allowing Ms. Gaujacq to file the Motion.

a complaint, cross-claim, counter-claim, or answer. As an initial matter, Rule 12 and its subsections are specifically focused on *initial complaints* and on *initial pleadings* in response thereto. Notably, the title of Rule 12 recognizes a distinction between pleadings and motions: "Rule 12. Defenses and Objections-When and How Presented-By Pleading or Motion." In addition, Rule 7 of the Federal Rules of Civil Procedure defines pleadings and motions as two separate items. Rule 7(a) defines a pleading as a complaint, counter-claim, cross-claim and answer. Rule 7(b) separately defines "motion and other papers" as any other application to Court for relief. Thus, under the plain language of the Federal Rules of Civil Procedure, neither an Appendix nor Declaration submitted in support of a Motion for Summary Judgment is a *pleading. See generally Modaressi v. Vedadi, et al.*, 441 F. Supp. 2d 51 (D.D.C. 2006, Bates, J)(holding a Motion to Dismiss is not a pleading.)[2]

As Ms. Gaujacq's Motion to Strike is directed to the Defendants' "Appendix" and Declaration, Rule 12(f) does not limit the time for filing her Motion. Accordingly, Ms. Gaujacq timely submitted this Motion to Strike.

## II. THE APPENDIX AND DECLARATION WERE NOT PROPERLY SUBMITTED TO THIS COURT

A motion to strike may be granted when a party deliberately submits a document in an "unfair attempt to present new evidence without cross-examination." *Shapiro, Lifschitz & Schram, P.C. v. Hazard, et al.*, 90 F. Supp. 2d 15 (D.D.C. 2000)(striking an affidavit submitted after the opposing party would have a chance to address the arguments contained therein). A Motion to Strike may also be granted when a Declaration is not based on the personal knowledge of the declarant and contains immaterial and inadmissible statements. *See Johnson v. U.S.*

---

[2] However, under this Court's ruling in *LaRouche v. Dep't of the Treasury*, 2000 Dist. LEXIS 5078, *39-40 (D.D.C. March 21, 2000, a Motion to Strike a declaration or affidavit may still be reviewed under the standards set forth in Rule 12(f).

2

*Capitol Police Bd.*, 2005 U.S. District LEXIS 3589,*8 (2005); *see also LaRouche v. U.S Treasury*, 2000 U.S. Dist. LEXIS 5078, *15-16 (D.D.C. 2000)(holding a declaration cannot contain hearsay evidence that would be inadmissible at trial). In this case, Defendants' Appendix and Declaration were improperly submitted and should be stricken.

### A.   Defendants' Appendix Was Not Properly Submitted

Contrary to Defendants' statements, the Appendix does not reconcile the parties' statements of disputed facts for the purpose of assisting the Court.[3] Rather, the "Appendix" contains new arguments not advanced in Defendants' Motions or Reply Briefs and, thus, is not properly before the Court.

Defendants' reliance upon *K&R Limited Partnership v. Massachusetts Housing and Finance Agency*, 456 F. Supp. 2d 46 (D.D.C. 2006), is misplaced. In *K&R Limited*, the Court denied the plaintiff's Motion to Strike noting that "for the most part [the defendant's appendix] does not present any information or argument that is not contained in it reply brief; it is simply the same argument from the reply presented in a different manner." *Id.* at *16. However, unlike the appendix at issue in *K&R Limited*, Defendants' ninety-three (93) page "Appendix" contains predominately *new* facts and arguments that were not addressed in their Reply briefs, and is, thus, not a different presentation of the same materials. This is only logical as the 93-paged "Appendix" is almost four times longer than the Defendants' actual reply briefs and is longer that the sum total of Defendants' Opening and Reply brief combined.

Similarly, unlike the appendix in *K&R Limited*, Defendants' "Appendix" is not "organizational work that the Court would otherwise take upon itself." Defs. Opp. at 3 *quoting K&R Limited*, 456 F. Supp. 2d at 53. The "Appendix" does not "organize" the existing facts and

---

[3] As discussed in Ms. Gaujacq's opening brief, the document is a supplemental and/or amended pleading and not an Appendix as Defendants incorrectly labeled it.

3

arguments because it contains new facts and arguments that were not presented in the reply briefs. The length of the "Appendix" also contradicts any claim by Defendants that its use would somehow reduce the Court's time by providing organizational materials. Accordingly, *K&R Limited* is not applicable.

In addition, the new arguments contained in the "Appendix" were unfairly submitted after Ms. Gaujacq filed her Opposition briefs and after she would have any opportunity to respond to them. Moreover, as discussed in Ms. Gaujacq's Motion, the "Reconciliation" section of the "Appendix" contains misrepresentations of the evidence. Ms. Gaujacq would be unfairly prejudiced by the admission of the "Appendix," as she will not have the opportunity to contest the statements contained therein. Defendants' submission of this ninety-three (93) page document is a highly improper attempt to supplement their original moving papers and to amend their Rule 56 Statements without seeking leave of this Court. As such, the Appendix should be stricken.

### B. Defendants Improperly Submitted Laura Hoguet's Declaration

The statements in Ms. Hoguet's Declaration are inadmissible and irrelevant. Defendants cannot deny that the Declaration is improper because it is not based on Ms. Hoguet's personal knowledge. Moreover, an attorney's affidavit is not a proper vehicle for presenting evidence and/or arguments to the Court in lieu of the parties' testimony.

Defendants' conveniently omit from their quotation of Rule 56(e) of the Federal Rules of Civil Procedure the language that <u>requires</u> the declaration/affiant to have "personal knowledge" of the facts to which she avers. Defs. Opp. at 4. Pursuant to Rule 56(e), affidavits (or declarations) supporting a party's summary judgment motion "shall be made on personal

4

knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Contrary to Defendants' assertion, an attorney's affidavit is not a proper vehicle to "put 'additional documentary evidence before the Court.'" Defs. Opp. at 4 (quoting Hoguet Decl. ¶ 1). Notably, Defendants are unable to cite any authority for their claim that an attorney's affidavit is a "commonplace means" of putting documents before the Court and to "introduce documents." Defs. Opp. at 5. Even Defendants' own rationale confirms that there was absolutely no need for the submission of Ms. Hoguet's Declaration, as they note that "the documents are explained in witness testimony and declarations." Defs. Opp. at 5.

Moreover, Defendants illogically claim that Ms. Hoguet's statements averring to the contents of the documents does not constitute hearsay. *Id.* However, the statements are hearsay, are based on hearsay, and are therefore inadmissible. *See Cearfoss Constr. Corp. v. Sabre Constr. Corp.*, 1989 U.S. Dist. LEXIS 9639 (D.D.C. August 10, 1989)(holding multiple hearsay contained in and attached to Declaration was inadmissible). Defendants further concede that the subject of the affidavit is most appropriately addressed by a *party* not by an attorney of the party: "If there were an issue as to the authenticity of the documents or as to what they mean, client testimony would be necessary." Defs. Opp. at 5. The parties' Summary Judgment filings in this case are all premised upon a dispute regarding what the documents at issue mean. Accordingly, Defendants concede that there was/is no need for an attorney to "introduce" the documents or to declare as to their contents.

Accordingly, as there was no basis or need for the submission of Ms. Hoguet's Declaration, and it should be stricken.

### III. PLAINTIFF'S MOTION DOES NOT VIOLATE DC BAR CIVILITY RULES OR THE LOCAL RULES

Illogically, Defendants chastise Ms. Gaujacq for failing to bring her Motion under Rule 56(g) or Rule 11, that allow her to recover sanctions. Yet, in the next breath, they accuse her of being uncivil. There is nothing uncivil with regard to Ms. Gaujacq's request that an improperly submitted Appendix and Affidavit be struck.

In addition, Rule 7(m) is not applicable, as Ms. Gaujacq's filings relate to dispositive, rather than non-dispositive, issues. In support of their position that Ms. Gaujacq failed to confer regarding the filing of her Motion, Defendants again incorrectly rely upon *K&R Limited*. In *K&R Limited*, 456 F. Supp. 2d at 51-52, the Court denied Plaintiff's Motion to Strike on two grounds: (1) that movant previously attempted to confer and, therefore, recognized that the dispute did not relate to a dispositive issue; and (2) that the ruling on the Motion to Strike would not dispose of "any of the issues for which summary judgment [had] been moved."

Unlike the appendix at issue in *K&R Limited*, Defendants' "Appendix" alleges new arguments and facts and is a supplementation of their Rule 56 Statement of Facts. Disposing of the "Appendix" would dispose of "issues" that relate directly to the Defendants' Rule 56 Statement of Facts and their basis for Summary Judgment. As such, in this case, Rule 7(m) is not applicable.

Moreover, Defendants' claim that Ms. Gaujacq's Motion is a surreply is without merit. Ms. Gaujacq, unlike the Defendants, has limited the arguments pertaining to her claim to her Summary Judgment filings.

6

## CONCLUSION

For all the foregoing reasons, the Appendix to Defendants' Reply [Dkt. # 131] and Declaration of Laura B. Hoguet [Dkt. # 131], submitted in support of all Defendants' motions for summary judgment, should be stricken.

January 29, 2007                              Respectfully Submitted,

*/s/ Carla Brown*
_____
Elaine Charlson Bredehoft
D.C. Bar No. 441425
Carla D. Brown
D.C. Bar No. 474097
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
    Catherine Gaujacq