**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV0969 (JGP) |
| | ) | |
| ELECTRICITE DE FRANCE | ) | |
| INTERNATIONAL NORTH AMERICA, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
REQUEST PERTAINING TO THE SCHEDULE**

The plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), by counsel, hereby respectfully

submits this response to Defendants' Motion [Dkt. # 136] titled "Defendants' Request for

Schedule Confirmation" pertaining to the Scheduling Order governing this case. In light of the

prior agreement of the parties, the status conference, the Court's August 24, 2006 Minute Order,

and Defendants' August 28, 2006 Errata, Plaintiff understood that the earlier-scheduled February

Pretrial Dates and April trial date would proceed as requested by the parties. On February 8,

2007, Defendants indicated that they believed the pretrial and Trial Dates had been held in

abeyance. Plaintiff respectfully opposes the Defendants' Motion to the extent that it requests

that the Court confirm dates contrary to those previously agreed to by the parties.

On February 7, 2007, Plaintiff's counsel contacted Defendants' counsel advising that

Plaintiff received certain information regarding her current position and employer, her W2, and

other relevant information that would require her to supplement her discovery disclosures,

including her expert report and opinions. However, because of his trial schedule and health

issues, Plaintiff's expert economist will not be able to supplement his report until February 26, 2007. In an effort to ensure that Defendants would not be prejudiced if the Court ruled on the Summary Judgment briefings in the interim, and to preserve the Trial Date, Plaintiff suggested the parties tentatively hold dates in March for the depositions of the experts. In response, Defendants indicated that the Pretrial Dates and Trial Date were postponed. Defendants then filed the instant Motion.

In their Request for Schedule Confirmation, Defendants rely upon this Court's August 24, 2007 Minute Order. *See* Att. 1. However, just four days later, on August 28, 2006, Defendants filed an Errata [Dkt. # 97] attaching the Scheduling Order omitted from the parties' August 24, 2006 Joint Motion regarding the Scheduling Order. *See* Att. 2. In the Errata, the Defendants confirmed that they were also requesting the February 15 and 22, 2007 Pretrial Dates and the April 17, 2007 Trial Date. *See* Att. 2.

In addition, nothing in the Court's August 24, 2006 Scheduling Order [Dkt. # 96] states that the Pretrial Dates and Trial Date have been postponed or superceded. The Trial Date was scheduled long ago by both parties and planned for by Plaintiff. Moreover, the parties agreed to the Pretrial Dates in a Joint Scheduling Order submitted to this Court on August 24 and 28, 2006. Plaintiff has been assuming these dates and proceeding in a fashion to be prepared on February 15, 2007 and February 22, 2007 to exchange pretrial disclosures and attend the pretrial conference. As mentioned above, Plaintiff's counsel is willing to work with Defendants' counsel to schedule the expert depositions in March to ensure that all matters are resolved before the April Trial Date. Therefore, there is good cause to proceed with both the Pretrial and Trial Dates.

Accordingly, Plaintiff respectfully requests that Court confirm its Scheduling Order and further verify that the February 15 and 22, 2007 Pretrial Dates and April 17, 2007 Trial Date have not been postponed or superceded.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court confirm that the February 15 and 22, 2007 Pretrial Dates are not held in abeyance and that the April 17, 2007 Trial date is not held in abeyance. Plaintiff's counsel is available at the Court's convenience should the Court desire a further status conference.

February 12, 2006                      Respectfully submitted,


Elaine Charlson Bredehoft
D.C. Bar No. 441425
Kathleen Z. Quill
D.C. Bar No. 489079
Carla D. Brown
D.C. Bar No. 474097
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff
   Catherine Gaujacq

3