IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV0969 (JGP) |
| | ) | |
| ELECTRICITÉ DE FRANCE | ) | |
| INTERNATIONAL NORTH AMERICA, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST
FOR SCHEDULE CONFIRMATION**

Defendants Electricité de France, S.A. ("EDF"), Electricité de France International North

America, Inc. ("EDFINA", and Christian Nadal ("Nadal"), through undersigned counsel, submit

the following response to Plaintiff's February 12, 2007 Response [# 137] to Defendants' Request

[# 136] for Schedule Confirmation relating to pretrial events.

Defendants understand the August 24, 2006 Minute Order [#96] of this Court ("Minute

Order") to have postponed earlier-scheduled pretrial and trial dates pending issuance of further

orders by the Court. Both counsel for the corporate Defendants EDF and EDFINA, and separate

counsel for Defendant Nadal, read the Minute Order as amending the dates for summary

judgment filings, expert depositions, and Daubert motions, and also amending the earlier Joint

Scheduling Order by deferring the remaining dates.[1]

---

[1]    In response to Plaintiff's attachment of the Errata submitted by Defendants, that filing is not relevant to
the issue before the Court. The initial electronic filing had mistakenly omitted the Joint Consent Motion itself.
Defendants corrected the filing error four days later, filing with the Court as an attachment the Joint Consent Motion
that had been omitted. The fact that Defendants made a subsequent filing to supply for the record, retroactively, the
complete set of moving papers has no substantive import whatsoever. It does not (contrary to Plaintiff's suggestion)
indicate any intent or understanding on the part of Defendants that the previously scheduled dates had not been
postponed as indicated in the Minute Order.

There are several bases for Defendants' position. First, the Minute Order, issued after the parties submitted their consent motion, specifically referred to further Orders being issued to cover the filing of pretrial statements, the pretrial conference and the trial date. To this extent, the Court, *sua sponte*, went beyond the parties' request and further amended the Joint Scheduling Order. Otherwise the Minute Order adopted the parties' proposal. Thus, while the parties had initially agreed in the consent motion to the pretrial and trial dates as proposed, the Minute Order wording appears to Defendants to state that the Court adopted only part of what the parties had proposed – namely the summary judgment dates and the time frames for completing expert discovery and submitting Daubert motions.

Defendants submit that their reading of the Minute Order as indicating that the parties should await further Orders to be issued on the remaining dates is reasonable on the face of the document. Defendants fairly reasoned, when the Court accepted the parties' proposal on the timing of expert depositions but left unstated dates for the pretrial statements, conference, and trial, that the Court had likely concluded that it might well need additional time to consider summary judgment and would accordingly reschedule those events and issue any specific orders for the pretrial statements and conference at such future time. Nothing in Plaintiff's response even addresses the specific wording of the Minute Order with respect to the reference to "further Orders."

Plaintiff's own conduct also comports with this understanding. The first date the Court deferred – for oral argument the week of December 18, 2006 – remains unscheduled. Yet Plaintiff evidently understood that the Minute Order superseded the initially scheduled argument date (November 10, 2006) and the date proposed by the parties. Since the Court used identical

language to defer dates for oral argument, pretrial and trial, it is only fair to conclude that all were superseded in the same fashion.

In addition, the parties' proposed schedule was premised on the parties' agreement that, before completing expert discovery, it made sense to await the Court's summary judgment rulings so that it would be known which of Plaintiff's claims, if any, would actually be tried. If, after summary judgment, claims did remain, experts would be deposed on damage issues relating to those claims. At no time until late last week, when Plaintiff proposed to Defendants preparation of a supplemental expert report and depositions *after* the supposed date for the pretrial submissions and conference, had Plaintiff communicated any change in this understanding. Defendants never agreed to file pretrial statements before completing expert discovery and should not reasonably be viewed as having done so.

Finally, the Minute Order adopted the parties' proposal for the timing of Daubert motions to be filed thirty days after expert depositions. Following their filing, additional time would be needed for oppositions, reply briefs, and the orderly decision of such motions by the Court -- all before any trial. Plaintiffs' agreement to this schedule, and her ability to adhere to this part of the Minute Order, now also appear to have evaporated, since her current proposal to Defendants is to take expert depositions in March. Even depositions in early March could not comply with the Minute Order's provision that Daubert motions be filed, then briefed, thirty days thereafter if trial was to commence in mid-April.

Defendants, in good faith, have proceeded in reliance on their understanding of the Minute Order as set forth above. Defendants have not proceeded to prepare a Pretrial Statement, to undertake the remaining work to complete expert discovery, and to prepare for trial while dispositive, and in their view meritorious, motions for summary judgment remain pending and no

firm post summary judgment dates have been set by Order.    Defendants would be severely prejudiced if, under these circumstances, previously postponed dates were resuscitated, as Plaintiff requests.    Expert discovery -- an integral component of pretrial preparation -- has not been completed, and any Daubert motions have not been filed.    At this date, there is not adequate time for Defendants to prepare a Pretrial Statement by February 15.    A trial date of April 17, 2007 is also problematic for Defendants. Defendants' principals and witnesses had been advised that the trial was deferred by the Court's August 24, 2006 Minute Order and is unscheduled.

For the sake of good order and for the avoidance of unnecessary expense by the parties, Defendants request that the Court further amend the Joint Scheduling Order to schedule the remaining dates.    Defendants respectfully request that the Court convene a scheduling conference, in person or by telephone, to set future dates for oral argument on summary judgment, pretrial, and trial and to provide the parties with any guidance the Court wishes to make with respect to its pretrial procedures.

February 12, 2007

Respectfully submitted,

_____/s/_____
Dorothea W. Regal
*D.C. Bar No. NY0064*
Randi Seltzer May
*D.C. Bar No. NY0063*
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016
(212) 689-8808

*Counsel for Defendants Electricité de France, S. A.*
*and Electricité de France*
*International North America, Inc.*

_____/s/_____
Morgan D. Hodgson
D.C. Bar No. 186521
David Clark
D.C. Bar No. 473279
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Counsel for Defendant Christian Nadal*