UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ,              ) | |
|                                 ) | |
|     Plaintiff,              ) | |
|                                 ) | |
| v.                              ) | Civil Action No. 05-0969 (JGP) |
|                                 ) | |
| ELECTRICITE DE FRANCE           ) | |
| INTERNATIONAL NORTH AMERICA, INC., ) | |
|                                 ) | |
| ELECTRICITE DE FRANCE, S.A.,    ) | |
|                                 ) | |
|     and                      ) | |
|                                 ) | |
| CHRISTIAN NADAL                 ) | |
|                                 ) | |
|     Defendants.              ) | |

**ORDER**

On August 24, 2006, the Court issued a Minute Order which modified the parties' Consent Motion to Amend/Correct Scheduling Order [#96] ("Const. Mot.").[1]  Within the earlier-filed Consent Motion, which is also dated August 24, 2006, the parties requested, *inter alia*, that (1) pretrial statements be due February 15, 2007, (2) the pretrial conference be scheduled for February 22, 2007, and (3) the trial be scheduled for April 17, 2007. Const. Mot., at 1-2. However, within the August 24, 2006 Minute Order, the Court provided the following in pertinent part below:

> *[T]he Court will issue Orders* regarding the hearing proposed by the parties for the week of December 18, 2006, the Pretrial Statements, the Pretrial Conference and the Trial date.

(emphasis added).

---

[1] Although reflected on the docket, the Minute Order has no docket number.

On February 9, 2007, defendants filed a **Request for Schedule Confirmation [#136]** ("Def.'s Mot."), which the Court treats as a Motion to clarify the schedule. Therein, defendants moved the Court to address this specific dispute between the parties:

> Defendants understand the Minute Order to have postponed earlier-scheduled pretrial and trial dates pending further action by the Court. Plaintiff, through counsel, has very recently indicated in correspondence that her understanding is that dates are not postponed.

Def.'s Mot., at 1. In opposing defendants' Motion, plaintiff asserts that "[i]n light of the prior agreement of the parties, the status conference, the Court's August 24, 2006 Minute Order, and Defendant's August 28, 2006 Erratta, Plaintiff understood that the earlier-scheduled February Pretrial Dates and April trial date would proceed as requested by the parties." Plaintiff's Response to Defendants' Request Pertaining to the Schedule [#137] ("Pl.s Opp."), at 1.[2]

Preliminarily, as the parties are aware, the Court has broad discretion to manage the pretrial and trial schedules. *See, e.g.*, *Johnson v. Board of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001).

In this case, the August 24, 2006 Minute Order controls as it was the *last directive* issued by the Court regarding the pretrial and trial schedules. In other words, it supercedes all "prior agreement of the parties" and any representations made during any "[prior] status conference[.]" Pl.s Opp., at 1.[3] The language of the Minute Order is clear. The Court purposely left open the dates for the pretrial statements, the pretrial conference and the trial within the Minute Order.

---

[2] The Court treats plaintiff's "Response" as an Opposition because it moves the Court for an alternative clarification of the schedule to that sought by defendants.

[3] Defendant's August 28, 2006 Erratta also has no impact on the August 24, 2006 Minute Order as regards the pretrial statements, the pretrial conference or the trial date.

Those dates will be held in abeyance until the Court resolves the pending dispositive Motions.

Accordingly, and for good cause shown, it is hereby

**ORDERED** that the Court will schedule due dates for the pretrial statements, the pretrial conference and the trial, if necessary, after it resolves defendants' Motions for Summary Judgment.

Date: February 13, 2007                                        **JOHN GARRETT PENN**
                                                               **United States District Judge**