IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELECTRICITE DE FRANCE )<br>INTERNATIONAL NORTH AMERICA, )<br>INC., et al. )<br>)<br>Defendants. )<br>) | No. 1:05CV0969 (HHK) |

## PLAINTIFF'S MOTION FOR A STATUS CONFERENCE AND/OR HEARING ON SUMMARY JUDGMENT

Plaintiff CATHERINE GAUJACQ ("Ms. Gaujacq"), by counsel, hereby moves this Court to schedule a status conference and/or a Hearing on the arguments regarding Summary Judgment. The grounds for these motions are set forth in the accompanying Memorandum.

March 5, 2008                    Respectfully submitted,

                                /s/ ECB
                                Elaine Charlson Bredehoft
                                D.C. Bar No. 441425
                                Carla D. Brown
                                D.C. Bar No. 474097
                                Kathleen Z. Quill
                                D.C. Bar No. 489079
                                CHARLSON BREDEHOFT & COHEN, P.C.
                                11260 Roger Bacon Drive
                                Suite 201
                                Reston, Virginia 20190
                                (703) 318-6800

                                Counsel for Plaintiff,
                                  Catherine L. Gaujacq

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | No. 1:05CV0969 (HHK) |
| ) | |
| ELECTRICITÉ DE FRANCE ) | |
| INTERNATIONAL NORTH AMERICA, ) | |
| INC., et al, ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR A STATUS CONFERENCE AND/OR HEARING ON SUMMARY JUDGMENT

The plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), by counsel, hereby requests leave to appear for a Status Conference and/or for hearing on the Defendants' Motions for Summary Judgment.

## CERTIFICATE UNDER LOCAL RULE 37(E)

Counsel for the plaintiff hereby certifies that counsel have made good faith efforts to resolve the matter at issue prior to placing this matter before the Court. Despite counsel's best efforts, however, counsel have not been able to come to an agreement on the issue.

## PROCEDURAL HISTORY

Ms Gaujacq filed her Complaint on May 13, 2005. Ms. Gaujacq's Complaint alleges: (i) discrimination and retaliation on the basis of gender, and discriminatory and retaliatory termination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the District of Columbia Human Rights Act, D.C. Code § 2-1401 01 et seq.; (ii) disparate and unequal pay, in violation of the Equal Pay Act, 29 U.S.C. § 206(d);

(iii) defamation *per se*; (iv) breach of contract; (v) tortious interference with contractual relations and business expectancies; and (vi) breach of the duty of good faith and fair dealing.

In an Order dated August 24, 2007, Judge Penn amended the Joint Scheduling Order and the trial of this matter was scheduled to begin on April 17, 2007. Pretrial statements were due on February 15, 2007 and a Pretrial Conference was scheduled for February 22, 2007.

On October 16, 2006, Defendants filed their Motions for Summary Judgment. Plaintiff filed her Opposition to Defendants' Summary Judgment Motions on November 20, 2006. On December 8, 2006, Defendant Nadal filed his Reply in Support of Summary Judgment.

By request of the Defendants because of the fast-impending trial date, the Honorable John G. Penn, now deceased, entered an Order on February 13, 2007, directing that the pretrial conference and trial dates would be held in abeyance until the Court resolved the pending dispositive (Summary Judgment) Motions. At the time of Judge Penn's passing in September 2007, the pending dispositive Motions had not been ruled upon.

In October 2007, Ms. Gaujacq, through counsel, was notified that the Honorable Henry H. Kennedy, Jr. was assigned to this matter.

## **INTRODUCTION**

Ms. Gaujacq's claims have been pending in this tribunal for almost three years. Due to the untimely and unfortunate passing of Judge Penn, Ms. Gaujacq has been left in an unbreakable holding pattern. It was not until the recent assignment of this Court that Ms. Gaujacq may be even hopeful that she is inching closer to receiving her day in Court. With Summary Judgment Motions pending for over fifteen months, with the death of Judge Penn in the middle of the consideration of Summary Judgment, and with the reassignment of this Court to preside over this case, justice and the best interests of all the parties in this matter would be

best served by scheduling a Status Conference and oral argument on the Parties' Summary Judgment pleadings

Given the reassignment of Judge Kennedy after discovery has closed and been virtually completed, a Status Conference would benefit this Court. The Status Conference would allow the parties the opportunity to introduce themselves to the Court and provide for the Court a brief history and overview of the matter. This overview and background would otherwise only be discernable through a review of the voluminous and detailed pleadings and submissions. In addition, a Status Conference and Summary Judgment hearing with the Court to provide any history and clarifications would highlight in a succinct matter the positions of the parties

To date, after fifteen months (15) of patiently waiting, Defendants' Motions for Summary Judgment have still not been decided, no trial date has been scheduled, and Ms. Gaujacq has lost her job after aggressive tactics by Defendants with her employer. Ms. Gaujacq is anxious to get her day in Court and is willing to provide the Court with information it requires to make a reasoned and timely decision.

## ARGUMENT

At this juncture of the case, the request for a status conference is proper and would benefit the Court and Parties. A status conference and/or Summary Judgment hearing would be an excellent opportunity to introduce the parties to this Court and address any questions the Court has, enlighten the Court as to issues and the history of the case, and each side's view of the legal and factual issues. It would provide an opportunity for the Court to ask questions, and to determine any further information or clarification the Court may require to move the case forward in an expedited manner.

3

Defendants have indicated that they oppose the Plaintiff's Request for a Status Conference. It is the Defendants' position that a Status Conference is unnecessary and premature until the Court has ruled on the dispositive (Summary Judgment) Motions. This does not address Plaintiff's reasons for seeking the Status Conference. Plaintiff feels it would be in the best interest of all parties for a Status Conference to be held, and may assist the Court in deciding the motions, as well as seek any clarification as to the issues, the facts, and any further information relating to the parties.

## **CONCLUSION**

For all of the reasons set forth above, Plaintiff requests that this Court enter an order scheduling a Status Conference and oral argument on the Defendants' Motions for Summary Judgment.

March 5, 2008                                   Respectfully submitted,


                                                         /s/ ECB
Elaine Charlson Bredehoft
D.C. Bar No. 441425
Carla D. Brown
D.C. Bar No. 474097
Kathleen Z. Quill
D.C. Bar No. 489079
CHARLSON BREDEHOFT, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
(703) 318-6800

Counsel for Plaintiff,
  Catherine Gaujacq

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March 2008, a copy of the foregoing Motion and Memorandum in Support of Plaintiff's Motion to Schedule A Status Conference were filed electronically via ECF and mailed via first class mail, postage prepaid, to

>Laura B. Hoguet, Esq
>Dorothea W. Regal, Esq.
>Randi S. May, Esq
>HOGUET NEWMAN & REGAL, LLP
>10 East 40th Street
>New York, NY 20016
>Counsel for Defendants EDF, SA
>       and EDFINA
>
>Morgan D. Hodgson, Esq.
>David A. Clark, Esq
>1330 Connecticut Avenue, N.W.
>Washington, D.C. 20036
>Counsel for Defendant Christian Nadal

>_/s/ ECB_____
>Elaine Charlson Bredehoft

5