IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV0969 (HHK) |
| ) | |
| ELECTRICITE DE FRANCE ) | |
| INTERNATIONAL NORTH AMERICA, ) | |
| INC., et al ) | |
| ) | |
| Defendants. ) | |

## MOTION AND MEMORANDUM FOR LEAVE TO SUPPLEMENT PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Civil Rule 15(d), Plaintiff requests leave to file a Supplemental Memorandum in Support of Plaintiff's Opposition to Defendants' Electricite De France, S.A. ("EDF") and Electricite De France International North America, Inc. ("EDFINA") (collectively "Defendants") Motion for Summary Judgment.

### CERTIFICATE UNDER LOCAL RULE 37(E)

Counsel for the plaintiff hereby certifies that counsel have made good faith efforts to resolve the matters at issue prior to placing this matter before the Court. Despite counsel's best efforts, however, counsel have not been able to come to an agreement.

### PROCEDURAL HISTORY

Ms. Gaujacq filed her Complaint on May 13, 2005. Ms. Gaujacq's Complaint alleges: (i) discrimination and retaliation on the basis of gender, and discriminatory and retaliatory termination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e, et seq., and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 et seq.; (ii) disparate and unequal pay, in violation of the Equal Pay Act, 29 U.S.C. § 206(d); (iii) defamation *per se*; (iv) breach of contract; (v) tortious interference with contractual relations and business expectancies; and (vi) breach of the duty of good faith and fair dealing.

On October 16, 2006, Defendants filed their Motion for Summary Judgment. Plaintiff filed her Opposition to Defendants' Summary Judgment Motion on November 20, 2006.

At the request of the Defendants, because of the fast-impending trial date, the Honorable John G. Penn, now deceased, entered an Order on February 13, 2007, directing that the pretrial conference and trial dates would be held in abeyance until the Court resolved the pending dispositive (Summary Judgment) Motions. At the time of Judge Penn's passing in September 2007, the pending dispositive Motions had not been ruled upon.

In October 2007, Ms. Gaujacq, through counsel, was notified that the Honorable Henry H. Kennedy, Jr. was assigned to this matter.

## ARGUMENT

Ms. Gaujacq seeks leave to address new developments taking place after the submission of her Opposition to Defendants' Summary Judgment Motion. After the filing of the Parties' Summary Judgment submissions: (1) Ms. Gaujacq received a ruling from the French equivalent to the U.S. Equal Employment Opportunity Commission contradicting Defendants' argument that United States law does not apply to this dispute and that the appropriate jurisdiction for the adjudication of Ms. Gaujacq's claims is in France, EDF and EDFINA's place of incorporation and (2) Ms. Gaujacq discovered Defendants Mr. Nadal and EDF, through its officers and directors, concealed material information respecting the reasons Mr. Nadal was appointed to

2

replace Ms. Gaujacq in the United States and whether the proffered legitimate business justification was pretextual.

Defendants' argument that the discovery record establishes without contradiction that "Mr. Nadal was appointed to succeed Ms. Gaujacq as an 'ambassador-level' executive to Washington with experience and contacts in the financial world and with industry leaders" is contradicted by the information newly discovered by the Plaintiff. *See* Defs. EDF/EDFINA's Memo. in Supp. of SJ, dated 10/16/07, pp. 16-20. This newly discovered evidence, which should have been provided to the Plaintiff in discovery, and in response to multiple deposition questions, contradicts Defendants' arguments in favor of summary judgment, and was purposely concealed by the Defendants during discovery.

By the end of December 2006, the Parties had submitted to this Court all of their briefs and arguments for and against Summary Judgment. Defendants argued, *inter alia,* that, because EDF is a French Company, and that Ms. Gaujacq worked in France for several years before her assignment to the United States, United States law does not apply to EDF's decisions and actions pertaining to Ms. Gaujacq. *See* Defs. EDF/EDFINA's Memo. in Supp. of SJ, dated 10/16/07, pp. 16-20. Defendants erroneously contend Title VII, the Equal Pay Act, and the D.C. Human Rights Act, would not apply to EDF's decisions affecting Ms. Gaujacq. *Id.* at 17. Ignoring that Ms. Gaujacq worked *in* the United States for years, worked for EDF's North American subsidiary -- EDFINA, and that many, if not most, of the discriminatory acts complained of took place in the United States, or impacted Ms. Gaujacq in United States, Defendants claim U.S. law does not reach this dispute because EDF is a French company, that Gaujacq and Nadal were citizens of France at the time the dispute arose, and that the agreements for Gaujacq's and Nadal's U.S. appointment were originally entered into in France. *Id.*

3

Then, in November 2007, the French equivalent of the United States Equal Employment Opportunity Commission, the High Authority to Fight Discrimination and to Promote Equality (known by the French acronym HALDE), issued a ruling making it clear the United States was the appropriate forum for this dispute. HALDE denied Ms. Gaujacq the ability to have her discrimination and retaliation claims heard in France or under French law, and confirmed that French law could not reach this dispute because it arose on United States' territory. *See* HALDE ruling of October 24, 2007, Attachment A, as Translated at Attachment B. This decision supports Ms. Gaujacq's argument that the United States District Court for the District of Columbia is the most appropriate, and sole, forum to obtain the relief she is entitled to receive.

In accordance with the Rules of this Court and in the interest of judicial economy, Plaintiff requests permission to supplement her Memorandum in Opposition to Defendants' Motion for Summary Judgment, through the Memorandum attached as Attachment C, to include additional arguments relating to the new information she received from the HALDE.

In addition, both Mr. Nadal and EDF concealed relevant information they knew is fatal to their claim that Mr. Nadal was appointed to replace Ms. Gaujacq for legitimate business reasons to the United States. Moreover, the seriousness and egregiousness of Mr. Nadal's conduct while in Argentina, when viewing any conduct Defendants contend Ms. Gaujacq guilty of in attempting to justify her termination, cannot compare. Not removing Mr. Nadal from a position for far more serious conduct, while contending minimal conduct by Ms. Gaujacq, even if true, supports removal of Ms. Gaujacq, is highly suspect and presents a compelling jury issue. This evidence and these material facts were purposely concealed by the Defendants during discovery and overwhelmingly suggest that Defendants' motions for Summary Judgment should be denied.

## CONCLUSION

For all of the foregoing reasons, Ms. Gaujacq requests that she be allowed to supplement her Memorandum in Opposition to Defendants' Motion for Summary Judgment.

March 5 2008                           Respectfully Submitted,


                                       /s/
                                       Elaine Charlson Bredehoft
                                       D.C. Bar No. 441425
                                       Carla D. Brown
                                       D.C. Bar No. 474097
                                       Kathleen Z. Quill
                                       D.C. Bar No. 489079
                                       CHARLSON BREDEHOFT & COHEN, P.C.
                                       11260 Roger Bacon Drive
                                       Suite 201
                                       Reston, Virginia 20190
                                       (703) 318-6800

                                       Counsel for Plaintiff
                                           Catherine Gaujacq