IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| Plaintiff, | ) |
| v. | ) No. 1:05CV0969 (HHK) |
| ELECTRICITÉ DE FRANCE INTERNATIONAL NORTH AMERICA, INC., et al. | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR A STATUS CONFERENCE AND/OR HEARING ON SUMMARY JUDGMENT**

Plaintiff Catherine Gaujacq ("Gaujacq") by her motion seeks (1) a hearing[1] on Defendants' pending two summary judgment motions and (2) a status conference on the case.

A.   REQUEST FOR ORAL ARGUMENT

As to Gaujacq's first request -- scheduling of oral argument on the pending summary judgment motions -- Defendants have always agreed that that would be appropriate.[2] In fact,

---

[1] By "hearing" Defendants understand Gaujacq to seek oral argument on the pending motions. *See* Plaintiff's Memorandum in Support of Plaintiff's Motion for A Status Conference And/Or Hearing on Summary Judgment ("Pl. Mem.") (Dkt. 144, March 5, 2008) at 3.

[2] Defendants observe that Gaujacq's "Certificate under Local Rule 37(E)" (Plaintiff's Mem., p.1) is in error as to whether the parties "could come to an agreement on the issue" of oral argument on Defendants' summary judgment motions. That "issue" was never raised by Plaintiff's counsel. The good faith efforts to "meet and confer" that Plaintiff's counsel engaged in consisted of a brief email exchange three months ago *not* about oral argument on the pending motions, but, rather, Plaintiff counsel's desire to have Defendants agree to a status conference to discuss a schedule for supplemental briefing on unspecified subjects and to advise the Court on the "relationship of the parties" and "complex history of the dispute." *See* Attachment A (December 13, 2007 email from Plaintiff's counsel and December 17, 2007 response from Defendants' counsel). Defendants' response (consistent with our position here) was that there

Defendants already have pending requests for oral argument on both their summary judgment motions, submitted when those motions were filed.  *See* Dkt. 101, Defendants Electricité de France, S.A. and Electricité de France International North America's Motion for Summary Judgment and Dkt. 107, Defendant Christian Nadal's Motion for Summary Judgment on Counts IV, VI, VIII, and XII, both filed October 16, 2006.  Defendants have understood that the Court would advise the parties if it believed oral argument would be helpful.

B. REQUEST FOR A STATUS CONFERENCE

Defendants do not believe a status conference is needed unless the Court deems one appropriate <u>after</u> the summary judgment motions are decided.  Plaintiff's counsel asserts that the purpose of a conference now would be to "introduce" the parties, "enlighten" the Court on the issues, and address questions from the Court.  Pl. Mem. at 3.  Gaujacq asserts that she "is anxious to get her day in Court and is willing to provide the Court with information it requires to make a reasoned and timely decision."

Defendants respectfully suggest that the factual recitations in the parties' briefs fully describe all parties involved and state the legal and material factual issues in dispute.  If the Court does have questions not answered in the parties' moving and opposition papers, Defendants are of course pleased to respond at oral argument or in any setting the Court prefers.  However, since Judge Penn had under advisement the summary judgment motions, we respectfully suggest that scheduling oral argument on the motions, if the Court deems it helpful, would be the step that would most directly advance the case.   Oral argument will provide Gaujacq a full opportunity to present her case.

---

was no need for a status conference or supplemental briefing, given that the summary judgment briefing in our view provides the Court with all necessary information.  *Id.*

Defendants do note that it appears from Plaintiff's Memorandum that she seeks by this Motion to paint Defendants, without justification, in an unfavorable light, raising phony claims totally irrelevant to the motions before the Court. First she claims that "by request of the Defendants" the pretrial conference and trial have been postponed. Pl. Mem. at 2. That is not true. Judge Penn *sua sponte* expressly left unscheduled all pretrial activities in his Minute Order of August 28, 2006. When Plaintiff's counsel indicated several months later that she apparently read the Minute Order differently and wanted Defendants to set a schedule regarding pretrial activities, Judge Penn subsequently confirmed his prior Order in his February 13, 2007 Order (Dkt. 139), in response to Defendants raising the differing understandings to the Court. *See* Dkt. 136. The current status of the schedule is that "the Court will schedule due dates for the pretrial statements, the pretrial conference, and the trial, if necessary, after it resolves defendants' Motions for Summary Judgment." Dkt. 139 at 3.

Next, Gaujacq complains that she "lost her job after aggressive tactics by Defendants with her employer." Pl. Mem. at 3. This bogus claim has nothing to do with Gaujacq's several Counts. Moreover, the implication that Defendants caused Gaujacq's subsequent employer to fire her has no factual basis. In reality, admissions by Gaujacq and her counsel tell a different story. Gaujacq's counsel informed Defendants nine months ago that Gaujacq lost her job due to a reduction in force implemented by her employer, Entergy. *See* Attachment B, June 26, 2007 email from E. Bredehoft to Defendants' counsel. And Gaujacq's sworn testimony is consistent with her counsel's statement – Gaujacq testified while she was still employed that she believed she might well be subject to a reduction in force due to a major company reorganization. *See* Attachment C, Gaujacq Dep. June 2, 2006, at pp. 626, 650-54.

Plaintiff's apparent desire for a status conference so she can raise faulty and wholly unsupported assertions, and her attempt to suggest that Defendants have sought to delay the schedule of this case, serve no legitimate purpose to advance resolution of this litigation.

C.     CONCLUSION

The factual and legal positions of the parties are fully stated in the filings made in connection with the summary judgment motions. There are no additional material facts that bear on any of the liability issues presented in the summary judgment motions that would call for further clarification by way of a preliminary conference. If the Court would find oral argument on the summary judgment motions useful, Defendants welcome that opportunity. If, after ruling on summary judgment, there is a need for a further conference with the Court, Defendants submit that that would be the appropriate time for a status conference.

March 17, 2008                                    Respectfully submitted,


                                                  _____/s/_____

                                                  Laura B. Hoguet
                                                  *D.C. Bar No. 200915*
                                                  Dorothea W. Regal
                                                  *D.C. Bar No. NY0064*
                                                  HOGUET NEWMAN REGAL & KENNEY, LLP
                                                  10 East 40th Street
                                                  New York, New York 10016
                                                  (212) 689-8808

                                                  *Counsel for Defendants Electricité de France, S. A.*
                                                  *and Electricité de France International*
                                                  *North America, Inc.*

- 5 -

                      /s/
                _____

Morgan D. Hodgson
*D.C. Bar No. 186521*
David Clark
*D.C. Bar No. 473279*
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Counsel for Defendant Christian Nadal*