# ATTACHMENT 2

# Criminal Procedure

## A Worldwide Study

*Second Edition*

Edited by

**Craig M. Bradley**

JAMES L. CALAMARAS PROFESSOR OF LAW
INDIANA UNIVERSITY SCHOOL OF LAW
BLOOMINGTON

CAROLINA ACADEMIC PRESS
Durham, North Carolina

# Chapter 1

# Argentina

*Alejandro D. Carrió and Alejandro M. Garro*

## I. Introduction

The sources of law regulating the conduct of the police, prosecutors, judges, and other actors of the criminal justice system of Argentina are mostly found in the rules of criminal procedure. Those rules are embodied in the codes of criminal procedure adopted by each of Argentina's twenty-three provinces and those of the National (federal) Code of Criminal Procedure which came into force in 1993 (hereinafter referred to as CcrP).[1] Other areas of judicial and police activity are regulated by rules of practice adopted by the criminal courts, and the regulations and customary practices of the different security forces.[2] Due to obvious limitations of space and time, the following discussion will focus on the federal rules of criminal procedure as embodied in the CcrP of 1993, with occasional references, when warranted, to a few significant variations in state codes of criminal procedure. The CcrP is applied by the national criminal courts sitting in Buenos Aires (the federal capital) when prosecuting ordinary (i.e., non-federal) criminal offenses. The CcrP also governs the prosecution of federal offenses, which are handled by federal district courts scattered throughout the provinces and in the federal capital. By constitutional mandate, state courts have the final word on the interpretation of state codes of criminal procedure. However, it is always possible to appeal to the Supreme Court of Argentina (*Corte Suprema de Justicia de la Nación* or "Supreme Court") from final state court decisions allegedly infringing on rights guaranteed by the National Constitution.

The CcrP retains the basic features of criminal procedure shared by most Continental legal systems influenced by French law. Thus, the preliminary or pre-trial investigation is in the hands of a judge (*juez de instrucción*, hereinafter "investigative magistrate," "magistrate" or "judge"). The public prosecutor may take over the investigation at any time, but only if authorized to do so by the judge.[3] Federal courts of appeal entertain challenges against the most significant interlocutory decisions rendered by investigative magistrates (e.g., whether the accused should stand trial, pre-trial detention decrees).

---

1. Law No. 23984, *Código Procesal Penal de la Nación* ("CcrP"), 51-C ADLA 2904.
2. CcrP art. 4.
3. CcrP art. 196.

as a deterrent. This was considered an impermissible tool, amounting to "an anticipated conviction" with no connection to whether or not the defendant would actually escape justice.

According to the weight of scholarly authority, depriving a person of his freedom when he has not yet been convicted violates Article 18 of the CN, which provides, "no inhabitant shall be punished without a previous trial." While admitting that this right is not absolute, most legal commentators are of the opinion that bail may be refused only if the court finds strong reason for believing that the suspect has committed the crime and the evidence before the court points to a specific, rational grounds to believe that the defendant will flee, thereby preventing the trial to take place.[191]

## 2. Charging Instrument

Once the judicial interrogation is completed, the investigative magistrate must decide within ten days, and on the basis of the evidence presented so far, whether there are "sufficient elements of persuasion" (*elementos de convicción suficientes*) to believe that a criminal offense has been committed and whether the defendant participated in it.[192] If the evidence is insufficient to implicate him, the defendant must be unconditionally released for lack of cause (*falta de mérito*), without prejudice to the continuation of the criminal inquiry.[193] If, on the other hand, the magistrate finds "sufficient elements of persuasion," he must issue issue a charging decision or indictment (*auto de procesamiento*) within ten days after the judicial interrogation. The indictment is issued by the investigative magistrate, without the participation of a grand jury or court, and it must specify the charges, the evidence against the defendant, and the criminal statute that has been allegedly infringed.[194]

The indictment may or may not be accompanied by a pre-trial detention decree, but in any event, the judge must decide at this stage whether the defendant is to remain in custody or released. Even if the charging decision provides that the defendant is to remain in custody, the magistrate retains the power to dismiss the case (*sobreseimiento*) and release the defendant if at any time during the course of the investigation she finds that the offense never took place or that the defendant had nothing to do with it.[195] Public prosecutors have no discretion to decide whether to bring charges and, if so, which charges to bring. They are required to bring a prosecutorial request (*requerimiento de instrucción*) if all the elements of the commission of a criminal offense subject to public prosecution have been met.[196]

---

191. See, e.g., Julio Maier, *Cuestiones fundamentales sobre la libertad del imputado* 29–33 (1981); J. Cafferata Nores, *El imputado no procesado*, JA, No. 5209, 7 July 1981; J. Virgolini, *El derecho a la libertad en el proceso penal* 40 (1984); 1 Vélez Mariconde, *Derecho Procesal Penal Argentino* 321 (3rd ed. 1982).

192. CcrP art. 306.

193. CcrP art. 309. The decision to release a defendant for lack of cause need not be based on reasons, but it may be appealed by the prosecutor and the victim (*querellante particular*). CcrP art. 311.

194. CcrP art. 308.

195. CcrP art. 336: "A dismissal shall proceed when: (1) the criminal action is extinguished; (2) the acts under investigation did not take place; (3) the act under investigation does not fit within the statute; (4) the crime was not committed by the accused; (5) there is a cause for justification, inimputability, inculpability, or a defense. In the case of paragraphs (2), (3), (4), and (5), the judge shall state that the proceedings do not affect the reputation and honor enjoyed by the accused."

196. CcrP art. 188.