ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHERINE GAUJACQ                    )
                                     )
              Plaintiff,             )
                                     )
       v.                            )        No. 1:05CV0969 (JGP)
                                     )
ELECTRICITE DE FRANCE                )
INTERNATIONAL NORTH AMERICA,         )
INC., et al.                         )
                                     )
              Defendants.            )
_____)

## Exhibit B

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Electricité de

France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA"), by

their counsel, request that ENTERGY Services, Inc., designate and produce, by the date

identified in the accompanying subpoena, the most knowledgeable officers, directors, managing

agents, or other persons to testify on its behalf regarding the matters identified herein.

This deposition will be conducted at the offices of Butler, Snow, O'Mara, Stevens and

Cannada PLLC, AmSouth Plaza, 17th floor, 210 East Capitol Street, Jackson, Mississippi 39225

(or at another location should all affected parties agree) on April 27, 2006, commencing at 9:30

a.m. The deposition shall be taken before a notary public or other officer authorized to

administer oaths. The deposition shall be recorded stenographically and shall continue from day

to day until completed.

### SUBJECT MATTER FOR DEPOSITION TESTIMONY UNDER FRCP 30(b)(6)

1      Any and all communications and/or correspondence between Plaintiff and ENTERGY Services, Inc. regarding her application for employment.

2      The extent of any pre- or post- employment background or reference checks performed by ENTERGY Services, Inc. or any agent working on your behalf, and the results of those checks, as relates to Catherine Gaujacq.

3.      The decision to hire Catherine Gaujacq, including her qualifications and the terms of her position within ENTERGY Services, Inc.

4.      The salary and benefits offered to Catherine Gaujacq, and any prior negotiations of the terms of her employment.

5.      Any policies ENTERGY Services, Inc. has in place to prevent new employees from improperly using or transmitting business proprietary information from their old employers to employees at ENTERGY Services, Inc.

6.      Any and all previously prepared documents that Catherine Gaujacq may have brought with her to ENTERGY Services, Inc.

# ATTACHMENT 2



"SMITH, JAGER"
<JSMIT83@entergy.com>
05/22/2006 05:45 PM

To  <DRegal@hnrlaw.com>
cc  <RMay@hnrlaw.com>
bcc
Subject  RE: 30(b)(6) Designations

History:    🔁 This message has been forwarded.

Oops

To be clear, we don't have a dog in this fight, except 1) we don't want to be a tool for abuse of Ms. Gaujacq, 2) we don't want to waste our legal resources, and 3) we do not want our competitor to obtain information about our business operations. No "face-saving" going on here. Nor do we have the slightest hesitation to rely on our local court to protect items 1, 2 and 3.
Jager

Jager Smith, P.E.
Legal Counsel to Entergy Corporation
601-368-5572

CONFIDENTIAL AND PRIVILEGED
ATTORNEY WORK PRODUCT
ATTORNEY-CLIENT COMMUNICATION
-----Original Message-----
**From:** DRegal@hnrlaw.com [mailto:DRegal@hnrlaw.com]
**Sent:** Monday, May 22, 2006 4:35 PM
**To:** SMITH, JAGER
**Subject:** RE: 30(b)(6) Designations


Congratulations. This looks like another win, with some face-saving on his part.

Dorothea W. Regal
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

Tel. (212) 689-8808
Fax (212) 689-5101
dregal@hnrlaw.com

ATTACHMENT 3

LAW OFFICES

# Wise Carter Child & Caraway

PROFESSIONAL ASSOCIATION

1340 ECHELON PARKWAY
JACKSON, MISSISSIPPI 39213

L. JAGER SMITH, JR., P.E.
jsmit83@entergy.com

Phone No. 601-368-6572
Fax No. 601-368-5620

March 30, 2006

VIA FACSIMILE
and U.S. MAIL
(212) 689-5101

Randi Seltzer May
HOGUET NEWMAN & REGAL, LLP
10 East Fortieth Street
New York, NY 10016

> RE:   Catherine Gaujacq v. Electricite de France International North
> America, Inc., Electricite de France, Christian Nadal; In the United
> States District Court For the District of Columbia; Case Number:
> 1:05CV0969

Dear Ms. May:

We are in receipt of your subpoena and accompanying attachments served on Entergy Corporation on March 24, 2006. While we appreciate your attempt to modify the subpoena in response to our previous objections, there are still issues relating to the documents and testimony requested which are of concern. We also believe that the subpoena makes demands that are beyond the obligations required under Rule 45, Federal Rules of Civil Procedure. While we are willing to negotiate certain issues in an attempt to avoid a motion to quash, we now state our objections in the event that a compromise cannot be reached.

In the instructions which accompany your subpoena, Section 3 requires Entergy to provide a list of information for those documents Entergy withholds under a claim of privilege. For example, your subpoena requires Entergy to identify the author of the document, the original recipient, recipient of blind copies and other details of this nature which are not required under Rule 45. In the event that we are unable to negotiate terms relating to document confidentiality or Entergy otherwise withholds any document on a claim of privilege, Rule 45 merely requires that we identify the nature of the document withheld sufficient to allow you to contest the claim.

March 30, 2006
Page Three

In discovery. Therefore, we believe that you are not entitled to peruse our confidential business records to obtain information already in your possession. However, we are willing to negotiate the production of this information subject to certain conditions. First, we will need to negotiate a confidentiality agreement relating to any information produced by Entergy in response to your subpoena. Secondly, you will need to withdraw your request for the production of our policies and procedures, and abandon that area of inquiry relating to the deposition of our corporate representative.

     In accompanying correspondence, you indicate that the deposition date of April 27, 2006 is negotiable. Even if we negotiate a resolution to the above issues, please accept this letter as notification that our corporate representative is not available on April 27, 2006. Please confirm that he is released from appearing on that date, and we will coordinate a date that is convenient for all involved.

     Please contact me at your convenience to discuss the above. We may be able to negotiate a resolution to our objections without the need of filing a motion to quash or the service of yet another subpoena. However, we do not intend to respond to your subpoena absent some resolution of our objections as outlined above, and this letter stands as our objection pursuant to Rule 45(c)(2)(B) in the event that an agreement cannot be reached.

               Kindest regards,

               L. Jager Smith, Jr.

LJS/pm

cc: Samuel O. Morris, IV

ATTACHMENT 4

# HOGUET NEWMAN & REGAL, LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

LAURA B. HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOSHUA D. RIEVMAN
EDWARD P. BOYLE
SHERYL B. GALLER
IRA J. LIPTON

TEL (212) 689-8808

FAX (212) 689-5101

www.hnrlaw.com

hnr@hnrlaw.com

SARAH K. BARICKMAN
KATHLEEN L. LOWDEN
RANDI B. MAY

EDNA R. SUSSMAN, OF COUNSEL

May 2, 2006

**VIA E-MAIL**

Jaeger Smith, Esq.
ENTERGY Services, Inc.
1340 Echelon Parkway
Jackson, MS 39213

Re:  Gaujacq v. EDF, et al.

Dear Mr. Smith:

I write for two reasons:  (1) to inform you that we will be serving two additional subpoenas in the next day or so (another 30(b)(6) subpoena, and a subpoena on Peter Schneider) and (2) to afford you an opportunity to remedy Entergy's production in response to the subpoena served on Entergy on behalf of Eléctricite de France and Eléctricite de France International North America, Inc. in March of 2006.

First, so that I can arrange a convenient date for those involved, please let me know if your 30(b)(6) witness(es) and Peter Schneider are available for depositions on May 21, 22, 23, 24 or 25 (fact discovery closes on May 31, 2006)  We would like to schedule these depositions on two consecutive days to minimize travel by all counsel. Additionally, please provide me with the name of Entergy's 30(b)(6) designated witness(es).  To facilitate your designation and scheduling, the topics in the second subpoena will include, generally, Ms. Gaujacq's attendance and performance.

Second, the document production is not complete  Specifically, many documents reference attachments which are not attached; emails are missing dates, recipients and authors, but are not stamped to indicate that anything is redacted; and documents responsive to certain requests were not produced.  For example, Entergy has failed to produce documents sufficient to indicate when and where a representative of Entergy first met and/or communicated with Ms. Gaujacq notwithstanding Request number 1 of

HOGUET NEWMAN & REGAL, LLP

Exhibit A to the Subpoena (a copy of which is attached). Additionally, Entergy has failed to produce any documents responsive to Request number 4. In this regard, I note that the Attachment to Ms. Gaujacq's offer letter, dated March 1, 2006, specifically states that as "a condition of employment" she may be required to "maintain unescorted access; (which involves a psychological assessment, background investigation, FBI fingerprint check and medical drug/alcohol screening)." Moreover, Entergy has failed to produce documents sufficient to calculate the value of any of Ms. Gaujacq's benefits and perquisites.

For your convenience, below is a specific description of the incomplete production. Also for your convenience, I have Bates stamped the documents and attached them to this letter.

- ENTERGY 0001 – 0007. This Personal Development Guide is not accompanied by any documents whatsoever indicating the reason for its creation, when it was requested, or any other background information relating to this document
- ENTERGY 0008 and 0012. These offer letters reference the following benefit plans: "System Management Incentive Plan," "Benefits Plus," "401(k) Savings Plan," and "Retirement Plan." No information about any of these plans, or specifically, Ms. Gaujacq's entitlements under these plans has been produced.
- ENTERGY 0008. This offer letter references a "Relocation Policy." Neither this plan or any information about Ms. Gaujacq's entitlements under this policy was produced.
- ENTERGY 0008 and 0012. These offer letters reference an application, which was not produced
- ENTERGY 0008 and 0012. These offer letters reference Entergy's "verification of Ms. Gaujacq's education, background, licenses and past employment." No document indicating verification of any of this information, including a background check, was produced.
- ENTERGY 0008 and 0012. These offer letters reference 8 and 9, respectively, "enclosed pre-employment forms" for Ms. Gaujacq to complete. Only 1 attachment (the form for Ms. Gaujacq to accept the offer, which is unsigned) has been produced.
- ENTERGY 0008. This email references Ms. Gaujacq's acceptance letter but none was produced.
- ENTERGY 0011. This email references Ms. Gaujacq's participation in the "corporate stock option program." No documents indicating Ms. Gaujacq's participation in any stock option program were produced
- ENTERGY 0012. This offer letter, dated February 24, 2006, references Gaujacq's participation in "all System Company sponsored qualified benefit plans, welfare benefit plans, and programs" . . "including, but not limited to "Medical, Dental, Long Term Disability"). No documents indicating Ms. Gaujacq's entitlement to participation in any of these plans were produced.
- ENTERGY 0017 references a "New Hire Benefits Data Input Form" which was not produced
- ENTERGY 0019 - 20 appears to be an incomplete e-mail chain.

HOGUET NEWMAN & REGAL, LLP

- ENTERGY 0061 (which appears to be a press releases) is not dated, nor does it indicate its author and there is no indication of redaction.
- ENTERGY 0062 appears to be an e-mail printed by Peter Schneider. It fails to identify the e-mail's date, recipients or author and there is no indication of redaction.
- ENTERGY 0064 references an attached letter from Laurent Stricker but no such attachment was produced. It is also a part of an e-mail chain but the chain was not produced in its entirety and there is no indication of redaction.
- ENTERGY 0067 does not provide its author or date and there is no indication of redaction. There is also no response

Because we are rapidly approaching the close of fact discovery in this case, Entergy has had ample time to comply with the subpoena, and because we need to review the additional documents in advance of the depositions, please produce all such documents no later than May 8, 2006

Very truly yours,

Randi Seltzer May

Randi Seltzer May

cc:    Sam Morris, Esq.

Enclosures

ATTACHMENT 5

LAW OFFICES

# Wise Carter Child & Caraway

PROFESSIONAL ASSOCIATION

1340 ECHELON PARKWAY
JACKSON, MISSISSIPPI 39213

L. JAGER SMITH, JR., P.E.
jsmit83@entergy.com

Phone No. 601-368-5572
Fax No. 601-368-5620

May 12, 2006

VIA FACSIMILE
and U.S. MAIL
(212) 689-5101

Randi Seltzer May
HOGUET NEWMAN & REGAL, LLP
10 East Fortieth Street
New York, NY 10016

> RE:    Catherine Gaujacq v. Electricite de France International North
>        America, Inc., Electricite de France, Christian Nadal; In the United
>        States District Court For the District of Columbia; Case Number:
>        1:05CV0969

Dear Ms. May:

As previously acknowledged, we are in receipt of your May 2, 2006 correspondence
identifying perceived deficiencies with our response to your March 24, 2006 subpoena. We are
also in receipt of your two additional subpoenas and accompanying attachments served on Peter
Schneider and Entergy on May 8, 2006. First, we do not agree with your assessment of the
information produced. Further, we believe that the additional subpoenas reassert previous
requests for objectionable material, and continue to make demands that are beyond the
obligations required under Rule 45, Federal Rules of Civil Procedure. The following is our
response to your May 2, 2006 correspondence, and our objections and response to your May 8,
2006 subpoenas.

The instruction sections of the subpoenas served on May 8, 2006 attempt to impose
demands beyond Rule 45 in the same manner as your March 24, 2006 subpoena. Therefore, we
incorporate and reassert our objections to sections 3, 5 and 7 as set forth in our March 30, 2006
correspondence. Additionally, we incorporate our previous objection to the extent that the
definition section of the current subpoenas calls for the production of policies and procedures

In your May 2nd correspondence, you claim that some of the information produced was incomplete. We have reviewed our previous submission, and your assessment is incorrect. The documents produced do not have any missing pages or information, and were produced in the manner they are maintained in Ms. Gaujacq's personnel file.

You further claim that we failed to produce information relating to benefits Ms. Gaujacq receives in conjunction with her employment. This contention is also incorrect as the information produced contains detailed information relating to benefits offered and received by Ms. Gaujacq. While we believe we produced all information in our possession specific to Ms. Gaujacq, we are supplementing our prior response with general information relating to Entergy's retirement and savings plans. To the extent any descriptions of benefits are contained in our policies and procedures, we maintain our objection to the production of Entergy's policies and procedures, and further maintain that information specific to Ms. Gaujacq relating to relocation and vacation benefits is contained in the documents previously produced.

We produced information relating to background and reference checks performed in conjunction with Ms. Gaujacq's hire. We have since located additional investigative documentation that specifically relates to granting Ms. Gaujacq unescorted access to Entergy's nuclear plants. This background investigation was not performed relating to Ms. Gaujacq's hire, and we object to producing this material as irrelevant to the claims at issue.

Finally, some of the claims in your May 2nd correspondence are based upon the assumption that Entergy is withholding responsive documents when the reality is that those documents do not exist. The documents we produced were produced in the manner maintained in Entergy's files. We are investigating whether there are any additional documents responsive to your March 24, 2006 subpoena that were maintained in New Orleans. We have experienced difficulties in acquiring information from our New Orleans offices as a result of the relocation of operations from that location because of Hurricane Katrina. Otherwise, we have produced all documents in our possession that we believe are responsive to your March 24, 2006 subpoena.

In response to the May 8, 2006 subpoena served on Peter Schneider, we incorporate our objections as contained within our March 30, 2006 correspondence. We also object to your request for any documents "not otherwise covered in the above Requests." Rule 45 requires that a subpoena specify the documents or information sought. A vague and general request for any other document that may exist does not meet this requirement. Further, there are no additional documents to produce in response to this subpoena. Any documents contained in Mr. Schneider's file that were not otherwise subject to an objection were produced in response to your March 24, 2006 subpoena.

The May 8, 2006 subpoena served on Entergy requests "Plaintiff's calendars, time records, schedule, requested and/or approved leaves of absences, and days off." It further requests information pertaining to any request for "accommodation or leave from work due to medical reasons." We object to these requests as seeking information that is not in Entergy's possession, and which is more appropriately obtained from Ms. Gaujacq. Further, we object to

May 12, 2006                                                                                    3
Page 3

these requests as seeking information which is irrelevant to Ms. Gaujacq's hire. Notwithstanding these objections, information pertaining to her time worked and leave taken for both vacation and medical leave is contained in the documentation previously produced.

We object to producing any documents relating to performance evaluations which are not associated with Ms. Gaujacq's hire. Ms. Gaujacq's performance at Entergy since her hire is irrelevant to her allegations that she was discriminated against while an employee of EDF.

Paragraph four of your subpoena to Entergy requests information relating to Ms. Gaujacq's compensation. This information was produced in response to your March 24, 2006 subpoena.

We object to your request for all documents which have not been produced in response to your March 24, 2006 subpoena. This request is vague and does not comply with Rule 45 in that it fails to specify the information sought. Further, the request seeks information such as Entergy's policies and procedures that were withheld under a claim of privilege. We further object to a request that Entergy go through the unnecessary task of producing information that was produced in response to a previous subpoena.

As for your designated 30(b)(6) topics, we object to any questioning relating to Entergy's policies and procedures for the reasons previously stated in our March 30, 2006 correspondence. We also object to providing testimony relating to post-employment background or reference checks for the reasons set forth above. We also object to providing any testimony relating to performance evaluations, attendance record or leave of absences. This information is irrelevant to Ms. Gaujacq's hire, and is more appropriately obtained from Ms. Gaujacq.

You have subpoenaed both Mr. Schneider and Entergy's 30(b)(6) representative to appear for their depositions on May 31, 2006. We object to this date due to the unavailability of our witnesses. We have agreed to schedule a 4-hour deposition of Mr. Schneider on the topics I have previously identified at Entergy Operations Inc.'s headquarters on May 24, 2006. Entergy objects to any further depositions of Entergy personnel for the reasons stated herein.

Kindest regards,

L. Jager Smith, Jr.

LJS/pm

cc:  Samuel O. Morris, IV

# ATTACHMENT 6

# HOGUET NEWMAN & REGAL, LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

LAURA B. HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOSHUA D. RIEVMAN
EDWARD P. BOYLE
SHERYL B. GALLER
IRA J. LIPTON

TEL (212) 689-8808
FAX (212) 689-5101
www.hnrlaw.com
hnr@hnrlaw.com

SARAH K. BARICKMAN
KATHLEEN L. LOWDEN
RANDI B. MAY

EDNA R. SUSSMAN, OF COUNSEL

May 19, 2006

**VIA E-MAIL**

Jaeger Smith, Esq.
ENTERGY Services, Inc.
1340 Echelon Parkway
Jackson, MS 39213

Re:  <u>Gaujacq v. EDF, et.al.</u>

Dear Mr. Smith:

I write in response to your letter of objections, dated May 12, 2006. I can appreciate that you may have difficulties obtaining certain documents from your New Orleans office in light of Hurricane Katrina. We are happy to work with you. Nonetheless, certain of your responses require a reply and your reconsideration.

First, we disagree with your view of what is or is not relevant to Ms. Gaujacq's claims. The documents sought are reasonably calculated to lead to the discovery of admissible evidence and are therefore discoverable. Contrary to your assertions, investigative documentation relating to granting Ms. Gaujacq unescorted access is directly relevant to the damages she seeks and is quite likely to lead to the discovery of admissible evidence. As set forth in the complaint in the action referenced above, which you have represented that you have read, Ms. Gaujacq seeks compensatory damages for emotional distress. Consequently, she has put her mental state at issue and any documents bearing on that are discoverable. For the same reason, documents relating to Ms. Gaujacq's hire are not the only relevant documents; Ms. Gaujacq's performance, evaluations and attendance are directly relevant to her mental state. Similarly, Ms. Gaujacq's performance, evaluations and attendance are reasonably calculated to lead to the discovery of admissible evidence concerning her future earnings.

HOGUET NEWMAN & REGAL, LLP

Jaeger Smith, Esq.
May 19, 2006
Page 2

Second, I am perplexed by part of your response and wonder if perhaps some documents were inadvertently omitted form your production. Specifically, I refer to your response that "the information produced contains detailed information relating to benefits offered and received by Ms. Gaujacq" as well your contention that "information specific to Ms. Gaujacq relating to relocation and vacation benefits is contained in the documents previously produced." (see page 2). I actually have not received any information whatsoever on Ms. Gaujacq's stock option grant (including but not limited to, the number of options granted, the price, or the vesting schedule), or about her receipt of a housing allowance, if any. Likewise, I have no specific information relating to Ms. Gaujacq's many employment benefits (referred to in the offer letters, Entergy 0008 and 0012). Additionally, you wrote that "information pertaining to [Ms. Gaujacq's] time worked and leave taken for both vacation and medical leave is contained in the documentation previously produced." I have received no information whatsoever about Ms. Gaujacq's time worked or leave taken for any reason. For your convenience, I have attached the entire first Entergy production, which I have Bates stamped Entergy 0001 – Entergy 0072. Please review to determine whether documents to which you refer have been inadvertently omitted.

I am likewise perplexed by your response that "the documents produced do not have any missing pages or information . . ." while Entergy 0008, 0012 and 0017 each reference attachments, none of which were produced. Many of these attachments refer specifically to Ms. Gaujacq's receipt of benefits. As we have previously discussed, EDF and EDFINA are not interested in Entergy's policies or benefits plans; rather, they seek and are entitled to discover information concerning the benefits that Ms. Gaujacq receives.

Because Entergy has had ample time to comply with the subpoena, and because we need to review the additional documents in advance of Mr. Schneider's deposition on May 24, 2006 please respond to this letter by May 19, 2006. EDF and EDFINA are prepared to enforce the subpoena in the federal court in Mississippi.

Very truly yours,

Randi Seltzer May

cc:    Sam Morris, Esq.

Enclosures

ATTACHMENT 7

LAW OFFICES

# Wise Carter Child & Caraway

PROFESSIONAL ASSOCIATION

1340 ECHELON PARKWAY
JACKSON, MISSISSIPPI 39213

L. JAGER SMITH, JR. P.E.
jsmith83@entergy.com

Phone No. 601-368-5572
Fax No. 601-368-5620

June 13, 2006

VIA FACSIMILE
and U.S. MAIL
(212) 689-5101

Randi Seltzer May
HOGUET NEWMAN & REGAL, LLP
10 East Fortieth Street
New York, NY 10016

RE:     Catherine Gaujacq v. Electricite de France International North
        America, Inc., Electricite de France, Christian Nadal; In the United
        States District Court For the District of Columbia; Case Number:
        1:05CV0969

Dear Ms. May:

Please accept this correspondence as Entergy's response to your June 6, 2006 request for additional documentation. As your request is segregated into separate points, I will address your requests in the order that they appear in your correspondence.

You request Ms. Gaujacq's "official personnel file" which includes a request for her "performance appraisal" and a "summary of pay and benefits performance". We previously objected to the production of Ms. Gaujacq's performance evaluation since her hire. We stand by our objection that such evaluations are irrelevant to the issues of your case. Specifically, how Ms. Gaujacq is performing in her duties with Entergy has no bearing on her performance as an employee of EDF, nor does it affect whether EDF had a basis for her termination. Unfortunately, Entergy can not locate Ms. Gaujacq's personnel file which was maintained in New Orleans. However, information relating to her compensation and employment benefits was previously produced, and portions of those materials were attached as exhibits to Mr. Schneider's deposition. In addition to previously produced materials, we have located Ms. Gaujacq's Total Rewards Statement which is enclosed and bates numbered 148 through 165.

June 13, 2006
Page 2

We are also supplementing our original production with updated information relating to compensation, benefits and work attendance. These documents are bates numbered 166 through 193. The original "pay stubs" that contain year to date balances are forwarded to the employee with the employee's paycheck. However, the documents produced contain information from which total compensation, withholdings and leave may be calculated.

Your second request is for the electronic version of Exhibit 4 to Mr. Schneider's deposition. We are unable to locate the electronic data associated with this exhibit.

You also request page two of Exhibit 9. We are unable to locate page two of this email communication, but we believe it is merely a continuation of the disclaimer which begins at the bottom of page one of the exhibit, and was probably discarded when printed out.

As for your request for Ms. Gaujacq's "Interview Schedule for the Northeast," Entergy is unable to locate any other documents related to this schedule other than the document attached as Exhibit 10 to Mr. Schneider's deposition. This document was produced in response to your initial subpoena.

In response to your request for Entergy's summary plan description for the management incentive plan, we are producing documents bates numbered 194 through 216.

We object to your request for Ms. Gaujacq's Human Resources Record and Performance Planning and Review documents on the same basis as our objection to your request for other evaluation materials as stated above.

We stand by our objection to the production of Entergy's relocation policy. This document is an official company policy and procedure which you agreed would not be produced in conjunction with our negotiations of your initial March subpoena. However, information specific to Ms. Gaujacq is contained in documentation previously produced in response to your initial subpoena.

We have already produced Ms. Gaujacq's attendance records as maintained by the ESTER database. That information was contained in the computer printout produced in response to your initial subpoena and as supplemented with documents bates numbered 166 through 193. These documents contain information stating how many regular hours were worked by Ms. Gaujacq per pay period, and also provides the number of vacation hours or sick leave taken by Ms Gaujacq, if any, per pay period.

Entergy does not maintain copies of the pay stubs which are attached to an individual employee's pay check. The information contained on each pay stub is contained within the ESTER database. This information was previously provided to you in the form of a computer printout, and updated information is contained in the computer printout enclosed as bates numbers 166 through 193.

June 13, 2006
Page 3

Information specific to Ms. Gaujacq's receipt of stock options is contained in her Total Rewards Statement. We are also producing general information relating to Entergy's 2005 stock options as bates numbers 217 through 228.

Quarterly summaries pertaining to Ms. Gaujacq's 401k portfolio are maintained by I. Rowe Price. This information is not maintained by Entergy.

You request documents pertaining to "Entergy's Employee Assistance Policy." Assuming you are referring to assistance such as the location of counseling services, Entergy does not maintain a written protocol relating to the provision of this and similar forms of assistance provided to employees.

Documentation pertaining to Entergy's developing Health Strides Program is enclosed as bates numbers 229 through 231.

Entergy does not maintain a written protocol or listing of potential discounts available to employees from various vendors. Any such discounts are identified for the employee by the vendor after the selection of the goods or services the employee wishes to purchase. For example, any discounts that may be offered by an auto dealer are disclosed to the employee after the selection of the specific automobile the employee wishes to purchase.

We previously provided documents relating to the various benefits elected and received by Ms. Gaujacq. Although we believe this satisfies your request, enclosed are portions of materials published by Entergy which generally relate to the benefits elected by Ms. Gaujacq. These documents are bates numbered 232 through 297.

Documents relating to Ms. Gaujacq's business expense reimbursements, including copies of supporting documentation are enclosed as bates numbers 298 through 355.

Documents relating to Ms. Gaujacq's federal background investigation are enclosed as bates numbers 356 through 357.

Your June 6, 2006 correspondence includes a request for documents relating to an alleged physical examination associated with Ms. Gaujacq's background check. After the deposition of Mr. Schneider, it was discovered that he misspoke when he indicated Ms. Gaujacq submitted to a physical examination. Ms. Gaujacq was not required to submit to a physical examination. Therefore, Entergy is not in possession of any documents responsive to this request.

Finally, you request information relating to Ms. Gaujacq's stock option grant. This information is contained in Ms. Gaujacq's Total Rewards Statement.

In light of your repeated assertions that Entergy has not properly responded to your requests for information, I am also enclosing all documents previously produced which are bates numbered 1 through 147. With the exception of the Total Rewards Statement and two page

June 13, 2006
Page 4

document relating to Ms. Gaujacq's federal background check, Entergy previously produced information specific to Ms. Gaujacq relating to her hire, benefits, compensation and leave. It is important to note that your June 6, 2006 request for information seeks documents which were previously produced, or are not specific to Ms. Gaujacq. Entergy contends that much of the information produced herein was not responsive to your initial requests. However, Entergy is providing these documents in a good faith attempt to satisfy your client's requests for information

Kindest regards,

L. Jager Smith, Jr.

LJS/pm

cc:    Samuel O. Morris, IV
       Elaine Charlson Bredehoft

# Wise Carter Child & Caraway, P.A.

Post Office Box 651, Jackson, Mississippi 39205, (601) 968-5500

## Telecopier Cover Sheet

Telecopier: (601) 968-5519

TO:        Elaine Charlson Bredehoft        FAX:  (703) 318-6808

FROM:    L. Jager Smith                        FILE NO:  5667-26486

DATE:     June 13, 2006

RE:        Catherine Gaujacq v. Electricite de France International North America,
            Inc., Electricite de France, Christian Nadal; In the United States District
            Court For the District of Columbia; Case Number: 1:05CV0969

PAGES:    _5_ (including this cover sheet)


COMMENTS:


Due to volume, attachments not faxed, only mailed.


NOTE:    IF ANY PAGES ARE MISSING OR ILLEGIBLE, PLEASE CALL
          PEGGY MCLAIN (601) 968-5581.

### NOTICE

*This facsimile transmission is intended only for the use of the individual or entity to which it is addressed
and may contain confidential information belonging to the sender which is protected legally by the
attorney-client privilege or work product doctrine. If you are not the intended recipient or the employee
or agent responsible for delivering the transmission, you are hereby notified that any dissemination,
distribution, copying or use of this transmission is strictly prohibited. If you have received this
transmission in error, please immediately notify the sender by telephone to arrange for return of the
transmission.*