ATTACHMENT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV0969 (JGP) |
| ) | |
| ELECTRICITE DE FRANCE ) | |
| INTERNATIONAL NORTH AMERICA, ) | |
| INC., et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
ELECTRICITE DE FRANCE, S.A. ("EDF")**

Plaintiff Catherine Gaujacq, by counsel, requests that defendant Electricite de France, S.A., produce, pursuant to Fed. R. Civ. P. 34, the following documents, and serve defendant's response upon plaintiff's counsel at Charlson Bredehoft & Cohen, P.C., 11260 Roger Bacon Drive, Suite 201, Reston, Virginia 20190, within the time provided by law.

DEFINITIONS AND INSTRUCTIONS

In responding to these Requests, the following definitions and instructions shall apply:

1.  "Ms. Gaujacq" or "Gaujacq" refers to plaintiff Catherine Gaujacq. "You," "your" or "EDF" refers to defendant Electricite de France, S.A., its agents, officers, and employees, and their subsidiaries, affiliates, and associated corporations, partnerships, and entities. "EDFINA" refers to defendant Electricite de France International North America. "The Company" refers collectively to EDF and EDFINA. "Nadal" or "Mr. Nadal" refers to defendant Christian Nadal. "Defendants" refers collectively to all three defendants.

2. "This action" refers to this civil action now pending in the United States District Court for the District of Columbia.

3. The term "document" is used in the broadest possible sense, and includes (but is not limited to) any written, printed, typed, photocopied, photographed, recorded (including but not limited to magnetic, mechanical, or electronic recordings) or otherwise reproduced communication or representation. This definition includes (but is not limited to) correspondence, memoranda, wires, cables, studies, maps, analyses, diagrams, electronic mail, scraps of paper, notes, loan documentation, applications, drawings, charts, graphs, plans, plats, photographs, video tapes, audio tapes, computer disks, hard drives, contracts, agreements, working papers, drafts, reports of investigations or inspections of any kind, opinions of consultants or experts, diaries, minutes, calendars, other reports, vouchers, invoices, journals, bills, orders, time slips or records, books, computations, field notes, logs, financial records or statements, or work papers, checks, receipts, bank statements and the like. Data compilations from which information may be translated into usable form (e.g., computer memory) are also included. The definition includes, as a separate document, each duplicate or reproduction or copy of a document that contains any non-conforming note, marking, material or attachment. If it is maintained that any document requested to be identified has been destroyed or is otherwise no longer within your possession or control, identify the document and state the date, place, and manner of its destruction or removal from your control, and identify the person who authorized or ordered such destruction or removal.

4. "Person" includes individuals, agencies, government entities, corporations, partnerships, unincorporated associations, and other business entities, and specifically includes the plaintiff and defendant in this action, and includes any predecessors or successors in interest.

2

5. The terms "identity," or "identify," or "describe," or "detail," when used in connection with a document mean to describe the document fully, including the character of the document, its title (if any), date, author(s), addressee(s), recipient(s), number of pages, the location and custodian of each copy to the extent known, the substance of the contents thereof, and any other identifying number of information. The terms "identity," or "identify," or "describe," or "detail" when used in connection with an event or condition mean to indicate, as completely and fully as possible, all facts comprising or contributing to the event or condition. The terms "identity," or "identify," or "describe," or "detail" when used in connection with a person mean:

    a. where the person is an individual, to state the person's full name, home and business addresses and telephone numbers, and business or other affiliation (including title), and

    b. where the person is not an individual, to state the full name of the entity, the nature of the entity, address and telephone number of the entity, and such additional identifying information as may be necessary to enable the "person" to be contacted. When identifying a "person," information should in all cases be adequate to permit service of process or notice of a deposition upon such person.

6. The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference and meaning (without limitation) relating to, regarding, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to

7.  Use of the singular tense shall be deemed to include the plural and vice versa. Use of either the masculine or feminine pronoun shall be deemed to include both genders. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to permit the inclusion of materials or information otherwise excluded.

8.  In responding to these Requests, please furnish all information available to you or within your control, including any information in the possession of agents, attorneys, contractors, subcontractors, former employees, officers, members, or any other person acting on your behalf.

9.  Each Request shall be deemed continuing so as to require supplemental answers in accordance with the Rule 26(e) of the Federal Rules of Civil Procedure.

10. In responding to each Request, please identify all contributing sources of information, including the identity of any person consulted or document used in connection with answering such interrogatory and the extent of any person's assistance.

11. If a privilege or privileges are asserted as to any information requested by these Requests, or if any Request is otherwise not fully answered, please respond to the extent the Request is not objected to, and state the specific grounds for not fully answering, the legal basis for not fully answering (specifying any privilege asserted), and the facts allegedly giving rise to any claim of privilege. Identify any information, document, or other material for which any privilege is asserted, and identify the date and author or generator as well as all persons shown as having been, or otherwise known to you as having been, recipients of such information, document, or other material. If you contend that you have attempted to procure the waiver of the privilege, please also identify fully the persons with whom you communicated and the stated reason for refusal to waive the privilege.

4

12.     Where there is no time limit specified, the Requests encompass documents in existence and/or events occurring during the time period from August 1, 2000 through the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### *Documents Identified in Interrogatories and Initial Disclosures*

1.      Please produce all documents you were requested to identify in plaintiff's first set of interrogatories to you in this action, that you relied on in answering any of the interrogatories, or that reflect or otherwise support your response to any interrogatory.

2.      Please produce all documents you identified in your Initial Disclosures.

3.      Please produce each insurance policy referenced in your response to interrogatories of Plaintiff's First Set of Interrogatories to you, and any policy otherwise covering the Company.

### *Plaintiff's Performance/Adverse Employment Actions*

4.      Please produce all documents which discuss, refer, identify, constitute, or support any evaluation (formal or informal) of Ms. Gaujacq at any time during her employment with the Company.

5.      Please produce all personnel files pertaining to Ms. Gaujacq including, but not limited to, her personnel file, central personnel file, cluster personnel file, local office or division personnel file, hiring file, disciplinary file, termination file, other informal files kept by the Company or any supervisor or manager therein, and copies of any documents maintained in any file referencing Ms. Gaujacq with respect to her health, leave status, performance, compensation, or any complaints made by or concerning Ms. Gaujacq.

5

6.  Please produce all documents which constitute, identify, or refer to any written or oral reprimand, warning, or caution, or any compliment, award, or commendation, given to or concerning Ms. Gaujacq.

7.  Please produce all documents which constitute, identify, or refer to any opportunities, positions, intentions to promote, career plans, or other considerations being given to the future employment of Ms. Gaujacq with the Company from August 2000 forward.

8.  Please produce copies of all correspondence between Ms. Gaujacq and the Company, or concerning Ms. Gaujacq by or to any employee of the Company, or concerning Ms. Gaujacq by or to any outside person.

9.  Please produce copies of all documents prepared by, or at the direction of, any employee of the Company respecting Ms. Gaujacq.

10. Please produces copies of all documents that constitute, refer or relate to any complaints regarding Ms. Gaujacq or her performance, including, but not limited to, any complaints by the SEPTEN group in charge of nuclear reactor designs in Lyon (France) within the France Energy Branch which allegedly had complained on June 20, 2004 about a lack of information from Ms. Gaujacq.

11. Please produce all documents supporting any contention by the Company that Ms. Gaujacq's performance was unsatisfactory.

12. Please produce all documents reflecting the employment relationship between the Company and Ms. Gaujacq (in other words, any contracts, policies or documents governing their employment relationship).

13. Please produce all documents reflecting the potential future employment relationship between the Company and Ms. Gaujacq (such as the proposed expatriation contract and mission, and documents related to any positions offered to Ms. Gaujacq for her return to France). This request include all documents that constitute, refer or relate to any representations made to Ms. Gaujacq regarding her continued employment by EDF or EDFINA in the United States.

14. Please produce all documents which constitute, refer or relate to any notes taken by any person or by any supervisory employee of the Company, reflecting any evaluation, formal or informal, of Ms. Gaujacq.

15. Please produce all documents supporting any contention by the Company that because of any fact discovered by the Company since the departure of Ms. Gaujacq, that Ms. Gaujacq would not have been hired or would have been fired (after-acquired evidence).

16. Please produce copies of any notes taken by any person at any meetings between or among Ms. Gaujacq and any managerial employee or representative of the Company, or any meeting between any persons at which Ms. Gaujacq was discussed.

17. Please produce all email communications from Ms. Gaujacq to any other person or to Ms. Gaujacq from any other person.

18. Please produce all email communications between or among any the Company managers, supervisors, or employees relating in any manner to Ms. Gaujacq.

19. Please produce all versions (whether drafts, with handwritten notations, etc.) of any communication written by any employee(s) of the Company containing any allegations relating to Ms. Gaujacq.

20. Please produce all documents from or to any outside person or entity relating in any manner to Ms. Gaujacq.

### *Comparisons to Plaintiff*

21. Please produce any and all job descriptions for each position held by Ms. Gaujacq.

22. Please produce all documents reflecting any comparison, whether favorable or unfavorable, made by the Company between Ms. Gaujacq and any other employee (past or present) of the Company, including, in particular, Mr. Nadal.

23. Please produce performance evaluations for all persons the Company contends are comparable or superior to Ms. Gaujacq in experience, education and qualifications.

24. Please produce the personnel file of Mr. Nadal, and any files maintained by the Company that reference Mr. Nadal, his compensation, benefits, performance, evaluations (formal or informal), qualifications and background.

25. Please produce all documents relating to the reassignment out of country of Jean Luc Foret, specifically including when notice was given, the terms of his transition, and when the new assignment began.

### *Conduct of Superior/Decision Maker*

26. Please produce all documents reflecting the identity of and level of participation by any decision makers in the acts taken against Plaintiff which are the subject manner of this action.

27. Please produce all documents that constitute, refer or relate to the decision to have the EDF auditors to come to the United States offices of EDFINA for the purpose of undertaking a special audit of EDFINA operations and finances during the period Ms. Gaujacq had served as EDFINA's President.

28. Please produce all documents that constitute, refer or relate to the decision to appoint Mr. Nadal to replace Ms. Gaujacq as President of EDFINA in the United States

29. Please produce all documents that constitute, refer or relate to the decision to pay Mr. Nadal a significantly higher salary as President of EDFINA than that paid to Ms. Gaujacq when she held the same position.

30. Please produce all documents that constitute, refer or relate to the decision to remove Ms. Gaujacq from the list of authorized officers of EDFINA with signature authority on the corporate bank accounts.

31. Please produce all documents that constitute, refer or relate to the decision to revoke Ms. Gaujacq powers as vice president of EDFINA, including but not limited to revoking the authority to enter into contracts with third parties; the authority to make any representation and/or warranties on behalf of EDFINA; and, the authority to incur any expenses of behalf of EDFINA.

32. Please produce all documents that constitute, refer or relate to the decision to change the locks on the company book closet where the corporate books were kept.

33. Please produce all documents that constitute, refer or relate to the decision to deny Mike Slavitt access to the company's books.

34. Please produce all documents that constitute, refer or relate to the decision to terminate Mike Slavitt and the reasons for the termination.

35. Please produce all documents that constitute, refer or relate to the instruction of Mr. Nadal for Ms. Gaujacq to bring all files, documents and any electronic email or other data she had at home or on her laptop relating to the multi-national nuclear power joint venture and a key, strategic initiative of EDFINA and EDF (the "Project") to his office.

36. Please produce all documents that constitute, refer or relate to the decision to removed Ms. Gaujacq from her position on the Project with EDFINA in the United States.

37. Please produce all documents that constitute, refer or relate to the decision to direct Ms. Gaujacq to return to France immediately, without an assigned position;

38. Please produce all documents that constitute, refer or relate to the Company's decision to refuse to sign Ms. Gaujacq's expatriation contract as earlier promised.

39. Please produce all documents that constitute, refer or relate to the decision to give Ms. Gaujacq only four days' notice that her mission in the United States would end on August 1, 2004.

40. Please produce all documents that constitute, refer or relate to the Company's decision not to propose a position for Ms. Gaujacq in the EDF Energy Branch in France until November 1, 2004.

***Corporate Structure/Data***

41. Please produce documents sufficient to show (for example the 940 or 941 forms) the number of full-time current employees at the Company, and the number of full-time employees at the Company from 2000 through the present.

42. Please produce all documents representing the chain of command in each department at the Company including, but not limited to, the supervisor of the department, staff members, etc., throughout the time of Ms. Gaujacq's employment

10

43.   Please produce a document or documents reflecting the names, addresses and positions held by each employee of the Company during the period 2000 through the present.

***Statistical Comparisons***

44.   Please produce copies of all documents reflecting each complaint any employee has made against any employee of the Company in the position of manager or above (including supervisors and officers) or against the Company itself, with respect to gender discrimination or retaliation, whether written or oral, internally to any the Company managerial or supervisory employee, or with any outside administrative agency, from 2000 to the present. With respect to each complaint, please provide all documents relating to each investigation and action taken by the Company, and the final result of each such complaint and how it impacted the employees making the complaint or the employees who were the subject of the complaint.

45.   Please produce all EEO-1 documents submitted to the EEOC or any other agency for the past five years.

46.   Please produce documents sufficient to reflect comparative evidence between treatment of female and non-female employees of the Company. This request anticipates all documents supporting or reflecting any specific argument by the Company that the Company does not discriminate on the basis of gender and in the denial of allegations in the Complaint.

### *Policies, Procedures and Education*

47. Please produce all policies in effect at any time between 2000 and the present with respect to the procedures, including terms of giving notice and terms of transition, to employees being reassigned out of country.

48. Please produce copies of any of the Company's policies, practices, or procedures respecting gender discrimination or retaliation for complaints of discrimination in effect as of 1996.

49. Please produce all documents reflecting the policies, practices and procedures established for any and all employees of the Company who complained of discrimination or retaliation since 2000, and, if different, produce all documents identifying the actual practices used at the Company for filing and investigating such complaints.

50. Please produce documents sufficient to reflect all educational materials and/or seminars provided to any and each employee of Defendant since 2000 regarding gender discrimination or retaliation for complaining of discrimination. (The documents should reflect which employees received what and the specific underlying materials provided.)

51. Please produce copies of any employee handbook disseminated by the Company or otherwise in effect since 2000.

### *Farragher-Ellerth Defenses/Pattern and Procedure*

52. Please produce documents relating to all complaints made by any employee of the Company respecting gender discrimination or retaliation because of complaining of discrimination, any investigation, the results of any such investigation, any action taken, any

follow-up by the Company relating to the complaining employee or the subject of the complaint, and the current employment status (including position held) of the complaining employee and the subject of the complaint.

53.     To the extent not included in the response above, please produce all documents relating to all complaints made by Ms. Gaujacq (whether oral or written, formal or informal) respecting gender discrimination, unfair, harsh or abusive treatment, or retaliation because of complaining of discrimination, including all documents relating to any investigation, the results of any such investigation, any action taken, any follow-up by the Company relating to Ms. Gaujacq's complaints, and the subject of the complaint. This Request specifically includes, but is not limited to, complaints made by Ms. Gaujacq about Mr. Nadal's treatment of her to Fernando Ponasso, Didier Lamethe, Bruno Lescoeur, Mr. Cruezet and Mr. Laroche.

54.     Please produce copies of all formal complaints of gender discrimination or retaliation because of complaining of discrimination, filed with the United States Equal Employment Opportunity Commission or any state or local Human Rights Commission, or as a lawsuit, against the Company, from 2000 through the present, and any documents that relate to or reference any such claim, or that were submitted to any agency in rebuttal to any such claim.

55.     If there is any type of program in place for monitoring, or if any investigation, assessment or evaluation has taken place, as to whether female employees are treated the same or differently from non-female employees at the Company with respect to hiring, performance evaluations, salary increases, bonuses, promotions, demotions, disciplinary actions or terminations, please produce all such documents.

## *Damages*

56. If you believes the Company has suffered or been damaged as a result of Ms. Gaujacq's actions, please produce all documents supporting your allegation.

57. Please produce all documents respecting Ms. Gaujacq's damages, including any documents supporting any claim that Ms. Gaujacq is not entitled to all or part of the damages claimed (this request relates specifically to the amount of damages, not to the merits of the underlying claims).

## *Financials*

58. Please produce documents sufficient to reflect the financial status of the Company for the past two years with respect to gross and net revenues, expenses and profit.

59. Please produce copies of any business or annual report provided by the Company on an annual or other regular basis since 2000.

## *Answer and Grounds of Defense*

60. Please produce all documents relating to or supporting your partial or full denial of any allegation contained in the Complaint.

61. Please produce all statements, whether written, oral, electronic, or recorded, by any person regarding any aspect of the claims, defenses, or facts relevant to this case.

62. Please produce documents supporting your Affirmative Defenses.

## *Miscellaneous*

63. Please produce copies of all documents that constitute, refer or relate to any allegations that Ms. Gaujacq was paying fees to consultants and contractors of the company without services being performed.

14

64.	Please produce copies of all documents that constitute, refer or relate to Mr. Nadal's demand that Ms. Gaujacq provide him with all of her business and company contacts.

65.	Please produce a copy of the audit report and recommendations.

66.	Please produce all documents that constitute, refer or relate to any findings or conclusions of the audit, including specifically, any documents suggesting any wrongdoing or accounting improprieties that occurred during Ms. Gaujacq's tenure as President of EDFINA.

67.	Please produce all documents that constitute, refer or relate to the new mission proposed for Ms. Gaujacq in or about the September/October 2004 timeframe.

68.	Please produce copies of all versions of the Employment Letter prepared for Ms. Gaujacq, including all drafts and edited copies.

69.	Please produce copies of all emails, correspondence, memoranda, and any other documents or notes that refer in any way whatsoever to Ms. Gaujacq's husband or the status of his teaching position or notice needed to return to his teaching position in France.

70.	Please produce all documents gathered during the preparation of the defense of this action, including documents received as responses to subpoenae, voluntary requests for documents to outside parties, and internal document-gathering processes.

71.	Please produce all documents you contend are relevant in any way to this action.

72.	For each Request for Admission you deny, either in whole or in part, please produce all documents that support any such denial

15

November 21, 2005        Catherine Gaujacq,
                         By Counsel

                         */s/ Elaine Charlson Bredehoft*
                         Elaine Charlson Bredehoft
                         D.C. Bar No. 441425
                         Kathleen Z. Quill
                         D.C. Bar No. 489079
                         CHARLSON BREDEHOFT & COHEN, P.C.
                         11260 Roger Bacon Drive
                         Suite 201
                         Reston, Virginia 20190
                         (703) 318-6800

                         Counsel for Plaintiff,
                           Catherine L. Gaujacq

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT EDF by first-class mail, postage pre-paid, this 21st day of November, 2005, addressed to counsel defendant EDF as follows:

   Laura B. Hoguet, Esq.
   HOGUET NEWMAN & REGAL, LLP
   10 East 40th Street
   New York, New York 10016
   (212) 689-8808

   Counsel for Defendants Electricite de France, S.A. and
     Electricite de France International North America, Inc.

With a courtesy copy sent this same day by first class mail, postage pre-paid, addressed as follows:

   Ronald S. Cooper, Esq.
   STEPTOE & JOHNSON LLP
   1330 Connecticut Avenue, NW
   Washington, DC 20036
   (202) 429-3000

   Counsel for Defendant
     Christian Nadal

   _____
   Elaine Charlson Bredehoft

16