ATTACHMENT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| | ) |
| Plaintiff, | )     **ECF** |
| | ) |
| v. | )     Civil Action No. C5-969 (JGP) |
| | ) |
| ELECTRICITE DE FRANCE | ) |
| INTERNATIONAL NORTH AMERICA, | ) |
| INC., ELECTRICITE DE FRANCE, S.A. | ) |
| and Christian Nadal, | ) |
| | ) |
| Defendants. | ) |

## RESPONSE OF DEFENDANT ELECTRICITE DE FRANCE, S.A.
### TO PLAINTIFF'S FIRST AND SECOND
### REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Electricité de France, S.A. ("EDF") responds to Plaintiff's First Request for

Production of Documents to Defendant Electricité de France, S.A. ("EDF"), dated November 21,

2005, and to Plaintiff's Second Request for Production of Documents to Defendant Electricite de

France, S.A. ("EDF"), dated November 22, 2005 (collectively, "Plaintiff's Request for the

Production of Documents") as follows:

### GENERAL OBJECTIONS AND RESPONSES

1.     EDF objects to every Request that uses the term "Company," defined by Plaintiff

to mean a combined entity consisting of EDF and its subsidiary Electricite de France

International North America, Inc. ("EDFINA") on the ground that such term renders each such

Request ambiguous. EDF and EDFINA are two separate companies.

2.     EDF objects to every Request to the extent it is duplicative of requests made to

EDFINA. In the interest of avoiding excessive duplication of documents, EDF will not

intentionally reproduce the documents that EDFINA has produced or will be producing pursuant to Plaintiff's First Request for Production of Documents to EDFINA or Plaintiff's Second Request for Production of Documents to EDFINA.

3. All documents produced pursuant to this Response will be produced subject to the terms of a Protective Order agreed among the parties and submitted to the court on December 6, 2005.

4. EDF makes these objections and responses without waiver of any right or privilege to object to the introduction of evidence, in this or in any other action or proceeding, of any information contained in any of the documents or the introduction of the documents themselves, upon the grounds of competency, relevancy, materiality, hearsay, authenticity, or any other ground. EDF makes no representation of authenticity with respect to any document or tangible thing produced hereunder.

5. The answers given in response to Plaintiff's Request for the Production of Documents and the documents produced in response thereto are given without prejudice to EDF's rights to present as evidence additional facts and documents which it may later discover or identify or which have been mistakenly omitted by it from the responses or the production of documents. EDF objects and responds on the basis of its understanding of and interpretation of the requests in Plaintiff's Request for the Production of Documents. If Plaintiff understands or interprets any of the requests in Plaintiff's Request for the Production of Documents differently, EDF reserves the right to supplement any of these responses and the documents produced pursuant hereto, either with additional objections or otherwise.

6. EDF objects to Plaintiff's Request for the Production of Documents to the extent that it asks for documents, or portions thereof, which are protected by the attorney-client

2

privilege, the attorney work product doctrine, or any other privilege, immunity or protection available under the law, and no document or portion of any document containing such privileged information will be produced. EDF does not intend by this response or objection to waive any claim of privilege or immunity

7.    Inadvertent production of any document subject to any applicable privilege or doctrine, including, but not limited to, the privileges set forth above, is not intended to be, and shall not operate as, a waiver of any such privilege or doctrine, in whole or in part; nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any use of such document or of the information contained therein.

8.    EDFINA objects to Plaintiff's Second Request for the Production of Documents to the extent it seeks documents generated after Plaintiff's institution of litigation against the defendants.

## SPECIFIC RESPONSES

Subject to and without waiver of the foregoing General Objections, which are hereby incorporated by reference into each and every one of the specific responses that follow, EDF responds as follows:

## AS TO PLAINTIFF'S FIRST REQUEST TO EDF

## REQUEST NO. 1

Please produce all documents you were requested to identify in plaintiff's first set of interrogatories to you in this action, that you relied on in answering any of the interrogatories, or that reflect or otherwise support your response to any interrogatory.

## RESPONSE TO REQUEST NO. 1

EDF objects to this Request on the ground that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible

3

evidence. Notwithstanding and without waiving this or any other objections, EDF will produce

non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 2

Please produce all documents you identified in your Initial Disclosures.

### RESPONSE TO REQUEST NO. 2

EDF will produce non-privileged documents responsive to this Request.

### REQUEST NO. 3

Please produce each insurance policy referenced in your response to interrogatories of Plaintiff's First Set of Interrogatories to you, and any policy otherwise covering the Company.

### RESPONSE TO REQUEST NO. 3

EDF objects to this Request on the grounds that it is overbroad and calls for the

production of documents that are not relevant or reasonably calculated to lead to the discovery of

admissible evidence. EDF further objects to this Request on the ground that it is not permitted

by its insurers to release copies of their insurance policies without their consent, which has not

been given.

### REQUEST NO. 4

Please produce all documents which discuss, refer, identify, constitute, or support any evaluation (formal or informal) of Ms. Gaujacq at any time during her employment with the Company.

### RESPONSE TO REQUEST NO. 4

EDF objects to this Request on the grounds that it is overbroad and unduly burdensome

and calls for the production of documents that are not relevant or reasonably calculated to lead to

the discovery of admissible evidence. Notwithstanding and without waiving this or any other

objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 5

Please produce all personnel files pertaining to Ms Gaujacq including, but not limited to, her personnel file, central personnel file, cluster personnel file, local office or division personnel file, hiring file, disciplinary file, termination file, other informal files kept by the Company or any supervisor or manager therein, and copies of any documents maintained in any file referencing Ms Gaujacq with respect to her health, leave status, performance, compensation, or any complaints made by or concerning Ms. Gaujacq

## RESPONSE TO REQUEST NO. 5

EDF objects to this Request on the grounds that it is overbroad and unduly burdensome

and calls for the production of documents that are not relevant or reasonably calculated to lead to

the discovery of admissible evidence. Notwithstanding and without waiving this or any other

objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 6

Please produce all documents which constitute, identify, or refer to any written or oral reprimand, warning, or caution, or any compliment, award, or commendation, given to or concerning Ms Gaujacq

## RESPONSE TO REQUEST NO. 6

EDF objects to this Request on the grounds that it is overbroad and unduly burdensome

and calls for the production of documents that are not relevant or reasonably calculated to lead to

the discovery of admissible evidence. Notwithstanding and without waiving this or any other

objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 7

Please produce all documents which constitute, identify, or refer to any opportunities, positions, intentions to promote, career plans, or other considerations being given to the future employment of Ms. Gaujacq with the Company from August 2000 forward.

## RESPONSE TO REQUEST NO. 7

EDF will produce non-privileged documents responsive to this Request, if any exist

### REQUEST NO. 8

Please produce copies of all correspondence between Ms. Gaujacq and the Company, or concerning Ms. Gaujacq by or to any employee of the Company, or concerning Ms. Gaujacq by or to any outside person.

### RESPONSE TO REQUEST NO. 8

EDF objects to this Request on the grounds that it is overbroad and unduly burdensome

and calls for the production of documents that are not relevant or reasonably calculated to lead to

the discovery of admissible evidence. Notwithstanding and without waiving this or any other

objections, EDF will produce non-privileged documents responsive to this Request as regards

matters alleged in the Complaint, if any exist

### REQUEST NO. 9

Please produce copies of all documents prepared by, or at the direction of, any employee of the Company respecting Ms. Gaujacq.

### RESPONSE TO REQUEST NO. 9

EDFINA objects to this Request on the grounds that it is overbroad and unduly

burdensome and calls for the production of documents that are not relevant or reasonably

calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving

this or any other objections, EDF will produce non-privileged documents responsive to this

Request as regards matters alleged in the Complaint, if any exist.

### REQUEST NO. 10

Please produce copies of all documents that constitute, refer or relate to any complaints regarding Ms. Gaujacq or her performance, including, but not limited to, any complaints by the SEPTEN group in charge of nuclear reactor designs in Lyon (France) within the France Energy Branch had complained on June 20, 2004 about a lack of information from Ms. Gaujacq.

## RESPONSE TO REQUEST NO. 10

EDF objects to this Request on the grounds that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist

## REQUEST NO. 11

Please produce all documents supporting any contention by the Company that Ms Gaujacq's performance was unsatisfactory.

## RESPONSE TO REQUEST NO. 11

EDF will produce non-privileged documents responsive to this Request, if any exist

## REQUEST NO. 12

Please produce all documents reflecting the employment relationship between the Company and Ms. Gaujacq (in other words, any contracts, policies or documents governing their employment relationship).

## RESPONSE TO REQUEST NO. 12

EDF objects to this Request on the grounds that it is vague and overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist

## REQUEST NO. 13

Please produce all documents reflecting the potential future employment relationship between the Company and Ms. Gaujacq (such as the proposed expatriation contract and mission, and documents related to any positions offered to Ms Gaujacq for her return to France). This request includes all documents that constitute, refer or relate to any representations made to Ms Gaujacq regarding her continued employment by EDF or EDFINA in the United States.

7

## RESPONSE TO REQUEST NO. 13

EDF objects to this Request on the grounds that it is vague and overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 14

Please produce all documents which constitute, refer or relate to any notes taken by any person or by any supervisory employee of the Company, reflecting any evaluation, formal or informal, of Ms. Gaujacq.

## RESPONSE TO REQUEST NO. 14

EDF objects to this Request on the grounds that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 15

Please produce all documents supporting any contention by the Company that because of any fact discovered by the Company since the departure of Ms. Gaujacq, that Ms. Gaujacq would not have been hired or would have been fired (after-acquired evidence).

## RESPONSE TO REQUEST NO. 15

EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 16

Please produce copies of any notes taken by any person at any meetings between or among Ms. Gaujacq and any managerial employee or representative of the Company, or any meeting between any persons at which Ms. Gaujacq was discussed.

## RESPONSE TO REQUEST NO. 16

EDF objects to this Request on the grounds that it calls for documents protected from disclosure by the attorney-client privilege and the work-product doctrine. EDF further objects to this Request on the ground that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 17

Please produce all email communications from Ms. Gaujacq to any other person or to Ms. Gaujacq from any other person.

## RESPONSE TO REQUEST NO. 17

EDF objects to this Request on the grounds that it is vague and overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request as regards matters alleged in the Complaint, if any exist, to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 18

Please produce all email communications between or among any the Company managers, supervisors, or employees relating in any manner to Ms. Gaujacq.

## RESPONSE TO REQUEST NO. 18

EDF objects to this Request on the ground that it calls for documents protected from disclosure by the attorney-client privilege and the work-product doctrine. EDF further objects to this Request on the grounds that it is vague, overbroad and unduly burdensome and calls for the

9

production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request as regards matters alleged in the Complaint, if any exist.

## REQUEST NO. 19

Please produce all versions (whether drafts, with handwritten notations, etc) of any communication written by any employee(s) of the Company containing any allegations relating to Ms. Gaujacq.

## RESPONSE TO REQUEST NO. 19

EDF objects to this Request on the grounds that it calls for documents protected from disclosure by the attorney-client privilege and the work-product doctrine. EDF further objects to this Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist

## REQUEST NO. 20

Please produce all documents from or to any outside person or entity relating in any manner to Ms. Gaujacq.

## RESPONSE TO REQUEST NO. 20

EDF objects to this Request on the grounds that it calls for documents protected from disclosure by the attorney-client privilege and the work-product doctrine EDF further objects to this Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence Notwithstanding and without waiving these or any other

objections, EDF will produce non-privileged documents responsive to this Request as regards matters alleged in the Complaint, if any exist.

### REQUEST NO. 21

Please produce any and all job descriptions for each position held by Ms. Gaujacq.

### RESPONSE TO REQUEST NO. 21

EDF objects to this request on the grounds that it is overbroad and calls for documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request as regards matters alleged in the Complaint, if any exist.

### REQUEST NO. 22

Please produce all documents reflecting any comparison, whether favorable or unfavorable, made by the Company between Ms. Gaujacq and any other employee (past or present) of the Company, including, in particular, Mr. Nadal.

### RESPONSE TO REQUEST NO. 22

EDF objects to this Request on the grounds that it is vague and overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request as regards Mr. Nadal, if any exist.

### REQUEST NO. 23

Please produce performance evaluations for all persons the Company contends are comparable or superior to Ms. Gaujacq in experience, education and qualifications.

## RESPONSE TO REQUEST NO. 23

EDF objects to this Request on the ground that it is ambiguous and presumptuous in its assumptions as to any contentions of EDF. EDF further objects to this Request on the grounds that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDF further objects to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such persons described in this Request.

## REQUEST NO. 24

Please produce the personnel file of Mr. Nadal, and any files maintained by the Company that reference Mr. Nadal, his compensation, benefits, performance, evaluations (formal or informal), qualifications and background.

## RESPONSE TO REQUEST NO. 24

EDF objects to this Request on the ground that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 25

Please produce all documents relating to the reassignment out of country of Jean Luc Foret, specifically including when notice was given, the terms of his transition, and when the new assignment began.

## RESPONSE TO REQUEST NO. 25

EDF objects to this Request on the ground that it calls for the production of documents that are that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDF further objects to this Request on the ground that it is overbroad and calls for the

production of documents the disclosure of which would constitute an unwarranted invasion of

the personal privacy of the individual referenced therein  Notwithstanding and without waiving

these or any other objections, EDF will produce non-privileged documents responsive to this

Request, if any exist

## REQUEST NO. 26

Please produce all documents reflecting the identity of and level of participation by any decision makers in the acts taken against Plaintiff which are the subject manner of this action.

## RESPONSE TO REQUEST NO. 26

EDF objects to this Request on the grounds that it is vague, ambiguous, unduly

burdensome, and is duplicative of other requests.

## REQUEST NO. 27

Please produce all documents that constitute, refer or relate to the decision to have the EDF auditors to come to the United States offices of EDFINA for the purpose of undertaking a special audit of EDFINA operations and finances during the period Ms. Gaujacq had served as EDFINA's President

## RESPONSE TO REQUEST NO. 27

EDF objects to this Request objects to this Request on the ground that it is ambiguous in

its characterization of the audit referenced therein.  Notwithstanding and without waiving this or

any other objections, EDF will produce non-privileged documents responsive to this Request, if

any exist.

## REQUEST NO. 28

Please produce all documents that constitute, refer or relate to the decision to appoint Mr. Nadal to replace Ms  Gaujacq as President of EDFINA in the United States.

## RESPONSE TO REQUEST NO. 28

EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 29

Please produce all documents that constitute, refer or relate to the decision to pay Mr. Nadal a significantly higher salary as President of EDFINA than that paid to Ms. Gaujacq when she held the same position.

## RESPONSE TO REQUEST NO. 29

EDF objects to this Request on the ground that it is ambiguous in its characterization of the salary referenced therein. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 30

Please produce all documents that constitute, refer or relate to the decision to remove Ms. Gaujacq from the list of authorized officers of EDFINA with signature authority on the corporate bank accounts.

## RESPONSE TO REQUEST NO. 30

EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 31

Please produce all documents that constitute, refer or relate to the decision to revoke Ms. Gaujacq powers as vice president of EDFINA, including but not limited to revoking the authority to enter into contracts with third parties; the authority to make any representation and/or warranties on behalf of EDFINA; and, the authority to incur any expenses of behalf of EDFINA.

## RESPONSE TO REQUEST NO. 31

EDF will produce non-privileged documents responsive to this Request, if any exist

## REQUEST NO. 32

Please produce all documents that constitute, refer or relate to the decision to change the locks on the company book closet where the corporate books were kept.

## RESPONSE TO REQUEST NO. 32

EDF will produce non-privileged documents responsive to this Request, if any exist

## REQUEST NO. 33

Please produce all documents that constitute, refer or relate to the decision to deny Mike Slavitt access to the company's books.

## RESPONSE TO REQUEST NO. 33

EDF objects to this Request on the ground that it is ambiguous in its characterization of the decision referenced therein. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 34

Please produce all documents that constitute, refer or relate to the decision to terminate Mike Slavitt and the reasons for the termination.

## RESPONSE TO REQUEST NO. 34

EDF will produce non-privileged documents responsive to this Request, if any exist

## REQUEST NO. 35

Please produce all documents that constitute, refer or relate to the instruction of Mr Nadal for Ms. Gaujacq to bring all files, documents and any electronic email or other data she had at home or on her laptop relating to the multi-national nuclear power joint venture and a key, strategic initiative of EDFINA and EDF (the "Project") to his office

## RESPONSE TO REQUEST NO. 35

EDF objects to this Request on the ground that it is ambiguous in its characterization of the instruction referenced therein. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist

## REQUEST NO. 36

Please produce all documents that constitute, refer or relate to the decision to removed Ms. Gaujacq from her position on the Project with EDFINA in the United States

### RESPONSE TO REQUEST NO. 36

EDF objects to this Request on the ground that it is ambiguous in its characterization of the decision referenced therein. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 37

Please produce all documents that constitute, refer or relate to the decision to direct Ms. Gaujacq to return to France immediately, without an assigned position.

### RESPONSE TO REQUEST NO. 37

EDF objects to this Request on the ground that it is ambiguous in its characterization of the decision referenced therein. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 38

Please produce all documents that constitute, refer or relate to the Company's decision to refuse to sign Ms. Gaujacq' s expatriation contract as earlier promised.

### RESPONSE TO REQUEST NO. 38

EDF objects to this Request on the ground that it is ambiguous in its characterization of the decision referenced therein. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 39

Please produce all documents that constitute, refer or relate to the decision to give Ms. Gaujacq only four days' notice that her mission in the United States would end on August 1, 2004.

### RESPONSE TO REQUEST NO. 39

EDF objects to this Request on the ground that it is ambiguous in its characterization of the decision referenced therein. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 40

Please produce all documents that constitute, refer or relate to the Company's decision not to propose a position for Ms. Gaujacq in the EDF Energy Branch in France until November 1, 2004.

### RESPONSE TO REQUEST NO. 40

EDF objects to this Request on the ground that it is ambiguous in its characterization of the decision referenced therein. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 41

Please produce documents sufficient to show (for example the 940 or 941 forms) the number of full-time current employees at the Company, and the number of full-time employees at the Company from 2000 through the present.

### RESPONSE TO REQUEST NO. 41

EDF objects to this Request on the ground that it is overbroad and unduly burdensome. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 42

Please produce all documents representing the chain of command in each department at the Company including, but not limited to, the supervisor of the department, staff members, etc., throughout the time of Ms Gaujacq's employment.

17

## RESPONSE TO REQUEST NO. 42

EDF objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objection, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 43

Please produce a document or documents reflecting the names, addresses and positions held by each employee of the Company during the period 2000 through the present.

## RESPONSE TO REQUEST NO. 43

EDF further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDF further objects to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of the persons described therein

## REQUEST NO. 44

Please produce copies of all documents reflecting each complaint any employee has made against any employee of the Company in the position of manager or above (including supervisors and officers) or against the Company itself, with respect to gender discrimination or retaliation, whether written or oral, internally to any the Company managerial or supervisory employee, or with any outside administrative agency, from 1995 to the present. With respect to each complaint, please provide all documents relating to each investigation and action taken by the Company, and the final result of each such complaint and how it impacted the employees making the complaint or the employees who were the subject of the complaint.

## RESPONSE TO REQUEST NO. 44

EDF objects to this Request on the ground that the information it seeks is not relevant or reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of

discrimination directed to other employees. EDF further objects to this Request on the grounds

that it is overbroad and unduly burdensome.  EDF further objects to this Request on the ground

that it calls for the production of documents the disclosure of which would constitute an

unwarranted invasion of the personal privacy of the persons described therein.

### REQUEST NO. 45

Please produce all EEO-1 documents submitted to the EEOC or any other agency for the
past five years.

### RESPONSE TO REQUEST NO. 45

EDF objects to this Request on the ground that the information it seeks is not relevant or

reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a

claim of alleged individual discrimination and not a claim of a pattern or practice of

discrimination directed to other employees.

### REQUEST NO. 46

Please produce documents sufficient to reflect comparative evidence between treatment
of female and non-female employees of the Company  This request anticipates all documents
supporting or reflecting any specific argument by the Company that the Company does not
discriminate on the basis of gender and in the denial of allegations in the Complaint.

### RESPONSE TO REQUEST NO. 46

EDF objects to this Request on the ground that the information it seeks is not relevant or

reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a

claim of alleged individual discrimination and not a claim of a pattern or practice of

discrimination directed to other employees. EDF further objects to this Request on the ground

that it is overbroad and unduly burdensome.  EDF further objects to this Request on the ground

that it calls for the production of documents the disclosure of which would constitute an

unwarranted invasion of the personal privacy of the employees referenced therein.

## REQUEST NO. 47

Please produce all policies in effect at any time between 2000 and the present with respect to the procedures, including terms of giving notice and terms of transition, to employees being reassigned out of country.

## RESPONSE TO REQUEST NO. 47

EDF objects to this Request to the extent that it seeks anything other than documents constituting written policies as described therein. EDF further objects to this Request on the ground that it is ambiguous. Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist

## REQUEST NO. 48

Please produce copies of any the Company policies, practices, or procedures respecting gender discrimination or retaliation for complaints of discrimination in effect as of 1996.

## RESPONSE TO REQUEST NO. 48

EDF objects to this Request to the extent that it seeks anything other than documents constituting written policies as described therein. EDF further objects to this Request on the ground that it is ambiguous. EDF further objects to this Request to the extent that it seeks documents stating policies, practices or procedures in effect prior to 2004. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist

## REQUEST NO. 49

Please produce all documents reflecting the policies, practices and procedures established for any and all employees of the Company who complained of discrimination or retaliation since 1996, and, if different, produce all documents identifying the actual practices used at the Company for filing and investigating such complaints.

20

## RESPONSE TO REQUEST NO. 49

EDF objects to this Request on the ground that it is duplicative of other requests. EDF further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDF further objects to this Request on the ground that it is vague and ambiguous. EDF further objects to this Request to the extent that it seeks documents reflecting policies, practices or procedures in effect prior to 2004. Notwithstanding and without waiving these or any other objections, EDF will produce documents responsive to this Request, if any exist.

## REQUEST NO. 50

Please produce documents sufficient to reflect all educational materials and/or seminars provided to any and each employee of Defendant since 1996 regarding gender discrimination or retaliation for complaining of discrimination. (The documents should reflect which employees received what and the specific underlying materials provided.)

## RESPONSE TO REQUEST NO. 50

EDF objects to this Request on the ground that it is duplicative of other requests. EDF further objects to this Request on the grounds that it is overbroad and unduly burdensome and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDF further objects to this Request on the ground that it is vague and ambiguous. EDF further objects to this Request to the extent that it seeks documents reflecting policies, practices or procedures in effect prior to 2004. Notwithstanding and without waiving these or any other objections, EDF will produce documents responsive to this Request, if any exist.

## REQUEST NO. 51

Please produce copies of any employee handbook disseminated by the Company or otherwise in effect since 1996.

### RESPONSE TO REQUEST NO. 51

EDF objects to this Request on the ground that it calls for documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDF further objects to this Request to the extent that it seeks any handbook in effect prior to 2004. Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request as regards matters alleged in the Complaint, if any exist.

## REQUEST NO. 52

Please produce documents relating to all complaints made by any employee of the Company respecting gender discrimination or retaliation because of complaining of discrimination, any investigation, the results of any such investigation, any action taken, any follow-up by the Company relating to the complaining employee or the subject of the complaint, and the current employment status (including position held) of the complaining employee and the subject of the complaint.

### RESPONSE TO REQUEST NO. 52

EDF objects to this Request on the ground that the information it seeks is not relevant or reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees. EDF further objects to this Request on the grounds that it is overbroad and unduly burdensome. EDF further objects to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of the employees referenced therein.

## REQUEST NO. 53

To the extent not included in the response above, please produce all documents relating to all complaints made by Ms. Gaujacq (whether oral or written, formal or informal) respecting

gender discrimination, unfair, harsh or abusive treatment, or retaliation because of complaining of discrimination, including all documents relating to any investigation, the results of any such investigation, any action taken, any follow-up by the Company relating to Ms. Gaujacq's complaints, and the subject of the complaint. This Request specifically includes, but is not limited to, complaints made by Ms. Gaujacq about Mr. Nadal's treatment of her to Fernando Ponasso, Didier Lamethe, Bruno Lescoeur, Mr. Cruezet and Mr. Laroche.

## RESPONSE TO REQUEST NO. 53

EDF objects to this Request on the grounds that it calls for information that is protected from disclosure by the attorney-work product doctrine and attorney-client privilege. EDF further objects to this Request on the ground that it is duplicative of other requests Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 54

Please produce copies of all formal complaints of gender discrimination or retaliation because of complaining of discrimination, filed with the United States Equal Employment Opportunity Commission or any state or local Human Rights Commission, or as a lawsuit, against the Company, from 1996 through the present, and any documents that relate to or reference any such claim, or that were submitted to any agency in rebuttal to any such claim

## RESPONSE TO REQUEST NO. 54

EDF objects to this Request on the ground that the information it seeks is not relevant or reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees. EDF further objects to this Request on the grounds that it is overbroad and unduly burdensome EDF further objects to this Request to the extent it seeks documents regarding events prior to 2004. EDF further objects to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals as described therein.

## REQUEST NO. 55

If there is any type of program in place for monitoring, or if any investigation, assessment or evaluation has taken place, as to whether female employees are treated the same or differently from non-female employees at the Company with respect to hiring, performance evaluations, salary increases, bonuses, promotions, demotions, disciplinary actions or terminations, please produce all such documents.

## RESPONSE TO REQUEST NO. 55

EDF objects to this Request on the ground that the information it seeks is not relevant or reasonably likely to lead to the discovery of admissible evidence in that plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees. EDF further objects to this Request on the ground that it is overbroad and unduly burdensome.

## REQUEST NO. 56

If you believes the Company has suffered or been damaged as a result of Ms. Gaujacq's actions, please produce all documents supporting your allegation.

## RESPONSE TO REQUEST NO. 56

EDF objects to this Request on the ground that it is speculative. Notwithstanding and without waiving this or any other objection, EDF will produce documents responsive to this Request, if any exist.

## REQUEST NO. 57

Please produce all documents respecting Ms. Gaujacq's damages, including any documents supporting any claim that Ms. Gaujacq is not entitled to all or part of the damages claimed (this Request relates specifically to the amount of damages, not to the merits of the underlying claims).

## RESPONSE TO REQUEST NO. 57

EDF will produce non-privileged documents responsive to this Request, if any exist

24

## REQUEST NO. 58

Please produce documents sufficient to reflect the financial status of the Company for the past two years with respect to gross and net revenues, expenses and profit.

## RESPONSE TO REQUEST NO. 58

EDF objects to this Request on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objection, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 59

Please produce copies of any business or annual report provided by the Company on an annual or other regular basis since 1996.

## RESPONSE TO REQUEST NO. 59

EDF objects to this Request on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. EDF further objects to this Request to the extent it seeks reports generated prior to 2004. Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 60

Please produce all documents relating to or supporting your partial or full denial of any allegation contained in the Complaint.

## RESPONSE TO REQUEST NO. 60

EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 61

Please produce all statements, whether written, oral, electronic, or recorded, by any person regarding any aspect of the claims, defenses, or facts relevant to this case

## RESPONSE TO REQUEST NO. 61

EDF objects to this Request on the grounds that it is vague and duplicative of other requests. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 62

Please produce documents supporting your Affirmative Defenses.

## RESPONSE TO REQUEST NO. 62

EDF will produce non-privileged documents responsive to this Request, if any exist

## REQUEST NO. 63

Please produce copies of all documents that constitute, refer or relate to any allegations that Ms. Gaujacq was paying fees to consultants and contractors of the company without services being performed.

## RESPONSE TO REQUEST NO. 63

EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 64

Please produce copies of all documents that constitute, refer or relate to Mr. Nadal's demand that Ms Gaujacq provide him with all of her business and company contacts.

## RESPONSE TO REQUEST NO. 64

EDF objects to this Request on the ground that it is ambiguous in its characterization of Mr. Nadal's "demand." Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 65

Please produce a copy of the audit report and recommendations.

## RESPONSE TO REQUEST NO. 65

EDF will produce non-privileged documents responsive to this Request, if any exist.

26

### REQUEST NO. 66

Please produce all documents that constitute, refer or relate to any findings or conclusions of the audit, including specifically, any documents suggesting any wrongdoing or accounting improprieties that occurred during Ms. Gaujacq's tenure as President of EDFINA.

### RESPONSE TO REQUEST NO. 66

EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 67

Please produce all documents that constitute, refer or relate to the new mission proposed for Ms. Gaujacq in or about the September/October 2004 timeframe.

### RESPONSE TO REQUEST NO. 67

EDF objects to this Request on the ground that it is ambiguous. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 68

Please produce copies of all versions of the Employment Letter prepared for Ms. Gaujacq, including all drafts and edited copies.

### RESPONSE TO REQUEST NO. 68

EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 69

Please produce copies of all emails, correspondence, memoranda, and any other documents or notes that refer in any way whatsoever to Ms. Gaujacq's husband or the status of his teaching position or notice needed to return to his teaching position in France.

### RESPONSE TO REQUEST NO. 69

EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 70

Please produce all documents gathered during the preparation of the defense of this

action, including documents received as responses to subpoenae, voluntary requests for documents to outside parties, and internal document-gathering processes.

## RESPONSE TO REQUEST NO. 70

EDF objects to this Request on the ground that it calls for information that is protected from disclosure by the attorney-work product doctrine and attorney-client privilege. EDF further objects to this Request on the ground that it seeks disclosure beyond what is permitted under the Federal Rules of Civil Procedure.

## REQUEST NO. 71

Please produce all documents you contend are relevant in any way to this action.

## RESPONSE TO REQUEST NO. 71

EDF objects to this Request on the ground that it is duplicative of other requests. Notwithstanding and without waiving this or any other objection, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 72

For each Request for Admission you deny, either in whole or in part, please produce all documents that support any such denial.

## RESPONSE TO REQUEST NO. 72

EDF objects to this Request on the ground that it seeks disclosure beyond what is permitted under the Federal Rules of Civil Procedure. EDF further objects to this Request on the ground that it is duplicative of other requests. EDF further objects to this Request on the ground that it seeks documents protected from disclosure by the work product doctrine.

## AS TO PLAINTIFF'S SECOND REQUEST TO EDF

## REQUEST NO. 1

Please produce copies of all housing lease contracts for Catherine Gaujacq.

### RESPONSE TO REQUEST NO. 1

EDF objects to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 2

Please produce copies of all housing lease contracts for Christian Nadal.

### RESPONSE TO REQUEST NO. 2

EDF objects to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 3

Please produce copies of the EDFINA visa applications to the Department of Homeland Security, and/or its predecessor within the U.S. federal government, for Catherine Gaujacq.

### RESPONSE TO REQUEST NO. 3

EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 4

Please produce copies of the EDFINA visa applications to the Department of Homeland Security, and/or its predecessor within the U.S. federal government, for Christian Nadal.

### RESPONSE TO REQUEST NO. 4

EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 5

Please produce copies of pay stubs and W2's for Catherine Gaujacq from August 2000 to January 2005

### RESPONSE TO REQUEST NO. 5

EDF objects to this Request on the grounds that it is overbroad and duplicative and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

### REQUEST NO. 6

Please produce copies of pay stubs and W2's for Christian Nadal from January 2000 to the present.

### RESPONSE TO REQUEST NO. 6

EDF objects to this Request on the grounds that it is overbroad and duplicative and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist, to the extent that such documents are in its possession, custody or control

### REQUEST NO. 7

Please produce copies of all documents reflecting checks voided in the Company's books on or about June 2004, which were signed by Ms. Gaujacq but were voided and/or ripped up by Benoit Dreux.

## RESPONSE TO REQUEST NO. 7

EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 8

Please produce copies of EDFINA's monthly financial statements provided to EDF from August 2000 to January 2005.

## RESPONSE TO REQUEST NO. 8

EDF objects to this Request on the grounds that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 9

Please produce documents listing all EDFINA employees from August 2000 to January 2005, with indication of which were active visa-sponsored employees.

## RESPONSE TO REQUEST NO. 9

EDF objects to this Request to the extent it purports to impose any obligation to create any document on the ground that any such obligation is not required under the Federal Rules of Civil Procedure. EDF further objects to this Request on the ground that it is ambiguous in its use of the undefined term "active visa-sponsored employees." EDF further objects to this Request on the grounds that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 10

Please produce copies of Christian Nadal's employment contracts with EDF and EDFINA from 2000 to the present

## RESPONSE TO REQUEST NO. 10

EDF objects to this Request on the grounds that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce the documents requested.

## REQUEST NO. 11

Please produce all documents reflecting EDF's compensation policies for high-level executives.

## RESPONSE TO REQUEST NO. 11

EDF objects to this Request on the ground that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections EDF will produce documents responsive to this request, if any exist, to the extent that such documents are in its possession, custody or control.

## REQUEST NO. 12

Please produce all documents reflecting the ranking and seniority system for high-level executives, including the EDFINA President's position within this system.

## RESPONSE TO REQUEST NO. 12

EDF objects to this Request on the ground that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible

evidence. Notwithstanding and without waiving these or any other objections EDF will produce documents responsive to this request, if any exist.

### REQUEST NO. 13

Please produce the EDF Guide to French employees working abroad.

### RESPONSE TO REQUEST NO. 13

EDF will produce the document requested.

### REQUEST NO. 14

Please produce copies of all NUSTART agreements

### RESPONSE TO REQUEST NO. 14

EDF objects to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist

### REQUEST NO. 15

Please produce copies of all EPRI agreements.

### RESPONSE TO REQUEST NO. 15

EDF objects to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist

### REQUEST NO. 16

Please produce copies of all EDFINA active visa applications for all employees from 2000 to the present

## RESPONSE TO REQUEST NO. 16

EDF objects to this Request on the ground that it is ambiguous in its use of the undefined term "active visa applications for all employees" and in its application of that term to prior years. EDFINA further objects to this Request on the grounds that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist.

## REQUEST NO. 17

Please produce EDFINA's Articles of Incorporation, Bylaws, and Board Decisions

## RESPONSE TO REQUEST NO. 17

EDF objects to this Request to the extent that it seeks "Board Decisions" of EDFINA on the grounds that it is overbroad and calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this or any other objections, EDF will produce non-privileged documents responsive to this Request as regards matters alleged in the Complaint, if any exist.

## REQUEST NO. 18

Please produce EDFINA's July 2004 Internal Financial Audit Report.

## RESPONSE TO REQUEST NO. 18

EDF will produce the document requested in this Request.

## REQUEST NO. 19

Please produce the corporate document(s), related to EDF and EDFINA in the U.S. and abroad, which was (were) prepared for the partial IPO of the company.

## RESPONSE TO REQUEST NO. 19

EDF objects to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence EDF further objects to this Request on the ground that it is vague and ambiguous. Notwithstanding and without waiving these or any other objections, EDF will produce non-privileged documents responsive to this Request, if any exist

Dated: January 3, 2006

HOGUET NEWMAN & REGAL

By:_____/s/_____
    Laura B. Hoguet, Esq , D.C. Bar No. 200915
    10 East 40th Street
    New York, New York 10016
    (212) 689-8808

    *Counsel for Defendant Electricité de France International
    North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing RESPONSE OF DEFENDANT ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC. TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS by electronic mail upon the counsel below, pursuant to the agreement of counsel for all parties to accept service by such method, on January 3, 2006:

Elaine Charlson Bredehoft (ebredehoft@charlsonbredehoft.com)
Kathleen Z. Quill
CHARLSON BREDEHOFT & COHEN, P.C.
11260 roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

With a courtesy copy by electronic mail as follows:

Ronald S. Cooper (rcooper@steptoe.com)
David Clark (dclark@steptoe.com)
STEPTOE & JOHNSON
1330 Connecticut Avenue NW
Washington, DC 20036
(202) 429-3000

*Counsel for Defendant Christian Nadal*

DOROTHEA W. REGAL