ATTACHMENT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



CATHERINE GAUJACQ )
)
Plaintiff, )    ECF
)
v. )    Civil Action No. C5-969 (JGP)
)
ELECTRICITE DE FRANCE )
INTERNATIONAL NORTH AMERICA, )
INC., ELECTRICITE DE FRANCE, S.A. )
and CHRISTIAN NADAL, )
)
Defendants )

## RESPONSE OF DEFENDANTS
## TO PLAINTIFF'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

       Defendants Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA") (together referred to herein as the "Corporate Defendants") and Christian Nadal (collectively referred to herein as "Defendants") respond to Plaintiff's Fifth Request for Production of Documents to Defendant Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA"), and Christian Nadal ("Mr. Nadal"), dated May 1, 2006 ("Plaintiff's Fifth Request for the Production of Documents"), as follows:

## GENERAL OBJECTIONS AND RESPONSES

       1.   Defendants object to Plaintiff's Fifth request for the Production of Documents on the ground that it is untimely in that it was served too late to require a response on or prior to the May 31, 2006 court-ordered end of fact discovery.

1

2.   Defendants object to Plaintiff's Fifth Request for the Production of Documents to the extent it is duplicative of the requests in the following discovery demands previously made by Plaintiff herein:

- Plaintiff's First Request for Production of Documents to Defendant EDFINA, dated October 28, 2005,
- Plaintiff's First Request for Production of Documents to Defendant Christian Nadal, dated October 28, 2005,

- Plaintiff's First Request for Production of Documents to Defendant EDF, dated November 21, 2005,

- Plaintiff's Second Request for Production of Documents to Defendant EDFINA, dated November 22, 2005,

- Plaintiff's Second Request for Production of Documents to Defendant EDF, dated November 22, 2005,

- Plaintiff's Second Request for Production of Documents to Defendant Christian Nadal, dated November 22, 2005,

- Plaintiff's Third Request for Production of Documents to Defendant EDF, dated January 24, 2006,

- Plaintiff's Third Request for Production of Documents to Defendant EDFINA, dated January 24, 2006,

- Plaintiff's Third Request for Production of Documents to Defendant Christian Nadal, dated January 24, 2006,

- Plaintiff's Fourth Request for the Production of Documents to Defendant EDFINA, dated April 7, 2006 and/or

- Plaintiff's Fourth Request for the Production of Documents to Defendant EDF, dated April 7, 2006

(collectively, "Plaintiff's Prior Document Requests"), and Defendants hereby incorporate by reference and repeat herein each and every previous objection made by them, or either of them, in response to Plaintiff's Prior Document Requests in response to each and every request that is duplicated.

3.    Defendants object to Plaintiff's Fifth Request for the Production of Documents on the ground that it is unreasonably cumulative of Plaintiff's Prior Document Requests.

4.    Defendants object to Plaintiff's Fifth Request for the Production of Documents on the ground that it is abusive in that Plaintiff has had ample opportunity by discovery in this action otherwise to obtain the information sought in Plaintiff's Fifth Request for the Production of Documents

5.    Defendants make these objections and responses without waiver of any right or privilege to object to the introduction of evidence, in this or in any other action or proceeding, of any information contained in any of the documents or the introduction of the documents themselves, upon the grounds of competency, relevancy, materiality, hearsay, authenticity, or any other ground. Defendants make no representation of authenticity with respect to any document or tangible thing produced hereunder

6.    The answers given in response to Plaintiff's Fifth Request for the Production of Documents and the documents produced in response thereto are given without prejudice to Defendants' rights to present as evidence additional facts and documents which they may later discover or identify or which have been mistakenly omitted by them from the responses or the production of documents. Defendants object and respond on the basis of their understanding of and interpretation of the requests in Plaintiff's Fifth Request for the Production of Documents   If Plaintiff understands or interprets any of the requests in Plaintiff's Fifth Request for the Production of Documents differently, Defendants reserve the right to supplement any of these responses and the documents produced pursuant hereto, either with additional objections or otherwise

3

7.     Defendants object to Plaintiff's Fifth Request for the Production of Documents to the extent that it asks for documents, or portions thereof, which are protected by the attorney-client privilege, the work product doctrine, or any other privilege, immunity or protection available under the law, and no document or portion of any document containing such privileged information will be produced. Defendants do not intend by this response or objection to waive any claim of privilege or immunity.

8.     Inadvertent production of any document subject to any applicable privilege or doctrine, including, but not limited to, the privileges and doctrine set forth above, is not intended to be, and shall not operate as, a waiver of any such privilege or doctrine, in whole or in part; nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any use of such document or of the information contained therein.

9.     Defendants object to Plaintiff's Fifth Request for the Production of Documents to the extent it seeks documents generated after Plaintiff's institution of litigation against the defendants Nadal, EDF and EDF INA or any of them.

10.     All documents produced pursuant to this Response will be produced subject to the terms of a Protective Order agreed among the parties and submitted to the court on December 6, 2005.

## SPECIFIC RESPONSES

Subject to and without waiver of the foregoing General Objections and those set forth in Defendants' responses to Plaintiff's Prior Document Requests, which are hereby incorporated by reference into each and every one of the specific responses that follow, Defendants respond as follows:

## REQUEST NO. 1

All documents from 2003 through the present reflecting any change in EDF's strategy or policies for EDFINA, for the United States, or for Canada.

## RESPONSE TO REQUEST NO. 1

Defendants object to this Request on the ground that it is vague and ambiguous. Defendants further object to this Request on the ground that it is overbroad and unduly burdensome. Notwithstanding and without waiving this or any other objections, Defendants will produce non-privileged documents responsive to this request in their possession, custody or control, to the extent they have not been previously produced herein, if any exist.

## REQUEST NO. 2

All documents reflecting the decision to assign an R-1 level ranking to the position of General Delegate, EDFINA, President of EDFINA or any other position held by Mr Nadal since January 2004.

## RESPONSE TO REQUEST NO. 2

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request to the extent it reflects inaccurate premises or presumptions. Defendants further object to this Request on the ground that it is ambiguous  Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 3

All documents reflecting the decision to assign an R-3 level ranking to the General Delegate, EDFINA, President of EDFINA, or any other position held by Ms, Gaujacq since January 2000.

## RESPONSE TO REQUEST NO. 3

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request to the extent it reflects inaccurate premises or presumptions. Defendants further object to this Request on the ground that it is ambiguous. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 4

All documents reflecting any decision-making or discussion surrounding the ranking of the position or positions held by Ms. Gaujacq since January 2000.

### RESPONSE TO REQUEST NO. 4

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request to the extent it reflects inaccurate premises or presumptions. Defendants further object to this Request on the ground that it is ambiguous. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 5

All documents reflecting any decision-making or discussion surrounding any offer made to Ms Gaujacq for any position since January 2003  Please include in response to this request all documents reflecting the job description, all documents reflecting all aspects of compensation (salary, plus all benefits and tax provisions), all documents reflecting the ranking of the position or positions (including all discussions and decision-making as to how the ranking was determined and what factors were considered for the ranking), all documents reflecting any communications with Ms. Gaujacq relating to each position, all documents reflecting who ultimately was offered, and who accepted, each position, including their qualifications, prior ranking within EDF, current compensation, and job description.

### RESPONSE TO REQUEST NO. 5

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request on the ground that it is overbroad and unduly burdensome and calls for documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of French employees of EDF. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 6

All documents reflecting any decision-making and the factors considered in ranking Ms Gaujacq an R-1, but not an R-2 or an R-3. This Request encompasses any decision-making or factors considered in ranking the POSITION held by Ms Gaujacq, as well.

### RESPONSE TO REQUEST NO. 6

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request to the extent it reflects inaccurate premises or presumptions. Defendants further object to this Request on the ground that it is ambiguous. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 7

Documents sufficient to reflect the identity, qualification, compensation, and

rankings of each person holding a General-Delegate or President title in any foreign country (foreign to France) from January 2000 through the present.

## RESPONSE TO REQUEST NO. 7

Defendants object to this Request on the ground that it seeks the same type of documents regarding other French employees of EDF to which the Corporate Defendants previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of a multitude of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee. Defendants further object to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals described therein. Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome.

## REQUEST NO. 8

8

Documents sufficient to reflect the travel schedules of the Chairman of EDF for any travel that included the United States or Canada, from January 2000 through the present.

## RESPONSE TO REQUEST NO 8

Defendants object to this Request on the ground that it is oppressive, vexatious and harassing in that the documents it seeks are not relevant or reasonably calculated to lead to the discovery of admissible evidence  Defendants further object to this Request to the extent it calls for documents related to personal travel on the ground that the disclosure thereof would constitute an unwarranted invasion of the personal privacy of the French employees of EDF described therein  Defendants further object to this Request on the ground that it is unduly burdensome

## REQUEST NO. 9

Documents sufficient to reflect the business travel schedule of Christian Nadal from January 2002 through the present.

## RESPONSE TO REQUEST NO. 9

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests.  Defendants further object to this Request on the ground that it is overbroad in its stated time period  Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist

## REQUEST NO. 10

Documents sufficient to reflect the business travel schedule of Catherine Gaujacq from January 2000 through the present.

## RESPONSE TO REQUEST NO. 10

Defendants object to this Request on the ground that it is duplicative of Plaintiff's

Prior Document Requests. Defendants further object to this Request on the ground that it calls

for documents within the possession, custody or control of Plaintiff. Defendants further object

to this Request on the ground that it is overbroad in its stated time period. Notwithstanding and

without waiving these or any other objections, Defendants will produce non-privileged

documents responsive to this Request in their possession, custody or control, to the extent they

have not previously been produced herein, if any exist.

## REQUEST NO. 11

Documents sufficient to reflect all acquisitions and servicing of computer or
computer-related equipment of EDFINA at any time between January 2000, through the present
This request specifically includes all purchases of computer hardware or software equipment, all
service agreements of any nature relating to computer services or networking, all repair work,
and any donation or destruction of any computers, hardware or software

## RESPONSE TO REQUEST NO. 11

Defendants object to this Request on the ground that it calls for the production of

documents that are not relevant or reasonably calculated to lead to the discovery of admissible

evidence. Defendants further object to this Request on the grounds that it is overbroad and

unduly burdensome. Notwithstanding and without waiving these or any other objections,

Defendants will produce non-privileged documents responsive to this Request in their

possession, custody or control, to the extent they have not previously been produced herein, if

any exist

## REQUEST NO. 12

Documents sufficient to reflect any records kept, of any nature, by anyone, of the
time any employee (EDF or EDFINA) was present in the offices of EDFINA, traveled, worked
from home, was ill, on vacation, or was otherwise out, from January 2000 through the present
This request specifically includes, but is not limited to, Catherine Gaujacq, Christian Nadal,
Adja Ba, Alexandre Audie, Jean Luc Foret, and Benoit Dreux.

## RESPONSE TO REQUEST NO. 12

Defendants object to this Request on the ground that it is duplicative of Plaintiff's

Prior Document Requests. Defendants further object to this Request to the extent it reflects

inaccurate premises or presumptions. Defendants further object to this Request on the ground

that it is ambiguous. Notwithstanding and without waiving these or any other objections,

Defendants will produce non-privileged documents responsive to this Request in their

possession, custody or control, to the extent they have not previously been produced herein, if

any exist.

### REQUEST NO. 13

Documents reflecting any unsuccessful effort to obtain information or
documents from Ms. Gaujacq, at any time while she was President or Vice President of
EDFINA.

### RESPONSE TO REQUEST NO. 13

Defendants object to this Request on the ground that it is duplicative of Plaintiff's

Prior Document Requests. Defendants further object to this Request on the ground that it is

ambiguous. Notwithstanding and without waiving these or any other objections, Defendants

will produce non-privileged documents responsive to this Request in their possession, custody or

control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 14

Copies of all business expense records, including attachments, and record of
payment, for Catherine Gaujacq, Jean Luc Foret, Benoit Dreux and Christian Nadal

### RESPONSE TO REQUEST NO. 14

Defendants object to this Request on the ground that it is duplicative of Plaintiff's

Prior Document Requests. Defendants further object to this Request on the ground that it seeks

documents that are not relevant or reasonably likely to lead to the discovery of admissible

evidence  Notwithstanding and without waiving these or any other objections, Defendants will

produce non-privileged documents responsive to this Request in their possession, custody or

control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 15

Copies of all documents supporting the disapproval/refusal to pay or reimburse, any expenses to Ms, Gaujacq  This request specifically requests the documentation supporting the denial of payment of certain expenses submitted by Ms Gaujacq.

### RESPONSE TO REQUEST NO. 15

Defendants object to this Request on the ground that it is duplicative of Plaintiff's

Prior Document Requests. Defendants further object to this Request on the ground that it is

ambiguous. Notwithstanding and without waiving these or any other objections, Defendants

will produce non-privileged documents responsive to this Request in their possession, custody or

control, to the extent they have not previously been produced herein, if any exist

### REQUEST NO. 16

Copies of all policies and procedures governing EDFINA employees since 2000

### RESPONSE TO REQUEST NO. 16

Defendants object to this Request on the ground that it is duplicative of Plaintiff's

Prior Document Requests. Defendants further object to this Request on the grounds that it is

vague, overbroad and unduly burdensome  Notwithstanding and without waiving these or any

other objections, Defendants will produce non-privileged documents responsive to this Request

in their possession, custody or control, to the extent they have not previously been produced

herein, if any exist.

### REQUEST NO. 17

Copies of any time records kept for any employee, whether EDFINA or EDF, working out of the Washington DC, office at any time from 2001 through the present

### RESPONSE TO REQUEST NO. 17

Defendants object to this Request on the grounds that it is vague, overbroad and unduly burdensome. Defendants further object to this Request on the ground that it calls for documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist

### REQUEST NO. 18

Copies of all interview notes from the audit conducted by EDF of EDFINA in the Summer of 2004.

### RESPONSE TO REQUEST NO. 18

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 19

Copies of any correspondence to or from the auditor conducting the audit by EDF of EDFINA in the summer of 2004, relating in any manner to the audit, or any aspect of the investigation, findings, or implementation of the findings.

### RESPONSE TO REQUEST NO. 19

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Notwithstanding and without waiving these or any other objections,

Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 20

Documents sufficient to reflect the budget for EDFINA for each year from 2000 through the present.

## RESPONSE TO REQUEST NO. 20

Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 21

Documents sufficient to reflect the expenses paid out of the EDFINA budget for each year from 2000 through the present.

## RESPONSE TO REQUEST NO. 21

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests and duplicative of other requests in Plaintiff's Fifth Request for the Production of Documents. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 22

Documents sufficient to reflect whether the budget was met each year (2000 to the present), and if over, the source of funds used to make up the difference, and if less than, what was done with the excess.

## RESPONSE TO REQUEST NO. 22

14

Defendants object to this Request on the ground that it is actually an Interrogatory masquerading as a Document Request, and Plaintiff has exhausted the limit of Interrogatories permitted under the Federal Rules of Civil Procedure. Defendants further object to this Request on the ground that it reflects inaccurate premises or presumptions. Defendants further object to this Request on the ground that it calls for documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 23

Documents sufficient to reflect Mr. Nadal's travel and business appointments from July 2004 through the present. This includes, but is not limited to, calendars, correspondence, time records, expense reports.

## RESPONSE TO REQUEST NO. 23

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests and is duplicative of other requests in Plaintiff's Fifth Request for the Production of Documents. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 24

Documents sufficient to reflect Mr. Nadal's vacation time, and time out of the office, from March 2004 through the present

## RESPONSE TO REQUEST NO. 24

Defendants object to this Request on the ground that it is duplicative of Plaintiff's

Prior Document Requests. Defendants further object to this Request on the ground that it calls for documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 25

Documents sufficient to reflect the compensation paid to Adja Ba, Alexandre Audie, Jean Luc Foret, Benoit Dreux, Georges Servier, Richard Schomberg, and any other employee of EDFINA or EDF employed at EDFINA, during the period January 2001 through the present.

## RESPONSE TO REQUEST NO. 25

Defendants object to this Request on the ground that it seeks the same type of documents regarding other French employees of EDF to which the Corporate Defendants previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning

alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged

inequality in treatment between Plaintiff and any other employee. Defendants further object to

this Request on the ground that it calls for the production of documents the disclosure of which

would constitute an unwarranted invasion of the personal privacy of the individuals described

therein. Defendants further object to this Request to the extent it reflects inaccurate assumptions

or premises. Defendants further object to this Request on the grounds that it is ambiguous, and

that it is overbroad and unduly burdensome

## REQUEST NO. 26

Copies of all drafts and final Expatriatian Contracts, or any other contract
governing the terms and conditions of employment, for Catherine Gaujacq, Christian Nadal,
Benoit Dreux, Jean Luc Foret, Alexandre Audie, Georges Servier, Adja Ba, Richard Schomberg,
and any other employee of EDF employed at EDFINA, or EDFINA employee, from January
2001 through the present.

## RESPONSE TO REQUEST NO. 26

Defendants object to this Request to the extent it seeks documents related to

individuals other than Catherine Gaujacq and Christian Nadal on the ground that it seeks the

same type of documents regarding other French employees of EDF to which the Corporate

Defendants previously objected and which were the subject of a Motion to Compel that the Court

deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider

having been filed by Plaintiff.

Defendants further object to this Request to the extent it seeks documents related

to individuals other than Catherine Gaujacq and Christian Nadal on the ground that it calls for

the production of documents that are not relevant or reasonably calculated to lead to the

discovery of admissible evidence in that (1) it seeks documents regarding actions of a French

company in France with respect to its French employees whereas Plaintiff's claim is a claim of

17

alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee. Defendants further object to this Request to the extent it seeks documents related to individuals other than Catherine Gaujacq and Christian Nadal on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of the individuals described therein. Defendants further object to this Request to the extent it reflects inaccurate premises or presumptions. Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome.

To the extent this Request seeks documents related to Catherine Gaujacq and Christian Nadal, Defendants object thereto on the ground that it is duplicative of Plaintiff's Prior Document Requests. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they are related to Catherine Gaujacq or Christian Nadal and to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 27

Copies of the most current resumes of Christian Nadal, Benoit Dreux, Jean Luc Foret, Alexandre Audie, Georges Servier, Adja Ba, Richard Schomberg, and all other employees employed at EDFINA by EDF, or by EDFINA.

## RESPONSE TO REQUEST NO. 27

Defendants object to this Request to the extent it seeks resumes of individuals other than Defendant Christian Nadal on the ground that it seeks the same type of documents regarding other French employees of EDF to which the Corporate Defendants previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request to the extent it calls for documents related to individuals other than Mr. Nadal on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in that (1) it seeks documents regarding employees of a French company in France whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee. Defendants further object to this Request to the extent it calls for documents related to individuals other than Mr. Nadal on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of the individuals described therein. Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome.

19

Defendants further object to this Request on the ground that it calls for documents in the personal possession of the individuals named therein.

To the extent this Request calls for documents related to Christian Nadal, Defendants object thereto on the ground that it is duplicative of Plaintiff's Prior Document Requests. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they relate to Christian Nadal and to the extent have not previously been produced herein, if any exist.

## REQUEST NO. 28

Copies of all resumes, contracts, and documents sufficient to reflect level of ranking (e.g., R-l, R-2), and all compensation paid, for any individual who accepted any position offered to Ms. Gaujacq during the year 2004 (this request includes up to the present, but limits only to 2004 those positions offered to Ms Gaujacq).

## RESPONSE TO REQUEST NO. 28

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request on the ground that it is overbroad and unduly burdensome and calls for documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of French employees of EDF. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist

## REQUEST NO. 29

Documents sufficient to reflect the activities engaged in with respect to the United

States and Canada on behalf of EDF, during the time Catherine Gaujacq was President of EDFINA.

## RESPONSE TO REQUEST NO. 29

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request on the ground that it is vague and overbroad. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist

## REQUEST NO. 30

Documents sufficient to reflect the activities engaged in with respect to the United States and Canada on behalf of EDF, during the time Christian Nadal was President of EDFINA.

## RESPONSE TO REQUEST NO. 30

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request on the grounds that it is vague and overbroad. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist

## REQUEST NO. 31

Copies of all emails sent or received by Christian Nadal during the period January 2004 through September 2004.

## RESPONSE TO REQUEST NO. 31

Defendants object to this Request on the ground that it is oppressive and vexatious in that it seeks documents beyond and outside the scope of the extensive number of e-mails related to issues in this litigation that were sent or received by this individual and that have already been produced herein in response to Plaintiff's Prior Document Requests.

### REQUEST NO. 32

Copies of all emails sent or received by Jean Luc Foret during the period January 2004 through September 2004.

### RESPONSE TO REQUEST NO. 32

Defendants object to this Request on the ground that it is oppressive and vexatious in that it seeks documents beyond and outside the scope of the extensive number of e-mails related to issues in this litigation that were sent or received by this individual and that have already been produced herein in response to Plaintiff's Prior Document Requests.

### REQUEST NO. 33

Copies of all emails sent or received by Benoit Dreux during the period January 2004 through September 2004.

### RESPONSE TO REQUEST NO. 33

Defendants object to this Request on the ground that it is oppressive and vexatious in that it seeks documents beyond and outside the scope of the extensive number of e-mails related to issues in this litigation that were sent or received by this individual and that have already been produced herein in response to Plaintiff's Prior Document Requests.

### REQUEST NO. 34

Copies of all emails sent or received by Alexandre Audie during the period January 2004 through September 2004.

### RESPONSE TO REQUEST NO. 34

Defendants object to this Request on the ground that it is oppressive and vexatious in that it seeks documents beyond and outside the scope of the extensive number of e-mails related to issues in this litigation that were sent or received by this individual and that have already been produced herein in response to Plaintiff's Prior Document Requests.

## REQUEST NO. 35

Copies of all emails sent or received by Adja Ba during the period January 2004 through September 2004.

## RESPONSE TO REQUEST NO. 35

Defendants object to this Request on the ground that it is oppressive and vexatious in that it seeks documents beyond and outside the scope of the extensive number of e-mails related to issues in this litigation that were sent or received by this individual and that have already been produced herein in response to Plaintiff's Prior Document Requests.

## REQUEST NO. 36

Copies of all emails sent or received by Catherine Gaujacq during the period January 2004 through September 2004.

## RESPONSE TO REQUEST NO. 36

Defendants object to this Request on the ground that it is oppressive and vexatious in that it seeks documents beyond and outside the scope of the extensive number of e-mails related to issues in this litigation that were sent or received by this individual and that have already been produced herein in response to Plaintiff's Prior Document Requests. Defendants further object to this Request on the ground that it calls for documents in the possession, custody or control of the Plaintiff.

## REQUEST NO. 37

Copies of all notes taken during any interviews relating to any investigation of

this action.

## RESPONSE TO REQUEST NO. 37

Defendants object to this Request on the ground that it seeks documents that are

protected from disclosure by the work product doctrine and/or the attorney-client privilege.

## REQUEST NO. 38

Copies of all documents EDF, EDFINA or Mr. Nadal contend were not provided by Ms. Gaujacq that had to be re-created or obtained through other, non-EDF and non-EDFINA sources

## RESPONSE TO REQUEST NO. 38

Defendants object to this Request on the ground that it is actually an Interrogatory

masquerading as a Document Request, and Plaintiff has already exhausted the limit of

Interrogatories permitted under the Federal Rules of Civil Procedure. Defendants further object

to this request on the ground that it is duplicative of Plaintiff's Prior Document Requests.

Notwithstanding and without waiving these or any other objections, Defendants will produce

non-privileged documents responsive to this Request in their possession, custody or control, to

the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 39

Copies of all telephone records for EDFINA, including all telephone lines and cell phones, for the period February 2004 through September 2004.

## RESPONSE TO REQUEST NO. 39

Defendants object to this Request on the ground that it calls for documents that

are not relevant or reasonably likely to lead to the discovery of admissible evidence. Defendants

further object to this Request on the ground that it is overbroad. Notwithstanding and without

waiving these or any other objections, Defendants will produce non-privileged documents

responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 40

Copies of all expense reports for Jean Luc Foret, Christian Nadal, Benoit Dreux, Georges Servier and Alexandre Audie for the period 2004- present.

## RESPONSE TO REQUEST NO. 40

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request on the ground that it calls for documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist

## REQUEST NO. 41

Copies of all documents upon which you rely in contesting the opinions of Dr. Liza Gold or Neil Demchick, Plaintiff s expert witnesses  In other words, this request seeks documents supporting any contention by you that the reports of Dr Gold or Mr. Demchick are inaccurate or otherwise prove or disprove all facts assumed, in particular, by Mr. Demchick in providing his report.

## RESPONSE TO REQUEST NO. 41

Defendants will produce documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 42

Copies of all checks prepared at the direction of Catherine Gaujacq during the period June 1, 2004 through July 2004.

## RESPONSE TO REQUEST NO. 42

Defendants object to this Request on the ground that it calls for documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 43

Documents sufficient to reflect any documentation supporting the contention by EDF, EDFINA or Mr. Nadal that Ms. Gaujacq engaged in any wrongdoing while employed as the President or Vice President of EDFINA.

## RESPONSE TO REQUEST NO. 43

Defendants object to this Request on the ground that it is actually an Interrogatory masquerading as a Document Request, and Plaintiff has already exhausted the limit of Interrogatories permitted under the Federal Rules of Civil Procedure. Defendants further object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request to the extent it reflects inaccurate premises or presumptions. Defendants further object to this Request on the ground that it is ambiguous. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 44

Documents sufficient to reflect all R-1, R-2 and R-3 ranked employees of EDF in foreign countries during the period 2002 through the present, their qualifications, their compensation, and the factors considered in determining the ranking of R-1, R-2 or R-3

## RESPONSE TO REQUEST NO. 44