Defendants object to this Request on the ground that it seeks the same type of documents regarding other French employees of EDF to which the Corporate Defendants previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of a multitude of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee Defendants further object to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals described therein. Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome.

### REQUEST NO. 45

Documents reflecting all R-1, R-2 and R-3 positions which opened up at EDF or were available during the period April 1, 2004 through the present. For each such position, please provide the job description (or mission), the qualifications for the position, the resume or

qualifications of the person filling the position, the compensation provided to the individual from the time of filling the position through the present.

## RESPONSE TO REQUEST NO. 45

Defendants object to this Request on the ground that it seeks the same type of documents regarding other French employees of EDF to which the Corporate Defendants previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of a multitude of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee Defendants further object to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals described therein. Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome

## REQUEST NO. 46

To the extent not previously provided, documents relating to the facts and issues of this litigation.

### RESPONSE TO REQUEST NO. 46

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 47

All documents provided in response to any third party subpoena or other request.

### RESPONSE TO REQUEST NO. 47

Defendants will produce documents responsive to this Request in their possession, custody or control to the extent they have not previously been produced herein and to the extent they have not previously been produced to Plaintiff, if any exist

### REQUEST NO. 48

All documents relating in any manner to, including supporting or disputing, the financial data and calculations of Neil Demchick.

### RESPONSE TO REQUEST NO. 48

Defendants object to this Request on the ground that it is vague and overbroad. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist

### REQUEST NO. 49

All communications between ENTERGY and EDF, EDFINA, or Mr. Nadal relating in any manner to Catherine Gaujacq.

## RESPONSE TO REQUEST NO. 49

Defendants will produce documents responsive to this Request in their possession, custody or control to the extent they have not previously been produced herein and to the extent Plaintiff's counsel has not previously been copied on such correspondence, if any exist.

## REQUEST NO. 50

All documents supporting or otherwise relied upon by EDF in preparing the Employment Letter of Catherine Gaujacq, Plaintiffs Bate Stamp No. 000161 – 65.

## RESPONSE TO REQUEST NO. 50

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist

## REQUEST NO. 51

Copies of all pay stubs for Catherine Gaujacq from 2000 through the present, including documents providing a "key" for each item included in the pay stub, and documents supporting the basis for including such amounts in the pay stubs.

## RESPONSE TO REQUEST NO. 51

Defendants object to this Request on the ground that it is actually an Interrogatory masquerading as a Document Request, and Plaintiff has exhausted the limit of Interrogatories permitted under the Federal Rules of Civil Procedure. Defendants further object to this Request on the ground that it seeks documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence Notwithstanding and without waiving these or any other

objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 52

Documents reflecting the reason no W-2 or 1099 was provided for Catherine Gaujacq for 2005

### RESPONSE TO REQUEST NO. 52

Defendants object to this Request on the ground that it is actually an Interrogatory masquerading as a Document Request, and Plaintiff has exhausted the limit of Interrogatories permitted under the Federal Rules of Civil Procedure. Defendants further object to this Request on the ground that it seeks documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 53

Documents relating to the qualifications, compensation, contracts, and job responsibilities or missions, of Richard Schomberg.

### RESPONSE TO REQUEST NO. 53

Defendants object to this Request on the ground that it seeks the same type of documents regarding other French employees of EDF to which the Corporate Defendants previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employee named therein whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; and (2) it seeks documents regarding the treatment of another EDF employee whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee. Defendants further object to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of the individual described therein. Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome.

## REQUEST NO. 54

Documents reflecting all persons terminated for "destruction" of EDF property, including specifically for erasing any data on their computers.

## RESPONSE TO REQUEST NO. 54

Defendants object to this Request on the ground that it seeks the same type of documents regarding other French employees of EDF to which the Corporate Defendants previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of

admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee. Defendants further object to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals described therein Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome.

### REQUEST NO. 55

Documents reflecting EDF and EDFINA policy and practice respecting the treatment of confidential or proprietary information.

### RESPONSE TO REQUEST NO. 55

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests Defendants further object to this Request on the ground that it is vague, overbroad and unduly burdensome.

Defendants further object to this Request to the extent it seeks documents regarding the "practice" described therein on the ground that (1) it seeks documents regarding actions of a French company in France with respect to its practices affecting aspects of the workplace in France applicable to its French employees whereas Plaintiff's claim is a claim of

alleged discrimination under United States laws and not a claim of discrimination under French law; and (2) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee.

Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they relate to "policy" as described therein and to the extent have not previously been produced herein, if any exist.

## REQUEST NO. 56

Documents reflecting EDF and EDFINA policy and practice respecting the collection of computers and computer information for each employee transferring to another position.

## RESPONSE TO REQUEST NO. 56

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request on the ground that it is vague, overbroad and unduly burdensome.

Defendants further object to this Request to the extent it seeks documents regarding the "practice" described therein on the ground that (1) it seeks documents regarding actions of a French company in France with respect to its practices affecting aspects of the workplace in France applicable to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; and (2) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment

between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee

Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, except to the extent they relate to "practice" as described therein, and to the extent have not previously been produced herein, if any exist.

## REQUEST NO. 57

Documents reflecting all employees of EDF terminated by EDF because of their refusal of a job position or positions, including the qualifications of each such employee, their ranking, the position or positions offered, the reasons for refusal and the communications relating to the termination.

## RESPONSE TO REQUEST NO. 57

Defendants object to this Request on the ground that it seeks the same type of documents regarding other French employees of EDF to which the Corporate Defendants previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of

other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee  Defendants further object to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals described therein.  Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome.

## REQUEST NO. 58

Documents reflecting EDF policy, practice and procedures relating to discrimination and retaliation.

## RESPONSE TO REQUEST NO. 58

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests  Defendants further object to this Request to the extent it seeks French statutes applicable to employment in the electric industry in France on the ground that such legal material is publicly available and not in the possession of Defendants.  Defendants further object to this Request on the ground that it is vague, overbroad and unduly burdensome.

Defendants further object to this Request to the extent it seeks documents regarding the "practice" described therein on the ground that (1) it seeks documents regarding actions of a French company in France with respect to its practices affecting aspects of the workplace in France applicable to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; and (2) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment

between Plaintiff and any other employee.

Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, except to the extent they relate to "practice" as described therein, and to the extent have not previously been produced herein, if any exist.

## REQUEST NO. 59

Documents reflecting EDF policy, practice and procedures relating to terminating employees from EDF.

## RESPONSE TO REQUEST NO. 59

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request to the extent it seeks French statutes applicable to employment in the electric industry in France on the ground that such legal material is publicly available and not in the possession of Defendants. Defendants further object to this Request on the ground that it is vague, overbroad and unduly burdensome.

Defendants further object to this Request to the extent it seeks documents regarding the "practice" described therein on the ground that (1) it seeks documents regarding actions of a French company in France with respect to its practices affecting aspects of the workplace in France applicable to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; and (2) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee.

Notwithstanding and without waiving these or any other objections, Defendants

will produce non-privileged documents responsive to this Request in their possession, custody or

control, except to the extent they relate to "practice" as described therein, and to the extent have

not previously been produced herein, if any exist.

## REQUEST NO. 60

Documents reflecting the calculations of Catherine Gaujacq's retirement/pension based upon the termination of Ms Gaujacq, including the specific documents supporting the calculations.

## RESPONSE TO REQUEST NO. 60

Defendants will produce documents responsive to this Request in their

possession, custody or control to the extent they have not previously been produced herein, if

any exist.

## REQUEST NO. 61

Documents reflecting the calculations of Catherine Gaujacq's retirement/pension in the event Ms, Gaujacq had worked at EDF until age 58.

## RESPONSE TO REQUEST NO. 61

Defendants will produce documents responsive to this Request in their

possession, custody or control to the extent they have not previously been produced herein, if

any exist

## REQUEST NO. 62

Documents reflecting all employees terminated by EDF who had more than 23 years of experience with EDF at the time of the termination. Please include the qualifications, ranking and compensation of the individuals, and all documents reflecting the reasons for the termination, including the communication of the termination.

## RESPONSE TO REQUEST NO. 62

Defendants object to this Request on the ground that it seeks the same type of

documents regarding other French employees of EDF to which the Corporate Defendants

previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee. Defendants further object to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals described therein. Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome.

### REQUEST NO. 63

Documents reflecting all EDF employees who were requested to return to France prior to the expiration of their contracts.

### RESPONSE TO REQUEST NO. 63

Defendants object to this Request on the ground that it seeks the same type of documents regarding other French employees of EDF to which the Corporate Defendants

previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee. Defendants further object to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals described therein. Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome.

### REQUEST NO. 64

Documents reflecting all R-1, R-2 and R-3 EDF employees who have worked more than 6 months in a position without a written mission statement or position description

### RESPONSE TO REQUEST NO. 64

Defendants object to this Request on the ground that it seeks the same type of documents regarding other French employees of EDF to which the Corporate Defendants

previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee. Defendants further object to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals described therein. Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome

## REQUEST NO. 65

Documents sufficient to reflect all reasons why no mission statement has been issued for Christian Nadal for his position in the United States

## RESPONSE TO REQUEST NO. 65

Defendants object to this Request on the ground that it is actually an Interrogatory masquerading as a Document Request, and Plaintiff has exhausted the limit of Interrogatories

41

permitted under the Federal Rules of Civil Procedure  Defendants further object to this Request on the ground that it seeks documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence.  Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 66

Documents relating in any manner to Christian Nadal's mission in the United States

### RESPONSE TO REQUEST NO. 66

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests.  Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist

### REQUEST NO. 67

Documents specifically reflecting the factors considered in ranking an EDF employee R-l, R-2 or R-3.

### RESPONSE TO REQUEST NO. 67

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests.  Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 68

Documents specifically applying the factors considered in ranking an EDF employee R-1, R-2 or R-3.

### RESPONSE TO REQUEST NO. 68

Defendants object to this Request on the ground that it is unintelligible Defendants further object to this Request on the ground that it is duplicative of Request No. 67 and hereby incorporate herein their objections and response thereto.

### REQUEST NO. 69

Documents specifically reflecting all reasons considering and discussion in ranking Catherine Gaujacq R-3.

### RESPONSE TO REQUEST NO. 69

Defendants object to this Request on the ground that it is actually an Interrogatory masquerading as a Document Request, and Plaintiff has exhausted the limit of Interrogatories permitted under the Federal Rules of Civil Procedure. Defendants further object to this Request on the ground that it seeks documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 70

Documents specifically reflecting any consideration of Catherine Gaujacq to be ranked R-2 or R-1 at any time

### RESPONSE TO REQUEST NO. 70

Defendants object to this Request on the ground that it is actually an Interrogatory masquerading as a Document Request, and Plaintiff has exhausted the limit of Interrogatories

permitted under the Federal Rules of Civil Procedure. Defendants further object to this Request

on the ground that it seeks documents that are not relevant or reasonably likely to lead to the

discovery of admissible evidence. Notwithstanding and without waiving these or any other

objections, Defendants will produce non-privileged documents responsive to this Request in

their possession, custody or control, to the extent they have not previously been produced herein,

if any exist

## REQUEST NO. 71

Documents reflecting all women ranked R-1, R-2 and R-3, their qualifications,
their compensation, how they compare to males of the same rank, and documents supporting the
reasons for differing compensation, if any.

## RESPONSE TO REQUEST NO. 71

Defendants object to this Request on the ground that it seeks the same type of

documents regarding other French employees of EDF to which the Corporate Defendants

previously objected and which were the subject of a Motion to Compel that the Court deemed

withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been

filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the

production of documents that are not relevant or reasonably calculated to lead to the discovery of

admissible evidence in that (1) it seeks documents regarding actions of a French company in

France with respect to its French employees whereas Plaintiff's claim is a claim of alleged

discrimination under United States laws and not a claim of discrimination under French law; (2)

it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a

claim of alleged individual discrimination and not a claim of a pattern or practice of

discrimination directed to other employees; and (3) it seeks documents regarding the treatment of

44

other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning

alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged

inequality in treatment between Plaintiff and any other employee. Defendants further object to

this Request on the ground that it calls for the production of documents the disclosure of which

would constitute an unwarranted invasion of the personal privacy of any such individuals

described therein. Defendants further object to this Request on the grounds that it is ambiguous,

and that it is overbroad and unduly burdensome.

### REQUEST NO. 72

Documents reflecting all EDF employees who operated under an oral agreement
or extension of any expatriation contract or other contract.

### RESPONSE TO REQUEST NO. 72

Defendants object to this Request on the ground that it seeks the same type of

documents regarding other French employees of EDF to which the Corporate Defendants

previously objected and which were the subject of a Motion to Compel that the Court deemed

withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been

filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the

production of documents that are not relevant or reasonably calculated to lead to the discovery of

admissible evidence in that (1) it seeks documents regarding actions of a French company in

France with respect to its French employees whereas Plaintiff's claim is a claim of alleged

discrimination under United States laws and not a claim of discrimination under French law; (2)

it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a

claim of alleged individual discrimination and not a claim of a pattern or practice of

discrimination directed to other employees; and (3) it seeks documents regarding the treatment of

previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request to the extent it seeks documents regarding the compensation of individuals other than Defendant Nadal on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee. Defendants further object to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals described therein. Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome. Defendants further object to this Request on the ground that it is premature in that Defendants have not yet determined who they will call as witnesses at trial.

To the extent this Request calls for documents regarding the compensation of Defendant Nadal, Defendants object thereto on the ground that it is duplicative of Plaintiff's

Prior Document Requests. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they relate to Defendant Nadal and to the extent they have not previously been produced herein, if any exist.

## REQUEST NO. 76

Documents reflecting the financial benefits received or realized by EDF for any work conducted on behalf of EDFINA, during the period January 2000 through the present

## RESPONSE TO REQUEST NO. 76

Defendants object to this Request on the ground that it is actually an Interrogatory masquerading as a Document Request, and Plaintiff has exhausted the limit of Interrogatories permitted under the Federal Rules of Civil Procedure. Defendants further object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the ground that it seeks documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist

## REQUEST NO. 77

Copies of all end of year financial reports for EDF and each of its subsidiaries, affiliates or partners, for each year from 2001 through the present.

## RESPONSE TO REQUEST NO. 77

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request to the extent it calls for documents relating to any entity other than EDF on the grounds that it is ambiguous, overbroad

and unduly burdensome. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they relate to EDF and to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 78

Documents sufficient to provide a listing of all subsidiaries, affiliates or partners of EDF for each year from 2001 through the present.

### RESPONSE TO REQUEST NO. 78

Defendants object to this Request on the ground that it is duplicative of Plaintiff's Prior Document Requests. Defendants further object to this Request on the ground that it is ambiguous. Notwithstanding and without waiving these or any other objections, Defendants will produce non-privileged documents responsive to this Request in their possession, custody or control, to the extent they have not previously been produced herein, if any exist.

### REQUEST NO. 79

Documents sufficient to reflect the rankings of each person heading (e.g. President, Chairman, etc.) each subsidiary or affiliate, and their qualifications and compensation for each year beginning January 2000 through the present.

### RESPONSE TO REQUEST NO. 79

Defendants object to this Request on the ground that it seeks the same type of documents regarding other French employees of EDF to which the Corporate Defendants previously objected and which were the subject of a Motion to Compel that the Court deemed withdrawn by order dated March 10, 2006, with no subsequent motion to reconsider having been filed by Plaintiff.

Defendants further object to this Request on the ground that it calls for the production of documents that are not relevant or reasonably calculated to lead to the discovery of

admissible evidence in that (1) it seeks documents regarding actions of a French company in France with respect to its French employees whereas Plaintiff's claim is a claim of alleged discrimination under United States laws and not a claim of discrimination under French law; (2) it seeks documents regarding categories of other EDF employees whereas Plaintiff's claim is a claim of alleged individual discrimination and not a claim of a pattern or practice of discrimination directed to other employees; and (3) it seeks documents regarding the treatment of other EDF employees whereas Plaintiff's claim is a claim of alleged discrimination concerning alleged inequality in treatment between Plaintiff and Defendant Nadal and not a claim of alleged inequality in treatment between Plaintiff and any other employee. Defendants further object to this Request on the ground that it calls for the production of documents the disclosure of which would constitute an unwarranted invasion of the personal privacy of any such individuals described therein. Defendants further object to this Request on the grounds that it is ambiguous, and that it is overbroad and unduly burdensome.

Dated: June 5, 2006

HOGUET NEWMAN & REGAL, LLP

By:_____ /s/_____

Dorothea W. Regal, D.C. Bar No. NY0064
10 East 40th Street
New York, New York 10016
(212) 689-8808

*Counsel for Defendants Electricité de France, S.A. and Electricité de France International North America, Inc*

STEPTOE & JOHNSON, LLP

51

By:_____/s/_____
Morgan D. Hodgson, D.C. Bar No. 186521
David A. Clark, D.C. Bar No. 473279
1330 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 429-3000

*Counsel for Defendant Christian Nadal*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing RESPONSE OF DEFENDANTS TO PLAINTIFF'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS by electronic mail upon the counsel below, pursuant to the agreement of counsel for all parties to accept service by such method, on June 5, 2006:

Elaine Charlson Bredehoft (ebredehoft@charlsonbredehoft.com)
Kathleen Z. Quill (kquill@charlsonbredehoft com)
CHARLSON BREDEHOFT & COHEN, P C.
11260 Roger Bacon Drive
Suite 201
Reston, Virginia 20190
(703) 318-6800

Counsel for Plaintiff


Morgan D. Hodgson (mhodgson@steptoe.com)
David A. Clark (dclark@steptoe.com)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

Counsel for Defendant Christian Nadal


_____/s/_____
DOROTHEA W. REGAL