*Attachment 24*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV0969 (HHK) |
| | ) | |
| ELECTRICITE DE FRANCE | ) | |
| INTERNATIONAL NORTH AMERICA, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION BY CARLA D. BROWN

1)      I am a member of the Bar of this Court and an associate of the law firm of Charlson, Bredehoft & Cohen, P.C., attorneys for Catherine Gaujacq. I make this declaration for the purpose of describing the basis for Ms. Gaujacq's request to reopen and continue discovery and to describe the additional information Ms. Gaujacq would seek to support her claims in opposition to Defendants' Motions for Summary Judgment and at trial.

2)      Sometime near the beginning of 2008, Ms. Gaujacq discovered EDF's August 10, 2007 Form 6-K filed with the Securities and Exchange Commission ("SEC"), which described the sale of EDF's Argentine subsidiary and the branch where Defendant Christian Nadal was previously employed.

3)      Through the Form 6-K, we discovered the criminal investigation against EDENOR and the financial troubles and losses EDENOR suffered following Mr. Nadal's appointment, which we have reason to suspect resulted from Mr. Nadal's tenure in Argentina.

4)      The information Ms. Gaujacq requests relates to the qualifications and performance of the person EDF chose as the comparator to her, Mr. Nadal, and relates to all aspects of her

discrimination, Equal Pay, and retaliations claims. The information also relates to Defendants' defenses – that Mr. Nadal was more qualified than Ms. Gaujacq, that Mr. Nadal's performance record was far superior to that of Ms. Gaujacq justifying his significantly higher ranking, higher pay, greater budget and the replacement of Ms. Gaujacq in the United States at EDFINA by Mr. Nadal because of his superior financial connections and ambassador qualities.

     5)    The information sought would be relevant to Ms. Gaujacq's position that the proffered reasons for her demotion and ultimate termination were pretextual in comparison to how EDF handled Mr. Nadal's departure from his earlier position in Argentina.

     6)    If the Court reopened discovery in this matter, Ms. Gaujacq would request that Defendant Nadal respond fully and completely to Plaintiff's First Request for Production of Documents Nos. 21 and 22 and Defendant EDF respond fully and completely to Plaintiff's Fourth Request for Production of Documents Nos. 22, 25 and 30.

     7)    Ms. Gaujacq would also request that the depositions of Mr. Nadal, individually and as the corporate designee of EDF, and Yann Laroche, individually and as the corporate designee EDF, be continued to explore the newly learned information, including Mr. Nadal's work in Argentina, the criminal proceedings, and the financial mismanagement and losses, and to inquire into the comparisons between Ms. Gaujacq and Mr. Nadal in light of the new information.

     Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

May 19, 2008
_____
Date

Carla Brown
_____
Carla Brown

2