## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CATHERINE GAUJACQ,        )
    Plaintiff,        )
           )
           )
      v.        )        No. 1:05CV0969 (HHK)
           )
ELECTRICITE DE FRANCE        )
INTERNATIONAL NORTH AMERICA,        )
INC. and        )
           )
ELECTRICITE DE FRANCE, S.A. and        )
           )
CHRISTIAN NADAL,        )
    Defendants.        )

## MOTION TO STAY BILL OF COSTS
## OF DEFENDANTS ELECTRICITE DE FRANCE INTERNATOINAL NORTH
## AMERICA, INC. AND ELECTRICITE DE FRANCE, S.A.

Plaintiff, Catherine Gaujacq, by counsel, hereby moves this Court, pursuant to Fed. R.

Civ. P. 12(f) and Local Rule 54(D)(2), for an Order staying the Bill of Costs filed by Defendants

Electricite De France International North America, Inc. and Electricite De France, S.A.,

(collectively "Defendants") or, in the alternative, sustaining her objections to the Defendants'

Bill of Costs.

The grounds for this Motion are set forth in the attached Memorandum.

September 19, 2008        Respectfully submitted,

        /s/ ELAINE CHARLSON BREDEHOFT

        Elaine Charlson Bredehoft, D.C. Bar No. 441425
        Carla D. Brown, D.C. Bar No. 474097
        Kathleen Z. Quill, D.C. Bar No. 489079
        CHARLSON BREDEHOFT & COHEN, P.C.
        11260 Roger Bacon Drive, Suite 201
        Reston, Virginia 20190
        (703) 318-6800
        (703) 318-6808 (facsimile)
        *Counsel for Plaintiff,*
          *Catherine Gaujacq*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September 2008, a copy of the foregoing Motion to Strike and Objections to Bill of Costs of Defendants Electricite De France International North America, Inc. and Electricite De France, S.A. was filed electronically via ECF and mailed via first class mail, postage prepaid, to:

> Laura B. Hoguet, Esq.
> Dorothea W. Regal, Esq.
> HOGUET NEWMAN & REGAL, LLP
> 10 East 40[th] Street
> New York, NY 20016
>
> *Counsel for Defendants EDF, SA*
> *and EDFINA*
>
> Morgan D. Hodgson, Esq.
> David A. Clark, Esq.
> 1330 Connecticut Avenue, N.W.
> Washington, D.C. 20036
>
> *Counsel for Defendant Christian Nadal*


> /s/ ELAINE CHARLSON BREDEHOFT
> _____
> Elaine Charlson Bredehoft
> D.C. Bar No. 441425
> Carla D. Brown
> D.C. Bar No. 474097
> Kathleen Z. Quill
> D.C. Bar No. 489079
> CHARLSON BREDEHOFT & COHEN, P.C.
> 11260 Roger Bacon Drive, Suite 201
> Reston, Virginia 20190
> (703) 318-6800
> (703) 318-6808 (facsimile)
>
> *Counsel for Plaintiff,*
> *Catherine Gaujacq*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV0969 (HHK) |
| ) | |
| ELECTRICITE DE FRANCE ) | |
| INTERNATIONAL NORTH AMERICA, ) | |
| INC. and ) | |
| ) | |
| ELECTRICITE DE FRANCE, S.A. and ) | |
| ) | |
| CHRISTIAN NADAL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO STAY
## BILL OF COSTS OF DEFENDANTS ELECTRICITE DE FRANCE
## INTERNATIONAL NORTH AMERICA, INC. AND ELECTRICITE DE FRANCE, S.A.

Plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), by counsel, moves to stay and objects to the Bill of Costs filed by Defendants Electricite De France International North America, Inc. and Electricite De France, S.A. (collectively "Defendants").

### PROCEDURAL BACKGROUND

Defendants' Motion for Summary Judgment was argued before this Court on May 30, 2008. On August 21, 2008, Judge Kennedy issued an Order which granted Defendants' Motion for Summary Judgment, together with a Memorandum Opinion. Defendants filed their Bill of Costs on September 10, 2008. On September 11, 2008, Plaintiff filed her Notice of Appeal (Attachment 1).

## ARGUMENT

### I.    Defendants' Bill of Costs Should be Stricken or Stayed as Premature

Pursuant to Rule 54.1(d) of the U.S. District Court for the District of Columbia Local

Rules:

> The Clerk shall tax costs after the judgment has become final or at such earlier time as
> the parties may agree or the Court may order. A judgment is final when the time for
> appeal has expired and no appeal has been taken, or when the court of appeals issues its
> mandate.

U.S. District Ct. Rules for the District of Columbia LCvR 54.1(c).

Plaintiff filed her Notice of Appeal on September 11, 2008. *See* Attachment 1. "Local

Civil Rule 54.1(c) contemplates that, where a notice of appeal has been filed, the costs will not

be 'taxed' until 'the court of appeals issues its mandate.'" *Long v. Howard Univ.*, 561 F. Supp.

2d 85, 96 (D.D.C. 2008) (determining the amount of costs to be taxed, but staying the taxation of

such costs until the appeal was resolved). Because the judgment for which Defendants seek

costs is not final, costs should not be taxed.

### II.    Defendants Claim Costs that are Not Taxable

In their Bill of Costs, Defendants claim costs related to court fees, process server fees,

deposition transcripts, witness fees, exemplification and copying, interpreter services and $300 in

other copying costs. Plaintiff objects to Defendants' calculation of costs related to deposition

transcripts (Exhibit C attached to Defendants' Bill of Costs ("Def. Exh. C")), exemplification

and copying (Def. Exh. E), interpreter services (Def. Exh. F) and the $300 in other copying costs.

#### A.    Deposition Transcripts

Pursuant to DC Local Rule 54.1(d)(6), "the costs, at the reporter's **standard rate**, of the

original and one copy of any deposition noticed by the prevailing party, and of one copy of any

deposition noticed by any other party, if the deposition was used on the record, at a hearing or

2

trial" are costs taxable by the clerk. It is well recognized that additional charges for rush or expedited transcripts are not taxable. *See Johnson v. Holway*, 522 F. Supp. 2d 12, 15-16 (D.D.C. 2007) ("conceding that 'extra or special transcript services' are not reimbursable" and taxing only standard rates); *OAO Alfa Bank v. Ctr. for Pub. Integrity*, 2006 U.S. Dist. LEXIS 29000, *13 (D.D.C. May 12, 2006) (stating that there is "broad consensus" that "court reporter fees for features requested for the convenience of counsel -- minuscript, ASCII copies, indices, and diskettes, for example" are not recoverable); *Bell v. Gonzales*, 2006 U.S. Dist. LEXIS 69415, *5-6 (D.D.C. Sept. 27, 2006) (charge for expedited receipt of deposition transcript and other "fees for features requested for the convenience of counsel" not taxable).

Except with regard to their costs related to the depositions of Ms. Ba and Mr. Audie, Defendants have claimed costs above and beyond the reporter's standard rate, including expedited delivery, real-time hook-up, obtaining a same day draft, obtaining an ASCII file, and/or obtaining a condensed transcript and word index.[1] Contrary to Defendants' calculations, the costs that may be taxed are as follows:

| Deposition Witness and Date | Standard Rate per page | Transcript Costs | Exhibits | Total |
|---|---|---|---|---|
| Yann LaRoche (4/21/2006) | 4.50* | 540.00 | 45.60 | 585.60 |
| Patrick de Botherel (3/23/2006) | 2.65 | 612.15 | 18.50 | 630.65 |
| Christian Nadal (4/4/2006 & 4/5/2006) | 2.00**[2] | 1,094.00 | 0 | 1,094.00 |
| Mame Bawo Ba (4/17/2006) | 2.00 | 466.00 | 0 | 466.00 |
| Alexandre Audie (4/25/2006) | 2.00 | 338.00 | 0 | 338.00 |
| Catherine Gaujacq (6/2/2006) | 3.80** | 627.00 | 0 | 330.00 |
| Phillipe Gaujacq (6/2/2006) | 3.80** | 292.60 | 0 | 292.60 |
| | | | | 3736.85 |

---

[1] Because the numbers on the attached invoices do not clearly match the amount claimed by Defendants, it is unclear which extra costs Defendants are requesting be taxed.

[2] ** For Platt & Dawson's standard rates of $3.80 for the attorney taking the deposition (original and one copy) and $2.00 for all other attorneys (one copy), please *see* Attachment 2, Platt & Dawson, Inc., Attorney Rate Schedule, dated January 25, 2006.

Defendants are, therefore, only entitled to deposition costs of $3,736.85 (not $5,561.91 as claimed).

        B.     <u>Exemplification and Copies</u>

             1      Translation Services

Although fees for interpreters are mentioned in both Local Rule 54.1(d) and 17 USC § 1920, fees for the translation of exhibits are not specifically allowed [3] Accordingly, fees in the amount of $575.00, charged to Defendants by The Trustforte Corporation for translation services (*see* Def. Exh. E), should not be taxed. Even if these costs were to be taxed, they should be taxed at the standard rates for a total of $360.00, rather than an expedited or rush service rate as shown in the bills attached to Defendants' bill of costs. *See* Attachment 3, E-mail from Trustforte Language Services; *see also* Section II A, *supra*

             2.      Copies

Pursuant to DC Local Rule 54.1(d)(8), the Clerk may tax "costs of copying those **exhibits** which are introduced into evidence, are used for impeachment, or are **filed with the Clerk**" While costs of copying necessary for filing and scanning the exhibits filed with the Court in conjunction with Defendants' summary judgment motion may be taxed by the clerk, costs for extra copies not required by the Court, costs for tabs, costs of binding and costs for CD duplication are not taxable. *See* U.S. District Ct. Rules for the District of Columbia LCvR 54.1(d); *see also Johnson*, 522 F.Supp.2d at 20-21 (cost of tabs and binders not allowable);

---

[3] *See* DC Local Rule 54.1(d)(12) ("fees of Court-appointed experts, fees of interpreters used at a trial or hearing, and fees and expenses of special interpretation services under *28 U.S.C. § 18*"); 17 USC § 1920(6) ("Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title")

*Jinks-Umstead v. England*, 2006 U.S. Dist. LEXIS 84652, *2 (D.D.C. Nov. 21, 2006) (finding no authority for taxing costs of binders and tabs).

The bill from LEX Business Solutions, attached to Defendants Bill of Costs at Def. Exh. E, reflects 7 copies of 3,589 originals, 6 CDs, 2 different types of tabs and 2 different types of binding. It also reflects the scanning of 4,000 documents. However, Ms. Hoguet's Declaration, attached to Defendants' Bill of Costs, states Defendants are requesting the costs related to 352 pages of exhibits filed with the court, scanning of the exhibits and 3 copies of the Bulky Exhibits filed with the clerk, chambers and Plaintiff. *See* Hoguet Decl. at 4. It is unclear how many pages Defendants are claiming were necessarily copied and/or scanned, thereby being taxable. However, if the number is 352, then three[4] copies would be $158.40 (3 x $52.80) and scanning would cost $52.80 ($0.15 per page) for a total of $211.20. However, Defendants have claimed $3,004.56 for copies and $600.00 for scanning. *See* Hoguet Decl. at 3.

If one looks at the LEX Business Solutions' invoice (Def. Exh. E), it records 3,589 originals. While this would presumably include documents in addition to the exhibits, 3 copies of these originals (excluding tabs and binders) would cost $1,615.05. Because the invoice lists only 3,589 originals, it is difficult to understand why there is a charge for scanning 4,000 documents. Moreover, the bulky exhibits and exhibits filed under seal could not be filed electronically. *See* Hoguet Decl. at 4; *see also* Attachment 4, Notice of Bulky Exhibits, Attachment 5, Notice Regarding Filing of Sealed Material. Consequently, scanning was unnecessary for a majority of the documents and a $600 cost for scanning 4000 documents is not

---

[4]  Local Rule 54.1(d) provides for taxation of costs only for exhibits filed with the clerk, not those filed with chambers and served upon plaintiff. However, since Defendants were required by the Court to file a copy with chambers and serve another copy on plaintiff, these costs may be taxable as well.

taxable. Because LEX Business Solutions charges the same rate per page for scanning as it does for copying and because the exhibits were only filed in paper format if they could not be scanned, the total of $1,615.05 would necessarily cover both (1) the scanning of any exhibits that were filed electronically and (2) the copying of three hard copies of the bulky exhibits that had to be served in hard copy. In fact, since the scanned documents were only scanned once, not three times, this total is necessarily more than the correct taxable amount. Defendants have, therefore, failed to provide adequate information to determine the correct costs that should be taxed. However, the amount is clearly much less than $3,604.56 -- the amount Defendants claim.

     C.   <u>Interpreter</u>

According to Ms. Hoguet's Declaration, Defendants are claiming costs of $700.00 for an interpreter used at the deposition of Catherine Gaujacq. *See* Hoguet Decl. at 4. However, no interpreter attended the deposition of Ms. Gaujacq. *See* Attachment 6, Deposition of Catherine Gaujacq, listing attendees. While an interpreter was present for the deposition of Phillipe Gaujacq, Defendants have failed to claim this cost. *See* U.S. District Ct. Rules for the District of Columbia Local Rule 54.1(a) ("Any cost omitted from the bill of costs shall not be allowed, except for post-judgment costs."). Accordingly, the $700 claimed as cost for an interpreter at the deposition of Catherine Gaujacq should not be taxed.

     D.   <u>Additional $300 in Copying Costs</u>

According to Ms. Hoguet's Declaration, Defendants are claiming costs of $300.00 in other copying costs. However, no rationale and/or support is provided for such costs.[5] Without support, such cost should not be taxed.

---

[5] Ms. Hoguet's declaration references Exhibit F, which shows a bill for interpreter services.

## CONCLUSION

Defendants Bill of Costs should be stricken or stayed as premature. In the alternative,

Defendants did not provide adequate support for the all of the costs listed in their Bill of Costs

and the taxation of such costs should be denied or reduced accordingly.

September 19, 2008                    Respectfully submitted,

                                      /s/ ELAINE CHARLSON BREDEHOFT

                                      _____
                                      Elaine Charlson Bredehoft, D.C. Bar No. 441425
                                      Carla D. Brown, D.C. Bar No. 474097
                                      Kathleen Z. Quill, D.C. Bar No. 489079
                                      CHARLSON BREDEHOFT & COHEN, P.C.
                                      11260 Roger Bacon Drive, Suite 201
                                      Reston, Virginia 20190
                                      (703) 318-6800
                                      (703) 318-6808 (facsimile)

                                      *Counsel for Plaintiff,*
                                      *    Catherine Gaujacq*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September 2008, a copy of the foregoing Memorandum in Support of Motion to Stay and Objections to Bill of Costs of Defendants Electricite De France International North America, Inc. and Electricite De France, S.A. was filed electronically via ECF and mailed via first class mail, postage prepaid, to:

> Laura B. Hoguet, Esq.
> Dorothea W. Regal, Esq.
> HOGUET NEWMAN & REGAL, LLP
> 10 East 40[th] Street
> New York, NY 20016
>
> *Counsel for Defendants EDF, SA
>     and EDFINA*
>
> Morgan D. Hodgson, Esq.
> David A. Clark, Esq.
> 1330 Connecticut Avenue, N.W.
> Washington, D.C. 20036
>
> *Counsel for Defendant Christian Nadal*

> /s/ ELAINE CHARLSON BREDEHOFT
> _____
> Elaine Charlson Bredehoft
> D.C. Bar No. 441425
> Carla D. Brown
> D.C. Bar No. 474097
> Kathleen Z. Quill
> D.C. Bar No. 489079
> CHARLSON BREDEHOFT & COHEN, P.C.
> 11260 Roger Bacon Drive, Suite 201
> Reston, Virginia 20190
> (703) 318-6800
> (703) 318-6808 (facsimile)
>
> *Counsel for Plaintiff,
>     Catherine Gaujacq*