IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 1:05CV0969 (HHK) |
| ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC. and | ) ) ) ) ) |
| ELECTRICITE DE FRANCE, S.A. and | ) ) |
| CHRISTIAN NADAL, | ) ) |
| Defendants. | ) ) |

## MOTION TO STAY DEFENDANT CHRISTIAN NADAL'S BILL OF COSTS

Plaintiff, Catherine Gaujacq, by counsel, hereby moves this Court, pursuant to Fed. R. Civ. P. 12(f) and Local Rule 54(D)(2), for an Order staying the Bill of Costs filed by Defendant Christian Nadal, or, in the alternative, sustaining her objections to Christian Nadal's Bill of Costs.

The grounds for this Motion are set forth in the attached Memorandum.

September 19, 2008

Respectfully submitted,

/s/ ELAINE CHARLSON BREDEHOFT

Elaine Charlson Bredehoft, D.C. Bar No. 441425
Carla D. Brown, D.C. Bar No. 474097
Kathleen Z. Quill, D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
(703) 318-6800
(703) 318-6808 (facsimile)
*Counsel for Plaintiff,*
   *Catherine Gaujacq*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September 2008, a copy of the foregoing Motion to Strike and Objections to Defendant Christian Nadal's Bill of Costs was filed electronically via ECF and mailed via first class mail, postage prepaid, to:

>Laura B. Hoguet, Esq.
>Dorothea W. Regal, Esq.
>HOGUET NEWMAN & REGAL, LLP
>10 East 40th Street
>New York, NY 20016
>
>*Counsel for Defendants EDF, SA*
>    *and EDFINA*
>
>Morgan D. Hodgson, Esq.
>David A. Clark, Esq.
>1330 Connecticut Avenue, N.W
>Washington, D.C. 20036
>
>*Counsel for Defendant Christian Nadal*
>
>
>/s/ ELAINE CHARLSON BREDEHOFT
>_____
>Elaine Charlson Bredehoft
>D.C. Bar No. 441425
>Carla D. Brown
>D.C. Bar No. 474097
>Kathleen Z. Quill
>D.C. Bar No. 489079
>CHARLSON BREDEHOFT & COHEN, P.C.
>11260 Roger Bacon Drive, Suite 201
>Reston, Virginia 20190
>(703) 318-6800
>(703) 318-6808 (facsimile)
>
>*Counsel for Plaintiff,*
>    *Catherine Gaujacq*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV0969 (HHK) |
| ) | |
| ELECTRICITE DE FRANCE ) | |
| INTERNATIONAL NORTH AMERICA, ) | |
| INC. and ) | |
| ) | |
| ELECTRICITE DE FRANCE, S.A. and ) | |
| ) | |
| CHRISTIAN NADAL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO STAY DEFENDANT CHRISTIAN NADAL'S BILL OF COSTS

Plaintiff, Catherine Gaujacq ("Ms. Gaujacq"), by counsel, moves to stay, and objects to, the Bill of Costs filed by Defendant, Christian Nadal ("Mr. Nadal").

### PROCEDURAL BACKGROUND

Defendant's Motion for Summary Judgment was argued before this Court on May 30, 2008. On August 21, 2008, Judge Kennedy issued an Order which granted Mr. Nadal's Motion for Summary Judgment, together with a Memorandum Opinion. Mr. Nadal filed his Bill of Costs on September 10, 2008. On September 11, 2008, Plaintiff filed her Notice of Appeal (Attachment 1).

### ARGUMENT

**I.    Defendant's Bill of Costs Should be Stricken or Stayed as Premature**

Pursuant to Rule 54.1(d) of the U.S. District Court for the District of Columbia Local Rules:

> The Clerk shall tax costs after the judgment has become final or at such earlier time as the parties may agree or the Court may order. A judgment is final when the time for appeal has expired and no appeal has been taken, or when the court of appeals issues its mandate.

U.S. District Ct. Rules for the District of Columbia LCvR 54.1(c). Plaintiff filed her notice of appeal on September 11, 2008. *See* Attachment 1. "Local Civil Rule 54.1(c) contemplates that, where a notice of appeal has been filed, the costs will not be 'taxed' until 'the court of appeals issues its mandate.'" *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 96 (D.D.C. 2008) (determining the amount of costs to be taxed, but staying the taxation of such costs until the appeal was resolved). Because the judgment for which Mr. Nadal seeks costs is not final, costs should not be taxed.

## II. Defendant Claims Costs that are Not Taxable

In his Bill of Costs, Mr. Nadal claims costs related to deposition transcripts, fees and disbursements for printing and other costs. Plaintiff objects to Defendants' calculation of costs related to deposition transcripts and the line item of fees and disbursements for printing.

### A. Deposition Transcripts

Pursuant to DC Local Rule 54.1(d)(6), "the costs, at the reporter's **standard rate**, of the original and one copy of any deposition noticed by the prevailing party, and of one copy of any deposition noticed by any other party, if the deposition was used on the record, at a hearing or trial" are costs taxable by the clerk. It is well recognized that additional charges for rush or expedited transcripts are not taxable. *See Johnson v. Holway*, 522 F. Supp. 2d 12, 15-16 (D.D.C. 2007) ("conceding that 'extra or special transcript services' are not reimbursable" and taxing only standard rates); *OAO Alfa Bank v. Ctr. for Pub. Integrity*, 2006 U.S. Dist. LEXIS 29000, *13 (D.D.C. May 12, 2006) (stating that there is "broad consensus" that "court reporter fees for features requested for the convenience of counsel -- minuscript, ASCII copies, indices, and

2

diskettes, for example" are not recoverable); *Bell v Gonzales*, 2006 U.S. Dist. LEXIS 69415, *5-6 (D.D.C. Sept. 27, 2006) (charge for expedited receipt of deposition transcript and other "fees for features requested for the convenience of counsel" not taxable).

In fact, Ms. Hodgson recognized the need to reduce the costs claimed to only the standard rate in her declaration when she indicated that the costs had been reduced to standard rates. *See* Declaration of Morgan D. Hodgson (Hodgson Decl.) at 2. However, the costs listed in the Bill of Costs and Ms. Hodgson's Declaration fail to apply the correct standard rates.

Contrary to Defendant's calculations, the transcript costs that may be taxed are as follows:

| Deposition Witness and Date | Standard Rate per page | Transcript Costs | Exhibits | Total |
|---|---|---|---|---|
| Patrick de Botherel (3/23/2006) | 2.65[1] | 612.15 | 18.50 | 630.65 |
| Christian Nadal (4/4/2006 & 4/5/2006) | 2.00**[2] | 1,094.00 | 0 | 1,094.00 |
| Catherine Gaujacq (3/16/2006 & 3/17/2006) | 3.80** | 627.00 | 0 | 330.00 |
|  |  |  |  | 2054.00 |

Mr. Nadal is, therefore, only entitled to deposition costs of $2,054.00 (not $4611.70 as claimed). Furthermore, although Defendant's Bill of Cost and Ms. Hodgson's Declaration includes copying costs of one copy of the transcript and one copy of the exhibits for deposition of Catherine Gaujacq, no support for such charges is provided. *See* Hodgson Decl. at 2 and Exhibit A. For the party who noticed and took the deposition, the customary charge includes an original

---

[1] While Ms. Hodgson attaches an e-mail from Olender Reporting, Inc. indicating that the standard rate in 2006 was $3.65, this was the standard rate for the attorney taking the deposition. The standard rate for all other attorneys was $2.65. See Attachment 2, e-mail from Thomas W. Olender, September 18, 2008.

[2] ** For Platt & Dawson's standard rates of $3.80 for the attorney taking the deposition (original and one copy) and $2.00 for all other attorneys (one copy), please *see* Attachment 3, Platt & Dawson, Inc., Attorney Rate Schedule, dated January 25, 2006.

3

and one copy of the deposition. In this case, because Mr. Nadal was taking the deposition, he can not claim copying costs for an additional second copy. Accordingly, because documentation to support all of the costs listed on Mr. Nadal's Bill of Costs is required, such unsupported costs should not be taxed. *See* Bill of Costs ("Special Note: Attach to your bill an itemization **and documentation** for requested costs in all categories.") (emphasis added)

B.     Fees and Disbursements for Printing

Mr. Nadal's Bill of Costs lists $49.35 for fees and disbursement for printing. However, no support for such costs is provided in Ms. Hodgson's affidavit, although copying costs of the same amount are detailed. See Hodgson Decl. at 3

## CONCLUSION

Christian Nadal's Bill of Costs should be stricken or stayed as premature. In the alternative, Mr. Nadal did not provide adequate support for the all of the costs listed in his Bill of Costs and the taxation of such costs should be denied or reduced accordingly

September 19, 2008                    Respectfully submitted,

/s/ ELAINE CHARLSON BREDEHOFT
_____
Elaine Charlson Bredehoft, D.C. Bar No. 441425
Carla D. Brown, D.C. Bar No. 474097
Kathleen Z. Quill, D.C. Bar No. 489079
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
(703) 318-6800
(703) 318-6808 (facsimile)

*Counsel for Plaintiff,*
*Catherine Gaujacq*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September 2008, a copy of the foregoing Memorandum in Support of Motion to Stay and Objections to Defendant Christian Nadal's Bill of Costs was filed electronically via ECF and mailed via first class mail, postage prepaid, to:

>Laura B. Hoguet, Esq.
>Dorothea W. Regal, Esq.
>HOGUET NEWMAN & REGAL, LLP
>10 East 40th Street
>New York, NY 20016
>
>*Counsel for Defendants EDF, SA
>    and EDFINA*
>
>Morgan D. Hodgson, Esq.
>David A. Clark, Esq.
>1330 Connecticut Avenue, N.W.
>Washington, D.C. 20036
>
>*Counsel for Defendant Christian Nadal*


>/s/ ELAINE CHARLSON BREDEHOFT
>_____
>Elaine Charlson Bredehoft
>D.C. Bar No. 441425
>Carla D. Brown
>D.C. Bar No. 474097
>Kathleen Z. Quill
>D.C. Bar No. 489079
>CHARLSON BREDEHOFT & COHEN, P.C.
>11260 Roger Bacon Drive, Suite 201
>Reston, Virginia 20190
>(703) 318-6800
>(703) 318-6808 (facsimile)
>
>*Counsel for Plaintiff,
>    Catherine Gaujacq*